## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1-20.   (Canceled)

21.     (Original)  A media distribution system for distributing media and facilitating video visitation within a secured facility, the media distribution system being available to a resident of the secured facility, the media distribution system comprising:

a media distribution server configured to receive media from a plurality of media sources and make media available on a network, the plurality of media sources including a real-time media source and an on-demand media source;

encoding the received media;

storing the encoded received media for later distribution;

a video visitation server configured to conduct video visitation sessions between a first video visitation endpoint and a second video visitation endpoint, at least one of the first and second video visitation endpoints having connectivity to the network; and

an access kiosk placed within a residential unit of a secured facility and accessible by the resident, the access kiosk configured to:

communicate with the video visitation server over the network to participate in video visitation sessions with one or more other video visitation endpoints; and

receive the encoded media from the media distribution server over the network; and

playback the media for consumption.

22.    (Original)  The system of claim 21, wherein the secured facility is a prison, the resident is an
       inmate of that prison, and the residential unit of a secured facility is a prison cell.

23.    (Original)  The system of claim 21, wherein the media received from the on-demand video
       source is video-on-demand media.

24.    (Original)  The system of claim 21, wherein the media received from the real-time media
       source is broadcast media.

25.    (Original)  The system of claim 24, wherein the network supports multicast routing, the
       media distribution server utilizes multicast routing to route the broadcast media, and the
       access kiosk utilizes multicast routing to receive the broadcast media over the network.

26.    (Original)  The system of claim 21, wherein the access kiosk has access to the network only
       through a secured network segment, the secured network segment being limited to access
       only the network resources necessary for the access kiosk.

27.    (Original)  The system of claim 21, wherein the one or more other video visitation endpoints
       includes a second access kiosk, the second access kiosk placed within the secured facility
       and available to guests of the secured facility.

28.    (Original)  The system of claim 21, further comprising:

an intra-facility communications server with access to the network, the intra-facility

communications server configured to route intra-facility communications on the network;

wherein the access kiosk is further configured to:

receive input indicative of an intra-facility message; and

transmit the intra-facility message to the intra-facility communications server

using the network.

29.     (Original)  The system of claim 21, further comprising:

a voice communications server with access to the network, the voice

communications server configured to route voice communications on the network and one

or more external networks;

wherein the access kiosk is further configured to place and receive voice calls over

the network and one or more external networks utilizing the voice communications server.

30.     (Original)  The system of claim 21, wherein the media distribution server is further

configured to:

retrieve a media restriction file associated with the resident based on authentication

information of the resident; and

modify media made available to the resident based on the media restriction file.

31.     (Original)  A media distribution system for distributing media to a resident of a secured

facility, the media distribution system comprising:

- 5 -                                                                    Stephen L. HODGE
                                                                        Application No. 16/246,101

a media distribution server configured to receive media from a plurality of media

sources and make media available on a network, the plurality of media sources including a

real-time media source and an on-demand media source;

encoding the received media;

storing the encoded received media for later distribution;

a media playback device associated with the resident and configured to provide an

interface through which the resident can communicate with the media distribution server,

and to playback media received from the media distribution server; and

a network configured to provide communicative connectivity between the media

playback device and the media distribution server.

32.     (Original)  The system of claim 31, wherein the secured facility is a prison, the resident is an

        inmate of that prison, and the residential unit of a secured facility is a prison cell.

33.     (Original)  The system of claim 31, wherein the on-demand media source is a video-on-

        demand media source, and the media received from the media distribution server is video-

        on-demand media.

34.     (Original)  The system of claim 31, wherein the real-time media source is a broadcast media

        source, and the media received from the media distribution server is broadcast media.

- 6 -                                    Stephen L. HODGE
                                         Application No. 16/246,101

35.     (Original)  The system of claim 34, wherein the network supports multicast routing, the

        media distribution server utilizes multicast routing to route the broadcast media, and the

        access kiosk utilizes multicast routing to receive the broadcast media over the network.


36.     (Original)  A media distribution system for distributing media to a resident of a secured

facility, the media distribution system comprising:

        a network;

        a media distribution server configured to:

                receive a plurality of media items from a plurality of media sources, the plurality of

media sources including a real-time media source and an on-demand media source;

                encode the received plurality of media items;

                store the encoded plurality of media items;

                generate a catalog of the received plurality of media items;

                make the received plurality of media items and the catalog accessible on the

network; and

        a media playback device associated with the resident configured to:

                provide the resident with an interface by which the resident accesses the media

distribution server and view the catalog;

                receive a selected media item from the media distribution server based on a selection

of the resident; and

                playback the received selected media item.

37.     (Original)  The media distribution system of claim 36, wherein the media playback device is further configured to:

> acquire authentication information from the resident;
>
> authenticate the resident based on the received authentication information; and
>
> provide access to the media playback device after successful authentication.

38.     (Original)  The media distribution system of claim 37, wherein the media playback device is further configured to forward the authentication information to the media distribution server, and

> wherein the media distribution server is further configured to authenticate the resident based

on the authentication information.

39.     (Original)  The media distribution system of claim 38, wherein the media distribution server is further configured to retrieve a media restriction file associated with the resident based on the authentication information.

40.     (Original)  The media distribution system of claim 39, wherein the media distribution server is further configured to modify the catalog based on the media restriction file prior to making the catalog available to the resident.

- 8 -                                          Stephen L. HODGE
                                               Application No. 16/246,101

## *Remarks*

Upon entry of the foregoing amendment, claims 21-40 are pending in the application, with claims 21, 31 and 36 being independent. By this Amendment, claims 21-40 are added and claims 1-20 are canceled without prejudice to or disclaimer of the subject matter therein. These changes are believed to introduce no new matter, and their entry is respectfully requested.

## *Conclusion*

Prompt and favorable consideration of this Preliminary Amendment is respectfully requested. Applicant believes the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/LAUREN C. SCHLEH/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: __April 10, 2019_____

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
13001622_1

Atty. Dkt. No. 3210.0980004

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 35684356 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 10-APR-2019 |
| **Filing Date:** | 11-JAN-2019 |
| **Time Stamp:** | 17:09:39 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 2019-04-10-Miscellaneous-Letter-3210-0980004.pdf | 295414<br>90e4e606cf7897b3df95a1211f3a188f4d9aec1e | no | 1 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 2 | | 2019-04-10-Preliminary-Amendment-3210-0980004.pdf | 157771<br><br>de8b37893086d673b0043ecddfe12cd6f1bd6e8 | yes | 8 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Preliminary Amendment | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 8 |

| Warnings: |
|---|
| Information: |

| Total Files Size (in bytes): | 453185 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

April 10, 2019

Commissioner for Patents                     *Confirmation No. 5053*
PO Box 1450                                         *Art Unit 2656*
Alexandria, VA 22313-1450          *Attn: Mail Stop Amendment*

      Re:    U.S. Utility Patent Application
              Appl. No. 16/246,101; Filing Date: January 11, 2019
              For:   **CONTROLLED ENVIRONMENT MEDIA AND
                     COMMUNICATION SYSTEM**
              Inventor: Stephen L. HODGE
              Our Ref: 3210.0980004

Commissioner:

      Transmitted herewith for appropriate action is a document entitled ***Preliminary Amendment Under 37 C.F.R. § 1.115***, which is submitted electronically.

      In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

      The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

                       Respectfully submitted,

                       STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                       /Lauren C. Schleh/

                       Lauren C. Schleh
                       Attorney for Applicant
                       Registration No. 65,457

LCS/crb
Enclosure(s)

13006882_1



**Lauren C. Schleh**
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

April 8, 2019

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 5053*
*Mail Stop Missing Parts*

Re:    U.S. Patent Application
        Appl. No. 16/246,101; Filed:  January 11, 2019
        For:   **CONTROLLED ENVIRONMENT MEDIA AND**
               **COMMUNICATION SYSTEM**
        Inventor:  Stephen  L. HODGE
        Our Ref:  3210.0980004

Commissioner:

    In reply to the "Notice to File Missing Parts of Non-Provisional Application," dated February 7, 2019, Applicant transmits the following document for appropriate action by the U.S. Patent and Trademark Office:

1.    Online Credit Card Payment Authorization for **$1,880** to cover:
        $ 1,720.00 Patent Application fee (including basic filing, search and examination fees); and
        $   160.00 Surcharge for late filing fee or late Oath or Declaration.

    The above-listed documents are filed electronically.

    Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.  If extensions of time under 37 C.F.R. § 1.136 other than those otherwise provided for herewith are required to prevent abandonment of the present patent application, then such extensions of time are hereby petitioned, and any fees therefor are hereby authorized to be charged to our Deposit Account No. 19-0036.

                    Respectfully submitted,
                    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                    /Lauren C. Schleh/

                    Lauren C. Schleh
                    Attorney for Applicant
                    Registration No. 65,457

LCS/crb
Enclosure(s)

12984639_1

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 16246101 |
| **Filing Date:** | 11-Jan-2019 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Attorney Docket Number:** | 3210.0980004 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY APPLICATION FILING | 1011 | 1 | 300 | 300 |
| UTILITY SEARCH FEE | 1111 | 1 | 660 | 660 |
| UTILITY EXAMINATION FEE | 1311 | 1 | 760 | 760 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| LATE FILING FEE FOR OATH OR DECLARATION | 1051 | 1 | 160 | 160 |
| **Petition:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **1880** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 35651923 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 08-APR-2019 |
| **Filing Date:** | 11-JAN-2019 |
| **Time Stamp:** | 17:11:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1880 |
| RAM confirmation Number | 040919INTEFSW17115300 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant Response to Pre-Exam Formalities Notice | 2019-04-08-Reply-Missing-Parts-3210-0980004.pdf | 281557<br><br>60055b42e4a66b9d240ee119bc08df755d98e667 | no | 1 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 37105<br><br>0ef95a19cc5f5ee821653ea775543c7131355c5c | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 318662 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 |

**CONFIRMATION NO. 5053**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FORMALITIES LETTER**

*OC000000105635852*

Date Mailed: 02/07/2019

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

## FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The statutory basic filing fee is missing.
- The application search fee must be submitted.
- The application examination fee must be submitted.
- Surcharge as set forth in 37 CFR 1.16(f) must be submitted.
  The surcharge is due for any one of:
  - late submission of the basic filing fee, search fee, or examination fee,
  - late submission of inventor's oath or declaration,
  - filing an application that does not contain at least one claim on filing, or
  - submission of an application filed by reference to a previously filed application.

**SUMMARY OF FEES DUE:**

The fee(s) required within **TWO MONTHS** from the date of this Notice to avoid abandonment is/are itemized below. No entity status discount is in effect. If applicant is qualified for small entity status, a written assertion of small entity status must be submitted to establish small entity status. (See 37 CFR 1.27). If applicant is qualified for micro entity status, an acceptable Certification of Micro Entity Status must be submitted to establish micro entity status. (See 37 CFR 1.29 and forms PTO/SB/15A and 15B.)

- $ **300** basic filing fee.
- $ **160** surcharge.
- $ **660** search fee.
- $ **760** examination fee.
- $( **0**) previous unapplied payment amount.
- $ **1880** TOTAL FEE BALANCE DUE.

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

Replies should be mailed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web, including a copy of this Notice and selecting the document description "Applicant response to Pre-Exam Formalities Notice". https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at 1-866-217-9197 or visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/nhassani/
_____



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | | 0.00 | 3210.0980004 | 20 | 3 |

**CONFIRMATION NO. 5053**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FILING RECEIPT**

|||||||||||||||||||||||||||||||||||||||||
OC000000105635851

Date Mailed: 02/07/2019

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Stephen L. HODGE, Aubrey, TX;

**Applicant(s)**

Global Tel*Link Corporation, Reston, VA;

**Assignment For Published Patent Application**

Global Tel*Link Corporation, Reston, VA

**Power of Attorney:** The patent practitioners associated with Customer Number 26111

**Domestic Priority data as claimed by applicant**

This application is a CON of 15/603,095 05/23/2017 PAT 10182254
which is a DIV of 15/148,880 05/06/2016 ABN

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 02/05/2019

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 16/246,101**

**Projected Publication Date:** To Be Determined - pending completion of Missing Parts

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number
16/246,101

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 300 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 660 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 760 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | | | OR | x 100 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 | minus 3 = * | | | | x 460 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1720 |

### APPLICATION AS AMENDED - PART II

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT A | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT B | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

PTO/AIA/15 (10-17)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | **3210.0980004** |
| First Named Inventor | **Stephen L. HODGE** |
| Title | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| Priority Mail Express® Label No. | |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

ADDRESS TO:

**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

1. ☐ **Fee Transmittal Form** (PTO/SB/17 or equivalent)

2. ☐ **Applicant asserts small entity status.** See 37 CFR 1.27

3. ☐ **Applicant certifies micro entity status.** See 37 CFR 1.29. Applicant must attach form PTO/SB/15A or B or equivalent.

4. ☑ **Specification** [Total Pages 30] Both the claims and abstract must start on a new page. (See MPEP § 608.01(a) for information on the preferred arrangement)

5. ☑ **Drawing(s)** (35 U.S.C. 113) [Total Sheets 4]

6. **Inventor's Oath or Declaration** [Total Pages 1] (including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))
   a. ☐ Newly executed (original or copy)
   b. ☑ A copy from a prior application (37 CFR 1.63(d))

7. ☑ **Application Data Sheet** *See note below. See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. ☐ **CD-ROM or CD-R** in duplicate, large table, or Computer Program (*Appendix*)
   ☐ Landscape Table on CD

9. **Nucleotide and/or Amino Acid Sequence Submission** (*if applicable, items a. – c. are required*)
   a. ☐ Computer Readable Form (CRF)
   b. ☐ Specification Sequence Listing on:
      i. ☐ CD-ROM or CD-R (2 copies); or
      ii. ☐ Paper
   c. ☐ Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PAPERS

10. ☐ **Assignment Papers** (cover sheet & document(s)) Name of Assignee Global Tel*Link Corporation

11. ☑ **37 CFR 3.73(c) Statement** (*when there is an assignee*)   ☑ **Power of Attorney**

12. ☐ **English Translation Document** (*if applicable*)

13. ☐ **Information Disclosure Statement** (PTO/SB/08 or PTO-1449)
   ☐ Copies of citations attached

14. ☐ **Preliminary Amendment**

15. ☐ **Return Receipt Postcard** (*MPEP § 503*) (*Should be specifically itemized*)

16. ☐ **Certified Copy of Priority Document(s)** (*if foreign priority is claimed*)

17. ☐ **Nonpublication Request** Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach PTO/SB/35 or equivalent.

18. ☑ **Other:** Authorization under 37 CFR 1.136(a)(3)

***Note:** (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS). (2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).*

## 19. CORRESPONDENCE ADDRESS

☑ The address associated with Customer Number: 26111   **OR**   ☐ Correspondence address below

| Name | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Country | | Telephone | | Email | |

| Signature | /Lauren C. Schleh/ | Date | January 11, 2019 |
|---|---|---|---|
| Name (Print/Type) | Lauren C. Schleh | Registration No. (Attorney/Agent) | 65,457 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

10547396

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent.  Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventor: Stephen  L. HODGE | Confirmation No.: To Be Assigned |
| Applicant: Global Tel*Link Corporation | Art Unit: To Be Assigned |
| Application No.: To Be Assigned | Examiner: To Be Assigned |
| (*Continuation of Appl. No. 15/603,095; Filed: May 23, 2017*) | Atty. Docket: 3210.0980004 |
| Filed: Herewith | |

Title: **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

## Authorization to Treat a Reply as Incorporating an Extension of Time Under 37 C.F.R. § 1.136(a)(3)

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

The U.S. Patent and Trademark Office is hereby authorized to treat any concurrent or future reply that requires a petition for an extension of time under this paragraph for its timely submission, as incorporating a petition for extension of time for the appropriate length of time. The U.S. Patent and Trademark Office is hereby authorized to charge all required extension of time fees to our Deposit Account No. 19-0036, if such fees are not otherwise provided for in such reply.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: ___January 11, 2019___

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

10547858_1

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | | Remove |
|---|---|---|---|---|
| Legal Name | | | | |

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Stephen | L. | HODGE | |

| Residence Information (Select One) | ● US Residency | Non US Residency | Active US Military Service |
|---|---|---|---|

| City | Aubrey | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 12184 FM 428 |
|---|---|
| Address 2 | |
| City | Aubrey | State/Province | TX |
| Postal Code | 76227 | Country | i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.     [ Add ]

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

| ☐ An Address is being provided for the correspondence Information of this application. | | |
|---|---|---|
| Customer Number | 26111 | |
| Email Address | | [ Add Email ] [ Remove Email ] |

## Application Information:

| Title of the Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM | |
|---|---|---|
| Attorney Docket Number | 3210.0980004 | Small Entity Status Claimed ☐ |
| Application Type | Nonprovisional | |
| Subject Matter | Utility | |
| Total Number of Drawing Sheets (if any) | 4 | Suggested Figure for Publication (if any) | |

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ● Customer Number | ○ US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 26111 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending ▾ | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Continuation of ▾ | 15/603095 | 2017-05-23 |

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

| Prior Application Status | Abandoned ▾ | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 15603095 | Division of ▾ | 15/148880 | 2016-05-06 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.   [Add]

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | [Remove] |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.   [Add]

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |
| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM | |

# Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE**: Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |
| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM | |

# Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Applicant** 1                                                                                    [ Remove ]

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

[ Clear ]

| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

[                                                                                                  ▼ ]

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

If the Applicant is an Organization check here. ☒

| Organization Name | Global Tel*Link Corporation |
|---|---|

**Mailing Address Information For Applicant:**

| Address 1 | 12021 Sunset Hills Road, Suite 100 | | |
|---|---|---|---|
| Address 2 | | | |
| City | Reston | State/Province | VA |
| Country | US | Postal Code | 20190 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.    [ Add ]

# Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

---

**Assignee** 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

Remove

If the Assignee or Non-Applicant Assignee is an Organization check here. ☒

| Organization Name | Global Tel*Link Corporation |
|---|---|

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | 12021 Sunset Hills Road, Suite 100 | | |
|---|---|---|---|
| Address 2 | | | |
| City | Reston | State/Province | VA |
| Country i | US | Postal Code | 20190 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.

Add

---

# Signature:

Remove

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| Signature | /Lauren C. Schleh/ | | Date (YYYY-MM-DD) | 2019-01-11 |
|---|---|---|---|---|
| First Name | Lauren C. | Last Name | Schleh | Registration Number | 65,457 |

| Additional Signature may be generated within this form by selecting the Add button. | Add |
|---|---|

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0980004 |
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

3210.0980000

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to: [X] The attached application, or

[ ] United States application or PCT international application number _____

filed on _____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Stephen L. HODGE    Date (Optional): S / S / 2016

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

2806302

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| Application Number | To Be Assigned |
|---|---|
| Filing Date | Herewith |
| First Named Inventor | Stephen L. HODGE |
| Title | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | 3210.0980004 |

### SIGNATURE of Applicant or Patent Practitioner

| Signature | /Lauren C. Schleh/ | Date (Optional) | |
|---|---|---|---|
| Name | Lauren C. Schleh | Registration Number | 65,457 |
| Title (if Applicant is a juristic entity) | Attorney for Applicant | | |
| Applicant Name (if Applicant is a juristic entity) | Global Tel*Link Corporation | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

[✔] *Total of    1    forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA.
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[X] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

|  26111  |

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[X] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:  26111

OR

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

Global Tel*Link Corporation

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[X] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 9-29-2015 |
|---|---|---|---|
| Name | Stephen Hodge | | |
| Title | Senior Vice President, Research and Development | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[X] Total of  1  forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

2043372.1

# CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

Inventor: Stephen L. HODGE

## BACKGROUND

### CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]     This application is a continuation of U.S. Patent Application No. 15/603,095, filed on May 23, 2017, which is a divisional of U.S. Patent Application No. 15/148,880, filed on May 6, 2016, now abandoned, which is incorporated by reference herein in its entirety.

Field

[0002]     The disclosure relates to methods and systems for delivery of multimedia content and other communications services in secured facilities.

Background

[0003]     American prisons house millions of individuals in controlled environments all over the country. The rights of these prisoners are largely restricted for a number of reasons, such as for their safety and the safety of others, the prevention of additional crimes, as well as simple punishment for crimes committed. However, these prisoners are still entitled to a number of amenities that vary depending on the nature of their crimes. Such amenities may include phone calls, commissary purchases, access to libraries, digital media streaming, as well as others.

## BRIEF DESCRIPTION OF THE DRAWINGS/FIGURES

[0004]     Embodiments are described with reference to the accompanying drawings. In the drawings, like reference numbers indicate identical or functionally similar elements. Additionally, the left most digit(s) of a reference number identifies the drawing in which the reference number first appears.

- 2 -

[0005]     Fig. 1 is an overview of a controlled environment media and communication system according to an embodiment;

[0006]     Fig. 2 is an illustration of an access kiosk according to an embodiment;

[0007]     Fig. 3 is an illustration of an access kiosk according to an embodiment;

[0008]     Fig. 4 is an illustration of an access kiosk according to an embodiment.

## DETAILED DESCRIPTION

[0009]     The following Detailed Description refers to accompanying drawings to illustrate exemplary embodiments consistent with the disclosure. References in the Detailed Description to "one exemplary embodiment," "an exemplary embodiment," "an example exemplary embodiment," etc., indicate that the exemplary embodiment described may include a particular feature, structure, or characteristic, but every exemplary embodiment may not necessarily include the particular feature, structure, or characteristic. Moreover, such phrases are not necessarily referring to the same exemplary embodiment. Further, when a particular feature, structure, or characteristic is described in connection with an exemplary embodiment, it is within the knowledge of those skilled in the relevant art(s) to affect such feature, structure, or characteristic in connection with other exemplary embodiments whether or not explicitly described.

[0010]     The exemplary embodiments described herein are provided for illustrative purposes, and are not limiting. Other exemplary embodiments are possible, and modifications may be made to the exemplary embodiments within the spirit and scope of the disclosure. Therefore, the Detailed Description is not meant to limit the invention. Rather, the scope of the invention is defined only in accordance with the following claims and their equivalents.

[0011]     Embodiments may be implemented in hardware (e.g., circuits), firmware, software, or any combination thereof. Embodiments may also be implemented as instructions stored on a machine-readable medium, which may be read and executed by one or more processors. A machine-readable medium may include any mechanism for storing or transmitting information in a form readable by a machine (e.g., a computing device). For example, a machine-readable medium may include read only memory (ROM); random access memory (RAM); magnetic disk storage media; optical storage media; flash memory devices;

Atty. Dkt. No. 3210.0980004

- 3 -

electrical, optical, acoustical or other forms of propagated signals (e.g., carrier waves, infrared signals, digital signals, etc.), and others.  Further, firmware, software, routines, instructions may be described herein as performing certain actions.  However, it should be appreciated that such descriptions are merely for convenience and that such actions in fact results from computing devices, processors, controllers, or other devices executing the firmware, software, routines, instructions, etc.  Further, any of the implementation variations may be carried out by a general purpose computer, as described below.

[0012]     For purposes of this discussion, any reference to the term "module" shall be understood to include at least one of software, firmware, and hardware (such as one or more circuit, microchip, or device, or any combination thereof), and any combination thereof.  In addition, it will be understood that each module may include one, or more than one, component within an actual device, and each component that forms a part of the described module may function either cooperatively or independently of any other component forming a part of the module.  Conversely, multiple modules described herein may represent a single component within an actual device.  Further, components within a module may be in a single device or distributed among multiple devices in a wired or wireless manner.

[0013]     The following Detailed Description of the exemplary embodiments will so fully reveal the general nature of the invention that others can, by applying knowledge of those skilled in relevant art(s), readily modify and/or adapt for various applications such exemplary embodiments, without undue experimentation, without departing from the spirit and scope of the disclosure.  Therefore, such adaptations and modifications are intended to be within the meaning and plurality of equivalents of the exemplary embodiments based upon the teaching and guidance presented herein.  It is to be understood that the phraseology or terminology herein is for the purpose of description and not of limitation, such that the terminology or phraseology of the present specification is to be interpreted by those skilled in relevant art(s) in light of the teachings herein.

[0014]     As discussed above, secured facilities endeavor to provide residents with an ever-growing capability for communication and entertainment. The Controlled Environment Media And Communication System IP-based platform offers significant advantages, including the ability to integrate television, local / network video / audio content, with other

- 4 -

IP-based services like our offender messaging service, VOIP based voice telephone calling, VoIP or WebRTC based video conferencing, or future IP enhanced services as the jurisdictions needs dictate. The IP-based Controlled Environment Media And Communication System will be discussed in more detail below.

[0015]    Network Architecture Overview

[0016]    The Controlled Environment Media And Communication System 100 enables various communications services for residents of a controlled environment. In an embodiment, the controlled environment is a correctional institution such as a prison facility and the residents are inmates or otherwise incarcerated in the correctional institution. In other embodiments, the controlled environment may be any type of facility with a need to control and monitor content consumption such as a hospital, a dormitory, a mental health institution, a hotel, or other such facilities.

[0017]    These types of controlled environments have unique requirements for communications and media distribution that are not present in other, non-controlled environments. First is the need to monitor and control access to communications pathways. Second, the authorities providing media to a controlled environment have a strong interest in censoring the types and subject matter of media content and communications sessions involving residents of the secured facility. Third, a controlled environment communication system operated by a controlled environment jurisdiction or authority must be cost efficient and have the capabilities to recover costs from residents for access to services. Finally, secured facilities have an incentive to provide communications services that are desirable to use and meet the needs of a large resident population. There may be other additional unique concerns and/or requirements in controlled environments that are not discussed here.

[0018]    In a prison, the jurisdiction operating the prison has a strong interest in controlling the consumption and exposure to media and other content. For example, extremely violent media and content is not appropriate for a violent offender. In another example, some media content is associated with particular social movements or gang activity and may be deemed not appropriate for prisoner consumption. Even in the case of appropriate content, prison authorities may control access to media and content, for example as a reward for good

- 5 -

behavior. In these ways, conventional media and communication systems do not address the unique needs and requirements of a system designed for controlled environments.

[0019]     The Controlled Environment Media And Communication System 100 illustrated in FIG. 1 addresses these unique requirements and constraints imposed by the secured facility environment and further supports additional capabilities built on the network capabilities. Central to the Controlled Environment Media And Communication System 100 is Core Network 130. Core Network 130 connects all systems and services in Controlled Environment Media And Communication System 100. Core Network 130 is any suitable data networking system for transmitting data. In an embodiment, Core Network 130 is an Ethernet based network operating over twisted-pair type wires or coaxial-type wires.  Core Network 130 comprises network switching capabilities, networking cabling, and network interfaces for all connected terminals and services. In an embodiment, Core Network 130 is a fiber-optic based network including fiber-optic cables, fiber-optic switches, and other fiber-optic type networking equipment. In another embodiment, Core Network 130 is a wireless radio frequency based network such as Wi-Fi™. In some embodiments, Core Network 130 comprises network segments of disparate technologies, such that some elements of Core Network 130 operate on different networking technology than other components. For example, Core Network 130 may include an Ethernet-based wired segment and a Wi-Fi™-based wireless segment that inter-operate to provide data connectivity and services.

[0020]     There are several different levels of network access in a secured facility, just like there are several different levels of physical access in a secured facility. For example, in a prison secured facility, prison inmates are physically secured within one section of the facility. Another section of the facility may be physically accessible to prison staff and visitors, and finally members of the public may interact with the prison on the outer-most level of physical security, such as a mailman delivering mail. The same analogy holds true for network access within a secured facility.

[0021]     The Core Network 130 contains subsections, or sub-parts that are segmented from one-another for security purposes. Core Network 130 may use networking technologies such as Virtual LAN ("VLAN"), network firewalls, Network Address Translation ("NAT"), or other network partitioning or segmenting techniques to create these subsections. Only

- 6 -

network traffic approved by the jurisdiction operating the Core Network 130 is allowed to traverse network segments by using these techniques. In addition, network segments are physically separated from each other such that an unsecured network is not available in a secured physical location. For example, access to the outermost, least secured network layer is not available to inmates in their cells. Rather, devices in physically secured areas of the facility, such as a prison cell, are only exposed to the appropriate network segment for that secured area.

[0022]     The most secured network segment is Access Network 134. Access Network 134 is the network segment that is available to the most secured locations in the secured facility. For example, Access Network 134 is the network available to inmates in prison cells in a prison secured facility. Next is Edge Network 132. Edge Network 132 is an intermediate network segment available to semi-secured areas of the secured facility such as areas for visitors. Next, Core Network 130 is available to the least-restrictive areas and facilities in the network. Finally, Core Network 130 is connected to one or more external networks, some of which may be a public network. In an embodiment, one external network is the Internet. In other embodiments, Core Network 130 can also interface with public networks other than the Internet as well.

[0023]     The Controlled Environment Media And Communication System 100 includes Authentication Subsystem 129 which authenticates users on the network. In an embodiment, Authentication Subsystem 129 implements the Lightweight Directory Access Protocol (LDAP), providing integration capability with most currently existing authentication systems.

[0024]     In an embodiment, Core Network 130 includes Class of Service ("CoS") administration features. The Core Network 130's Class of Service engine analyzes parameters of data packets to determine the types of payloads contained in the packets. Based on these identifiers, the Core Network 130 can implement Quality of service ("QoS") rules to shape traffic on the Core Network. For example, Core Network 130 may prioritize real-time video communications over simple file transfers to maintain a high quality of video. These features become even more important to the functioning of Core Network 130 when multiple services utilize the network such as media distribution, video visitation, and voice services.

- 7 -

**[0025]**    <u>User Interface Hardware And Software</u>

**[0026]**    Users interact with the Controlled Environment Media And Communication System 100 through a range of interfaces. In an embodiment, a kiosk format is used. One kiosk type is an inmate, or in-pod kiosk that is designed to be deployed in a controlled environment accessible to inmates or offenders. The Inmate Kiosk 200 includes computing resources and a range of input and output devices to facilitate communication with inmates. Inmate Kiosk 200 includes a CPU. The CPU includes a processor, storage, and memory for executing instructions to communicate with the Controlled Environment Media And Communication System 100. In an embodiment, the CPU runs a standard operating system such as Microsoft Windows™. In an another embodiment, the CPU runs a customized operating system. In an embodiment, the CPU executes instructions stored on storage local to the CPU, for example a hard drive or solid state drive. In an alternative embodiment, the CPU executes instructions stored on a network, for example by booting via PXE to load an operation system stored remotely. In an embodiment, Inmate Kiosk 200 communicates with Access Network 134.

**[0027]**    For example, Inmate Kiosk 200 includes Input Devices 202 and 204. Input Device 202 is a keyboard. Input Device 204 is a trackball type input device. In alternative embodiments, other input devices may be substituted for those pictured, including mouse type input devices, touchscreen type input devices, touchpad type input devices, or the like. In an embodiment, Inmate Kiosk 200 also includes authorization input devices, such as Magnetic Card Reader 206. In alternative embodiments, Inmate Kiosk 200 includes any other kind of authorization input device, such as but not limited to biometric devices, a fingerprint reader, an iris scanner, a facial recognition camera, or an RFID reader. In an embodiment, Inmate Kiosk 200 includes Camera 208 for video communications, administrative supervision, or other uses. In an embodiment, Camera 208 is a three dimensional camera. In an embodiment, Inmate Kiosk 200 also includes Microphone Jack Input Connector 210. Monitor 212 is an LCD-type monitor, although any visual display can be used in alternative embodiments. Inmate Kiosk 200 also includes Speaker 216. Inmate Kiosk 200 includes Handset 214, including a microphone and speaker. In an embodiment, Inmate Kiosk 200 is compatible with functionality to enable communications to and from persons with hearing or

- 8 -

speech difficulties. For example, Inmate Kiosk 200 may include support for standard TTY and TDD devices and protocols.

[0028]     Inmate Kiosk 200 is housed in a hardened enclosure designed to withstand physical abuse and resist ingress or damage to the computing components inside. For example, Inmate Kiosk 200 can be enclosed in a primary stainless steel enclosure 218 of a think gauge. In addition, Monitor 212 is enclosed behind a protective covering, for example quarter-inch thick security glass. Input Devices 202-208 are similarly designed to be resistant to physical abuse or vandalism. Any openings on Kiosk 200 are able to be locked closed so that only authorized access is permitted. In some embodiments, Inmate Kiosk 200 includes a powered ventilation system to provide adequate ventilation for computing and networking components contained therein. For example, Inmate Kiosk 200 includes a vandalism-resistant fan opening to allow airflow to within the chassis.

[0029]     In an embodiment, Inmate Kiosk 200 is designed to be accessible to all persons, including disabled persons in compliance with any applicable standard for accessibility to disabled persons. In an embodiment, Inmate Kiosk 200 is designed to be mounted on a wall. In an alternative embodiment, Inmate Kiosk 200 is designed to be pedestal mounted.

[0030]     In an embodiment, inmates interact with the system through a tablet form-factor computer housed in a secure housing. Tablet Computer 302 includes a Touchscreen 304, Microphone 306, Speaker 310, and Audio Jack 308. Tablet Computer 302 is housed in a secure housing 312. In other embodiment, Tablet Computer 302 is not housed in a secure housing. In some embodiments, Tablet Computer 302 also includes a Camera 314. In an embodiment, Tablet Computer 302 operates similar or substantially the same software as Inmate Kiosk 200 such that all available services that are available on the Inmate Kiosk 200 are also available on Tablet Computer 302. Some examples below are illustrated in terms of Inmate Kiosk 200, but it is to be understood that Tablet Computer 302 could take the place of Inmate Kiosk 200 for any embodiment described herein.

[0031]     Another kiosk type is a kiosk designed for use by visitors, or other non-inmate individuals. In an embodiment, the Visitor Kiosk 138 is deployed in common or visitation areas of a secured facility. In an embodiment, the Visitor Kiosk 138is substantially similar to the Inmate Kiosk 200 . In another embodiment, the Visitor Kiosk 138is not required to be as

- 9 -

vandalism-resistant as the Inmate Kiosk 200 , and is not built to the same vandalism-resistant specification as the Inmate Kiosk 200. One key differentiator between Inmate Kiosk 200 and Visitor Kiosk 138 is that Visitor Kiosk 138 is connected to Edge Network 132, and Inmate Kiosk 200 is connected to Access Network 134. Similar to the Inmate Kiosk 200, Visitor Kiosk 138 may be embodied in different form factors, including a tablet computer.

[0032]      In an embodiment, users interact with the Controlled Environment Media And Communication System 100 through a software client. The software client can be run on any client computing device, for example a smartphone, a laptop computer, a desktop computer, or a tablet computer, for example. In an embodiment, the software client is executed on a smartphone such as Smartphone 400. The software client is fully configurable by the jurisdiction operating the Controlled Environment Media And Communication System 100. In an embodiment, the operations of Visitor Kiosk 138 are fully encompassed by the software client operating on a visitor's own hardware.

[0033]      <u>Media Distribution</u>

[0034]      Controlled Environment Media And Communication System 100 provides distribution of media to users through the various access points, including for example Inmate Kiosk 200 through Media Subsystem 101. The Media Subsystem 101 provides support for both real-time and on-demand media, including video and audio. Examples of real-time media include broadcast television, broadcast radio, cable television, satellite television (i.e., Ku, Ka, or C-band), satellite radio, and live internet streaming of video and/or audio. Examples of on-demand media include video-on-demand (VOD), audio-on-demand, movie downloads, music downloads, pay-per-view video (PPV), and other such asynchronous media distribution methods. The Controlled Environment Media And Communication System 100 makes available any combination of real-time and on-demand media as required by the jurisdiction operating the secured facility.

[0035]      Asynchronous video content is sourced from Media Source #102. In an embodiment, Media Source 102 is a third party cloud media provider. In another embodiment, Media Source 102 is a media repository integral to Media Subsystem 101. Media from Media Source 102 is encoded by Media Encoder 104. In an embodiment, video content is encoded with MPEG-2, MPEG-4, H.264, or any other suitable video CODEC. Similarly, audio

- 10 -

content is encoded with any suitable audio CODEC including but not limited to MP3, AAC, or other audio CODEC.

[0036]      Next, the encoded media is made available to consumers from Media Acquisition Server 106. Media Acquisition Server 106 stores encoded media from Media Source 102 for future consumption. Media Acquisition Server 106 maintains a catalog of media that is available to consumers. The media catalog is available to consumers to select media from Media Acquisition Server 106.

[0037]      In an embodiment, Media Source 102 stores video or movie content and Media Acquisition Server 106 provides video-on-demand (VOD) services to consumers. In an embodiment, Media Source 102 stores audio or music content and Media Acquisition Server 106 provides music-on-demand services to consumers. In other embodiments, both video and audio media formats are handled by the same system and both media types are made available to consumers.

[0038]      Broadcast media content is sourced from Broadcast Media Source 112. In an embodiment, Broadcast Media Source 112 is a publicly broadcast media signal, such as broadcast television or radio. In an embodiment, Broadcast Media Source 112 is a privately broadcast medium such as a private internet stream, satellite television, or  satellite radio broadcast. In an embodiment, Broadcast Media Source 112 is a television or radio broadcast internal to the secured facility or a network of secured facilities. For example, a secured facility can operate an informational television broadcast that is only available to residents of the secured facility.

[0039]       Media from Broadcast Media Source 112 is encoded by Broadcast Media Encoder 110. In an embodiment, video content is encoded with MPEG-2, MPEG-4, H.264, or any other suitable video CODEC. Similarly, audio content is encoded with any suitable audio CODEC including but not limited to MP3, AAC, or other audio CODEC.

[0040]      Next, the encoded Broadcast media is made available to consumers, such as the inmates, from Broadcast Media Acquisition Server 108. Broadcast Media Acquisition Server 108 buffers encoded media from Broadcast Media Source 112 for consumption. Broadcast Media Acquisition Server 108 maintains a guide of broadcast media that is available to consumers. For example, a television guide indicating the channels available and the media

- 11 -

broadcast on those channels is made available by Broadcast Media Acquisition Server 108. The media guide is available to consumers to select broadcast media from Broadcast Media Acquisition Server 108.

[0041]    Media from both Media Acquisition Server 106 and Broadcast Media Acquisition Server 108  is delivered via the Core Network 130 to user hardware such as Inmate Kiosk 200 for consumption. In an embodiment, a Media Distribution Cluster 116 is interposed between the acquisition servers and the consumers. Media Distribution Cluster 116 operates as a cache or buffer to distribute load and relieve the acquisition servers. In an embodiment, Media Distribution Cluster 116 comprises individual servers that are disposed within closer physical proximity to the consumer such that overall network load is reduced.

[0042]    In an embodiment, Core Network 130 supports multicast routing to reduce network load and increase bandwidth efficiency. Multicast routing enables Media Distribution Cluster 116 to send one stream of data to many clients such as Inmate Kiosk 200 at once, reducing the load on the network. In an embodiment, typical unicast networking is utilized where appropriate.

[0043]    Media Subsystem 101 streams content to remote end users utilizing Unicast and Multicast TCP, UDP, or WebRTC connections depending on source content. Encoders 104 and 110 convert or transcode media from any source format to any consumption format necessary for end users. For example, some of the media formats used are MPEG-4, H.264, or VC-1 formats. In an embodiment, use of these formats enables distribution of standard-definition video ("SDTV") content with requirements of about 1 Mbps per stream and about 5 Mbps for high-definition video content ("HDTV").

[0044]    In an embodiment, Encoders 104 and 110 are software based, and in another embodiment Encoders 104 and 110 are hardware-based. In another embodiment, a combination of both software and hardware are used to encode media in Encoders 144 and 110. In an embodiment, using advanced video compression and multicast routing, Media Subsystem 101 can achieve a virtually unlimited number of channels to a virtually unlimited number of users on the network. In an embodiment, over 1000 simultaneous channels is achievable.

- 12 -

[0045]      Media Subsystem 101 can be administered either on premise or remotely. In an embodiment, the Media Subsystem 101 includes a remote administration module that enables content provision and management of Media Subsystem 101 from a remote location. All content distributed by Media Subsystem 101 is controlled by the system administrator utilizing a proprietary Class of Service administration.

[0046]      In an embodiment, Media Subsystem 101 is designed to be fault tolerant. It is important that Media Subsystem 101 remain operational even in the event of an emergency to broadcast emergency messages. Thus, the Media Subsystem 101 can include redundant systems including redundant Media Acquisition Server 106, Broadcast Media Acquisition Server 108, Media Distribution Cluster 116, and all other components of Media Subsystem 101. Media Subsystem 101 includes automatic failover means to automatically remove inaccessible or otherwise unresponsive components out of the network and continue to provide services to the secured facility.

[0047]      <u>Video Visitation</u>

[0048]      One aspect of the Controlled Environment Media And Communication System 100 is video visitation provided by Video Visitation Subsystem 117. Video visitation is the process of a bi-directional or unidirectional video communication between an inmate and a visitor such as family, friends, clergy, or the like. In an embodiment, Video Visitation Subsystem 117 enables video visitation through Inmate Kiosk 200 illustrated in FIG. 2. The Video Visitation Subsystem 117 makes use of Camera 208 in the Inmate Kiosk 200 and similar cameras in other hardware used to access the Controlled Environment Media And Communication System 100. In an embodiment, video visitation is supported between users on smartphones , tablet computers, inmate kiosks, and Visitor Kiosks 138. Other forms of video visitation include educational video visitation where an inmate can participate in a classroom via video feed.

[0049]      The Video Visitation Subsystem 117 utilizes the Core Network 130 to route video visitation traffic between inmate kiosks and visitor kiosks. Local real-time video visitation can be broadcast using similar multicast techniques to reduce network traffic. For example, in an embodiment, an on premise classroom is broadcast throughout the secured facility using multicast routing to a plurality of inmate kiosks and inmate devices, delivering

- 13 -

educational experiences to large amounts of inmates simultaneously while not significantly increasing network load. In an embodiment video transport uses IGMP version 2 for connecting to a multicast stream and the Real Time Streaming Protocol (RTSP) to deliver video content. Video content may be compressed with any known video compression codec, including but not limited to H.264, H.265, WebM, MPEG-4, MPEG-2, or the like. Likewise, video streams originating from the inmate hardware, including Inmate Kiosk 200 or Tablet Computer 302 are compressed using similar video coding techniques. In an embodiment, video compression and decompression is assisted in the Inmate Kiosk 200 by a graphical processing unit (GPU) co-processor.

[0050]     A feature of the Video Visitation Subsystem 117 is the Video Visitation Investigative Unit 115. The Investigative Unit 115 performs real-time monitoring and storage of video visitations sessions for real-time and future review and analysis. Investigative Unit 115 allows investigators to view time-shifted video visitation feeds and pause, rewind, and fast-forward through video visitation sessions to efficiently and accurately analyze the content of the video visitation session. An investigative administrator is presented with the option to monitor any current video visitation feeds or to play archived video visitation sessions stored in Video Visitation Database 118.

[0051]     Video visitation session properly flagged as being confidential, such as a meeting between an attorney and a client, will not be made available to investigative workstations and is not recorded into Video Visitation Database 118. In an embodiment, sessions marked as confidential can be identified through one or more criteria such as a scheduling identifier, a specified remote contact, or a specified local access point such as a specific kiosk within the facility.

[0052]     Authorized users will have to ability to monitor visitation/encounter sessions in process.  Although the inmate and called party are notified during the session setup that the session is recorded and subject to monitoring, actual live monitoring of a session are completely transparent to the parties.

[0053]     Investigators using Video Visitation Investigative Unit 115 are able to perform monitoring of live sessions. In an embodiment, the Investigator is able to select whether to see every visitation/encounter kiosk or just the ones with active sessions. The user interface

- 14 -

displays information regarding the location of the kiosk stations and the identity of the offender and the visiting party.  To start live monitoring, the session, the user clicks an icon in a graphical user interface.  This opens a new window displaying the both end's video sessions and the session audio, which is played over workstation speakers or headphones if desired. If the administration users determine that the session is inappropriate, they will be able to cut off the session and/or make notes to the session (such as a case number) that can be searched for and reviewed later.

[0054]       While live monitoring (or pulling historical recordings), each users is able to add notes (see the user interface view below) to the session recording file.  Investigators are able to select a specific portion of the recorded session to save as a separate file and add notes related to their findings.

[0055]       At a later time, investigator users using Investigative Unit 115 are able to retrieve video visitation session recordings. In an embodiment, investigators with appropriate account privileges are able to retrieve session recordings by utilizing a graphical user interface. In the graphical user interface are multiple options for searching of session records including "quick searches" keyed on offender, visiting party, kiosk ID, or date/time bands.  Ad-hoc queries on more complex criteria are also be able to be defined.  Once the search is conducted and session records are displayed, the records can be ordered on the basis of any of the session record fields by selecting the field name on a display header bar.

[0056]       Session recordings are available for playback at the user's discretion. Clicking an icon on the record will open a new window displaying the both end's video sessions and the session audio, which will be played over workstation speakers or headphones if desired.  The window provides tools for control of the playback. While listening to or viewing a recording, the user may add notes to the session recording file. The user will also be able to select a pertinent portion of the recorded session, save it as a separate file, add notes related to his/her findings and archive the recorded conversation on a DVD.

[0057]       In addition to recording capabilities, the Video Visitation Subsystem 117 provides a full array of administrative capabilities, including the ability to initiate and terminate individual or multiple sessions, as well as an audio barge-in feature if desired for visitation warnings of unacceptable behavior or language.  This barge in-feature can be invoked from

- 15 -

live session monitoring as described above. In conjunction with existing jurisdiction scheduling databases, the Video Visitation Subsystem 117 is capable of auto-initiating and terminating sessions per the scheduled time.  Time limit warnings will be made available to all system users for them to be aware of impending session termination.

[0058]    A Video Visitation Scheduling System 119 enables inmates and/or visitors to schedule a video visitation session. The Scheduling System 119 also optionally alerts investigative administrators to the scheduled video visitation so that the investigator can supervise the video visitation session. The Video Visitation Subsystem 117 allows the jurisdiction to control and or approve online scheduling. In addition, the authentication requirements, offender classification/designation, STG, or other jurisdiction may be designated by the jurisdiction from a Jail Management data feed or entry of the data into the system database.  The Video Visitation Subsystem 117 also provides for he online scheduling of video visitation which would allow approved visitors to schedule visits according to jurisdiction visiting regulations.

[0059]    In an embodiment, Video Visitation Subsystem 117 is compatible with industry standards such as H.320. H.320 is an umbrella recommendation by the ITU-T for running Multimedia (Audio/Video/Data) over ISDN based networks. Video Visitation Subsystem 117 can utilize bandwidth saving MPEG-4, H.264, or VC-1 formats for internal communication between Inmate Kiosk 200 and Visitor Kiosk 138, for example. For video visitation with a remote video visitation user, Video Visitation Subsystem 117 can use H.320 standards, for example. An example of a H.320 video visitation session is a minimum resolutions of 352x288 pixels at 30 frames per second with minimum bandwidth requirements up to 1.544Mbps per session as per H.320 standards. In an embodiment, Video Visitation Subsystem 117 utilizes WebRTC standards to communicate with remote video visitation participants. Other such standards, formats, and processes as known in the video communication arts can also be implemented as protocols in Video Visitation Subsystem 117.

[0060]    Intra-Facility Communication

[0061]    In addition to media services and video visitation services, Controlled Environment Media And Communication System 100 enables communication between controlled

Atty. Dkt. No. 3210.0980004

- 16 -

environment residents and the jurisdiction operating the controlled facility via Intra-Facility Communication Subsystem 121. One form of communication is a complaint or request, commonly referred to as a 'kite' in the correctional industry. A kite is a written request, complaint, or other communication from an inmate to facility staff and administrators. Examples of kites are requests to see a doctor, a question posed to a counselor, or other communications to facility staff.

[0062]       The Inmate Kiosk 200 supports input and sending of a kite message. In an embodiment, a kite message includes an inmate's name, an identifying number associated with the inmate, the date the kite message is entered, the department the message is to be routed to, and the individual staff member the message is directed to. In other embodiments, a kite message contains only a subset of these fields. The inmate is able to input the data for a kite message via the Inmate Kiosk 200 using any combination of input devices attached to or integral to Inmate Kiosk 200 such as a keyboard and mouse. In other embodiments where the inmates use a tablet computer to access the Controlled Environment Media And Communication System 100, the inmate inputs data for a kite message via a touchscreen. In an embodiment, some of the fields are presented as a drop-down menu in which the inmate entering in data can select a data value. For example, the department field may be a drown-down type input field with the options "Health," "Services," "Canteen," "Unit Manager," etc. Selecting the appropriate entry routes the kite message to the associated department within the secured facility. In an embodiment, the inmate is also allowed to flag a kite message with a priority indicator. Priority indicators include but are not limited to low priority, normal priority, high priority, or emergency priority. By indicating the appropriate level of priority, facility staff are able to service all inmate and resident needs more efficiently. After entering in data for all necessary fields, the inmate submits the kite message from the Inmate Kiosk by hitting a "send" button or the equivalent graphical user interface element.

[0063]       The graphical user interface for generating kite messages also includes a frequently asked questions section where simple or oft-encountered kite requests can be addressed without the need to submit a kite request message. The purpose of the frequently asked questions format is to provide answers quickly and efficiently. The frequently asked

- 17 -

questions can also be directed to the kite message submission process as well, such as information regarding who will process the kite message and when to expect a response.

[0064]    Once a kite message is generated and submitted from an inmate by, for example, an Inmate Kiosk 200, the message is sent to the Intra-Facility Communication Subsystem 121. Received kite messages are stored in Kite Message Database 120. In an embodiment, Kite Message Database 120 is a relational database, for example an SQL database. In another embodiment, Kite Message Database 120 is a non-relational document store.

[0065]    Intra-Facility Communication Subsystem 121 then validates the kite message upon receipt. One validation step is to flag kite messages containing certain keywords and phrases. For example, keywords related to gangs, drugs, profanity, sexually explicit words, and other such topics are filtered and flagged for review by an appropriate administrator. The keywords and phrases are stored in Censorship Database 123. Censorship Database 123 can be updated at any time to include new words or phrases to search new incoming messages for. In addition, a search function allows administrators to search previously submitted kite messages in Kite Message Database 120 for keywords and phrases in the Censorship Database 123. An alert message can also be set to inform system administrators when a kite message containing certain keywords or phrases is submitted.

[0066]    Another validation step is to disallow repetitive, duplicative, or otherwise abusive requests. In one embodiment, this filtering step is a rate-limiting step wherein inmates are disallowed from sending more than a set number of kite messages in a given time period. The rate-limiter can apply to all messages sent by an inmate, or can be specific to each recipient. For example, the rate limiter can be set to disallow more than 1 kite message to be sent to any given recipient each day. This prevents abuse of the Intra-Facility Communication Subsystem 121. Another validation step is to reject identical or substantially similar kite messages. Intra-Facility Communication Subsystem 121 searches the Kite Message Database 120 for similar or substantially similar messages submitted by the same inmate to the same recipient and disallows duplicates. This is also a mechanism by which inmates can be prevented from overwhelming the Intra-Facility Communication Subsystem 121. Any other appropriate algorithm or limitation can be set on the submission of kite messages by inmates to maintain a useful system that is not able to be abused. In an embodiment, the rate

- 18 -

limitations are dynamically set on an individual basis so that repeat kite message abusers are subject to stricter limitations. In an embodiment, rather than simply disallowing repetitive or duplicative messages, the Intra-Facility Communication Subsystem 121 can flag such messages and inmates for disciplinary action by the facility staff.

[0067]     Next, the kite message is routed to the appropriate department or individual for processing. A feature of the Intra-Facility Communication Subsystem 121 is that each message is tracked through its lifecycle, from creation, opening, reading, responding, taking action, and closing. These events are stored along with the original kite message in Kite Message Database 120. For example, when an administrator first opens a new kite message, that administrator's identification and a timestamp is recorded along with the kite message to indicate that the message was read. Next, when a kite message is acted upon, for example an appointment with a doctor was scheduled, that action is also recorded along with identifiers and timestamps along with the kite message.

[0068]     In an embodiment, facility staff who act on kite messages are required to electronically sign the kite message to document the interaction. System administrators can also register alerts to be generated at the occurrence of any event associated with a kite message. For example, a medical department head can set an alert for any kite message acted upon by any staff members of the medical unit. Staff members are able to forward a kite message to another staff member for further action.

[0069]     Intra-Facility Communication Subsystem 121 enforces privacy and confidentiality of kite requests as set by the system administrator. Only those staff members and administrators authorized to view, edit, act on, or close kite messages are allowed to take such actions.

[0070]     In an embodiment, any staff member that can act on a kite message can also add notes or annotations to the kite message for reference. These annotations are viewable only by the staff members and are for administrative purposes. For example, a note about an inmate's behavior, gang affiliation, or other information may be appropriate in certain situations. These annotations are also stored in Kite Message Database 120 along with the kite message. Notes and annotations may be in the form of text, images, or other records or data that is pertinent to the kite request.

Atty. Dkt. No. 3210.0980004

- 19 -

[0071]      Throughout the lifecycle of a kite message, inmate can view the status and any updates on their kite request through Inmate Kiosk 200. In an embodiment, the inmate is presented with a graphical representation of their kite messages and requests, who is addressing their kite message, and what action has been taken. Through this interface, inmates are able to cancel, amend, or append new information to a kite request to reflect changing circumstances. In this way, the Intra-Facility Communication Subsystem 121 enables a task-oriented two-way communications channel between inmates and facility staff. Staff members are also able to escalate a kite message request in the event that a higher authority is required to act on the kite message request.

[0072]      Kite request messages may have an expiration data set by the inmate, a staff member, or automatically based on request type as defined by the jurisdiction operations the Intra-Facility Communication Subsystem 121. When an expiration date is reached the kite message is automatically closed by the Intra-Facility Communication Subsystem 121.

[0073]      In an embodiment, Intra-Facility Communication Subsystem 121 can charge inmates for specific events associated with a kite message. For example, an institution can charge an inmate account for a medical visit or for a superfluous or duplicative request that burdens the administrative staff of the facility. If a staff member determines a charge should be levied upon the submitting inmate, that charge can be indicated in the Kite Message Database 120. In an embodiment, inmates are charged for repetitive or duplicative kite messages as detected in the validation described above.  A separate billing and accounting process then makes sure the charge is properly paid and settled for the services or other functions performed.

[0074]      Intra-Facility Communication Subsystem 121 also provides a robust investigation and analysis platform on which to examine kite messages stored in Kite Message Database 120. These analytics can provide valuable insight into the inner workings of a secured facility for facility administrators. For example, if a number of complaints are received about the same topic, facility administrators can address that topic. In this way, the kite system can act as a kind of suggestion box for facility administrators. In an embodiment, administrators are able to search past kite messages by key word, department, inmate, recipient, or any other data field or combination of data fields stored in Kite Message Database 120. Searches can be run one time, or stored to periodically generate reports for particular search queries. One example

- 20 -

of a stored query is a query that outputs a list of similar kite messages received within a period of time from different inmates or residents. For example, if a number of inmates all submit kite messages identifying that there is a rodent infestation in the facility, administration will be notified immediately so that the problem can be rectified in a timely fashion.

[0075]    In an embodiment, Intra-Facility Communication Subsystem 121 interfaces with a legacy system already in place at the secured facility. Several levels of interfacing with legacy systems are possible. First, the Intra-Facility Communication Subsystem 121 can import archived data into Intra-Facility Communication Subsystem 121 for analysis and archiving. Second, Intra-Facility Communication Subsystem 121 can co-exist with an existing data entry system that is already in place, such that Intra-Facility Communication Subsystem 121 imports data from another source for processing and analysis. Third, Intra-Facility Communication Subsystem 121 can integrate with a legacy analysis and processing backend while using the Inmate Kiosk and other kite message input methods described herein. In any level of integration, the administration operating the secured facility is able to choose an optimal integration strategy to work with legacy systems.

[0076]    Intra-Facility Communication Subsystem 121 includes a data export and import feature for integration with legacy systems and other system. In an embodiment, Intra-Facility Communication Subsystem 121 is able to export and import kite message data in standard data formats. For example, in an embodiment, Intra-Facility Communication Subsystem 121 can export and import kite messages in a comma separated value list for interfacing with any external system that can accept a comma separated list. Other formats may be used in other embodiments, such as but not limited to XML, JSON, HTML, database formats, spreadsheet formats, and the like.

[0077]    Other Inmate Communications Services

[0078]    In some embodiments, Controlled Environment Media And Communication System 100 facilitates other communications services to and from inmates and other secured-facility residents. One example of other communications services is Voice Service 122. Voice Service 122 enables bi-directional voice calling to and from the Inmate Kiosk 200 using

- 21 -

VOIP protocols utilizing the same Core Network 130 as the other communications described herein.

[0079]     Another example of other services are Data Services 124. Data Services 124 enable arbitrary data to be sent to and broadcast from the Inmate Kiosk 200. Examples of data that Data Services supports are news stories, news video clips, weather forecasts, live TV guides, video-on-demand directories, and other such data that is of interest to inmates within a secured facility.

[0080]     The Controlled Environment Media And Communication System 100 also includes Emergency Alert System 126. Emergency Alert System 126 provides jurisdiction system administrators with a barge-in capability of both video and/or audio which will override any and all current content consumption. For example, an inmate watching VOD or broadcast television content will be interrupted by Emergency Alert System 126 in the event of an emergency. Emergency Alert System 126 will then display the emergency alert message on the screen and also audibly announce the emergency. In an embodiment, Emergency Alert System 126 utilizes wake-on-Lan ("WoL") capabilities of client devices to activate non-active systems to broadcast the emergency message. The WoL capabilities can only be triggered by authorized administrative personnel.

[0081]     Administrative Services

[0082]     Administrative Workstation 114 has connectivity to Core Network 130. Administrative staff of the secured facility can operate Administrative Workstation 114 to manage all services offered on Core Network 130 within the facility. One function of Administrative Workstation 114 is to manage media content distribution. For example, different bundles of media content can be provided to users based on the needs of the secured facility and user preferences.

[0083]     Administrative Workstation 114 also provides comprehensive real-time reporting capabilities which enable facility providers to manage their prison more effectively. One such report is a report of revenues, expenses, transactions, and other financial information and records associated with the provision of communications services described herein.

[0084]     In an embodiment, the Administrative Workstation 114 offers real-time reporting of all media being consumed by inmates and other residents. This functionality is useful for

- 22 -

facility providers who want to conduct inmate-metric analyses or evaluate the viewer demand for a particular channel, program, or content.

[0085]    In an embodiment, the Administrative Workstation 114 offers interactive inmate surveys which enables content facility providers to collect information from inmates while they watch their favorite TV channels, program, or content. Survey questions can be defined in either closed-ended (multiple choice) or open-ended (no preset answer) formats. The survey functionality is attractive for service facility providers who want to conduct marketing research or measure results from advertising campaigns in real-time.

[0086]    In an embodiment, Administrative Workstation 114 provides system administrators with several cut-off/control mechanisms to control communications on the system. The cut-off allows the administrator to terminate individual kiosk services or all kiosk functions for individual, groups, or all kiosks simultaneously. In addition, administrators can take control of individual functions of the kiosk to support users or initiate investigative monitoring utilizing the hardware and software functions for example use the microphone and camera to monitor activity near the kiosk or use the speaker or display to instruct the inmate.

[0087]    In an embodiment, more fine-grained controls are also available to system administrators via Administrative Workstation 114. For example, administrators can regulate access to the Media Subsystem 101 through a class of service ("COS") database. Users on interface endpoint such as Inmate Kiosk 200 can be grouped together by living unit, offender type, or individually. Each communication service offered by the Controlled Environment Media And Communication System 100 is controlled individually. For example, Media Subsystem 101 controls include fine-grained controls of which channels or media sources are available to a particular inmate, and the time of day those sources are available. Again, these controls can be applied individually or by any grouping of inmates.

[0088]    In an embodiment, the Administrative Workstation 114 includes or duplicates all capabilities of Video Visitation Investigative Unit 115. Again, these capabilities are applicable to users on interface endpoint such as Inmate Kiosk 200 and can be grouped together by living unit, offender type, or individually.

[0089]    <u>Billing</u>

- 23 -

[0090]    Billing Subsystem 128 handles billing for media distribution, video visitation, and all other communication services offered by Controlled Environment Media And Communication System 100. In an embodiment, Billing Subsystem 128 is centralized and shared among all other subsystems and components of Controlled Environment Media And Communication System 100. In another embodiment, Billing Subsystem 128 comprises multiple components tailored to each other subsystem and unique to that subsystem. In all embodiments, Billing Subsystem 128 offers methods of billing residents, inmates, outside parties, and all other users of Controlled Environment Media And Communication System 100 for the communication services rendered. For example, with respect to Media Subsystem 101, the Billing Subsystem 128 handles charging inmates and residents for delivery of media content. With respect to Video Visitation Subsystem 117, Billing Subsystem 128 charges residents, inmates, and/or outside parties appropriately for video visitation services.

[0091]    In an embodiment, Billing Subsystem 128 performs real-time billing which reduces the risk of uncollectible accounts. To also reduce the chance of uncollectible accounts, Billing Subsystem 128 utilizes Authentication Subsystem 129 to authenticate users by any method available to Authentication Subsystem 129 such as biometric authentication, RFID authentication, Personal Identification Number entry, or multiples of the aforementioned.

[0092]    In an embodiment, Billing Subsystem 128 supports both pre-paid and post-paid content billing, which provides extra flexibility for content facility providers. The pre-paid billing option reduces the risk of uncollectible accounts which enables facility providers to offer services on a global scale. The Billing Subsystem 128 bills all content requests in real-time to ensure that services are provided only to inmates with sufficient account balances.

[0093]    In an embodiment, Billing Subsystem 128  charges a Debit Account. The resident can load funds onto the Debit Account in person, for example at a commissary, by electronic means, or by telephone. Funds can be added to the Debit Account from cash, bank accounts, or credit card accounts. Optionally, non-residents of the secured facility can be allowed to add funds to the resident's Debit Account as well.

[0094]    As another form of payment, an Advance Pay Account can also be charged by Billing Subsystem 128.  The Advance Pay Account can be funded by family and friends, and used for call fees associated with the resident. As with the Debit Account, the Billing Subsystem

- 24 -

128 can access the Advance Pay Account to determine that there are sufficient funds, when content is purchased.

[0095]     In an embodiment, the Billing Subsystem 128 does not immediately deduct funds from an account, but accumulates usage over a billing cycle and forwards a bill to the resident at the end of the billing cycle. Parameters such as the length of the billing cycle, the total amount allowed to be billed during one billing cycle, and the forms of payment that the bill can be paid in can be adjusted to suit the needs of a particular secured facility.

[0096]     Operation

[0097]     In operation, a user, such as an inmate, logs into the Controlled Environment Media And Communication System 100 through hardware and/or software such as the Inmate Kiosk 200. In an embodiment, the user is presented with a graphical user interface that prompts the user for authentication. In an embodiment, the authentication consists of a user identification and a password. In other embodiments, other authentication mechanisms can be used. For example, biometric, fingerprint, facial recognition, hand geometry, voice print, 3D facial recognition, radio frequency identification, or combinations or other such personal authentication means can be used.

[0098]     In an embodiment, the user, such as an inmate, uses a graphical user interface and a menu system to select communications services to utilize or consume through the Inmate Kiosk 200.  Channel selection will be accomplished by using the mouse to scroll and click a selection or the keyboard up/down arrows and enter key. Touch screen controls are available for hardware systems, such as tablets and smart portable devices. The inmate can also utilize the menu system to invoke the Video Visitation Subsystem 117 and the Intra-Facility Communication Subsystem 121 as well.

[0099]     During use, the Inmate Kiosk 200 can optionally provide the user with the ability to minimize the picture of playing media to a smaller frame to allow multiple window viewing to the offender simultaneously while maintaining its aspect ratio. This allows offenders to perform functions such as offender email while viewing TV.

[0100]     Conclusion

[0101]     It is to be appreciated that the Detailed Description section, and not the Abstract section, is intended to be used to interpret the claims.  The Abstract section may set forth one

Atty. Dkt. No. 3210.0980004

- 25 -

or more, but not all exemplary embodiments, and thus, is not intended to limit the disclosure and the appended claims in any way.

[0102]     The invention has been described above with the aid of functional building blocks illustrating the implementation of specified functions and relationships thereof.    The boundaries of these functional building blocks have been arbitrarily defined herein for the convenience of the description.   Alternate boundaries may be defined so long as the specified functions and relationships thereof are appropriately performed.

[0103]     It will be apparent to those skilled in the relevant art(s) that various changes in form and detail can be made therein without departing from the spirit and scope of the disclosure. Thus, the invention should not be limited by any of the above-described exemplary embodiments, but should be defined only in accordance with the following claims and their equivalents.

- 26 -

WHAT IS CLAIMED IS:

1.      An intra-facility communications system for sending and receiving messages within a secured facility, the system comprising:

a secured network, the secured network including a first secured partition and a second secured partition;

an access terminal available to a resident of the secured facility, the access terminal configured to:

receive an intra-facility message from the resident; and

transmit the intra-facility message using the first secured partition of the secured network; and

a central intra-facility communications server, the central intra-facility communication server configured to:

receive the intra-facility message via the first secured partition of the secured network; and

route the intra-facility message to its intended recipient using the second secured partition of the secured network.

2.      The system of claim 1, wherein the secured facility is a prison and the residents of the secured facility are prison inmates, the first secured partition of the secured network is available to the prison inmates, and the second secured partition of the secured network is not available to prison inmates.

3.      The system of claim 2, wherein access to the first secured network partition is available to prison inmates and access the second secured network partition is not available to prison inmates.

4.      The system of claim 2, further comprising:

an authentication server with connectivity to the secured network;

wherein the prison inmates possess one class of authentication credentials which disallows access to the second secured partition of the secured network, and prison staff possess anther class of authentication credentials which allows access to the second secured partition of the secured network.

5.      The system of claim 2, wherein the access terminal is an inmate kiosk located within an inmate cell.

Atty. Dkt. No. 3210.0980004

- 27 -

6.      The system of claim 1, wherein the access terminal presents a list of options for intra-facility messages via a graphical user interface to the resident, the access terminal received input indicative of one of the list of options, and the intra-facility message includes the chosen option in the intra-facility message.

7.      The system of claim 1, further comprising a media distribution server with access to the second secured partition of the secured network;

wherein the access terminal is further configured to receive media from the media distribution server and playback the media for consumption.

8.      The system of claim 1, further comprising a video visitation server with access to the second secured partition of the secured network, the video visitation server configured to conduct video visitation sessions between the access terminal and a second video visitation endpoint;

wherein the access terminal is further configured to conduct video visitation sessions with one or more other video visitation endpoints by utilizing the video visitation server.

9.      An intra-facility communications system for sending and receiving messages within a secured facility, the system comprising:

      a network that provides communication services to the secured facility;

      an access terminal connected to the network, the access terminal configured to:

           receive an intra-facility message and secondary data from the resident; and

           transmit the intra-facility message to the network;

      a central intra-facility communications server, the central intra-facility communication server configured to:

           receive the intra-facility message and the secondary data from the access terminal; and

           route the intra-facility message based on the secondary data.

10.     The intra-facility communications system according to claim 9, wherein the secondary data includes resident name, resident identifying information, data of message submission, and message type.

11.     The intra-facility communications system according to claim 9, wherein the message is a kite message directed to a service department associated with the secured facility.

Atty. Dkt. No. 3210.0980004

- 28 -

12.    The intra-facility communications system according to claim 9, wherein the central intra-facility communications server is further configured to:

analyze the message; and

flag the message for review based on the analysis.

13.    The intra-facility communications system according to claim 12, wherein the analyzing of the message includes scanning the message for keywords and key phrases.

14.    The intra facility communications system of claim 9, further comprising a database, the central intra-facility communications server being configured to store the message, together with the secondary data, in the database.

15.    An intra-facility communications system for sending and receiving messages within a secured facility, the system comprising:

a network that provides communication services to the secured facility;

a user terminal located within the secured facility, the user terminal being configured to receive a message from an inmate of the secured facility, and to transmit the message to the network;

a central intra-facility communications server configured to screen the message and to store the message in a message database, the message database including a plurality of previous messages sent by the inmate.

16.    The intra-facility communications system of claim 15, wherein the central intra-facility communications server is further configured to compare the content of the received message to the content of the plurality of previous messages.

17.    The intra-facility communications system of claim 16, wherein the intra-facility communications server is configured to determine, based on the comparison, that the content of the received message is substantially similar to content of at least one of the plurality of previous messages.

18.    The intra-facility communications system of claim 17, wherein the intra-facility communications server is further configured to, in response to the determination, cancel transmission of the message.

19.    The intra-facility communications system of claim 15, wherein the central intra-facility communications server is further configured to:

receive a status from an agency recipient of the message; and

store the status, together with a timestamp corresponding to a time of receipt of the status, with the message in the database.

20.     The intra-facility communications system of claim 19, wherein the intra-facility communications server is further configured to notify the inmate of the status in response to the receiving of the status.

- 30 -

# ABSTRACT

The Controlled Environment Media And Communication System delivers communications services to residents of controlled facilities using a common network architecture. Some of the communications capabilities of the Controlled Environment Media And Communication System include media distribution, video visitation, intra-facility messaging, and other such communications services.

10547984_1

Atty. Dkt. No. 3210.0980004



**FIG. 1**

2803084_1/1



**FIG. 2**



**FIG. 3**

400



**FIG. 4**

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 34832351 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 11-JAN-2019 |
| **Filing Date:** | |
| **Time Stamp:** | 17:08:42 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 2019-01-11-Miscellaneous-Letter-3210-0980004.PDF | 316368 / 08c1515d654a4a54a4f935dc0c027f1ba9f9e3ef | no | 2 |

**Warnings:**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Information:** | | | | | | |
| 2 | Transmittal of New Application | 2019-01-11-Utility-Transmittal-3210-0980004.PDF | 323802 4d9b4ad372b59339924564b79dcde0e8d20099a3 | no | 2 | |
| **Warnings:** | | | | | | |
| **Information:** | | | | | | |
| 3 | Authorization for Extension of Time all replies | 2019-01-11-EOT-Authorization-3210-0980004.pdf | 116379 1b52a1925b7c369c7e55dcca66506263f083f01 | no | 1 | |
| **Warnings:** | | | | | | |
| **Information:** | | | | | | |
| 4 | Application Data Sheet | 2019-01-11-ADS-3210-0980004.PDF | 1256155 1f58c3d835b3ea7ddf510c187c35b489adc60f1a | no | 8 | |
| **Warnings:** | | | | | | |
| **Information:** | | | | | | |
| 5 | Oath or Declaration filed | 2019-01-11-Declaration-3210-0980004.PDF | 138284 db7f335fefa73a2c02b18435320882026 1a7ed20 | no | 1 | |
| **Warnings:** | | | | | | |
| **Information:** | | | | | | |
| 6 | Power of Attorney | 2019-01-11-POA-82A-3210-0980004.PDF | 232650 818b15c6f01db57af92122103db333bc70b838ba | no | 1 | |
| **Warnings:** | | | | | | |
| **Information:** | | | | | | |
| 7 | Power of Attorney | 2019-01-11-POA-82B-3210-0980004.PDF | 2709773 cfcb65b69e0d375fd217853f59735ceb41dd3de8f | no | 1 | |
| **Warnings:** | | | | | | |
| **Information:** | | | | | | |
| 8 | | 2019-01-11-Utility-Application-3210-0980004.pdf | 210543 3894de8fcd888338dff46c478147648ba7fc8ec0 | yes | 30 | |
| | **Multipart Description/PDF files in .zip description** | | | | | |
| | **Document Description** | | **Start** | | **End** | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Specification | | 1 | | 25 | |
| | Claims | | 26 | | 29 | |
| | Abstract | | 30 | | 30 | |

**Warnings:**

**Information:**

| | | | | | | |
|---|---|---|---|---|---|---|
| 9 | Drawings-only black and white line drawings | 2019-01-11-Drawings-3210-0980004.PDF | 181617 | | no | 4 |
| | | | fa652ab72cd6fcc24482cd68afe553aefb480e1f | | | |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 5485571 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

January 11, 2019

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Re:    U.S. Non-Provisional Patent Application under 37 C.F.R. § 1.53(b)
       (*Continuation of Appl. No. 15/603,095; Filed: May 23, 2017*)
       Appl. No. To Be Assigned; Filed: Herewith
       For:   **CONTROLLED ENVIRONMENT MEDIA AND
              COMMUNICATION SYSTEM**
       Inventor: Stephen L. HODGE
       Our Ref: 3210.0980004

Commissioner:

The following documents are transmitted herewith for appropriate action by the U.S. Patent and Trademark Office:

1.    Utility Patent Application Transmittal Form (PTO/AIA/15);

2.    Authorization to Treat a Reply As Incorporating An Extension of Time Under 37 C.F.R. § 1.136(a)(3);

3.    U.S. Utility Patent Application entitled:

      **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

      and naming as inventor:

      **Stephen L. HODGE**

      the application consisting of:

      a.    An Application Data Sheet (37 C.F.R. § 1.76);

      b.    A signed Inventor's Declaration;

      c.    A specification containing:

            i.    25 pages of description prior to the claims;

Commissioner for Patents
January 11, 2019
Page 2

          ii.      4 pages of claims (20 claims);

          iii.     a one (1) page abstract;

    d.     4 sheets of drawings: (Figure(s) 1-4); and

4.     An executed Power of Attorney by Applicant (PTO/AIA/82B) and the Transmittal for Power of Attorney form (PTO/AIA/82A).

The above-listed documents are filed electronically.

Correspondence should be sent to Customer Number 26111.

This patent application is being submitted under 37 C.F.R. § 1.53(b) without the required fees.

                     Respectfully submitted,

                     STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                     /Lauren C. Schleh/

                     Lauren C. Schleh
                     Attorney for Applicant
                     Registration No. 65,457

LCS/crb
Enclosure(s)

10548182_1

**EXHIBIT 34**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 10/31/2017 | 9807123 | 3210.0150005 | 6317 |

26111        7590        10/11/2017

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Stephen HODGE, Aubry, TX;
Global Tel*Link Corp., Reston, VA;
David Woody, Allen, TX;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit <u>SelectUSA.gov</u>.

IR103 (Rev. 10/09)

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | **Complete if Known** | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | To be assigned |
| | | | Filing Date | Herewith |
| | | | First Named Inventor | Stephen Hodge |
| | | | Art Unit | To be assigned |
| | | | Examiner Name | To be assigned |
| Sheet | 2 | of 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,665,380 B1 | 12-16-2003 | Cree *et al.* | |
| | US22 | 6,668,045 B1 | 12-23-2003 | Mow | |
| | US23 | 6,775,359 B1 | 08-10-2004 | Ron *et al.* | |
| | US24 | 6,788,771 B2 | 09-07-2004 | Manto | |
| | US25 | 6,801,932 B1    10 | 08-05-2004 | Picoult *et al.* | |
| | US26 | 6,850,147 B2 | 02-01-2005 | Prokoski *et al.* | |
| | US27 | 7,039,949 B2 | 05-02-2006 | Cartmell *et al.* | |
| | US28 | 7,158,621 B2 | 01-02-2007 | Bayne | |
| | US29 | 7,265,853 B1 | 09-04-2007 | Kara *et al.* | |
| | US30 | 7,277,695 B2 | 10-02-2007 | Petry *et al.* | |
| | US31 | 7,742,581 B2 | 06-22-2010 | Hodge *et al.* | |
| | US32 | 8,488,756 B2 | 07-16-2013 | Hodge *et al.* | |
| | US33 | 2002/0007453 | 01-17-2002 | Nemovicher | |
| | US34 | 2004/0029564 | 02-12-2004 | Hodge | |
| | US35 | 2006/0062355 | 03-23-2006 | Leonard | |
| | US36 | 2007/0233610 | ~~03-10-2009~~ 10-2007 | Gyllenskog *et al.* | |
| | | | | | |
| | | | | | |
| | | | | | |

*Change(s) applied to document, /S.R.R./ 9/12/2017*

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1873932_1.DOCX

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.H./

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 4,652,700 | 03-24-1987 | Matthews | |
| | US2 | 4,766,604    08 | 11-11-1988 | ~~Valdez~~  Axberg | |
| | US3 | 5,068,888 | 11-26-1991 | Scherk *et al.* | |
| | US4 | 5,553,145 | 09-03-1996 | Micali | |
| | US5 | 5,648,916 | 07-15-1997 | Manduley | |
| | US6 | 5,740,231 | 04-14-1998 | Cohn *et al.* | |
| | US7 | 5,805,810 | 09-08-1998 | Maxwell | |
| | US8 | 5,826,034 | 10-20-1998 | Albal | |
| | US9 | 5,872,926 | 02-16-1999 | Levac *et al.* | |
| | US10 | 5,894,558 | 04-13-1999 | Falker | |
| | US11 | 5,958,005 | 09-28-1999 | Thorne *et al.* | |
| | US12 | 5,982,506 | 11-09-1999 | Kara | |
| | US13 | 6,061,718 | 05-09-2000 | Nelson | |
| | US14 | 6,173,259 B1 | 01-09-2001 | Bijl *et al.* | |
| | US15 | 6,192,114 B1 | 02-20-2001 | Council | |
| | US16 | 6,233,318 B1 | 05-15-2001 | Picard *et al.* | |
| | US17 | 6,285,777 B2 | 09-04-2001 | Kanevsky *et al.* | |
| | US18 | 6,400,272 B1 | 06-04-2002 | Holtzman *et al.* | |
| | US19 | 6,591,367 B1 | 07-08-2003 | Kobata *et al.* | |
| | US20 | 6,606,648 B1 | 08-12-2003 | Mukundan *et al.* | |

Change(s) applied to document,
/S.R.R./
9/12/2017

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | WO 99/48054 A1 | 09-23-1999 | ASCOM HASLER MAILING SYSTEMS INC. | | |
| | FP2 | WO 99/21330 A1 | 04-29-1999 | E-STAMP CORPORATION | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.H/

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

OK TO ENTER: /A.R.H/

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Amendment Under 37 C.F.R. § 1.312

*Mail Stop Issue Fee*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Submitted herein is an Amendment Under 37 C.F.R. § 1.312. As payment of the issue fee has not yet been made or is filed herewith, Applicant respectfully submits that filing under 37 C.F.R. § 1.312 is proper. (M.P.E.P. § 714.16.)

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 9 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

OK TO ENTER: /A.R.H/

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        09/22/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/22/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Response to Rule 312 Communication* | Application No. | Applicant(s) |
|---|---|---|
| | 14/457,593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ The amendment filed on <u>14 September 2017</u> under 37 CFR 1.312 has been considered, and has been:

    a) ☒   entered.

    b) ☐   entered as directed to matters of form not affecting the scope of the invention.

    c) ☐   disapproved because the amendment was filed after the payment of the issue fee.

            Any amendment filed after the date the issue fee is paid must be accompanied by a petition under 37 CFR 1.313(c)(1) and the required fee to withdraw the application from issue.

    d) ☐   disapproved.  See explanation below.

    e) ☐   entered  in part. See explanation below.

| /HADI ARMOUCHE/<br>Supervisory Patent Examiner, Art Unit 2497 | /ANGELA HOLMES/<br>Examiner, Art Unit 2497 |
|---|---|

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**      Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

|  |
|---|
| 26111      7590      08/31/2017 |
| STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. |
| 1100 NEW YORK AVENUE, N.W. |
| WASHINGTON, DC 20005 |

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| | |
|---|---|
| | (Depositor's name) |
| | (Signature) |
| | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

TITLE OF INVENTION: Electronic Messaging Exchange

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 11/30/2017 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HOLMES, ANGELA R | 2497 | 726-003000 |

| 1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). <br> ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached. <br> ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.** | 2. For printing on the patent front page, list <br> (1) The names of up to 3 registered patent attorneys or agents OR, alternatively, <br> (2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed. | 1 Sterne, Kessler, Goldstein & Fox P.L.L.C. <br><br> 2 _____ <br><br> 3 _____ |
|---|---|---|

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Global Tel*Link Corporation             Reston, Virginia

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☒ Corporation or other private group entity   ☐ Government

| 4a. The following fee(s) are submitted: <br> ☒ Issue Fee <br> ☐ Publication Fee (No small entity discount permitted) <br> ☐ Advance Order - # of Copies _____ | 4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)** <br> ☐ A check is enclosed. <br> ☐ Payment by credit card. Form PTO-2038 is attached. <br> ☒ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number 19-0036 (enclose an extra copy of this form). |
|---|---|

| 5. Change in Entity Status (from status indicated above) <br> ☐ Applicant certifying micro entity status. See 37 CFR 1.29 <br> ☐ Applicant asserting small entity status. See 37 CFR 1.27 <br> ☐ Applicant changing to regular undiscounted fee status. | NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment. <br> NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status. <br> NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable. |
|---|---|

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____      Date  9/14/17

Typed or printed name  Lauren C. Schleh      Registration No. 65,457

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.      OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors: HODGE *et al.*

Applicant: Global Tel*Link Corp.

Application No.: 14/457,593

Filing Date: August 12, 2014

Title: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Amendment Under 37 C.F.R. § 1.312

*Mail Stop Issue Fee*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Submitted herein is an Amendment Under 37 C.F.R. § 1.312. As payment of the issue fee has not yet been made or is filed herewith, Applicant respectfully submits that filing under 37 C.F.R. § 1.312 is proper. (M.P.E.P. § 714.16.)

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 9 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                        HODGE *et al.*
                                             Application No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

convert the instant message into a format suitable for an automated security scan and transmission of the instant message;

perform the automated security scan of the ~~received~~ <u>instant</u> message,

authenticate a remote user, and

based on the automated security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the <u>instant</u> message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

Atty. Dkt. No. 3210.0150005

- 3 -                                                              HODGE *et al.*
Application No. 14/457,593

2.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input.

3.      (Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.      (Canceled)

5.      (Previously Presented) The system of claim 1, wherein the format includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

- 4 -                                                          HODGE *et al.*
                                                         Application No. 14/457,593

11.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, in response to being protected, restrict access to the instant message.


12.     (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.


13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

    a control platform configured to:

        authenticate a remote user,

        receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

        convert the instant message into a format suitable for an automated security scan and transmission of the instant message,

        perform the automated security scan of the ~~received~~ instant message, and

        based on the automated security scan, transmit the instant message to a safe terminal or to an administrator;

    the safe terminal configured to:

        receive the instant message from the control platform via a data connection,

        authenticate a local user, and

        provide the instant message to the authenticated local user,

        wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet, and

- 5 -

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.    (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    (Currently Amended) The system of claim 13, wherein the safe terminal is further configured to alert the local user that [[an]] the instant message has been received.

19.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, in response to being protected, restrict access to the instant message.

20.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.    (Canceled)

- 6 -

HODGE *et al.*
Application No. 14/457,593

22.     (Canceled)

23.     (Canceled)

24.     (Canceled)

25.     (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

converting the first instant message into a format suitable for a first automated security scan and a first transmission of the first instant message;

performing the first automated security scan of the ~~received~~ first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the first security scan of the first instant message.

Atty. Dkt. No. 3210.0150005

- 7 -

HODGE *et al.*
Application No. 14/457,593

26.    (Currently Amended) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

converting the second instant message into a format suitable for a second automated security scan and a second transmission of the <u>second</u> instant message;

performing the second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the <u>second automated</u> security scan of the second instant message.


27.    (Previously Presented) The system of claim 1, wherein the central computer control platform is further configured to prevent forwarding or copying the instant message to anyone other than the remote user.


28.    (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to use the instant message to schedule a time for a conversation with the remote user.

- 8 -

HODGE *et al.*
Application No. 14/457,593

29.    (Previously Presented) The system of claim 1, wherein the remote user is in an environment outside of the secured inmate facility.


30.    (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine a maximum number of communication times between the local user and the remote user.

Atty. Dkt. No. 3210.0150005

- 9 -

HODGE *et al.*
Application No. 14/457,593

## *Remarks*

None of the amendments add new matter.

The amendment corrects a formal matter without changing the scope of the claims.

Accordingly, Applicant respectfully requests that this Amendment be entered.

Reconsideration of this application and entry of the above Amendments are respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 9/14/17

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

*8238390_1.docx*

Atty. Dkt. No. 3210.0150005

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/David Ofori |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for**  Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 1501 | 1 | 960 | 960 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **960** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30363439 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/David Ofori |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 14-SEP-2017 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 15:50:21 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $960 |
| RAM confirmation Number | 091517INTEFSW15510500 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 3210_0150005_Issue_Fee_with_312_Amendment.pdf | 4104899 <br> 3e352207f40a3c1e09cf366bcce4760b2824 5ae2 | yes | 11 |
| | **Multipart Description/PDF files in .zip description** | | | | |
| | **Document Description** | | **Start** | **End** | |
| | Miscellaneous Incoming Letter | | 1 | 1 | |
| | Issue Fee Payment (PTO-85B) | | 2 | 2 | |
| | Amendment after Notice of Allowance (Rule 312) | | 3 | 3 | |
| | Claims | | 4 | 10 | |
| | Applicant Arguments/Remarks Made in an Amendment | | 11 | 11 | |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30370 <br> c5e33a4ee4facb13b6ec7ea5186540c622a5 4f2f | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 4135269 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

September 14, 2017

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Mail Stop Issue Fee*

Re:    Allowed U.S. Utility Patent Application
        Appl. No. 14/457,593; Filed:  August 12, 2014
        For:    **Electronic Messaging Exchange**
        Inventors: HODGE *et al.*
        Our Ref: 3210.0150005

Commissioner:

In response to the **Notice of Allowance and Fee(s) Due** dated August 31, 2017, the following documents are transmitted for appropriate action by the U.S. Patent and Trademark Office:

1.    Issue Fee Transmittal (Form PTOL-85);

2.    Online Credit Card Payment Authorization for **$960.00** to cover: **$960.00** - Issue Fee; and

3.    Amendment Under 37 C.F.R. §1.312.

*The above-listed documents are filed electronically.*

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/JXY/d-o
Enclosures

8251145_1.docx



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

26111          7590          08/31/2017

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
| --- |
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2497 | |

DATE MAILED: 08/31/2017

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

TITLE OF INVENTION: Electronic Messaging Exchange

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 11/30/2017 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.  THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.  SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u>  SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.  IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
**or <u>Fax</u> (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

```
26111        7590        08/31/2017
```
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| | |
|---|---|
| | (Depositor's name) |
| | (Signature) |
| | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

TITLE OF INVENTION: Electronic Messaging Exchange

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 11/30/2017 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HOLMES, ANGELA R | 2497 | 726-003000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                      (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

**4a. The following fee(s) are submitted:**
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)
☐ Applicant certifying micro entity status. See 37 CFR 1.29
☐ Applicant asserting small entity status. See 37 CFR 1.27
☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        08/31/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

DATE MAILED: 08/31/2017

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

Page 3 of 3

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | **Application No.** 14/457,593 | **Applicant(s)** HODGE ET AL. | |
|---|---|---|---|
| | **Examiner** ANGELA HOLMES | **Art Unit** 2497 | **AIA (First Inventor to File) Status** No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *8/16/17*.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-3,5-20 and 25-30*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

      a) ☐ All   b) ☐ Some  *c)☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☒ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

| /ANGELA HOLMES/ Examiner, Art Unit 2497 | /HADI ARMOUCHE/ Supervisory Patent Examiner, Art Unit 2497 |
|---|---|

**Notice of Allowability**        Part of Paper No./Mail Date

Application/Control Number: 14/457,593                                          Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

2.      This communication is in response to the application 14/457593 filed on 8/16/17.

### *Terminal Disclaimer*

3.      The terminal disclaimer filed on 09/03/15 has been reviewed and is accepted.  The terminal

disclaimer has been recorded.

### *Allowable Subject matter*

4.      Claims 1-3, 5-20 and 25-30 are allowed.

### *Examiner's comment*

5.      This communication warrants No Examiner's Reason for Allowance, applicant's reply

make evident the reasons for allowance, satisfying the "record as a whole" proviso of the rule 37

CFR 1.104(e). Specifically, the substance of applicant's arguments filed on 8/16/17 are

persuasive, as such the reasons for allowance are in all probability evident from the record and

no statement is deemed necessary (see MPEP 1302.14).

6.      Any comments considered necessary by applicant must be submitted no later than

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."

### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.

The examiner can normally be reached on 9am -5pm.

Application/Control Number: 14/457,593                                      Page 3
Art Unit: 2497

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

     Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 9813 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:39 |
| L2 | 98373 | (H04L63/30 H04L63/08 H04L51/04 H04L63/102).CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:39 |
| L3 | 1050 | ((stephen near hodge)(david near hodge)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:40 |
| L5 | 76 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:41 |
| L7 | 14 | electronic near messag$3 and authentic$5 with inmate and instant adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:15 |
| L8 | 5065 | electronic near messag$3 and authentic$5 and instant adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:15 |
| L9 | 44 | electronic near messag$3 and authentic$5 and instant adj messag$3 near conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:15 |
| L11 | 9 | electronic near messag$3 and authentic$5 and instant adj messag$3 near conver$4 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:16 |
| L12 | 0 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 near security | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:16 |
| L13 | 0 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 with security | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:16 |

| L14 | 13 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:17 |
| L15 | 13 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 and remote and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:17 |
| L16 | 12 | inmate with authentic$5 and restrict$3 near internet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:18 |
| L20 | 12 | inmate with authentic$5 and restrict$3 near internet and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:20 |
| L23 | 84 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:20 |
| L24 | 14 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 and instant adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:20 |
| L25 | 11 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 and instant adj messag$3 and generat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:21 |
| L27 | 18 | electronic near messag$3 and authentic$5 and instant adj messag$3 with inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:22 |
| L28 | 8 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 and instant adj messag$3 and generat$3 and text and email and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:23 |
| L31 | 2 | correctional adj facilit$3 and authentic$5 with security near scan | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:25 |
| L32 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:25 |
| L33 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:26 |

| L34 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate and authentic$5 and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:26 |
| L35 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate and authentic$5 and instant near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:26 |

## EAST Search History (Interference)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L36 | 0 | (correctional adj facilit$3 near authentic$5 near security near scan near inmate near authentic$5 near instant near messag$3).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:27 |
| L37 | 0 | (correctional adj facilit$3 near authentic$5 near security near scan near inmate near authentic$5 near instant near messag$3 near restrict$3).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:29 |
| L38 | 0 | (authentic$5 near security near scan near inmate near authentic$5 near instant near messag$3 near restrict$3).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:29 |
| L39 | 0 | (authentic$5 near security near scan near inmate near authentic$5 near instant near messag$3 near restrict$3 near conver$4).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:30 |
| L40 | 0 | (authentic$5 near security near scan near inmate near authentic$5 near conver$4 near instant near messag$3 near restrict$3 near internet).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:30 |

**8/24/2017 6:30:40 AM**
**C:\Users\aholmes\Documents\EAST\Workspaces\~ auto.08062017.221837.bak.wsp**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6317**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 726 | 2497 | 3210.0150005 |
| | RULE | | | |

**APPLICANTS**
  Global Tel*Link Corp., Reston, VA;

**INVENTORS**
  Stephen HODGE, Aubry, TX;
  David Woody, Allen, TX;

**** CONTINUING DATA *************************
  This application is a CON of 13/941,382 07/12/2013 PAT 9680878
     which is a CON of 12/802,641 06/10/2010 PAT 8488756
     which is a CON of 10/996,795 11/24/2004 PAT 7742581

**** FOREIGN APPLICATIONS *************************

**** IF REQUIRED, FOREIGN FILING LICENSE GRANTED ****
  08/20/2014

| Foreign Priority claimed ☐ Yes ☑ No | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | ☐ Met after Allowance | TX | 6 | 20 | 2 |
| Verified and Acknowledged    /angela holmes / ____ Examiner's Signature | Initials | | | | |

**ADDRESS**

  STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
  1100 NEW YORK AVENUE, N.W.
  WASHINGTON, DC 20005
  UNITED STATES

**TITLE**

  Electronic Messaging Exchange

| | | |
|---|---|---|
| **FILING FEE RECEIVED** 2140 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

OK TO ENTER: /A.R.H/

**Amendment Under 37 C.F.R. § 1.116**
**Expedited Procedure – Art Unit 2497**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.116

Commissioner for Patents                                                    *Mail Stop AF*
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

     In reply to the Final Office Action dated June 20, 2017, Applicant submits the following Amendment and Remarks.

     Remarks and Arguments begin on page 2 of this paper.

     It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

**CPC**

| Symbol | | | Type | Version |
|---|---|---|---|---|
| H04L | 63 | 30 | F | 2013-01-01 |
| H04L | 51 | 066 | I | 2013-01-01 |
| H04L | 51 | 12 | I | 2013-01-01 |
| H04L | 51 | 36 | I | 2013-01-01 |
| H04L | 51 | 04 | I | 2013-01-01 |
| H04L | 63 | 08 | I | 2013-01-01 |
| H04M | 3 | 42382 | I | 2013-01-01 |
| H04L | 51 | 14 | I | 2013-01-01 |
| H04L | 51 | 22 | I | 2013-01-01 |
| H04L | 51 | 38 | I | 2013-01-01 |
| H04L | 63 | 0861 | I | 2013-01-01 |
| H04L | 63 | 102 | I | 2013-01-01 |
| H04L | 63 | 083 | I | 2013-01-01 |
| H04L | 67 | 02 | A | 2013-01-01 |
| | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |

| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | 8/24/17 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 25 | |
| /HADI ARMOUCHE/<br>Supervisory Patent Examiner.Art Unit 2497 | 08/29/2017 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | | | | | **NON-CLAIMED** | | |
| 726 | 3 | H | 0 | 4 | L | 29 / 06 (2006.01.01) | | | |
| **CROSS REFERENCE(S)** | | | | | | | | | |
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| | | | |
|---|---|---|---|
| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | 8/24/17 | **Total Claims Allowed:** | |
| (Assistant Examiner) | (Date) | 25 | |
| /HADI ARMOUCHE/<br>Supervisory Patent Examiner.Art Unit 2497 | 08/29/2017 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No. 20170824

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ☐ | Claims renumbered in the same order as presented by applicant | | | | ☐ | CPA | ☒ | T.D. | | ☐ | R.1.47 | | | | | | | |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 16 | 17 | | | | | | | | | | | | |
| 2 | 2 | 17 | 18 | | | | | | | | | | | | |
| 3 | 3 | 18 | 19 | | | | | | | | | | | | |
| | 4 | 19 | 20 | | | | | | | | | | | | |
| 4 | 5 | | 21 | | | | | | | | | | | | |
| 5 | 6 | | 22 | | | | | | | | | | | | |
| 6 | 7 | | 23 | | | | | | | | | | | | |
| 7 | 8 | | 24 | | | | | | | | | | | | |
| 8 | 9 | 20 | 25 | | | | | | | | | | | | |
| 9 | 10 | 21 | 26 | | | | | | | | | | | | |
| 10 | 11 | 22 | 27 | | | | | | | | | | | | |
| 11 | 12 | 23 | 28 | | | | | | | | | | | | |
| 12 | 13 | 24 | 29 | | | | | | | | | | | | |
| 13 | 14 | 25 | 30 | | | | | | | | | | | | |
| 14 | 15 | | | | | | | | | | | | | | |
| 15 | 16 | | | | | | | | | | | | | | |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | 8/24/17 | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 25 | |
| /HADI ARMOUCHE/ Supervisory Patent Examiner.Art Unit 2497 | 08/29/2017 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

U.S. Patent and Trademark Office                                                        Part of Paper No.  20170824

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant      ☐ CPA   ☒ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | 12/27/2016 | 06/11/2017 | 08/24/2017 | | |
| 1 | 1 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 2 | 2 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 3 | 3 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | - | | |
| 4 | 5 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 5 | 6 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 6 | 7 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 7 | 8 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 8 | 9 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 9 | 10 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 10 | 11 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 11 | 12 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 12 | 13 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 13 | 14 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 14 | 15 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 15 | 16 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 16 | 17 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 17 | 18 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 18 | 19 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 19 | 20 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| | 21 | ✓ | ✓ | - | - | - | - | - | | |
| | 22 | ✓ | ✓ | - | - | - | - | - | | |
| | 23 | ✓ | ✓ | - | - | - | - | - | | |
| | 24 | ✓ | ✓ | - | - | - | - | - | | |
| 20 | 25 | | | ✓ | ✓ | ✓ | ✓ | = | | |
| 21 | 26 | | | ✓ | ✓ | ✓ | ✓ | = | | |
| 22 | 27 | | | | | | | = | | |
| 23 | 28 | | | | | | | = | | |
| 24 | 29 | | | | | | | = | | |
| 25 | 30 | | | | | | | = | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/27/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/11/2017 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/24/2017 | ah |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |
| 726 | 3 | 12/27/2016 | ah |
| 726 | 3 | 6/11/2017 | ah |
| 726 | 3 | 8/24/2017 | ah |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | |
|---|---|
| | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |
| EAST class limited w/text search (see search history) | 12/27/2016 | ah |
| EAST text search (see search history) | 12/27/2016 | ah |
| EAST inventor and assignee search (see search history) | 12/27/2016 | ah |
| EAST class limited w/text search (see search history) | 6/11/2017 | ah |
| EAST text search (see search history) | 6/11/2017 | ah |
| EAST inventor and assignee search (see search history) | 6/11/2017 | ah |
| EAST class limited w/text search (see search history) | 8/24/2017 | ah |
| EAST text search (see search history) | 8/24/2017 | ah |
| EAST inventor and assignee search (see search history) | 8/24/2017 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | GENERAL INTERFERENCE AND SEARCH OF CLAIMS (USPGPUB,UPAT) | 8/24/2017 | ah |

/ANGELA HOLMES/
Examiner.Art Unit 2497

Document code:  WFEE

United States Patent and Trademark Office
Sales Receipt for Accounting Date:  08/21/2017

LJOHNSON     SALE  #00000001     Mailroom Dt:  08/16/2017      190036    14457593
                    01     FC : 1202                  80.00  DA

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| | **08/16/2017** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * 25 | Minus | ** 24 | = 1 | x $80 = | 80 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **80** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

/LIE
LAVINIA JOHNSON

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Amendment Under 37 C.F.R. § 1.116**
**Expedited Procedure – Art Unit 2497**

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.116

Commissioner for Patents                                                          *Mail Stop AF*
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

In reply to the Final Office Action dated June 20, 2017, Applicant submits the following

Amendment and Remarks.

Remarks and Arguments begin on page 2 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be

provided for in documents accompanying this paper. However, if additional extensions of time are

necessary to prevent abandonment of this application, then such extensions of time are hereby

petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or

appeal of this application (including issue fee, fees for net addition of claims or forwarding to

appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.    (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

convert the instant message into a format suitable for an automated security scan and transmission of the instant message:

perform [[an]]the automated security scan of the received message,

authenticate a remote user, and

based on the automated security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

Atty. Dkt. No. 3210.0150005

- 3 -

HODGE *et al.*
Reply to Office Action of June 20, 2017                    Application No. 14/457,593

2.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input.

3.      (Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.      (Canceled)

5.      (Currently Amended) The system of claim [[4]]1, wherein the ~~plurality of formats~~format includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

- 4 -

HODGE *et al.*

Reply to Office Action of June 20, 2017

Application No. 14/457,593

11.    (Currently Amended) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, [[if]]in response to being protected, restrict access to the instant message.

12.    (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.    (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

convert the instant message into a format suitable for an automated security scan and transmission of the instant message,

perform [[an]]the automated security scan of the received instant message, and

based on the automated security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

Atty. Dkt. No. 3210.0150005

- 5 -

HODGE *et al.*
Application No. 14/457,593

wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.


14.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.


15.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.


16.    (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.


17.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.


18.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.


19.    (Currently Amended) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, [[if]]in response to being protected, restrict access to the instant message.

- 6 -

20.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.    (Canceled)

22.    (Canceled)

23.    (Canceled)

24.    (Canceled)

25.    (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

converting the first instant message into a format suitable for a first automated security scan and a first transmission of the instant message:

performing [[a]]the first automated security scan of the received first instant message at the control platform;

authenticating a remote user at the control platform; and

- 7 -

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the <u>first</u> security scan <u>of</u> the first instant message.

26.    (Currently Amended) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

<u>converting the second instant message into a format suitable for a second automated security scan and a second transmission of the instant message;</u>

performing [[a]]<u>the</u> second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

27.    (New) The system of claim 1, wherein the central computer control platform is further configured to prevent forwarding or copying the instant message to anyone other than the remote user.

28.    (New) The system of claim 1, wherein the safe terminal is further configured to allow the local user to use the instant message to schedule a time for a conversation with the remote user.

- 8 -

Reply to Office Action of June 20, 2017

HODGE *et al.*
Application No. 14/457,593

29.    (New) The system of claim 1, wherein the remote user is in an environment outside of the secured inmate facility.


30.    (New) The system of claim 1, wherein the control platform is further configured to determine a maximum number of communication times between the local user and the remote user.

- 9 -

Reply to Office Action of June 20, 2017

HODGE *et al.*
Application No. 14/457,593

## Remarks

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 5, 11, 13, 25, and 26 are sought to be amended. Claim 4 is sought to be canceled without prejudice to or disclaimer of the subject matter therein. New claims 27-30 are sought to be added. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

### Statement of Substance of Interview

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held August 10, 2017. Applicant expresses appreciation to Examiner Holmes for the courtesy of an interview with Jinrong Yuan, Reg. No. 76,066, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. The substance of arguments presented in the interview are further reflected in the present remarks.

### Rejections under 35 U.S.C. § 103

*1. Fuoss in view of Shapiro and Hodge in further view of Freund.*

- 10 -

HODGE *et al.*
Reply to Office Action of June 20, 2017                                    Application No. 14/457,593

Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C. § 103(a)

as being unpatentable over U.S. Patent No. 7,003,308 to Fuoss ("Fuoss") in view of U.S.

Provisional Patent Application No. 60/538,933, published in U.S. Patent Application Publication

No. 2010/0299761 to ("Shapiro") in further in view of U.S. Patent Application Publication No.

2004/0029564 to Hodge ("Hodge") in view of U.S. Patent No. 5,987,611 to Freund ("Freund").

The combination of Fuoss, Shapiro, Hodge and Freund fails to teach or suggest a secure

electronic message exchange system usable inside a secured inmate facility, the secure electronic

message exchange system has "a control platform" configured to "convert the instant message into

**a format suitable for an automated security scan and transmission**[1] of the instant message," as

recited in amended claim 1. That is, the cited references of Fuoss, Shapiro, Hodge and Freund,

alone or combined, fails to teach or suggest the above noted features of the amended claim 1.

The cited references, Fuoss, Shapiro, Hodge, and Freund, alone or combined, fail to disclose

at least "a control platform configured to: …convert the instant message into a format suitable for

an automated security scan and transmission of the instant message," as recited in amended claim

13 and "the method comprising: … converting the first instant message into a format suitable for a

first automated security scan and a first transmission of the instant message," as recited in amended

claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All

dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, and

Freund at least for their dependencies from the independent claims, as well as for the additional

---

[1] All emphasis added unless otherwise noted.

Atty. Dkt. No. 3210.0150005

- 11 -

features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Fuoss in view of Shapiro and Hodge in further view of Freund in view of Levac.*

Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. § 103(a) as being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 5,872,926 to Levac ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Levac fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Freund.

In the current Office Action, the Examiner states that "Fuoss, Shapiro, Hodge and Freund do not disclose; however, Levac discloses the system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message." (Office Action, page 9.)

Levac fails to cure the deficiencies of Fuoss, Shapiro, Hodge and Freund. To the contrary, Levac fails to disclose converting instant message to any format suitable for an automatic security scan and transmission of the instant message. Levac relates to "a system in which messages generated by a message source are automatically converted to the proper mediums for transmission to various types of communication devices used by selected recipients." (Levac, Abstract, reference number omitted.) For example, Levac merely discloses that "The communication device interface converts the message portion and generates at least one converted message in the format **compatible with the at least one type of communication device at the communication destination**. The communication device interface further transmits the at least one converted

message to the communication destination." (Levac, 2:16-21, reference number omitted.) Nowhere does Levac mention or suggest converting instant messages to a format suitable for both automated security scan and transmission of the instant messages.

Levac, at most, provides a system for converting instant messages to a format compatible with the receiving communication device. Levac is silent, however, with respect to the above noted features. More specifically, Levac does not teach or suggest a system that is capable of converting instant messages to a format suitable for automated security scan and transmission of the instant message. Further, Fuoss, Shapiro, Hodge and Freund do not cure the deficiencies of Levac with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro, Hodge, Freund, and Levac for at least the reasons noted above.

The combination of Fuoss, Shapiro, Hodge, Freund, Levac fails to disclose at least "a control platform configured to: …convert the instant message into a format suitable for an automated security scan and transmission of the instant message," as recited in amended claim 13 and "the method comprising: … converting the first instant message into a format suitable for a first automated security scan and a first transmission of the instant message," as recited in amended claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, Freund, and Levac at least for their dependencies from the independent claims, as well as for the additional features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

- 13 -

### 3. *Fuoss in view of Shapiro and Hodge in further view of Freund in view of Cree.*

Claim 18 is rejected under pre-AIA 35 U.S.C. § 103(a) as being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 6,665,380 to Cree ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Cree fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Freund with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Freund, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### *New claims 27-30*

New dependent claims 27-30 are sought to be added based on their dependency to claim 1, and claims 27-30 should be found allowable over the applied references, as well as for their additional distinguishing features. Support for claims 27-30 can be found, e.g., paragraphs [0025], [0028], and [0029], and FIG. 1 of the present application.

- 14 -

Reply to Office Action of June 20, 2017

HODGE *et al.*
Application No. 14/457,593

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: _8 Nov 19_

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

Document7

Atty. Dkt. No. 3210.0150005

# Electronic Acknowledgement Receipt

| EFS ID: | 30099436 |
|---|---|
| Application Number: | 14457593 |
| International Application Number: | |
| Confirmation Number: | 6317 |
| Title of Invention: | Electronic Messaging Exchange |
| First Named Inventor/Applicant Name: | Stephen HODGE |
| Customer Number: | 26111 |
| Filer: | Lauren Carl Schleh/Amy Norris |
| Filer Authorized By: | Lauren Carl Schleh |
| Attorney Docket Number: | 3210.0150005 |
| Receipt Date: | 16-AUG-2017 |
| Filing Date: | 12-AUG-2014 |
| Time Stamp: | 17:15:10 |
| Application Type: | Utility under 35 USC 111(a) |

## Payment information:

| Submitted with Payment | no |
|---|---|

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_Filing.pdf | 2519694<br>8f8ab379921647ba08b2167b69ca501e45667e92 | yes | 15 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Transmittal Letter | 1 | 1 |
| Response After Final Action | 2 | 2 |
| Claims | 3 | 9 |
| Applicant Arguments/Remarks Made in an Amendment | 10 | 15 |

| Warnings: |
|---|

| Information: |
|---|

| **Total Files Size (in bytes):** | 2519694 |
|---|---|

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**



**LAUREN SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

August 16, 2017

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Mail Stop AF*

Re:    U.S. Utility Patent Application
        Appl. No. 14/457,593; Filing Date: August 12, 2014
        For:    **Electronic Messaging Exchange**
        Inventors:    HODGE *et al.*
        Our Ref:    3210.0150005

Commissioner:

    Transmitted herewith for appropriate action is a document entitled ***Amendment and Reply under 37 C.F.R. § 1.116*** which is submitted electronically.

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/JXY
Enclosure

5502475_1.docx

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        06/20/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/20/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 14/457,593 | Applicant(s) HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *3/6/17*.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) *1-20,25 and 26* is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☒ Claim(s) *1-20,25 and 26* is/are rejected.
8)☐ Claim(s) _____ is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.
11)☒ The drawing(s) filed on *8/12/14,10/30/14* is/are: a)☒ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All   b)☐ Some**  c)☐ None of the:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)
2)☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date *1/26/17*.
3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4)☐ Other: _____.

Application/Control Number: 14/457,593                                      Page 2
Art Unit: 2497

## DETAILED ACTION

1.      The present application is being examined under the pre-AIA first to invent provisions.

### Information Disclosure Statement

2.      The information disclosure statement (IDS) submitted on 1/26/17 is in compliance with
the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being
considered by the examiner.

### Response to Arguments

3.      Applicant argues that the prior art, Freund, does not teach or suggest "a safe terminal that
accesses secure system software only and restricts the local user from accessing the internet",
disclosed in claims 1, 13 and 25. Examiner respectfully disagrees and maintains that the prior
art, Freund, discloses that an access management application is used to maintain a database of
the access rules for the workstations being administrated. These access rules can include criteria
such as total time a user can be connected to the Internet, time a user can interactively use the
Internet, a list of applications or application versions that a user can or cannot use in order to
access the Internet, a list of URLs (or WAN addresses) that a user application can (or cannot)
access, a list of protocols or protocol components that a user application can or cannot use, and
rules to determine what events should be logged (including how long are logs to be kept).
These access rules can be qualified by optionally specifying: to whom should a rule apply (list
of users, list of workgroups, or all); start date and expiration date of a rule; time of day when the
rule should be applied; whether the rule is "disclosed" to the user or workgroup manager or
remains hidden; whether a rule can be overwritten or modified by the workgroup manager or
user; and what should happen if a rule is violated (e.g., denying Internet access, issue a warning,

Application/Control Number: 14/457,593                                    Page 3
Art Unit: 2497

redirecting the access, creating a log entry, or the like), as disclosed in Col 4, lines 4-28. The

prior art, Freund, has a criteria for users, which discloses whether a user can be connected to the

internet. It is obvious to one ordinary skilled in the art that the prior art, Freund, discloses the

limitation in claims 1, 13, and 25, "a safe terminal that accesses secure system software only

and restricts the local user from accessing the internet".

### *Claim Rejections - 35 USC § 103*

4.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

5.      **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564) in view

of Freund (US 5987611). Fuoss is cited in the IDS filed 12/8/15.

        **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

        allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

        transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network)*; and

        a control platform configured to:

Application/Control Number: 14/457,593                                    Page 4
Art Unit: 2497

receive the instant message from the safe terminal *(Fuoss, Col 7, lines 44-54, receive messages from another communication device)*,

the control platform including:

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages *(Fuoss, Col 4, lines 38-47, inter communication system to send and receive electronic messages)*;

a safe terminal configured to:

Fuoss does not disclose; however, Shapiro discloses perform an automated security scan of the received message *(Shapiro, pg.3, scanning letters for certain keywords)*, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database *(Shapiro,Pg. 2, proofing and screening, then allowing for viewing)*,

authenticate a remote user *(Shapiro, Pg. 4-5, "Writer Registration", username and password)*,

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

the control platform including:

Application/Control Number: 14/457,593                                Page 5
Art Unit: 2497

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of authenticating users in a secure facility.

Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet (*Freund, Col 12, lines 49-61, provides a client-side filter that is controlled by the centralized authority as long as the centralized authority has a way of enforcing non-compliance (for example by blocking access to the WAN). Provides a system comprising one or more access management applications that set access rules for the entire LAN for one or more workgroups or individual users, a client-based filter application (installed at each client), and a central supervisor application that maintains the access rules for the client based filter and verifies the existence and proper operation of the client-based filter application.*)

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the benefit of regulating access and maintaining security of individual computer systems and local area networks (LANs) connected to larger open networks (Wide Area Networks or WANs), including the Internet.

Application/Control Number: 14/457,593                                    Page 6
Art Unit: 2497

**As per claim 2,** Fuoss discloses the system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input *(Fuoss, Col 3, Lines 38-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.).*

**As per claims 3 and 20,** Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses the system of claim 1, wherein the safe terminal is further configured to connect exclusively with the control platform *(Freund, Col 14, lines 62-67, the system includes multiple clients (each of which comprises a personal computer or workstation) connected to a network.  Each client includes a client-side monitoring component for monitoring Internet access.  The network is connected to a server (or another client) having a supervisor or verifier component.)*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the benefit of regulating access and maintaining security of individual computer systems and local area networks (LANs) connected to larger open networks (Wide Area Networks or WANs), including the Internet.

**As per claim 5,** Fuoss discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call and a voice message *(Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.).*

**As per claims 8 and 16,** Fuoss discloses the system of claim 1, wherein the data connection is a wireless connection *(Fuoss, Col 3. Lines 59-65, the handwritten message*

Application/Control Number: 14/457,593                                          Page 7
Art Unit: 2497

*displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a graphic image), directed by a processor to a transceiver, and transmitted via a communication connection (e.g., a wire or wireless connection)).*

**As per claims 9 and 17,** Fuoss, Shapiro and Freund do not disclose; however, Hodge discloses the system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, biometric information, and a radio frequency identification (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss, Shapiro and Freund, given the benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

**As per claim 10,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information (*Shapiro, Pg. 4-5, "Writer Registration", username and password*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claims 11 and 19,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured

Application/Control Number: 14/457,593                                    Page 8
Art Unit: 2497

to determine whether the instant message is protected and, if protected, restrict access to

the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the

benefit of delivering and monitoring electronic letters to correction facility inmates while

giving supervisory authorities the ability to screen the incoming mail.

**As per claim 12,** Fuoss, Hodge and Freund do not disclose; however, Shapiro

discloses the system of claim 1, wherein the control platform allows an administrator to

monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are

printed and viewed*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the

benefit of delivering and monitoring electronic letters to correction facility inmates while

giving supervisory authorities the ability to screen the incoming mail.

**As per claim 26,** Fuoss discloses the method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote

device associated with the authenticated remote user (*Fuoss, Col 4, lines 38-47, inter

communication system to send and receive electronic messages; Also, Col 7, lines 44-54,

receive messages from another communication device*);

Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses performing

a second automated security scan of the second instant message (*Shapiro, pg.3, scanning

letters for certain keywords*); and

Application/Control Number: 14/457,593                                         Page 9
Art Unit: 2497

transmitting the second instant message from the control platform to a safe

terminal associated with the authenticated local user or to an administrator, based on the

security scan of the second instant message (*Shapiro,Pg. 2, proofing and screening, then*

*allowing for viewing*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the

benefit of delivering and monitoring electronic letters to correction facility inmates while

giving supervisory authorities the ability to screen the incoming mail.

6.      **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Freund

(US 5987611) in view of Levac (US 5872926).

**As per claim 4,** Fuoss, Shapiro, Hodge and Freund do not disclose; however,

Levac discloses the system of claim 1, wherein the safe terminal is further configured to

convert the instant message into one of a plurality of formats for the message (*Levac, Col*

*1, lines 63- line 2, converting a message generated by a variety of message sources to the*

*appropriate format for communication with diverse communication devices selected in*

*response to message parameters included in a message file.  The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected communications devices.

**As per claims 6 and 14,** Fuoss, Shapiro, Hodge and Freund do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund, given the benefit of converting to a format appropriate for communicating with selected communications devices.

**As per claims 7 and 15,** Fuoss, Shapiro, Hodge and Freund do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Application/Control Number: 14/457,593                                         Page 11
Art Unit: 2497

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

7.     **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over

Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) in view of Hodge (20040029564) in view of Freund (US 5987611) in view of

Cree (US 6665380).

      **As per claim 18,** Fuoss, Shapiro, Hodge and Freund do not explicitly disclose;

however, Cree discloses the system of claim 13, wherein the safe terminal is further

configured to alert the local user that an instant message has been received (*Cree, Col 11,

17-34, the system informs the inmate when there are messages*).

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro, Hodge and Freund, with the system and method of Cree, given

the benefit of notifying an inmate in a prison facility of messages.

*Conclusion*

8.     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

     A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

Application/Control Number: 14/457,593                                    Page 12
Art Unit: 2497

however, will the statutory period for reply expire later than SIX MONTHS from the mailing
date of this final action.

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.
The examiner can normally be reached on 9am -5pm.

Examiner interviews are available via telephone, in-person, and video conferencing using
a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is
encouraged to use the USPTO Automated Interview Request (AIR) at
http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| L1 | 9715 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:30 |
| L2 | 165879 | (h04l63/30 h04l51/04 h04l51/12 h04l63/08 h04l63/102 h04l67/02).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:30 |
| L4 | 783 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:32 |
| L5 | 67 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:34 |
| L6 | 5505 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:35 |
| L7 | 26 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and control near platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:36 |
| L8 | 2586 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:37 |
| L9 | 53 | secur$3 and electronic near message and | US-PGPUB; | | ON | 2017/06/11 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 22:38 |
| L10 | 51 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:38 |
| L11 | 39 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:38 |
| L12 | 39 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:38 |
| L13 | 6 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless and login | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:38 |
| L14 | 2 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless and login and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:39 |
| L15 | 2 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless and login and inmate and biometric and rfid | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:39 |
| L16 | 217 | ("5648916" \| "5805810" \| "6192114" \| "20100299761" \| "20020159600" \| "20060149644" \| "4191860" \| "7742582" \| "8204177" \| "5987611" \| "4766604" \| "5826034" \| "6173259" \| "6285777" \| "6591367" \| "20040029564" \| "6249808" \| "5745558" \| "5956717" \| "20130179949" \| "4652700" \| "6061718" \| "20030002639" \| "20140020063" \| "5319702" \| "5539812" \| "5768355" \| "7256816" \| "20040058667" \| "6233318" \| "6400272" \| "6606648" \| "20020111887" \| "20150046978" \| "20060098796" \| "5068888" \| "5958005" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:39 |

| | | "6665380" \| "6668045" \| "5655013" \| "9043813" \| "9077680" \| "5740231" \| "5872926" \| "5982506" \| "5351287" \| "6052454" \| "8458732" \| "5553145" \| "20030086546" \| "20150047004" \| "4054756" \| "7046779" \| "8509390" \| "20020183040" \| "6145004" \| "5894558" \| "4935956" \| "6064963" \| "7003308").PN. | | | | |
|---|---|---|---|---|---|---|
| L17 | 38 | l16 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L18 | 18 | l16 and inmate and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L19 | 10 | l16 and inmate and authentic$5 and voice and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L20 | 6 | l16 and inmate and authentic$5 and voice and remote and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L21 | 6 | l16 and inmate and authentic$5 and voice and remote and terminal and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L22 | 3 | l16 and inmate and authentic$5 and voice and remote and terminal and transmi$5 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:41 |
| L23 | 4 | l16 and block and authentic$5 and voice and remote and terminal and transmi$5 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:41 |
| L24 | 19 | l1 and block and authentic$5 and voice and remote and terminal and transmi$5 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; | OR | ON | 2017/06/11 22:42 |

| | | | FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L25 | 68 | l1 and l6 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:42 |
| L26 | 3 | l1 and l7 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:43 |
| L27 | 37 | l1 and l8 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:43 |
| L28 | 1 | l1 and l9 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:43 |
| L29 | 1 | l1 and l10 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:43 |
| L30 | 1 | l1 and l11 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:43 |
| L31 | 1 | l1 and l12 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:43 |
| L32 | 1 | l1 and l13 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/06/11<br>22:43 |
| L33 | 984 | l2 and l6 | US-PGPUB; | OR | ON | 2017/06/11 |

| | | | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 22:43 |
|---|---|---|---|---|---|---|
| L34 | 12 | I2 and I7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L35 | 499 | I2 and I8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L36 | 5 | I2 and I9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L37 | 5 | I2 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L38 | 2 | I2 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L39 | 2 | I2 and I12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L40 | 2 | I2 and I13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L41 | 7 | I4 and I6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | ON | 2017/06/11 22:44 |

| | | | IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L42 | 7 | l4 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L43 | 7 | l4 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L44 | 2 | l4 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L45 | 2 | l4 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L46 | 2 | l4 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L47 | 2 | l4 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L48 | 2 | l5 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L49 | 2 | l5 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L50 | 1 | l5 and l8 | US-PGPUB; USPAT; USOCR; FPRS; | OR | ON | 2017/06/11 22:44 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | EPO; JPO; DERWENT; IBM_TDB | | | |
| L51 | 0 | I5 and I9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L52 | 0 | I5 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |

**EAST Search History (Interference)**

<This search history is empty>

**6/11/2017 10:45:48 PM**
**C:\Users\aholmes\Documents\EAST\Workspaces\ ~ auto.03202017.060153.wsp**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/27/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/11/2017 | ah |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |
| 726 | 3 | 12/27/2016 | ah |
| 726 | 3 | 6/11/2017 | ah |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | |
|---|---|
| | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |
| EAST class limited w/text search (see search history) | 12/27/2016 | ah |
| EAST text search (see search history) | 12/27/2016 | ah |
| EAST inventor and assignee search (see search history) | 12/27/2016 | ah |
| EAST class limited w/text search (see search history) | 6/11/2017 | ah |
| EAST text search (see search history) | 6/11/2017 | ah |
| EAST inventor and assignee search (see search history) | 6/11/2017 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
|  |  |  |  |

/ANGELA HOLMES/
Examiner.Art Unit 2497

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 of 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.¹ | Document Number — Number-Kind Code ² (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2001/0036821 A1 | 11-01-2001 | Gainsboro et al. | |
| | US2 | 2003/0070076 A1 | 04-10-2003 | Michael | |
| | US3 | 2003/0198325 A1 | 10-23-2003 | Bayne | |
| | US4 | 2007/0041545 A1 | 02-22-2007 | Gainsboro | |
| | US5 | 2007/0044734 A1 | 03-01-2007 | Maloney et al. | |
| | US6 | 2010/0318441 A1 | 12-16-2010 | Harper | |
| | US7 | 2016/0381082 A1 | 12-29-2016 | Hodge et al. | |
| | US8 | 5,535,261 | 07-09-1996 | Brown et al. | |
| | US9 | 7,039,171 B2 | 05-02-2006 | Gickler | |
| | US10 | 7,278,028 B1 | 10-02-2007 | Hingoranee | |
| | US11 | 7,651,680 B2 | 01-26-2010 | Breton et al. | |
| | US12 | 8,000,269 B1 | 08-16-2011 | Rae et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.¹ | Foreign Patent Document Country Code³-Number⁴-Kind Code⁵ (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T 6 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

5021414_1

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 06/11/2017 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.

**ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/**

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, Angela R. |
| Sheet \| 1 \| of \| 1 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Non-Final Office Action directed to U.S. Patent Application No. 15/259,439, mailed December 12, 2016; 9 pages. | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 30, 2016; 15 pages. | |
| | NPL3 | Notice of Allowance directed to U.S. Appl. No. 14/457,604, mailed January 12, 2017; 16 pages. | |
| | NPL4 | Non-Final Office Action directed to U.S. Patent Application No. 15/288,520, mailed January 5, 2017; 26 pages. | |
| | NPL5 | Excerpts from Provisional Patent Application No. 60,538,933 to Shapiro, filed January 22, 2004, 7 pages. | |
| | NPL6 | Web pages from "Electronic Message Solutions Inc. (EMS): Improving Relationships through faster Correspondence," 2004, 9 pages; retrieved from http://www.inmatemail.com | |
| | | | |
| | | | |
| | | | |
| | | | |

5021415_1

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 06/11/2017 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Index of Claims*** | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

| ☐ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☒ T.D. | ☐ R.1.47 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | 12/27/2016 | 06/11/2017 | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 9 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 20 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 21 | ✓ | ✓ | - | - | - | - | | | |
| | 22 | ✓ | ✓ | - | - | - | - | | | |
| | 23 | ✓ | ✓ | - | - | - | - | | | |
| | 24 | ✓ | ✓ | - | - | - | - | | | |
| | 25 | | | ✓ | ✓ | ✓ | ✓ | | | |
| | 26 | | | ✓ | ✓ | ✓ | ✓ | | | |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.111

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

In reply to the Office Action dated December 29, 2016, Applicant submits the following Amendment and Remarks.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                                                    HODGE *et al.*
Reply to Office Action of December 29, 2016                      Application No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and ~~blocks~~ restricts the local user from accessing the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.


2.     (Currently Amended) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input. ~~one of a plurality of input methods.~~


Atty. Dkt. No. 3210.0150005

HODGE *et al.*
Reply to Office Action of December 29, 2016                    Application No. 14/457,593

3.      (Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

- 4 -                                                                 HODGE *et al.*
Reply to Office Action of December 29, 2016                    Application No. 14/457,593

11.    (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

12.    (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.    (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

perform an automated security scan of the received instant message, and

based on the security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

wherein the safe terminal accesses secure system software only and ~~blocks~~ restricts the local user from accessing the internet, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

Atty. Dkt. No. 3210.0150005

- 5 -

14.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.    (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.    (Canceled)

22.    (Canceled)

- 6 -

HODGE *et al.*
Application No. 14/457,593

23.    (Canceled)

24.    (Canceled)

25.    (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and ~~blocks~~ restricts the local user from accessing the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

performing a first automated security scan of the received first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the security scan the first instant message.

26.    (Previously Presented) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

Atty. Dkt. No. 3210.0150005

- 7 -                                                          HODGE *et al.*
Reply to Office Action of December 29, 2016                    Application No. 14/457,593

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

Atty. Dkt. No. 3210.0150005

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 2, 13, and 25 are sought to be amended. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

### *Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held March 2, 2017. Applicants express appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. Specific claim amendments were discussed and are reflected herein. Further, the substance of arguments presented in the interview are further reflected in the present remarks.

### *Rejections under 35 U.S.C. § 103*

#### *1.  Fuoss in view of Shapiro and Hodge in further view of Freund.*

Claims 1-3, 5, 8-13, 16, 17, 19, 20, 25 and 26 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al.* ("Fuoss") in view of U.S. Patent Publication No. 2010/0299761 to Shapiro ("Shapiro") in further in view of U.S. Patent

- 9 -                                                         HODGE *et al.*
Reply to Office Action of December 29, 2016                   Application No. 14/457,593

Publication No. 2004/0029564 to Hodge ("Hodge") in view of U.S. Patent No. 5,987,611 A to Freund ("Freund"). Fuoss is cited in the IDS filed 12/8115.

The combination of Fuoss, Shapiro, Hodge, and Freund fails to teach or suggest a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising a safe terminal "wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet," as recited in amended claim 1.

In the current Office Action, the Examiner states that "Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet." (Office Action, pp. 4-5.)

Freund relates to a "computing environment with methods for ***monitoring access to an open network, such as a WAN or the Internet***, is described. The system includes one or more clients, each operating applications or processes (e.g., Netscape Navigator™ or Microsoft Internet Explorer™ browser software) requiring Internet (or other open network) access (e.g., an Internet connection to one or more Web servers)." (Freund, Abstract, emphasis added.) As stated in the Office Action, Freund "provides ***a client-side filter*** that is controlled by the centralized authority as long as the centralized authority has a way of enforcing non-compliance (for example by blocking access to the WAN). At a general level, the present invention provides a system comprising one or more access management applications that set access rules for the entire LAN for one or more workgroups or individual users, a client-based filter application (installed at each client), and a central supervisor application that maintains the access rules for the client based filter and verifies the existence and proper operation of the client-based filter application." (Office Action, p. 5;

Atty. Dkt. No. 3210.0150005

Freund, 12:49-61, emphasis added.) However, Freund's system "monitors the message traffic at the level of individual messages, the system is able ***to selectively block access***, as dictated by the configurable rules." (Freund, 19:57-60.) Freund conditionally blocks access to the internet by trapping individual messages by "disallowing (i.e., blocking) specific messages" and "blocking user access to particular sites." (Freund, 21:18-20, 24:8-9.)

Freund, at most, provides a method for filtering internet content based on a set of rules. Freund, however, does not teach or suggest the above noted features. More specifically, Freund does not teach or suggest a safe terminal that accesses secure system software only and restricts the local user from accessing the internet. Further, Fuoss, Shapiro, and Hodge do not cure the deficiencies of Freund with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro, Hodge, and Freund for at least the reasons noted above.

The combination of Fuoss, Shapiro, Hodge, and Freund also fails to disclose at least a "secure electronic message exchange system usable inside a secured inmate facility, the system comprising ... a safe terminal ... wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet," as recited in amended claim 13 and a "computer-implemented method for transmitting messages from a secured inmate facility, the method comprising: authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet," as recited in amended claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, and Freund at least for their dependencies from the independent claims, as well as for the additional

features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2.  *Fuoss in view of Shapiro, Hodge, and Freund in further view of Levac.*

Claims 4, 6, 7, 14, and 15 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 5,872,926 to Levac ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Levac fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Freund, and Levac for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3.  *Fuoss in view of Shapiro, Hodge, Freund and in further view of Cree.*

Claim 18 is rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 6,665,380 to Cree ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Cree fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Freund, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

- 12 -

HODGE *et al.*

Reply to Office Action of December 29, 2016

Application No. 14/457,593

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 3|6|17

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

5034854_1.docx

Atty. Dkt. No. 3210.0150005

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28542800 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Trent William Merrell/Catherine Saunders |
| **Filer Authorized By:** | Trent William Merrell |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 06-MAR-2017 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:47:41 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_AMEND_111.pdf | 1060037<br>e869407042440092 3cdadb894bffd077734 3f2e0 | yes | 13 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Miscellaneous Incoming Letter | 1 | 1 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 2 | 2 |
| Claims | 3 | 8 |
| Applicant Arguments/Remarks Made in an Amendment | 9 | 13 |

| Warnings: | |
|---|---|
| Information: | |
| Total Files Size (in bytes): | 1060037 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



Sterne Kessler
Goldstein Fox
ATTORNEYS AT LAW

**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

March 6, 2017

Commissioner for Patents                    *Confirmation No. 6317*
PO Box 1450                                           *Art Unit 2497*
Alexandria, VA  22313-1450              *Mail Stop Amendment*

        Re:    U.S. Utility Patent Application
                Appl. No. 14/457,593; Filing Date: August 12, 2014
                For:    **Electronic Messaging Exchange**
                Inventors:    HODGE *et al.*
                Our Ref:    3210.0150005

Commissioner:

        Transmitted herewith for appropriate action is a document entitled ***Amendment and Reply under 37 C.F.R. § 1.111*** which is submitted electronically.

        In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

        The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

                                Respectfully submitted,

                                STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                                Lauren C. Schleh
                                Attorney for Applicant
                                Registration No. 65,457

LCS/TWM/cms
Enclosure

5035151_1.docx

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) |  |  |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A |  |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A |  |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A |  |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = |  |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = |  |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **03/06/2017** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 22 | Minus | ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
MARQUITA JONES

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2001/0036821 A1 | 11-01-2001 | Gainsboro et al. | |
| | US2 | 2003/0070076 A1 | 04-10-2003 | Michael | |
| | US3 | 2003/0198325 A1 | 10-23-2003 | Bayne | |
| | US4 | 2007/0041545 A1 | 02-22-2007 | Gainsboro | |
| | US5 | 2007/0044734 A1 | 03-01-2007 | Maloney et al. | |
| | US6 | 2010/0318441 A1 | 12-16-2010 | Harper | |
| | US7 | 2016/0381082 A1 | 12-29-2016 | Hodge et al. | |
| | US8 | 5,535,261 | 07-09-1996 | Brown et al. | |
| | US9 | 7,039,171 B2 | 05-02-2006 | Gickler | |
| | US10 | 7,278,028 B1 | 10-02-2007 | Hingoranee | |
| | US11 | 7,651,680 B2 | 01-26-2010 | Breton et al. | |
| | US12 | 8,000,269 B1 | 08-16-2011 | Rae et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

5021414_1

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| Sheet | 1 | of | 1 | Examiner Name | HOLMES, Angela R. |
| | | | | Attorney Docket Number | 3210.0150005 |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
|---|---|---|---|
| | NPL1 | Non-Final Office Action directed to U.S. Patent Application No. 15/259,439, mailed December 12, 2016; 9 pages. | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 30, 2016; 15 pages. | |
| | NPL3 | Notice of Allowance directed to U.S. Appl. No. 14/457,604, mailed January 12, 2017; 16 pages. | |
| | NPL4 | Non-Final Office Action directed to U.S. Patent Application No. 15/288,520, mailed January 5, 2017; 26 pages. | |
| | NPL5 | Excerpts from Provisional Patent Application No. 60,538,933 to Shapiro, filed January 22, 2004, 7 pages. | |
| | NPL6 | Web pages from "Electronic Message Solutions Inc. (EMS): Improving Relationships through faster Correspondence," 2004, 9 pages; retrieved from http://www.inmatemail.com | |
| | | | |
| | | | |
| | | | |
| | | | |

5021415_1

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/Casey Berger |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28174098 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Casey Berger |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 26-JAN-2017 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 14:56:56 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 012717INTEFSW14573100 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 321001500055SIDS.PDF | 747965 b5b755907b59b0989611255368d9db28 4303d5 | yes | 7 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** | |
| | Miscellaneous Incoming Letter | | 1 | 1 | |
| | Transmittal Letter | | 2 | 5 | |
| | Information Disclosure Statement (IDS) Form (SB08) | | 6 | 7 | |

**Warnings:**

**Information:**

| 2 | Non Patent Literature | NPL1_NFOA15259439_121220 16.PDF | 382881 0a69c77291990394f5f4b84e8b558a5ada92 6341 | no | 9 |

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL2_FOA13941382_12302016 .PDF | 558228 33ba1f7303b6df8e4865907d0dc4f4f0ca027 668b | no | 15 |

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL3_NOA14457604_0112201 7.PDF | 676616 c62e3396dedc48989b56a70fde86dd1102e 2fb45 | no | 16 |

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL4_NFOA15288520_010520 17.PDF | 1214989 875b34950a3902b0245df18adf00d2bc3e9 6957a | no | 26 |

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL5_ShapiroProvi.PDF | 341637<br>b6986d65f951eb8020b2989750e3fc99abb987c9 | no | 7 |

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL6_EMSWebpage.PDF | 253170<br>71a45454eac539842f604ab51f190683b2b5b27e | no | 10 |

**Warnings:**

**Information:**

| 8 | Fee Worksheet (SB06) | fee-info.pdf | 30446<br>d9afd14bf57166bbbaaeea8b8715c8f4872b813d | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 4205932 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

January 26, 2017

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn: Mail Stop Amendment*

Re:   U.S. Utility Patent Application
      Application No. 14/457,593; Filing Date: August 12, 2014
      For:   **Electronic Messaging Exchange**
      Inventors: HODGE *et al.*
      Our Ref: 3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1. Online Credit Card Payment Authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p);
2. Fifth Supplemental Information Disclosure Statement;
3. Form PTO/SB/08a (1 sheet) listing 12 documents (**US1-US12**);
4. Form PTO/SB/08b (1 sheet) listing 6 documents (**NPL1-NPL6**); and
5. Copies of cited documents (**NPL1-NPL6**).

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Fee payment is provided through online credit card payment. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/cmb
Enclosures

5021919_1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Fifth Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -                                                                    HODGE *et al.*
                                                         Application No. 14/457,593

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more

than three months after the U.S. filing date AND after the mailing date of the first Office Action on

the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action

that otherwise closes prosecution in the application.

The required fee is provided through online credit card payment authorization in the amount

of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

Copies of documents **NPL1-NPL6** are submitted. However, in accordance with 37 C.F.R. §

1.98(a)(2)(ii), no copies of U.S. patents and patent application publications cited as documents **US1-**

**US12** on the attached IDS Forms are submitted.

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent

application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010

(now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No.

7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the

office that the art cited in the earlier prosecution history has been reviewed in connection with the

present application.

Applicant hereby calls to the attention of the Patent and Trademark Office the following

litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel\*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Notice of Appeal to the Federal Circuit by Securus Technologies, Inc., filed January 19, 2016 |

Atty. Dkt. No. 3210.0150005

- 3 -

HODGE *et al.*
Application No. 14/457,593

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith Office Actions from the co-pending U.S. Patent Application Nos. 15/259,439, filed September 8, 2016 (now pending); 13/941,382, filed July 12, 2013 (now pending); 14/457,604, filed August 12, 2014 (now pending); and 15/288,520, filed October 7, 2016 (now pending) as documents **NPL1-NPL4**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Atty. Dkt. No. 3210.0150005

- 4 -

HODGE *et al.*
Application No. 14/457,593

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 1/26/17

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
5021458_1

Atty. Dkt. No. 3210.0150005

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oꜰꜰɪᴄᴇ

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        12/29/2016
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/29/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Office Action Summary* | Application No. 14/457,593 | Applicant(s) HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>11/17/16</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**     2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>1-20,25 and 26</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1-20,25 and 26</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>8/12/14,10/30/14</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>12/6/16</u>.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

Application/Control Number: 14/457,593                                                Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

### *Continued Examination Under 37 CFR 1.114*

2.      A request for continued examination under 37 CFR 1.114, including the fee set forth in

37 CFR 1.17(e), was filed in this application after final rejection.  Since this application is

eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e)

has been timely paid, the finality of the previous Office action has been withdrawn pursuant to

37 CFR 1.114.  Applicant's submission filed on 11/17/16 has been entered.

### *Information Disclosure Statement*

3.      The information disclosure statement (IDS) submitted on 12/6/16 is in compliance with

the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being

considered by the examiner.

### *Response to Arguments*

4.      Applicant's arguments with respect to claims 1-20 and 25-26 have been considered but

are moot because the arguments do not apply to any of the references being used in the current

rejection.

### *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 14/457,593                                               Page 3
Art Unit: 2497

6.      **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564) in view

of Freund (US 5987611). Fuoss is cited in the IDS filed 12/8/15.

        **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

        allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

        transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network)*; and


        a control platform configured to:

         receive the instant message from the safe terminal *(Fuoss,  Col 7, lines 44-54,*

*receive messages from another communication device)*,

        the control platform including:

        a central computer control platform configured to allow the local user and the

remote user to communicate via electronic messages (*Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages)*;

        a safe terminal configured to:

Application/Control Number: 14/457,593                                   Page 4
Art Unit: 2497

Fuoss does not disclose; however, Shapiro discloses perform an automated security scan of the received message (*Shapiro, pg.3, scanning letters for certain keywords*), and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database (*Shapiro, Pg. 2, proofing and screening, then allowing for viewing*),

authenticate a remote user (*Shapiro, Pg. 4-5, "Writer Registration", username and password*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

the control platform including:

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of authenticating users in a secure facility.

Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses wherein the safe terminal accesses secure system software only and blocks the local user

Application/Control Number: 14/457,593                                          Page 5
Art Unit: 2497

from accessing the internet(*Freund, Col 12, lines 49-61, provides a client-side filter that is controlled by the centralized authority as long as the centralized authority has a way of enforcing non-compliance (for example by blocking access to the WAN). Provides a system comprising one or more access management applications that set access rules for the entire LAN for one or more workgroups or individual users, a client-based filter application (installed at each client), and a central supervisor application that maintains the access rules for the client based filter and verifies the existence and proper operation of the client-based filter application.*)

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the benefit of regulating access and maintaining security of individual computer systems and local area networks (LANs) connected to larger open networks (Wide Area Networks or WANs), including the Internet.

**As per claim 2,** Fuoss discloses the system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods (*Fuoss, Col 3, Lines 38-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.*).

**As per claims 3 and 20,** Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses the system of claim 1, wherein the safe terminal is further configured to connect exclusively with the control platform (*Freund, Col 14, lines 62-67, the system includes multiple clients (each of which comprises a personal computer or workstation) connected to a network. Each client includes a client-side monitoring*

Application/Control Number: 14/457,593                                        Page 6
Art Unit: 2497

*component for monitoring Internet access. The network is connected to a server (or*

*another client) having a supervisor or verifier component.)*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the

benefit of regulating access and maintaining security of individual computer systems and

local area networks (LANs) connected to larger open networks (Wide Area Networks or

WANs), including the Internet.

**As per claim 5,** Fuoss discloses the system of claim 4, wherein the plurality of

formats includes at least one of a text message, an email, a voice call and a voice message

*(Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded*

*document, images, voice, and/or video information.).*

**As per claims 8 and 16,** Fuoss discloses the system of claim 1, wherein the data

connection is a wireless connection (*Fuoss, Col 3. Lines 59-65, the handwritten message*

*displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a*

*graphic image), directed by a processor to a transceiver, and transmitted via a*

*communication connection (e.g., a wire or wireless connection)).*

**As per claims 9 and 17,** Fuoss, Shapiro and Freund do not disclose; however,

Hodge discloses the system of claim 1, wherein the safe terminal is further configured to

authenticate the local user using at least one of a login and password information, biometric

information, and a radio frequency identification (*Hodge, Para. 0140, entering a PIN and*

*biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

Application/Control Number: 14/457,593                                      Page 7
Art Unit: 2497

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss, Shapiro and Freund, given the benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

      **As per claim 10,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information (*Shapiro, Pg. 4-5, "Writer Registration", username and password*).

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

      **As per claims 11 and 19,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

      **As per claim 12,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform allows an administrator to

Application/Control Number: 14/457,593                                      Page 8
Art Unit: 2497

monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are printed and viewed*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claim 26,** Fuoss discloses the method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user (*Fuoss, Col 4, lines 38-47, inter communication system to send and receive electronic messages; Also, Col 7, lines 44-54, receive messages from another communication device*);

Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses performing a second automated security scan of the second instant message (*Shapiro, pg.3, scanning letters for certain keywords*); and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message (*Shapiro,Pg. 2, proofing and screening, then allowing for viewing*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

Application/Control Number: 14/457,593                                    Page 9
Art Unit: 2497

7.      **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Freund

(US 5987611) in view of Levac (US 5872926).

        **As per claim 4,** Fuoss, Shapiro, Hodge and Freund do not disclose; however,

Levac discloses the system of claim 1, wherein the safe terminal is further configured to

convert the instant message into one of a plurality of formats for the message (*Levac, Col*

*1, lines 63- line 2, converting a message generated by a variety of message sources to the*

*appropriate format for communication with diverse communication devices selected in*

*response to message parameters included in a message file.  The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.).*

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

        **As per claims 6 and 14,** Fuoss, Shapiro, Hodge and Freund do not disclose;

however, Levac discloses the system of claim 1, wherein the control platform is further

configured to convert the instant message from a text format into a voice format (*Levac,*

*Col 1, lines 63- line 2, converting a message generated by a variety of message sources to*

*the appropriate format for communication with diverse communication devices selected in*

*response to message parameters included in a message file.  The converted message is then*

Application/Control Number: 14/457,593                                      Page 10
Art Unit: 2497

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

**As per claims 7 and 15,** Fuoss, Shapiro, Hodge and Freund do not disclose;

however, Levac discloses the system of claim 1, wherein the control platform is further

configured to convert the instant message from a voice format into a text format (*Levac,*

*Col 1, lines 63- line 2, converting a message generated by a variety of message sources to*

*the appropriate format for communication with diverse communication devices selected in*

*response to message parameters included in a message file. The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

8.      **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over

Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) in view of Hodge (20040029564) in view of Freund (US 5987611) in view of

Cree (US 6665380).

Application/Control Number: 14/457,593                                     Page 11
Art Unit: 2497

**As per claim 18,** Fuoss, Shapiro, Hodge and Freund do not explicitly disclose;

however, Cree discloses the system of claim 13, wherein the safe terminal is further

configured to alert the local user that an instant message has been received (*Cree, Col 11,*

*17-34, the system informs the inmate when there are messages*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro, Hodge and Freund, with the system and method of Cree, given

the benefit of notifying an inmate in a prison facility of messages.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.
The examiner can normally be reached on 9am -5pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

| *Notice of References Cited* | Application/Control No. 14/457,593 | Applicant(s)/Patent Under Reexamination HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5,987,611 A | 11-1999 | Freund; Gregor | G06F21/552 | 726/4 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6317**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 726 | 2497 | 3210.0150005 |
| | RULE | | | |

**APPLICANTS**
Global Tel*Link Corp., Reston, VA;

**INVENTORS**
Stephen HODGE, Aubry, TX;
David Woody, Allen, TX;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
This application is a CON of 13/941,382 07/12/2013
  which is a CON of 12/802,641 06/10/2010 PAT 8488756
  which is a CON of 10/996,795 11/24/2004 PAT 7742581

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\***
08/20/2014

| | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|
| Foreign Priority claimed ☐ Yes ☑ No<br>35 USC 119(a-d) conditions met ☐ Yes ☑ No<br>Verified and Acknowledged /angela holmes / ——— Examiner's Signature | ☐ Met after Allowance ——— Initials | TX | 6 | 20 | 2 |

**ADDRESS**

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005
UNITED STATES

**TITLE**

Electronic Messaging Exchange

| FILING FEE RECEIVED | FEES: Authority has been given in Paper | |
|---|---|---|
| 2060 | No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees<br>☐ 1.16 Fees (Filing)<br>☐ 1.17 Fees (Processing Ext. of time)<br>☐ 1.18 Fees (Issue)<br>☐ Other _____<br>☐ Credit |

BIB (Rev. 05/07).

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/27/2016 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |
| 726 | 3 | 12/27/2016 | ah |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |

/ANGELA HOLMES/
Examiner.Art Unit 2497

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |
| EAST class limited w/text search (see search history) | 12/27/2016 | ah |
| EAST text search (see search history) | 12/27/2016 | ah |
| EAST inventor and assignee search (see search history) | 12/27/2016 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☒ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | 12/27/2016 | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 9 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 20 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 21 | ✓ | ✓ | - | - | - | | | |
| | 22 | ✓ | ✓ | - | - | - | | | |
| | 23 | ✓ | ✓ | - | - | - | | | |
| | 24 | ✓ | ✓ | - | - | - | | | |
| | 25 | | | ✓ | ✓ | ✓ | | | |
| | 26 | | | ✓ | ✓ | ✓ | | | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | ("5987611").PN. | USPAT; USOCR | OR | OFF | 2016/12/27 13:28 |
| L2 | 211 | ("5648916" \| "5805810" \| "6192114" \| "20100299761" \| "20020159600" \| "20060149644" \| "4191860" \| "7742582" \| "8204177" \| "5987611" \| "4766604" \| "5826034" \| "6173259" \| "6285777" \| "6591367" \| "20040029564" \| "6249808" \| "5745558" \| "5956717" \| "20130179949" \| "4652700" \| "6061718" \| "20030002639" \| "20140020063" \| "5319702" \| "5539812" \| "5768355" \| "7256816" \| "20040058667" \| "6233318" \| "6400272" \| "6606648" \| "20020111887" \| "20150046978" \| "20060098796" \| "5068888" \| "5958005" \| "6665380" \| "6668045" \| "5655013" \| "9043813" \| "9077680" \| "5740231" \| "5872926" \| "5982506" \| "5351287" \| "6052454" \| "8458732" \| "5553145" \| "20030086546" \| "20150047004" \| "4054756" \| "7046779" \| "8509390" \| "20020183040" \| "6145004" \| "5894558" \| "4935956" \| "6064963" \| "7003308").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:47 |
| L3 | 21 | l2 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |
| L4 | 12 | l2 and electronic adj messag$3 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |
| L5 | 11 | l2 and electronic adj messag$3 and inmate and prison | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |
| L6 | 6 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |

| L7 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L8 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L9 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L10 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L12 | 4 | (global near tel near link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:52 |
| L13 | 724 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:52 |
| L14 | 9548 | 726/3.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:52 |
| L15 | 88900 | (h04l63/0861 h04l12/5835 h04l12/585 h04l63/08 h04l63/102 h04l63/30).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:53 |
| L16 | 0 | l12 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; | OR | ON | 2016/12/27 13:54 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | DERWENT; IBM_TDB | | | |
| L17 | 0 | I12 and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:54 |
| L18 | 3 | I12 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:54 |
| L19 | 0 | I12 and inmate and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:54 |
| L20 | 2 | I12 and inmate and prison | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:54 |
| L21 | 199 | I13 and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:54 |
| L22 | 65 | I13 and messag$3 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:55 |
| L23 | 7 | I13 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:55 |
| L24 | 7 | I13 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:55 |
| L25 | 7 | I13 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and | US-PGPUB; USPAT; USOCR; | OR | ON | 2016/12/27 13:55 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | restrict$3 and monitor$3 | FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
| L26 | 7 | I13 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:55 |
| L27 | 11 | I13 and electronic adj messag$3 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:55 |
| L28 | 4 | I14 and electronic adj messag$3 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:55 |
| L29 | 4 | I14 and electronic adj messag$3 and inmate and prison | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:56 |
| L30 | 2 | I14 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:56 |
| L31 | 1 | I14 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:56 |
| L32 | 1 | I14 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:56 |
| L33 | 3259 | I15 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:56 |
| L34 | 19 | I15 and electronic adj messag$3 and | US-PGPUB; | OR | ON | 2016/12/27 |

| | | inmate | USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | 13:56 |
|---|---|---|---|---|---|---|
| L35 | 14 | I15 and electronic adj messag$3 and inmate and prison | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:56 |
| L36 | 8 | I15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:56 |
| L37 | 7 | I15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:57 |
| L38 | 7 | I15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:57 |
| L39 | 7 | I15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:57 |
| L40 | 7 | I15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 and scan$4 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:57 |

**EAST Search History (Interference)**

<This search history is empty>

**12/27/2016 1:58:22 PM**
**C:\Users\aholmes\Documents\EAST\Workspaces\~auto.12132016.142908.bak.wsp**

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2003/0187939 A1 | 10-02-2003 | O'Brien | |
| | US2 | 2003/0200078 A1 | 10-23-2003 | Luo et al. | |
| | US3 | 2004/0236838 A1 | 11-25-2004 | Tout | |
| | US4 | 2007/0155411 A1 | 07-05-2007 | Morrison | |
| | US5 | 2009/0054031 A1 | 02-26-2009 | Smith et al. | |
| | US6 | 2012/0202454 A1 | 08-09-2012 | Smith et al. | |
| | US7 | 2013/0246535 A1 | 09-19-2013 | Yadava et al. | |
| | US8 | 2016/0156625 A1 | 06-02-2016 | Hodge et al. | |
| | US9 | 5,778,313 | 07-07-1998 | Fougnies | |
| | US10 | 5,854,975 | 12-29-1998 | Fougnies et al. | |
| | US11 | 6,151,679 | 11-21-2000 | Friedman et al. | |
| | US12 | 6,366,651 B1 | 04-02-2002 | Griffith et al. | |
| | US13 | 6,570,970 B2 | 05-27-2003 | Gruchala et al. | |
| | US14 | 6,684,248 B1 | 01-27-2004 | Janacek et al. | |
| | US15 | 6,819,932 B2 | 11-16-2004 | Allison et al. | |
| | US16 | 7,260,383 B1 | 08-21-2007 | Ngan | |
| | US17 | 8,014,800 B2 | 09-06-2011 | Törnkvist | |
| | US18 | 8,232,862 B2 | 07-31-2012 | Lowe | |
| | US19 | 9,306,883 B2 | 04-05-2016 | Hodge et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No. | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

4904882_1.docx

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/27/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| | | | | | |
|---|---|---|---|---|---|
| Substitute for form 1449/PTO | | | **Complete if Known** | | |
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 | |
| | | | Filing Date | August 12, 2014 | |
| | | | First Named Inventor | Stephen HODGE | |
| | | | Art Unit | 2497 | |
| | | | Examiner Name | HOLMES, Angela R. | |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] | |
| | NPL1 | McKitterick et al., "State of the Art Review of Mobile Payment Technology," Department of Computer Science, Trinity College Dublin; 22 pages. | | |
| | NPL2 | The Line Information Database (LIDB) and Wireless Services, Telcordia Technologies White Paper, December 2001; 31 pages. | | |
| | NPL3 | Confalone et al., "Calling Card Service—TSPS Hardware, Software, and Signaling Implementation," The Bell System Technical Journal, September 1982, Vol. 61, No. 7; pp. 1675-1714. | | |
| | NPL4 | Ahimovic et al., "Services for Tomorrow's PCS," IEEE International Conference on Universal Personal Communications, Vol. 1, October 12-15, 1993; pp. 222-227. | | |
| | NPL5 | Operator Service System Generic Requirements, OSSGR, TR-TSY-000271, Collect Billing, Rev. 3, March 1988; 50 pages. | | |
| | NPL6 | 1800MumDad.com.au – Explanation, August 29, 2007– Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20070829114354/http://1800mumdad.com.au/main.php?type=charges2; 2 pages. | | |
| | NPL7 | 1800MumDad.com.au – Summary Standard Form of Agreement, April 26, 2006 – Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20060426180115/http://www.1800mumdad.com.au/main.php?type=summarysfoa; 3 pages. | | |
| | NPL8 | U.S. Patent Application No. 12/103,138, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 15, 2008. | | |
| | NPL9 | U.S. Patent Application No. 13/449,308, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 17, 2012. | | |
| | NPL10 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed May 24, 2016; 13 pages. | | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/27/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

Substitute for form 1449/PTO

## FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT
*(Use as many sheets as necessary)*

| *Complete if Known* | |
|---|---|
| Application Number | 14/457,593 |
| Filing Date | August 12, 2014 |
| First Named Inventor | Stephen HODGE |
| Art Unit | 2497 |
| Examiner Name | HOLMES, Angela R. |
| Attorney Docket Number | 3210.0150005 |

| Sheet | 2 | of | 2 |
|---|---|---|---|

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
|---|---|---|---|
| | NPL11 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed September 7, 2016; 13 pages. | |
| | NPL12 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed August 18, 2016; 10 pages. | |
| | NPL13 | Non-Final Office Action directed to U.S. Patent Application No. 15/003,504, mailed September 2, 2016; 15 pages. | |
| | NPL14 | Notice of Allowance directed to U.S. Patent Application No. 14/457,616, mailed January 28, 2016; 7 pages. | |
| | NPL15 | U.S. Patent Application No. 15/259,439, "Electronic Messaging Device," to HODGE et al., filed September 8, 2016. | |
| | NPL16 | U.S. Patent Application No. 15/288,520, "Electronic Messaging Device," to HODGE et al., filed October 7, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |

4904884_1.docx

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/27/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| Sheet | 1 | of | 1 | Examiner Name | HOLMES, Angela R. |
| | | | | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2003/0187939 A1 | 10-02-2003 | O'Brien | |
| | US2 | 2003/0200078 A1 | 10-23-2003 | Luo et al. | |
| | US3 | 2004/0236838 A1 | 11-25-2004 | Tout | |
| | US4 | 2007/0155411 A1 | 07-05-2007 | Morrison | |
| | US5 | 2009/0054031 A1 | 02-26-2009 | Smith et al. | |
| | US6 | 2012/0202454 A1 | 08-09-2012 | Smith et al. | |
| | US7 | 2013/0246535 A1 | 09-19-2013 | Yadava et al. | |
| | US8 | 2016/0156625 A1 | 06-02-2016 | Hodge et al. | |
| | US9 | 5,778,313 | 07-07-1998 | Fougnies | |
| | US10 | 5,854,975 | 12-29-1998 | Fougnies et al. | |
| | US11 | 6,151,679 | 11-21-2000 | Friedman et al. | |
| | US12 | 6,366,651 B1 | 04-02-2002 | Griffith et al. | |
| | US13 | 6,570,970 B2 | 05-27-2003 | Gruchala et al. | |
| | US14 | 6,684,248 B1 | 01-27-2004 | Janacek et al. | |
| | US15 | 6,819,932 B2 | 11-16-2004 | Allison et al. | |
| | US16 | 7,260,383 B1 | 08-21-2007 | Ngan | |
| | US17 | 8,014,800 B2 | 09-06-2011 | Törnkvist | |
| | US18 | 8,232,862 B2 | 07-31-2012 | Lowe | |
| | US19 | 9,306,883 B2 | 04-05-2016 | Hodge et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

4904882_1.docx

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| | | | | |
|---|---|---|---|---|
| Substitute for form 1449/PTO | | | **Complete if Known** | |
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 2 | Attorney Docket Number | 3210.0150005 |

| | | | |
|---|---|---|---|
| **NON PATENT LITERATURE DOCUMENTS** | | | |
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | McKitterick et al., "State of the Art Review of Mobile Payment Technology," Department of Computer Science, Trinity College Dublin; 22 pages. | |
| | NPL2 | The Line Information Database (LIDB) and Wireless Services, Telcordia Technologies White Paper, December 2001; 31 pages. | |
| | NPL3 | Confalone et al., "Calling Card Service—TSPS Hardware, Software, and Signaling Implementation," The Bell System Technical Journal, September 1982, Vol. 61, No. 7; pp. 1675-1714. | |
| | NPL4 | Ahimovic et al., "Services for Tomorrow's PCS," IEEE International Conference on Universal Personal Communications, Vol. 1, October 12-15, 1993; pp. 222-227. | |
| | NPL5 | Operator Service System Generic Requirements, OSSGR, TR-TSY-000271, Collect Billing, Rev. 3, March 1988; 50 pages. | |
| | NPL6 | 1800MumDad.com.au – Explanation, August 29, 2007– Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20070829114354/http://1800mumdad.com.au/main.php?type=charges2; 2 pages. | |
| | NPL7 | 1800MumDad.com.au – Summary Standard Form of Agreement, April 26, 2006 – Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20060426180115/http://www.1800mumdad.com.au /main.php?type=summarysfoa; 3 pages. | |
| | NPL8 | U.S. Patent Application No. 12/103,138, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 15, 2008. | |
| | NPL9 | U.S. Patent Application No. 13/449,308, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 17, 2012. | |
| | NPL10 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed May 24, 2016; 13 pages. | |

| | | | |
|---|---|---|---|
| Examiner Signature | | Date Considered | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 2 | of | 2 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL11 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed September 7, 2016; 13 pages. | |
| | NPL12 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed August 18, 2016; 10 pages. | |
| | NPL13 | Non-Final Office Action directed to U.S. Patent Application No. 15/003,504, mailed September 2, 2016; 15 pages. | |
| | NPL14 | Notice of Allowance directed to U.S. Patent Application No. 14/457,616, mailed January 28, 2016; 7 pages. | |
| | NPL15 | U.S. Patent Application No. 15/259,439, "Electronic Messaging Device," to HODGE et al., filed September 8, 2016. | |
| | NPL16 | U.S. Patent Application No. 15/288,520, "Electronic Messaging Device," to HODGE et al., filed October 7, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |

4904884_1.docx

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors: HODGE *et al.*

Applicant: Global Tel*Link Corp.

Application No.: 14/457,593

Filing Date: August 12, 2014

Title: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Fourth Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -                                                                    HODGE *et al.*
                                                           Application No. 14/457,593

Filing under 37 C.F.R. § 1.97(b). This Information Disclosure Statement is being filed

within three months of the date of filing of a national application other than a continued prosecution

application (CPA), OR within three months of the date of entry of the national stage as set forth in

37 C.F.R. § 1.491 in an international application, OR before the mailing date of a first Office Action

on the merits OR before the mailing of a first Office Action after the filing of a request for

continued examination under 37 C.F.R. § 1.114. No statement or fee is required.

Copies of documents **NPL10-NPL11** are submitted. However, in accordance with 37 C.F.R.

§ 1.98(a)(2)(ii), no copies of U.S. patents and patent application publications cited as documents

**US1-US19** on the attached IDS Forms are submitted.

Copies of the **NPL1-NPL9** and **NPL12-NPL16** documents were cited by or submitted to the

Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application No. 13/941,382, filed

July 12, 2013 (now pending) which is relied upon for an earlier filing date under 35 U.S.C. § 120.

Thus, copies of these documents are not attached. 37 C.F.R. § 1.98(d).

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent

application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010

(now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No.

7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the

office that the art cited in the earlier prosecution history has been reviewed in connection with the

present application.

Atty. Dkt. No. 3210.0150005

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Notice of Appeal to the Federal Circuit by Securus Technologies, Inc., filed January 19, 2016 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith Office Actions from the co-pending U.S. Patent Application Nos. 13/941,382, filed July 12, 2013 (now pending); 14/457,604, filed August 12, 2014 (now pending); 14/457,616, filed August 12, 2014 (now U.S. Patent No. 9,306,883); and 15/003,504, filed January 21, 2016 (now pending) as documents **NPL10-NPL14.**

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

Atty. Dkt. No. 3210.0150005

- 4 -                                                HODGE *et al.*
                                        Application No. 14/457,593

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or

credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 12/5/16

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
4904881_1.docx

Atty. Dkt. No. 3210.0150005



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

December 6, 2016

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn: Mail Stop Amendment*

Re:    U.S. Utility Patent Application
       Application No. 14/457,593; Filing Date: August 12, 2014
       For:    **Electronic Messaging Exchange**
       Inventors: HODGE *et al.*
       Our Ref: 3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1.  Fourth Supplemental Information Disclosure Statement;

2.  Form PTO/SB/08a (1 sheet) listing 19 documents (**US1-US19**);

3.  Form PTO/SB/08b (2 sheets) listing 16 documents (**NPL1-NPL16**); and

4.  Copies of cited documents (**NPL10-NPL11**).

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/cmb
Enclosures

4904911_1.docx

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 27704405 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Casey Berger |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 06-DEC-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 17:18:29 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 321001500054SIDS.PDF | 819509<br>9a34bf5f4b270032db2ef490f0a3d06d5107b0af | yes | 8 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Information Disclosure Statement (IDS) Form (SB08) | 6 | 8 |
| Transmittal Letter | 2 | 5 |
| Miscellaneous Incoming Letter | 1 | 1 |

| Warnings: |
|---|

| Information: |
|---|

| 2 | Non Patent Literature | NPL10_13941382_05242016.pdf | 478542<br><br>11794faacb4631f589e852c5239fbe8387d039e4 | no | 13 |
|---|---|---|---|---|---|

| Warnings: |
|---|

| Information: |
|---|

| 3 | Non Patent Literature | NPL11_13941382_09072016.pdf | 507940<br><br>f555fa44e3949d6409504fb0862d0113ca2a7e9f | no | 13 |
|---|---|---|---|---|---|

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 1805991 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc code: RCEX
Doc description:  Request for Continued Examination (RCE)

PTO/SB/30EFS (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 14/457,593 | Filing Date | 2014-08-12 | Docket Number (if applicable) | 3210.0150005 | Art Unit | 2497 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Stephen HODGE | | | Examiner Name | Angela R. HOLMES | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application.  The Instruction Sheet for this form is located at WWW.USPTO.GOV

### SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

   ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

   ☐ Other _____

☒ Enclosed

   ☒ Amendment/Reply

   ☐ Information Disclosure Statement (IDS)

   ☐ Affidavit(s)/ Declaration(s)

   ☐ Other _____

### MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a  period of months _____
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other _____

### FEES

**The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
☒ The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to
Deposit Account No ___190036___

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature
☐ Applicant Signature

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | | Date (YYYY-MM-DD) | 2016-11-17 |
| Name | Lauren C. Schleh | Registration Number | 65457 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors: HODGE *et al.*

Applicant: Global Tel*Link Corp.

Application No.: 14/457,593

Filing Date: August 12, 2014

Title: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Submission Under 37 C.F.R. § 1.114

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

*Mail Stop RCE*

Commissioner:

In reply to the Office Action dated August 22, 2016, Applicant submits the following

Amendment and Remarks.

It is not believed that extensions of time are required beyond those that may otherwise be

provided for in documents accompanying this paper. However, if additional extensions of time are

necessary to prevent abandonment of this application, then such extensions of time are hereby

petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or

appeal of this application (including issue fee, fees for net addition of claims or forwarding to

appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet is isolated from the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.


2.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods.

Atty. Dkt. No. 3210.0150005

HODGE *et al.*

Reply to Office Action of August 22, 2016

Application No. 14/457,593

3.      (Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

11.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

Atty. Dkt. No. 3210.0150005

- 4 -

HODGE *et al.*
Reply to Office Action of August 22, 2016                Application No. 14/457,593

12.     (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

perform an automated security scan of the received instant message, and

based on the security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

wherein the safe terminal accesses secure system software only and <u>blocks the local user from accessing the internet</u> ~~is isolated from the internet~~, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

Atty. Dkt. No. 3210.0150005

- 5 -

HODGE *et al.*

Reply to Office Action of August 22, 2016

Application No. 14/457,593

15.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.    (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.    (Canceled)

22.    (Canceled)

23.    (Canceled)

24.    (Canceled)

Atty. Dkt. No. 3210.0150005

- 6 -

Reply to Office Action of August 22, 2016

HODGE *et al.*

Application No. 14/457,593

25.     (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet is isolated from the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

performing a first automated security scan of the received first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the security scan the first instant message.

26.     (Previously Presented) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

Atty. Dkt. No. 3210.0150005

HODGE *et al.*

Reply to Office Action of August 22, 2016

Application No. 14/457,593

*Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 13, and 25 are sought to be amended. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

*Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held November 7, 2016. Applicants express appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. The substance of arguments presented in the interview are further reflected in the present remarks.

*Rejections under 35 U.S.C. § 103*

1. ***Fuoss in view of Shapiro and Hodge in further view of Walsh.***

Claims 1-3, 5, 8-13, 16, 17, 19, 20, 25, and 26 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al.* ("Fuoss"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro"), further in view U.S.

Atty. Dkt. No. 3210.0150005

- 8 -

Patent Application Publication No. 2004/0029564 to Hodge ("Hodge") in view of U.S. Patent No. 6,145,004 to Walsh ("Walsh").

The combination of Fuoss, Shapiro, Hodge, and Walsh fails to teach or suggest a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising a safe terminal "wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet," as recited in amended claim 1.

In the current Office Action, the Examiner states that "Fuoss, Shapiro and Hodge do not explicitly disclose; however, Walsh discloses wherein the safe terminal accesses secure system software only and is isolated from the internet." (Office Action, page 4.)

Walsh relates to a method of "utilizing an intranet network system, wherein all personal computer users and all personal computer users exclusively utilize a secure communication socket to an intranet." (Walsh, Abstract, reference numbers omitted.) Further, Walsh is directed toward "***Internet products***" that filter or selectively restrict children from accessing "undesirable content" on the internet and to protect against "offensive, dangerous, language, graphics, and audio" and create "***a safe haven for all people to utilize an Internet type of environment***." (Walsh, 4:17-41, emphasis added.) Walsh additionally provides that "the Internet allows unrestricted access to all server sites in contained therein whereas the intranet network system allows only ***restricted access*** to known sites that do not contain offensive language, graphics and audio." (Walsh, 6:50-55, reference numbers omitted.)

Walsh, at most, provides a method for filtering internet content that may be offensive or dangerous. Walsh is silent, however, with respect to the above noted features. More specifically, Walsh does not teach or suggest a safe terminal that accesses secure system software only and

HODGE *et al.*
Reply to Office Action of August 22, 2016                           Application No. 14/457,593

blocks the local user from accessing the internet. Further, Fuoss, Shapiro, and Hodge do not cure the deficiencies of Walsh with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro, Hodge, and Walsh for at least the reasons noted above.

The combination of Fuoss, Shapiro, Hodge, and Walsh also fails to disclose at least a "secure electronic message exchange system usable inside a secured inmate facility, the system comprising ... a safe terminal ... wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet," as recited in amended claim 13 and a "computer-implemented method for transmitting messages from a secured inmate facility, the method comprising: authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet," as recited in amended claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, and Walsh at least for their dependencies from the independent claims, as well as for the additional features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2.   *Fuoss in view of Shapiro, Hodge, and Walsh in further view of Levac.*

Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Walsh in view of U.S. Patent No. 5,872,926 to Levac ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Walsh. Levac fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Walsh with respect to the independent claims. Thus, the dependent claims are likewise patentable

HODGE *et al.*
Reply to Office Action of August 22, 2016                Application No. 14/457,593

over Fuoss, Shapiro, Hodge, Walsh, and Levac for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3.  *Fuoss in view of Shapiro, Hodge, and Walsh in further view of Cree*

Claim 18 is rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Walsh in view of U.S. Patent No. 6,665,380 to Cree ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Walsh. Cree fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Walsh with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Walsh, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

Atty. Dkt. No. 3210.0150005

- 11 -

Reply to Office Action of August 22, 2016

HODGE *et al.*
Application No. 14/457,593

## Conclusion

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: _____

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

4677134_1.docx

Atty. Dkt. No. 3210.0150005

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/Catherine Saunders |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| RCE- 2ND AND SUBSEQUENT REQUEST | 1820 | 1 | 1700 | 1700 |
| **Total in USD ($)** | | | | **1700** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 27545685 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Catherine Saunders |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 17-NOV-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 17:52:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1700 |
| RAM confirmation Number | 111816INTEFSW17553700 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_RCE.pdf | 1413992<br><br>eaa8386a1a79ff1b2d33249a3de6893f772817bd | yes | 14 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | **Start** | | **End** |
| | Miscellaneous Incoming Letter | 1 | | 1 |
| | Request for Continued Examination (RCE) | 2 | | 3 |
| | Amendment Submitted/Entered with Filing of CPA/RCE | 4 | | 4 |
| | Claims | 5 | | 9 |
| | Applicant Arguments/Remarks Made in an Amendment | 10 | | 14 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30310<br><br>b67edd26d5451372a132682feeb0e4ffe455c284 | no | 2 |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| **Total Files Size (in bytes):** | 1444302 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

November 17, 2016

Commissioner for Patents                    **_Confirmation No. 6317_**
PO Box 1450                                          **_Art Unit 2497_**
Alexandria, VA  22313-1450                     **_Mail Stop RCE_**

    Re:    U.S. Utility Patent Application
            Appl. No. 14/457,593; Filing Date: August 12, 2014
            For:   **Electronic Messaging Exchange**
            Inventors:   HODGE *et al.*
            Our Ref:   3210.0150005

Commissioner:

    Transmitted herewith for appropriate action are the following documents:

1.    Online Credit Card Payment Authorization in the amount of **_$1,700.00_** to cover fee for Request for Continued Examination (*2nd or subsequent)*;

2.    Request for Continued Examination (RCE) Transmittal Form; and

3.    Submission under 37 C.F.R. § 1.114.

**_The above-listed documents are filed electronically._**

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

                    Respectfully submitted,

                    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                    Lauren C. Schleh
                    Attorney for Applicant
                    Registration No. 65,457

LCS/TWM/cms
Enclosures

Sterne, Kessler, Goldstein & Fox p.l.l.c. · 1100 New York Avenue, NW · Washington, DC 20005 · t 202 371 2600 f 202 371 2540       S K G F . C O M

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 22 minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **11/17/2016** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 22 | Minus | ** 24 | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

/IE
PEGGY S. YARBOROUGH

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        11/09/2016

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/09/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 14/457,593 | HODGE ET AL. |
| | Examiner | Art Unit | |
| | ANGELA HOLMES | 2497 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _ANGELA HOLMES_.                                    (3)_____.

(2) _Trent Merrell (Reg No. 73771)_.              (4)_____.

Date of Interview: _07 November 2016_.

Type:     ☒ Telephonic     ☐ Video Conference
          ☐ Personal [copy given to: ☐ applicant     ☐ applicant's representative]

Exhibit shown or demonstration conducted:     ☐ Yes     ☒ No.
    If Yes, brief description: _____.

Issues Discussed     ☐101   ☐112   ☐102   ☒103   ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _1_.

Identification of prior art discussed: _Walsh (US 6145004)_.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_Applicant gave an overview of the invention. Applicant disclosed that the prior art, Walsh, discloses an intranet, which does not block the internet from being used. The inmates are given a device, which has a secure access software only on it. This software gives the inmates a chance send out messages and other communications. The messages are stored in a control platform where the outside user is able to log into the control platform to retrieve the message. Applicant will file RCE. Examiner will update search once a response has been filed._ .

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /ANGELA HOLMES/ | /HADI ARMOUCHE/ |
|---|---|
| Examiner, Art Unit 2497 | Supervisory Patent Examiner, Art Unit 2497 |

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        08/22/2016

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/22/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| ***Office Action Summary*** | Application No. 14/457,593 | Applicant(s) HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on *5/18/16*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☒ This action is **FINAL**.   2b)☐ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5)☒ Claim(s) *1-20,25 and 26* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☒ Claim(s) *1-20,25 and 26* is/are rejected.
8)☐ Claim(s) _____ is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10)☐ The specification is objected to by the Examiner.
11)☒ The drawing(s) filed on *8/12/14,10/30/14* is/are: a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
   a)☐ All  b)☐ Some**  c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1)☒ Notice of References Cited (PTO-892)
2)☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4)☐ Other: _____.

Application/Control Number: 14/457,593                                    Page 2

Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

### *Response to Arguments*

2.      Applicant's arguments with respect to claims 1-20 and 25-26 have been considered but

are moot because the arguments do not apply to any of the references being used in the current

rejection.

### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

4.      **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564) in view

of Walsh (US 6145004). Fuoss is cited in the IDS filed 12/8/15.

           **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

               allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

               transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network*); and

Application/Control Number: 14/457,593                                    Page 3
Art Unit: 2497

a control platform configured to:

receive the instant message from the safe terminal *(Fuoss,  Col 7, lines 44-54,*
*receive messages from another communication device)*,

the control platform including:

a central computer control platform configured to allow the local user and the
remote user to communicate via electronic messages *(Fuoss, Col 4, lines 38-47, inter*
*communication system to send and receive electronic messages)*;

a safe terminal configured to:

Fuoss does not disclose; however, Shapiro discloses perform an automated
security scan of the received message *(Shapiro, pg.3, scanning letters for certain*
*keywords)*, and

based on the security scan, transmit the instant message to a device associated
with the authenticated remote user or transmit a notification to an administrator and store
the message in a database *(Shapiro,Pg. 2, proofing and screening, then allowing for*
*viewing)*,

authenticate a remote user *(Shapiro, Pg. 4-5, "Writer Registration", username*
*and password)*,

Therefore, it is obvious to one ordinary skilled in the art to incorporate the
teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering
and monitoring electronic letters to correction facility inmates while giving supervisory
authorities the ability to screen the incoming mail.

Application/Control Number: 14/457,593                                Page 4
Art Unit: 2497

the control platform including:

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local

user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan,*

*and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of

authenticating users in a secure facility.

Fuoss, Shapiro and Hodge do not explicitly disclose; however, Walsh discloses

wherein the safe terminal accesses secure system software only and is isolated from the

internet (*Walsh, Col 7, 8-22, utilizing an intranet network system wherein all personal*

*computer users exclusively utilize a secure communication socket to an intranet.*)

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Walsh, with the system and method of Fuoss, Shapiro and Hodge, given the

benefit of regulating the information that is communicated to the users within the secure

facility.

**As per claim 2,** Fuoss discloses the system of claim 1, wherein the safe terminal

is further configured to allow the local user to generate the instant message using one of a

plurality of input methods (*Fuoss, Col 3, Lines 38-48, The message may also contain typed*

*text, an HTML-encoded document, images, voice, and/or video information.*).

**As per claims 3 and 20,** Fuoss, Shapiro and Hodge do not explicitly disclose;

however, Walsh discloses the system of claim 1, wherein the safe terminal is further

configured to connect exclusively with the control platform (*Walsh, Col 7, 8-22, utilizing*

Application/Control Number: 14/457,593                                      Page 5
Art Unit: 2497

*an intranet network system wherein all personal computer users exclusively utilize a secure*

*communication socket to an intranet.*)

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Walsh, with the system and method of Fuoss, Shapiro and Hodge, given the

benefit of regulating the information that is communicated to the users within the secure

facility.

**As per claim 5,** Fuoss discloses the system of claim 4, wherein the plurality of

formats includes at least one of a text message, an email, a voice call and a voice message

(*Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded*

*document, images, voice, and/or video information.*).

**As per claims 8 and 16,** Fuoss discloses the system of claim 1, wherein the data

connection is a wireless connection (*Fuoss, Col 3. Lines 59-65, the handwritten message*

*displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a*

*graphic image), directed by a processor to a transceiver, and transmitted via a*

*communication connection (e.g., a wire or wireless connection)).*

**As per claims 9 and 17,** Fuoss, Shapiro and Walsh do not disclose; however,

Hodge discloses the system of claim 1, wherein the safe terminal is further configured to

authenticate the local user using at least one of a login and password information, biometric

information, and a radio frequency identification (*Hodge, Para. 0140, entering a PIN and*

*biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss, Shapiro and Walsh, given the

benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

**As per claim 10,** Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information (*Shapiro, Pg. 4-5, "Writer Registration", username and password*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claims 11 and 19,** Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claim 12,** Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform allows an administrator to monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are printed and viewed*).

Application/Control Number: 14/457,593                                   Page 7
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

As per claim 26, Fuoss discloses the method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user *(Fuoss, Col 4, lines 38-47, inter communication system to send and receive electronic messages; Also, Col 7, lines 44-54, receive messages from another communication device)*;

Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses performing a second automated security scan of the second instant message *(Shapiro, pg.3, scanning letters for certain keywords)*; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message *(Shapiro,Pg. 2, proofing and screening, then allowing for viewing)*.

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

5.     **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a) as being** unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application

Application/Control Number: 14/457,593                                                    Page 8
Art Unit: 2497

60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Walsh
(US 6145004) in view of Levac (US 5872926).

      **As per claim 4,** Fuoss, Shapiro, Hodge and Walsh do not disclose; however,
Levac discloses the system of claim 1, wherein the safe terminal is further configured to
convert the instant message into one of a plurality of formats for the message (*Levac, Col
1, lines 63- line 2, converting a message generated by a variety of message sources to the
appropriate format for communication with diverse communication devices selected in
response to message parameters included in a message file.  The converted message is then
automatically transmitted to the selected devices at sites determined by the message
parameters.).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the
teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Walsh,
given the benefit of converting to a format appropriate for communicating with selected
communications devices.

      **As per claims 6 and 14,** Fuoss, Shapiro, Hodge and Walsh do not disclose;
however, Levac discloses the system of claim 1, wherein the control platform is further
configured to convert the instant message from a text format into a voice format (*Levac,
Col 1, lines 63- line 2, converting a message generated by a variety of message sources to
the appropriate format for communication with diverse communication devices selected in
response to message parameters included in a message file.  The converted message is then
automatically transmitted to the selected devices at sites determined by the message
parameters.).*

Application/Control Number: 14/457,593                                             Page 9
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Walsh, given the benefit of converting to a format appropriate for communicating with selected communications devices.

**As per claims 7 and 15,** Fuoss, Shapiro, Hodge and Walsh do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Walsh, given the benefit of converting to a format appropriate for communicating with selected communications devices.

6.      **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Walsh (US 6145004) in view of Cree (US 6665380).

**As per claim 18,** Fuoss, Shapiro, Hodge and Walsh do not explicitly disclose; however, Cree discloses the system of claim 13, wherein the safe terminal is further

Application/Control Number: 14/457,593                                    Page 10
Art Unit: 2497

configured to alert the local user that an instant message has been received (*Cree, Col 11,*

*17-34, the system informs the inmate when there are messages*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro, Hodge and Walsh, with the system and method of Cree, given

the benefit of notifying an inmate in a prison facility of messages.

### *Conclusion*

7.      Applicant's amendment necessitated the new ground(s) of rejection presented in this

Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).

Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.

The examiner can normally be reached on 9am -5pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 14/457,593                                    Page 11
Art Unit: 2497

      Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

| Notice of References Cited | Application/Control No.<br>14/457,593 | Applicant(s)/Patent Under Reexamination<br>HODGE ET AL. | |
|---|---|---|---|
| | Examiner<br>ANGELA HOLMES | Art Unit<br>2497 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-6,145,004 A | 11-2000 | Walsh; Stephen Kelly | G06F17/30867 | 707/E17.109 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes*  | Application/Control No. 14457593 | Applicant(s)/Patent Under Reexamination HODGE ET AL. |
|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |

/ANGELA HOLMES/
Examiner.Art Unit 2497

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| /ANGELA HOLMES/ Examiner.Art Unit 2497 | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | ("6145004").PN. | USPAT; USOCR | OR | OFF | 2016/08/18 07:26 |
| L2 | 650 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:31 |
| L3 | 37 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:31 |
| L4 | 9468 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:41 |
| L5 | 22527 | (h04l63/0861 h04l12/5835 h04l51/12).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:42 |
| L6 | 154484 | secur$3 and electronic and messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:42 |
| L7 | 1119 | secur$3 and electronic and messag$3 and authentic$5 with intranet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L8 | 28 | secur$3 and electronic and messag$3 and authentic$5 with intranet and security near scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L9 | 28 | secur$3 and electronic and messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L10 | 0 | secur$3 and electronic and messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 and instant near message | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L11 | 24 | secur$3 and (electronic instant) near messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; | OR | ON | 2016/08/18 07:44 |

| | | with intranet and security near scan$4 and transmi$5 | FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L12 | 24 | secur$3 and generat$3 and (electronic instant) near messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:44 |
| L13 | 24 | secur$3 and generat$3 and (electronic instant) near messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:45 |
| L14 | 4 | secur$3 and generat$3 and (electronic instant) near messag$3 and authentic$5 with security near scan$4 and transmi$5 and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L15 | 630 | isolat$3 near internet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L16 | 274 | isolat$3 near internet and intranet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L17 | 1 | isolat$3 near internet and intranet with authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L18 | 3 | isolat$3 near internet with authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:48 |
| L19 | 0 | isolat$3 near internet with authentic$5 and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:48 |
| L20 | 33725 | instant near messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:48 |
| L21 | 0 | instant near messag$3 and authentic$5 with isolat$3 near internet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:49 |
| L22 | 33725 | instant near messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:51 |
| L23 | 7 | instant near messag$3 and authentic$5 with security near | US-PGPUB; USPAT; USOCR; | OR | ON | 2016/08/18 07:51 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | scan$4 | FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
| L24 | 5812 | instant near messag$3 and authentic$5 and biometric | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L25 | 4005 | instant near messag$3 and authentic$5 and biometric and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L26 | 3843 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L27 | 267 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L28 | 213 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L29 | 210 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet and conver$4 and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L30 | 4 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet and conver$4 and remote with login | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L31 | 83 | l2 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L32 | 0 | l2 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L33 | 0 | l2 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L34 | 14 | l2 and l24 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L35 | 10 | l2 and l25 | US-PGPUB; USPAT; USOCR; | OR | ON | 2016/08/18 07:54 |

| | | | FPRS; EPO; JPO; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L36 | 10 | l2 and l26 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L37 | 0 | l2 and l27 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L38 | 7 | l3 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L39 | 0 | l3 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L40 | 2224 | l4 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L41 | 37 | l4 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L42 | 1 | l4 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L43 | 2897 | l5 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L44 | 39 | l5 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L45 | 0 | l5 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |

**EAST Search History (Interference)**

<This search history is empty>

**8/18/2016 7:58:09 AM**
**C:\Users\aholmes\Documents\EAST\Workspaces\120815.wsp**

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ **Claims renumbered in the same order as presented by applicant**  ☐ CPA  ☒ T.D.  ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 9 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 20 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 21 | ✓ | ✓ | - | - | | | | |
| | 22 | ✓ | ✓ | - | - | | | | |
| | 23 | ✓ | ✓ | - | - | | | | |
| | 24 | ✓ | ✓ | - | - | | | | |
| | 25 | | | ✓ | ✓ | | | | |
| | 26 | | | ✓ | ✓ | | | | |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors:  HODGE *et al.*

Applicants:  Global Tel*Link Corp.

Appl. No.:  14/457,593

Filed:  August 12, 2014

For:  **Electronic Messaging Exchange**

Confirmation No.:  6317

Art Unit:  2497

Examiner:  HOLMES, Angela R.

Atty. Docket:  3210.0150005

### Amendment and Reply Under 37 C.F.R. § 1.111

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Mail Stop Amendment*

Commissioner:

In reply to the Office Action dated March 30, 2016, Applicant submits the following Amendment and Remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

Reply to Office Action of March 30, 2016

### *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and is isolated from the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.


2.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods.

- 3 -                                    Global Tel*Link Corp.

Reply to Office Action of March 30, 2016                    Appl. No. 14/457,593

3.      (Currently Amended) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform. ~~the plurality of input methods include at least one of a text input and a voice input.~~

4.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

- 4 -                                          Global Tel*Link Corp.

Reply to Office Action of March 30, 2016                Appl. No. 14/457,593

11.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

12.      (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

perform an automated security scan of the received instant message, and

based on the security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

wherein the safe terminal accesses secure system software only and is isolated from the internet, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

Atty. Dkt. No. 3210.0150005

- 5 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.     (Currently Amended) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform. the control platform is further configured authenticate the local user using at least a login and password information.

21.     (Canceled)

Atty. Dkt. No. 3210.0150005

- 6 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

22.    (Canceled)

23.    (Canceled)

24.    (Canceled)

25.    (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and is isolated from the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

performing a first automated security scan of the received first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the security scan the first instant message.

26.    (Previously Presented)    The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

Atty. Dkt. No. 3210.0150005

- 7 -                                                    Global Tel*Link Corp.

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

- 8 -                                              Global Tel*Link Corp.
Reply to Office Action of March 30, 2016           Appl. No. 14/457,593

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 3, 13, 20, and 25 are sought to be amended. Applicants respectfully reserve the right to prosecute similar or broader claims, with respect to any amended and/or cancelled claims, in the future. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicants respectfully request that the Examiner reconsider all outstanding rejections and that they be withdrawn.

### *Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held April 28, 2016. Applicants express appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. No agreements were reached. The substance of arguments presented in the interview are further reflected in the present remarks.

### *Rejections under 35 U.S.C. § 103*

    *1.   Fuoss in view of Shapiro in further view of Hodge.*

Atty. Dkt. No. 3210.0150005

- 9 -                                                              Global Tel*Link Corp.
Reply to Office Action of March 30, 2016                          Appl. No. 14/457,593

Claims 1-3, 5, 8-13, 16, 17, 19, 20, 25, and 26 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al.* ("Fuoss"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro"), and further in view U.S. Patent Application Publication No. 2004/0029564 to Hodge ("Hodge").

The combination of Fuoss, Shapiro and Hodge fails to teach of suggest a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising a safe terminal "wherein the safe terminal accesses secure system software only and is isolated from the internet" as claimed in amended claim 1.

It is unclear from the Office Action which reference (if any) is asserted as teaching a safe terminal. For example, on Page 3 of the current Office Action, the Examiner asserts "the secure electronic message exchange system comprising: allow the local user to generate an instant message (Fuoss, Col 3. Lines 46-52, instant message), and transmit the instant message via a data connection (Fuoss, Col 3. Lines 55-58, wireless communication network)." As claimed, these two steps are performed by the safe terminal. However, the Examiner has not mapped, or otherwise asserted which portion of Fuoss (if any) teaches the safe terminal, not just the actions of the safe terminal.

Fuoss relates to an "electronic communication device [that] may be a mobile communication device and may include a touch screen, screen buffer memory, processor, and transceiver. In preferred embodiments, the mobile communication device may be a personal digital assistant (PDA), a two-way pager, or a mobile telephone." (Fuoss, Abstract, emphasis added.) Further, Fuoss teaches that its system transmits hand written messages "as an image in, for example, an instant message (IM) format, email message format such as Simple Mail Transfer Protocol (SMTP), or a facsimile format." (Fuoss, 3:50-52.) The Fuoss system then transmits the message over a

Atty. Dkt. No. 3210.0150005

- 10 -                                          Global Tel*Link Corp.
Reply to Office Action of March 30, 2016          Appl. No. 14/457,593

"communications system, *e.g.*, the Internet, [which] may then route the hand written message image to a desired location, e.g., Internet address." (Fuoss, 3:65-67.) Fuoss additionally provides that its "PSTN 907 and the Internet 906 may be coupled together. A desk top personal computer (PC) 910A with a hand written message communication device 305C attached may be coupled to the Internet 906 and a desk top personal computer (PC) 910B may be coupled to the PSTN 907. Further, a cable or hybrid fiber cable head end hub 911 may be coupled to the Internet 906, PSTN 907, and a broadband residential gateway (BRG) 912." (Fuoss, 12:20-27.)

Fuoss, at most, provides an system for sending text messages over the internet. Fuoss is silent with respect to the above noted features. More specifically, Fuoss does not teach or disclose a safe terminal wherein the safe terminal is isolated from the internet. Further, Shapiro and Hodge do not cure the deficiencies of Fuoss with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro and Hodge for at least the reasons noted above.

The combination of Fuoss, Shapiro, and Hodge also fails to disclose at least a "secure electronic message exchange system usable inside a secured inmate facility, the system comprising … a safe terminal … wherein the safe terminal accesses secure system software only and is isolated from the internet, " as recited in claim 13 and a "computer-implemented method for transmitting messages from a secured inmate facility, the method comprising: authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and is isolated from the internet," as recited in claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, and Hodge at least for their dependencies from the independent claims, as well as for the additional features they

- 11 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Fuoss in view of Shapiro and Hodge in further view of Levac.*

Claims 4, 6, 7, 15, and 15 are rejected under rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Fuoss, Shapiro, and Hodge, in view of U.S. Patent No. 5,872,926 to Levac *et al.* ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, and Hodge. Levac fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, and Levac for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Fuoss in view of Shapiro and Hodge in further view of Cree.*

Claim 18 is rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Fuoss, Shapiro, and Hodge, in view of U.S. Patent No. 6,665,380 to Cree *et al.* ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, and Hodge. Cree fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

- 12 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 5|18|16

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2793971_1.DOCX

Atty. Dkt. No. 3210.0150005

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 25817019 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Trent William Merrell/Catherine Saunders |
| **Filer Authorized By:** | Trent William Merrell |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 18-MAY-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:31:57 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_AMEND_111.pdf | 392378 <br> 47f11aa13d8020fb5cfb76f13ca96ae409856 b95 | yes | 13 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Miscellaneous Incoming Letter | 1 | 1 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 2 | 2 |
| Claims | 3 | 8 |
| Applicant Arguments/Remarks Made in an Amendment | 9 | 13 |

| Warnings: | |
|---|---|
| **Information:** | |
| **Total Files Size (in bytes):** | 392378 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**Sterne Kessler
Goldstein Fox**
ATTORNEYS AT LAW

LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

May 18, 2016

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn:  Mail Stop Amendment*

Re:   U.S. Utility Patent Application
      Appl. No. 14/457,593; Filing Date: August 12, 2014
      For:   **Electronic Messaging Exchange**
      Inventors:   HODGE *et al.*
      Our Ref:   3210.0150005

Commissioner:

Transmitted herewith for appropriate action is a document entitled ***Amendment and Reply under 37 C.F.R. § 1.111*** which is submitted electronically through EFS-Web.

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/TWM/cms
Enclosure
2811697_1.DOCX

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) |  |  |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **05/18/2016** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 22 | Minus ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/DORRETTA BROOKS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oғғɪᴄᴇ

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        05/11/2016
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/11/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 14/457,593 | HODGE ET AL. |
| | Examiner | Art Unit | |
| | ANGELA HOLMES | 2497 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _ANGELA HOLMES_.                              (3)_____.

(2) _Trent Merrell (Reg. No. 73771)._             (4)_____.


Date of Interview: _28 April 2016_.

Type:  ☒ Telephonic   ☐ Video Conference
       ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.
   If Yes, brief description: _____.


Issues Discussed   ☐101  ☐112  ☐102  ☐103  ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _1_.

Identification of prior art discussed: _____.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_Applicant disclosed the invention. Applicant's amended proposal discloses that the safe terminal is isolated from the internet. Applicant explained that the safe terminal is a system that only the inmates use. The safe terminal is connected to a control platform, which accesses its own server that is not through the internet and then it does a security scan of the message before it is transmitted. Examiner advised applicant to disclose more information in the next response as in how the safe terminal is isolated from the internet. The proposed amendment has overcomed the cited prior art. Further search will be made once a response has been filed. No agreement has been reached._

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☒ Attachment

| /ANGELA HOLMES/ | /HADI ARMOUCHE/ |
|---|---|
| Examiner, Art Unit 2497 | Supervisory Patent Examiner, Art Unit 2497 |

**Summary of Record of Interview Requirements**

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
–  An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
(The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

# Proposed Interview Agenda

*Application No. 14/457,593*

*Atty. Dkt. No. 3210.0150005*

**Interview Date:**

Telephone conference to be held April 28, 2016 at 11:30am.

**Participants:**

- Applicant's representative: Trent Merrell, Reg. No. 73,771 (202.772.8519).

- USPTO: Examiner Angela Holmes (o: 571.270.3357; f: 571.270.4357).

**Agenda:**

- Discuss the rejection of claim 1 under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al.* ("Fuoss"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro"), and further in view U.S. Patent Application Publication No. 2004/0029564 to Hodge ("Hodge").

- Discuss Fuoss, Shapiro, and Hodge, with respect to the following claim 1 amendment:

(Proposed Amendment) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

    a safe terminal configured to:

        authenticate a local user,

        allow the local user to generate an instant message, and

        transmit the instant message via a data connection,

        <u>wherein the safe terminal is isolated from the internet</u>; and

    a control platform configured to:

        receive the instant message from the safe terminal,

        perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        03/30/2016
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/30/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 14/457,593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** | **AIA (First Inventor to File) Status** |
| | ANGELA HOLMES | 2497 | No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

  A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>2/24/16</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**   2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>1-20,25 and 26</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1-20,25-26</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on <u>8/12/14,10/30/14</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
  a) ☐ All  b) ☐ Some**  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>3/22/16</u>.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 14/457,593                                    Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

### *Continued Examination Under 37 CFR 1.114*

2.      A request for continued examination under 37 CFR 1.114, including the fee set forth in

37 CFR 1.17(e), was filed in this application after final rejection.  Since this application is

eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e)

has been timely paid, the finality of the previous Office action has been withdrawn pursuant to

37 CFR 1.114.  Applicant's submission filed on 2/24/16 has been entered.

 Claims 1-20 and 25-26 have been examined and are pending in this application.

### *Information Disclosure Statement*

3.      The information disclosure statement (IDS) submitted on 3/22/16 is in compliance with

the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being

considered by the examiner.

### *Response to Arguments*

4.      Applicant's arguments with respect to claims 1-20 and 25-26 have been considered but

are moot because the arguments do not apply to any of the references being used in the current

rejection.

### *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 14/457,593                                      Page 3
Art Unit: 2497

6.      **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564). Fuoss

is cited in the IDS filed 12/8/15.

   **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

   allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

   transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network)*; and

    a control platform configured to:

    receive the instant message from the safe terminal *(Fuoss,  Col 7, lines 44-54,*

*receive messages from another communication device)*,

   the control platform including:

   a central computer control platform configured to allow the local user and the

remote user to communicate via electronic messages *(Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages)*;

   a safe terminal configured to:

   Fuoss does not disclose; however, Shapiro discloses perform an automated

security scan of the received message (*Shapiro, pg.3, scanning letters for certain*

*keywords*), and

Application/Control Number: 14/457,593                                    Page 4
Art Unit: 2497

based on the security scan, transmit the instant message to a device associated

with the authenticated remote user or transmit a notification to an administrator and store

the message in a database (*Shapiro,Pg. 2, proofing and screening, then allowing for

viewing*),

authenticate a remote user (*Shapiro, Pg. 4-5, "Writer Registration", username

and password*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering

and monitoring electronic letters to correction facility inmates while giving supervisory

authorities the ability to screen the incoming mail.

the control platform including:

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local

user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan,

and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of

authenticating users in a secure facility.

**As per claim 2,** Fuoss discloses the system of claim 1, wherein the safe terminal

is further configured to allow the local user to generate the instant message using one of a

plurality of input methods (*Fuoss, Col 3, Lines 38-48, The message may also contain typed

text, an HTML-encoded document, images, voice, and/or video information.*).

Application/Control Number: 14/457,593                                        Page 5
Art Unit: 2497

**As per claim 3,** Fuoss discloses the system of claim 1, wherein the plurality of input methods include at least one of a text input and a voice input *(Fuoss, Col 3, Lines 38-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.)*.

**As per claim 5,** Fuoss discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call and a voice message *(Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.)*.

**As per claims 8 and 16,** Fuoss discloses the system of claim 1, wherein the data connection is a wireless connection *(Fuoss, Col 3. Lines 59-65, the handwritten message displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a graphic image), directed by a processor to a transceiver, and transmitted via a communication connection (e.g., a wire or wireless connection))*.

**As per claims 9 and 17,** Fuoss and Shapiro do not disclose; however, Hodge discloses the system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, biometric information, and a radio frequency identification *(Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222)*.

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

Application/Control Number: 14/457,593                                   Page 6
Art Unit: 2497

**As per claim 10,** Fuoss and Hodge do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information (*Shapiro, Pg. 4-5, "Writer Registration", username and password*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss and Hodge, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claims 11 and 19,** Fuoss and Hodge do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss and Hodge, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claim 12,** Fuoss and Hodge do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform allows an administrator to monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are printed and viewed*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss and Hodge, given the benefit of

Application/Control Number: 14/457,593                                    Page 7
Art Unit: 2497

delivering and monitoring electronic letters to correction facility inmates while giving

supervisory authorities the ability to screen the incoming mail.

**As per claim 20,** Fuoss and Shapiro do not disclose; however, Hodge discloses

the system of claim 13, wherein the control platform is further configured authenticate the

local user using at least a login and password information (*Hodge, Para. 0140, entering a*

*PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of

authenticating users in a secure facility.

**As per claim 26,** Fuoss discloses the method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote

device associated with the authenticated remote user (*Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages; Also, Col 7, lines 44-54,*

*receive messages from another communication device*);

Fuoss and Hodge do not disclose; however, Shapiro discloses performing a

second automated security scan of the second instant message (*Shapiro, pg.3, scanning*

*letters for certain keywords*); and

transmitting the second instant message from the control platform to a safe

terminal associated with the authenticated local user or to an administrator, based on the

security scan of the second instant message (*Shapiro,Pg. 2, proofing and screening, then*

*allowing for viewing*).

Application/Control Number: 14/457,593                                      Page 8
Art Unit: 2497

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering

and monitoring electronic letters to correction facility inmates while giving supervisory

authorities the ability to screen the incoming mail.

7.     **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Levac

(US 5872926).

      **As per claim 4,** Fuoss, Shapiro, and Hodge do not disclose; however, Levac

discloses the system of claim 1, wherein the safe terminal is further configured to convert

the instant message into one of a plurality of formats for the message (*Levac, Col 1, lines*

*63- line 2, converting a message generated by a variety of message sources to the*

*appropriate format for communication with diverse communication devices selected in*

*response to message parameters included in a message file.  The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, and Hodge, given the

benefit of converting to a format appropriate for communicating with selected

communications devices.

      **As per claims 6 and 14,** Fuoss, Shapiro, and Hodge do not disclose; however,

Levac discloses the system of claim 1, wherein the control platform is further configured to

Application/Control Number: 14/457,593                                                Page 9
Art Unit: 2497

convert the instant message from a text format into a voice format (*Levac, Col 1, lines 63-*

*line 2, converting a message generated by a variety of message sources to the appropriate*

*format for communication with diverse communication devices selected in response to*

*message parameters included in a message file. The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, and Hodge, given the

benefit of converting to a format appropriate for communicating with selected

communications devices.

    **As per claims 7 and 15,** Fuoss, Shapiro, and Hodge do not disclose; however,

Levac discloses the system of claim 1, wherein the control platform is further configured to

convert the instant message from a voice format into a text format (*Levac, Col 1, lines 63-*

*line 2, converting a message generated by a variety of message sources to the appropriate*

*format for communication with diverse communication devices selected in response to*

*message parameters included in a message file. The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, and Hodge, given the

benefit of converting to a format appropriate for communicating with selected

communications devices.

Application/Control Number: 14/457,593                                    Page 10
Art Unit: 2497

8.      **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over

Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) in view of Hodge (20040029564) in view of Cree (US 6665380).

    **As per claim 18,** Fuoss, Shapiro and Hodge do not explicitly disclose; however,

Cree discloses the system of claim 13, wherein the safe terminal is further configured to

alert the local user that an instant message has been received (*Cree, Col 11, 17-34, the*

*system informs the inmate when there are messages).*

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro and Hodge, with the system and method of Cree, given the

benefit of notifying an inmate in a prison facility of messages.

### *Conclusion*

    Any inquiry concerning this communication or earlier communications from the
examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.
The examiner can normally be reached on 9am -5pm.
    If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.
    Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 643 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:37 |
| L5 | 33 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:38 |
| L6 | 9328 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:38 |
| L7 | 25350 | (h04l12/589 h04l12/585 h04l51/04).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:39 |
| L8 | 299993 | authentic$5 and transmi$5 and generat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L9 | 25480 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L10 | 39 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L11 | 36 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate and secur$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L12 | 36 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate and secur$3 and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L13 | 24 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate and secur$3 and wireless and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |

| L14 | 98 | l1 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L15 | 17 | l1 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L16 | 7 | l1 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L17 | 7 | l1 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L18 | 7 | l1 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L19 | 5 | l1 and l13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L20 | 7 | l5 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L21 | 2 | l5 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L22 | 2 | l5 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L23 | 2 | l5 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L24 | 3489 | l6 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L25 | 346 | l6 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |

| L26 | 1 | I6 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L27 | 2729 | I7 and I8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L28 | 1759 | I7 and I9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L29 | 5 | I7 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L30 | 5 | I7 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L31 | 5 | I7 and I12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L32 | 5 | I7 and I13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |

**EAST Search History (Interference)**

<This search history is empty>

**3/21/2016 2:43:13 PM**
**C:\Users\aholmes\Documents\EAST\Workspaces\120815.wsp**

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | | - | Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☒ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | | | | | |
| | 1 | ✓ | ✓ | ✓ | | | | | |
| | 2 | ✓ | ✓ | ✓ | | | | | |
| | 3 | ✓ | ✓ | ✓ | | | | | |
| | 4 | ✓ | ✓ | ✓ | | | | | |
| | 5 | ✓ | ✓ | ✓ | | | | | |
| | 6 | ✓ | ✓ | ✓ | | | | | |
| | 7 | ✓ | ✓ | ✓ | | | | | |
| | 8 | ✓ | ✓ | ✓ | | | | | |
| | 9 | ✓ | ✓ | ✓ | | | | | |
| | 10 | ✓ | ✓ | ✓ | | | | | |
| | 11 | ✓ | ✓ | ✓ | | | | | |
| | 12 | ✓ | ✓ | ✓ | | | | | |
| | 13 | ✓ | ✓ | ✓ | | | | | |
| | 14 | ✓ | ✓ | ✓ | | | | | |
| | 15 | ✓ | ✓ | ✓ | | | | | |
| | 16 | ✓ | ✓ | ✓ | | | | | |
| | 17 | ✓ | ✓ | ✓ | | | | | |
| | 18 | ✓ | ✓ | ✓ | | | | | |
| | 19 | ✓ | ✓ | ✓ | | | | | |
| | 20 | ✓ | ✓ | ✓ | | | | | |
| | 21 | ✓ | ✓ | - | | | | | |
| | 22 | ✓ | ✓ | - | | | | | |
| | 23 | ✓ | ✓ | - | | | | | |
| | 24 | ✓ | ✓ | - | | | | | |
| | 25 | | | ✓ | | | | | |
| | 26 | | | ✓ | | | | | |

| ***Search Notes***  | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | ah |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | |
|---|---|

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| | | | |

/ANGELA HOLMES/
Examiner.Art Unit 2497

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0183040 A1 | 12-05-2002 | Lundstrom et al. | |
| | US2 | 2004/0058667 A1 | 03-25-2004 | Pienmaki et al. | |
| | US3 | 2006/0098796 A1 | 05-11-2006 | Link | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2783993_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 03/29/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | *Complete if Known* | |
| --- | --- | --- | --- | --- |
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
| --- | --- | --- | --- |
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | $T^2$ |
| | NPL1 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 10, 2015; 10 pages. | |
| | NPL2 | Notice of Allowance directed to U.S. Patent Appl. No. 14/457,616, mailed January 28, 2016; 8 pages. | |
| | NPL3 | Non-Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed February 5, 2016; 9 pages. | |
| | NPL4 | Wireless Interconnection and Reciprocal Compensation Agreement Between Community Telephone Company and United States Cellular Corporation, April 24, 2006; 29 pages. | |
| | NPL5 | U.S. Patent Application No. 15/003,504, "Electronic Messaging Exchange," to HODGE et al., filed January 21, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |

2783995_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 03/29/2016 |
| --- | --- | --- | --- |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0183040 A1 | 12-05-2002 | Lundstrom et al. | |
| | US2 | 2004/0058667 A1 | 03-25-2004 | Pienmaki et al. | |
| | US3 | 2006/0098796 A1 | 05-11-2006 | Link | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2783993_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 10, 2015; 10 pages. | |
| | NPL2 | Notice of Allowance directed to U.S. Patent Appl. No. 14/457,616, mailed January 28, 2016; 8 pages. | |
| | NPL3 | Non-Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed February 5, 2016; 9 pages. | |
| | NPL4 | Wireless Interconnection and Reciprocal Compensation Agreement Between Community Telephone Company and United States Cellular Corporation, April 24, 2006; 29 pages. | |
| | NPL5 | U.S. Patent Application No. 15/003,504, "Electronic Messaging Exchange," to HODGE et al., filed January 21, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2783995_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 25272090 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 22-MAR-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 20:10:03 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_4SIDS.pdf | 894194<br>65325adcc20fbca25565693e3d591e70ef0195eb | yes | 7 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Miscellaneous Incoming Letter | 1 | 1 |
| Transmittal Letter | 2 | 5 |
| Information Disclosure Statement (IDS) Form (SB08) | 6 | 7 |

| Warnings: | | | | |
|---|---|---|---|---|
| Information: | | | | |
| 2 | Non Patent Literature | NPL1_NFOA_13941382_12102015.pdf | 389374<br>6c5233b3f10a71a033edb81039c3e7db39f8daa6 | no | 10 |

| Warnings: |
|---|
| Information: |

| Total Files Size (in bytes): | 1283568 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

March 22, 2016

Commissioner for Patents                              *Confirmation No. 6317*
PO Box 1450                                                        *Art Unit 2497*
Alexandria, VA  22313-1450                      *Attn: Mail Stop Amendment*

    Re:   U.S. Utility Patent Application
          Application No. 14/457,593; Filing Date:  August 12, 2014
          For:   **Electronic Messaging Exchange**
          Inventors: HODGE *et al.*
          Our Ref:  3210.0150005

Commissioner:

    Transmitted herewith for appropriate action are the following documents:

1. Fourth Supplemental Information Disclosure Statement;

2. Form PTO/SB/08a (1 sheet) listing 3 documents (**US1-US3**);

3. Form PTO/SB/08b (1 sheet) listing 5 documents (**NPL1-NPL5**); and

4. A copy of the cited document (**NPL1**).

    ***The above-listed documents are filed electronically through EFS-Web.***

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                Respectfully submitted,

                STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                /Lauren C. Schleh/

                Lauren C. Schleh
                Attorney for Applicant
                Registration No. 65,457

LCS/TWM/wcf
Enclosures

2784003_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Fourth Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -                                                      HODGE *et al.*
                                                 Application No. 14/457,593

Filing under 37 C.F.R. § 1.97(b). This Information Disclosure Statement is being filed before the mailing of a first Office Action after the filing of a request for continued examination under 37 C.F.R. § 1.114. No statement or fee is required.

A copy of document **NPL1** is submitted. However, in accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copies of the U.S. patent application publications cited as documents **US1-US3** on the attached IDS Forms are submitted.

Copies of documents **NPL2-NPL4** were cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application No. 13/941,382, filed July 12, 2013 (now pending), which is relied upon for an earlier filing date under 35 U.S.C. § 120. Thus, copies of these documents are not attached. 37 C.F.R. § 1.98(d).

Additionally, a copy of unpublished U.S. application **NPL5**, cited on the attached IDS Form, is not provided in accordance with the U.S. Patent and Trademark Office Official Gazette notice of October 19, 2004, which states: "the requirement in 37 C.F.R. § 1.98(a)(2)(iii) for a legible copy of the specification, including the claims, and drawings of each cited pending unpublished U.S. patent application (or portion of the application which caused it to be listed) is *sua sponte* waived where the cited pending application is stored in the USPTO's IFW system."

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the

Atty. Dkt. No. 3210.0150005

office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicant submits herewith Office Actions from the co-pending U.S. Patent Application Nos. 13/941,382, filed July 12, 2013 (now pending); 14/457,616, filed August 12, 2014 (now pending); and 14/457,604, filed August 12, 2014 (now pending), as documents **NPL1-NPL3**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel\*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Notice of Appeal to the Federal Circuit by Securus Technologies, Inc., filed January 19, 2016 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

- 4 -                                                      HODGE *et al.*
                                                   Application No. 14/457,593

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS

Forms, and indicate in the official file wrapper of this patent application that the documents have

been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or

credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date:      March 22, 2016

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2784001_1.DOCX

Atty. Dkt. No. 3210.0150005

PTO/SB/30 (07-14)
Approved for use through 07/31/2016 OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| | |
|---|---|
| **Request for Continued Examination (RCE) Transmittal**<br><br>Address to:<br>Mail Stop RCE<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **Application Number** — 14/457,593 |
| | **Filing Date** — August 12, 2014 |
| | **First Named Inventor** — Stephen HODGE |
| | **Art Unit** — 2497 |
| | **Examiner Name** — HOLMES, Angela R. |
| | **Attorney Docket Number** — 3210.0150005 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, to any international application that does not comply with the requirements of 35 U.S.C 371, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO on page 2.)

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

   a. ☐   Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. ☐   Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

      ii. ☐   Other _____

   b. ☒   Enclosed

      i. ☒   Amendment/Reply      iii. ☐   Information Disclosure Statement (IDS)

      ii. ☐   Affidavit(s)/ Declaration(s)      iv. ☐   Other _____

2. **Miscellaneous**

   a. ☐   Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed three months; Fee under 37 CFR 1.17(i) required)

   b. ☐   Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

   a. ☒   The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. _____19-0036_____.

      i. ☒   RCE fee required under 37 CFR 1.17(e)

      ii. ☐   Extension of time fee (37 CFR 1.136 and 1.17)

      iii. ☐   Other _____

   b. ☐   Check in the amount of $ _____ enclosed

   c. ☒   Payment by credit card (Form PTO-2038 enclosed)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

**SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED**

| Signature | | Date 7/24/16 |
|---|---|---|
| Name (Print/Type) | Lauren C. Schleh | Registration No. 65,457 |

**CERTIFICATE OF MAILING OR TRANSMISSION**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below.

| Signature | | |
|---|---|---|
| Name (Print/Type) | | Date |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

2774813

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.114

Commissioner for Patents                                        *Mail Stop RCE*
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In reply to the final Office Action dated December 14, 2015, Applicant submits the following Amendment and Remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                                    Global Tel*Link Corp.
Reply to Office Action of December 14, 2015                        Appl. No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow [[a]] the local user to generate an instant message, and

transmit the instant message via a data connection; and

a control platform configured to:

receive the instant message from the safe terminal,

perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a ~~user~~ device associated with [[a]] the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including: ~~a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and~~ a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages~~, wherein the user device is located outside the facility~~.


2.      (Currently Amended) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods.

Atty. Dkt. No. 3210.0150005

- 3 -

Reply to Office Action of December 14, 2015

3.      (Previously Presented) The system of claim 2, wherein the plurality of input methods include at least one of a text input and a voice input.

4.      (Currently Amended) The system of claim 1, wherein the <u>safe</u> terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Currently Amended) The system of claim 1, wherein the <u>data connection is a wireless connection.</u> ~~terminal is further configured to authenticate the local user.~~

9.      (Currently Amended) The system of claim [[8]] <u>1</u>, wherein the <u>safe</u> terminal is further configured to authenticate the local user using at least one of <u>a login and password information,</u> a biometric information, and a radio frequency identification.

10.      (Currently Amended) The system of claim [[8]] <u>1</u>, wherein the ~~terminal~~ <u>control platform</u> is further configured to authenticate the ~~local~~ <u>remote</u> user using at least a login and password information.

- 4 -

11.     (Currently Amended) The system of claim [[8]] 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

12.     (Currently Amended) The system of claim [[8]] 1, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

        a control platform configured to:

                authenticate a remote user,

                receive an instant message from a remote device associated with [[a]] the authenticated remote user, wherein the remote device is located outside the facility,

                perform an automated security scan of the received instant message, and

                based on the security scan, transmit the instant message to a safe terminal or to an administrator;

        [[a]] the safe terminal configured to:

                receive the instant message via a data connection,

                ~~perform an automated security scan of the received message,~~

                authenticate a local user, and

                provide the instant message to the authenticated local user,

                ~~based on the security scan, provide the instant message to an inmate of the  facility or provide a notification to an administrator and store the message in a database,~~

- 5 -

Reply to Office Action of December 14, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

wherein the control platform includes: ~~a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and~~ a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.     (Currently Amended) The system of claim 13, wherein the data connection is a wireless data connection. ~~terminal is further configured to authenticate the local user.~~

17.     (Currently Amended) The system of claim [[16]] 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.     (Currently Amended) The system of claim [[15]] 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.     (Currently Amended) The system of claim [[15]] 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

- 6 -                                     Global Tel*Link Corp.
Reply to Office Action of December 14, 2015                 Appl. No. 14/457,593

20.     (Currently Amended) The system of claim [[15]] 13, wherein the control platform is further
configured authenticate the local user using at least a login and password information. to notify the
local user when an instant message is received.

21.     (Canceled)

22.     (Canceled)

23.     (Canceled)

24.     (Canceled)

25.     (New) A computer-implemented method for transmitting messages from a secured inmate
facility, the method comprising:

        authenticating a local user at a safe terminal;

        receiving user input from the local user at the safe terminal;

        generating a first instant message at the safe terminal based on the received user input;

        transmitting the first instant message from the safe terminal to a control platform via a data
connection;

        performing a first automated security scan of the received first instant message at the control
platform;

        authenticating a remote user at the control platform; and

        transmitting the first instant message from the control platform to a remote device associated
with the authenticated remote user or to an administrator, based on the security scan the first instant
message.

Atty. Dkt. No. 3210.0150005

- 7 -

Reply to Office Action of December 14, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

26.     (New)  The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

Atty. Dkt. No. 3210.0150005

- 8 -
Reply to Office Action of December 14, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

## Remarks

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 2, 4, 8-13, 16-20 are sought to be amended. Claims 21-24 are sought to be canceled. Claims 25 and 26 are sought to be added. Applicants respectfully reserve the right to prosecute similar or broader claims, with respect to any amended and/or cancelled claims, in the future. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicants respectfully request that the Examiner reconsider all outstanding rejections and that they be withdrawn.

### Rejections under 35 U.S.C. § 103

#### 1.  Levac in view of Shapiro

Claims 1, 2, 4, 6, 7, and 13-15 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over U.S. Patent No. 5,872,926 to Levac *et al.* ("Levac"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro").

Levac fails to disclose or render obvious "a control platform configured to: receive the instant message from the safe terminal, perform an automated security scan of the received message, authenticate a remote user, and based on the security scan, transmit the instant message to a device associated with the authenticated remote user…" as claimed in amended claim 1.

Levac relates to a "system and method for transmitting a message generated by a message source to diverse communication devices." (Levac, Abstract.) The system of Levac receives "message files" from a message source, which can be generated by "automated sources or users."

- 9 -

(Levac, FIG. 1; 5:48-50.) Based on the parameters contained in the message file, the message file may be converted to a format for communicating with a number of selected communication devices. (Levac, Abstract.)

Levac, at most, describes transmitting a single message to many different individuals or groups of people using multiple communications protocols. However, Levac is silent with respect to the above-noted features. Specifically, Levac does not disclose a control platform configured to "perform an automated security scan of the received message, authenticate a remote user, and based on the security scan, transmit the instant message to a device associated with the authenticated remote user," as claimed. Further, Shapiro fails to cure the deficiencies of Levac with respect to the independent claims, as amended. Thus claim 1 is patentable over Levac and Shapiro for at least the reasons noted above.

For at least similar reasons, the combination of Levac and Shapiro also fails to disclose or render obvious at least "a control platform configured to: authenticate a remote user, … perform an automated security scan of the received instant message, and based on the security scan, transmit the instant message to a safe terminal or to an administrator" and a "safe terminal configured to: receive the instant message via a data connection, authenticate a local user, and provide the instant message to the authenticated local user…" as recited in amended claim 13 and "a method for securely exchanging electronic messages, comprising: authenticating a local user at a safe terminal; … transmitting the first instant message from the safe terminal to a control platform via a data connection; … authenticating a remote user at the control platform; and transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user…" as recited in claim 25.

Global Tel*Link Corp.
Appl. No. 14/457,593

Reply to Office Action of December 14, 2015

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Levac and Shapiro at least for their dependencies from the independent claims, as well as for the additional features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Levac in view of Shapiro and further in view of Seshadri*

Claims 3, 5, 22, and 24 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Levac, in view of Shapiro and further in view of U.S. Patent No. 6,249,808 to Seshadri ("Seshadri").

As discussed above, the independent claims are patentable over the combination of Levac and Shapiro. Seshadri fails to cure the deficiencies of Levac and Shapiro with respect to the independent claims. Thus, dependent claims 3, 5, 22, and 24 are likewise patentable over Levac, Shapiro, and Seshadri for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Levac in view of Shapiro and further in view of Hodge*

Claims 8-10, 16, 17, 21, and 23 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over  Levac, in view of Shapiro and further in view of U.S. Patent Application Publication No. 2004/0029564 to Hodge ("Hodge").

As discussed above, the independent claims are patentable over the combination of Levac and Shapiro. Hodge does not cure the deficiencies of Levac and Shapiro with respect to the independent claims. Thus, dependent claims 8-10, 16, 17, 21, and 23 are likewise patentable over

Atty. Dkt. No. 3210.0150005

- 11 -

Global Tel*Link Corp.
Appl. No. 14/457,593

Reply to Office Action of December 14, 2015

Levac, Shapiro, and Hodge for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 4.  *Levac in view of Shapiro, in view of Hodge and further in view Mow*

Claims 11, 12, and 19 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Levac, in view of Shapiro, in view of Hodge and further in view of U.S. Patent No. 6,668,045 to Mow ("Mow").

As discussed above, the independent claims are patentable over the combination of Levac, Shapiro, and Hodge. Mow fails to cure the deficiencies of Levac, Shapiro, and Hodge with respect to the independent claims. Thus, dependent claims 11, 12, and 19 are likewise patentable over Levac, Shapiro, Hodge, and Mow for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 5.  *Levac in view of Shapiro and further in view of Cree*

Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Levac, in view of Shapiro and further in view of U.S. Patent No.  6,665,380 to Cree *et al.* ("Cree").

As discussed above, the independent claims are patentable over the combination of Levac and Shapiro. Cree fails to cure the deficiencies of Levac and Shapiro with respect to the independent claims. Thus, dependent claims 18 and 20 are likewise patentable over Levac, Shapiro, and Cree for the same reasons as the independent claims from which they respectively depend and

- 12 -

Global Tel*Link Corp.
Appl. No. 14/457,593

Reply to Office Action of December 14, 2015

further in view of their own respective features. Accordingly, Applicant respectfully requests that

the rejection be reconsidered and withdrawn.

## Conclusion

All of the stated grounds of objection and rejection have been properly traversed,

accommodated, or rendered moot.   Applicant therefore respectfully requests that the Examiner

reconsider all presently outstanding objections and rejections and that they be withdrawn.

Applicant believes that a full and complete reply has been made to the outstanding Office Action

and, as such, the present application is in condition for allowance.  If the Examiner believes, for any

reason, that personal communication will expedite prosecution of this application, the Examiner is

invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: _____

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2762222_1.DOCX

Atty. Dkt. No. 3210.0150005

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Trent William Merrell/Maya Bennett |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Request for Continued Examination | 1801 | 1 | 1200 | 1200 |
| **Total in USD ($)** | | | | **1200** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 25010154 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Trent William Merrell/Maya Bennett |
| **Filer Authorized By:** | Trent William Merrell |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 24-FEB-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:06:53 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $1200 |
| RAM confirmation Number | 2618 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005rce.pdf | 2085457<br><br>d66547a46d67d0685b8394a4e509de2475a3a31e | yes | 14 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Transmittal Letter | 1 | 1 |
| Request for Continued Examination (RCE) | 2 | 2 |
| Amendment Submitted/Entered with Filing of CPA/RCE | 3 | 3 |
| Claims | 4 | 9 |
| Applicant Arguments/Remarks Made in an Amendment | 10 | 14 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30484<br><br>847d4f1485d75e3ab26ed22636d616184659ef9 | no | 2 |

**Warnings:**

**Information:**

| | | | |
|---|---|---|---|
| **Total Files Size (in bytes):** | | 2115941 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

February 24, 2016

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn:  Mail Stop RCE*

Re:   U.S. Utility Patent Application
Appl. No. 14/457,593; Filing Date:  August 12, 2014
For:   **Electronic Messaging Exchange**
Inventors:   HODGE *et al.*
Our Ref:   3210.0150005

Commissioner:

The following documents are transmitted herewith for appropriate action by the U.S. Patent and Trademark Office:

1.      Request for Continued Examination (RCE) Transmittal;

2.      Amendment and Reply Under 37 C.F.R. § 1.114 and;

3.      Payment made via EFS-Web for $1,200.00 to cover the fee for an RCE.

The above-listed documents are filed electronically through EFS-Web.

Fee payment is provided via EFS-Web. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/TWM/mlb
Enclosure

2774753_1.DOCX

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) |  |  |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A |  |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A |  |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A |  |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * |  | X $ = |  |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * |  | X $ = |  |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). |  |  |  |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) |  |  |  |  |
| * If the difference in column 1 is less than zero, enter "0" in column 2. |  |  | TOTAL |  |

## APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **02/24/2016** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 22 | Minus | ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) |  |  |  |  |  |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) |  |  |  |  |  |
| | | | | | TOTAL ADD'L FEE | **0** |

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = |  |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = |  |
| | ☐ Application Size Fee (37 CFR 1.16(s)) |  |  |  |  |  |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) |  |  |  |  |  |
| | | | | | TOTAL ADD'L FEE |  |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/VIKKI GRAY/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111          7590          12/14/2015

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/14/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Office Action Summary* | **Application No.**<br>14/457,593 | **Applicant(s)**<br>HODGE ET AL. | |
|---|---|---|---|
| | **Examiner**<br>ANGELA HOLMES | **Art Unit**<br>2497 | **AIA (First Inventor to File)**<br>**Status**<br>No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *9/3/15*.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL.**     2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) *1-24* is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) *1-24* is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on *8/12/14,10/30/14* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a) ☐ All   b) ☐ Some**  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
  ** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
  Paper No(s)/Mail Date *7/22/15,8/12/15, 12/8/15*.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 14/457,593                                                    Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

2.      This Office Action is in response to the application 14457593 filed on 9/3/15.

3.      Claims 1-24 have been examined and are pending in this application.

### *Information Disclosure Statement*

4.      The information disclosure statement (IDS), submitted on 7/22/15, 8/12/15, and 12/8/15

are in compliance with the provisions of 37 CFR 1.97.  Accordingly, the information disclosure

statement is being considered by the examiner.

### *Terminal Disclaimer*

5.      The terminal disclaimer filed on 9/3/15 has been reviewed and is accepted.  The terminal

disclaimer has been recorded.

### *Response to Arguments*

6.      Applicant's arguments with respect to claims 1-24 have been considered but are moot

because the arguments do not apply to any of the references being used in the current rejection.

### *Claim Rejections - 35 USC § 103*

7.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 14/457,593                                  Page 3
Art Unit: 2497

8.      **Claims 1-2, 4, 6-7, and 13-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933,

published in US 2010/0299761). Levac and Shapiro are cited in the IDS filed 8/12/14.

        **As per claims 1 and 13,** Levac discloses a secure electronic message exchange

system usable inside a secured inmate facility, the secure electronic message exchange

system comprising:

        a terminal configured to allow a local user to generate an instant message and

transmit the instant message via a data connection (*Levac, Col 3, lines 2-9,  a message

generated by a source, such as a user, a real-time data source, a sensor or other software

applications or hardware devices, can be automatically transmitted to diverse

communication devices)*; and

         a control platform configured to *(Levac, Fig. 1, Col 2, line 66-67, integrated

message system)*:

         receive the instant message from the terminal *(Levac, Col 3, lines 2-9,  a

message generated by a source, such as a user, a real-time data source, a sensor or other

software applications or hardware devices, can be automatically transmitted to diverse

communication devices, such as networked personal computers, message marquees,

telephone systems, alphanumeric and vibrating pagers, fax machines, audio devices,

information kiosks, internet/intranet terminals or bulletin boards.)*,

        the control platform including *(Levac, Fig. 1, Col 2, line 66-67, integrated

message system)* :

Application/Control Number: 14/457,593                                      Page 4
Art Unit: 2497

   a central computer control platform configured to allow the local user and the

remote user to communicate via electronic messages, wherein the user device is located

outside the facility *(Levac, Col 3, lines 2-9,  a message generated by a source, such as a*

*user, a real-time data source, a sensor or other software applications or hardware devices,*

*can be automatically transmitted to diverse communication devices, such as networked*

*personal computers, message marquees, telephone systems, alphanumeric and vibrating*

*pagers, fax machines, audio devices, information kiosks, internet/intranet terminals or*

*bulletin boards.)*;

   a central telephone control platform configured to allow the local user and the

remote user to communicate telephonically *(Levac, Col 3, lines 2-9,  a message generated*

*by a source, such as a user, a real-time data source, a sensor or other software*

*applications or hardware devices, can be automatically transmitted to diverse*

*communication devices, such as networked personal computers, message marquees,*

*telephone systems, alphanumeric and vibrating pagers, fax machines, audio devices,*

*information kiosks, internet/intranet terminals or bulletin boards.)*;

   Levac does not disclose; however, Shapiro discloses perform an automated

security scan of the received message *(Shapiro, pg.3, scanning letters for certain*

*keywords)*, and

   based on the security scan, transmit the instant message to a user device

associated with a remote user or transmit a notification to an administrator and store the

message in a database *(Shapiro,Pg. 2, proofing and screening, then allowing for viewing)*.

Application/Control Number: 14/457,593                                          Page 5
Art Unit: 2497

     Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Levac, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

     **As per claim 2,** Levac discloses the system of claim 1, wherein the terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods (*Levac, Col 3, lines 2-9,  a message generated by a source, such as a user, a real-time data source, a sensor or other software applications or hardware devices, can be automatically transmitted to diverse communication devices, such as networked personal computers, message marquees, telephone systems, alphanumeric and vibrating pagers, fax machines, audio devices, information kiosks, internet/intranet terminals or bulletin boards.*).

     **As per claim 4,** Levac discloses the system of claim 1, wherein the terminal is further configured to convert the instant message into one of a plurality of formats for the message (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file.  The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

     **As per claims 6 and 14,** Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety*

Application/Control Number: 14/457,593                                          Page 6
Art Unit: 2497

*of message sources to the appropriate format for communication with diverse*

*communication devices selected in response to message parameters included in a message*

*file. The converted message is then automatically transmitted to the selected devices at*

*sites determined by the message parameters.).*

   **As per claims 7 and 15,** Levac discloses the system of claim 1, wherein the

control platform is further configured to convert the instant message from a voice format

into a text format (*Levac, Col 1, lines 63- line 2, converting a message generated by a*

*variety of message sources to the appropriate format for communication with diverse*

*communication devices selected in response to message parameters included in a message*

*file. The converted message is then automatically transmitted to the selected devices at*

*sites determined by the message parameters.).*

9.  **Claims 3, 5, 22, and 24 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933,

published in US 2010/0299761) in view of Seshadri (US 6249808).

   **As per claim 3,** Levac and Shapiro do not disclose; however, Seshadri discloses

the system of claim 1, wherein the plurality of input methods include at least one of a text

input and a voice input (*Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the*

*message into a text portion and a voice portion).*

   Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit

of delivering  messages to a wireless communication device using a combination of text

and voice.

Application/Control Number: 14/457,593                                Page 7
Art Unit: 2497

**As per claim 5,** Levac and Shapiro do not disclose; however, Seshadri discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call and a voice message *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit of delivering  messages to a wireless communication device using a combination of text and voice.

**As per claim 22,** Levac and Shapiro do not disclose; however, Seshadri discloses the system of claim 1, wherein the data connection is a wireless data connection *(Seshadri, Col 3, lines 1-15).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit of delivering  messages to a wireless communication device using a combination of text and voice.

**As per claim 24,** Levac and Shapiro do not disclose; however, Seshadri discloses the system of claim 13, wherein the data connection is a wireless data connection *(Seshadri, Col 3, lines 1-15).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit of delivering  messages to a wireless communication device using a combination of text and voice.

Application/Control Number: 14/457,593                                          Page 8
Art Unit: 2497

10.     **Claims 8-10, 16-17, 21 and 23 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933,

published in US 2010/0299761) in view of Hodge (US 20040029564).

        **As per claims 8 and 16,** Levac and Shapiro do not disclose; however, Hodge

discloses the system of claim 1, wherein the terminal is further configured to authenticate

the local user (*Hodge, 0140 and 0222).*

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of

to allow an institution to control, record, monitor, and report usage and access to a

telephone network.

        **As per claims 9 and 17,** Levac and Shapiro do not disclose; however, Hodge

discloses the system of claim 8, wherein the terminal is further configured to authenticate

the local user using at least one of biometric information and a radio frequency

identification (*Hodge, 0140 and 0222).*

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of

providing a secure telephone call system for identifying and authenticating an institutional

calling party.

        **As per claim 10,** Levac and Shapiro do not disclose; however, Hodge discloses

the system of claim 8, wherein the terminal is further configured to authenticate the local

user using at least a login and password information (*Hodge, 0140 and 0222).*

Application/Control Number: 14/457,593                                    Page 9
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

**As per claim 21,** Levac and Shapiro do not disclose; however, Hodge discloses the system of claim 1, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of to allow an institution to control, record, monitor, and report usage and access to a telephone network

**As per claim 23,** Levac and Shapiro do not disclose; however, Hodge discloses the system of claim 13, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of to allow an institution to control, record, monitor, and report usage and access to a telephone network

11.    **Claims 11-12, and 19 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933, published in US 2010/0299761) in view of Hodge (US 20040029564) and further in view of Mow (US 6668045).

Application/Control Number: 14/457,593                                    Page 10
Art Unit: 2497

        **As per claims 11 and 19,** Levac, Shapiro and Hodge do not disclose; however,

Mow discloses the system of claim 8, wherein the control platform is further configured to

determine whether the instant message is protected and, if protected, restrict access to the

instant message (*Mow, Col 4, 1-7, Trained system personnel may search and retrieve*

*messages using a plurality of search keys such as by PIN, date, and time. The system may*

*prevent the playback of the messages from sources class-marked as "privileged," such as*

*attorney client privilege messages. For these messages, once a message is delivered and*

*reviewed, it may be automatically deleted.*)

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Mow, wherein the control platform allows an administrator to monitor

messages, with the system and method of Levac, Shapiro and Hodge, given the benefit of

controlling the communication to and from inmates within a correctional facility.

        **As per claim 12,** Levac, Shapiro and Hodge do not disclose; however, Mow

discloses the system of claim 8, wherein the control platform allows an administrator to

monitor messages (*Mow, Col 4, 1-7, Trained system personnel may search and retrieve*

*messages using a plurality of search keys such as by PIN, date, and time. The system may*

*prevent the playback of the messages from sources class-marked as "privileged," such as*

*attorney client privilege messages. For these messages, once a message is delivered and*

*reviewed, it may be automatically deleted.*).

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Mow, wherein the control platform allows an administrator to monitor

Application/Control Number: 14/457,593                                                    Page 11
Art Unit: 2497

messages, with the system and method of Levac, Shapiro and Hodge, given the benefit of

controlling the communication to and from inmates within a correctional facility.

12.     **Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable

over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) and further in view of Cree (US 6665380).

        **As per claim 18,** Levac and Shapiro do not explicitly disclose; however, Cree

discloses the system of claim 15, wherein the terminal is further configured to alert the

local user that an instant message has been received (*Cree, Col 11, 17-34, the system*

*informs the inmate when there are messages*).

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac and Shapiro, with the system and method of Cree, given the benefit of

notifying an inmate in a prison facility of messages.

        **As per claim 20,** Levac and Shapiro do not explicitly disclose; however, Cree

discloses the system of claim 15, wherein the control platform is further configured to

notify the local user when an instant message is received (*Cree, Col 11, 17-34, the system*

*informs the inmate when there are messages*).

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac and Shapiro with the system and method of Cree, given the benefit of

notifying an inmate in a prison facility of messages.

### *Conclusion*

13.     Applicant's amendment necessitated the new ground(s) of rejection presented in this
Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).
Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).
        A shortened statutory period for reply to this final action is set to expire THREE
MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

Application/Control Number: 14/457,593                                    Page 12
Art Unit: 2497

MONTHS of the mailing date of this final action and the advisory action is not mailed until after
the end of the THREE-MONTH shortened statutory period, then the shortened statutory period
will expire on the date the advisory action is mailed, and any extension fee pursuant to 37
CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,
however, will the statutory period for reply expire later than SIX MONTHS from the date of this
final action.

        Any inquiry concerning this communication or earlier communications from the
examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.
The examiner can normally be reached on 9am -5pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 1 of 3 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0111887 A1 | 08-15-2002 | McFarlane et al. | |
| | US2 | 2002/0159600 A1 | 10-31-2002 | Weiner | |
| | US3 | 2003/0002639 A1 | 01-02-2003 | Huie | |
| | US4 | 2003/0086546 A1 | 05-08-2003 | Falcone et al. | |
| | US5 | 2006/0149644 A1 | 07-06-2006 | Sulmar et al. | |
| | US6 | 2014/0020063 A1 | 01-16-2014 | Hodge et al. | |
| | US7 | 2015/0046978 A1 | 02-12-2015 | Hodge et al. | |
| | US8 | 2015/0047004 A1 | 02-12-2015 | Hodge et al. | |
| | US9 | 4,054,756 | 10-18-1977 | Comella et al. | |
| | US10 | 4,191,860 | 03-04-1980 | Weber | |
| | US11 | 4,935,956 | 06-19-1990 | Hellwarth et al. | |
| | US12 | 5,319,702 | 06-07-1994 | Kitchin et al. | |
| | US13 | 5,351,287 | 09-27-1994 | Bhattacharyya et al. | |
| | US14 | 5,539,812 | 07-23-1996 | Kitchin et al. | |
| | US15 | 5,655,013 | 08-05-1997 | Gainsboro | |
| | US16 | 5,745,558 | 04-28-1998 | Richardson, Jr. et al. | |
| | US17 | 5,768,355 | 06-16-1998 | Salibrici et al. | |
| | US18 | 5,956,717 | 09-21-1999 | Kraay et al. | |
| | US19 | 6,052,454 | 04-18-2000 | Kek et al. | |
| | US20 | 6,064,963 | 05-16-2000 | Gainsboro | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | FP1 | GB 2400284 A | 10-06-2004 | ZIX CORP | | |
| | FP2 | EP 0989720 A1 | 03-29-2000 | FRANCE TELECOM | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 2 | of | 3 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,173,284 B1 | 01-09-2001 | Brown | |
| | US22 | 6,233,313 B1 | 05-15-2001 | Farris et al. | |
| | US23 | 6,363,414 B1 | 03-26-2002 | Nicholls et al. | |
| | US24 | 6,560,323 B2 | 05-06-2003 | Gainsboro | |
| | US25 | 6,639,977 B1 | 10-28-2003 | Swope et al. | |
| | US26 | 6,714,982 B1 | 03-30-2004 | McDonough et al. | |
| | US27 | 7,013,002 B2 | 03-14-2006 | Link et al. | |
| | US28 | 7,039,071 B2 | 05-02-2006 | Pekonen | |
| | US29 | 7,058,163 B1 | 06-06-2006 | Parekh et al. | |
| | US30 | 7,079,636 B1 | 07-18-2006 | McNitt et al. | |
| | US31 | 7,085,359 B2 | 08-01-2006 | Crites et al. | |
| | US32 | 7,095,829 B2 | 08-22-2006 | Claudatos et al. | |
| | US33 | 7,106,843 B1 | 09-12-2006 | Gainsboro et al. | |
| | US34 | 7,197,560 B2 | 03-27-2007 | Caslin et al. | |
| | US35 | 7,333,798 B2 | 02-19-2008 | Hodge | |
| | US36 | 7,359,494 B2 | 04-15-2008 | Leonard | |
| | US37 | 7,496,345 B1 | 02-24-2009 | Rae et al. | |
| | US38 | 7,505,406 B1 | 03-17-2009 | Spadaro et al. | |
| | US39 | 7,551,732 B2 | 06-23-2009 | Anders | |
| | US40 | 7,583,974 B2 | 09-01-2009 | Benco et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 | of | 3 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US41 | 7,681,032 B2 | 03-16-2010 | Peled et al. | |
| | US42 | 7,783,021 B2 | 08-24-2010 | Hodge | |
| | US43 | 7,881,446 B1 | 02-01-2011 | Apple et al. | |
| | US44 | 7,899,167 B1 | 03-01-2011 | Rae | |
| | US45 | 8,238,534 B2 | 08-07-2012 | Link et al. | |
| | US46 | 8,577,003 B2 | 11-05-2013 | Rae | |
| | US47 | 8,626,118 B2 | 01-07-2014 | Smith et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2027961_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | **Complete if Known** | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 1 | of 7 | Attorney Docket Number | 3210.0150005 |

| **NON PATENT LITERATURE DOCUMENTS** | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Photocopy of "Bellcore Notes on the Networks (Formerly BOC Notes on the LEC Networks)," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL2 | Digital Copy of "Bellcore Notes on the Networks," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL3 | "Cisco IAD2400 Series Business-Class Integrated Access Device", Cisco Systems Datasheet, 2003. | |
| | NPL4 | "SIP and IPLinkTM in the Next Generation Network: An Overview," Intel, 2001. | |
| | NPL5 | "Voice Over Packet in Next Generation Networks: An Architectural Framework," Bellcore, Special Report SR-4717, Issue 1, January 1999. | |
| | NPL6 | "Criminal Calls: A Review of the Bureau of Prisons' Management of Inmate Telephone Privileges," U.S. Department of Justice, Office of the Inspector General, August 1999. | |
| | NPL7 | "Why Can't You Make a Collect Call to a Cell Phone," National Public Radio, June 30, 2008, Accessed via http://www.npr.org/templates/story/story.php?storyId=92021561 on April 6, 2015. | |
| | NPL8 | Assignment of U.S. Patent No. 8,190,121 and U.S. Application No. 13/449,308. | |
| | NPL9 | Avtalion, J., "Keeping tabs on call centres," Telecommunications, Vol. 31, No. 7, July 1997, pp. 70-72. | |
| | NPL10 | Brown, et al., "SMS: The Short Message Service," Computer, vol. 40, no. 12, 2007. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 2 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL11 | BubbleLINK® Software Architecture (Science Dynamics 2003) | |
| | NPL12 | Bur Goode, Voice Over Internet Protocol (VoIP), Proceedings of the IEEE, Vol. 90, No. 9, 1495–1517 (Sept. 2002). | |
| | NPL13 | Clifford J. Weinstein, MIT, The Experimental Integrated Switched Network – A System-Level Network Test Facility (IEEE 1983). | |
| | NPL14 | Commander Call Control System, Rev. 1.04 (Science Dynamics 2002) | |
| | NPL15 | Creps, et al., "Is somebody watching? Employee communications and privacy," Risk Management Vol. 44, No. 4, April 1997, pp. 22-28. | |
| | NPL16 | Definitions of "Local Area Network (LAN)" and "Wide Area Network (WAN)," Microsoft Computer Dictionary (Microsoft Press 2002), pp. 304 and 561. | |
| | NPL17 | English-language Abstract for European Patent Publication No. 0989720 A1; 2 pages. | |
| | NPL18 | File History of U.S. Patent No. 7,899,167, Appl. No. 10/642,532, filed August 15, 2003. | |
| | NPL19 | File History of U.S. Patent No. 8,190,121, Appl. No. 12/103,138, filed April 15, 2008. | |
| | NPL20 | File History of U.S. Patent No. 8,577,003, Appl. No. 13/009,483, filed January 19, 2011. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL21 | File History of U.S. Patent No. 8,626,118, Appl. No. 13/449,308, filed April 17, 2012. | |
| | NPL22 | File Wrapper of Reexamination Application No. 90/012,802 of U.S. Patent No. 8,190,121, filed March 1, 2013. | |
| | NPL23 | Garner, et al., "Mobile Terminated SMS Billing – Exploits and Security Analysis," IEEE International Conference on Information Technology: New Generations, 2006. | |
| | NPL24 | Henry, M., "Unethical staff behavior," Corrections Today, Vol. 60, No. 3, June 1, 1998. | |
| | NPL25 | Jeff Hewett and Lee Dryburgh, Signaling System No. 7 (SS7/C7): Protocol, Architecture, and Services (Networking Technology) at 85 (Cisco Press, June 2005). | |
| | NPL26 | Joint Claim Construction and Prehearing Statement, Exhibit B: Securus' Intrinsic and Extrinsic Evidence Charts, Global Tel*Link Corporation v. Securus Technologies, Inc., No. 3:14-cv-00829-K (N.D. Tex.), September 26, 2014. | |
| | NPL27 | Maghan, J., "Intelligence Gathering Approaches in Prisons," Low Intensity Conflict & Law Enforcement, Vol. 3. No. 3, 1994, pp. 548-557. | |
| | NPL28 | Final Office Action directed to U.S. Appl. No. 10/966,795, mailed May 28, 2008; 15 pages. | |
| | NPL29 | Final Office Action directed to U.S. Appl. No. 13/941,382, mailed December 11, 2014; 13 pages. | |
| | NPL30 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed July 13, 2007; 10 pages. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, ANGELA R. |
| Sheet 4 of 7 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[i] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL31 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed June 16, 2009; 8 pages. | |
| | NPL32 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed March 20, 2009; 14 pages. | |
| | NPL33 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed November 14, 2008; 18 pages. | |
| | NPL34 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed September 28, 2009; 8 pages. | |
| | NPL35 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed December 11, 2012; 4 pages. | |
| | NPL36 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed January 26, 2012; 4 pages. | |
| | NPL37 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed September 5, 2012; 5 pages. | |
| | NPL38 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed June 5, 2015; 11 pages. | |
| | NPL39 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed September 5, 2014; 14 pages. | |
| | NPL40 | Non-Final Office Action directed to U.S. Appl. No. 14/457,604, mailed July 1, 2015; 7 pages. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | **Complete if Known** | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 5 of 7 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL41 | Non-Final Office Action directed to U.S. Appl. No. 14/457,616, mailed June 29, 2015; 8 pages. | |
| | NPL42 | Notice of Allowance directed to U.S. Appl. No. 10/996,795, mailed February 4, 2010; 6 pages. | |
| | NPL43 | Notice of Allowance directed to U.S. Appl. No. 12/802,641, mailed March 18, 2013; 6 pages. | |
| | NPL44 | Osifchin, N., "A Telecommunications Buildings/Power Infrastructure in a New Era of Public Networking," IEEE 2000 | |
| | NPL45 | PacketCableTM 1.0 Architecture Framework Technical Report, PKT-TR-ARCH-V0 1-001201 (Cable Television Laboratories, Inc. 1999). | |
| | NPL46 | Pages from http://www.corp.att.com/history, archived by web.archive.org on November 4, 2013. | |
| | NPL47 | Procops, T., "Advanced call logging for public safety organizations," Public Management, Vol. 82, Vol. 3, March 2000, pp. 17-19. | |
| | NPL48 | Prosecution History of U.S. Patent Application No. 11/045,589, filed January 28, 2005. | |
| | NPL49 | Rey, R.F., ed., "Engineering and Operations in the Bell System," 2nd Edition, AT&T Bell Laboratories: Murray Hill, NJ, 1983. | |
| | NPL50 | Schwartz, et al., "How to Build an SMS Service," O'Reilly Short Cuts, 2007. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | **Complete if Known** | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 6 | of | 7 | Attorney Docket Number | 3210.0150005 |

| | | **NON PATENT LITERATURE DOCUMENTS** | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | $T^2$ |
| | NPL51 | Science Dynamics, Inmate Telephone Control Systems, http://scidyn.com/fraudprev_main.htm (archived by web.archive.org on Jan. 12, 2001) | |
| | NPL52 | Science Dynamics, SciDyn BubbleLINK, http://www.scidyn.com/products/bubble.html (archived by web.archive.org on June 18, 2006). | |
| | NPL53 | Science Dynamics, SciDyn Call Control Solutions: Commander II, http://www.scidyn.com/products/commander2.html (archived by web.archive.org on June 18, 2006). | |
| | NPL54 | Science Dynamics, SciDyn IP Gateways, http://scidyn.com/products/ipgateways.html (archived by web.archive.org on August 15, 2001) | |
| | NPL55 | Science Dynamics, Science Dynamics – IP Telephony, http://www.scidyn.com/iptelephony_maim.htm (archived by web.archive.org on Oct. 12, 2000). | |
| | NPL56 | Shearer, G., "How logging and monitoring technologies improve quality in a call center," Telemarketing & Call Center Solutions, Vol. 16, No. 7, January 1998, pp. 92-101. | |
| | NPL57 | Smith, M., "Corrections Turns Over a New LEAF: Correctional Agencies Receive Assistance From the Law Enforcement Analysis Facility," Corrections Today, October 1, 2001. | |
| | NPL58 | Sundstrom, K., "Voice over IP: An Engineering Analysis," Master's Thesis, Department of Electrical and Computer Engineering, University of Manitoba, September, 1999. | |
| | NPL59 | U.S. Prov. Appl. No. 60/036,689, filed Jan. 31, 1997, titled DATABASE ORIGAMI | |
| | NPL60 | U.S. Prov. Appl. No. 60/246,070, "Employee Online Activity Monitoring System," to Mcfarlane, et al., filed November 7, 2000. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 7 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL61 | U.S. Prov. Appl. No. 60/500,725, "SMS Message Processing," to Claudatos, filed September 4, 2003. | |
| | NPL62 | U.S. Prov. Appl. No. 60/607,447, "IP-based telephony system and method," to Apple, et al., filed September 3, 2004. | |
| | NPL63 | U.S. Prov. Appl. No. 60/935,634, "Method of Enabling an SMS Text Message to Facilitate Payment on a Cellular Bill for a Billable Call Received on a Cell Phone," to Martin, et al., filed August 23, 2007. | |
| | NPL64 | Valcourt, et al., "Investigating mobile payment: Supporting technologies, methods, and use," IEEE International Conference on Wireless and Mobile Computing, Networking, and Communications, 2005. | |
| | NPL65 | Wenndt, et al., "Content recognition for telephone monitoring," Proceedings of the SPIE - The International Society for Optical Engineering, Vol. 4232, 2001, pp. 274-80. | |
| | | | |
| | | | |
| | | | |
| | | | |

2027963_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **SECOND SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2013/0179949 A1 | 07-11-2013 | Shapiro | |
| | US2 | 7,046,779 B2 | 05-16-2006 | Hesse | |
| | US3 | 7,256,816 B2 | 08-14-2007 | Profanchik et al. | |
| | US4 | 7,742,582 B2 | 06-22-2010 | Harper | |
| | US5 | 8,204,177 B2 | 06-19-2012 | Harper | |
| | US6 | 8,458,732 B2 | 06-04-2013 | Hanna et al. | |
| | US7 | 8,509,390 B2 | 08-13-2013 | Harper | |
| | US8 | 9,043,813 B2 | 05-26-2015 | Hanna et al. | |
| | US9 | 9,077,680 B2 | 07-07-2015 | Harper | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2036952_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☒ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | | | | | | |
| | 1 | ✓ | ✓ | | | | | | |
| | 2 | ✓ | ✓ | | | | | | |
| | 3 | ✓ | ✓ | | | | | | |
| | 4 | ✓ | ✓ | | | | | | |
| | 5 | ✓ | ✓ | | | | | | |
| | 6 | ✓ | ✓ | | | | | | |
| | 7 | ✓ | ✓ | | | | | | |
| | 8 | ✓ | ✓ | | | | | | |
| | 9 | ✓ | ✓ | | | | | | |
| | 10 | ✓ | ✓ | | | | | | |
| | 11 | ✓ | ✓ | | | | | | |
| | 12 | ✓ | ✓ | | | | | | |
| | 13 | ✓ | ✓ | | | | | | |
| | 14 | ✓ | ✓ | | | | | | |
| | 15 | ✓ | ✓ | | | | | | |
| | 16 | ✓ | ✓ | | | | | | |
| | 17 | ✓ | ✓ | | | | | | |
| | 18 | ✓ | ✓ | | | | | | |
| | 19 | ✓ | ✓ | | | | | | |
| | 20 | ✓ | ✓ | | | | | | |
| | 21 | ✓ | ✓ | | | | | | |
| | 22 | ✓ | ✓ | | | | | | |
| | 23 | ✓ | ✓ | | | | | | |
| | 24 | ✓ | ✓ | | | | | | |

| *Search Notes*  | Application/Control No. 14457593 | Applicant(s)/Patent Under Reexamination HODGE ET AL. |
|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | ah |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |

### INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | |
|---|---|
| | |

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 7,003,308 B1 | 02-21-2006 | Fuoss et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2741548_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/09/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | **Complete if Known** | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Final Office Action directed to U.S. Patent Appl. No. 14/457,616, mailed October 1, 2015; 8 pages. | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed September 30, 2015; 9 pages. | |
| | NPL3 | Excerpts from the Prosecution History of U.S. Patent Application No. 10/135,878, filed April 29, 2002. | |
| | NPL4 | Definition of "telephony", McGraw-Hill Dictionary of Scientific and Technical Terms, 6th Edition (McGraw-Hill, 2003). | |
| | NPL5 | Response to Office Action, filed January 6, 2009, in Prosecution History of U.S. Patent Application No. 10/642,532, filed August 15, 2003. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2741551_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/09/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S98 | 0 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate and correctional near facilit$3 and prison | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S97 | 4 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate and correctional near facilit$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S96 | 4 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate and correctional | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S95 | 4 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S94 | 80 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S93 | 6 | S85 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S92 | 0 | S84 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S91 | 5 | S83 and generat$3 near message and | US-PGPUB; | OR | OFF | 2015/12/08 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | wireless and conver$4 near voice and secur$3 and transmi$5 | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 13:47 |
| S90 | 531 | generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S89 | 553 | generat$3 near message and wireless and conver$4 near voice and secur$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S88 | 936 | generat$3 near message and wireless and conver$4 near voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:46 |
| S87 | 14191 | generat$3 near message and wireless and conver$4 and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:46 |
| S86 | 77256 | (h04l51/066 h04l12/585 h04l51/04 h04l51/12 h04l51/36 h04l63/08 h04l63/30).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:45 |
| S85 | 9236 | 726/3.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:44 |
| S84 | 3 | (global near tel near link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:44 |
| S83 | 220 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | OR | OFF | 2015/12/08 13:44 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | IBM_TDB | | | |
| S82 | 20 | S70 and generat$3 near message and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 11:42 |
| S81 | 8 | "10996795" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 11:39 |
| S80 | 26 | S70 and generat$3 near message | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 11:35 |
| S79 | 1 | ("5872926").PN. | USPAT; USOCR | OR | OFF | 2015/12/08 10:36 |
| S78 | 11 | S70 and (wireless mobile) and generat$3 near message and voice and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:12 |
| S77 | 0 | S70 and (wireless mobile) near generat$3 near message and voice and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:12 |
| S76 | 0 | S70 and (wireless mobile) near generat$3 near message and voice and conver$4 and (wireless mobile) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:12 |
| S75 | 11 | S70 and generat$3 near message and voice and conver$4 and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:09 |
| S74 | 18 | S70 and generat$3 near message and voice and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:09 |
| S73 | 20 | S70 and generat$3 near message and | US-PGPUB; | OR | OFF | 2015/12/08 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | voice | USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT<br>IBM_TDB | | | 10:05 |
| S72 | 26 | S70 and generat$3 near message | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT<br>IBM_TDB | OR | OFF | 2015/12/08<br>10:05 |
| S71 | 83 | S70 and generat$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT<br>IBM_TDB | OR | OFF | 2015/12/08<br>10:04 |
| S70 | 254 | ("5648916" \| "5805810" \| "20020159600"<br>\| "20060149644" \| "20100299761" \|<br>"20150043721" \| "4191860" \| "6363414"<br>\| "7359494" \| "7496345" \| "7783021" \|<br>"7742582" \| "8204177" \| "6249808" \|<br>"4766604" \| "5826034" \| "6173259"<br>"6285777" \| "20040029564" \| "5745558"<br>\| "5956717" \| "6173284" \| "7039071" \|<br>"7095829" \| "7551732" \| "7681032" \|<br>"7899167" \| "20130179949" \| "4652700"<br>\| "6061718" \| "6591367" \|<br>"20030002639" \| "5319702" \| "5539812"<br>\| "5768355" \| "6560323" \| "7085359" \|<br>"7197560" \| "8238534" \| "7256816" \|<br>"6192114" \| "6400272" \| "20020111887"<br>\| "20150046978" \| "6639977" \|<br>"8626118" \| "6665380" \| "6668045" \|<br>"5068888" \| "5958005" \| "5655013" \|<br>"7333798" \| "7505406" \| "8577003" \|<br>"9043813" \| "9077680" \| "5740231" \|<br>"5872926" \| "5982506" \| "5351287" \|<br>"6052454" \| "7079636" \| "7106843" \|<br>"8458732" \| "5553145" \| "20030086546"<br>\| "20150047004" \| "4054756" \|<br>"6233313" \| "7058163" \| "7046779" \|<br>"8509390" \| "5894558" \| "6233318" \|<br>"6606648" \| "7583974" \| "4935956" \|<br>"6064963" \| "6714982" \| "7013002" \|<br>"7881446").PN. | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT<br>IBM_TDB | OR | OFF | 2015/12/08<br>10:03 |

**EAST Search History (Interference)**

<This search history is empty>

**12/9/2015 10:13:01 AM**
**C:\Users\aholmes\Documents\EAST\Workspaces\120815.wsp**

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 of 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number<br>Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 7,003,308 B1 | 02-21-2006 | Fuoss et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2741548_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Final Office Action directed to U.S. Patent Appl. No. 14/457,616, mailed October 1, 2015; 8 pages. | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed September 30, 2015; 9 pages. | |
| | NPL3 | Excerpts from the Prosecution History of U.S. Patent Application No. 10/135,878, filed April 29, 2002. | |
| | NPL4 | Definition of "telephony", McGraw-Hill Dictionary of Scientific and Technical Terms, 6th Edition (McGraw-Hill, 2003). | |
| | NPL5 | Response to Office Action, filed January 6, 2009, in Prosecution History of U.S. Patent Application No. 10/642,532, filed August 15, 2003. | |
| | | | |
| | | | |
| | | | |
| | | | |

2741551_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 24299981 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 08-DEC-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 18:04:04 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 16997 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_3SIDS.pdf | 816587 <br> 0e1cc3d55a40846deb4d30e9997e7e356c5 0186b | yes | 6 |
| | **Multipart Description/PDF files in .zip description** | | | | |
| | **Document Description** | | **Start** | | **End** |
| | Miscellaneous Incoming Letter | | 1 | | 1 |
| | Transmittal Letter | | 2 | | 4 |
| | Information Disclosure Statement (IDS) Form (SB08) | | 5 | | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Non Patent Literature | NPL1_FOA_14457616_1001201 5.pdf | 304024 <br> 617026f5fd561eae9d24c35870d28d57a74 260f7 | no | 8 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Non Patent Literature | NPL2_FOA_14457604_0930201 5.pdf | 315441 <br> 63b2e61d9196d8e609ad6ea4492f104604d 0585d | no | 9 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 4 | Non Patent Literature | NPL3_Pros_Hist_10135878_04 292002.pdf | 13282477 <br> b5067da62fc9990bd1680c0322ab2f0dcb3 41c30 | no | 81 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 5 | Non Patent Literature | NPL4_Telephony_2003.pdf | 1302669 <br> b62fce5b6645324ea7c7d1527463f471447d 14aa | no | 3 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 6 | Non Patent Literature | NPL5_OA_Response_01062009 .pdf | 931826 <br> a1df561d1aa3da6bf995c1cc84c294891f6 6ccb | no | 13 |

**Warnings:**

**Information:**

| 7 | Fee Worksheet (SB06) | fee-info.pdf | 30446<br><br>921f135ec62f20e92f004ceec21e0c8724307f65 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | |
|---|---|---|
| | **Total Files Size (in bytes):** | 16983470 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

December 8, 2015

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn: Mail Stop Amendment*

Re:     U.S. Utility Patent Application
        Application No. 14/457,593; Filing Date: August 12, 2014
        For:   **Electronic Messaging Exchange**
        Inventors: HODGE *et al.*
        Our Ref: 3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1. Online Credit Card Payment Authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p);

2. Third Supplemental Information Disclosure Statement;

3. Form PTO/SB/08a (1 sheet) listing 1 document (**US1**);

4. Form PTO/SB/08b (1 sheet) listing 5 documents (**NPL1-NPL5**); and

5. Copies of cited documents (**NPL1-NPL5**).

*The above-listed documents are filed electronically through EFS-Web.*

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Fee payment is provided through online credit card payment. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/TWM/wcf
Enclosures

2741563_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Third Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application.

- 2 -                                                      HODGE *et al.*
                                                    Application No. 14/457,593

The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

Copies of documents **NPL1-NPL5** are submitted. However, in accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copy of U.S. patent and patent application publication cited as document US1 on the attached IDS Form is submitted.

<u>Notice of Related Proceedings</u>

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicant submits herewith Office Actions from the co-pending U.S. Patent Application Nos. 14/457,616, filed August 12, 2014 (now pending); and 14/457,604, filed August 12, 2014 (now pending), as documents **NPL1-NPL2**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Judgment entered 11/2/2015 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the

Atty. Dkt. No. 3210.0150005

HODGE *et al.*
Application No. 14/457,593

- 3 -

Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 12/8/15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2741559_1.DOCX

Atty. Dkt. No. 3210.0150005

| *Application Number* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 14/457,593 | HODGE ET AL. |
| | | |

| **Document Code - DISQ** | **Internal Document – DO NOT MAIL** |
|---|---|

| **TERMINAL DISCLAIMER** | ☒ APPROVED | ☐ DISAPPROVED |
|---|---|---|
| Date Filed : 9/3/15 | **This patent is subject to a Terminal Disclaimer** | |

**Approved/Disapproved by:**

Lawana Hixon

U.S. Patent and Trademark Office

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.111

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In reply to the Office Action dated June 10, 2015, Applicant submits the following Amendment and Remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -

Global Tel*Link Corp.
Reply to Office Action of June 10, 2015
Appl. No. 14/457,593

### *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a̲n̲ ̲i̲n̲s̲t̲a̲n̲t̲ message and transmit the i̲n̲s̲t̲a̲n̲t̲ message via a data connection; and

a control platform configured to̲:

receive the i̲n̲s̲t̲a̲n̲t̲ message from the terminal,̲

p̲e̲r̲f̲o̲r̲m̲ ̲a̲n̲ ̲a̲u̲t̲o̲m̲a̲t̲e̲d̲ ̲s̲e̲c̲u̲r̲i̲t̲y̲ ̲s̲c̲a̲n̲ ̲o̲f̲ ̲t̲h̲e̲ ̲r̲e̲c̲e̲i̲v̲e̲d̲ ̲m̲e̲s̲s̲a̲g̲e̲,̲ and

b̲a̲s̲e̲d̲ ̲o̲n̲ ̲t̲h̲e̲ ̲s̲e̲c̲u̲r̲i̲t̲y̲ ̲s̲c̲a̲n̲,̲ transmit the i̲n̲s̲t̲a̲n̲t̲ message to a user device associated with a remote user or t̲r̲a̲n̲s̲m̲i̲t̲ ̲a̲ ̲n̲o̲t̲i̲f̲i̲c̲a̲t̲i̲o̲n̲ ̲t̲o̲ ̲a̲n̲ ̲a̲d̲m̲i̲n̲i̲s̲t̲r̲a̲t̲o̲r̲ ̲a̲n̲d̲ ̲s̲t̲o̲r̲e̲ ̲t̲h̲e̲ ̲m̲e̲s̲s̲a̲g̲e̲ ̲i̲n̲ ̲a̲ ̲d̲a̲t̲a̲b̲a̲s̲e̲,̲

the control platform including:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

wherein the user device is located outside the facility.

Atty. Dkt. No. 3210.0150005

2.      (Currently Amended) The system of claim 1, wherein the terminal is further configured to allow the local user to generate the <u>instant</u> message using one of a plurality of input methods.

3.      (Previously Presented) The system of claim 2, wherein the plurality of input methods include at least one of a text input and a voice input.

4.      (Currently Amended) The system of claim 1, wherein the terminal is further configured to ~~allow the local user to select~~ <u>convert the instant message into</u> one of a plurality of formats for the message.

5.      (Currently Amended) The system of claim 4, wherein the plurality of formats includes at least one of a text message, ~~an instant message,~~ an email, a voice call and a voice message.

6.      (Currently Amended) The system of claim 1, wherein the control platform is further configured to convert the <u>instant</u> message from a text format into a voice format.

7.      (Currently Amended) The system of claim 1, wherein the control platform is further configured to convert the <u>instant</u> message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the terminal is further configured to authenticate the local user.

Atty. Dkt. No. 3210.0150005

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

9.     (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

10.     (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.     (Currently Amended) The system of claim 8, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

12.     (Previously Presented) The system of claim 8, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

        a control platform configured to receive an instant message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

        a terminal configured to:

Atty. Dkt. No. 3210.0150005

- 5 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

receive the <u>instant</u> message via a data connection,

perform an automated security scan of the received message, and

based on the security scan, provide the <u>instant</u> message to an inmate of the  facility <u>or provide a notification to an administrator and store the message in a database,</u>

wherein the control platform includes:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Currently Amended) The system of claim 13, wherein the  control  platform  is  further configured to convert the <u>instant</u> message from a non-voice format into a voice format.

15.     (Currently Amended) The system of claim 13, wherein the  control  platform  is  further configured to convert the <u>instant</u> message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the terminal is further configured to authenticate the local user.

Atty. Dkt. No. 3210.0150005

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

17.    (Previously Presented) The system of claim 16, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    (Currently Amended) The system of claim 15, wherein the terminal is further configured to alert the local user that an instant message has been received.

19.    (Currently Amended) The system of claim 15, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.    (Currently Amended) The system of claim 15, wherein the control platform is further configured to notify the local user when an instant message is received.

21.    (Previously Presented) The system of claim 1, wherein the data connection is a wired data connection.

22.    (Previously Presented) The system of claim 1, wherein the data connection is a wireless data connection.

Atty. Dkt. No. 3210.0150005

- 7 -                                              Global Tel*Link Corp.
Reply to Office Action of June 10, 2015                Appl. No. 14/457,593

23.     (Previously Presented) The system of claim 13, wherein the data connection is a wired data connection.


24.     (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

Atty. Dkt. No. 3210.0150005

- 8 -

Reply to Office Action of June 10, 2015

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-24 are pending in the application, with claims 1 and 13 being the independent claims. Claims 1, 2, 4-7, 11, 13-15, and 18-20 are sought to be amended. Support for the amendments can be found at least in paragraphs [0029], [0058], [0061], and [0076]. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

### *Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held August 20, 2015. Applicant expresses appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. Proposed amendments were discussed and no agreements were reached. The substance of arguments presented in the interview are further reflected in the present remarks.

Atty. Dkt. No. 3210.0150005

- 9 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

## Double Patenting

Claims 1-24 are rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claims 1-4, 6-8, 10-15, 18-28 respectively, of U.S. Application 13/941,382. The rejection contends that although the conflicting claims are not identical, they are allegedly not patentably distinct from each other. A terminal disclaimer shall be filed herewith.

## Rejections under 35 U.S.C. § 103

### 1. Seshadri in view of Hodge

Claims 1-10, 13-17, and 21-24 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent No. 6,249,808 to Seshadri, in view of U.S. Publication No. 2004/0029564 to Hodge. Applicant respectfully traverses.

Seshadri fails to teach or suggest "a terminal configured to allow a local user to generate an instant message and transmit the instant message via a data connection[,]" and "a control platform configured to: receive the instant message from the terminal and transmit the instant message to a user device associated with a remote user, receive the instant message from the terminal, perform an automated security scan of the received message, and based on the security scan, transmit the instant message to a user device associated with a remote user or transmit a notification to an administrator and store the message in a database." as claimed in claim 1. More specifically, although Seshadri describes sending an email message, Seshadri's email service is not an instant message and does not provide a security scan of the message, as provided in claim 1.

Seshadri relates to the "wireless delivery of [a] message using [a] combination of text and voice." (Seshadri, Title.) The system of Seshadri is meant "for delivering email messages to users of wireless devices." (Seshadri, 1:65-66.) Seshadri describes "a portion of an email message is

Atty. Dkt. No. 3210.0150005

Reply to Office Action of June 10, 2015

converted to a voice message, while another portion of the email message remains as a text message." (Seshadri, 1:67-2:2.) A network message server receives a text message addressed to a wireless communication device, and transmits a first portion of the message to the wireless communication device as a text message. (Seshadri, 2:5-9.) A second portion of the message is converted from text to speech and transmitted to the wireless communication device as a voice message. (Seshadri, 2:9-12.)

Seshadri, at most, describes a "technique for delivering email messages to users of wireless devices," but is silent with respect to the above-noted features. Further, Hodge fails to cure the deficiencies of Seshadri with respect to the independent claims, as amended. Thus claim 1 is patentable over Seshadri and Hodge for at least the reasons noted above.

For at least similar reasons, the combination of Seshadri and Hodge also fails to disclose or render obvious at least "[a] secure electronic message exchange system usable inside a secured inmate facility, the system comprising: a control platform configured to receive an instant message from a remote device associated with a remote user, wherein the remote device is located outside the facility" and "a terminal configured to: receive the instant message via a data connection, perform an automated security scan of the received message, and based on the security scan, provide the instant message to an inmate of the facility or provide a notification to an administrator and store the message in a database," as recited in claim 13.

Therefore, independent claims 1 and 13 are patentable over the applied references. Dependent claims 2-10, 14-17 and 21-24 are likewise patentable over the combination of Seshadri and Hodge at least for their dependencies from the independent claims, as well as for the additional

- 11 -

features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Seshadri in view of Hodge and further in view of Mow*

Claims 11-12 and 19 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over Seshadri, in view of Hodge and further in view of U.S. Patent No. 6,668,045 to Mow. Applicant respectfully traverses.

As discussed above, the independent claims are patentable over the combination of Seshadri and Hodge. Mow fails to cure the deficiencies of Seshadri and Hodge with respect to the independent claims. Thus dependent claims 11, 12 and 19 are likewise patentable over Seshadri, Hodge, and Mow for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Seshadri in view of Hodge and further in view of Cree*

Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over Seshadri, in view of Hodge and further in view of U.S. Patent No. 6,665,380 to Cree. Applicant respectfully traverses.

As discussed above, the independent claims are patentable over the combination of Seshadri and Hodge. Cree fails to cure the deficiencies of Seshadri and Hodge with respect to the independent claims. Thus dependent claims 18 and 20 are likewise patentable over Seshadri, Hodge, and Cree for the same reasons as the independent claims from which they respectively

- 12 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

depend and further in view of their own respective features.  Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot.   Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance.  If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 9 3 15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2031425_1

Atty. Dkt. No. 3210.0150005

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/Maya Bennett |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Statutory or Terminal Disclaimer | 1814 | 1 | 160 | 160 |
| **Total in USD ($)** | | | | **160** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 23397166 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Maya Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 03-SEP-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:50:30 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 160 |
| RAM confirmation Number | 3906 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005amendmentandreply.pdf | 1222035 / 03d271549a39b0ce0da1e34227e458868bc6eb9e | yes | 14 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Transmittal Letter | 1 | 1 |
| Statutory disclaimers per MPEP 1490 | 2 | 2 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 3 | 3 |
| Claims | 4 | 9 |
| Applicant Arguments/Remarks Made in an Amendment | 10 | 14 |

| | | | | | |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30259 / 58d2bae724c9e4dfd27809853d14481150c6ca89 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 1252294 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

September 3, 2015

Commissioner for Patents                          **_Confirmation No. 6317_**
PO Box 1450                                                     _Art Unit 2497_
Alexandria, VA  22313-1450                    _Attn:  Mail Stop Amendment_

Re:     U.S. Utility Patent Application
        Appl. No. 14/457,593; Filing Date:  August 12, 2014
        For:  **Electronic Messaging Exchange**
        Inventors:   HODGE _et al._
        Our Ref:    3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1.      Online Credit Card Payment Authorization in the amount of **$160.00** to cover fee for Terminal Disclaimer;

2.      Terminal Disclaimer to Obviate a Provisional Double Patenting Rejection Over a Pending "Reference" Application (PTO/AIA/25); and

3.      Amendment and Reply Under 37 C.F.R. § 1.111.

**_The above-listed documents are filed electronically through EFS-Web._**

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/TWM/mlb
Enclosure                                                          2048527_1.DOCX

PTO/AIA/25 (04-13)
Approved for use through 04/30/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL DOUBLE PATENTING REJECTION OVER A PENDING "REFERENCE" APPLICATION | Docket Number (Optional) 3210.0150005 |
|---|---|

In re Application of: **GLOBAL TEL\*LINK CORP.**

Application No.: **14/457,593**

Filed: **August 12, 2014**

For: **Electronic Messaging Exchange**

The applicant, **GLOBAL TEL\*LINK CORP.** , owner of **100%** percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of any patent granted on pending reference Application Number **13/941,382** , filed, **July 12, 2013** , as the term of any patent granted on said **reference** application may be shortened by any terminal disclaimer filed prior to the grant of any patent on the pending **reference** application. The applicant hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the **reference** application are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the applicant does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term of any patent granted on said **reference** application, "as the term of any patent granted on said **reference** application may be shortened by any terminal disclaimer filed prior to the grant of any patent on the pending **reference** application," in the event that: any such patent granted on the pending **reference** application expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321, has all claims canceled by a reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of its full statutory term as shortened by any terminal disclaimer filed prior to its grant.

Check either box 1 or 2 below, if appropriate.

1. ☐   The undersigned is the applicant. If the applicant is an assignee, the undersigned is authorized to act on behalf of the assignee.

I hereby acknowledge that any willful false statements made are punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

2. ☒   The undersigned is an attorney or agent of record.   Reg. No. **54,463**

| Signature | Date |
|---|---|
| Michael D. Specht | 9/3/15 |
| Typed or printed name | |
| Director | (202) 371-2600 |
| Title | Telephone Number |

☒ Terminal disclaimer fee under 37 CFR 1.20(d) is included.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

This collection of information is required by 37 CFR 1.321. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

2048579

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 14/457,593 | Filing Date 08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☒ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | **09/03/2015** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 24 | Minus ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/CHRISTINE MOLLISH/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **SECOND SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2013/0179949 A1 | 07-11-2013 | Shapiro | |
| | US2 | 7,046,779 B2 | 05-16-2006 | Hesse | |
| | US3 | 7,256,816 B2 | 08-14-2007 | Profanchik et al. | |
| | US4 | 7,742,582 B2 | 06-22-2010 | Harper | |
| | US5 | 8,204,177 B2 | 06-19-2012 | Harper | |
| | US6 | 8,458,732 B2 | 06-04-2013 | Hanna et al. | |
| | US7 | 8,509,390 B2 | 08-13-2013 | Harper | |
| | US8 | 9,043,813 B2 | 05-26-2015 | Hanna et al. | |
| | US9 | 9,077,680 B2 | 07-07-2015 | Harper | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2036952_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 23190948 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 12-AUG-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:29:54 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 3142 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_2SIDS.pdf | 658910 <br> e4e907af9e92624c5bacd1fee28229eb987e2d8d | yes | 5 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** |
| | Miscellaneous Incoming Letter | | 1 | 1 |
| | Transmittal Letter | | 2 | 4 |
| | Information Disclosure Statement (IDS) Form (SB08) | | 5 | 5 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30447 <br> 9cb5d7f132d720309b41e9523c7308ca29595930 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | Total Files Size (in bytes): | 689357 |
|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

August 12, 2015

Commissioner for Patents                                    *Confirmation No. 6317*
PO Box 1450                                                          *Art Unit 2497*
Alexandria, VA  22313-1450                          *Attn: Mail Stop Amendment*

> Re:    U.S. Utility Patent Application
>          Application No. 14/457,593; Filing Date:  August 12, 2014
>          For:    **Electronic Messaging Exchange**
>          Inventors: HODGE *et al.*
>          Our Ref:  3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1. Online Credit Card Payment Authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p) for Information Disclosure Statement;

2. Second Supplemental Information Disclosure Statement;

3. Form PTO/SB/08a (1 sheet) listing 9 documents (**US1-US9**);

***The above-listed documents are filed electronically through EFS-Web.***

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/TWM/wcf
Enclosures

2036958_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

Global Tel*Link Corp.

Appl. No.: 14/457,593

Filed: August 12, 2014

For: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Second Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Form PTO/SB/08a equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Form based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -

Global Tel*Link Corp.
Appl. No. 14/457,593

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application. The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

In accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copies of the U.S. patents and patent application publications cited as documents **US1-US9** on the attached IDS Form are submitted.

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Markman Memorandum Opinion and Order entered January 28, 2015 |

Atty. Dkt. No. 3210.0150005

- 3 -                                        Global Tel*Link Corp.
                                             Appl. No. 14/457,593

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Form, and indicate in the official file wrapper of this patent application that the documents have been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 8/12/15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2036956_1.DOCX

Atty. Dkt. No. 3210.0150005

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 | |
| | | | | Filing Date | August 12, 2014 | |
| | | | | First Named Inventor | Stephen HODGE | |
| | | | | Art Unit | 2497 | |
| | | | | Examiner Name | HOLMES, ANGELA R. | |
| Sheet | 1 | of | 3 | Attorney Docket Number | 3210.0150005 | |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0111887 A1 | 08-15-2002 | McFarlane et al. | |
| | US2 | 2002/0159600 A1 | 10-31-2002 | Weiner | |
| | US3 | 2003/0002639 A1 | 01-02-2003 | Huie | |
| | US4 | 2003/0086546 A1 | 05-08-2003 | Falcone et al. | |
| | US5 | 2006/0149644 A1 | 07-06-2006 | Sulmar et al. | |
| | US6 | 2014/0020063 A1 | 01-16-2014 | Hodge et al. | |
| | US7 | 2015/0046978 A1 | 02-12-2015 | Hodge et al. | |
| | US8 | 2015/0047004 A1 | 02-12-2015 | Hodge et al. | |
| | US9 | 4,054,756 | 10-18-1977 | Comella et al. | |
| | US10 | 4,191,860 | 03-04-1980 | Weber | |
| | US11 | 4,935,956 | 06-19-1990 | Hellwarth et al. | |
| | US12 | 5,319,702 | 06-07-1994 | Kitchin et al. | |
| | US13 | 5,351,287 | 09-27-1994 | Bhattacharyya et al. | |
| | US14 | 5,539,812 | 07-23-1996 | Kitchin et al. | |
| | US15 | 5,655,013 | 08-05-1997 | Gainsboro | |
| | US16 | 5,745,558 | 04-28-1998 | Richardson, Jr. et al. | |
| | US17 | 5,768,355 | 06-16-1998 | Salibrici et al. | |
| | US18 | 5,956,717 | 09-21-1999 | Kraay et al. | |
| | US19 | 6,052,454 | 04-18-2000 | Kek et al. | |
| | US20 | 6,064,963 | 05-16-2000 | Gainsboro | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | FP1 | GB 2400284 A | 10-06-2004 | ZIX CORP | | |
| | FP2 | EP 0989720 A1 | 03-29-2000 | FRANCE TELECOM | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| Sheet | 2 | of 3 | Examiner Name | HOLMES, ANGELA R. |
| | | | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,173,284 B1 | 01-09-2001 | Brown | |
| | US22 | 6,233,313 B1 | 05-15-2001 | Farris et al. | |
| | US23 | 6,363,414 B1 | 03-26-2002 | Nicholls et al. | |
| | US24 | 6,560,323 B2 | 05-06-2003 | Gainsboro | |
| | US25 | 6,639,977 B1 | 10-28-2003 | Swope et al. | |
| | US26 | 6,714,982 B1 | 03-30-2004 | McDonough et al. | |
| | US27 | 7,013,002 B2 | 03-14-2006 | Link et al. | |
| | US28 | 7,039,071 B2 | 05-02-2006 | Pekonen | |
| | US29 | 7,058,163 B1 | 06-06-2006 | Parekh et al. | |
| | US30 | 7,079,636 B1 | 07-18-2006 | McNitt et al. | |
| | US31 | 7,085,359 B2 | 08-01-2006 | Crites et al. | |
| | US32 | 7,095,829 B2 | 08-22-2006 | Claudatos et al. | |
| | US33 | 7,106,843 B1 | 09-12-2006 | Gainsboro et al. | |
| | US34 | 7,197,560 B2 | 03-27-2007 | Caslin et al. | |
| | US35 | 7,333,798 B2 | 02-19-2008 | Hodge | |
| | US36 | 7,359,494 B2 | 04-15-2008 | Leonard | |
| | US37 | 7,496,345 B1 | 02-24-2009 | Rae et al. | |
| | US38 | 7,505,406 B1 | 03-17-2009 | Spadaro et al. | |
| | US39 | 7,551,732 B2 | 06-23-2009 | Anders | |
| | US40 | 7,583,974 B2 | 09-01-2009 | Benco et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 | of | 3 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US41 | 7,681,032 B2 | 03-16-2010 | Peled et al. | |
| | US42 | 7,783,021 B2 | 08-24-2010 | Hodge | |
| | US43 | 7,881,446 B1 | 02-01-2011 | Apple et al. | |
| | US44 | 7,899,167 B1 | 03-01-2011 | Rae | |
| | US45 | 8,238,534 B2 | 08-07-2012 | Link et al. | |
| | US46 | 8,577,003 B2 | 11-05-2013 | Rae | |
| | US47 | 8,626,118 B2 | 01-07-2014 | Smith et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2027961_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 1 | of | 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Photocopy of "Bellcore Notes on the Networks (Formerly BOC Notes on the LEC Networks)," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL2 | Digital Copy of "Bellcore Notes on the Networks," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL3 | "Cisco IAD2400 Series Business-Class Integrated Access Device", Cisco Systems Datasheet, 2003. | |
| | NPL4 | "SIP and IPLinkTM in the Next Generation Network: An Overview," Intel, 2001. | |
| | NPL5 | "Voice Over Packet in Next Generation Networks: An Architectural Framework," Bellcore, Special Report SR-4717, Issue 1, January 1999. | |
| | NPL6 | "Criminal Calls: A Review of the Bureau of Prisons' Management of Inmate Telephone Privileges," U.S. Department of Justice, Office of the Inspector General, August 1999. | |
| | NPL7 | "Why Can't You Make a Collect Call to a Cell Phone," National Public Radio, June 30, 2008, Accessed via http://www.npr.org/templates/story/story.php?storyId=92021561 on April 6, 2015. | |
| | NPL8 | Assignment of U.S. Patent No. 8,190,121 and U.S. Application No. 13/449,308. | |
| | NPL9 | Avtalion, J., "Keeping tabs on call centres," Telecommunications, Vol. 31, No. 7, July 1997, pp. 70-72. | |
| | NPL10 | Brown, et al., "SMS: The Short Message Service," Computer, vol. 40, no. 12, 2007. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 2 | of  7 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL11 | BubbleLINK® Software Architecture (Science Dynamics 2003) | |
| | NPL12 | Bur Goode, Voice Over Internet Protocol (VoIP), Proceedings of the IEEE, Vol. 90, No. 9, 1495–1517 (Sept. 2002). | |
| | NPL13 | Clifford J. Weinstein, MIT, The Experimental Integrated Switched Network – A System-Level Network Test Facility (IEEE 1983). | |
| | NPL14 | Commander Call Control System, Rev. 1.04 (Science Dynamics 2002) | |
| | NPL15 | Creps, et al., "Is somebody watching? Employee communications and privacy," Risk Management Vol. 44, No. 4, April 1997, pp. 22-28. | |
| | NPL16 | Definitions of "Local Area Network (LAN)" and "Wide Area Network (WAN)," Microsoft Computer Dictionary (Microsoft Press 2002), pp. 304 and 561. | |
| | NPL17 | English-language Abstract for European Patent Publication No. 0989720 A1; 2 pages. | |
| | NPL18 | File History of U.S. Patent No. 7,899,167, Appl. No. 10/642,532, filed August 15, 2003. | |
| | NPL19 | File History of U.S. Patent No. 8,190,121, Appl. No. 12/103,138, filed April 15, 2008. | |
| | NPL20 | File History of U.S. Patent No. 8,577,003, Appl. No. 13/009,483, filed January 19, 2011. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL21 | File History of U.S. Patent No. 8,626,118, Appl. No. 13/449,308, filed April 17, 2012. | |
| | NPL22 | File Wrapper of Reexamination Application No. 90/012,802 of U.S. Patent No. 8,190,121, filed March 1, 2013. | |
| | NPL23 | Garner, et al., "Mobile Terminated SMS Billing – Exploits and Security Analysis," IEEE International Conference on Information Technology: New Generations, 2006. | |
| | NPL24 | Henry, M., "Unethical staff behavior," Corrections Today, Vol. 60, No. 3, June 1, 1998. | |
| | NPL25 | Jeff Hewett and Lee Dryburgh, Signaling System No. 7 (SS7/C7): Protocol, Architecture, and Services (Networking Technology) at 85 (Cisco Press, June 2005). | |
| | NPL26 | Joint Claim Construction and Prehearing Statement, Exhibit B: Securus' Intrinsic and Extrinsic Evidence Charts, Global Tel*Link Corporation v. Securus Technologies, Inc., No. 3:14-cv-00829-K (N.D. Tex.), September 26, 2014. | |
| | NPL27 | Maghan, J., "Intelligence Gathering Approaches in Prisons," Low Intensity Conflict & Law Enforcement, Vol. 3. No. 3, 1994, pp. 548-557. | |
| | NPL28 | Final Office Action directed to U.S. Appl. No. 10/966,795, mailed May 28, 2008; 15 pages. | |
| | NPL29 | Final Office Action directed to U.S. Appl. No. 13/941,382, mailed December 11, 2014; 13 pages. | |
| | NPL30 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed July 13, 2007; 10 pages. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 4 | of | 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[i] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL31 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed June 16, 2009; 8 pages. | |
| | NPL32 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed March 20, 2009; 14 pages. | |
| | NPL33 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed November 14, 2008; 18 pages. | |
| | NPL34 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed September 28, 2009; 8 pages. | |
| | NPL35 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed December 11, 2012; 4 pages. | |
| | NPL36 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed January 26, 2012; 4 pages. | |
| | NPL37 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed September 5, 2012; 5 pages. | |
| | NPL38 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed June 5, 2015; 11 pages. | |
| | NPL39 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed September 5, 2014; 14 pages. | |
| | NPL40 | Non-Final Office Action directed to U.S. Appl. No. 14/457,604, mailed July 1, 2015; 7 pages. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[i] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 5 | of | 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL41 | Non-Final Office Action directed to U.S. Appl. No. 14/457,616, mailed June 29, 2015; 8 pages. | |
| | NPL42 | Notice of Allowance directed to U.S. Appl. No. 10/996,795, mailed February 4, 2010; 6 pages. | |
| | NPL43 | Notice of Allowance directed to U.S. Appl. No. 12/802,641, mailed March 18, 2013; 6 pages. | |
| | NPL44 | Osifchin, N., "A Telecommunications Buildings/Power Infrastructure in a New Era of Public Networking," IEEE 2000 | |
| | NPL45 | PacketCableTM 1.0 Architecture Framework Technical Report, PKT-TR-ARCH-V0 1-001201 (Cable Television Laboratories, Inc. 1999). | |
| | NPL46 | Pages from http://www.corp.att.com/history, archived by web.archive.org on November 4, 2013. | |
| | NPL47 | Procops, T., "Advanced call logging for public safety organizations," Public Management, Vol. 82, Vol. 3, March 2000, pp. 17-19. | |
| | NPL48 | Prosecution History of U.S. Patent Application No. 11/045,589, filed January 28, 2005. | |
| | NPL49 | Rey, R.F., ed., "Engineering and Operations in the Bell System," 2nd Edition, AT&T Bell Laboratories: Murray Hill, NJ, 1983. | |
| | NPL50 | Schwartz, et al., "How to Build an SMS Service," O'Reilly Short Cuts, 2007. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 6 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL51 | Science Dynamics, Inmate Telephone Control Systems, http://scidyn.com/fraudprev_main.htm (archived by web.archive.org on Jan. 12, 2001) | |
| | NPL52 | Science Dynamics, SciDyn BubbleLINK, http://www.scidyn.com/products/bubble.html (archived by web.archive.org on June 18, 2006). | |
| | NPL53 | Science Dynamics, SciDyn Call Control Solutions: Commander II, http://www.scidyn.com/products/commander2.html (archived by web.archive.org on June 18, 2006). | |
| | NPL54 | Science Dynamics, SciDyn IP Gateways, http://scidyn.com/products/ipgateways.html (archived by web.archive.org on August 15, 2001) | |
| | NPL55 | Science Dynamics, Science Dynamics – IP Telephony, http://www.scidyn.com/iptelephony_maim.htm (archived by web.archive.org on Oct. 12, 2000). | |
| | NPL56 | Shearer, G., "How logging and monitoring technologies improve quality in a call center," Telemarketing & Call Center Solutions, Vol. 16, No. 7, January 1998, pp. 92-101. | |
| | NPL57 | Smith, M., "Corrections Turns Over a New LEAF: Correctional Agencies Receive Assistance From the Law Enforcement Analysis Facility," Corrections Today, October 1, 2001. | |
| | NPL58 | Sundstrom, K., "Voice over IP: An Engineering Analysis," Master's Thesis, Department of Electrical and Computer Engineering, University of Manitoba, September, 1999. | |
| | NPL59 | U.S. Prov. Appl. No. 60/036,689, filed Jan. 31, 1997, titled DATABASE ORIGAMI | |
| | NPL60 | U.S. Prov. Appl. No. 60/246,070, "Employee Online Activity Monitoring System," to Mcfarlane, et al., filed November 7, 2000. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 7 of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL61 | U.S. Prov. Appl. No. 60/500,725, "SMS Message Processing," to Claudatos, filed September 4, 2003. | |
| | NPL62 | U.S. Prov. Appl. No. 60/607,447, "IP-based telephony system and method," to Apple, et al., filed September 3, 2004. | |
| | NPL63 | U.S. Prov. Appl. No. 60/935,634, "Method of Enabling an SMS Text Message to Facilitate Payment on a Cellular Bill for a Billable Call Received on a Cell Phone," to Martin, et al., filed August 23, 2007. | |
| | NPL64 | Valcourt, et al., "Investigating mobile payment: Supporting technologies, methods, and use," IEEE International Conference on Wireless and Mobile Computing, Networking, and Communications, 2005. | |
| | NPL65 | Wenndt, et al., "Content recognition for telephone monitoring," Proceedings of the SPIE - The International Society for Optical Engineering, Vol. 4232, 2001, pp. 274-80. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2027963_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 22984416 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 22-JUL-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 13:45:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 7 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_1SIDS.pdf | 2253675 <br> d3a38dae42a345458cb5e3f6c4e226f698fe2c92 | yes | 17 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | **Start** | **End** | |
| | Miscellaneous Incoming Letter | 1 | 2 | |
| | Transmittal Letter | 3 | 7 | |
| | Information Disclosure Statement (IDS) Form (SB08) | 8 | 17 | |

**Warnings:**

**Information:**

| 2 | Non Patent Literature | NPL29_FOA_13941382_12112014.pdf | 488286 <br> 7354ba204fef63d6bdd4977620b60b1c14486625 | no | 13 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL38_NFOA_13941382_06052015.pdf | 396169 <br> 2d3fe04fd4fad398ea927ca463930fcd313aad18 | no | 11 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL39_NFOA_13941382_09052014.pdf | 528320 <br> 474bb05ca031f37886e362c7cbf0de866222734e | no | 14 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Fee Worksheet (SB06) | fee-info.pdf | 30446 <br> e08519e42517d3d6879ef5fcac8d7019821bdc12 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | | **Total Files Size (in bytes):** | 3696896 |
|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

July 22, 2015

Commissioner for Patents                    *Confirmation No. 6317*
PO Box 1450                                              *Art Unit 2497*
Alexandria, VA  22313-1450              *Attn: Mail Stop Amendment*

      Re:    U.S. Utility Patent Application
             Application No. 14/457,593; Filing Date:  August 12, 2014
             For:   **Electronic Messaging Exchange**
             Inventors: HODGE *et al.*
             Our Ref:  3210.0150005

Commissioner:

      Transmitted herewith for appropriate action are the following documents:

1.   Online Credit Card Payment Authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p) for Information Disclosure Statement;

2.   First Supplemental Information Disclosure Statement;

3.   Form PTO/SB/08a (3 sheets) listing 49 documents (**US1-US47** and **FP1-FP2**);

4.   Form PTO/SB/08b (7 sheets) listing 65 documents (**NPL1-NPL65**); and

5.   Copies of cited documents (**NPL29** and **NPL38-NPL39**).

      ***The above-listed documents are filed electronically through EFS-Web.***

      In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Commissioner for Patents
July 22, 2015
Page 2

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/KWC/wcf
Enclosures

2027970_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, ANGELA R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## First Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

- 2 -                                                  Global Tel*Link Corp.
                                                         Appl. No. 14/457,593

This statement should not be construed as a representation that a search has been made, or

that information more material to the examination of the present patent application does not exist.

The Examiner is specifically requested not to rely solely on the material submitted herewith.

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more

than three months after the U.S. filing date AND after the mailing date of the first Office Action on

the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action

that otherwise closes prosecution in the application. The required fee is provided through online

credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. §

1.17(p).

A concise explanation of the relevance of a non-English language document appears below

in accordance with 37 C.F.R. § 1.98(a)(3).

Document **FP2** (EP 0989720 A1) appears to describe a telephone apparatus for a prison

medium, as noted in the corresponding English-language abstract submitted herewith as document

**NPL17**.

Copies of documents **NPL29** and **NPL38-NPL39** are submitted.  However, in accordance

with 37 C.F.R. § 1.98(a)(2)(ii), no copies of the U.S. patents and patent application publications

cited as documents **US1-US47** on the attached IDS Forms are submitted.

Copies of documents **FP1-FP2**, **NPL1-NPL28**, **NPL30-NPL37**, and **NPL40-NPL65** were

cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in

Atty. Dkt. No. 3210.0150005

Application No. 13/941,382, filed July 12, 2013 (now pending), which is relied upon for an earlier

filing date under 35 U.S.C. § 120.  Thus, copies of these documents are not attached.  37 C.F.R. §

1.98(d).

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent

application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010

(now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No.

7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the

office that the art cited in the earlier prosecution history has been reviewed in connection with the

present application.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment,*

*Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith Office Actions from the co-

pending U.S. Patent Application Nos. 14/457,616, filed August 12, 2014 (now pending);

14/457,604, filed August 12, 2014 (now pending); 13/941,382, filed July 12, 2013 (now pending);

12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November

24, 2004 (now U.S. Patent No. 7,742,581), as documents **NPL28-NPL43**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to

those applications now or upon issuance of the present application as a patent.  The Examiner is

respectfully requested to consider the cited applications and the art cited therein during

examination.

Atty. Dkt. No. 3210.0150005

- 4 -                                                          Global Tel*Link Corp.
                                                                 Appl. No. 14/457,593

Applicant hereby calls to the attention of the Patent and Trademark Office the following

litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Markman Memorandum Opinion and Order entered January 28, 2015 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If

the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the

Examiner upon request. Documents which may be material that are not already of record in this

patent application are listed on the accompanying Form PTO/SB/08.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS

Forms, and indicate in the official file wrapper of this patent application that the documents have

been considered.

Atty. Dkt. No. 3210.0150005

- 5 -

Global Tel*Link Corp.
Appl. No. 14/457,593

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 7/21/15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2027969_1.DOCX

Atty. Dkt. No. 3210.0150005

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        06/10/2015
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/10/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 14/457,593 | Applicant(s) HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *3/20/15*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL**.        2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) *1-24* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) *1-24* is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on *8/12/14,10/30/14* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date *8/12/14*.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____ .

Application/Control Number: 14/457,593                                      Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

2.      This Office Action is in response to the application 14457593 filed on 3/20/15.

3.      Claims 1-24 have been examined and are pending in this application.

## *Information Disclosure Statement*

4.      The information disclosure statement (IDS), submitted on 8/12/14, is in compliance with the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being considered by the examiner.

## *Double Patenting*

5.      The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees.  A nonstatutory double patenting rejection is appropriate where the claims at issue are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

Application/Control Number: 14/457,593                                          Page 3
Art Unit: 2497

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may

be used to overcome an actual or provisional rejection based on a nonstatutory double patenting

ground provided the reference application or patent either is shown to be commonly owned with

this application, or claims an invention made as a result of activities undertaken within the scope

of a joint research agreement. A terminal disclaimer must be signed in compliance with 37 CFR

1.321(b).

The USPTO internet Web site contains terminal disclaimer forms which may be used.

Please visit http://www.uspto.gov/forms/.  The filing date of the application will determine what

form should be used.  A web-based eTerminal Disclaimer may be filled out completely online

using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and

approved immediately upon submission.  For more information about eTerminal Disclaimers,

refer to http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

1.      **Claims 1-24 are rejected on the ground of nonstatutory obviousness-type double**

**patenting** as being unpatentable over claims 1-4, 6-8, 10-15, 18-28 respectively, of U.S.

Application 13941382.  Although the conflicting claims are not identical, they are not patentably

distinct from each other because the claims of the instant application are broader in scope than

the claims of the U.S. Application. 13941382. Therefore, claims 1-24 of the instant application

are anticipated by claims 1-4, 6-8, 10-15, 18-28 of U.S. Application 13941382.


### *Claim Rejections - 35 USC § 103*

6.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

Application/Control Number: 14/457,593                                      Page 4

Art Unit: 2497

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

7.     **Claims 1-10, 13-17, and 21-24 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Seshadri (US 6249808) in view of Hodge (US 2004/0029564).

**As per claims 1 and 13,** Seshadri discloses a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a message and transmit the message via a data connection (*Seshadri, Col 5, lines 31-Col 6, line 15*); and

a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user (*Seshadri, Col 5, lines 30-51*), the control platform including :

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages, wherein the user device is located outside the facility (*Seshadri, Col 5, lines 31-Col 6, line 15*); and

Seshadri does not disclose; however, Hodge discloses a central telephone control platform configured to allow the local user and the remote user to communicate telephonically (*Hodge, Para. 0128*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Seshadri, given the benefit of allowing an institution to control, record, monitor, and report usage and access to a telephone network.

Application/Control Number: 14/457,593                                                Page 5
Art Unit: 2497

**As per claim 2,** Seshadri discloses the system of claim 1, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claim 3,** Seshadri discloses the system of claim 1, wherein the plurality of input methods include at least one of a text input and a voice input *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claim 4,** Seshadri discloses the system of claim 1, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message *(Seshadri, Col 5, 1-15, messaging system waits for the user to request a voice portion of the message. If voice portion is selected, the message is converted into speech; Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claim 5,** Seshadri discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claims 6 and 14,** Seshadri discloses the system of claim 1, wherein the control platform is further configured to convert the message from a text format into a voice format *(Seshadri, Col 5, 1-15, converting message from text to speech).*

Application/Control Number: 14/457,593                                            Page 6
Art Unit: 2497

As per claims 7 and 15, Seshadri discloses the system of claim 1, wherein the control platform is further configured to convert the message from a voice format into a text format (*Seshadri, Col 5, 1-15, converting message from speech to text*).

As per claims 8 and 16, Hodge discloses the system of claim 1, wherein the terminal is further configured to authenticate the local user (*Hodge, 0140 and 0222*).

As per claims 9 and 17, Hodge discloses the system of claim 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification (*Hodge, 0140 and 0222*).

As per claim 10, Hodge discloses the system of claim 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information (*Hodge, 0140 and 0222*).

As per claim 21, Hodge discloses the system of claim 1, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

As per claim 22, Seshadri discloses the system of claim 1, wherein the data connection is a wireless data connection (*Seshadri, Col 3, lines 1-15*).

As per claim 23, Hodge discloses the system of claim 13, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

As per claim 24, Seshadri discloses the system of claim 13, wherein the data connection is a wireless data connection (*Seshadri, Col 3, lines 1-15*).

8.      **Claims 11-12, and 19 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Seshadri (US 6249808) in view of Hodge (US 2004/0029564) and further in view of Mow (US 6668045).

Application/Control Number: 14/457,593                                          Page 7
Art Unit: 2497

> **As per claims 11 and 19,** Seshadri and Hodge do not disclose; however, Mow
> discloses the system of claim 8, wherein the control platform is further configured to
> determine whether the message is protected and, if protected, restrict access to the message
> (*Mow, Col 4, 1-7, Trained system personnel may search and retrieve messages using a
> plurality of search keys such as by PIN, date, and time. The system may prevent the
> playback of the messages from sources class-marked as "privileged," such as attorney
> client privilege messages. For these messages, once a message is delivered and reviewed, it
> may be automatically deleted.*)

> **As per claim 12,** Mow discloses the system of claim 8, wherein the control
> platform allows an administrator to monitor messages (*Mow, Col 4, 1-7, Trained system
> personnel may search and retrieve messages using a plurality of search keys such as by
> PIN, date, and time. The system may prevent the playback of the messages from sources
> class-marked as "privileged," such as attorney client privilege messages. For these
> messages, once a message is delivered and reviewed, it may be automatically deleted.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the
teachings of Mow, wherein the control platform allows an administrator to monitor
messages, with the system and method of Seshadri and Hodge, given the benefit of
controlling the communication to and from inmates within a correctional facility.

9.    **Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable
over Seshadri (US 6249808) in view of Hodge (US 2004/0029564) and further in view of Cree
(US 6665380).

Application/Control Number: 14/457,593                                    Page 8
Art Unit: 2497

    **As per claim 18,** Seshadri and Hodge do not explicitly disclose; however, Cree discloses the system of claim 15, wherein the terminal is further configured to alert the local user that a message has been received (*Cree, Col 11, 17-34, the system informs the inmate when there are messages*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri and Hodge, with the system and method of Cree, given the benefit of notifying an inmate in a prison facility of messages.

    **As per claim 20,** Seshadri and Hodge do not explicitly disclose; however, Cree discloses the system of claim 15, wherein the control platform is further configured to notify the local user when a message is received (*Cree, Col 11, 17-34, the system informs the inmate when there are messages*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri and Hodge, with the system and method of Cree, given the benefit of notifying an inmate in a prison facility of messages.

*Conclusion*

    Any inquiry concerning this communication or earlier communications from the examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357. The examiner can normally be reached on 9am -5pm.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications

Application/Control Number: 14/457,593                                    Page 9
Art Unit: 2497

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANGELA HOLMES/

Examiner, Art Unit 2497

                    /HADI ARMOUCHE/

                    Supervisory Patent Examiner, Art Unit 2497

| Notice of References Cited | | Application/Control No. 14/457,593 | | Applicant(s)/Patent Under Reexamination HODGE ET AL. | |
|---|---|---|---|---|---|
| | | Examiner ANGELA HOLMES | | Art Unit 2497 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,249,808 B1 | 06-2001 | Seshadri, Nambirajan | 709/206 |
| * | B | US-6,668,045 B1 | 12-2003 | Mow, John Beck | 379/88.19 |
| * | C | US-6,665,380 B1 | 12-2003 | Cree et al. | 379/88.25 |
| * | D | US-2004/0029564 A1 | 02-2004 | Hodge, Stephen Lee | 455/411 |
| * | E | US-2010/0299761 A1 | 11-2010 | Shapiro, Ryan Jacob | 726/28 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 4,652,700 | 03-24-1987 | Matthews | |
| | US2 | 4,766,604 | 11-11-1988 | Valdez | |
| | US3 | 5,068,888 | 11-26-1991 | Scherk *et al.* | |
| | US4 | 5,553,145 | 09-03-1996 | Micali | |
| | US5 | 5,648,916 | 07-15-1997 | Manduley | |
| | US6 | 5,740,231 | 04-14-1998 | Cohn *et al.* | |
| | US7 | 5,805,810 | 09-08-1998 | Maxwell | |
| | US8 | 5,826,034 | 10-20-1998 | Albal | |
| | US9 | 5,872,926 | 02-16-1999 | Levac *et al.* | |
| | US10 | 5,894,558 | 04-13-1999 | Falker | |
| | US11 | 5,958,005 | 09-28-1999 | Thorne *et al.* | |
| | US12 | 5,982,506 | 11-09-1999 | Kara | |
| | US13 | 6,061,718 | 05-09-2000 | Nelson | |
| | US14 | 6,173,259 B1 | 01-09-2001 | Bijl *et al.* | |
| | US15 | 6,192,114 B1 | 02-20-2001 | Council | |
| | US16 | 6,233,318 B1 | 05-15-2001 | Picard *et al.* | |
| | US17 | 6,285,777 B2 | 09-04-2001 | Kanevsky *et al.* | |
| | US18 | 6,400,272 B1 | 06-04-2002 | Holtzman *et al.* | |
| | US19 | 6,591,367 B1 | 07-08-2003 | Kobata *et al.* | |
| | US20 | 6,606,648 B1 | 08-12-2003 | Mukundan *et al.* | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | WO 99/48054 A1 | 09-23-1999 | ASCOM HASLER MAILING SYSTEMS INC. | | |
| | FP2 | WO 99/21330 A1 | 04-29-1999 | E-STAMP CORPORATION | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.H./

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | To be assigned | |
| | | | Filing Date | Herewith | |
| | | | First Named Inventor | Stephen Hodge | |
| | | | Art Unit | To be assigned | |
| | | | Examiner Name | To be assigned | |
| Sheet | 2 | of | 2 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,665,380 B1 | 12-16-2003 | Cree *et al.* | |
| | US22 | 6,668,045 B1 | 12-23-2003 | Mow | |
| | US23 | 6,775,359 B1 | 08-10-2004 | Ron *et al.* | |
| | US24 | 6,788,771 B2 | 09-07-2004 | Manto | |
| | US25 | 6,801,932 B1 | 08-05-2004 | Picoult *et al.* | |
| | US26 | 6,850,147 B2 | 02-01-2005 | Prokoski *et al.* | |
| | US27 | 7,039,949 B2 | 05-02-2006 | Cartmell *et al.* | |
| | US28 | 7,158,621 B2 | 01-02-2007 | Bayne | |
| | US29 | 7,265,853 B1 | 09-04-2007 | Kara *et al.* | |
| | US30 | 7,277,695 B2 | 10-02-2007 | Petry *et al.* | |
| | US31 | 7,742,581 B2 | 06-22-2010 | Hodge *et al.* | |
| | US32 | 8,488,756 B2 | 07-16-2013 | Hodge *et al.* | |
| | US33 | 2002/0007453 | 01-17-2002 | Nemovicher | |
| | US34 | 2004/0029564 | 02-12-2004 | Hodge | |
| | US35 | 2006/0062355 | 03-23-2006 | Leonard | |
| | US36 | 2007/0233610 | 03-10-2009 | Gyllenskog *et al.* | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1873932_1.DOCX

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | | T[2] |
| | NPL1 | ADVANCED TECHNOLOGIES GROUP, INC, White Paper: Introduction to Advanced Technologies Group, Inc. Inmate Correspondence System, August 5, 2002, American Corrections Association Annual Conference, Anaheim, California | | |
| | NPL2 | ADVANCED TECHNOLOGIES GROUP, INC., Offender Management Suite: Correspondence System Brochure, printing invoice dated August 2, 2002, brochure distributed at August 2002 American Corrections Association Annual Conference, Anaheim, California | | |
| | NPL3 | ADVANCED TECHNOLOGIES GROUP, INC., Correspondence System Poster, published July 29, 2002 by Exhibit-Resources Midwest, displayed at August 2002 American Corrections Association Annual Conference, Anaheim, California | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

1873931_1.DOCX

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L3 | 1 | ("7265853").PN. | USPAT; USOCR | OR | OFF | 2015/06/01 09:33 |
| L2 | 23 | "7265853" | US-PGPUB; USPAT | OR | OFF | 2015/06/01 09:33 |
| L1 | 12 | "726585" | US-PGPUB; USPAT | OR | OFF | 2015/06/01 09:33 |
| L4 | 1 | ("5982506").PN. | USPAT; USOCR | OR | OFF | 2015/06/01 09:50 |
| L5 | 58 | ("4652700" \| "4766604" \| "5068888" \| "5553145" \| "5648916" \| "5740231" \| "5805810" \| "5826034" \| "5872926" \| "5894558" \| "5958005" \| "5982506" \| "6061718" \| "6173259" \| "6192114" \| "6233318" \| "6285777" \| "6400272" \| "6591367" \| "6606648").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:11 |
| L7 | 2 | (global near tel near link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:13 |
| L6 | 210 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:13 |
| L9 | 50559 | (709/206 709/227 455/412 726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:14 |
| L8 | 48627 | (h04l12/589 h04l51/12 h04l51/36 h04l63/08).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:14 |
| L10 | 456 | electronic near messag$3 with conver$4 and text and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:16 |

| L13 | 67 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:17 |
|---|---|---|---|---|---|---|
| L12 | 117 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:17 |
| L11 | 258 | electronic near messag$3 with conver$4 and text and voice and email | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:17 |
| L18 | 6 | I5 and electronic near messag$3 and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L17 | 8 | I5 and electronic near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L16 | 0 | I5 and electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) with platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L15 | 0 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) with platform and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L14 | 6 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) with platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L20 | 0 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) and control near platform and secure near communications near | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; | OR | OFF | 2015/06/01 10:20 |

| | | platform | DERWENT; IBM_TDB | | | | |
|---|---|---|---|---|---|---|---|
| L19 | 8 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) and control near platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:20 |
| L21 | 8 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) and control near platform and secure | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:21 |
| L24 | 9 | electronic near messag$3 and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:25 |
| L23 | 9 | electronic near messag$3 and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:25 |
| L22 | 9 | electronic near messag$3 and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:25 |
| L25 | 8 | ("electronic message exchange system")and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:26 |
| L27 | 0 | l7 and ("electronic message exchange system")and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:28 |
| L26 | 8 | l6 and ("electronic message exchange system")and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | | OFF | 2015/06/01 10:28 |
| L29 | 30 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; | OR | | OFF | 2015/06/01 10:29 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
| L28 | 2 | (global near tel near1 link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:29 |
| L35 | 0 | l29 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L34 | 0 | l29 and l13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L33 | 8 | l6 and l13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L32 | 8 | l6 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L31 | 8 | l6 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L30 | 8 | l6 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L41 | 3 | l29 and messag$3 and conver$4 and text and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:31 |
| L40 | 6 | l29 and messag$3 and conver$4 | US-PGPUB; | OR | OFF | 2015/06/01 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | | | 10:31 |
| L39 | 11 | I29 and messag$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2015/06/01<br>10:31 |
| L38 | 0 | I29 and I22 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2015/06/01<br>10:31 |
| L37 | 0 | I29 and I10 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2015/06/01<br>10:31 |
| L36 | 0 | I29 and I11 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2015/06/01<br>10:31 |
| L47 | 0 | I9 and I14 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2015/06/01<br>10:32 |
| L46 | 0 | I8 and I14 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2015/06/01<br>10:32 |
| L45 | 22 | I8 and I12 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2015/06/01<br>10:32 |
| L44 | 14 | I8 and I13 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT; | OR | OFF | 2015/06/01<br>10:32 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | IBM_TDB | | | | |
| L43 | 29 | I8 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:32 |
| L42 | 33 | I8 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:32 |
| L52 | 3 | I9 and I26 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L51 | 109 | I9 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L50 | 81 | I9 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L49 | 33 | I9 and I12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L48 | 10 | I9 and I13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |

**EAST Search History (Interference)**

< This search history is empty>

**6/1/2015 10:33:47 AM**
**C:\Users\aholmes\Documents\EAST\Workspaces\051815.wsp**



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6317**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 **RULE** | 726 | 2497 | 3210.0150005 |

**APPLICANTS**
  Global Tel*Link Corp., Reston, VA;

**INVENTORS**
  Stephen HODGE, Aubry, TX;
  David Woody, Allen, TX;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
  This application is a CON of 13/941,382 07/12/2013
    which is a CON of 12/802,641 06/10/2010 PAT 8488756
    which is a CON of 10/996,795 11/24/2004 PAT 7742581

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\***
  08/20/2014

| Foreign Priority claimed ☐ Yes ☑ No<br>35 USC 119(a-d) conditions met ☐ Yes ☑ No<br>Verified and _/ /_ Angela Holmes<br>Acknowledged    Examiner's Signature | ☐ Met after Allowance<br><br>Initials | STATE OR COUNTRY<br><br>TX | SHEETS DRAWINGS<br><br>6 | TOTAL CLAIMS<br><br>20 | INDEPENDENT CLAIMS<br><br>2 |
|---|---|---|---|---|---|

**ADDRESS**

  STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
  1100 NEW YORK AVENUE, N.W.
  WASHINGTON, DC 20005
  UNITED STATES

**TITLE**

  Electronic Messaging Exchange

| | | |
|---|---|---|
| **FILING FEE RECEIVED**<br><br>2060 | FEES: Authority has been given in Paper<br>No._____ to charge/credit DEPOSIT ACCOUNT<br>No._____ for following: | ☐ All Fees<br>☐ 1.16 Fees (Filing)<br>☐ 1.17 Fees (Processing Ext. of time)<br>☐ 1.18 Fees (Issue)<br>☐ Other _____<br>☐ Credit |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | | | | | | | |
| | 1 | ✓ | | | | | | | |
| | 2 | ✓ | | | | | | | |
| | 3 | ✓ | | | | | | | |
| | 4 | ✓ | | | | | | | |
| | 5 | ✓ | | | | | | | |
| | 6 | ✓ | | | | | | | |
| | 7 | ✓ | | | | | | | |
| | 8 | ✓ | | | | | | | |
| | 9 | ✓ | | | | | | | |
| | 10 | ✓ | | | | | | | |
| | 11 | ✓ | | | | | | | |
| | 12 | ✓ | | | | | | | |
| | 13 | ✓ | | | | | | | |
| | 14 | ✓ | | | | | | | |
| | 15 | ✓ | | | | | | | |
| | 16 | ✓ | | | | | | | |
| | 17 | ✓ | | | | | | | |
| | 18 | ✓ | | | | | | | |
| | 19 | ✓ | | | | | | | |
| | 20 | ✓ | | | | | | | |
| | 21 | ✓ | | | | | | | |
| | 22 | ✓ | | | | | | | |
| | 23 | ✓ | | | | | | | |
| | 24 | ✓ | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | |
|---|---|



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

May 5, 2015

Commissioner for Patents                         *Confirmation No. 6317*
PO Box 1450                                       *Mail Stop Missing Parts*
Alexandria, VA 22313-1450

    Re:    U.S. Patent Application
           Appl. No. 14/457,593; Filed: August 12, 2014
           For:  **Electronic Messaging Exchange**
           Inventors:   HODGE *et al.*
           Our Ref:     3210.0150005

Commissioner:

       In reply to the "*Informational Notice to Applicant*," dated November 4, 2014, transmitted herewith for appropriate action are *Two (2) Declarations, executed by the inventors* which are submitted electronically through EFS-Web.

       In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

       The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                               Respectfully submitted,

                               STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                               Lauren C. Schleh
                               Attorney for Applicant
                               Registration No. 65,457

LCS/JXR/t-m
Enclosures

1993267_1

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | Electronic Messaging Exchange |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

[ ]   The attached application, or

[X]   United States application or PCT international application number _____14/457,593_____

filed on _____August 12, 2014_____

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Stephen HODGE                                      Date (Optional) _____

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014  OMB 0651-0032
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | Electronic Messaging Exchange |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

☐ The attached application, or

☒ United States application or PCT international application number _14/457,593_

filed on _____August 12, 2014_____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any wilful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: David WOODY                                Date (Optional): _____

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 22260252 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Jared William Radkiewcz/Jeanette Yando |
| **Filer Authorized By:** | Jared William Radkiewcz |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 05-MAY-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 18:08:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005-Filing-Declarations.pdf | 1746518<br>b09a20e057c8d7ddc730ae018d4c2f47f17de23e | yes | 3 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Transmittal Letter | 1 | 1 |
| Oath or Declaration filed | 2 | 3 |

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 1746518 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Preliminary Amendment Under 37 C.F.R. § 1.115

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In advance of prosecution, Applicant submits the following amendments and remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 7 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                              Global Tel*Link Corp.
                                                   Appl. No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Original) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a message and transmit the message via a data connection; and

a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user, the control platform including:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

wherein the user device is located outside the facility.

2.      (Previously Presented) The system of claim 1, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods.

3.      (Currently Amended) The system of claim [[1]] 2, wherein the plurality of input methods include at least one of a text input and a voice input.

Atty. Dkt. No. 321.0150005

- 3 -                                    Global Tel*Link Corp.
                                         Appl. No. 14/457,593

4.     (Previously Presented) The system of claim 1, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message.

5.     (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message.

6.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the message from a text format into a voice format.

7.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the message from a voice format into a text format.

8.     (Previously Presented) The system of claim 1, wherein the terminal is further configured to authenticate the local user.

9.     (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

Atty. Dkt. No. 321.0150005

- 4 -                                          Global Tel*Link Corp.
                                               Appl. No. 14/457,593

10.     (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.     (Previously Presented) The system of claim 8, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

12.     (Previously Presented) The system of claim 8, wherein the control platform allows an administrator to monitor messages.

13.     (Original) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

        a control platform configured to receive a message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

        a terminal configured to receive the message via a data connection and provide the message to an inmate of the  facility,

        wherein the control platform includes:

                a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

Atty. Dkt. No. 321.0150005

- 5 -                                    Global Tel*Link Corp.
                                          Appl. No. 14/457,593

a central computer control platform configured to allow the local user and the remote

user to communicate via electronic messages.

14.     (Previously Presented) The system of claim 13, wherein the control platform is further
configured to convert the message from a non-voice format into a voice format.

15.     (Previously Presented) The system of claim 13, wherein the control platform is further
configured to convert the message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the terminal is further configured to
authenticate the local user.

17.     (Previously Presented) The system of claim 16, wherein the terminal is further configured to
authenticate the local user using at least one of a biometric information and a radio frequency
identification.

18.     (Previously Presented) The system of claim 15, wherein the terminal is further configured to
alert the local user that a message has been received.

Atty. Dkt. No. 321.0150005

- 6 -                                                      Global Tel*Link Corp.
                                                          Appl. No. 14/457,593

19.     (Previously Presented) The system of claim 15, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

20.     (Previously Presented) The system of claim 15, wherein the control platform is further configured to notify the local user when a message is received.

21.     (New) The system of claim 1, wherein the data connection is a wired data connection.

22.     (New) The system of claim 1, wherein the data connection is a wireless data connection.

23.     (New) The system of claim 13, wherein the data connection is a wired data connection.

24.     (New) The system of claim 13, wherein the data connection is a wireless data connection.

Atty. Dkt. No. 321.0150005

- 7 -                                                 Global Tel*Link Corp.
                                                      Appl. No. 14/457,593

### *Remarks*

Upon entry of the foregoing amendment, claims 1-24 are pending in the application, with claims 1 and 13 being the independent claims.  Claim 3 is sought to be amended.  New claims 21-24 are sought to be added.  These changes are believed to introduce no new matter, and their entry is respectfully requested.

Support for new claims 21-24  is found, *inter alia*, at paragraph [0066].

Atty. Dkt. No. 321.0150005

- 8 -                                                    Global Tel*Link Corp.
                                                         Appl. No. 14/457,593

### *Conclusion*

Prompt and favorable consideration of this Preliminary Amendment is respectfully

requested.  Applicant believes the present application is in condition for allowance.  If the Examiner

believes, for any reason, that personal communication will expedite prosecution of this application,

the Examiner is invited to telephone the undersigned at the number provided.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Michael D. Specht
Attorney for Applicant
Registration No. 54,463

Date: __3/20/15__

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1976627_1

Atty. Dkt. No. 321.0150005

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21837502 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Jared William Radkiewcz/Tylene McCoy |
| **Filer Authorized By:** | Jared William Radkiewcz |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 20-MAR-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:55:39 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005-Filing-PreliminaryAmendmentUnder1115.pdf | 2568177<br>2136b81ab214328c7b5e2a9a5e6f1d50f91d213d | yes | 9 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Transmittal Letter | 1 | 1 |
| Preliminary Amendment | 2 | 2 |
| Claims | 3 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 9 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 2568177 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**MICHAEL D. SPECHT**
DIRECTOR
(202) 772-8756
MSPECHT@SKGF.COM

March 20, 2015

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn:  Mail Stop Amendment*

Re:    U.S. Utility Patent Application
         Appl. No. 14/457,593; Filing Date: August 12, 2014
         For:    **Electronic Messaging Exchange**
         Inventors:    HODGE *et al.*
         Our Ref:    3210.0150005

Commissioner:

Transmitted herewith for appropriate action is a document entitled ***Preliminary Amendment Under 37 C.F.R. § 1.115*** which is submitted electronically through EFS-Web.

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Michael D. Specht
Attorney for Applicant
Registration No. 54,463

MDS/JXR/t-m
Enclosure

1977404_1

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 14/457,593 | Filing Date 08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | **03/20/2015** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 24 | Minus | ** 20 | = 4 | x $80 = | 320 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **320** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/KIMBERLY WHITE/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**PUBLICATION NOTICE**

*OC000000073384401*

**Title:** Electronic Messaging Exchange

**Publication No.** US-2015-0043721-A1
**Publication Date:** 02/12/2015

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number
14/457,593

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 280 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 600 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 720 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | | | OR | x 80 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 2 | minus 3 = * | | | | x 420 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1600 |

### APPLICATION AS AMENDED - PART II

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT A** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

  * If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
 ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
   The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 2653 | 1740 | 3210.0150005 | 20 | 2 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**UPDATED FILING RECEIPT**


*OC000000071655607*

Date Mailed: 11/04/2014

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**
Stephen HODGE, Aubry, TX;
David Woody, Allen, TX;

**Applicant(s)**
Global Tel*Link Corp., Reston, VA

**Power of Attorney:** The patent practitioners associated with Customer Number 26111

**Domestic Priority data as claimed by applicant**
This application is a CON of 13/941,382 07/12/2013
which is a CON of 12/802,641 06/10/2010 PAT 8488756
which is a CON of 10/996,795 11/24/2004 PAT 7742581

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 08/20/2014
The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/457,593**
**Projected Publication Date:** 02/12/2015
**Non-Publication Request:** No

page 1 of 3

**Early Publication Request:** No
**Title**

      Electronic Messaging Exchange

**Preliminary Class**

      379

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.



U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**NOTICE**

*OC000000071655608*

Date Mailed: 11/04/2014

# INFORMATIONAL NOTICE TO APPLICANT

Applicant is notified that the above-identified application contains the deficiencies noted below. No period for reply is set forth in this notice for correction of these deficiencies. However, if a deficiency relates to the inventor's oath or declaration, the applicant must file an oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each actual inventor no later than the expiration of the time period set in the "Notice of Allowability" to avoid abandonment. See 37 CFR 1.53(f).

The item(s) indicated below are also required and should be submitted with any reply to this notice to avoid further processing delays.

- A properly executed inventor's oath or declaration has not been received for the following inventor(s):
  Stephen HODGE
  David Woody

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| GLOBAL TEL*LINK CORP. | Art Unit: 2653 |
| Appl. No.: 14/457,593 | Examiner: To be assigned |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Preliminary Amendment Under 37 C.F.R. § 1.115 and Reply to Notice of Omitted Item(s) in a Nonprovisional Application

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In advance of prosecution, Applicant submits the following amendments and remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Amendments to the Drawings begin on page 7 of this paper and include both an attached replacement sheet and an annotated sheet showing changes.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                      GLOBAL TEL*LINK CORP.
                                           Appl. No. 14/457,593

### Amendments to the Claims

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Original)     A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a message and transmit the message via a data connection; and

a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user, the control platform including:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

wherein the user device is located outside the facility.

2.      (Currently Amended) The system of claim [[21]] 1, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods.

Atty. Dkt. No. 321.0150005

- 3 -                          GLOBAL TEL*LINK CORP.
                                   Appl. No. 14/457,593

3.      (Currently Amended) The system of claim [[22]] 1, wherein the plurality of input methods include at least one of a text input and a voice input.

4.      (Currently Amended) The system of claim [[21]] 1, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message.

5.      (Currently Amended) The system of claim [[24]] 4, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message.

6.      (Currently Amended) The system of claim [[21]] 1, wherein the control platform is further configured to convert the message from a text format into a voice format.

7.      (Currently Amended) The system of claim [[21]] 1, wherein the control platform is further configured to convert the message from a voice format into a text format.

8.      (Currently Amended) The system of claim [[21]] 1, wherein the terminal is further configured to authenticate the local user.

- 4 -                    GLOBAL TEL*LINK CORP.
                        Appl. No. 14/457,593

9.      (Currently Amended) The system of claim [[28]] 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

10.     (Currently Amended) The system of claim [[28]] 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.     (Currently Amended) The system of claim [[28]] 8, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

12.     (Currently Amended) The system of claim [[28]] 8, wherein the control platform allows an administrator to monitor messages.

13.     (Original)      A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

        a control platform configured to receive a message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

        a terminal configured to receive the message via a data connection and provide the message to an inmate of the  facility,

        wherein the control platform includes:

                                                        Atty. Dkt. No. 321.0150005

- 5 -                                   GLOBAL TEL*LINK CORP.
                                        Appl. No. 14/457,593

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Currently Amended) The system of claim [[33]] 13, wherein the control platform is further configured to convert the message from a non-voice format into a voice format.

15.     (Currently Amended) The system of claim [[33]] 13, wherein the control platform is further configured to convert the message from a voice format into a text format.

16.     (Currently Amended) The system of claim [[33]] 13, wherein the terminal is further configured to authenticate the local user.

17.     (Currently Amended) The system of claim [[36]] 16, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

- 6 -                          GLOBAL TEL*LINK CORP.
                                Appl. No. 14/457,593

18.     (Currently Amended) The system of claim [[35]] 15, wherein the terminal is further configured to alert the local user that a message has been received.

19.     (Currently Amended) The system of claim [[35]] 15, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

20.     (Currently Amended) The system of claim [[35]] 15, wherein the control platform is further configured to notify the local user when a message is received.

- 7 -                                    GLOBAL TEL*LINK CORP.
                                         Appl. No. 14/457,593

### *Amendments to the Drawings*

In reply to the Notice of Omitted Item(s) in a Nonprovisional Application dated August 20, 2014, Applicant hereby selects option (III)(B)(2) – Applicant accepts the application as deposited, but wishes to add the subject matter in the omitted item (FIG. 6) by relying on an incorporation by reference under 37 C.F.R. § 1.57.

In compliance with 37 C.F.R. § 1.121(d), Applicant hereby adds missing Figure 6 as new drawing sheet 1. In compliance with 35 U.S.C. 132(a), because of an incorporation by reference under 37 C.F.R. § 1.57 of parent U.S. Application No. 13/941,382 (see e.g., ¶ [0001] of filed specification), no new matter is hereby added. The missing Figure 6 added here can be found in its entirety as Figure 6 in parent Application No. 13/941,382.

- 8 -                                    GLOBAL TEL*LINK CORP.
                                         Appl. No. 14/457,593

## *Remarks*

Upon entry of the foregoing amendment, claims 1-20 are pending in the application, with claims 1 and 13 being the independent claims. Claims 2-20 are sought to be amended. These changes are believed to introduce no new matter, and their entry is respectfully requested.

- 9 -
GLOBAL TEL*LINK CORP.
Appl. No. 14/457,593

## *Conclusion*

Prompt and favorable consideration of this Preliminary Amendment is respectfully requested. Applicant believes the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Carlos Perez-Toro
Attorney for Applicant
Registration No. 69,978

Date: 10/30/2014

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1896464_1.DOCX

Atty. Dkt. No. 321.0150005

Inventors: HODGE et al.
Appl. No. 14/457,593
Attorney Docket No. 3210.0150005
Sheet 1 of 1
NEW SHEET



FIG. 6

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| Extension - 1 month with $0 paid | 1251 | 1 | 200 | 200 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **200** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 20543932 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Carlos Rafael Perez Toro/lynette miller |
| **Filer Authorized By:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 30-OCT-2014 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 09:18:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 200 |
| RAM confirmation Number | 11459 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | | 3210_0150005_prelimamend.pdf | 272714 | yes | 12 |
|---|---|---|---|---|---|
| | | | 79e7bcc71769a4bfa387cb6c51b378d122729734 | | |

| **Multipart Description/PDF files in .zip description** | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Miscellaneous Incoming Letter | 1 | 1 |
| Extension of Time | 2 | 2 |
| Preliminary Amendment | 3 | 3 |
| Claims | 4 | 8 |
| Applicant Arguments/Remarks Made in an Amendment | 9 | 11 |
| Drawings-only black and white line drawings | 12 | 12 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30105 | no | 2 |
| | | | 97fbd8facd8d100987c8fde4b95d8efa8e55745a | | |
| Warnings: | | | | | |
| Information: | | | | | |
| **Total Files Size (in bytes):** | | | | 302819 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**CARLOS PEREZ-TORO**
ASSOCIATE
(202) 772-8636
CPEREZ@SKGF.COM

October 30, 2014

Commissioner for Patents                              _**Confirmation No. 6317**_
PO Box 1450                                                        _**Art Unit 2653**_
Alexandria, VA 22313-1450              _**Attn: Mail Stop Missing Parts**_

    Re:    U.S. Utility Patent Application
            Appl. No. 14/457,593; Filing Date: August 12, 2014
            For:   **Electronic Messaging Exchange**
            Inventors: HODGE _et al._
            Our Ref: 321.0150005

Commissioner:

    Transmitted herewith for appropriate action are the following documents:

1.   Online Credit Card Payment Authorization in the amount of $200.00 to cover:
     $200.00 Extension of Time Fee (1 month);

2.   Petition for Extension of Time Under 37 C.F.R. § 1.136(a);

3.   Preliminary Amendment Under 37 C.F.R. § 1.115 and Reply to Notice of Omitted
     Item(s) in a Nonprovisional Application; and

4.   One (1) Drawing Sheet (Figure 6).

    The above-listed documents are filed electronically through EFS-Web.

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    Fee payment is provided through online credit card payment. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

            Respectfully submitted,

            STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

            Carlos Perez-Toro
            Attorney for Applicant
            Registration No. 69,978

CPT/lam
Enclosures                                      1898454_1.DOCX

PTO/SB/22 (03-13)
Approved for use through 3/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) | Docket Number (Optional) 321.0150005 |
|---|---|

| Application Number 14/457,593 | Filed August 12, 2014 |
|---|---|

For
Electronic Messaging Exchange

| Art Unit 2653 | Examiner To be assigned |
|---|---|

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above-identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

|  |  | Fee | Small Entity Fee | Micro Entity Fee |  |
|---|---|---|---|---|---|
| X | One month (37 CFR 1.17(a)(1)) | $200 | $100 | $50 | $ 200.00 |
| ☐ | Two months (37 CFR 1.17(a)(2)) | $600 | $300 | $150 | $ _____ |
| ☐ | Three months (37 CFR 1.17(a)(3)) | $1,400 | $700 | $350 | $ _____ |
| ☐ | Four months (37 CFR 1.17(a)(4)) | $2,200 | $1,100 | $550 | $ _____ |
| ☐ | Five months (37 CFR 1.17(a)(5)) | $3,000 | $1,500 | $750 | $ _____ |

☐ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.

X The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to
Deposit Account Number _____ 19-0036 _____.

X Payment made via EFS-Web.

**WARNING:** Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

I am the

☐ applicant/inventor.

☐ assignee of record of the entire interest. See 37 CFR 3.71. 37 CFR 3.73(b) statement is enclosed (Form PTO/SB/96).

☐ attorney or agent of record. Registration number _____

X attorney or agent acting under 37 CFR 1.34. Registration number _____ 69,978 _____

| Signature | Date October 30, 2014 |
|---|---|
| Typed or printed name Carlos Perez-Toro | Telephone Number (202) 371-2600 |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

X * Total of _____ 1 _____ forms are submitted.

This collection of information is required by 37 CFR 1.136(a). The information is required to obtain or retain a benefit by the public, which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 6 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **10/30/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/TAMIE JARRETT/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FORMALITIES LETTER**


*OC000000070301467*

Date Mailed: 08/20/2014

## NOTICE OF OMITTED ITEM(S) IN A NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

A filing date has been accorded to the above-identified nonprovisional application papers; however, the following item(s) appear to have been omitted from the application:

• Figure(s) **6** described in the specification.

Applicant must reply to this notice within the time period set forth in this notice to avoid abandonment of this application. Applicant must select one of the three following options and the reply must comply with the requirements set forth in the selected option and any other requirements set forth in this notice. The reply should also indicate which option applicant has selected.

I. <u>**Petition for date of deposit:**</u> Should applicant contend that the above-noted omitted item(s) was in fact deposited in the U.S. Patent and Trademark Office (USPTO) with the nonprovisional application papers, a copy of this Notice and a petition (and the petition fee set forth in 37 CFR 1.17(f) with evidence of such deposit **must** be filed within **TWO MONTHS** of the date of this Notice. The petition fee will be refunded if it is determined that the item(s) was received by the USPTO. **THIS** <u>TWO MONTH</u> **PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b).**

II. <u>**Petition for later filing date:**</u> Should applicant desire to supply the omitted item(s) and accept the date that such omitted item(s) was filed in the USPTO as the filing date of the above-identified application, a copy of this Notice, the omitted item(s), and a petition under 37 CFR 1.182 with the petition fee set forth in 37 CFR 1.17(f) requesting the later filing date **must** be filed within **TWO MONTHS** of the date of this Notice. **THIS** <u>TWO MONTH</u> **PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b).**
Applicant is advised that generally the filing fee required for an application is the filing fee in effect on the filing date accorded the application and that payment of the requisite basic filing fee on a date later than the filing date of the application requires payment of a surcharge (37 CFR 1.16(f)). To avoid processing delays and payment of a surcharge, applicant should submit any balance due for the requisite filing fee based on the later filing date being requested when submitting the omitted item(s) and the petition (and petition fee) requesting the later filing date.

III. <u>**Acceptance of application as deposited:**</u> Applicant may accept the application as deposited in the USPTO by filing an appropriate amendment as set forth in either (A) or (B) below within **TWO MONTHS** of the date of this Notice. **THIS** <u>TWO MONTH</u> **PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b)** . The application will maintain a filing date as of the date of deposit of the application papers in the USPTO, and original application papers (i.e., the original disclosure of the invention) will include only those application papers present in the USPTO on the date of deposit. A petition is not required for this option.

**(A)** If applicant wants to accept the application as deposited without adding the subject matter that was in the omitted item (e.g., a missing page or figure), applicant is required to submit one or more of the following items without adding any new matter (see 35 U.S.C. 132(a)):

1. For a missing page of the specification,
    a) a substitute specification including claims that amends the specification to renumber the pages consecutively and cancels any incomplete sentences, and
    b) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125;

2. For a missing figure of the drawings,
    a) replacement drawing sheets in compliance with 37 CFR 1.121(d) to renumber the drawing figures consecutively (if necessary),
    b) a substitute specification excluding claims that amends the specification to cancel any references to any omitted drawing(s) and corrects the references in the specification to the drawing figures to correspond with any relabeled drawing figures, and
    c) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125;

3. For a missing page of the claim listing only, a replacement claim listing with the claims renumbered consecutively or, if amendment to the claims is also necessary, then a complete claim listing in compliance with 37 CFR 1.121(c);

4. For a missing or unreadable compact disc,
    a) a substitute specification (excluding the claims) deleting the reference to the compact disc and the files contained on the compact disc, and
    b) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125; and

5. For a missing or unreadable file submitted on a compact disc,
    a) a substitute specification (excluding the claims) deleting the reference to the missing or unreadable file, and a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125; and
    b) a replacement transmittal letter listing all of the files except the missing or unreadable file in compliance with 37 CFR 1.52(e)(3)(ii).

**(B)** Alternatively, if applicant wants to accept the application as deposited but wishes to add the subject matter in the omitted item (e.g., a missing page or figure) by relying on an incorporation by reference under 37 CFR 1.57 or other portions of the original disclosure, applicant is required to submit one or more of the following items without adding any new matter (see 35 U.S.C. 132(a)):

1. To add the subject matter in a missing page of specification,
    a) a substitute specification excluding claims and
    b) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125;

2. To add a missing figure of the drawings, new and replacement drawing sheets in compliance with 37 CFR 1.121(d);

3. To add the subject matter in a missing page of the claim listing, a complete claim listing in compliance with 37 CFR 1.121(c) (e.g., a claim in the missing page should be submitted as a new claim);

4. To add the subject matter in a missing or unreadable compact disc,
    a) a replacement compact disc and a duplicate copy of the compact disc, in compliance with 37 CFR 1.52(e); and
    b) a statement that the replacement compact disc contains no new matter in compliance with 37 CFR 1.52(e)(4); and,

5. To add the subject matter in a missing or unreadable file submitted on a compact disc,
    a) a replacement compact disc that contains all of the files listed in the specification including the missing or unreadable file and a duplicate copy of the compact disc, in compliance with 37 CFR 1.52(e); and

b) a statement that the replacement compact disc contains no new matter in compliance with 37 CFR 1.52(e)(4).

If applicant is relying on an incorporation by reference under 37 CFR 1.57 to add the omitted subject matter, then applicant must also comply with the requirements of 37 CFR 1.57.

Applicant is cautioned that correction of the above items may cause the specification and drawings page count to exceed 100 pages. If the specification and drawings exceed 100 pages, applicant will need to submit the required application size fee.

**Items Required To Avoid Processing Delays:**

Applicant is notified that the above-identified application contains the deficiencies noted below. No period for reply is set forth in this notice for correction of these deficiencies. However, if a deficiency relates to the inventor's oath or declaration, the applicant must file an oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each actual inventor no later than the expiration of the time period set in the "Notice of Allowability" to avoid abandonment. See 37 CFR 1.53(f).

• A properly executed inventor's oath or declaration has not been received for the following inventor(s):
  Stephen HODGE
  David Woody

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

Replies should be mailed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web, including a copy of this Notice and selecting the document description "Applicant response to Pre-Exam Formalities Notice". https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

/masfaw/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number |
|---|
| 14/457,593 |

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 280 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 600 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 720 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | | | OR | x 80 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 2 | minus 3 = * | | | | x 420 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1600 |

### APPLICATION AS AMENDED - PART II

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT A | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT B | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 2653 | 1740 | 3210.0150005 | 20 | 2 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FILING RECEIPT**

*0C000000070301466*

Date Mailed: 08/20/2014

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**
Stephen HODGE, Aubry, TX;
David Woody, Allen, TX;

**Applicant(s)**
Global Tel*Link Corp., Reston, VA

**Power of Attorney:** The patent practitioners associated with Customer Number 26111

**Domestic Priority data as claimed by applicant**
This application is a CON of 13/941,382 07/12/2013
which is a CON of 12/802,641 06/10/2010 PAT 8488756
which is a CON of 10/996,795 11/24/2004 PAT 7742581

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 08/20/2014
The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/457,593**
**Projected Publication Date:** To Be Determined - pending completion of Omitted Items
**Non-Publication Request:** No

page 1 of 3

**Early Publication Request:** No
**Title**

Electronic Messaging Exchange

**Preliminary Class**

379

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

PTO/AIA/15 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | 3210.0150005 |
| First Named Inventor | Stephen HODGE |
| Title | Electronic Messaging Exchange |
| Express Mail Label No. | |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

ADDRESS TO:  **Commissioner for Patents**
P.O. Box 1450
Alexandria, VA 22313-1450

1. ☐ Fee Transmittal Form
   (PTO/SB/17 or equivalent)

2. ☐ Applicant asserts small entity status.
   See 37 CFR 1.27

3. ☐ Applicant certifies micro entity status. See 37 CFR 1.29.
   Applicant must attach form PTO/SB/15A or B or equivalent.

4. ☒ Specification        [Total Pages ____24____]
   Both the claims and abstract must start on a new page.
   (See MPEP § 608.01(a) for information on the preferred arrangement)

5. ☒ Drawing(s) (35 U.S.C. 113)   [Total Sheets ____6____]

6. Inventor's Oath or Declaration   [Total Pages _____]
   (including substitute statements under 37 CFR 1.64 and assignments
   serving as an oath or declaration under 37 CFR 1.63(e))

   a. ☐ Newly executed (original or copy)

   b. ☐ A copy from a prior application (37 CFR 1.63(d))

7. ☒ Application Data Sheet   * See note below.
   See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. ☐ CD-ROM or CD-R
   in duplicate, large table, or Computer Program (Appendix)
   ☐ Landscape Table on CD

9. Nucleotide and/or Amino Acid Sequence Submission
   (if applicable, items a. – c. are required)

   a. ☐ Computer Readable Form (CRF)

   b. ☐ Specification Sequence Listing on:

      i. ☐ CD-ROM or CD-R (2 copies); or

      ii. ☐ Paper

   c. ☐ Statements verifying identity of above copies

### ACCOMPANYING APPLICATION PAPERS

10. ☐ Assignment Papers
    (cover sheet & document(s)
    Name of Assignee  Global Tel*Link Corp.

11. ☐ 37 CFR 3.73(c) Statement          ☒ Power of Attorney
    (when there is an assignee)

12. ☐ English Translation Document
    (if applicable)

13. ☒ Information Disclosure Statement
    (PTO/SB/08 or PTO-1449)
    ☐ Copies of citations attached

14. ☐ Preliminary Amendment

15. ☐ Return Receipt Postcard
    (MPEP § 503) (Should be specifically itemized)

16. ☐ Certified Copy of Priority Document(s)
    (if foreign priority is claimed)

17. ☐ Nonpublication Request
    Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35
    or equivalent.

18. ☒ Other: Authorization Under 37 CFR 1.136(a)(3)

*Note: (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

☒ The address associated with Customer Number: ____26111____      OR   ☐ Correspondence address below

| Name | |
|---|---|
| Address | |
| City | | State | | Zip Code | |
| Country | | Telephone | | Email | |

| | | | |
|---|---|---|---|
| Signature | *[signature]* | Date | August 12, 2014 |
| Name (Print/Type) | Carlos Perez-Toro | Registration No. (Attorney/Agent) | 69,978 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: To be assigned |
| Global Tel*Link Corp. | Art Unit: To be assigned |
| Appl. No.: To be assigned (*Continuation of Appl. No. 13/941,382; Filed: July 12, 2013*) | Examiner: To be assigned |
| Filed: Herewith | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Authorization to Treat a Reply as Incorporating an Extension of Time Under 37 C.F.R. § 1.136(a)(3)

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

The U.S. Patent and Trademark Office is hereby authorized to treat any concurrent or future reply that requires a petition for an extension of time under this paragraph for its timely submission, as incorporating a petition for extension of time for the appropriate length of time. The U.S. Patent and Trademark Office is hereby authorized to charge all required extension of time fees to our Deposit Account No. 19-0036, if such fees are not otherwise provided for in such reply.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Carlos Perez-Toro
Attorney for Applicant
Registration No. 69,978

Date: ___August 12, 2014_____
1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1873933_1.DOCX

PTO AIA/14 Equivalent (December 2013)

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐      Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

### Inventor 1 Legal Name:

| Given Name: | Middle Name: | Family Name: | Suffix |
|---|---|---|---|
| Stephen | | HODGE | |

**Residence Information (Select One):**
☒ US Residency    ☐ Non US Residency    ☐ Active US Military Service

| City: Aubry | State/Province: TX | Country of Residence: US |
|---|---|---|

**Mailing Address of Inventor:**

| Address 1: | 12184 FM 428 |
|---|---|
| Address 2: | |
| City: | Aubry | State/Province: | TX |
| Postal Code: | 76227 | Country: | US |

### Inventor 2 Legal Name:

| Given Name: | Middle Name: | Family Name: | Suffix |
|---|---|---|---|
| David | | WOODY | |

**Residence Information (Select One):**
☒ US Residency    ☐ Non US Residency    ☐ Active US Military Service

| City: Allen | State/Province: TX | Country of Residence: US |
|---|---|---|

**Mailing Address of Inventor 2:**

| Address 1: | 5807 Rathbone Drive |
|---|---|
| Address 2: | |
| City: | Allen | State/Province: | TX |
| Postal Code: | 75002 | Country: | US |

## Correspondence Information:

| Customer Number | 26111 |
|---|---|

## Application Information:

| Title of Invention: | Electronic Messaging Exchange | | |
|---|---|---|---|
| Attorney Docket Number: | 3210.0150005 | Small Entity Status Claimed | ☐ |
| Application Type (e.g., Nonprovisional, Provisional): | | Nonprovisional | |

- 1 -

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

| Subject Matter (e.g., utility, plant, design): | | utility | |
|---|---|---|---|
| Total Number of Drawing Sheets (if any): | 6 | Suggested Figure for Publication (if any): | |

### Filing by Reference:

Only compete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

### Publication Information:

| | |
|---|---|
| ☐ | **Request Early Publication** (Fee required at time of Request 37 CFR 1.219) |
| ☐ | **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application has not and will not be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing. |

### Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the Customer Number will be used for the Representative Information during processing.

| Customer Number | 26111 |
|---|---|

### Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the application number blank.

| Application Number | Continuity Type | Prior Application Status | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
|---|---|---|---|---|---|---|
| | Continuation of | Pending | 13/941,382 | 2013-07-12 | | |
| 13/941,382 | Continuation of | Patented | 12/802,641 | 2010-06-10 | 8,488,756 | 2013-07-16 |
| 12/802,641 | Continuation of | Patented | 10/996,795 | 2004-11-24 | 7,742,581 | 2010-06-22 |

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

### *Foreign Priority Information:*

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX) the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| Application Number | Country | Filing Date (YYYY-MM-DD) | Access Code (if applicable) |
|---|---|---|---|
| | | | |

### *Statement under 37 CFR 1.55 and 1.78 for AIA (First Inventor to File) Transition Applications*

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 and 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

### *Authorization to Permit Access:*

| ☒ | *Authorization to Permit Access to the Instant Application by the Participating Offices* |
|---|---|

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed, 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application, and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing this Authorization.

### *Applicant Information:*

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of the CFR to have an assignment recorded by the Office.

#### Applicant 1

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

| ☒ Assignee | ☐ Legal Representative under 35 U.S.C. 117 | ☐ Joint Inventor |
|---|---|---|

| ☐ Person to whom the inventor is obligated to assign | ☐ Person who shows sufficient proprietary interest |
|---|---|

If Applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

☐ Deceased          ☐ Legally Incapacitated

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

If the Applicant is an Organization check here:  ☒

| Organization Name: | Global Tel*Link Corp. |
|---|---|

### *Mailing Address Information for Applicant:*

| **Address 1:** | 12021 Sunset Hills Road, Suite 100 | | |
|---|---|---|---|
| **Address 2:** | | | |
| **City:** | Reston | **State/Province:** | VA |
| **Country:** | US | **Postal Code:** | 20190 |

### *Assignee Information including Non-Applicant Assignee Information:*

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 CFR to have an assignment recorded by the Office.

### Assignee 1

Complete this section only if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

If the Assignee or Non-Applicant Assignee is an Organization check here:  ☐

| **Given Name:** | **Middle Name:** | **Family Name:** |
|---|---|---|
| | | |

### *Mailing Address Information for Assignee including Non-Applicant Assignee:*

| **Address 1:** | | |
|---|---|---|
| **Address 2:** | | |
| **City** | | **State/Province** | |
| **Country** | | **Postal Code** | |

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

**Signature:**

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CF 1.4 for signature requirements and certifications.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Carlos Perez-Toro
Attorney for Applicants
Registration No. 69,978

Date: ___August 12, 2014___

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
cperez@skgf.com

1873934_1.DOCX

- 5 -

Doc Code: PA..
Document Description:  Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form.  If neither form PTO/AIA/82A nor form PTO/AIA/82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | To be assigned |
| Filing Date | |
| First Named Inventor | Stephen HODGE |
| Title | Electronic Messaging Exchange |
| Art Unit | To be assigned |
| Examiner Name | To be assigned |
| Attorney Docket Number | 3210.0150003 |

## SIGNATURE of Applicant or Patent Practitioner

| | | | |
|---|---|---|---|
| Signature | | Date (Optional) | August 12, 2014 |
| Name | Carlos Perez-Toro | Registration Number | 69,978 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33.  See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

[X] *Total of ___1___ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[X] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

OR

26111

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:

[X] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number: 26111

OR

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

Global Tel*Link Corp.

[ ] Inventor or Joint Inventor (title not required below)
[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)
[X] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)
[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 6-11-20.4 |
|---|---|---|---|
| Name | Stephen Hodge | | |
| Title | Senior Vice President | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[X] Total of 1 forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.:  To be assigned |
| Global Tel*Link Corp. | Art Unit:  To be assigned |
| Appl. No.:  To be assigned | Examiner:  To be assigned |
| Filed:  Herewith | Atty. Docket:  3210.0150005 |
| For:  **Electronic Messaging Exchange** | |

## Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Where the publication date of a listed document does not provide a month of publication, the year of publication of the listed document is sufficiently earlier than the effective U.S. filing date and any foreign priority date so that the month of publication is not in issue.  Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned.  However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

- 2 -                                                    Global Tel*Link Corp.
                                                         Appl. No. To be assigned

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

Applicant has checked the appropriate boxes below.

☐ 1.   Statement under 37 C.F.R. 1.704(d). Each item of information contained in this Information Disclosure Statement: (i) was first cited in any communication from a patent office in a counterpart[1] foreign or international application or from the Office; and this communication was not received by any individual designated in Sec. 1.56(c) more than thirty days prior to the filing of this information disclosure statement; OR (ii) is a communication that was issued by a patent office in a counterpart foreign or international application or by the Office, and this communication was not received by any individual designated in Sec. 1.56(c) more than thirty days prior to the filing of the information disclosure statement.

---

[1] The term counterpart foreign patent application means that a claim for priority has been made in either the U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical (e.g., an application filed in the European Patent Office claiming the same U.K. priority as claimed in the U.S. application).

- 3 -

Global Tel*Link Corp.<br>Appl. No. To be assigned

☒ 2.  Filing under 37 C.F.R. § 1.97(b). This Information Disclosure Statement is being filed within three months of the date of filing of a national application other than a continued prosecution application (CPA), OR within three months of the date of entry of the national stage as set forth in 37 C.F.R. § 1.491 in an international application, OR before the mailing date of a first Office Action on the merits OR before the mailing of a first Office Action after the filing of a request for continued examination under 37 C.F.R. § 1.114.  No statement or fee is required.

☐ 3.  Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application.

      ☐ a.  Statement under 37 C.F.R. § 1.97(e)(1). I hereby state that each item of information contained in this Information Disclosure Statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement.  37 C.F.R. § 1.97(e)(1).

      ☐ b.  Statement under 37 C.F.R. § 1.97(e)(2). I hereby state that no item of information in this Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application and, to my knowledge after making reasonable

Atty. Dkt. No. 3210.0150005

- 4 -                          Global Tel*Link Corp.
                              Appl. No. To be assigned

inquiry, was known to any individual designated in 37 C.F.R.

§ 1.56(c) more than three months prior to the filing of this

Information Disclosure Statement. 37 C.F.R. § 1.97(e)(2).

☐ c.   The required fee is provided through online credit card payment
       authorization in the amount of $180.00 in payment of the fee
       under 37 C.F.R. § 1.17(p).

☐ 4.  Filing under 37 C.F.R. § 1.97(d) This Information Disclosure Statement is being
      filed more than three months after the U.S. filing date and after the mailing date
      of a Final Rejection or Notice of Allowance, but on or before payment of the
      Issue Fee.   The required fee is provided through online credit card payment
      authorization in the amount of $180.00 in payment of the fee under 37 C.F.R.
      § 1.17(p); in addition:

☐ a.   Statement under 37 C.F.R. § 1.97(e)(1). I hereby state that each
       item of information contained in this Information Disclosure
       Statement was first cited in any communication from a foreign
       patent office in a counterpart foreign application not more than
       three months prior to the filing of this Information Disclosure
       Statement. 37 C.F.R. § 1.97(e)(1).

☐ b.   Statement under 37 C.F.R. § 1.97(e)(2). I hereby state that no item
       of information in this Information Disclosure Statement was cited
       in a communication from a foreign patent office in a counterpart
       foreign application and, to my knowledge after making reasonable

Atty. Dkt. No. 3210.0150005

- 5 -                                     Global Tel*Link Corp.
                                          Appl. No. To be assigned

inquiry, was known to any individual designated in 37 C.F.R. §

1.56(c) more than three months prior to the filing of this

Information Disclosure Statement.  37 C.F.R. § 1.97(e)(2).

☐ 5.  The document(s) was/were cited in a search report by a foreign patent office in a

counterpart foreign application.  Submission of an English language version of

the search report that indicates the degree of relevance found by the foreign office

is provided in satisfaction of the requirement for a concise explanation of

relevance. 1138 OG 37, 38 and MPEP 609.04(a)(III).

☐ 6.  A concise explanation of the relevance of the non-English language document(s)

appears below in accordance with 37 C.F.R. § 1.98(a)(3).

☒ 7.  In accordance with 37 C.F.R. § 1.98(a)(2), no copies of U.S. patents and patent

application publications cited as documents **US1-US36** on the attached IDS

Forms are submitted.

☒ 8.  Copies of documents **FP1-FP2** and **NPL1-NPL3** were cited by or submitted to

the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application

No. 10/996,795, filed November 24, 2004, Application No. 12/802,641, filed

June 10, 2010 and in Application No. 13/941,382, filed June 12, 2013, which is

relied upon for an earlier filing date under 35 U.S.C. § 120.  Thus, copies of these

documents are not attached.  37 C.F.R. § 1.98(d).

- 6 -                                   Global Tel*Link Corp.
                                        Appl. No. To be assigned

☒ 9.  It is expected that the examiner will review the prosecution and cited art in the

parent application nos. 10/996,795, filed November 24, 2004; 12/802,641, filed

June 10, 2010 and 13/941,382, filed July 12, 2013, in accordance with MPEP

2001.06(b), and indicate in the next communication from the office that the art

cited in the earlier prosecution history has been reviewed in connection with the

present application.

☐ 10.  In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total

*Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith

Office Actions from the co-pending U.S. Patent Application No._____,

filed _____, as documents _____ to _____.

The identification of these Office Actions is not to be construed as a waiver of

secrecy as to those applications now or upon issuance of the present application

as a patent.   The Examiner is respectfully requested to consider the cited

applications and the art cited therein during examination.

It is respectfully requested that the Examiner initial and return a copy of the

enclosed IDS Forms, and indicate in the official file wrapper of this patent application

that the documents have been considered.

- 7 -                                                Global Tel*Link Corp.
                                                     Appl. No. To be assigned

    The U.S. Patent and Trademark Office is hereby authorized to charge any fee

deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                                                     Respectfully submitted,

                                              STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                                              Carlos Perez-Toro
                                              Attorney for Applicant
                                            Registration No. 69,978

Date:    August 12, 2014   

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1873930_1.DOCX

Atty. Dkt. No. 3210.0150005

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | *Complete if Known* | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | To be assigned |
| | | | Filing Date | Herewith |
| | | | First Named Inventor | Stephen Hodge |
| | | | Art Unit | To be assigned |
| | | | Examiner Name | To be assigned |
| Sheet | 1 | of 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 4,652,700 | 03-24-1987 | Matthews | |
| | US2 | 4,766,604 | 11-11-1988 | Valdez | |
| | US3 | 5,068,888 | 11-26-1991 | Scherk *et al.* | |
| | US4 | 5,553,145 | 09-03-1996 | Micali | |
| | US5 | 5,648,916 | 07-15-1997 | Manduley | |
| | US6 | 5,740,231 | 04-14-1998 | Cohn *et al.* | |
| | US7 | 5,805,810 | 09-08-1998 | Maxwell | |
| | US8 | 5,826,034 | 10-20-1998 | Albal | |
| | US9 | 5,872,926 | 02-16-1999 | Levac *et al.* | |
| | US10 | 5,894,558 | 04-13-1999 | Falker | |
| | US11 | 5,958,005 | 09-28-1999 | Thorne *et al.* | |
| | US12 | 5,982,506 | 11-09-1999 | Kara | |
| | US13 | 6,061,718 | 05-09-2000 | Nelson | |
| | US14 | 6,173,259 B1 | 01-09-2001 | Bijl *et al.* | |
| | US15 | 6,192,114 B1 | 02-20-2001 | Council | |
| | US16 | 6,233,318 B1 | 05-15-2001 | Picard *et al.* | |
| | US17 | 6,285,777 B2 | 09-04-2001 | Kanevsky *et al.* | |
| | US18 | 6,400,272 B1 | 06-04-2002 | Holtzman *et al.* | |
| | US19 | 6,591,367 B1 | 07-08-2003 | Kobata *et al.* | |
| | US20 | 6,606,648 B1 | 08-12-2003 | Mukundan *et al.* | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | WO 99/48054 A1 | 09-23-1999 | ASCOM HASLER MAILING SYSTEMS INC. | | |
| | FP2 | WO 99/21330 A1 | 04-29-1999 | E-STAMP CORPORATION | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | | *Complete if Known* | |
|---|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | | Application Number | To be assigned |
| | | | | | Filing Date | Herewith |
| | | | | | First Named Inventor | Stephen Hodge |
| | | | | | Art Unit | To be assigned |
| | | | | | Examiner Name | To be assigned |
| Sheet | | 2 | of | 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,665,380 B1 | 12-16-2003 | Cree *et al.* | |
| | US22 | 6,668,045 B1 | 12-23-2003 | Mow | |
| | US23 | 6,775,359 B1 | 08-10-2004 | Ron *et al.* | |
| | US24 | 6,788,771 B2 | 09-07-2004 | Manto | |
| | US25 | 6,801,932 B1 | 08-05-2004 | Picoult *et al.* | |
| | US26 | 6,850,147 B2 | 02-01-2005 | Prokoski *et al.* | |
| | US27 | 7,039,949 B2 | 05-02-2006 | Cartmell *et al.* | |
| | US28 | 7,158,621 B2 | 01-02-2007 | Bayne | |
| | US29 | 7,265,853 B1 | 09-04-2007 | Kara *et al.* | |
| | US30 | 7,277,695 B2 | 10-02-2007 | Petry *et al.* | |
| | US31 | 7,742,581 B2 | 06-22-2010 | Hodge *et al.* | |
| | US32 | 8,488,756 B2 | 07-16-2013 | Hodge *et al.* | |
| | US33 | 2002/0007453 | 01-17-2002 | Nemovicher | |
| | US34 | 2004/0029564 | 02-12-2004 | Hodge | |
| | US35 | 2006/0062355 | 03-23-2006 | Leonard | |
| | US36 | 2007/0233610 | 03-10-2009 | Gyllenskog *et al.* | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1873932_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | *Complete if Known* | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | To be assigned |
| | Filing Date | Herewith |
| | First Named Inventor | Stephen Hodge |
| | Art Unit | To be assigned |
| | Examiner Name | To be assigned |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | ADVANCED TECHNOLOGIES GROUP, INC, White Paper: Introduction to Advanced Technologies Group, Inc. Inmate Correspondence System, August 5, 2002, American Corrections Association Annual Conference, Anaheim, California | |
| | NPL2 | ADVANCED TECHNOLOGIES GROUP, INC., Offender Management Suite: Correspondence System Brochure, printing invoice dated August 2, 2002, brochure distributed at August 2002 American Corrections Association Annual Conference, Anaheim, California | |
| | NPL3 | ADVANCED TECHNOLOGIES GROUP, INC., Correspondence System Poster, published July 29, 2002 by Exhibit-Resources Midwest, displayed at August 2002 American Corrections Association Annual Conference, Anaheim, California | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

1873931_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

- 1 -

# ELECTRONIC MESSAGING EXCHANGE

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]     This application is a Continuation Application of U.S. Application No. 13/941,382, filed July 12, 2013, which is a Continuation Application of U.S. Application No. 12/802,641, filed June 10, 2010, which is a Continuation Application of U.S. Application No. 10/996,795, filed November 24, 2004, now U.S. Patent No. 7,742,581, the entire contents of which are herein incorporated by reference.

## FIELD OF THE INVENTION

[0002]     The invention relates generally to the field of electronic messaging exchange in correctional institutions or similar facilities.  In particular, the invention discloses the use of an electronic message exchange system with the capacity to monitor, control access, and bill for usage of such a system.

## BACKGROUND OF THE INVENTION

[0003]     As electronic messaging has become commonplace with the advent of the Internet in recent years, many institutions, such as prisons, nursing homes, mental institutions, etc., have the need to offer inmates or residents controlled electronic messaging exchange access.  Common forms of interaction for inmates and residents with external parties include such mediums as site visits and telephonic communication.  While both of these methods can be useful, electronic messaging can prove to be more effective and provides an alternative to the aforementioned mediums.  For the purposes of simplicity, discussion will be limited to inmates within a correctional facility, but the discussion can easily be expanded to include residents of other institutions.

- 2 -

[0004]     Site visits from an inmate's family, attorney, etc. are often not economically or physically possible.  The inability of visitors to make site visits to the inmate results from such factors as the distance from and costs incurred to travel to the institution.   In addition, it is costly and difficult for some institutions to provide monitoring and security for the visitors and inmates.   As a result, an alternative method is necessary to allow controlled inmate communication with external parties.

[0005]     An alternative to site visits, telephonic communication, poses other problems. Some visitors may be several time zones away from the penal institution making telephonic communication difficult and even prohibitive.   Additionally, telephonic communication between external parties and inmates can prove expensive.  There are two common methods of payment available to inmates.  In the first method, a collect call is placed to an acceptable outside party.  In the second method, an inmate has an account in which money is deposited from a variety of sources and for each phone call; the cost of the call is then deducted from the account balance.  The costs vary as a result of, inter alia, different service providers for different facilities.  Usually the institutions contract a service provider to install, operate and maintain the facility's system.  As a result, costs for calls within the penal institution are generally much more than for similar calls made outside of the institution.

[0006]     From the standpoint of the institution, inmate telephone usage can prove expensive, as it is necessary to monitor and record the activities of each of the residents in order to properly charge each individual caller for his or her outgoing calls.  There are three common methods for monitoring telephone calls:   live monitoring, passive monitoring and monitoring via a standard recording device.  One such system known in the art provides a computer-based telecommunication system for the purpose of allowing an institution to control, monitor, record and report usage and access to a telephone network.  In addition, the institution controls whom the inmate can or cannot call.

[0007]     Electronic messaging, such as emailing and instant messaging, has become prominent in recent years as a medium of information transfer.   While there is good reason to provide inmates with electronic messaging access, there is also a necessity to control the inmate's access to sending and receiving electronic messages.   There have been instances where email has been banned from prisons, even when received via a printed form, resulting from, inter alia, a lack of secure control methods.  System control

- 3 -

is necessary to prevent harassing messages to outside parties, to prevent fraudulent activities, etc. Therefore, systems in such environments must monitor and control the electronic messaging activity of each inmate. Systems should also have a means of maintaining electronic messaging records for each inmate. The system should include a means for communicating with emailed parties to enable the contacted parties to prevent future emails from inmates. The same holds true for instant messaging. In short, the communications system used in a regulated institution must employ unique monitoring and control functions often unnecessary in other types of electronic messaging exchange systems. Further, an exchange system in institutions should reduce the workload burden of the correctional facility while provide security through intelligence gathering capabilities.

[0008] In order for the methods of monitoring and control to be effective, it is important to prevent inmates from exploiting any loop-holes that can be used to bypass the control features of the system. This control is vital to ensure that the inmate does not access blocked addresses, for example, to perpetrate additional criminal activities or harass certain parties.

[0009] An electronic messaging system with restricted access should be able to perform the same functions as a normal electronic messaging system. The system should provide keyword scans, translation, file preparation, encryption, control over sent and received electronic messages to and from external sources, a billing method, etc. While there are systems that provide for some of these features, there is no system that provides a comprehensive solution for electronic messaging in a correctional facility. The present invention encompasses all the elements into a single system enabling a secure electronic messaging system to be utilized in penal institutions.

[0010] For example, systems are known in the art that filter unwanted, bulk, or junk emails, commonly referred to as "spam". The filtering can be done by a variety of methods including: sender address, sender organization, recipient address, recipient organization, attachment type, and email message content type. Each of these filtering types can be used in order to reduce "spam". The emails that pass the filtering process are then sent to a recipient or recipients. Potential "spam" is then stored in a separate location, where it is examined by either the potential recipient or a third party. If

- 4 -

determined to be "spam", it is deleted or moved to another folder.  Another possibility is to have the potential "spam" automatically deleted without verification by a party.

[0011]    A   different   system   provides   a   methodology   for   a   computerized telecommunications system for voice to text message storage for use in correctional facilities.  This system receives an external message via either voice or text.  There are two storage means:  a voice message box or an email inbox.  If a voice message is received, it passes as a regular telephonic voice message is then stored as a voice message in the voice message box.  If instead, the storage unit is an email box and a voice message is received, the voice message is converted to text and the message is then saved.  The reverse happens if the message is a text message and the storage medium is a voice message box.  If a text message is received and the inmate has an email in box, then the text message is saved as text.  The inmate is then notified of the new message.  This system can also allow the inmate to send either a text or a voice message to an external party.  If it is a voice message, then no conversion occurs and the message is sent.  However, if an inmate's message is in the form of text, then either a text to voice conversion occurs before being sent to the outside party or the text message is sent via email to the external party.  The invention is limited in the fact that it can only handle email or voice messages.

[0012]    Yet another system known in the art provides a system and method for providing a sponsored or universal telecommunications service and third party payer services.  The system discloses a method for providing a service for a sponsor to pay for communication via voice, data or multi-media services, on the behalf of others.  The method further provides universal service for telecommunication voice and multimedia applications without tax or market subsidies.

[0013]    In the view of the foregoing, a need exists for an inclusive method for allowing inmates access to electronic messaging systems.  The present invention provides an alternative to site visits, telephonic and other forms of communication.  It also offers a secure method for using electronic messages within a correctional or similar institution, including such features as monitoring, controlling, archiving and billing.

- 5 -

## SUMMARY OF THE INVENTION

[0014]     The invention embodies an electronic message exchange system for use in penal institutions, or similar facilities and institutions.  It provides a combination of systems and services, which allow inmates and their outside contacts to communicate via written correspondence in an expedient manner.  Further, the present invention includes the capability for sending and receiving messages via a telephone and converting them as the necessary to text or similar format.  The present invention also reduces the workload of the correctional facility staff and offers increased security by providing intelligence gathering capabilities.

[0015]     The invention is designed to provide routing and identification processing, content control, translation, file preparation, and encryption.  Also, a method for billing of services rendered is included, in addition to controlling the communication limitations for the inmate through such methods as populating an allowed or disallowed contact list, and controlling the frequency, size and length of communications.  It also features alert methods for sent and received messages.

[0016]     The invention provides a secure barrier, referred to herein as the central service center or central station, through which messages are forwarded to the intended party. The central service center is designed to gather information from the messages and alert the appropriate officials of those messages that present concerns prior to being disseminated to the receiving party.

[0017]     In addition, the central service center acts as the central processing center for incoming and outgoing messages.  Its primary objective is to provide a centralized location capable of processing messages to and from approved accounts.  In the preferred embodiment of the present invention, files are created as a result of the required processes of the institution and saved in an approved format (i.e., email, printed medium, voice message, or other similar types of formats).  These files are then retrieved from or sent to the institution depending on the requirements.  The service center also serves as a repository of all messages and of all primary data captured from those messages.  Further, it serves as a web portal through which institutions and users can retrieve messages and data from those messages.

[0018]     Additionally, the central service center is preferably located remotely from the institution.  However, it is foreseeable that the central service center may be located at the

- 6 -

institution.  Outside contacts gain access to the central service center preferably via their existing Internet Service Provider (ISP).  The service center provides secure web-based access via a user-friendly interface to each outside contact through the system's software, preferably residing on a server at the service center.  In the preferred embodiment, once an account is created and payment means are established, the outside contact may log in to the central service center.  After the outside contact logs in, he or she may view a received message and/or compose a message to his or her intended recipient, such as to an inmate.  In the preferred embodiment, the outside contact's account is charged a monthly fee for the service.  In an alternative embodiment, the outside contact's account is charged by an amount commensurate with the charges for each message.  The payment method may be pre-paid or the account can be charged for later billing.  These methods will vary and are customizable based on the institution's requirements.

[0019]       Furthermore, the central service center processes messages using various criteria, including, but not limited to, the intended recipient, keyword searches, language translation, suspect criteria, etc.  Once these processes have been performed, files containing the appropriate information (i.e., a message to an inmate including necessary identification information about the sender and the recipient) are forwarded to a site server or multifunction device designated for the system, preferably located at the institution.  The institution's staff has an opportunity to view the messages according to their desired priorities prior to allowing the messages to be delivered to their intended party.  Additionally, the central service center also provides intelligence gathering and reporting capabilities, which are made available through various screens in the system software.  Administrators can access the system locally or remotely via the Internet. Certain aspects of the central service center may alternatively be incorporated into a site server, if supplied.

[0020]       The invention also provides several methods of inputting text, including, but not limited to, a computer terminal, fax and written correspondence.  In addition, an inmate may leave a voice message, which is then preferably converted to text.  Safe terminals may be provided for the inmate population, which allow inmates to type outgoing messages and view incoming messages.  In this embodiment, the safe terminals are preferably completely isolated from the Internet, connected only to the site server, and only capable of accessing the secure system software.  If an inmate handwrites a message,

- 7 -

the message is scanned and sent to the appropriate contact.  Further, messages received from outside contacts may be printed onsite and once the message is approved for viewing, the printed message is sent to the inmate.

[0021]    In an alternative embodiment, an integrated system is used for both instant messaging and email, which allows inmates direct access to terminals for sending and receiving messages. In yet another different embodiment, two separate systems exist, one for instant messaging and one for email purposes.  These embodiments also have a secure site (similar to the preferred embodiment) that both inmates and external parties log into in order to communicate with each other.  Further, administrators can remotely access and manage the site.

[0022]    When safe terminals are incorporated into the system, the system preferably utilizes a secure user name and password for user authentication.  In this embodiment, the institution pre-determines the user name and password, with the password preferably changing after a fixed interval of time or if tampering is suspected.  However, to one of ordinary skill in the art, it is apparent that other forms of security measures can easily be implemented including such methods as radio frequency identification (RFID), and various biometric features.  These methods can be used alone or in conjunction with any of the other security measures.

[0023]    In the preferred embodiment, each inmate has a unique recipient address or user identification that external parties can send a message to.  When an outside party attempts to send an electronic message to an inmate, a series of control measures occur.  The sender address is checked for authenticity and to ensure that the sender is an acceptable contact for the inmate.  The acceptable contact list can be maintained via an "allowed contact list" or via a "disallowed contact list".  The allowed and disallowed lists may also be used in conjunction with each other.  Content control is managed as the message itself is scanned for certain keywords and phrases.  If a keyword or phrase is found, the message is flagged and sent to the service center or institution for manual examination. The message is translated as necessary, and the files are prepared and encrypted.  After passing through the control measures, the message is then routed to the appropriate institution for viewing on the secure terminal or printing on the multifunction device.  To one knowledgeable in the art, other authentications and control measures can be easily

- 8 -

implemented.   For outgoing inmate messages, a series of authentications is also performed similar to that of incoming messages.

[0024]       The invention alerts the inmate of received messages preferably via the same method used by the institution for received mail.   Also, the actual message may be delivered with the mail via a printed medium.   In an alternative embodiment, the inmate is alerted after he or she successfully logs into a secure terminal, such as the aforementioned safe terminal.   In yet a different embodiment, the inmate is notified on closed circuit monitors that display a list of the inmates that have new messages.

[0025]       The preferred embodiment of the invention allows external users access to set up an account.   It provides security checks for authorizing the external user.   After the account is set up by the external party, the account holder can communicate via written messages with the desired inmate.   The invention further preferably provides a maximum limit to the amount of communication between the parties.   In the preferred embodiment, the external party's account is billed a monthly service fee.

[0026]       In an alternative embodiment, each inmate has a registered account (as opposed to the account being registered to the external party).   When the account is accessed and email is sent, the cost of the email is then deducted from the account balance.   Payment occurs from such methods as pre-paying or billing after-the-fact for usage.   A similar method can be implemented for instant messaging.   Charges can be accrued based on measures such as total number of words, total number of lines, a fixed rate for each message sent or a rate for the time the inmate is logged in, etc.

[0027]       The invention archives all incoming and outgoing messages through an automated storage database.   This database can be searched in a variety of ways to retrieve desired information, except for restricted or privileged communications that are protected by the attorney-client privilege.   These electronic messages are locked except to the authorized parties.

[0028]       In the current embodiment of the invention, when an inmate sends a message to an approved address, the recipient receives an email notification from an automated administrator stating that the inmate wishes to send the recipient a message.   If the recipient desires to receive the message, he or she then logs onto a secure site via the Internet, enters the appropriate security identification and views the message.   The recipient is required to set up an account for the purposes of monitoring the messages sent

- 9 -

and received.  Also, the account is preferably billed based on a monthly service fee.  All forms of forwarding or copying the message to anyone other than the original recipient are prevented.  The external recipient then has the option of sending an email back to the inmate.  Recipients can also choose to remove the inmate from their list, preventing the inmate from future contact with said recipient.

[0029]    When instant messaging is allowed by the institution, an inmate who wishes to have an instant message conversation with an approved external party sends a message to the external party through the secure site and if the party accepts, the outside party then logs onto the secure site where the instant messaging conversation then occurs.  If the external party does not respond, the inmate has the option of sending a message to attempt to set up a date and time to hold the conversation.  The message sent from the inmate to the outside party can be sent to an email address or an outside instant messaging platform.

[0030]    Therefore, it is an object of the invention to provide a comprehensive electronic message exchange system for use in penal or similar institutions.

[0031]    It is also an object of the invention to provide secure written correspondence to and from an inmate in a secure facility.

[0032]    A different object of the invention is to provide means for leaving a voice message and converting the voice message to text for viewing.

[0033]    It is another object of the invention to provide a secure platform from which electronic messaging can occur.

[0034]    It is yet another object of the invention to provide security authentication for inmates and external parties.

[0035]    It is still another object of the invention to provide translation for incoming or outgoing messages.

[0036]    It is also an object of the invention to control the list with whom an inmate can electronically converse.

[0037]    Additionally, it is an object of the invention to prevent messages from being forwarded to any additional parties by the recipient of the message.

[0038]    It is a further object of the invention to encrypt the incoming and outgoing messages within the electronic message exchange system.

- 10 -

[0039]    Furthermore, it is an object of the invention to provide content control for messages via such methods as keyword and phrase scanning.

[0040]    It is still another object of the invention to provide alerts for the inmate upon receiving a message from an external party.

[0041]    It is a further object of the invention to provide a billing method for services rendered while using the electronic message system.

[0042]    It is another object of the invention to reduce institutional staff resources required for correspondence purposes.

[0043]    Further, it is an object of the invention to provide the appropriate, personnel with means to search for and view incoming and outgoing messages.

[0044]    Finally, it is an object of the invention to archive and store all messages in a database and to mark all protected messages for such reasons as attorney-client privilege, thus making them inaccessible except to those with the authority to access them.

[0045]    Other objects, features, and characteristics of the invention, as well as methods of operation and functions of the related elements of the structure, and the combination of parts and economies of manufacture, will become more apparent upon consideration of the following detailed description with reference to the accompanying drawings, all of which form part of this specification.

## BRIEF DESCRIPTION OF THE DRAWINGS

[0046]    A further understanding of the invention can be obtained by reference to a preferred embodiment set forth in the illustrations of the accompanying drawings. Although the illustrated embodiment is merely exemplary of systems for carrying out the invention, both the organization and method of operation of the invention, in general, together with further objectives and advantages thereof, may be more easily understood by reference to the drawings and the following description.  The drawings are not intended to limit the scope of this invention, which is set forth with particularity in the claims as appended or as subsequently amended, but merely to clarify and exemplify the invention.

[0047]    For a more complete understanding of the invention, reference is now made to the following drawings in which:

- 11 -

[0048]     FIG. 1 is a block diagram of the preferred embodiment of the invention depicting the electronic message exchange system.

[0049]     FIG. 2 is a flow chart of the preferred process of the invention illustrating an external party sending messages to an inmate and viewing messages sent by an inmate.

[0050]     FIG. 3 depicts a flow chart of the preferred process of the invention whereby an inmate sends a message to an external party.

[0051]     FIG. 4A depicts a block diagram of an alternative embodiment for the electronic messaging exchange system allowing inmates direct access to user workstations.

[0052]     FIG. 4B depicts a block diagram of an alternative embodiment illustrating a universal control system for incorporation of a telephonic communications system in conjunction with the electronic messaging exchange system.

[0053]     FIG. 5 is a flow chart of an alternative process of electronic message exchange between an inmate and an external party according to the present invention when inmates are provided direct access to user workstations.

[0054]     FIG. 6 shows a flow chart of an alternative process for electronic message exchange from an external party to an inmate according to the invention when inmates are provided direct access to user workstations.

## DETAILED DESCRIPTION OF THE DRAWINGS

[0055]     As required, a detailed illustrative embodiment of the invention is disclosed herein.  However, techniques, systems and operating structures in accordance with the invention may be embodied in a wide variety of forms and modes, some of which may be quite different from those in the disclosed embodiment.  Consequently, the specific structural and functional details disclosed herein are merely representative, yet in that regard, they are deemed to afford the best embodiment for purposes of disclosure and to provide a basis for the claims herein, which define the scope of the invention.  The following presents a detailed description of the preferred embodiment of the invention (in addition to some alternative embodiments).

[0056]     Starting first with FIG. 1, depicted is a block diagram of the preferred embodiment of the invention illustrating the structural set up of the electronic message exchange system.  When an inmate desires to send a message to an external party, the inmate goes to inmate composition station 102 located at institution site 100.  In the

- 12 -

preferred embodiment, an inmate composes a hand-written or typed text message on a preprinted form. On this form, the inmate fills out his or her personal registration number and the account number, which the inmate wishes the message to be sent to. The account number is associated with an outside contact that has set up an account for access to the system. In an alternative embodiment, an inmate may leave a voice message, which is then converted to text. One of skill in the art will recognize that this conversion can easily be incorporated into the system. Also, the inmate may alternatively have access to a workstation for sending and receiving messages. The system preferably charges the outside contact a monthly fee for the ability to use the system, although other billing methods are foreseeable. The number of messages sent and received by the external party is configurable to meet the security and workload needs of each individual institution. For example, in the present embodiment each external party may send "n" messages and receive "n" messages from each inmate on their list where "n" is an integer. For instance, if an outside contact desires communication with two inmates, then the outside contact is allowed to send "n" messages to each inmate and receive "n" messages from each inmate, for a total of "4n" messages, "2n" for each inmate.

[0057]    After the inmate composes the message at inmate composition station 102 located at institution site 100, the message is sent to multi-function unit (MFU) 104. Preferably, MFU 104 is located in the institution's mailroom, but other locations are foreseeable. The inmate messages are loaded into MFU 104. MFU 104 scans the messages and the messages are electronically sent to central station 106. Central station 106 is preferably located remote to the institution and is preferably connected to MFU 104 via an Internet Protocol (IP) connection. At central station 106, conversion engine 108 converts the written or typed text messages received from MFU 104 into digital data that can be processed by server 110. Although only one server 110 is pictured, multiple servers may be used commensurate with the amount of data requirements: Central station 106 further includes such elements as routers and data services via local telephone company provided circuits (not shown in FIG. 1).

[0058]    The aforementioned conversion can be done by such means, including, but not limited to, optical character recognition (OCR) and intelligent character recognition (ICR). Once conversion engine 108 converts the message as necessary, server 110 at central station 106 associates each message with the intended recipient and the message

- 13 -

sender.   Server 110 checks to see if the attempted message exchange is acceptable. Server 110 also checks to ensure that the intended recipient and the inmate are authorized to communicate.  It further provides keyword and phrase scans of the messages.  In the preferred embodiment, the site staff are allowed to view messages and approve the before sending the message to the recipient.   Additionally, the system notifies the intended recipient of the message that the inmate has sent a message and provides for secure access and user log in for the recipient to view the message from the inmate and compose messages to the inmate.

[0059]      The system preferably provides secure socket layer (SSL) protection of data sent to and received from server 110.  The typed or written text messages are stored as an image or converted to another format as required and made available for viewing by the intended recipient on server 110.  Server 110 provides a user-friendly interface for viewing and composing messages preferably via the Internet.  It enables users to set up accounts and provides for billing for system usage.   Server 110 also is capable of providing such features including, but not limited to, language translation, file encryption, filtering, file storage and file preparation.  Finally, messages received by the external party or the inmate are blocked from being forwarded, copied, etc.

[0060]      Next, FIG. 2 depicts a flow chart of the preferred process of the invention illustrating both an external party sending messages to an inmate and viewing messages sent by an inmate.   Initially, an external party attempts to access the secure system preferably via an Internet browser (step 200).   The system provides a user-friendly interface for message viewing and composition.  If the user has not yet set up an account, the user enters a new account request (step 202).   The system then performs an authentication check of the potential account holder to ensure, inter alia, whether the user is an acceptable contact for the inmate (step 204).  If the user passes the authentication step, the user is assigned a random account number (step 206).

[0061]      The user is then prompted to choose a password (step 208).  Other authentication means are foreseeable as well, such as a personal identification number (PIN) or biometric identification means.  Using the account number and password, the user logs into the system (step 210).  If the user already has an account when he or she initially attempts to log into the system (step 200), the user proceeds directly to the log in step (step 210).  After successful log in, the user views messages received from the inmate or

- 14 -

composes messages to be sent to the inmate (step 212). The system then provides security checks (step 214) whereby the message is checked for such things as keywords, and content. If the message passes the security checks, it is then sent to the institution (step 220). If, however, the message fails the security checks, it is sent to an administrator (step 216). At this point, the message and all other relevant file data are stored in a database (step 218). The system preferably bills the appropriate account a monthly service fee. In alternative embodiments, other billing methods, such as billing for the number of messages sent or for message length, may be utilized. The preceding processes are preferably performed by server 110 located at central station 106. However, it is foreseeable that other servers or devices can be utilized to perform these functions. The message is sent to MFU 104 where the message is converted to a viewing format as required by the institution (step 220). The administrator preferably views the message and decides whether to allow the sending of the message (step 222). If the message passes the administrator check, the inmate is notified (step 224) and the inmate reads the message (step 226). If the message fails the administrator's check, it is blocked from the inmate (step 228).

[0062]      FIG. 3 depicts a flow chart of the preferred process of the invention whereby an inmate sends a message to an external party. First, the inmate composes a message at inmate composition station 102 located at institution site 100 (step 300). As previously discussed, this message is preferably either hand written or typed and contains the necessary information regarding the inmate and the potential recipient. However, it is foreseeable that the inmate may leave a voice message or similar which is then converted as necessary. In addition, the inmate may have direct access to a safe terminal or workstation for message composition. After the inmate completes the message, the message is sent to MFU 104. The message is scanned by MFU 104 and sent to conversion engine 108 located at central station 106 (step 302). The message is converted to a format appropriate for transmission to the recipient by conversion engine 108. Conversion engine 108 converts the message using such means as OCR or ICR. Next, security checks are performed on the message (step 304), which include, inter alia, making sure the recipient is an acceptable contact, keyword and phrase scan, and file preparation. If the message fails to pass the security checks (step 304), an administrator

- 15 -

is notified (step 306), and the message is stored in a database (step 310).  Further, the system preferably charges the appropriate account a service fee monthly.

[0063]      If the message instead passes the security check (step 304), the system sends a notification to the recipient stating that a new message from the inmate is available for viewing over the secure system site (step 308) and the message is stored (step 310).  The recipient logs into the secure site preferably via an Internet browser (step 312) and views the message (step 212).  The recipient also has the option of sending a message to the inmate at this point.  If the recipient chooses to do so, the recipient then proceeds to compose a message (step 212).

[0064]      FIG. 4A shows a block diagram of the basic set up of the electronic message exchange system according to an alternative embodiment of the invention.  Computer control platform 401 is connected to the user workstations 403a-n and the external third parties 405a-n via connections 407a-n and 409a-n, respectively.  Computer control platform 401 can be local or remote to the user workstations.  Connections 407a-n can be either cable or wireless.  In addition, connections 407a-n can be a Wide Area Network (WAN), a Local Area Network (LAN) connection, etc.  Connections 409a-n connects the computer control platform 401 to the external third parties 405a-n via the Internet.

[0065]      Computer control platform 401 is monitored and controlled, either actively or passively, by an administrator.  Computer control platform 401 contains one or more servers, which processes the electronic messages, prepares and routes the electronic messages, performs security checks and encrypts the electronic messages.  It also stores the electronic messages.   In addition, computer control platform 401 prepares notifications to send to either the inmate or the external third party.  It also has a secure platform for communication between the inmate and third party.  Both the inmate and third party use this platform to send messages back and forth.  Further, administrators can remotely or locally access the system via a workstation (not shown).  In the remote access set up, the administrator accesses the system via the Internet to perform various administrative functions (i.e., viewing messages, setting control parameters, performing database searches, printing reports, etc.).

[0066]      FIG. 4B depicts a block diagram of another alternative embodiment of the invention.  In addition to enabling electronic messaging, this alternative embodiment provides a telephonic communication platform as is known in the art.  Also, the system

- 16 -

enables users to send and receive voice messages. Further, the system converts the messages from voice to a variety of text formats and from a variety of text formats to voice as necessary. Central control platform 511 contains central computer control platform 523 and central telephone control platform 521. Central computer control platform 523 performs the same functions as the aforementioned computer control platform 401. Central computer control platform 523 is connected to user workstations 503a-n and third party workstations 509a-n via connections 515a-n and connections 519a-n, respectively. Connections 515a-n may be cabling or wireless. Also, connections 515a-n can be a WAN connection, a LAN connection, etc. Connections 515a-n connect computer control platform 523 to the external third parties 509a-n via the Internet.

[0067]    Computer control platform 523 is monitored and controlled, either actively or passively, by an administrator. The administrator may perform various administrative functions via a local workstation (not shown) or remotely by accessing the system via the Internet. Computer control platform 523 contains one or more servers, which processes the electronic messages, prepares and routes the electronic messages, performs security checks and encrypts the electronic messages. It also stores the electronic messages. In addition, computer control platform 523 prepares notifications to send to either the inmate or the external third party. It also has a secure platform for communication between the inmate and third party. Both the inmate and third party use this platform to send messages back and forth.

[0068]    Central control platform 511 also contains central telephone control platform 521. Central telephone control platform 521 connects user telephonic communication devices 501a-n with external party telephonic communication devices 507a-n via connections 513a-n and 517a-n, respectively. Central telephone control platform 521 enables inmates to telephonically communicate with an external third party. Central telephone control platform 521 provides for control, monitoring, and billing. Further, central control platform 511 enables conversion between voice and text messages. For example, if the system receives a voice message, the system can convert the voice message to a text format for viewing.

[0069]    FIG. 5 depicts a flow chart of an alternative process showing the electronic messaging exchange between the inmate and the external party. As shown, the process begins with an inmate's attempt to log into the secure platform (step 101). The site then

- 17 -

prompts for the inmate to enter a provided user name and password (step 103), although to one skilled in the art, other security measures such as biometrics, radio frequency identification (RFID), etc. can be used "instead of or in conjunction with a user name and password. Next, the user authentication is checked (step 105). If the user is authenticated, the process continues where the inmate is asked to choose whether he or she would like to instant message (IM) or email an external party (step 107). If the user is not authenticated, the user is again prompted to enter the user name and password (step 119). If the user is authenticated on this second attempt, then the user is asked whether he wants to send an IM or email (step 107).

[0070]    If, however, the inmate again incorrectly inputs the proper identification, the session terminates and an administrator may be electronically notified (step 121). When this second attempt failure occurs, the session is checked to see if the user ever logged in (step 129). If the user was not logged in, then the system is exited (step 131). Preferably, a monthly service fee is charged to the appropriate account. However, fees can be also be charged based on a variety of different methods, including, but not limited to, a charge per email or IM, a per minute charge, or a charge for the length of messages sent or received. Also, the system may be set up such that a third party can pay for the email or IM communication. Once messages have been archived (step 117), the system exits (step 131).

[0071]    The system can be configured to allow only one log on attempt. Also, the system may be configured to allow for more than one attempt. Both of these can be controlled at the administrator's option. Additionally, the system may be triggered to automatically monitor or record communication after a certain number of attempts rather than terminate the session. Further, the system can be set to monitor or record any session that the administrator desires, such as for certain users that have previously attempted to engage in criminal activity via the system.

[0072]    The inmate decides whether to email or IM and the inmate writes either an email (step 109) or an IM (step 123). If the inmate chooses to compose an email, after the inmate writes the email, it is subjected to security measures including a content check and authentication that the potential recipient has an acceptable address (step 111). If the email passes through security, an email notification is sent to the recipient containing a log in identification, password and directions to a secure site that he or she can visit to

- 18 -

view the sent message (step 113). The inmate is then prompted to log out (step 115). If the inmate chooses instead to continue, the process reverts back. The inmate is prompted to choose whether to IM or email (step 107). If the inmate logs out, the messages are archived (step 117). If the email fails to pass the security check (step 111), the session is terminated and the administrator is notified (step 121). In addition, at this point, a check of whether the user was logged in and if messages were sent occurs (step 129) and if verified, and messages are archived (step 117). If the message is confidential as protected by attorney-client privilege, it is locked so that it cannot be accessed by unauthorized sources.

[0073]     If the inmate chooses to write an IM instead of an email (step 107), the inmate writes an IM and attempts to send it (step 123). The instant message is subjected to the same security measures as an email (step 125). If the message fails to pass, the session is terminated and the administrator is notified (step 121). Next, the system checks to see if the user was logged in and if any messages were sent (step 129). If yes, the messages are archived and stored (step 117) and the system exits (step 131). When an IM passes the security constraints (step 125), a message is sent to the external recipient (step 127).

[0074]     After the message is sent (step 127), the contacted external party is notified of the attempted contact by the inmate (step 141). For example, the external party can be notified of the attempted contact by the inmate, through an email, or via a third-party instant messaging platform. The response can result in three different scenarios. The first is that there is no reply from the external party after a set interval of time (step 133). When this occurs, the user is prompted to log out or continue and attempt another electronic message exchange (step 115). Additionally, the user has the option of sending another message to the external party to set up a time and date when he or she wishes to hold a future IM conversation. If the user logs out, messages are archived and stored as previously discussed (step 117). If instead the inmate decides to attempt another message, the user is prompted to choose if he or she wants to write an email or IM (step 107).

[0075]     The second possibility when the external party is notified is that the external party declines the conversation and the administrator is notified (step 143). The user is prompted to log out or continue (step 115) and the process continues.

- 19 -

[0076]     The final possibility is that the external party accepts the invitation to join the inmate in an instant messaging conversation (step 135).  Further, the external party logs into the secure site and a conversation ensues.  The conversation is monitored via such methods as word spotting.  If inappropriate conversation ensues, the conversation is terminated immediately (step 137).  If not, the conversation continues for a set length of time, after which the system terminates the conversation.  The user is then prompted to log out (step 115) and the loop repeats.

[0077]     The system can be also be configured to automatically log out after a user has been logged in for a set time period.  In this embodiment, the system is also set to notify the user at given intervals to warn the user of the remaining time before automatic log out occurs.

[0078]     FIG. 6 depicts an alternative process whereby an external party messages an inmate (step 301).  The message goes through a security check (step 303).  The security check may include both manual and automated security checks.  The external party is verified as an acceptable contact for the inmate and the sender address is authenticated through such methods as a digital signature.  If the message fails the security check, the administrator receives the message (step 315).  Conversely, if the message passes the security checks, the system sends the message to the inmate (step 305).  Next, the inmate is notified of the new message (step 307).  The inmate then logs into the system and reads or sends messages (step 309), preferably following the same process as in FIG. 2.  After completing the session, the inmate logs out (step 311 ).  The messages are archived and stored (step 313).

[0079]     While the invention has been described with reference to the preferred embodiment and several alternative embodiments, which embodiments have been set forth in considerable detail for the purposes of making a complete disclosure of the invention, such embodiments are merely exemplary and are not intended to be limiting or represent an exhaustive enumeration of all aspects of the invention.  The scope of the invention, therefore, shall be defined solely by the following claims.  Further, it will be apparent to those of skill in the art that numerous changes may be made in such details without departing from the spirit and the principles of the invention.  It should be appreciated that the invention is capable of being embodied in other forms without departing from its essential characteristics.

- 20 -

**CLAIMS**

What is claimed is:

1.      A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

        a terminal configured to allow a local user to generate a message and transmit the message via a data connection; and

        a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user, the control platform including:

                a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

                a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

        wherein the user device is located outside the facility.


2.      The system of claim 21, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods.

3.      The system of claim 22, wherein the plurality of input methods include at least one of a text input and a voice input.


4.      The system of claim 21, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message.


5.      The system of claim 24, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message.

Atty. Dkt. No. 3210.0150005

- 21 -

6.     The system of claim 21, wherein the control platform is further configured to convert the message from a text format into a voice format.

7.     The system of claim 21, wherein the control platform is further configured to convert the message from a voice format into a text format.

8.     The system of claim 21, wherein the terminal is further configured to authenticate the local user.

9.     The system of claim 28, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

10.     The system of claim 28, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.     The system of claim 28, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

12.     The system of claim 28, wherein the control platform allows an administrator to monitor messages.

13.     A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

- 22 -

a control platform configured to receive a message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

a terminal configured to receive the message via a data connection and provide the message to an inmate of the facility,

wherein the control platform includes:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.    The system of claim 33, wherein the control platform is further configured to convert the message from a non-voice format into a voice format.

15.    The system of claim 33, wherein the control platform is further configured to convert the message from a voice format into a text format.

16.    The system of claim 33, wherein the terminal is further configured to authenticate the local user.

17.    The system of claim 36, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    The system of claim 35, wherein the terminal is further configured to alert the local user that a message has been received.

- 23 -

19.     The system of claim 35, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

20.     The system of claim 35, wherein the control platform is further configured to notify the local user when a message is received.

- 24 -

## ABSTRACT

A computer-implemented system and method for secure electronic message exchange including coupling a control platform to a workstation of a plurality of workstations via a communications medium, where the control platform includes one or more apparatuses for monitoring, controlling, conversion, and billing, related to messages exchanged between a plurality of local users and a plurality of remote users. The system prevents forwarding or copying of a message sent by a local user of the plurality of local users and received by a remote user of the plurality of remote users, to another party by the control platform. The system and method also provides for authenticating the remote user with the control platform.

1873716_1.DOCX



FIG. 1



**FIG. 2**



**FIG. 3**



**FIG. 4A**



FIG. 4B



**FIG. 5**

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Utility application filing | 1011 | 1 | 280 | 280 |
| Utility Search Fee | 1111 | 1 | 600 | 600 |
| Utility Examination Fee | 1311 | 1 | 720 | 720 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| Late Filing Fee for Oath or Declaration | 1051 | 1 | 140 | 140 |
| **Petition:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **1740** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19842843 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Carlos Rafael Perez Toro/lynette miller |
| **Filer Authorized By:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 12-AUG-2014 |
| **Filing Date:** | |
| **Time Stamp:** | 15:28:10 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $1740 |
| RAM confirmation Number | 1756 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | | 3210_0150005_continuation.pdf | 889893<br><br>2db0c9ae34997eceeda276eaf1faf1300a944f98 | yes | 21 |

| **Multipart Description/PDF files in .zip description** | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Miscellaneous Incoming Letter | 1 | 2 |
| Transmittal of New Application | 3 | 3 |
| Authorization for Extension of Time all replies | 4 | 4 |
| Application Data Sheet | 5 | 9 |
| Power of Attorney | 10 | 11 |
| Transmittal Letter | 12 | 18 |
| Information Disclosure Statement (IDS) Form (SB08) | 19 | 21 |

| Warnings: |
|---|

| Information: |
|---|

| 2 | | 3210_0150005_spec.pdf | 1036582<br><br>0624b40af1c923a5b5612ff51d7893203a21fbaa | yes | 24 |

| **Multipart Description/PDF files in .zip description** | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Specification | 1 | 19 |
| Claims | 20 | 23 |
| Abstract | 24 | 24 |

| Warnings: |
|---|

| Information: |
|---|

| 3 | Drawings-only black and white line drawings | 3210_0150005_drawings.pdf | 108259<br><br>d5f77afb1ed93b60d3eccc9fb3fdd83ec3141a44 | no | 6 |

| Warnings: |
|---|

| Information: |
|---|

| 4 | Fee Worksheet (SB06) | fee-info.pdf | 36103<br><br>d85dd883afc63109c6a45db21f668445f04c9fcc | no | 2 |

| Warnings: |
|---|

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 2070837 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

<u>National Stage of an International Application under 35 U.S.C. 371</u>
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

<u>New International Application Filed with the USPTO as a Receiving Office</u>
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**



**CARLOS PEREZ-TORO**
ASSOCIATE
(202) 772-8636
CPEREZ@SKGF.COM

August 12, 2014

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

    Re:    U.S. Non-Provisional Utility Patent Application Under 37 C.F.R. § 1.53(b)
               (*Continuation of Appl. No. 13/941,382; Filed: July 12, 2013*)
               Appl. No. To be assigned; Filed:  Herewith
               For:    **Electronic Messaging Exchange**
               Inventors:  HODGE *et al.*
               Our Ref: 3210.0150005

Commissioner:

      The following documents are transmitted herewith for appropriate action by the U.S. Patent and Trademark Office:

1.    Payment made via EFS-Web for $1,740.00 to cover:
        $1,600.00 Patent Application fee (including basic filing, search, and examination fees);
        $   140.00 Surcharge for Late Filing Fee or Late Oath or Declaration;

2.    Utility Patent Application Transmittal (PTO/AIA/15);

3.    Authorization to Treat a Reply As Incorporating An Extension of Time Under 37 C.F.R. § 1.136(a)(3);

4.    U.S. Utility Patent Application entitled:

        Electronic Messaging Exchange

        and naming as inventors:

        Stephen HODGE
        David WOODY

        the application consisting of:

        a.    An Application Data Sheet (37 C.F.R. § 1.76);

Commissioner for Patents
August 12, 2014
Page 2

    b.     A specification containing:

        i.     19 pages of description prior to the claims;

        ii.     4 pages of claims (20 claims);

        iii.     a one (1) page abstract;

    c.     6 sheets of drawings (Figures 1, 2, 3, 4A, 4B and 5);

5.     An executed Power of Attorney by Applicant (PTO/AIA/82B) and the Transmittal for Power of Attorney form (PTO/AIA/82A);

6.     Information Disclosure Statement;

7.     IDS Form PTO/SB/08a (2 pages) citing 38 documents (US1-US36 and FP1-FP2); and

8.     IDS Form PTO/SB/08b (1 page) citing 3 documents (NPL1-NPL3).

The above-listed documents are filed electronically through EFS-Web.

This patent application is being submitted under 37 C.F.R. § 1.53(b) without Declaration.

Fee payment is provided via EFS-Web.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                   Respectfully submitted,

                   STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                   Carlos Perez-Toro
                   Attorney for Applicant
                   Registration No. 69,978

CPT/lam
Enclosures

1873938_1.DOCX

**EXHIBIT 35**

PTO/SB/47 (03-09)
Approved for use through 07/31/2018. OMB 0651-0016
U.S. Patent and Trademark Office; U. S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# "FEE ADDRESS" INDICATION FORM

| Address to: | | Fax to: |
|---|---|---|
| **Mail Stop M Correspondence** | | **571-273-6500** |
| **Commissioner for Patents** | **- OR -** | |
| **P.O. Box 1450** | | |
| **Alexandria, VA 22313-1450** | | |

**INSTRUCTIONS:** The issue fee must have been paid for application(s) listed on this form.  In addition, only an address represented by a Customer Number can be established as the fee address for maintenance fee purposes (hereafter, fee address).  A fee address should be established when correspondence related to maintenance fees should be mailed to a different address than the correspondence address for the application. **When to check the first box below**: If you have a Customer Number to represent the fee address.  **When to check the second box below**: If you have no Customer Number representing the desired fee address, in which case a completed Request for Customer Number (PTO/SB/125) must be attached to this form.  For more information on Customer Numbers, see the Manual of Patent Examining Procedure (MPEP) § 403.

For the following listed application(s), please recognize as the "Fee Address" under the provisions of 37 CFR 1.363 the address associated with:

[X] Customer Number: | 204

*OR*

[ ] The attached Request for Customer Number (PTO/SB/125) form.

| PATENT NUMBER (if known) | APPLICATION NUMBER |
|---|---|
| | 13/088,883 |

Completed by (check one):

| | | | |
|---|---|---|---|
| [ ] Applicant/Inventor | | /Jeffri A. Kaminski/ | |
| | | Signature | |
| [X] Attorney or Agent of record | 42,709 | Jeffri A. Kaminski | |
| | (Reg. No.) | Typed or printed name | |
| [ ] Assignee of record of the entire interest. See 37 CFR 3.71. Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96) | | (202) 344-4000 | |
| | | Requester's telephone number | |
| [ ] Assignee recorded at Reel | Frame | January 14, 2019 | |
| | | Date | |

NOTE:  Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more that one signature is required, see below*.

[X] * Total of | 1 | forms are submitted.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 34845287 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 130664 |
| **Filer:** | Jeffri Kaminski/Hyebin Hwang |
| **Filer Authorized By:** | Jeffri Kaminski |
| **Attorney Docket Number:** | 130113-379888 (INV-003) |
| **Receipt Date:** | 14-JAN-2019 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 15:10:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Maintenance Fee Address Change | F_Fee_Indication.pdf | 22276<br><br>d0a4ea0ff718d68d5b0ec3474ebd1e7b7510 54671 | no | 1 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 22276 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 05/12/2015 | 9030292 | 130113-379888 | 9388 |

130664        7590        04/22/2015
TELMATE LLC C/O VENABLE LLP
P.O. Box 34385
Washington, DC 20043-9998

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 172 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Richard Torgersrud, San Francisco, CA;
Kevin O'Neil, Parma, ID;
Grant Gongaware, San Francisco, CA;
Morgan Collins, San Mateo, CA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit <u>SelectUSA.gov</u>.

IR103 (Rev. 10/09)

OK TO ENTER: /L.N./

Application No. 13/088,883                                          Docket No.: 130113-379888 (INV-003)
Response to Notice of Allowance dated March 20, 2015

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Torgersrud et al.                                    Art Unit: 2683

Application No: 13/088,883                            Examiner: Laura N. Nguyen

Confirmation No: 9388

Filed: April 18, 2011                                 Atty. Docket No: 130113-379888 (INV-003)

                                                     Customer No:
For:  INTERACTIVE AUDIO/VIDEO SYSTEMS                      130664
      AND DEVICE FOR USE IN A SECURE              PATENT TRADEMARK OFFICE
      FACILITY

### AMENDMENT UNDER 37 C.F.R. § 1.312

M/S Issue Fee
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Madam:

    In response to the Notice of Allowance dated March 20, 2015, please amend the above-identified U.S. patent application as follows prior to issuance of the patent.

    **Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

    **Remarks** begin on page 9 of this paper.

1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | 130113-379888 | 9388 |

130664        7590        04/15/2015
TELMATE LLC C/O VENABLE LLP
P.O. Box 34385
Washington, DC 20043-9998

| EXAMINER |
|---|
| NGUYEN, LAURA N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2683 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/15/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| **Response to Rule 312 Communication** | **Application No.** | **Applicant(s)** |
|---|---|---|
| | 13/088,883 | TORGERSRUD ET AL. |
| | **Examiner** | **Art Unit** |
| | LAURA NGUYEN | 2683 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address –*

1. ☒ The amendment filed on <u>03 April 2015</u> under 37 CFR 1.312 has been considered, and has been:

   a) ☒  entered.

   b) ☐  entered as directed to matters of form not affecting the scope of the invention.

   c) ☐  disapproved because the amendment was filed after the payment of the issue fee.
          Any amendment filed after the date the issue fee is paid must be accompanied by a petition under 37 CFR 1.313(c)(1)
          and the required fee to withdraw the application from issue.

   d) ☐  disapproved.  See explanation below.

   e) ☐  entered  in part. See explanation below.

/BRIAN ZIMMERMAN/
Supervisory Patent Examiner, Art Unit 2683

/LAURA NGUYEN/
Examiner, Art Unit 2683

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** **Mail**    **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or **Fax** **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

TELMATE LLP
c/o VENABLE LLP
P.O. Box 34385
Washington, DC 20043-9998

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

|  |  |
|---|---|
|  | (Depositor's name) |
|  | (Signature) |
|  | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | 130113-379888 | 9388 |

TITLE OF INVENTION:    INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960.00 |  |  | $960.00 | 06/20/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| L. N. Nguyen | 2683 |  |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1   Venable LLP

2   _____

3   _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Telmate, LLC

Please check the appropriate assignee category or categories (will not be printed on the patent):    ☐ Individual   ☒ Corporation or other private group entity   ☐ Government

**4a. The following fee(s) are submitted:**

☒ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number   22-0261   (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| Authorized Signature | _~~~~~~~~~_ | Date | 4/3/2015 |
|---|---|---|---|
| Typed or printed name | Leslie A. Lee | Registration No. | 66,644 |

Application No. 13/088,883                                    Docket No.: 130113-379888 (INV-003)
Response to Notice of Allowance dated March 20, 2015

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Torgersrud et al.                                    Art Unit:  2683

Application No:  13/088,883                           Examiner:  Laura N. Nguyen

Confirmation No:  9388

Filed:  April 18, 2011                                Atty. Docket No:  130113-379888 (INV-003)

                                                      Customer No:
For:   INTERACTIVE AUDIO/VIDEO SYSTEMS                        130664
       AND DEVICE FOR USE IN A SECURE                PATENT TRADEMARK OFFICE
       FACILITY

## AMENDMENT UNDER 37 C.F.R. § 1.312

M/S Issue Fee
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Madam:

       In response to the Notice of Allowance dated March 20, 2015, please amend the above-identified U.S. patent application as follows prior to issuance of the patent.

       **Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

       **Remarks** begin on page 9 of this paper.

1

Application No. 13/088,883                                    Docket No.: 130113-379888 (INV-003)
Response to Notice of Allowance dated March 20, 2015


## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:


1. (Previously Presented)  A system for providing services to a secure facility, the system comprising:

a kiosk located at a secure facility, the kiosk comprising a processor, display, speaker, microphone, and a camera; and

a server that communicates with the kiosk via a network connection, the server comprising a server processor, a network interface unit, and a computer memory;

the kiosk being configured to receive communications from the camera and microphone and transmit audio and video of the communications to the server via the network connection;

wherein the server records the audio and video and transmits the audio and video to a destination;

wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification;

wherein, after the user identity has been authenticated by the kiosk and during the transmission of the video, the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to blur the video being transmitted to the destination when the check determines that the face is not present in the frame; and

wherein the destination is a device communicating with the server, and the server is configured to authenticate a user of the device.

2-3.  (Canceled).

2

4. (Previously Presented)  The system of claim 1, further comprising:

a second kiosk located in a visitation area of the secure facility; and

a local server located at the secure facility;

the kiosk being configured to transmit the audio and video to the local server when the communications are intended for the second kiosk located in the visitation area; and

wherein the local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area.

5. (Canceled).

6. (Original)  The system of claim 1, wherein the server is configured to periodically extract a frame of the video and authenticate a face in the frame against a stored identification image of the user.

7. (Previously Presented)  The system of claim 1, wherein during a singular communications session, the kiosk is configured to periodically record a frame of video and transmit the frame to the server, and wherein the server processor authenticates a face in the frame against a stored identification image of the user.

8-10. (Canceled).

11. (Previously Presented)  The system of claim 1, wherein the kiosk is configured to accept messages input by the user after the user has logged on and transmit the messages to the server, and the server is configured to provide a third party access to the messages.

12. (Canceled).

13.  (Previously Presented)  The system of claim 1, wherein the server is configured to receive an incoming call for the user from a third party caller, determine whether the user has permission to receive incoming calls, if the user has permission, transmit the incoming call to the kiosk and at least a second kiosk, and

wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, display a screen notifying the user of the incoming call, and prompt the user to input the log in information.

14.  (Previously Presented)  The system of claim 1, wherein the kiosk is configured to provide the user with at least two of: access to audio, video, and text of educational material stored on the server and/or the kiosk, access to audio, video, and text of religious material stored on the server and/or the kiosk, and the ability to order items from a list of commissary items.

15.  (Canceled).

16.  (Original)  The system of claim 1, wherein the kiosk is configured to receive text-based messages from a server, and to display a notification of an available text-based message on an idle screen of the kiosk.

17-18.  (Canceled).

19.  (Previously Presented)  A kiosk for providing facility services in a secure manner, comprising:

a computer processor;

a memory connected to the processor via a bus;

a camera connected to the bus for inputting video communications;

a microphone connected to the bus for inputting audio communications;

a speaker connected to the bus;

4

Application No. 13/088,883                                    Docket No.: 130113-379888 (INV-003)
Response to Notice of Allowance dated March 20, 2015

a touchscreen display connected to the bus; and

a network interface connected to the bus for communicating with a server via a network connection,

wherein the kiosk authenticates a user by receiving personal log in information and comparing the received personal log in information against a known personal log in information associated with the user, verifies the user's identity using a biometric verification, records audio and video communications and transmits the audio and video communications to the server, and provides access to internet web pages via a web proxy, and

wherein, after the user has been authenticated and during the transmission of the video, the kiosk is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the kiosk is further configured to blur video being transmitted to a destination when the check determines that the face is not present in the frame.

20.  (Canceled).

21.  (Previously Presented)  The kiosk of claim 19, wherein the kiosk provides the user with at least one of: access to audio, video, and text of educational material; access to audio, video, and text of religious material; the ability to order items from a list of commissary items; the ability to reserve times for using the kiosk; and the ability to send text messages to third parties.

22.  (Previously Presented)  A  method of monitoring use of an interactive kiosk during a video transmission, comprising:

authenticating the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification;

using a camera of the kiosk to capture video of a user of the kiosk during use of the kiosk;

transmitting the video to a server;

5

Application No. 13/088,883                                    Docket No.: 130113-379888 (INV-003)
Response to Notice of Allowance dated March 20, 2015

periodically extracting, at the server, a frame of the video;

performing a check after the user identity has been authenticated by the kiosk and during the transmission of the video, at the server, to determine if a face is present during the frame; and

blurring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame.

23-25. (Canceled).

26. (Previously Presented)  The system of claim 1, wherein the log in information is a personal identification number.

27. (Currently amended)  The ~~system~~ <u>kiosk</u> of claim 19, wherein the personal log in information is a personal identification number.

28.   (Previously Presented) A system for providing services to a secure facility, the system comprising:

a plurality of kiosks located at a secure facility, each kiosk comprising a processor, display, speaker, and microphone; and

a server that communicates with the kiosks and a device of an outside party via one or more network connections, the server comprising a server processor, a network interface unit, and a computer memory;

wherein the server is configured to receive a communications request from the device of the outside party and, in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk,

wherein the kiosk is configured to receive the message, and, upon receipt of the message, display an incoming communications request message and initiate a login procedure,

wherein the server is configured to authenticate a user of the device, and

6

wherein, after the user has been authenticated and during a transmission of a video, the video being transmitted from the kiosk to the calling party, the server is configured to periodically extract a frame of the video; and perform a check to determine if a face is present in the frame, and the server is further configured to blur the video being transmitted to the calling party when the check determines that the face is not present in the frame.

29.  (Previously Presented)  The system of claim 28, wherein the communications request is a request to initiate a voice call or a video call.

30.  (Previously Presented)  The system of claim 28, wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server.

31.  (Previously Presented)  The system of claim 28, wherein the kiosk is configured to play an alert tone or audio message upon receiving the message.

32.  (Previously Presented)  The system of claim 1, wherein the biometric verification comprises a facial authentication via the camera.

33.  (Previously Presented)  The system of claim 1, wherein the biometric verification comprises a voice authentication via the microphone.

34.  (Previously Presented)  The kiosk of claim 19, wherein the biometric verification comprises a facial authentication of an image captured by the camera.

35.  (Previously Presented)  The kiosk of claim 19, wherein the biometric verification comprises a voice authentication of an audible phrase recorded using the microphone.

36.  (Previously Presented)  The system of claim 1, wherein the server is configured to detect the presence of a second face in the video frame and, while the presence of the second face is detected, the kiosk is configured to blur the video.

7

37.  (Previously Presented)  The system of claim 1, wherein the server is configured to record video in a tele-medical session mode wherein the blurring the video being transmitted to the destination is not performed when the check determines that the face is not present in the frame.

38.  (Previously Presented)  The system of claim 1, further comprising a plurality of kiosks located at the secure facility, wherein the server is configured to receive a request for a resident from a caller outside the secure facility, identify one of the plurality of kiosks that is located in an area the resident is housed in using a schedule of the resident, and activate the identified one of the plurality of kiosks to play an alert tone and display the resident's name.

39.  (Previously Presented)  The kiosk of claim 19, wherein the kiosk is configured to detect the presence of a second face in the video frame and, while the presence of the second face is detected, the kiosk is configured to blur the video.

40.  (Previously Presented)  The kiosk of claim 19, wherein the kiosk is configured to record video in a tele-medical session mode wherein the blurring the video being transmitted to the destination is not performed when the check determines that the face is not present in the frame.

41.  (Previously Presented)  The method of claim 22, further comprising:

detecting the presence of a second face in the video frame and, while the presence of the second face is detected, blurring the video transmission, at the server, to the destination.

42.  (Previously Presented)  The system of claim 28, wherein the server is configured to detect the presence of a second face in the video frame and, while the presence of the second face is detected, the server is configured to blur the video being transmitted to the calling party.

43.  (Previously Presented)  The system of claim 28, wherein the server is configured to receive a request for a resident from the device of outside party, identify one of the plurality of kiosks that is located in an area the resident is housed in using a schedule of the resident, and activate the identified one of the plurality of kiosks to play an alert tone and display the resident's name.

Application No. 13/088,883                                    Docket No.: 130113-379888 (INV-003)
Response to Notice of Allowance dated March 20, 2015

## REMARKS

Applicant acknowledges the Notice of Allowance dated March 20, 2015, and the Notice of Allowability allowing claims 1, 4, 6, 7, 11, 13, 14, 16, 19, 21, 22 and 26-43.  Applicant respectfully requests that the present amendment be entered under 37 C.F.R. 1.312.

Pursuant to M.P.E.P. § 714.16, the amendment is (a) needed for proper disclosure and protection of the invention and (b) requires no substantial amount of additional work on the part of the Office.  No new matter is added.  Specifically, claim 27 has been amended to recite "the kiosk of claim 19," rather than "the system of claim 19," because claim 19 recites "[a] kiosk for providing facility services in a secure manner."

Applicant believes that no additional fee is necessary for this submission. Nonetheless, the Commissioner is hereby authorized to charge any deficiency in the fees due for the filing of this Amendment under 37 C.F.R. § 1.312, and to refund any excess payment of fees to Deposit Account number 22-0261, which reference to Order number 130113-379888.

If the Examiner believes, for any reasons, that personal communication will expedite prosecution of this application, the Examiner is hereby invited to telephone the undersigned at the number provided.


Dated:  April 3, 2015                          Respectfully submitted,

9432263                                        By /Leslie A. Lee/_____
                                               Leslie A. Lee
                                                   Registration No.: 66,644
                                               Jeffri A. Kaminski
                                                   Registration No.: 42,709
                                               VENABLE LLP
                                               P.O. Box 34385
                                               Washington, DC  20043-9998
                                               (202) 344-4000
                                               (202) 344-8300 (Fax)
                                               Attorney For Applicant

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 13088883 |
| **Filing Date:** | 18-Apr-2011 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard Torgersrud |
| **Filer:** | Leslie Ann Lee/Moira Anderson |
| **Attorney Docket Number:** | 130113-379888 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| Reissue issue fee | 1511 | 1 | 960 | 960 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension-of-Time: | | | | |
| Miscellaneous: | | | | |
| **Total in USD ($)** | | | | **960** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21970649 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 130664 |
| **Filer:** | Leslie Ann Lee/Moira Anderson |
| **Filer Authorized By:** | Leslie Ann Lee |
| **Attorney Docket Number:** | 130113-379888 |
| **Receipt Date:** | 03-APR-2015 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 19:34:12 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $ 960 |
| RAM confirmation Number | 4182 |
| Deposit Account | 220261 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | 379888_Issue_Fee_Transmittal.pdf | 103690<br>8728feddaa3da877a4443cb8a72b5800a95034e4 | no | 1 |

| Warnings: |
|---|

| Information: |
|---|

| 2 | | 379888_Amendment_Under_1_312.pdf | 78577<br>3edf6dc65a402e01929ba6dcacdea1f654b6f1da | yes | 9 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | Document Description | Start | | End |
| | Amendment after Notice of Allowance (Rule 312) | 1 | | 1 |
| | Claims | 2 | | 8 |
| | Applicant Arguments/Remarks Made in an Amendment | 9 | | 9 |

| Warnings: |
|---|

| Information: |
|---|

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 30334<br>7227d71ae1c68a292bb4e3d34683c1f34ec55468 | no | 2 |

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 212601 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/AIA/80 (07-12)
Approved for use through 11/30/2014. OMB 0651-0035
U.S. Patent and Trademark Office; U.S DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(c).

I hereby appoint:

☒  Practitioners associated with Customer Number:  | **130664**

**OR**

☐  Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | | Name | Registration Number |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

As attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned only to the undersigned according to the USPTO assignment records or assignments documents attached to this form in accordance with 37 CFR 3.73(c).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(c) to:

☒  The address associated with Customer Number:  | **130664**

**OR**

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

Assignee Name and Address:  Telmate LLC
655 Montgomery Street, Suite# 1800
San Francisco, CA  94111

**A copy of this form, together with a statement under 37 CFR 3.73(c) (Form PTO/AIA/96 or equivalent) is required to be Filed in each application in which this form is used. The statement under 37 CFR 3.73(c) may be completed by one of The practitioners appointed in this form, and must identify the application in which this Power of Attorney is to be filed.**

### SIGNATURE of Assignee of Record
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee

| Signature | *[signature]* | Date | 03/09/2015 |
|---|---|---|---|
| Name | Scott Lam | Telephone | (415) 300-4323 |
| Title | General Counsel | | |

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21958054 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 130664 |
| **Filer:** | Leslie Ann Lee/Allyson M. Bell |
| **Filer Authorized By:** | Leslie Ann Lee |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 02-APR-2015 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 16:52:15 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Assignee showing of ownership per 37 CFR 3.73 | Statement3.pdf | 28238<br>b09101b4dad75f907d466cf3ae2a2b1bb1b9b5be | no | 1 |

| |
|---|
| **Warnings:** |
| **Information:** |

| 2 | Power of Attorney | TelmateGenPOA.pdf | 108388<br><br>81796d51613e0de4c41d5a622f3142c7292<br>3db04 | no | 1 |

| **Warnings:** |
| **Information:** |

| | **Total Files Size (in bytes):** | 136626 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/96 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner:   Torgersrud et al.

Application No./Patent No.:         13/088,883          Filed/Issue Date:          April 18, 2011

Titled:      INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY

Telmate LLC          ,          a Limited Liability Company
(Name of Assignee)                    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1.  [x]  the assignee of the entire right, title, and interest in;

2.  [ ]  an assignee of less than the entire right, title, and interest in
         (The extent (by percentage) of its ownership interest is _____ %); or

3.  [ ]  an assignee of an undivided interest in the entirety of (a complete assignment from one of the joint inventors was made)
the patent application/patent identified above by virtue of either:

A.  [x]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was
         recorded in the United States Patent and Trademark Office at Reel        026144        ,
         Frame        0452        , or for which a copy thereof is attached.

**OR**

B.  [ ]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:
         1. From: _____       To: _____
            The document was recorded in the United States Patent and Trademark Office at
            Reel _____ , Frame _____ , or for which a copy thereof is attached.

         2. From: _____       To: _____
            The document was recorded in the United States Patent and Trademark Office at
            Reel _____ , Frame _____ , or for which a copy thereof is attached.

         3. From: _____       To: _____
            The document was recorded in the United States Patent and Trademark Office at
            Reel _____ , Frame _____ , or for which a copy thereof is attached.

         [ ]  Additional documents in the chain of title are listed on a supplemental sheet(s).

[x]  As required by 37 CFR 3.73(b)(1)(i), the documentary evidence of the chain of title from the original owner to the
     assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

     [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment
     Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| /Leslie A. Lee/ | April 2, 2015 |
| Signature | Date |
| | Attorney/Agent |
| Leslie A. Lee | 66,644 |
| Printed or Typed Name | Title |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 |

**CONFIRMATION NO. 9388**

113003
Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

**POWER OF ATTORNEY NOTICE**

*OC000000074258796*

Date Mailed: 03/26/2015

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/20/2015.

- The Power of Attorney to you in this application has been revoked by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

/sibrahim/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1



### United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 |

**CONFIRMATION NO. 9388**

130664
TELMATE LLC C/O VENABLE LLP
P.O. Box 34385
Washington, DC 20043-9998

**POA ACCEPTANCE LETTER**

*OC000000074258831*

Date Mailed: 03/26/2015

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/20/2015.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/sibrahim/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

113003      7590      03/20/2015
Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

| EXAMINER |
| --- |
| NGUYEN, LAURA N |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2683 | |

DATE MAILED: 03/20/2015

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 | 9388 |

TITLE OF INVENTION: INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 06/22/2015 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u>** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or <u>Fax</u>**  (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

    113003        7590        03/20/2015
Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 | 9388 |

TITLE OF INVENTION: INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 06/22/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| NGUYEN, LAURA N | 2683 | 340-005530 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2.** For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :  ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

**4a. The following fee(s) are submitted:**
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



U NITED S TATES P ATENT AND T RADEMARK O FFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 | 9388 |

113003        7590        03/20/2015

Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

| EXAMINER |
|---|
| NGUYEN, LAURA N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2683 | |

DATE MAILED: 03/20/2015

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 13/088,883 | Applicant(s) TORGERSRUD ET AL. | |
|---|---|---|---|
| | Examiner LAURA NGUYEN | Art Unit 2683 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *1/26/2015*.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1,4,6,7,11,13,14,16,19,21,22 and 26-43*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

        a) ☐ All   b) ☐ Some   *c) ☐ None of the:

           1. ☐ Certified copies of the priority documents have been received.

           2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

           3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date *1/29/2014*

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment

6. ☒ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____ .

/LAURA NGUYEN/
Examiner, Art Unit 2683

Application/Control Number: 13/088,883                                    Page 2
Art Unit: 2683

## DETAILED ACTION

### *Continued Examination Under 37 CFR 1.114*

1.      A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114.  Applicant's submission filed on 1/26/2015 has been entered.

### REASONS FOR ALLOWANCE

2.      Claims 1, 4, 6, 7, 11, 13, 14, 16, 19, 21-22, and 26-43 are allowed.

3.      The following is an examiner's statement of reasons for allowance:

        The prior art of record does not disclose, nor is there motivation to combine, a system for providing video services to a secure facility that periodically authenticates a user of a kiosk in the facility by performing biometric authentication of the video after an initial authentication, and blurs the video being transmitted when it is determined that a face is not present in the frame.

        The application is in condition for allowance based upon the aforementioned rationale in combination with the other claimed elements.

        Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably

Application/Control Number: 13/088,883                                        Page 3
Art Unit: 2683

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to LAURA NGUYEN whose telephone number is (571)270-

3785.  The examiner can normally be reached on Monday - Friday 9:00 AM - 5:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Brian Zimmerman can be reached on (571) 272-3059.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/LAURA NGUYEN/
Examiner, Art Unit 2683

/BRIAN ZIMMERMAN/
Supervisory Patent Examiner, Art Unit 2683

Used in Lieu of PTO/SB/08A/B
(Based on PTO 10-07 version)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 13/088,883-Conf. #9388 |
| | Filing Date | April 18, 2011 |
| | First Named Inventor | Kevin O'Neil |
| | Art Unit | 2683 |
| | Examiner Name | L. Nguyen |

| Sheet | 1 | of | 1 | Attorney Docket Number | P5789.0006/P006 |
|---|---|---|---|---|---|

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | AA | 7,529,357 | 05/05/2009 | Rae et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1]Applicant's unique citation designation number (optional). [2]Applicant is to place a check mark here if English language Translation is attached.

| Examiner Signature | /Laura Nguyen/ | Date Considered | 03/03/2015 |
|---|---|---|---|

DSMDB-3229822v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /L.N./

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13088883 | TORGERSRUD ET AL. |
| | Examiner | Art Unit |
| | LAURA NGUYEN | 2683 |

**CPC**

| Symbol | | | Type | Version |
|---|---|---|---|---|
| G06F | 21 | 32 | F | 2013-01-01 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| /LAURA NGUYEN/ Examiner.Art Unit 2683 | 3/3/2015 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 29 | |
| /BRIAN ZIMMERMAN/ Supervisory Patent Examiner.Art Unit 2683 | 03/06/2015 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 2 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13088883 | TORGERSRUD ET AL. |
| | Examiner | Art Unit |
| | LAURA NGUYEN | 2683 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | | NON-CLAIMED | | | | | |
| | | G | 0 | 6 | F | 21 / 32 (2013.01.01) | | | | | | | |
| CROSS REFERENCE(S) | | | | | | | | | | | | | |
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| /LAURA NGUYEN/ Examiner.Art Unit 2683 | 3/3/2015 | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 29 | |
| /BRIAN ZIMMERMAN/ Supervisory Patent Examiner.Art Unit 2683 | 03/06/2015 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 2 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13088883 | TORGERSRUD ET AL. |
| | Examiner | Art Unit |
| | LAURA NGUYEN | 2683 |

| ☐ | Claims renumbered in the same order as presented by applicant | | | ☐ CPA | | ☐ T.D. | | ☐ R.1.47 | | | | | | |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 27 | 31 | | | | | | | | | | | | |
| 2 | 4 | 10 | 32 | | | | | | | | | | | | |
| 3 | 6 | 11 | 33 | | | | | | | | | | | | |
| 4 | 7 | 18 | 34 | | | | | | | | | | | | |
| 5 | 11 | 19 | 35 | | | | | | | | | | | | |
| 6 | 13 | 12 | 36 | | | | | | | | | | | | |
| 7 | 14 | 13 | 37 | | | | | | | | | | | | |
| 8 | 16 | 14 | 38 | | | | | | | | | | | | |
| 15 | 19 | 20 | 39 | | | | | | | | | | | | |
| 16 | 21 | 21 | 40 | | | | | | | | | | | | |
| 22 | 22 | 23 | 41 | | | | | | | | | | | | |
| 9 | 26 | 28 | 42 | | | | | | | | | | | | |
| 17 | 27 | 29 | 43 | | | | | | | | | | | | |
| 24 | 28 | | | | | | | | | | | | | | |
| 25 | 29 | | | | | | | | | | | | | | |
| 26 | 30 | | | | | | | | | | | | | | |

| /LAURA NGUYEN/ Examiner.Art Unit 2683 | 3/3/2015 | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 29 | |
| /BRIAN ZIMMERMAN/ Supervisory Patent Examiner.Art Unit 2683 | 03/06/2015 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 2 |

| *Search Notes*  | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13088883 | O'NEIL ET AL. |
| | **Examiner** | **Art Unit** |
| | LAURA NGUYEN | 2683 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 340 | 5.51-5.54,5.8,5.81-5.85,5.2,5.21,5.28,5.31 | 3/10/2014 | LN |
| 725 | 9,10,12,14,30,98,99 | 3/10/2014 | LN |
| 382 | 115,118 | 3/10/2014 | LN |
| 348 | 14.01-14.16 | 3/10/2014 | LN |
| 345 | 173 | 3/10/2014 | LN |
| 713 | 168,186 | 3/10/2014 | LN |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST Search | 4/18/2013 | LN |
| Updated EAST Search | 9/23/2013 | LN |
| Updated EAST Search | 3/10/2014 | LN |
| Updated EAST Search | 3/3/2015 | LN |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| G06F | 21/32 | 3/3/2015 | LN |

/L.N./
Examiner.Art Unit 2683

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S189 | 8 | ((blur) with (video audio sound)) same (authenticat$3 authoriz$5) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 16:24 |
| S190 | 28 | ((blur$4) with (video audio sound)) same (authenticat$3 authoriz$5) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 16:25 |
| S191 | 362 | ((blur$4)) same (authenticat$3 authoriz$5) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 16:46 |
| S192 | 66 | ((blur$4)) same (authenticat$3 authoriz$5) same (video audio sound) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 16:47 |
| S193 | 214 | ((blur$4)) same (authenticat$3 authoriz$5) same (video audio sound image) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 16:47 |
| S194 | 1295 | (transmit$4 send$3) with (blur$4 vague indistinct) with (video audio image) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 17:08 |
| S195 | 8 | S194 same (authenticat$3 authoriz$5) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 17:09 |
| S196 | 460 | ((blur$4) with (video audio sound)) and ((authenticat$3 authoriz$5) with (user person individual) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 17:13 |
| S197 | 2635 | ((blur$4) with (video audio sound image)) and ((authenticat$3 authoriz$5) with (user person individual) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 17:13 |
| S198 | 367 | ((blur$4) with (video)) and ((authenticat$3 authoriz$5) with (user person individual)) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 17:13 |
| S199 | 367 | ((blur$4) with (video)) and ((authenticat$3 authoriz$5) with (user person individual)) | US-PGPUB; USPAT | OR | OFF | 2015/02/11 17:15 |
| S200 | 383 | ((blur$4) with (video)) and ((authenticat$3 authoriz$5) with (user person individual)) | US-PGPUB; USPAT | OR | ON | 2015/02/11 17:15 |

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 3981 | G06F21/32.cpc. | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:27 |
| L2 | 374 | (blur$4 with video).clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:27 |
| L3 | 0 | 2 and 1 | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:27 |

| L4 | 3 | (periodic$4 with authenticat$3 with face).clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:28 |
| L5 | 3 | 4 and 1 | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:28 |
| L6 | 68 | (server with determin$3 with face).clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:28 |
| L7 | 9 | 6 and 1 | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:28 |
| L8 | 0 | (log with in with biometric with verification).clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:29 |
| L9 | 6 | (log with biometric with verification).clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:29 |
| L10 | 2 | 9 and 1 | US-PGPUB; USPAT; UPAD | OR | ON | 2015/03/03 14:29 |

**3/3/2015 2:30:35 PM**
**C:\Users\lnguyen8\Documents\EAST\Workspaces\13088883_Kiosk to authenticate users using login info and biometrics in order to provide authorized services and content to the user.wsp**

PTO/AIA/80 (07-12)
Approved for use through 11/30/2014. OMB 0651-0035
U.S. Patent and Trademark Office; U.S DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(c).

I hereby appoint:

[■] Practitioners associated with Customer Number:

**130664**

**OR**

[ ] Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | Name | Registration Number |
|------|---------------------|------|---------------------|
|      |                     |      |                     |
|      |                     |      |                     |
|      |                     |      |                     |
|      |                     |      |                     |
|      |                     |      |                     |

As attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned only to the undersigned according to the USPTO assignment records or assignments documents attached to this form in accordance with 37 CFR 3.73(c).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(c) to:

[■] The address associated with Customer Number:

**130664**

**OR**

| Firm or Individual Name | |
|------|------|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

Assignee Name and Address: Telmate LLC
655 Montgomery Street, Suite# 1800
San Francisco, CA 94111

A copy of this form, together with a statement under 37 CFR 3.73(c) (Form PTO/AIA/96 or equivalent) is required to be Filed in each application in which this form is used. The statement under 37 CFR 3.73(c) may be completed by one of The practitioners appointed in this form, and must identify the application in which this Power of Attorney is to be filed.

### SIGNATURE of Assignee of Record
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee

| Signature | *[signature]* | Date | 03/09/2015 |
|-----------|---------------|------|------------|
| Name | Scott Lam | Telephone | (415) 300-4323 |
| Title | General Counsel | | |

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/96 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner:   Tordersrud et al.

Application No./Patent No.:   13/088,883        Filed/Issue Date:        April 18, 2011

Titled:     COMPRESSION-DISTRACTION SPINAL FIXATION SYSTEM

Telmate LLC                  ,          a Limited Liability Company
(Name of Assignee)                          (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1. [ ]   the assignee of the entire right, title, and interest in;

   [ ]   an assignee of less than the entire right, title, and interest in
         (The extent (by percentage) of its ownership interest is _____ %); or

3. [x]   an assignee of an undivided interest in the entirety of (a complete assignment from one of the joint inventors was made)
the patent application/patent identified above by virtue of either:

A. [ ]   An assignment from the inventor(s) of the patent application/patent identified above. The assignment was
         recorded in the United States Patent and Trademark Office at Reel _____ ,
         Frame _____ , or for which a copy thereof is attached.

OR

B. [x]   A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

   1. From:   Richard Torgersrud              To:   Telmate LLC
      The document was recorded in the United States Patent and Trademark Office at
      Reel    026144    , Frame    0452    , or for which a copy thereof is attached.

   2. From:   Kevin O'Neil                    To:   Telmate LLC
      The document was recorded in the United States Patent and Trademark Office at
      Reel    026144    , Frame    0452    , or for which a copy thereof is attached.

   3. From:   Grant Gongaware                 To:   Telmate LLC
      The document was recorded in the United States Patent and Trademark Office at
      Reel    026144    , Frame    0452    , or for which a copy thereof is attached.

   [x]   Additional documents in the chain of title are listed on a supplemental sheet(s).

[x]   As required by 37 CFR 3.73(b)(1)(i), the documentary evidence of the chain of title from the original owner to the
      assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

      [NOTE:  A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment
      Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO.  See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| | |
|---|---|
| /Leslie A. Lee/ | March 20, 2015 |
| Signature | Date |
| | Attorney/Agent |
| Leslie A. Lee | 66,644 |
| Printed or Typed Name | Title |

SUPPLEMENTAL SHEET FOR USE WITH PTO/SB/96 (07-09)

Supplemental Sheet

4. From: Morgan Collins                                    To: Telmate LLC
   The document was recorded in the United States Patent and Trademark Office at
   Reel: 026144, Frame: 0452

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21836556 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard Torgersrud |
| **Customer Number:** | 113003 |
| **Filer:** | Leslie Ann Lee/Allyson M. Bell |
| **Filer Authorized By:** | Leslie Ann Lee |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 20-MAR-2015 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 16:05:06 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Power of Attorney | TelmateGenPOA.pdf | 108388 <br> 81796d51613e0de4c41d5a622f3142c7292 3db04 | no | 1 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |

| 2 | Assignee showing of ownership per 37 CFR 3.73. | Statement373.pdf | 27747<br><br>7b1ecefbbed8feec8cb6b886367ecf73ca090b7a | no | 2 |

| **Warnings:** |
| **Information:** |

| | **Total Files Size (in bytes):** | 136135 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

USED IN LIEU OF PTO/SB/30 (07-09)

| | |
|---|---|
| **Request for Continued Examination (RCE) Transmittal** | |
| Address to: Mail Stop RCE Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 | |

| | |
|---|---|
| Application Number | 13/088,883-Conf. #9388 |
| Filing Date | April 18, 2011 |
| First Named Inventor | Kevin O'Neil |
| Art Unit | 2683 |
| Examiner Name | L. Nguyen |
| Attorney Docket Number | P5789.0006/P006 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**

Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

   a. ☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

      ii. ☐ Other _____

   b. ☒ Enclosed

      i. ☒ Amendment/Reply       iii. ☐ Information Disclosure Statement (IDS)

      ii. ☐ Affidavit(s)/Declaration(s)       iv. ☐ Other _____

2. **Miscellaneous**

   a. ☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

   b. ☐ Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

   a. ☒ The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. ___04-1073___

      i. ☒ RCE fee required under 37 CFR 1.17(e)

      ii. ☒ Extension of time fee (37 CFR 1.136 and 1.17)

      iii. ☐ Other _____

   b. ☐ Check in the amount of $ _____ enclosed

   c. ☒ Payment by credit card.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| *SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED* | | | |
|---|---|---|---|
| Signature | *[signature]* | Date | January 26, 2015 |
| Name (Print/Type) | Jonathan L. Falkler | Registration No. | 62,115 |

PTO/SB/22 (03-13)
Approved for use through 3/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) | Docket Number (Optional) P5789.0006/P006 | |
|---|---|---|
| Application Number | 13/088,883-Conf. #9388 | Filed | April 18, 2011 |

| For | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
|---|---|

| Art Unit | 2683 | Examiner | L. Nguyen |
|---|---|---|---|

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above-identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

| | | Fee | Small Entity Fee | Micro Entity Fee | |
|---|---|---|---|---|---|
| ☐ | One month (37 CFR 1.17(a)(1)) | $200 | $100 | $50 | $ |
| ☐ | Two months (37 CFR 1.17(a)(2)) | $600 | $300 | $150 | $ |
| ☒ | Three months (37 CFR 1.17(a)(3)) | $1,400 | $700 | $350 | $ 1,400.00 |
| ☐ | Four months (37 CFR 1.17(a)(4)) | $2,200 | $1,100 | $550 | $ |
| ☐ | Five months (37 CFR 1.17(a)(5)) | $3,000 | $1,500 | $750 | $ |

☐ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
  Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☒ Payment by credit card.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.

☒ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to
  Deposit Account Number   04-1073   .

☒ Payment made via EFS-Web.

WARNING:  Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

I am the

☐ applicant/inventor.

☐ assignee of record of the entire interest. See 37 CFR 3.71. 37 CFR 3.73(b) statement is enclosed (Form PTO/SB/96).

☒ attorney or agent of record. Registration number   62,115   .

☐ attorney or agent acting under 37 CFR 1.34. Registration number   .

| /Jt 1 7/ | January 26, 2015 |
|---|---|
| Signature | Date |
| Jonathan L. Falkler | (202) 420-4742 |
| Typed or printed name | Telephone Number |

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of   1   forms are submitted.

DSMDB-3312690 v1

Docket No.: P5789.0006/P006
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Kevin O'Neil et al.

| | |
|---|---|
| Application No.: 13/088,883 | Confirmation No.: 9388 |
| Filed: April 18, 2011 | Art Unit: 2683 |
| For:  INTERACTIVE AUDIO/VIDEO SYSTEM AND<br>DEVICE FOR USE IN A SECURE FACILITY | Examiner: L.N. Nguyen |

## AMENDMENT ACCOMPANYING RCE

MS Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

### INTRODUCTORY COMMENTS

In response to the Final Rejection dated July 24, 2014, please amend the above-identified

U.S. patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2

of this paper.

**Remarks** begin on page 9 of this paper.

DSMDB-3306381 v1

Application No. 13/088,883   Docket No.: P5789.0006/P006

## AMENDMENTS TO THE CLAIMS

1.      (Currently amended)  A system for providing services to a secure facility, the system comprising:

a kiosk located at a secure facility, the kiosk comprising a processor, display, speaker, microphone, and a camera; and

a server that communicates with the kiosk via a network connection, the server comprising a server processor, a network interface unit, and a computer memory;

the kiosk being configured to receive communications from the camera and microphone and transmit audio and video of the communications to the server via the network connection;

wherein the server records the audio and video and transmits the audio and video to a destination;

wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification;

wherein, after the user identity has been authenticated by the kiosk and during the transmission of the video, the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to blur ~~or obscure~~ the video being transmitted to the destination when the check determines that the face is not present in the frame; and

wherein the destination is a device communicating with the server, and the server is configured to authenticate a user of the device.

2-3.    (Canceled)

4.      (Previously presented)  The system of claim 1, further comprising:

2

a second kiosk located in a visitation area of the secure facility; and

a local server located at the secure facility;

the kiosk being configured to transmit the audio and video to the local server when the communications are intended for the second kiosk located in the visitation area; and

wherein the local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area.

5.      (Canceled)

6.      (Original)   The system of claim 1, wherein the server is configured to periodically extract a frame of the video and authenticate a face in the frame against a stored identification image of the user.

7.      (Previously presented)  The system of claim 1, wherein during a singular communications session, the kiosk is configured to periodically record a frame of video and transmit the frame to the server, and wherein the server processor authenticates a face in the frame against a stored identification image of the user.

8-10.   (Canceled)

11.     (Previously presented)  The system of claim 1, wherein the kiosk is configured to accept messages input by the user after the user has logged on and transmit the messages to the server, and the server is configured to provide a third party access to the messages.

12.     (Canceled)

13.     (Previously presented)  The system of claim 1, wherein the server is configured to receive an incoming call for the user from a third party caller, determine whether the user has permission to receive incoming calls, if the user has permission, transmit the incoming call to the kiosk and at least a second kiosk, and

wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, display a screen notifying the user of the incoming call, and prompt the user to input the log in information.

14.     (Previously presented)  The system of claim 1, wherein the kiosk is configured to provide the user with at least two of: access to audio, video, and text of educational material stored on the server and/or the kiosk, access to audio, video, and text of religious material stored on the server and/or the kiosk, and the ability to order items from a list of commissary items.

15.     (Canceled)

16.     (Original)  The system of claim 1, wherein the kiosk is configured to receive text-based messages from a server, and to display a notification of an available text-based message on an idle screen of the kiosk.

17-18.  (Canceled)

19.     (Currently amended) A kiosk for providing facility services in a secure manner, comprising:

a computer processor;

a memory connected to the processor via a bus;

a camera connected to the bus for inputting video communications;

a microphone connected to the bus for inputting audio communications;

a speaker connected to the bus;

a touchscreen display connected to the bus; and

a network interface connected to the bus for communicating with a server via a network connection,

4

wherein the kiosk authenticates a user by receiving personal log in information and comparing the received personal log in information against a known personal log in information associated with the user, verifies the user's identity using a biometric verification, records audio and video communications and transmits the audio and video communications to the server, and provides access to internet web pages via a web proxy, and

wherein, after the user has been authenticated and during the transmission of the video, the kiosk is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the kiosk is further configured to blur ~~or obscure~~ video being transmitted to a destination when the check determines that the face is not present in the frame.

20.   (Canceled)

21.   (Previously presented)  The kiosk of claim 19, wherein the kiosk provides the user with at least one of: access to audio, video, and text of educational material; access to audio, video, and text of religious material; the ability to order items from a list of commissary items; the ability to reserve times for using the kiosk; and the ability to send text messages to third parties.

22.   (Currently amended)  A method of monitoring use of an interactive kiosk during a video transmission, comprising:

authenticating the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification;

using a camera of the kiosk to capture video of a user of the kiosk during use of the kiosk;

transmitting the video to a server;

periodically extracting, at the server, a frame of the video;

performing a check after the user identity has been authenticated by the kiosk and during the transmission of the video, at the server, to determine if a face is present during the frame; and

5

blurring ~~or obscuring~~ the video transmission, at the server, to a destination if the check determines that the face is not present in the frame.

23-25.  (Canceled)

26.     (Previously presented)  The system of claim 1, wherein the log in information is a personal identification number.

27.     (Previously presented)   The system of claim 19, wherein the personal log in information is a personal identification number.

28.     (Currently amended)  A system for providing services to a secure facility, the system comprising:

a plurality of kiosks located at a secure facility, each kiosk comprising a processor, display, speaker, and microphone; and

a server that communicates with the kiosks and a device of an outside party via one or more network connections, the server comprising a server processor, a network interface unit, and a computer memory;

wherein the server is configured to receive a communications request from the device of the outside party and, in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk,

wherein the kiosk is configured to receive the message, and, upon receipt of the message, display an incoming communications request message and initiate a login procedure,

wherein the server is configured to authenticate a user of the device, and

wherein, after the user has been authenticated and during a transmission of a video, the video being transmitted from the kiosk to the calling party, the server is configured to periodically extract a frame of the video; and perform a check to determine if a face is present in the frame, and the

6

server is further configured to blur ~~or obscure~~ the video being transmitted to the calling party when the check determines that the face is not present in the frame.

29.    (Previously presented)  The system of claim 28, wherein the communications request is a request to initiate a voice call or a video call.

30.    (Previously presented)  The system of claim 28, wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server.

31.    (Previously presented)  The system of claim 28, wherein the kiosk is configured to play an alert tone or audio message upon receiving the message.

32.    (Previously presented)  The system of claim 1, wherein the biometric verification comprises a facial authentication via the camera.

33.    (Previously presented)  The system of claim 1, wherein the biometric verification comprises a voice authentication via the microphone.

34.    (Previously presented)  The kiosk of claim 19, wherein the biometric verification comprises a facial authentication of an image captured by the camera.

35.    (Previously presented)  The kiosk of claim 19, wherein the biometric verification comprises a voice authentication of an audible phrase recorded using the microphone.

36.    (New)  The system of claim 1, wherein the server is configured to detect the presence of a second face in the video frame and, while the presence of the second face is detected, the kiosk is configured to blur the video.

37.    (New)  The system of claim 1, wherein the server is configured to record video in a tele-medical session mode wherein the blurring the video being transmitted to the destination is not performed when the check determines that the face is not present in the frame.

DSMDB-3306381 v1

38.     (New) The system of claim 1, further comprising a plurality of kiosks located at the secure facility, wherein the server is configured to receive a request for a resident from a caller outside the secure facility, identify one of the plurality of kiosks that is located in an area the resident is housed in using a schedule of the resident, and activate the identified one of the plurality of kiosks to play an alert tone and display the resident's name.

39.     (New)  The kiosk of claim 19, wherein the kiosk is configured to detect the presence of a second face in the video frame and, while the presence of the second face is detected, the kiosk is configured to blur the video.

40.     (New)  The kiosk of claim 19, wherein the kiosk is configured to record video in a tele-medical session mode wherein the blurring the video being transmitted to the destination is not performed when the check determines that the face is not present in the frame.

41.     (New)  The method of claim 22, further comprising:

detecting the presence of a second face in the video frame and, while the presence of the second face is detected, blurring the video transmission, at the server, to the destination.

42.     (New)  The system of claim 28, wherein the server is configured to detect the presence of a second face in the video frame and, while the presence of the second face is detected, the server is configured to blur the video being transmitted to the calling party.

43.     (New) The system of claim 28, wherein the server is configured to receive a request for a resident from the device of outside party, identify one of the plurality of kiosks that is located in an area the resident is housed in using a schedule of the resident, and activate the identified one of the plurality of kiosks to play an alert tone and display the resident's name.

DSMDB-3306381 v1

Application No. 13/088,883                                 Docket No.: P5789.0006/P006

<h1 align="center">REMARKS</h1>

Claims 1, 4, 6, 7, 11, 13, 14, 16, 19, 21-22, and 26-43 are pending in this application. Claims 1, 19, 22, and 28 have been amended. Claims 2-3, 5, 8-10, 12, 15, 17-18, 20, and 23-25 were previously canceled, without prejudice, and new claims 36-43 have been added. Applicant reserves the right to pursue the original claims and other claims in this and other applications. In view of the amendments to the claims and the remarks below, Applicant respectfully requests that the rejections be withdrawn and the claim allowed.

### Responses to Rejections under 35 U.S.C. § 103

1. Claims 1, 4, 6-7, 11, 16, 22, 26, and 32-33 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae (U.S. Patent No. 8,340,260) and further in view of Kenoyer (U.S. Publication No. 2006/0259755) and Hodge (U.S. Publication No. 2006/0285667).

Claim 1 recites a system for providing services to a secure facility that includes "a kiosk located at a secure facility" and "a server that communicates with the kiosk via a network connection." The kiosk has "a camera" and is configured to "receive communications from the camera . . . and transmit video of the communications to the server." The kiosk is configured to authenticate a user using log in information and biometric information and "after the user identify has been authenticated by the kiosk and during the transmission of the video," the server periodically "extract[s] a frame of the video, and perform[s] a check to determine if a face is present in the frame." Claim 1, as amended, recites that, when the face is not present in the frame, the server is configured to "blur the video being transmitted to the destination" (the claim previously recited that the server was configured to "blur or obscure" the video).

The Office Action (at 5) concedes that Rae does not disclose checking to determine whether a face is present in a frame of video and blurring video when no face is present. The Office Action relies on Kenoyer to cure the deficiency. More specifically, the Office Action (at 5-6) states that Kenoyer discloses continuously determining if a face is present and matches that of the

9

authenticated user, and that Kenoyer is configured to deny the user access and continued participation in the video conference, thus obscuring transmission of video of the unauthenticated user to the destination. Kenoyer's disclosure of terminating the video conference when an authentication fails, however, is different than the claimed system, which, in addition to performing an authentication by verifying log in information and performing a biometric verification, will also blur video when it detects that a face is not present on the screen.

The claimed system blurs video, for example, to "prevent[] inappropriate images from being transmitted." Specification at [0085]. Blurring the video is a different solution than Kenoyer's termination of a call. In the claimed system, the blurred video, and potentially audio, can still be transmitted. Since the call is not necessarily dropped, a user can, for example, correct the issue. In the Kenoyer system, on the other hand, the call is terminated when the face is not present. Kenoyer does not teach or suggest blurring video when a face is not present.

Hodge does not cure the deficiencies of Kenoyer and Rae. Hodge describes a biometric authentication which can be used in a secure telephone management system, but does not disclose or suggest blurring a video transmission where a face is not present in a frame.

Accordingly, claim 1 is allowable over Rae, Kenoyer and Hodge. Claims 4, 6-7, 11, 16, 22, 26, and 32-33 depend from claim 1 or include similar limitations and are allowable for at least the same reasons.

New claims 36-38 and 41 depend respectively from claims 1 and 22, and are allowable for at least the same reasons that their respective base claims are allowable. These claims recite additional allowable features as well. For example, the claims recite features such as detecting the presence of a second face in the video frame and blurring the video, recording video in a tele-medical session mode wherein the blurring is not performed, and receiving requests from outside callers and playing an alert tone at a kiosk located in an area a resident is housed. Accordingly, claims 36-38 and 41 are allowable for additional reasons, as well.

DSMDB-3306381 v1

2. Claims 13 and 28-31 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1, and further in view of Cree (U.S. Patent No. 6,665,380) and Mattila (U.S. Publication No. 2008/0129816).

Claim 13 depends from claim 1 and includes all limitations of claim 1. As described above, Rae, Kenoyer, and Hodge do not disclose all features of claim 1, and Cree and Mattila fail to cure the deficiencies of those references. Cree is merely relied upon for disclosing the transmission of the incoming call to a kiosk, and Mattila is merely relied upon for disclosing a display screen notifying the user of the incoming call. None of these references, however, teach or suggest a server that is configured to "blur the video being transmitted to the destination when the check determines that the face is not present in the frame," Accordingly, claim 13 is allowable for at least the same reasons that claim 1 is allowable.

Claims 28-31 include similar limitations as claim 1 and are allowable for similar reasons as those discussed above. For example, claim 28 recites a system for providing services to a secure facility comprising a server configured to "periodically extract a frame of a video . . . perform a check to determine if a face is present in the frame, and . . . blur the video . . . when the check determines that the face is not present in the frame." Claims 29-31 and 42-43 depend from claim 28. Accordingly, claims 28-31 and 42-43 are allowable for at least the same reasons that claim 1 is allowable.

3. Claim 14 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1, and further in view of Hanna (U.S. Publication No. 2011/0047473).

Claim 14 depends from claim 1 and includes all limitations of claim 1. As described above Rae, Kenoyer, and Hodge do not disclose all features of claim 1, and Hanna does not cure the deficiencies of those references. Hanna is merely relied upon for disclosing a kiosk configured to provide inmates access to commissary items and remote teaching. It does not teach or suggest a server configured to "blur the video being transmitted to the destination when the check determines

that the face is not present in the frame." Accordingly, claim 14 is allowable for at least the same reasons that claim 1 is allowable.

      4. Claims 19, 21, 27, 34, and 35 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae, Kenoyer, and Hodge, and further in view of Kennedy (U.S. Publication No. 2010/0256500).

Claim 19 includes similar limitations as claim 1 and is allowable for similar reasons. Claim 19 recites a kiosk for providing facility services in a secure manner wherein, the kiosk is configured to "blur video being transmitted to a destination when the check determines that the face is not present in the frame." As mentioned above with respect to claim 1, these features are not disclosed in Rae, Kenoyer, and Hodge, and Kennedy does not cure this deficiency. Kennedy is relied upon merely for disclosing a touchscreen display. Claim 19 is therefore allowable for at least the same reasons that claim 1 is allowable. Claims 21, 27, 34, 35, 39, and 40 depend from claim 19 and are allowable for at least the same reasons.

In view of the above, Applicant believes the pending application is in condition for allowance.

Application No. 13/088,883                                          Docket No.: P5789.0006/P006

     The Director is hereby authorized to charge any deficiency or credit any overpayment in the fees filed, asserted to be filed or which should have been filed herewith (or with any paper hereafter filed in this application by this firm) to our Deposit Account No. 04-1073, under Order No. P5789.0006/P006.

Dated:  January 26, 2015                          Respectfully submitted,

                                                 By _____
                                                 Mark J. Thronson
                                                    Registration No.: 33,082
                                                 Jonathan L. Falkler
                                                    Registration No.: 62,115
                                                 DICKSTEIN SHAPIRO LLP
                                                 1825 Eye Street, NW
                                                 Washington, DC  20006-5403
                                                 (202) 420-2200
                                                 Attorneys for Applicant

13

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 13088883 |
| **Filing Date:** | 18-Apr-2011 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard Torgersrud |
| **Filer:** | Donald Anthony Gregory/Alice Weaver |
| **Attorney Docket Number:** | P5789.0006/P006 |

Filed as Large Entity

**Filing Fees for**    **Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 3 months with $0 paid | 1253 | 1 | 1400 | 1400 |
| **Miscellaneous:** | | | | |
| RCE- 2nd and Subsequent Request | 1820 | 1 | 1700 | 1700 |
| **Total in USD ($)** | | | | **3100** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21309834 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 113003 |
| **Filer:** | Donald Anthony Gregory/Alice Weaver |
| **Filer Authorized By:** | Donald Anthony Gregory |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 26-JAN-2015 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 15:48:56 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $3100 |
| RAM confirmation Number | 2690 |
| Deposit Account | 041073 |
| Authorized User | THRONSON, MARK J. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | P57890006.pdf | 595794 <br> 569fc28126e605057aa70fa04f3e0bfdafbf8a40 | yes | 15 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | Start | | End |
| | Request for Continued Examination (RCE) | | 1 | | 1 |
| | Extension of Time | | 2 | | 2 |
| | Amendment Submitted/Entered with Filing of CPA/RCE | | 3 | | 3 |
| | Amendment Copy Claims/Response to Suggested Claims | | 4 | | 10 |
| | Applicant Arguments/Remarks Made in an Amendment | | 11 | | 15 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 32714 <br> 213659a4fa4b4aea8ec34a1c3abdb387b41be791 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | Total Files Size (in bytes): | 628508 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oꜰꜰɪᴄᴇ

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 | 9388 |

113003        7590        07/24/2014

Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

| EXAMINER |
|---|
| NGUYEN, LAURA N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2683 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/24/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| **Office Action Summary** | **Application No.** 13/088,883 | **Applicant(s)** TORGERSRUD ET AL. | |
|---|---|---|---|
| | **Examiner** LAURA NGUYEN | **Art Unit** 2683 | **AIA (First Inventor to File) Status** No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>19 June 2014</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL.**     2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5) ☒ Claim(s) <u>1,4,6,7,11,13,14,16,19,21,22 and 26-35</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1,4,6,7,11,13,14,16,19,21,22 and 26-35</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on <u>4/18/2011</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

   a) ☐ All   b) ☐ Some *   c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

**Interim copies:**

   a) ☐ All   b) ☐ Some   c) ☐ None of the: Interim copies of the priority documents have been received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 13/088,883                                          Page 2
Art Unit: 2683

## DETAILED ACTION

1.      In the amendment filed on 6/19/2014, no new claims have been added.

Therefore, claims 1, 4, 6-7, 11, 13-14, 16, 19, 21-22, and 26-35 are currently pending in

the application.

2.      Applicant's arguments filed 6/19/2014 have been fully considered but they are

not persuasive.

### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

4.      Claims 1, 4, 6-7, 11, 16, 22,  26, and 32-33 are rejected under 35 U.S.C. 103(a)

as being unpatentable over Rae (U.S. Pat 8,340,260), and further in view of Kenoyer

(U.S. Pub 2006/0259755) and Hodge (2006/0285667).

        Regarding claim 1, Rae discloses **a system for providing services to a secure**

**facility** (col. 6 line 52-65; The call processing system got prisons, nursing homes,

camps, dormitories)**, the system comprising:**

        **a kiosk located at a secure facility, the kiosk comprising a processor,**

**display, speaker, microphone, and a camera** (Figure 1 element 141; col. 7 line 3-16;

col. 25 lines 6-13; col. 16 line 13-27;  The telephone terminal 141, where speakers are

an inherent component of a telephone.  A camera and microphone may be placed at the

Application/Control Number: 13/088,883                                    Page 3
Art Unit: 2683

terminal for biometric authentication or general use.  Rae does not explicitly disclose a

display.  However, in an alternative embodiment, Rae discloses that the system may

also be implemented with video phones and computers.  At the time of invention, it

would have been obvious to one of ordinary skill in the art to have a workstation that

combines the embodiments so that there is a computer and a video phone in order to

provide more services to the workstation user.  Additionally, computers and

videophones are well known in the art to have a processor and display.  Therefore, it

would have been obvious to one of ordinary skill in the art to have a display and

processor at the workstation as a part of the computer or videophone)**; and**

      **a server that communicates with the kiosk via a network connection** (col. 9

line 50-64; The network 111), **the server comprising a server processor, a network

interface unit, and a computer memory** (col. 9 line 50-64; The processor-based

server having a media gateway to provide communications to the user terminal.  It is

well known in the art that servers have memory.  Therefore, at the time of invention, it

would have been obvious to one of ordinary skill in the art to include memory in the

processor-based server)**;**

      **the kiosk being configured to receive communications from the camera

and microphone and transmit audio and video of the communications to the

server via the network connection** (col 9 line 50-64; col. 25 line 6-13; The user

terminal receives communications from the server via the media gateway.  It is obvious

to one of ordinary skill in the art that if a video phone is being used, audio and video

information would be transmitted from the microphone and camera input)**;**

Application/Control Number: 13/088,883                                      Page 4
Art Unit: 2683

**wherein the server records the audio and video and transmits the audio and video to a destination** (col 10 line 51-67; col. 11 line 1-2; col. 25 lines 6-13; The call recording system records the call at a workstation for retrieval or playback at workstations.  Rae does not explicitly disclose transmitting audio and video.  However, In an alternative embodiment, Rae discloses using a videophone instead of a telephone.  At the time of invention, it would have been obvious to one of ordinary skill in the art that if a videophone is used in place of a telephone, that audio and video would be recorded and transmitted)**;**

**wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user** (col. 19 line 19-28; An inmate uses their PIN number or identifier to make a call) **and also performing a biometric verification** (col. 19 line 19-28; Biometric information is also used for authentication.  It is obvious to one of ordinary skill in the art to use both logon and biometric authentication methods for additional security)**; and**

**wherein the destination is a device communicating with the server and the server is configured to authenticate a user of the device** (col. 25 line 6-13; col 11 line 57-65; col. 9 line 14-29; The system may be used with cellular phones, video phones, or PDAs.  A validation system verifies the identity of the called party, or the call management system may request a PIN number from the called party.  One of ordinary skill in the art recognizes that the called party may be on a cellular phone, video phone, or PDA)**.**

Application/Control Number: 13/088,883                                    Page 5
Art Unit: 2683

Rae does not explicitly disclose **wherein, <u>after the user identity has been</u> <u>authenticated and during transmission of the video,</u> the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to <u>blur or</u> obscure the video being transmitted to the destination when the check determines that a face is not present in the frame**.

In an analogous art, Kenoyer discloses **<u>after the user identity has been</u> <u>authenticated and during transmission of the video,</u>** the system is **configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame** (paragraph [0041]-[0044]; paragraph [0035]; The video conferencing system performs an initial authentication of the user before logging the user onto the videoconference network.  Once the user is logged in, throughout the videoconference, the system continuously determines if a face is present and matches the stored image to ensure that the user is in the videoconference continues to be the same authenticated user)**, and the server is further configured to <u>blur or</u> obscure the video being transmitted to the destination when the check determines that a face is not present in the frame** (paragraph [0042]; paragraph [0044]; The user is only authenticated if the currently captured image matches the stored image.  If no match is found, the user is denied access to the network.  It is obvious to one of ordinary skill in the art that if the user is not authenticated, for example when the same face is not present, the user is denied access and may not continue to participate in the video conference, thus obscuring  transmission of video of the unauthenticated user to the

Application/Control Number: 13/088,883                                          Page 6
Art Unit: 2683

destination.  Because the claim limitation only requires one of blurring or obscuring the

video, Kenoyer's system with denies access, analogous to obscuring, meets the claim

limitations).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to combine Kenoyer's method of continuously authenticating the user in video

transmission in Rae's call processing system with video phone to ensure that an

unauthenticated user does not communicate over the call processing system.

The combination of Rae and Kenoyer does not explicitly disclose **the server**

performing authentication.

In an analogous art, Hodge discloses **the server** performing authentication

(paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to substitute Hodge's method of authenticating the user on the server in Rae and

Kenoyer's system with biometric authentication so that there is a central location for

storing all authentication data, instead of storing authentication data at each terminal.

Regarding claim 4, Rae **discloses further comprising:**

**a second kiosk located in a visitation area of the secure facility** (col 7. line 9-

16; col. 25 line 6-13;  Call processing between the telephone terminals 141 and the

visitation telephones 143.  The system may also be used with video phones and

computers.  It is obvious to one of ordinary skill in the art to place the video phone and

computer at the visitation telephone terminal 143 for communications with the user

terminal 141 that also contains these components)**; and**

Application/Control Number: 13/088,883                                    Page 7
Art Unit: 2683

**a local server located at the secure facility; the kiosk being configured to transmit the audio and video to the local server when the communications are intended for the second kiosk located in the visitation area** (col. 9 line 10-21; The call management system of the facility has a server the completes calls between the telephone terminals 141 and visitation telephones 143)**; and**

**wherein the local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area** (col. 8 line 50-60; col 10 line 51-67; col. 11 line 1-29; col. 25 lines 6-13; The computer-based platform of the facility comprising a call management system and call recording system records calls, such as the exchange of data provided by the call, for retrieval or playback at the visitation telephones 143.  In an alternative embodiment, Rae discloses the use of video phones in place of telephones in the call management system.  It is obvious to one of ordinary skill in the art that if a video phone is used instead of a telephone, that audio and video information are recorded and transmitted to the visitation terminal, since audio and video are both exchanged data in a video phone)**.**

Regarding claim 6, Rae discloses the system **configured to periodically extract a frame of video and authenticate a face in the frame against a stored identification image of the user** (col. 16 line 13-27; col. 19 line 24-28; A camera is used to capture an image of the user's face for authentication.  Biometric authentication may be required every time a user makes a call.  If a user makes multiple calls, this is considered to be "periodically extracting a frame of video").

Application/Control Number: 13/088,883                                    Page 8
Art Unit: 2683

Hodge discloses **the server** performing authentication (paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

Regarding claim 7, Rae discloses **wherein the kiosk is configured to periodically record a frame of video and authenticates a face in the frame against a stored identification image of the user** (col. 16 line 13-27; col. 19 line 24-28; A camera is used to capture an image of the user's face for authentication.  Biometric authentication may be required every time a user makes a call)**.**

Kenoyer discloses **during a singular communications session, the kiosk is configured to periodically record a frame of video** (paragraph [0044]; paragraph [0041]; The user is continuously authenticated by the videoconference system capturing an image of the user).

Hodge discloses **transmit the frame to the server, and wherein the server processor authenticates** (paragraph [0321]-[0322]; The biometric information is transmitted from the scanner at the telephone to the site server for authentication).

Regarding claim 11, Rae discloses **wherein the kiosk is configured to accept messages input by the user after the user has logged on and transmit the messages to the server, and the server is configured to provide a third party access to the messages** (col. 19 line 24-28; col. 25 line 6-13; col. 20 line 26-30; The kiosk requires the user to logon to the terminal before use.  The terminal may have a computer, which is well known in the art to be capable of transmitting messages.  The call management system allows the user to have access to external services, analogous to providing a third party access to the messages)**.**

Application/Control Number: 13/088,883                                    Page 9
Art Unit: 2683

Regarding claim 16, Rae discloses **wherein the kiosk is configured to receive text-based messages from a server, and to display a notification of an available text-based message on an idle screen of the kiosk** (Abstract; col. 15 line 37-44; The call management system has an inmate management system that allows individuals to view notification of events on a computer for all occasions, which is interpreted to include an idle screen of a computer.  Notifications may be in the form of emails)**.**

Regarding claim 22, Rae discloses **a method of monitoring use of an interactive kiosk during a video transmission, comprising: <u>authenticating the identity of a user of the kiosk by verifying login information entered by the user</u>** (col. 13 line 57-67; col. 14 line 1-8; A user logs in to a workstation with their logon ID information that allows them access to the workstation) **<u>and also performing a biometric verification</u>** (col. 16 line 10-27; col. 19 line 18-28; Biometric information is captured.  When the inmate makes a call, they may be required to enter their PIN and other biometric information)**<u>; and</u>**

**using a camera of the kiosk to capture video of a user of the kiosk during use of the kiosk** (col. 16 line 13-27; col. 19 line 24-28; A camera is used to capture an image of the user's face for authentication.  The image may be still or moving image, where moving image is analogous to video)**.**

Rae does not explicitly disclose **transmitting the video to a server; periodically extracting, at the server, a frame of the video;**

Application/Control Number: 13/088,883                              Page 10
Art Unit: 2683

**performing a check <u>after the user has been authenticated by the kiosk and</u> <u>during transmission of the video</u>, at the server, to determine if a face is present during <u>the</u> frame; and**

**<u>blurring or</u> obscuring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame.**

Kenoyer discloses **periodically extracting a frame of the video** (paragraph [0041]; paragraph [0044]; The video conferencing system continuously determines if a face is present and matches the stored image)**;**

**performing a check <u>after the user has been authenticated by the kiosk and</u> <u>during transmission of the video</u> to determine if a face is present during a frame** (paragraph [0041]-[0044]; paragraph [0035]; The video conferencing system performs an initial authentication of the user before logging the user onto the videoconference network.  Once the user is logged in, throughout the videoconference, the system continuously determines if a face is present and matches the stored image to ensure that the user is in the videoconference continues to be the same authenticated user)**; and**

**<u>blurring or</u> obscuring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame** (paragraph [0042]; paragraph [0044]; The user is only authenticated if the currently captured image matches the stored image.  If no match is found, the user is denied access to the network.  It is obvious to one of ordinary skill in the art that if the user is not authenticated, for example when the face is not present, the user is denied access and

Application/Control Number: 13/088,883                                      Page 11
Art Unit: 2683

may not continue to participate in the video conference, thus obscuring  transmission of video of the unauthenticated user to the destination).

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Kenoyer's method of continuously authenticating the user in video transmission in Rae's call processing system with video phone to ensure that an unauthenticated user does not communicate over the call processing system.

The combination of Rae and Kenoyer does not explicitly disclose **transmitting the video to a server, and extracting and checking at the server.**

In an analogous art, Hodge discloses **transmitting the video to a server** (paragraph [0321]-[0322]; The site server storing the biometric data for authentication); and

**extracting and checking at the server** (paragraph [0322]; The site server processes the biometric information for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Hodge's method of authenticating the user on the server in Rae and Kenoyer's system with biometric authentication so that there is a central location for storing all authentication data, instead of storing authentication data at each terminal.

Regarding claim 26, Rae discloses **wherein the log in information is a personal identification number** (col. 19 line 24-28).

Regarding claim 32, Rae discloses **wherein the biometric verification comprises a facial authentication via the camera** (col. 16 line 10-27).

Application/Control Number: 13/088,883                                    Page 12
Art Unit: 2683

Regarding claim 33, Rae discloses **wherein the biometric verification comprises a voice authentication via the microphone** (col. 16 line 10-27).


5.    Claims 13 and 28-31 are rejected under 35 U.S.C. 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1 above, and further in view of Cree (U.S. Pat 6,665,380) and Mattila (U.S. Pub 2008/0129816).

Regarding claim 13, Rae discloses **wherein the server is configured to receive an incoming call for the user from a third party caller** (col. 25 line 6-13; Where a third party caller is interpreted as a caller using a cellular phone)**, determine whether the user has permission to receive incoming calls** (col. 11 line 57-67; The validation system verifies that the user is authorized to receive calls from the calling party)**, and if the user has permission, transmit the incoming call to a kiosk** (col. 12 line 27-32; The validation system used to allow calls to be completed).

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **transmit the incoming call to the kiosk and at least a second kiosk, and wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, display a screen notifying the user of the incoming call, and prompt the user to input the log in information.**

Cree discloses **transmit the incoming call to the kiosk and at least a second kiosk** (col. 10 line 19-24; The system transmits the message to the cell block telephone number in the cell block, where the cell block telephone is analogous to the kiosk.  At the time of invention, it would have been obvious to one of ordinary skill in the art to

Application/Control Number: 13/088,883                                              Page 13
Art Unit: 2683

place two cell block telephones in the cell block, as this is a mere duplication of essential working parts, in order to provide more telephones for the users)**, and wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, notifying the user of the incoming call** (col. 10 line 38-50; The inmates in the vicinity of the cell block telephone are notified that they have messages) **and prompt the user to input the log in information** (col. 11 line 10-16)**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art substitute Cree's method of notifying a user of an incoming call and requiring input of login information in Rae, Kenoyer, and Hodge's call processing system that has user terminals with computers in order to alert users of incoming messages on a more modern system that provides more user functions.

The combination of Rae, Kenoyer, Hodge, and Cree does not explicitly disclose **display a screen notifying the user of the incoming call.**

In an analogous art, Mattila discloses **display a screen notifying the user of the incoming call** (Figure 3 element 158; paragraph [0048])**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Mattila's method of notifying the user of an incoming call at the terminal in Rae, Kenoyer, Hodge, and Cree's call system with user terminals for receiving calls in order to effectively notify a user of the terminal with a video phone and computer of an incoming call request.

Regarding claim 28, Rae discloses **a system for providing services to a secure facility, the system comprising:**

Application/Control Number: 13/088,883                          Page 14
Art Unit: 2683

**a plurality of kiosks located at a secure facility, each kiosk comprising a processor, display, speaker, and microphone** (Figure 1 element 141 and 143; col. 7 line 3-16; col. 25 lines 6-13; col. 16 line 13-27;  The telephone terminals 141 and visitation telephones 143, where speakers are an inherent component of a telephone.  A camera and microphone may be placed at the terminal for biometric authentication or general use.  In an alternative embodiment, the system may also be implemented with video phones and computers.  At the time of invention, it would have been obvious to one of ordinary skill in the art to have a workstation that combines the embodiments so that there is a computer and a video phone in order to provide more services to the workstation user.  Additionally, computers are well known in the art to have a processor and display.  Therefore, it would have been obvious to one of ordinary skill in the art to have a display and processor at the workstation as a part of the computer)**; and**

**a server that communicates with the kiosks and a device of an outside party via one or more network connections** (col. 9 line 14-21; col. 9 line 50-64; The network 111 connecting the telephone terminals, or any device that is coupled to the network)**, the server comprising a server processor, a network interface unit, and a computer memory** (col. 9 line 50-64; The processor-based server having a media gateway to provide communications to the user terminal.  It is well known in the art that servers have memory.  Therefore, at the time of invention, it would have been obvious to one of ordinary skill in the art to include memory in the processor-based server)**; and**

Application/Control Number: 13/088,883                                    Page 15
Art Unit: 2683

      **wherein the server is configured to receive a communications request from the device of the outside party** (col. 25 line 6-13; Where a device of the outside party is interpreted as a caller using a cellular phone)**;**

      **wherein the server is configured to authenticate a user of the device** (col. 25 line 6-13; col 11 line 57-65; col. 9 line 14-29; The system may be used with cellular phones, video phones, or PDAs.  A validation system verifies the identity of the called party, or the call management system may request a PIN number from the called party. One of ordinary skill in the art recognizes that the called party may be on a cellular phone, video phone, or PDA); **and**

      <u>**the video being transmitted from the kiosk to the calling party**</u> (col. 9 line 14-21; col. 25 line 6-13; Calls may be transmitted between a visitation telephone 143 to the telephone terminal 141, where the visitation terminal is analogous to the calling party. The terminals may be video phones)**.**

      Rae does not explicitly disclose **in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk, and**

      **wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message and initiate a login procedure; and**

      **wherein<u>, after the user has been authenticated and during a transmission of a video,</u> the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is**

Application/Control Number: 13/088,883                                    Page 16
Art Unit: 2683

**further configured to <u>blur or </u>obscure the video being transmitted to the destination when the check determines that a face is not present in the frame**.

In an analogous art, Kenoyer discloses **wherein<u>, after the user has been authenticated and during a transmission of a video,</u> the system is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame** (paragraph [0041]-[0044]; paragraph [0035]; The video conferencing system performs an initial authentication of the user before logging the user onto the videoconference network.  Once the user is logged in, throughout the videoconference, the system continuously determines if a face is present and matches the stored image to ensure that the user is in the videoconference continues to be the same authenticated user)**, and further configured to <u>blur or </u>obscure the video being transmitted to the destination when the check determines that a face is not present in the frame** (paragraph [0042]; paragraph [0044]; The user is only authenticated if the currently captured image matches the stored image.  If no match is found, the user is denied access to the network.  It is obvious to one of ordinary skill in the art that if the user is not authenticated, for example when the same face is not present, the user is denied access and may not continue to participate in the video conference, thus obscuring  transmission of video of the unauthenticated user to the destination.  Because the claim limitation only requires one of blurring or obscuring the video, Kenoyer's system with denies access, analogous to obscuring, meets the claim limitations).

Application/Control Number: 13/088,883                                      Page 17
Art Unit: 2683

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Kenoyer's method of continuously authenticating the user in video transmission in Rae's call processing system with video phone to ensure that an unauthenticated user does not communicate over the call processing system.

The combination of Rae and Kenoyer do not explicitly disclose **in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk, and**

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message and initiate a login procedure, and**

**the server** performing extracting and checking.

In an analogous art, Hodge discloses **the server** performing extracting and checking (paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Hodge's method of authenticating the user on the server in Rae and Kenoyer's system with biometric authentication so that there is a central location for storing all authentication data, instead of storing authentication data at each terminal.

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk, and**

Application/Control Number: 13/088,883                                    Page 18
Art Unit: 2683

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message and initiate a login procedure.**

In an analogous art, Cree discloses i**n response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk** (col. 10 line 19-24; The system transmits the message to the cell block telephone number in the cell block if the inmate, where the cell block telephone is analogous to the kiosk)**, and**

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message** (col. 10 line 38-50; The inmates in the vicinity of the cell block telephone are notified that they have messages) **and initiate a login procedure** (col. 11 line 10-16).

At the time of invention, it would have been obvious to one of ordinary skill in the art substitute Cree's method of notifying a user of an incoming call and requiring input of login information in Rae, Kenoyer, and Hodge's call processing system that has user terminals with computers in order to alert users of incoming messages on a more modern system that provides more user functions.

The combination of Rae, Kenoyer, Hodge, and Cree does not explicitly disclose **display a screen notifying the user of the incoming call.**

In an analogous art, Mattila discloses **display a screen notifying the user of the incoming call** (Figure 3 element 158; paragraph [0048])**.**

Application/Control Number: 13/088,883                                    Page 19
Art Unit: 2683

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Mattila's method of notifying the user of an incoming call at the terminal in Rae, Kenoyer, Hodge, and Cree's call processing system with user terminals for receiving calls in order to effectively notify a user of the terminal with a video phone and computer of an incoming request.

Regarding claim 29, Rae discloses **wherein the communications request is a request to initiate a voice call or a video call** (col 25 line 6-13; The system used with telephones, cell phones, or video phones**).

Regarding claim 30, Rae discloses **wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server** (col. 20 line 46-60; col. 9 line 10-14; The system can store information regarding what cells the inmates are assigned to, and may schedule facility resources like establishing telephone availability schedules.  It is obvious to one of ordinary skill in the art that this may be stored in memory of the processor-based server of the system).

Regarding claim 31, Mattila discloses **wherein the kiosk is configured to play an alert tone or audio message upon receiving the message** (paragraph [0048]).


6.      Claim 14 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1 above, and further in view of Hanna (U.S. Pub 2011/0047473).

Application/Control Number: 13/088,883                                  Page 20
Art Unit: 2683

Regarding claim 14, Rae discloses **wherein the kiosk is configured to provide the user with the ability to order items from a list of commissary items** (col. 20 line 19-20; The inmate may purchase commissary goods).

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **configured to provide the user with at least two of: access to audio, video, and text of educational material stored on the server and/or the kiosk, access to audio, video, and text of religious material stored on the server and/or the kiosk, and the ability to order items from a list of commissary items.**

In an analogous art, Hanna discloses **configured to provide the user with at least two of: access to audio, video, and text of educational material stored on the server and/or the kiosk, access to audio, video, and text of religious material stored on the server and/or the kiosk, and the ability to order items from a list of commissary items** (paragraph [0048]-[0049]; Inmates have access to commissary items and remote teaching, analogous to education material).

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Hanna's system that provides inmates with access to commissary items and education in Rae, Kenoyer, and Hodge's inmate kiosk that provides commissary services in order to enable the kiosk to provide more functions to the inmates.

7.      Claim 19, 21, 27, 34, and 35 are rejected under 35 U.S.C. 103(a) as being unpatentable over Rae (U.S. Pat 8,340,260), and further in view of Kenoyer, Hodge, and Kennedy (U.S. Pub 2010/0256500).

Application/Control Number: 13/088,883                                    Page 21
Art Unit: 2683

Regarding claim 19, Rae discloses **a kiosk for providing facility services in a secure manner, comprising:**

**a computer processor** (col. 25 lines 6-13; col. 16 line 13-27; A terminal that may have a personal computer.  A processor is an inherent component of a computer)**;**

**a memory connected to the processor via a bus** (col. 25 lines 6-13; col. 16 line 13-27; A terminal that may have a personal computer.  Memory is an inherent component of a computer)**;**

**a camera connected to the bus for inputting video communications** (col. 16 line 13-27; The camera can capture moving images)**;**

**a microphone connected to the bus for inputting audio communications** (col. 16 line 13-27; The microphone)**;**

**a speaker connected to the bus** (col. 25 lines 6-13; col. 16 line 13-27; A telephone may be at the terminal.  A speaker is an inherent component of a telephone)**;**

**a display connected to the bus** (col. 25 lines 6-13; col. 16 line 13-27; A terminal that may have a personal computer.  It is well known in the art that a display is a component of a personal computer.  Therefore, at the time of invention, it would have been obvious to one of ordinary skill in the art to include a display at the kiosk)**; and**

**a network interface connected to the bus for communicating with a server via a network connection** (col. 9 line 50-64; The media gateway 117 that comprises a processor-based server connects the user terminals via a network 111 in order to provide communications)**,**

Application/Control Number: 13/088,883                                    Page 22
Art Unit: 2683

     **wherein the kiosk authenticates a user by receiving personal log in information and comparing the received personal log in information against a known personal log in information associated with the user, verifies the user's identity using a biometric verification** (col. 19 line 24-28; The user enters in a PIN and biometric information)**, records audio and video communications and transmits the audio and video communications to the server** (col 9 line 50-64; col. 25 line 6-13; col 10 line 51-67; col. 11 line 1-2; The user terminal receives communications from the server via the media gateway.  It is obvious to one of ordinary skill in the art that if a video phone is being used, audio and video information would be transmitted from the microphone and camera input.  The call recording system records the call at a workstation for retrieval or playback at workstations)**, and provides access to internet web pages via a web proxy** (col. 9 line 50-64; col. 25 line 6-13; In the call management system, the processor-based server of the call application management system 110 acts as a proxy server between the user terminals to provide interfacing.  In an embodiment that includes computers, with access to the Internet, one of ordinary skill in the art recognizes that the server of the management system would also serve as a proxy server to provide interfacing between web pages)**.**

     Rae does not disclose **a touchscreen display; and**

     **wherein<u>, after the user has been authenticated and during the transmission of the video,</u> the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server**

Application/Control Number: 13/088,883                                    Page 23
Art Unit: 2683

**is further configured to <u>blur or </u>obscure the video being transmitted to the**

**destination when the check determines that a face is not present in the frame**.

In an analogous art, Kenoyer discloses **wherein<u>, after the user has been</u>**

**<u>authenticated and during the transmission of the video,</u> the system is configured**

**to periodically extract a frame of the video and perform a check to determine if a**

**face is present in the frame** (paragraph [0041]-[0044]; paragraph [0035]; The video

conferencing system performs an initial authentication of the user before logging the

user onto the videoconference network.  Once the user is logged in, throughout the

videoconference, the system continuously determines if a face is present and matches

the stored image to ensure that the user is in the videoconference continues to be the

same authenticated user)**, and further configured to <u>blur or </u>obscure the video**

**being transmitted to the destination when the check determines that a face is not**

**present in the frame** (paragraph [0042]; paragraph [0044]; The user is only

authenticated if the currently captured image matches the stored image.  If no match is

found, the user is denied access to the network.  It is obvious to one of ordinary skill in

the art that if the user is not authenticated, for example when the same face is not

present, the user is denied access and may not continue to participate in the video

conference, thus obscuring  transmission of video of the unauthenticated user to the

destination.  Because the claim limitation only requires one of blurring or obscuring the

video, Kenoyer's system with denies access, analogous to obscuring, meets the claim

limitations).

Application/Control Number: 13/088,883                                    Page 24
Art Unit: 2683

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Kenoyer's method of continuously authenticating the user in video transmission in Rae's call processing system with video phone to ensure that an unauthenticated user does not communicate over the call processing system.

The combination of Rae and Kenoyer does not explicitly disclose **a touchscreen display, and the server** performing authentication.

In an analogous art, Hodge discloses **the server** performing authentication (paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Hodge's method of authenticating the user on the server in Rae and Kenoyer's system with biometric authentication so that there is a central location for storing all authentication data, instead of storing authentication data at each terminal.

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **a touchscreen display.**

In an analogous art, Kennedy discloses **a touchscreen display** (paragraph [0031]).

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Kennedy's touchscreen display in Rae, Kenoyer, and Hodge's computer in order to modernize the computer interface.

Regarding claim 21, it is interpreted and rejected for the same reasons as set forth in claims 11 and 14 above, with the additional limitations set forth in claim 19 above.

Application/Control Number: 13/088,883                                    Page 25
Art Unit: 2683

Regarding claim 27, it is interpreted and rejected for the same reasons as set forth in claim 26 above, with the additional limitations set forth in claim 19 above.

Regarding claim 34, it is interpreted and rejected for the same reasons as set forth in claim 32 above, with the additional limitations set forth in claim 19 above.

Regarding claim 35, it is interpreted and rejected for the same reasons as set forth in claim 33 above, with the additional limitations set forth in claim 19 above.


### *Response to Arguments*

8.      Applicant's arguments filed 6/19/2014 have been fully considered but they are not persuasive.

In response to applicant's argument on page 9 that the references fail to show certain features of applicant's invention, it is noted that the features upon which applicant relies (i.e., obscuring the video being transmitted when *no* face is present in the frame extracted from the video) are not recited in the rejected claim(s).  Although the claims are interpreted in light of the specification, limitations from the specification are not read into the claims.  See *In re Van Geuns*, 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993).

Regarding Applicant's arguments that the references do not disclose the amended subject matter on pages 9-12, the Examiner respectfully disagrees.  The claim limitations specifically say that the check is to "determine if a face is present in the frame" and then obscuring the video "when the check determines that *the* face is not present in the frame."  That is, the video is obscured if the face that was initially present

Application/Control Number: 13/088,883                                    Page 26
Art Unit: 2683

is not present in the subsequent frame.  Kenoyer discloses an initial biometric

authentication of a user in paragraphs  [0041]-[0042], where the user is authenticated in

order to log in to the videoconference network.  This is analogous to the limitation "after

the user identity has been authenticated by the kiosk".  Kenoyer further goes on to say

that the user is continuously authenticated to ensure that the user in front of the

videoconference system continues to be the same authenticated user at all times,

paragraph [0044].  This would apply, then, to during the actual video conference, where

video is being transmitted to other participants of the video conference, as discussed in

paragraph [0046] where the user joins a video conference in progress.  In cases where

the user is not authenticated, the user is denied access to the videoconference network,

paragraph [0042].  It is obvious to one of ordinary skill in the art that the denial of access

is applied in all cases where a user is not authenticated, including during a video

conference that is in progress.

So, during the continuous authentication disclosed by Kenoyer, it is plausible that

during a first authentication, the user is the same and is thus authenticated.  This is

analogous to the limitation "configured to periodically extract a frame of video and

perform a check to determine if a face is present in the frame."  In this case, the user

would be allowed to remain in the video conference that is in progress.  However, in the

continuous authentication of Kenoyer, it is also plausible that the user may switch with a

second user that is not authenticated.  In Kenoyer's system, the second user that is not

authenticated would not have the same face as the authenticated user, and the second

user would be denied access to the videoconference system.  This is analogous to the

Application/Control Number: 13/088,883                                           Page 27
Art Unit: 2683

limitation "configured to obscure the video being transmitted to the destination when the

check determines that *the* face is not present in the frame."  Because the same face is

not present in the frame, the user may no longer access the video conference network,

and the video associated with that particular user would no longer be transmitted to

other participants of the video conference.  The limitation in the claim states that the

video is blurred or obscured, in the alternative.  Therefore, the claim does not require

the reference to disclose both blurring and obscuring the video.  As such, Kenoyer

discloses the amended subject matter required by the claim.


### *Conclusion*

9.      **THIS ACTION IS MADE FINAL**.  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Application/Control Number: 13/088,883                                      Page 28
Art Unit: 2683

Any inquiry concerning this communication or earlier communications from the examiner should be directed to LAURA NGUYEN whose telephone number is (571)270-3785.  The examiner can normally be reached on Monday - Friday 9:00 AM - 5:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Brian Zimmerman can be reached on (571) 272-3059.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/LAURA NGUYEN/
Examiner, Art Unit 2683

                                    /BRIAN ZIMMERMAN/
                                    Supervisory Patent Examiner, Art Unit 2683

Docket No.: P5789.0006/P006
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Kevin O'Neil et al.

Application No.: 13/088,883                    Confirmation No.: 9388

Filed: April 18, 2011                          Art Unit: 2683

For:  INTERACTIVE AUDIO/VIDEO SYSTEM AND       Examiner: L.N. Nguyen
      DEVICE FOR USE IN A SECURE FACILITY

### AMENDMENT IN RESPONSE TO NON-FINAL OFFICE ACTION

MS Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

### INTRODUCTORY COMMENTS

In response to the Non-Final Rejection dated March 19, 2014, please amend the above-identified U.S. patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

Application No. 13/088,883
Reply to Office Action of March 19, 2014

Docket No.: P5789.0006/P006

## AMENDMENTS TO THE CLAIMS

1.      (Currently amended)  A system for providing services to a secure facility, the system comprising:

a kiosk located at a secure facility, the kiosk comprising a processor, display, speaker, microphone, and a camera; and

a server that communicates with the kiosk via a network connection, the server comprising a server processor, a network interface unit, and a computer memory;

the kiosk being configured to receive communications from the camera and microphone and transmit audio and video of the communications to the server via the network connection;

wherein the server records the audio and video and transmits the audio and video to a destination;

wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification;

wherein, after the user identity has been authenticated by the kiosk and during the transmission of the video, the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to blur or obscure the video being transmitted to the destination when the check determines that the face is not present in the frame; and

wherein the destination is a device communicating with the server, and the server is configured to authenticate a user of the device.

2-3.    (Canceled)

4.      (Previously presented)  The system of claim 1, further comprising:

2

a second kiosk located in a visitation area of the secure facility; and

a local server located at the secure facility;

the kiosk being configured to transmit the audio and video to the local server when the communications are intended for the second kiosk located in the visitation area; and

wherein the local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area.

5.      (Canceled)

6.      (Original)   The system of claim 1, wherein the server is configured to periodically extract a frame of the video and authenticate a face in the frame against a stored identification image of the user.

7.      (Previously presented)  The system of claim 1, wherein during a singular communications session, the kiosk is configured to periodically record a frame of video and transmit the frame to the server, and wherein the server processor authenticates a face in the frame against a stored identification image of the user.

8-10.   (Canceled)

11.     (Previously presented)  The system of claim 1, wherein the kiosk is configured to accept messages input by the user after the user has logged on and transmit the messages to the server, and the server is configured to provide a third party access to the messages.

12.     (Canceled)

13.     (Previously presented)  The system of claim 1, wherein the server is configured to receive an incoming call for the user from a third party caller, determine whether the user has permission to receive incoming calls, if the user has permission, transmit the incoming call to the kiosk and at least a second kiosk, and

3

Application No. 13/088,883
Reply to Office Action of March 19, 2014

Docket No.: P5789.0006/P006

wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, display a screen notifying the user of the incoming call, and prompt the user to input the log in information.

14.    (Previously presented)  The system of claim 1, wherein the kiosk is configured to provide the user with at least two of: access to audio, video, and text of educational material stored on the server and/or the kiosk, access to audio, video, and text of religious material stored on the server and/or the kiosk, and the ability to order items from a list of commissary items.

15.    (Canceled)

16.    (Original)  The system of claim 1, wherein the kiosk is configured to receive text-based messages from a server, and to display a notification of an available text-based message on an idle screen of the kiosk.

17-18.  (Canceled)

19.    (Currently amended) A kiosk for providing facility services in a secure manner, comprising:

a computer processor;

a memory connected to the processor via a bus;

a camera connected to the bus for inputting video communications;

a microphone connected to the bus for inputting audio communications;

a speaker connected to the bus;

a touchscreen display connected to the bus; and

a network interface connected to the bus for communicating with a server via a network connection,

4

wherein the kiosk authenticates a user by receiving personal log in information and comparing the received personal log in information against a known personal log in information associated with the user, verifies the user's identity using a biometric verification, records audio and video communications and transmits the audio and video communications to the server, and provides access to internet web pages via a web proxy, and

wherein, after the user has been authenticated and during the transmission of the video, the kiosk is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the kiosk is further configured to blur or obscure video being transmitted to a destination when the check determines that the face is not present in the frame.

20.     (Canceled)

21.     (Previously presented)  The kiosk of claim 19, wherein the kiosk provides the user with at least one of: access to audio, video, and text of educational material; access to audio, video, and text of religious material; the ability to order items from a list of commissary items; the ability to reserve times for using the kiosk; and the ability to send text messages to third parties.

22.     (Currently amended)  A method of monitoring use of an interactive kiosk during a video transmission, comprising:

authenticating the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification;

using a camera of the kiosk to capture video of a user of the kiosk during use of the kiosk;

transmitting the video to a server;

periodically extracting, at the server, a frame of the video;

performing a check after the user identity has been authenticated by the kiosk and during the transmission of the video, at the server, to determine if a face is present during a the frame; and

5

blurring or obscuring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame.

23-25.  (Canceled)

26.     (Previously presented)  The system of claim 1, wherein the log in information is a personal identification number.

27.     (Previously presented)   The system of claim 19, wherein the personal log in information is a personal identification number.

28.     (Currently amended)  A system for providing services to a secure facility, the system comprising:

a plurality of kiosks located at a secure facility, each kiosk comprising a processor, display, speaker, and microphone; and

a server that communicates with the kiosks and a device of an outside party via one or more network connections, the server comprising a server processor, a network interface unit, and a computer memory;

wherein the server is configured to receive a communications request from the device of the outside party and, in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk,

wherein the kiosk is configured to receive the message, and, upon receipt of the message, display an incoming communications request message and initiate a login procedure,

wherein the server is configured to authenticate a user of the device, and

wherein, after the user has been authenticated and during a transmission of a video, the video being transmitted from the kiosk to the calling party, the server is configured to periodically extract a frame of a the video, the video being transmitted from the kiosk to the calling party; and perform a

6

check to determine if a face is present in the frame, and the server is further configured to <u>blur or obscure</u> the video being transmitted to the calling party when the check determines that the face is not present in the frame.

29.    (Previously presented)  The system of claim 28, wherein the communications request is a request to initiate a voice call or a video call.

30.    (Previously presented)  The system of claim 28, wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server.

31.    (Previously presented)  The system of claim 28, wherein the kiosk is configured to play an alert tone or audio message upon receiving the message.

32.    (Previously presented)  The system of claim 1, wherein the biometric verification comprises a facial authentication via the camera.

33.    (Previously presented)  The system of claim 1, wherein the biometric verification comprises a voice authentication via the microphone.

34.    (Previously presented)  The kiosk of claim 19, wherein the biometric verification comprises a facial authentication of an image captured by the camera.

35.    (Previously presented)  The kiosk of claim 19, wherein the biometric verification comprises a voice authentication of an audible phrase recorded using the microphone.

DSMDB-3260608 v1

Application No. 13/088,883
Reply to Office Action of March 19, 2014

Docket No.: P5789.0006/P006

## REMARKS

Claims 1, 4, 6, 7, 11, 13, 14, 16, 19, 21-22, and 26-35 are pending in this application. Claims 1, 19, 22, and 28 have been amended. Claims 2-3, 5, 8-10, 12, 15, 17-18, 20, and 23-25 have been previously canceled, without prejudice. Applicant reserves the right to pursue the original claims and other claims in this and other applications. In view of the amendments to the claims and the remarks below, Applicant respectfully requests that the rejections be withdrawn and the claim allowed.

## Responses to Rejections under 35 U.S.C. § 103

      1. Claims 1, 4, 6-7, 11, 16, 22, 26, and 32-33 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae (U.S. Patent No. 8,340,260) and further in view of Kenoyer (U.S. Publication No. 2006/0249755) and Hodge (U.S. Publication No. 2006/0285667).

Claim 1 recites a system for providing services to a secure facility comprising, "a kiosk located at a secure facility" and "a server that communicates with the kiosk via a network connection." The kiosk of claim 1 comprises "a camera." The kiosk of claim 1 "receive[s] communications from the camera . . . and transmit[s] video of the communications to the server." The kiosk is further "configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification." "[A]fter the user identify has been authenticated by the kiosk and during the transmission of the video," the server periodically "extract[s] a frame of the video, and perform[s] a check to determine if a face is present in the frame." When the face is not present in the frame, the server "blur[s] or obscure[s] the video being transmitted to the destination." See, e.g., Application, ¶ [0085].

Similarly, claim 22 recites a method of monitoring use of an interactive kiosk during a video transmission comprising, "authenticating the identity of a user of the kiosk," "using a camera of the kiosk to capture video of a user of the kiosk during use of the kiosk," and "transmitting the video to a server." The method of claim 22, further comprises "performing a check *after* the user

8

identify has been authenticated by the kiosk and during the transmission of the video . . . to determine if a face is present in the frame," and "blurring or obscuring the video transmission . . . to a destination if the check determines that the fact is not present in the frame." The support for the amended claim 22 can be found at least in ¶ [0085].

As the Examiner has recognized, Rae fails to disclose a system or a method where a frame of a video being transmitted is checked to determine whether a face is present and the transmission of the video is blurred or obscured when there is no face present. 03/19/2014 Office Action, p 5. The Examiner relies on Kenoyer and Hodge to cure this deficiency.

Kenoyer, however, neither discloses nor suggests blurring or obscuring a video transmission where a face is not present in a frame thereof, as recited in claims 1 and 22. Kenoyer, at most, discloses that a face detect module 404 and face match module 406 could be used to *authorize* a user attempting to log in to a system. Kenoyer, at ¶¶ [0041]-[0044]. Unlike the system and method of claims 1 and 22, Kenoyer does not disclose a system where *a video being transmitted, after user authorization*, is checked to determine whether a face is present. Kenoyer also fails to disclose a system where a video being transmitted is blurred or obscured where there is no face present in a frame extracted from the video.

Hodge also fails to disclose the system or method of claims 1 and 22. Hodge, at most, discloses a biometric authentication which can be used in a secure telephone management system. Unlike the system and method of claims 1 and 22, Hodge neither discloses nor suggests blurring or obscuring a video transmission where a face is not present in a frame thereof, *after* user has been authenticated by a system and during the transmission of the video.

Accordingly, claims 1 and 22 are allowable over Rae, Kenoyer and Hodge. Claims 4, 6-7, 11, 16, 26, and 32-33 depend from claim 1 and are allowable for at least the same reasons.

DSMDB-3260608 v1

2. Claims 13 and 28-31 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1, and further in view of Cree (U.S. Patent No. 6,665,380) and Mattila (U.S. Publication No. 2008/0129816).

Claim 13 depends from claim 1 and includes all limitations of claim 1.  As described above, claim 1 has been amended to recite a server "configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame" and "further configured to blur or obscure the video being transmitted to the destination when the check determines that the face is not present in the frame," "*after* the user identity has been authenticated by the kiosk and during the transmission of the video."  As mentioned above with relation to claim 1, these features are not disclosed in Rae, Kenoyer, and Hodge.  Cree and Mattila do not cure this deficiency.

In particular, Cree is relied upon for disclosing the transmission of the incoming call to a kiosk.  Mattila is relied upon for disclosing a display screen notifying the user of the incoming call.  None of these references, however, teach or suggest a server that is configured to "periodically extract a frame of the video and perform a check to determine if a face is present in the frame" and "blur or obscure the video being transmitted to the destination when the check determines that the face is not present in the frame," "*after* the user identity has been authenticated by the kiosk and during the transmission of the video." Accordingly, claim 13 is allowable for at least the same reasons that claim 1 is allowable.

Claims 28-31 include similar limitations as claim 1 and are allowable for similar reasons.  For example, claim 28 recites a system for providing services to a secure facility comprising a server configured to "periodically extract a frame of a video . . . perform a check to determine if a face is present in the frame, and . . . blur or obscure the video . . . when the check determines that the face is not present in the frame," "*after* the user has been authenticated and during a transmission of a video."  Claims 29-31 depend from claim 28.  Accordingly, claims 28-31 are allowable for at least the same reasons that claim 1 is allowable.

3. Claim 14 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1, and further in view of Hanna (U.S. Publication No. 2011/0047473).

Claim 14 depends from claim 1 and includes all limitations of claim 1. As described above, claim 1 has been amended to recite a server "configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame" and "further configured to blur or obscure the video being transmitted to the destination when the check determines that the face is not present in the frame," "*after* the user identity has been authenticated by the kiosk and during the transmission of the video." As mentioned above with relation to claim 1, these features are not disclosed in Rae, Kenoyer, and Hodge. Hanna does not cure this deficiency.

In particular, Hanna is relied upon for disclosing a kiosk configured to provide inmates access to commissary items and remote teaching. However, Hanna neither teaches nor suggests a server that is configured to "periodically extract a frame of the video and perform a check to determine if a face is present in the frame" and "blur or obscure the video being transmitted to the destination when the check determines that the face is not present in the frame," "*after* the user identity has been authenticated by the kiosk and during the transmission of the video." Accordingly, claim 14 is allowable for at least the same reasons that claim 1 is allowable.

4. Claims 19, 21, 27, 34, and 35 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae, Kenoyer, and Hodge, and further in view of Kennedy (U.S. Publication No. 2010/0256500).

Claim 19 includes similar limitations as claim 1 and is allowable for similar reasons. Claim 19 recites a kiosk for providing facility services in a secure manner wherein, the kiosk is configured to "periodically extract a frame of the video. . . perform a check to determine if a face is present in the frame, and . . . blur or obscure video being transmitted to a destination when the check determines that the face is not present in the frame," "*after* the user has been authenticated and

Application No. 13/088,883                                    Docket No.: P5789.0006/P006
Reply to Office Action of March 19, 2014

during the transmission of the video." As mentioned above with relation to claim 1, these features are not disclosed in Rae, Kenoyer, and Hodge. Kennedy does not cure this deficiency.

In particular, Kennedy is relied upon for disclosing a touchscreen display. However, Kenney neither teaches nor suggests a server that is configured to "periodically extract a frame of the video and perform a check to determine if a face is present in the frame" and "blur or obscure the video being transmitted to the destination when the check determines that the face is not present in the frame," "*after* the user identity has been authenticated by the kiosk and during the transmission of the video." Claims 21, 27, 34, and 35 depend from claim 19. Accordingly, claims 19, 21, 27, 34, and 35 are allowable for at least the same reasons that claim 1 is allowable.

In view of the above, Applicant believes the pending application is in condition for allowance.

Dated:  June 19, 2014                              Respectfully submitted,

                                                   By _____
                                                   Mark J. Thronson
                                                      Registration No.: 33,082
                                                   Jonathan L. Falkler
                                                      Registration No.: 62,115
                                                   DICKSTEIN SHAPIRO LLP
                                                   1825 Eye Street, NW
                                                   Washington, DC  20006-5403
                                                   (202) 420-2200
                                                   Attorneys for Applicant

DSMDB-3260608 v1

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19355441 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 113003 |
| **Filer:** | Thomas J. D'Amico/Cheryl deLopez |
| **Filer Authorized By:** | Thomas J. D'Amico |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 19-JUN-2014 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 16:00:41 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | amendp006.pdf | 486882 <br> cc3823a6ef2e68a2b0da6090b99aa82f4a16 6381 | yes | 12 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|:---:|:---:|
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 12 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |
| **Total Files Size (in bytes):** | 486882 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 13/088,883 | Filing Date 04/18/2011 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

(Column 1)          (Column 2)

| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

(Column 1)          (Column 2)          (Column 3)

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **06/19/2014** | | | | | |
| | Total (37 CFR 1.16(i)) | * 21 | Minus ** 35 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 4 | Minus *** 4 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

(Column 1)          (Column 2)          (Column 3)

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| **AMENDMENT** | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/CHERYL CLARK/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 | 9388 |

113003        7590        03/19/2014

Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

| EXAMINER |
|---|
| NGUYEN, LAURA N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2683 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/19/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| *Office Action Summary* | Application No. 13/088,883 | Applicant(s) TORGERSRUD ET AL. |
|---|---|---|
| | Examiner LAURA NGUYEN | Art Unit 2683 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>27 December 2013</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) <u>1,4,6,7,11,13,14,16,19,21,22 and 26-35</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1,4,6,7,11,13,14,16,19,21,22 and 26-35</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>4/18/2011</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
   a)☐ All   b)☐ Some *   c)☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Interim copies:**
   a)☐ All   b)☐ Some   c)☐ None of the: Interim copies of the priority documents have been received.

**Attachment(s)**
1) ☐ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

Application/Control Number: 13/088,883                                    Page 2
Art Unit: 2683

## DETAILED ACTION

### *Continued Examination Under 37 CFR 1.114*

1.      A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114.  Applicant's submission filed on

12/27/2013 has been entered.

### *Claim Rejections - 35 USC § 103*

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.      Claims 1, 4, 6-7, 11, 16, 22,  26, and 32-33 are rejected under 35 U.S.C. 103(a)

as being unpatentable over Rae (U.S. Pat 8,340,260), and further in view of Kenoyer

(U.S. Pub 2006/0259755) and Hodge (2006/0285667).

       Regarding claim 1, Rae discloses **a system for providing services to a secure**

**facility** (col. 6 line 52-65; The call processing system got prisons, nursing homes,

camps, dormitories)**, the system comprising:**

Application/Control Number: 13/088,883                                          Page 3
Art Unit: 2683

**a kiosk located at a secure facility, the kiosk comprising a processor, display, speaker, microphone, and a camera** (Figure 1 element 141; col. 7 line 3-16; col. 25 lines 6-13; col. 16 line 13-27; The telephone terminal 141, where speakers are an inherent component of a telephone. A camera and microphone may be placed at the terminal for biometric authentication or general use. Rae does not explicitly disclose a display. However, in an alternative embodiment, Rae discloses that the system may also be implemented with video phones and computers. At the time of invention, it would have been obvious to one of ordinary skill in the art to have a workstation that combines the embodiments so that there is a computer and a video phone in order to provide more services to the workstation user. Additionally, computers and videophones are well known in the art to have a processor and display. Therefore, it would have been obvious to one of ordinary skill in the art to have a display and processor at the workstation as a part of the computer or videophone)**; and**

**a server that communicates with the kiosk via a network connection** (col. 9 line 50-64; The network 111), **the server comprising a server processor, a network interface unit, and a computer memory** (col. 9 line 50-64; The processor-based server having a media gateway to provide communications to the user terminal. It is well known in the art that servers have memory. Therefore, at the time of invention, it would have been obvious to one of ordinary skill in the art to include memory in the processor-based server)**;**

**the kiosk being configured to receive communications from the camera and microphone and transmit audio and video of the communications to the**

Application/Control Number: 13/088,883                    Page 4
Art Unit: 2683

**server via the network connection** (col 9 line 50-64; col. 25 line 6-13; The user terminal receives communications from the server via the media gateway.  It is obvious to one of ordinary skill in the art that if a video phone is being used, audio and video information would be transmitted from the microphone and camera input)**;**

       **wherein the server records the audio and video and transmits the audio and video to a destination** (col 10 line 51-67; col. 11 line 1-2; col. 25 lines 6-13; The call recording system records the call at a workstation for retrieval or playback at workstations.  Rae does not explicitly disclose transmitting audio and video.  However, In an alternative embodiment, Rae discloses using a videophone instead of a telephone.  At the time of invention, it would have been obvious to one of ordinary skill in the art that if a videophone is used in place of a telephone, that audio and video would be recorded and transmitted)**;**

       **wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user** (col. 19 line 19-28; An inmate uses their PIN number or identifier to make a call) **and also performing a biometric verification** (col. 19 line 19-28; Biometric information is also used for authentication.  It is obvious to one of ordinary skill in the art to use both logon and biometric authentication methods for additional security)**; and**

       **wherein the destination is a device communicating with the server and the server is configured to authenticate a user of the device** (col. 25 line 6-13; col 11 line 57-65; col. 9 line 14-29; The system may be used with cellular phones, video phones, or PDAs.  A validation system verifies the identity of the called party, or the call

Application/Control Number: 13/088,883 Page 5
Art Unit: 2683

management system may request a PIN number from the called party.  One of ordinary

skill in the art recognizes that the called party may be on a cellular phone, video phone,

or PDA).

Rae does not explicitly disclose **wherein the server is configured to**

**periodically extract a frame of the video and perform a check to determine if a**

**face is present in the frame, and the server is further configured to obscure the**

**video being transmitted to the destination when the check determines that a face**

**is not present in the frame**.

In an analogous art, Kenoyer discloses **configured to periodically extract a**

**frame of the video and perform a check to determine if a face is present in the**

**frame** (paragraph [0041]; paragraph [0044]; The video conferencing system

continuously determines if a face is present and matches the stored image)**, and the**

**server is further configured to obscure the video being transmitted to the**

**destination when the check determines that a face is not present in the frame**

(paragraph [0042]; paragraph [0044]; The user is only authenticated if the currently

captured image matches the stored image.  If no match is found, the user is denied

access to the network.  It is obvious to one of ordinary skill in the art that if the user is

not authenticated, for example when a face is not present and an image cannot be

captured, the user is denied access and may not continue to participate in the video

conference, thus obscuring  transmission of video of the unauthenticated user to the

destination).

Application/Control Number: 13/088,883                                              Page 6
Art Unit: 2683

At the time of invention, it would have been obvious to one of ordinary skill in the
art to combine Kenoyer's method of continuously authenticating the user in video
transmission in Rae's call processing system with video phone to ensure that an
unauthenticated user does not communicate over the call processing system.

The combination of Rae and Kenoyer does not explicitly disclose **the server**
performing authentication.

In an analogous art, Hodge discloses **the server** performing authentication
(paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the
art to substitute Hodge's method of authenticating the user on the server in Rae and
Kenoyer's system with biometric authentication so that there is a central location for
storing all authentication data, instead of storing authentication data at each terminal.

Regarding claim 4, Rae **discloses further comprising:**

**a second kiosk located in a visitation area of the secure facility** (col 7. line 9-
16; col. 25 line 6-13;  Call processing between the telephone terminals 141 and the
visitation telephones 143.  The system may also be used with video phones and
computers.  It is obvious to one of ordinary skill in the art to place the video phone and
computer at the visitation telephone terminal 143 for communications with the user
terminal 141 that also contains these components)**; and**

**a local server located at the secure facility; the kiosk being configured to
transmit the audio and video to the local server when the communications are
intended for the second kiosk located in the visitation area** (col. 9 line 10-21; The

Application/Control Number: 13/088,883                                          Page 7
Art Unit: 2683

call management system of the facility has a server the completes calls between the

telephone terminals 141 and visitation telephones 143)**; and**

     **wherein the local server is configured to record the audio and video and**

**transmit the audio and video to the second kiosk located in the visitation area**

(col. 8 line 50-60; col 10 line 51-67; col. 11 line 1-29; col. 25 lines 6-13; The computer-

based platform of the facility comprising a call management system and call recording

system records calls, such as the exchange of data provided by the call, for retrieval or

playback at the visitation telephones 143.  In an alternative embodiment, Rae discloses

the use of video phones in place of telephones in the call management system.  It is

obvious to one of ordinary skill in the art that if a video phone is used instead of a

telephone, that audio and video information are recorded and transmitted to the

visitation terminal, since audio and video are both exchanged data in a video phone)**.**

     Regarding claim 6, Rae discloses the system **configured to periodically**

**extract a frame of video and authenticate a face in the frame against a stored**

**identification image of the user** (col. 16 line 13-27; col. 19 line 24-28; A camera is

used to capture an image of the user's face for authentication.  Biometric authentication

may be required every time a user makes a call.  If a user makes multiple calls, this is

considered to be "periodically extracting a frame of video").

     Hodge discloses **the server** performing authentication (paragraph [0321]-[0322];

The site server storing the biometric data for authentication).

     Regarding claim 7, Rae discloses **wherein the kiosk is configured to**

**periodically record a frame of video and authenticates a face in the frame against**

Application/Control Number: 13/088,883                                                  Page 8
Art Unit: 2683

**a stored identification image of the user** (col. 16 line 13-27; col. 19 line 24-28; A

camera is used to capture an image of the user's face for authentication.  Biometric

authentication may be required every time a user makes a call)**.**

  Kenoyer discloses **during a singular communications session, the kiosk is**

**configured to periodically record a frame of video** (paragraph [0044]; paragraph

[0041]; The user is continuously authenticated by the videoconference system capturing

an image of the user).

  Hodge discloses **transmit the frame to the server, and wherein the server**

**processor authenticates** (paragraph [0321]-[0322]; The biometric information is

transmitted from the scanner at the telephone to the site server for authentication).

  Regarding claim 11, Rae discloses **wherein the kiosk is configured to accept**

**messages input by the user after the user has logged on and transmit the**

**messages to the server, and the server is configured to provide a third party**

**access to the messages** (col. 19 line 24-28; col. 25 line 6-13; col. 20 line 26-30; The

kiosk requires the user to logon to the terminal before use.  The terminal may have a

computer, which is well known in the art to be capable of transmitting messages.  The

call management system allows the user to have access to external services,

analogous to providing a third party access to the messages)**.**

  Regarding claim 16, Rae discloses **wherein the kiosk is configured to receive**

**text-based messages from a server, and to display a notification of an available**

**text-based message on an idle screen of the kiosk** (Abstract; col. 15 line 37-44; The

call management system has an inmate management system that allows individuals to

Application/Control Number: 13/088,883                                Page 9
Art Unit: 2683

view notification of events on a computer for all occasions, which is interpreted to include an idle screen of a computer.  Notifications may be in the form of emails).

Regarding claim 22, Rae discloses **a method of monitoring use of an interactive kiosk <u>during a video transmission</u>, comprising: using a camera of the kiosk to capture <u>video</u> of a user of the kiosk during use of the kiosk** (col. 16 line 13-27; col. 19 line 24-28; A camera is used to capture an image of the user's face for authentication.  The image may be still or moving image, where moving image is analogous to video).

Rae does not explicitly disclose **transmitting the <u>video</u> to a server;**

**<u>periodically extracting, at the server, a frame of the video;</u>**

**<u>performing a check, at the server, to determine if a face is present during a frame; and</u>**

**<u>obscuring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame.</u>**

Kenoyer discloses **<u>periodically extracting a frame of the video</u>** (paragraph [0041]; paragraph [0044]; The video conferencing system continuously determines if a face is present and matches the stored image)**<u>;</u>**

**<u>performing a check to determine if a face is present during a frame</u>** (paragraph [0041]; paragraph [0044]; The video conferencing system continuously determines if a face is present and matches the stored image)**<u>; and</u>**

**<u>obscuring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame</u>** (paragraph [0042];

Application/Control Number: 13/088,883                                    Page 10
Art Unit: 2683

paragraph [0044]; The user is only authenticated if the currently captured image
matches the stored image.  If no match is found, the user is denied access to the
network.  It is obvious to one of ordinary skill in the art that if the user is not
authenticated, for example when a face is not present and an image cannot be
captured, the user is denied access and may not continue to participate in the video
conference, thus obscuring  transmission of video of the unauthenticated user to the
destination).

 At the time of invention, it would have been obvious to one of ordinary skill in the
art to combine Kenoyer's method of continuously authenticating the user in video
transmission in Rae's call processing system with video phone to ensure that an
unauthenticated user does not communicate over the call processing system.

 The combination of Rae and Kenoyer does not explicitly disclose **transmitting
the <u>video</u> to a server, and <u>extracting and checking at the server</u>**.

 In an analogous art, Hodge discloses **transmitting the <u>video</u> to a server**
(paragraph [0321]-[0322]; The site server storing the biometric data for authentication);
and

  **<u>extracting and checking at the server</u>** (paragraph [0322]; The site server
processes the biometric information for authentication).

 At the time of invention, it would have been obvious to one of ordinary skill in the
art to substitute Hodge's method of authenticating the user on the server in Rae and
Kenoyer's system with biometric authentication so that there is a central location for
storing all authentication data, instead of storing authentication data at each terminal.

Application/Control Number: 13/088,883                                    Page 11
Art Unit: 2683

Regarding claim 26, Rae discloses **wherein the log in information is a personal identification number** (col. 19 line 24-28)**.**

Regarding claim 32, Rae discloses **wherein the biometric verification comprises a facial authentication via the camera** (col. 16 line 10-27)**.**

Regarding claim 33, Rae discloses **wherein the biometric verification comprises a voice authentication via the microphone** (col. 16 line 10-27).

4.      Claims 13 and 28-31 are rejected under 35 U.S.C. 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1 above, and further in view of Cree (U.S. Pat 6,665,380) and Mattila (U.S. Pub 2008/0129816).

Regarding claim 13, Rae discloses **wherein the server is configured to receive an incoming call for the user from a third party caller** (col. 25 line 6-13; Where a third party caller is interpreted as a caller using a cellular phone)**, determine whether the user has permission to receive incoming calls** (col. 11 line 57-67; The validation system verifies that the user is authorized to receive calls from the calling party)**, and if the user has permission, transmit the incoming call to a kiosk** (col. 12 line 27-32; The validation system used to allow calls to be completed).

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **transmit the incoming call to the kiosk and at least a second kiosk, and wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, display a screen notifying the user of the incoming call, and prompt the user to input the log in information.**

Application/Control Number: 13/088,883                                    Page 12
Art Unit: 2683

Cree discloses **transmit the incoming call to the kiosk and at least a second kiosk** (col. 10 line 19-24; The system transmits the message to the cell block telephone number in the cell block, where the cell block telephone is analogous to the kiosk.  At the time of invention, it would have been obvious to one of ordinary skill in the art to place two cell block telephones in the cell block, as this is a mere duplication of essential working parts, in order to provide more telephones for the users)**, and wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, notifying the user of the incoming call** (col. 10 line 38-50; The inmates in the vicinity of the cell block telephone are notified that they have messages) **and prompt the user to input the log in information** (col. 11 line 10-16)**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art substitute Cree's method of notifying a user of an incoming call and requiring input of login information in Rae, Kenoyer, and Hodge's call processing system that has user terminals with computers in order to alert users of incoming messages on a more modern system that provides more user functions.

The combination of Rae, Kenoyer, Hodge, and Cree does not explicitly disclose **display a screen notifying the user of the incoming call.**

In an analogous art, Mattila discloses **display a screen notifying the user of the incoming call** (Figure 3 element 158; paragraph [0048])**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Mattila's method of notifying the user of an incoming call at the terminal in Rae, Kenoyer, Hodge, and Cree's call system with user terminals for receiving calls in

Application/Control Number: 13/088,883                                      Page 13
Art Unit: 2683

order to effectively notify a user of the terminal with a video phone and computer of an

incoming call request.

Regarding claim 28, Rae discloses **a system for providing services to a**

**secure facility, the system comprising:**

**a plurality of kiosks located at a secure facility, each kiosk comprising a**

**processor, display, speaker, and microphone** (Figure 1 element 141 and 143; col. 7

line 3-16; col. 25 lines 6-13; col. 16 line 13-27;  The telephone terminals 141 and

visitation telephones 143, where speakers are an inherent component of a telephone.  A

camera and microphone may be placed at the terminal for biometric authentication or

general use.  In an alternative embodiment, the system may also be implemented with

video phones and computers.  At the time of invention, it would have been obvious to

one of ordinary skill in the art to have a workstation that combines the embodiments so

that there is a computer and a video phone in order to provide more services to the

workstation user.  Additionally, computers are well known in the art to have a processor

and display.  Therefore, it would have been obvious to one of ordinary skill in the art to

have a display and processor at the workstation as a part of the computer)**; and**

**a server that communicates with the kiosks and a device of an outside**

**party via one or more network connections** (col. 9 line 14-21; col. 9 line 50-64; The

network 111 connecting the telephone terminals, or any device that is coupled to the

network)**, the server comprising a server processor, a network interface unit, and**

**a computer memory** (col. 9 line 50-64; The processor-based server having a media

gateway to provide communications to the user terminal.  It is well known in the art that

Application/Control Number: 13/088,883                                          Page 14
Art Unit: 2683

servers have memory.  Therefore, at the time of invention, it would have been obvious

to one of ordinary skill in the art to include memory in the processor-based server)**; and**

**wherein the server is configured to receive a communications request from**

**the device of the outside party** (col. 25 line 6-13; Where a device of the outside party

is interpreted as a caller using a cellular phone)**; and**

**wherein the server is configured to authenticate a user of the device** (col. 25

line 6-13; col 11 line 57-65; col. 9 line 14-29; The system may be used with cellular

phones, video phones, or PDAs.  A validation system verifies the identity of the called

party, or the call management system may request a PIN number from the called party.

One of ordinary skill in the art recognizes that the called party may be on a cellular

phone, video phone, or PDA)**.**

Rae does not explicitly disclose **in response to the received communications**

**request, identify a kiosk in a vicinity of a requested party and transmit a message**

**to the kiosk, and**

**wherein the kiosk is configured to receive the message, and, upon receipt**

**of the message, notify an incoming communications request message and initiate**

**a login procedure; and**

**wherein the server is configured to periodically extract a frame of the video**

**and perform a check to determine if a face is present in the frame, and the server**

**is further configured to obscure the video being transmitted to the destination**

**when the check determines that a face is not present in the frame.**

Application/Control Number: 13/088,883                                      Page 15
Art Unit: 2683

  In an analogous art, Kenoyer discloses **configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame** (paragraph [0041]; paragraph [0044]; The video conferencing system continuously determines if a face is present and matches the stored image)**, and further configured to obscure the video being transmitted to the destination when the check determines that a face is not present in the frame** (paragraph [0042]; paragraph [0044]; The user is only authenticated if the currently captured image matches the stored image.  If no match is found, the user is denied access to the network.  It is obvious to one of ordinary skill in the art that if the user is not authenticated, for example when a face is not present and an image cannot be captured, the user is denied access and may not continue to participate in the video conference, thus obscuring  transmission of video of the unauthenticated user to the destination).

  At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Kenoyer's method of continuously authenticating the user in video transmission in Rae's call processing system with video phone to ensure that an unauthenticated user does not communicate over the call processing system.

  The combination of Rae and Kenoyer do not explicitly disclose **in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk, and**

Application/Control Number: 13/088,883                                    Page 16
Art Unit: 2683

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message and initiate a login procedure, and**

**the server** performing extracting and checking.

In an analogous art, Hodge discloses **the server** performing extracting and checking (paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Hodge's method of authenticating the user on the server in Rae and Kenoyer's system with biometric authentication so that there is a central location for storing all authentication data, instead of storing authentication data at each terminal.

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk, and**

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message and initiate a login procedure.**

In an analogous art, Cree discloses i**n response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk** (col. 10 line 19-24; The system transmits the message to the cell block telephone number in the cell block if the inmate, where the cell block telephone is analogous to the kiosk)**, and**

Application/Control Number: 13/088,883                                          Page 17
Art Unit: 2683

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message** (col. 10 line 38-50; The inmates in the vicinity of the cell block telephone are notified that they have messages) **and initiate a login procedure** (col. 11 line 10-16).

At the time of invention, it would have been obvious to one of ordinary skill in the art substitute Cree's method of notifying a user of an incoming call and requiring input of login information in Rae, Kenoyer, and Hodge's call processing system that has user terminals with computers in order to alert users of incoming messages on a more modern system that provides more user functions.

The combination of Rae, Kenoyer, Hodge, and Cree does not explicitly disclose **display a screen notifying the user of the incoming call.**

In an analogous art, Mattila discloses **display a screen notifying the user of the incoming call** (Figure 3 element 158; paragraph [0048])**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Mattila's method of notifying the user of an incoming call at the terminal in Rae, Kenoyer, Hodge, and Cree's call processing system with user terminals for receiving calls in order to effectively notify a user of the terminal with a video phone and computer of an incoming request.

Regarding claim 29, Rae discloses **wherein the communications request is a request to initiate a voice call or a video call** (col 25 line 6-13; The system used with telephones, cell phones, or video phones)**.**

Application/Control Number: 13/088,883                                      Page 18
Art Unit: 2683

Regarding claim 30, Rae discloses **wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server** (col. 20 line 46-60; col. 9 line 10-14; The system can store information regarding what cells the inmates are assigned to, and may schedule facility resources like establishing telephone availability schedules.  It is obvious to one of ordinary skill in the art that this may be stored in memory of the processor-based server of the system).

Regarding claim 31, Mattila discloses **wherein the kiosk is configured to play an alert tone or audio message upon receiving the message** (paragraph [0048]).


5.       Claim 14 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae, Kenoyer, and Hodge as applied to claim 1 above, and further in view of Hanna (U.S. Pub 2011/0047473).

Regarding claim 14, Rae discloses **wherein the kiosk is configured to provide the user with the ability to order items from a list of commissary items** (col. 20 line 19-20; The inmate may purchase commissary goods).

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **configured to provide the user with at least two of: access to audio, video, and text of educational <u>material</u> stored on the server and/or the kiosk, <u>access to audio, video, and text of religious material stored on the server and/or the kiosk</u>, and the ability to order items from a list of commissary items.**

Application/Control Number: 13/088,883                                    Page 19
Art Unit: 2683

In an analogous art, Hanna discloses **configured to provide the user with at least two of: access to audio, video, and text of educational <u>material</u> stored on the server and/or the kiosk, <u>access to audio, video, and text of religious material stored on the server and/or the kiosk</u>, and the ability to order items from a list of commissary items** (paragraph [0048]-[0049]; Inmates have access to commissary items and remote teaching, analogous to education material).

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Hanna's system that provides inmates with access to commissary items and education in Rae, Kenoyer, and Hodge's inmate kiosk that provides commissary services in order to enable the kiosk to provide more functions to the inmates.

6.      Claim 19, 21, 27, 34, and 35 are rejected under 35 U.S.C. 103(a) as being unpatentable over Rae (U.S. Pat 8,340,260), and further in view of Kenoyer, Hodge, and Kennedy (U.S. Pub 2010/0256500).

Regarding claim 19, Rae discloses **a kiosk for providing facility services in a secure manner, comprising:**

**a computer processor** (col. 25 lines 6-13; col. 16 line 13-27; A terminal that may have a personal computer. A processor is an inherent component of a computer);

**a memory connected to the processor via a bus** (col. 25 lines 6-13; col. 16 line 13-27; A terminal that may have a personal computer. Memory is an inherent component of a computer);

Application/Control Number: 13/088,883                                    Page 20
Art Unit: 2683

**a camera connected to the bus for inputting video communications** (col. 16
line 13-27; The camera can capture moving images);

**a microphone connected to the bus for inputting audio communications**
(col. 16 line 13-27; The microphone);

**a speaker connected to the bus** (col. 25 lines 6-13; col. 16 line 13-27; A
telephone may be at the terminal.  A speaker is an inherent component of a telephone);

**a display connected to the bus** (col. 25 lines 6-13; col. 16 line 13-27; A
terminal that may have a personal computer.  It is well known in the art that a display is
a component of a personal computer.  Therefore, at the time of invention, it would have
been obvious to one of ordinary skill in the art to include a display at the kiosk); **and**

**a network interface connected to the bus for communicating with a server
via a network connection** (col. 9 line 50-64; The media gateway 117 that comprises a
processor-based server connects the user terminals via a network 111 in order to
provide communications),

**wherein the kiosk authenticates a user by receiving personal log in
information and comparing the received personal log in information against a
known personal log in information associated with the user, verifies the user's
identity using a biometric verification** (col. 19 line 24-28; The user enters in a PIN
and biometric information), **records audio and video communications and transmits
the audio and video communications to the server** (col 9 line 50-64; col. 25 line 6-
13; col 10 line 51-67; col. 11 line 1-2; The user terminal receives communications from
the server via the media gateway.  It is obvious to one of ordinary skill in the art that if a

Application/Control Number: 13/088,883                               Page 21
Art Unit: 2683

video phone is being used, audio and video information would be transmitted from the

microphone and camera input.  The call recording system records the call at a

workstation for retrieval or playback at workstations)**, and provides access to internet**

**web pages via a web proxy** (col. 9 line 50-64; col. 25 line 6-13; In the call

management system, the processor-based server of the call application management

system 110 acts as a proxy server between the user terminals to provide interfacing.  In

an embodiment that includes computers, with access to the Internet, one of ordinary

skill in the art recognizes that the server of the management system would also serve

as a proxy server to provide interfacing between web pages)**.**

Rae does not disclose **a touchscreen display;** **and**

**wherein the server is configured to periodically extract a frame of the video**

**and perform a check to determine if a face is present in the frame, and the server**

**is further configured to obscure the video being transmitted to the destination**

**when the check determines that a face is not present in the frame**.

In an analogous art, Kenoyer discloses **configured to periodically extract a**

**frame of the video and perform a check to determine if a face is present in the**

**frame** (paragraph [0041]; paragraph [0044]; The video conferencing system

continuously determines if a face is present and matches the stored image)**, and**

**further configured to obscure the video being transmitted to the destination when**

**the check determines that a face is not present in the frame** (paragraph [0042];

paragraph [0044]; The user is only authenticated if the currently captured image

matches the stored image.  If no match is found, the user is denied access to the

network.  It is obvious to one of ordinary skill in the art that if the user is not

authenticated, for example when a face is not present and an image cannot be

captured, the user is denied access and may not continue to participate in the video

conference, thus obscuring  transmission of video of the unauthenticated user to the

destination).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to combine Kenoyer's method of continuously authenticating the user in video

transmission in Rae's call processing system with video phone to ensure that an

unauthenticated user does not communicate over the call processing system.

The combination of Rae and Kenoyer does not explicitly disclose **a touchscreen**

**display, and the server** performing authentication.

In an analogous art, Hodge discloses **the server** performing authentication

(paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to substitute Hodge's method of authenticating the user on the server in Rae and

Kenoyer's system with biometric authentication so that there is a central location for

storing all authentication data, instead of storing authentication data at each terminal.

The combination of Rae, Kenoyer, and Hodge does not explicitly disclose **a**

**touchscreen display.**

In an analogous art, Kennedy discloses **a touchscreen display** (paragraph

[0031]).

Application/Control Number: 13/088,883                                     Page 23
Art Unit: 2683

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Kennedy's touchscreen display in Rae, Kenoyer, and Hodge's computer in order to modernize the computer interface.

Regarding claim 21, it is interpreted and rejected for the same reasons as set forth in claims 11 and 14 above, with the additional limitations set forth in claim 19 above.

Regarding claim 27, it is interpreted and rejected for the same reasons as set forth in claim 26 above, with the additional limitations set forth in claim 19 above.

Regarding claim 34, it is interpreted and rejected for the same reasons as set forth in claim 32 above, with the additional limitations set forth in claim 19 above.

Regarding claim 35, it is interpreted and rejected for the same reasons as set forth in claim 33 above, with the additional limitations set forth in claim 19 above.


### *Response to Arguments*

7.     Applicant's arguments filed 12/27/2013 have been fully considered but they are not persuasive.

Regarding Applicant's arguments that none of the references disclose a server configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server configured to obscure the video being transmitted to the destination when the check determines that the face is not present in the frame, the Examiner respectfully disagrees.  Kenoyer discloses a video conferencing system that periodically extracts a frame of the video and performs a

Application/Control Number: 13/088,883                                     Page 24
Art Unit: 2683

check to determine if a face is present in the frame in paragraphs [0035] and [0041],
where the video conferencing system may periodically or continuously determine if a
face is present.  Kenoyer further discloses a video conferencing system that obscures
the video being transmitted to the destination when the check determines that the face
is not present in the frame in paragraphs [0042] and [0044], where the user is only
authenticated if the currently captured image matches the stored image.  If no match is
found, the user is denied access to the network.  It is obvious to one of ordinary skill in
the art that if the user is not authenticated, for example when a face is not present and
an image cannot be captured, the user is denied access and may not continue to
participate in the video conference, thus obscuring  transmission of video of the
unauthenticated user to the destination.  Hodge is relied on for the server performing
authentication, disclosed in paragraph [0321]-[0322], where the site server stores the
biometric data and performs authentication.  Thus, the combination of Rae, Kenoyer,
and Hodge disclose all the elements of the claim.


### *Conclusion*

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to LAURA NGUYEN whose telephone number is (571)270-
3785.  The examiner can normally be reached on Monday - Friday 9:00 AM - 5:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Brian Zimmerman can be reached on (571) 272-3059.  The fax phone

Application/Control Number: 13/088,883                                      Page 25
Art Unit: 2683

number for the organization where this application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/LAURA NGUYEN/
Examiner, Art Unit 2683

                    /BRIAN ZIMMERMAN/
                    Supervisory Patent Examiner, Art Unit 2683

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S156 | 2176 | 713/186.ccls. | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:40 |
| S157 | 5383 | 382/115,118.ccls. | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:40 |
| S158 | 0 | ((detect$3 determin$3 sens$3) near10 (facial face) near10 (presen$2 absen$2)) same ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference)) | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:41 |
| S159 | 0 | ((detect$3 determin$3 sens$3) with (face facial) with (presen$2 absen$2)) same ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference)) | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:42 |
| S160 | 0 | ((detect$3 determin$3 sens$3) with (face facial) with (presen$2 absen$2)) same3 ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference)) | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:42 |
| S161 | 505 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference)) | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:43 |
| S162 | 1 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference) with (unauthoriz$3 unauthentic$4)) | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:43 |
| S163 | 17 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (unauthoriz$3 unauthentic$4)) | US-PGPUB; USPAT | OR | ON | 2014/02/24 12:45 |
| S164 | 5416 | 382/115,118.ccls. | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:41 |
| S165 | 5362 | 340/5.51-5.54,5.8,5.81-5.85,5.2,5.21,5.28,5.31.ccls. | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:41 |
| S166 | 2553 | 725/9,10,12,14,98,99.ccls. | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:42 |
| S167 | 6274 | 348/14.01-14.16.ccls. | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:42 |
| S168 | 16699 | 345/173.ccls. | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:42 |
| S169 | 8661 | 713/168,186.ccls. | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:42 |
| S170 | 509 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference)) | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:44 |
| S171 | 1425 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference call)) | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:44 |
| S172 | 3 | S171 and S164 | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:45 |
| S173 | 6 | S171 and S165 | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:45 |
| S174 | 4 | S171 and S166 | US- | OR | ON | 2014/03/10 |

| | | | PGPUB; USPAT | | | 15:45 |
|---|---|---|---|---|---|---|
| S175 | 43 | S171 and S167 | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:45 |
| S176 | 2 | S171 and S168 | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:45 |
| S177 | 1 | S171 and S169 | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:45 |
| S178 | 2 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference call) with (unauthoriz$3 unauthentic$4)) | US-PGPUB; USPAT | OR | ON | 2014/03/10 15:50 |

**EAST Search History (Interference)**

< This search history is empty>

**3/10/2014 3:51:55 PM**
**C:\ Users\ LNGUYEN8\ Documents\ EAST\ Workspaces\ 13088883_Kiosk to authenticate users using login info and biometrics in order to provide authorized services and content to the user.wsp**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13088883 | O'NEIL ET AL. |
| | **Examiner** | **Art Unit** |
| | LAURA NGUYEN | 2683 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 340 | 5.51-5.54,5.8,5.81-5.85,5.2,5.21,5.28,5.31 | 3/10/2014 | LN |
| 725 | 9,10,12,14,30,98,99 | 3/10/2014 | LN |
| 382 | 115,118 | 3/10/2014 | LN |
| 348 | 14.01-14.16 | 3/10/2014 | LN |
| 345 | 173 | 3/10/2014 | LN |
| 713 | 168,186 | 3/10/2014 | LN |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST Search | 4/18/2013 | LN |
| Updated EAST Search | 9/23/2013 | LN |
| Updated EAST Search | 3/10/2014 | LN |

### INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| /L.N./ Examiner.Art Unit 2683 | |
|---|---|

| | | | |
|---|---|---|---|
| ***Index of Claims*** | **Application/Control No.** | | **Applicant(s)/Patent Under Reexamination** |
| | 13088883 | | O'NEIL ET AL. |
| | **Examiner** | | **Art Unit** |
| | LAURA NGUYEN | | 2683 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/18/2013 | 09/23/2013 | 03/10/2014 | | | | | |
| | 1 | ✓ | ✓ | ✓ | | | | | |
| | 2 | ✓ | - | - | | | | | |
| | 3 | ✓ | ✓ | | | | | | |
| | 4 | ✓ | ✓ | ✓ | | | | | |
| | 5 | ✓ | ✓ | - | | | | | |
| | 6 | ✓ | ✓ | ✓ | | | | | |
| | 7 | ✓ | ✓ | ✓ | | | | | |
| | 8 | ✓ | ✓ | - | | | | | |
| | 9 | ✓ | ✓ | - | | | | | |
| | 10 | ✓ | ✓ | - | | | | | |
| | 11 | ✓ | ✓ | ✓ | | | | | |
| | 12 | ✓ | ✓ | - | | | | | |
| | 13 | ✓ | ✓ | ✓ | | | | | |
| | 14 | ✓ | ✓ | ✓ | | | | | |
| | 15 | ✓ | ✓ | - | | | | | |
| | 16 | ✓ | ✓ | ✓ | | | | | |
| | 17 | ✓ | ✓ | - | | | | | |
| | 18 | ✓ | ✓ | - | | | | | |
| | 19 | ✓ | ✓ | ✓ | | | | | |
| | 20 | ✓ | - | - | | | | | |
| | 21 | ✓ | ✓ | ✓ | | | | | |
| | 22 | ✓ | ✓ | ✓ | | | | | |
| | 23 | ✓ | ✓ | - | | | | | |
| | 24 | ✓ | ✓ | - | | | | | |
| | 25 | ✓ | ✓ | - | | | | | |
| | 26 | ✓ | ✓ | ✓ | | | | | |
| | 27 | ✓ | ✓ | ✓ | | | | | |
| | 28 | ✓ | ✓ | ✓ | | | | | |
| | 29 | ✓ | ✓ | ✓ | | | | | |
| | 30 | ✓ | ✓ | ✓ | | | | | |
| | 31 | ✓ | ✓ | ✓ | | | | | |
| | 32 | ✓ | ✓ | ✓ | | | | | |
| | 33 | ✓ | ✓ | ✓ | | | | | |
| | 34 | ✓ | ✓ | ✓ | | | | | |
| | 35 | ✓ | ✓ | ✓ | | | | | |

Used in Lieu of PTO/SB/08A/B
(Based on PTO 10-07 version)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 13/088,883-Conf. #9388 |
| | | | | Filing Date | April 18, 2011 |
| | | | | First Named Inventor | Kevin O'Neil |
| | | | | Art Unit | 2683 |
| | | | | Examiner Name | L. Nguyen |
| Sheet | 1 | of | 1 | Attorney Docket Number | P5789.0006/P006 |

| U.S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Document Number | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
| | | Number-Kind Code[2] ( *if known*) | | | |
| | AA | 7,529,357 | 05/05/2009 | Rae et al. | |

| FOREIGN PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Foreign Patent Document | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
| | | Country Code[3]-Number[4]-Kind Code[5] *(if known)* | | | | |
| | | | | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1]Applicant's unique citation designation number (optional). [2]Applicant is to place a check mark here if English language Translation is attached.

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

DSMDB-3229822v1

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 18054484 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 113003 |
| **Filer:** | Mark J. Thronson/Cheryl deLopez |
| **Filer Authorized By:** | Mark J. Thronson |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 29-JAN-2014 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 11:14:20 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | IDS.pdf | 100454 3190bd7979b725f1feaf58d8cccf6315bfa0f089 | yes | 3 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Transmittal Letter | 1 | 2 |
| Information Disclosure Statement (IDS) Form (SB08) | 3 | 3 |

| Warnings: | |
|---|---|
| **Information:** | |

| Total Files Size (in bytes): | 100454 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Docket No.: P5789.0006/P006
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Kevin O'Neil et al.

Application No.: 13/088,883                     Confirmation No.: 9388

Filed: April 18, 2011                            Art Unit: 2683

For:  INTERACTIVE AUDIO/VIDEO SYSTEM AND      Examiner: L. Nguyen
      DEVICE FOR USE IN A SECURE FACILITY

## INFORMATION DISCLOSURE STATEMENT (IDS)

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

Pursuant to 37 C.F.R. § 1.56, 1.97 and 1.98, the attention of the Patent and Trademark Office is hereby directed to the references listed on the attached PTO/SB/08.  It is respectfully requested that the information be expressly considered during the prosecution of this application, and that the references be made of record therein and appear among the "References Cited" on any patent to issue therefrom.

This Information Disclosure Statement is filed before the mailing date of a first Office Action after the filing of a Request for Continued Examination under 37 C.F.R. § 1.114 (37 C.F.R. § 1.97(b)(4)).

Copies of the references on the PTO/SB/08 are not provided.

Application No.: 13/088,883                              Docket No.: P5789.0006/P006

In accordance with 37 C.F.R. § 1.97(g), the filing of this Information Disclosure Statement shall not be construed to mean that a search has been made or that no other material information as defined in 37 C.F.R. § 1.56(a) exists.  In accordance with 37 C.F.R. § 1.97(h), the filing of this Information Disclosure Statement shall not be construed to be an admission that any patent, publication or other information referred to therein is "prior art" for this invention unless specifically designated as such.

It is submitted that the Information Disclosure Statement is in compliance with 37 C.F.R. § 1.98 and the Examiner is respectfully requested to consider the listed references.

The Director is hereby authorized to charge any deficiency in the fees filed, asserted to be filed or which should have been filed herewith (or with any paper hereafter filed in this application by this firm) to our Deposit Account No. 04-1073, under Order No. P5789.0006/P006.

Dated: January 29, 2014                     Respectfully submitted,

                                            By
                                            Mark J. Thronson
                                               Registration No.: 33,082
                                            DICKSTEIN SHAPIRO LLP
                                            1825 Eye Street, NW
                                            Washington, DC  20006-5403
                                            (202) 420-2200
                                            Attorney for Applicants

PTO/SB/30 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| Request for Continued Examination (RCE) Transmittal | Application Number | 13/088,883-Conf. #9388 |
|---|---|---|
| | Filing Date | April 18, 2011 |
| | First Named Inventor | Kevin O'Neil |
| Address to:<br>**Mail Stop RCE**<br>**Commissioner for Patents**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | Art Unit | 2683 |
| | Examiner Name | L.N. Nguyen |
| | Attorney Docket Number | P5789.0006/P006 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. Submission required under 37 CFR 1.114 Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

  a. ☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

     i. ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

     ii. ☐ Other _____

  b. ☒ Enclosed

     i. ☒ Amendment/Reply     iii. ☐ Information Disclosure Statement (IDS)

     ii. ☐ Affidavit(s)/Declaration(s)     iv. ☐ Other _____

2. Miscellaneous

  a. ☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

  b. ☐ Other _____

3. Fees The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

  a. ☒ The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any Overpayments, to Deposit Account No. 04-1073 .

     i. ☒ RCE fee required under 37 CFR 1.17(e)

     ii. ☐ Extension of time fee (37 CFR 1.136 and 1.17)

     iii. ☐ Other _____

  b. ☐ Check in the amount of $ _____ enclosed

  c. ☒ Payment by credit card (Form PTO-2038 enclosed)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED | | | |
|---|---|---|---|
| Signature | *[signature]* | Date | December 27, 2013 |
| Name (Print/Type) | Mark J. Thronson | Registration No. | 33,082 |

Docket No.: P5789.0006/P006
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Kevin O'Neil et al.

Application No.: 13/088,883

Filed: April 18, 2011

For:   INTERACTIVE AUDIO/VIDEO SYSTEM AND
        DEVICE FOR USE IN A SECURE FACILITY

Confirmation No.: 9388

Art Unit: 2683

Examiner: L.N. Nguyen

## AMENDMENT ACCOMPANYING REQUEST FOR CONTINUED EXAMINATION (RCE)

MS Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

### INTRODUCTORY COMMENTS

In response to the Final Rejection dated September 27, 2013, please amend the above-identified U.S. patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 9 of this paper.

DSMDB-3222934v1

Application No. 13/088,883
Reply to Office Action of April 26, 2013

Docket No.: P5789.0006/P006

## AMENDMENTS TO THE CLAIMS

1.      (Currently amended)  A system for providing services to a secure facility, the system comprising:

a kiosk located at a secure facility, the kiosk comprising a processor, display, speaker, microphone, and a camera; and

a server that communicates with the kiosk via a network connection, the server comprising a server processor, a network interface unit, and a computer memory;

the kiosk being configured to receive communications from the camera and microphone and transmit audio and video of the communications to the server via the network connection;

wherein the server records the audio and video and transmits the audio and video to a destination;

wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification;

wherein the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to obscure the video being transmitted to the destination when the check determines that the face is not present in the frame; and

wherein the destination is a device communicating with the server, and the server is configured to authenticate a user of the device.

2-3.    (Canceled)

4.      (Previously presented)  The system of claim 1, further comprising:

a second kiosk located in a visitation area of the secure facility; and

2

DSMDB-3222934v1

Application No. 13/088,883
Reply to Office Action of April 26, 2013

Docket No.: P5789.0006/P006

a local server located at the secure facility;

the kiosk being configured to transmit the audio and video to the local server when the communications are intended for the second kiosk located in the visitation area; and

wherein the local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area.

5.      (Canceled)

6.      (Original)   The system of claim 1, wherein the server is configured to periodically extract a frame of the video and authenticate a face in the frame against a stored identification image of the user.

7.      (Previously presented)  The system of claim 1, wherein during a singular communications session, the kiosk is configured to periodically record a frame of video and transmit the frame to the server, and wherein the server processor authenticates a face in the frame against a stored identification image of the user.

8-10.   (Canceled)

11.     (Previously presented)  The system of claim 1, wherein the kiosk is configured to accept messages input by the user after the user has logged on and transmit the messages to the server, and the server is configured to provide a third party access to the messages.

12.     (Canceled)

13.     (Previously presented)  The system of claim 1, wherein the server is configured to receive an incoming call for the user from a third party caller, determine whether the user has permission to receive incoming calls, if the user has permission, transmit the incoming call to the kiosk and at least a second kiosk, and

DSMDB-3222934v1

wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, display a screen notifying the user of the incoming call, and prompt the user to input the log in information.

14.    (Currently amended)  The system of claim 1, wherein the kiosk is configured to provide the user with at least two of: access to audio, video, and text of educational ~~and religious materials~~ material stored on the server and/or the kiosk, <u>access to audio, video, and text of religious material stored on the server and/or the kiosk,</u> and the ability to order items from a list of commissary items.

15.    (Canceled)

16.    (Original)  The system of claim 1, wherein the kiosk is configured to receive text-based messages from a server, and to display a notification of an available text-based message on an idle screen of the kiosk.

17-18.   (Canceled)

19.    (Currently amended) A kiosk for providing facility services in a secure manner, comprising:

a computer processor;

a memory connected to the processor via a bus;

a camera connected to the bus for inputting video communications;

a microphone connected to the bus for inputting audio communications;

a speaker connected to the bus;

a touchscreen display connected to the bus; and

DSMDB-3222934v1

Application No. 13/088,883
Reply to Office Action of April 26, 2013

Docket No.: P5789.0006/P006

a network interface connected to the bus for communicating with a server via a network connection,

wherein the kiosk authenticates a user by receiving personal log in information and comparing the received personal log in information against a known personal log in information associated with the user, verifies the user's identity using a biometric verification, records audio and video communications and transmits the audio and video communications to the server, and provides access to internet web pages via a web proxy, and

~~wherein the kiosk is configured to detect when a face is not present in the field of view of the camera, warn the user to face the camera if the face is not present in the field of view of the camera and stop transmitting video if the face is still not present~~

wherein the kiosk is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the kiosk is further configured to obscure video being transmitted to a destination when the check determines that the face is not present in the frame.

20.     (Canceled)

21.     (Currently amended)  The kiosk of claim 19, wherein the kiosk provides the user with at least one of: access to audio, video, and text of educational material ~~and religious materials~~; access to audio, video, and text of religious material; the ability to order items from a list of commissary items; the ability to reserve times for using the kiosk; and the ability to send text messages to third parties.

22.     (Currently amended)  A method of monitoring use of an interactive kiosk during a video transmission, comprising:

using a camera of the kiosk to ~~periodically~~ capture ~~an image~~ video of a user of the kiosk during use of the kiosk;

5

DSMDB-3222934v1

transmitting the ~~image~~ video to a server;

periodically extracting, at the server, a frame of the video;

performing a check, at the server, to determine if a face is present during a frame; and

obscuring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame

~~comparing, at the server, the image with a pre-stored image of the user of the kiosk;~~

~~warning the user to face the camera for another image capture when the image does not match the pre-stored image to a predetermined degree; and~~

~~restricting use of the kiosk when the another image capture does not match the pre-stored image to a predetermined degree.~~

23-25.  (Canceled)

26.      (Previously presented)  The system of claim 1, wherein the log in information is a personal identification number.

27.      (Previously presented)  The system of claim 19, wherein the personal log in information is a personal identification number.

28.      (Currently amended)  A system for providing services to a secure facility, the system comprising:

a plurality of kiosks located at a secure facility, each kiosk comprising a processor, display, speaker, and microphone; and

a server that communicates with the kiosks and a device of an outside party via one or more network connections, the server comprising a server processor, a network interface unit, and a computer memory;

6

Application No. 13/088,883
Reply to Office Action of April 26, 2013

Docket No.: P5789.0006/P006

wherein the server is configured to receive a communications request from the device of the outside party and, in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk,

wherein the kiosk is configured to receive the message, and, upon receipt of the message, display an incoming communications request message and initiate a login procedure, [[and]]

wherein the server is configured to authenticate a user of the device, and

wherein the server is configured to periodically extract a frame of a video, the video being transmitted from the kiosk to the calling party; and perform a check to determine if a face is present in the frame, and the server is further configured to obscure the video being transmitted to the calling party when the check determines that the face is not present in the frame.

29.     (Previously presented)  The system of claim 28, wherein the communications request is a request to initiate a voice call or a video call.

30.     (Previously presented)  The system of claim 28, wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server.

31.     (Previously presented)  The system of claim 28, wherein the kiosk is configured to play an alert tone or audio message upon receiving the message.

32.     (Previously presented)  The system of claim 1, wherein the biometric verification comprises a facial authentication via the camera.

33.     (Previously presented)  The system of claim 1, wherein the biometric verification comprises a voice authentication via the microphone.

34.     (Previously presented)  The kiosk of claim 19, wherein the biometric verification comprises a facial authentication of an image captured by the camera.

7

35.    (Previously presented)  The kiosk of claim 19, wherein the biometric verification comprises a voice authentication of an audible phrase recorded using the microphone.

Application No. 13/088,883                                      Docket No.: P5789.0006/P006
Reply to Office Action of April 26, 2013

## REMARKS

Claims 1, 4, 6, 7, 11, 13, 14, 16, 19, 21-22, 26-35 are pending in this application.  Claims 1, 4, 7, 14, 19, 21,  22 and 28 have been amended, and claims 2-3, 5, 8-10, 12, 15, 17-18, 20 and 23-25 have been canceled, without prejudice.  Applicant reserves the right to pursue the original claims and other claims in this and other applications.  In view of the amendments to the claims and the remarks below, Applicant respectfully requests that the rejections be withdrawn and the claim allowed.

Claims 1, 3-4, 9, 11, 15-17, 24-26, and 32-33 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae (U.S. Pat 8,340,260).  The rejection is respectfully traversed.

Claim 1 recites, among other things a kiosk located at a secure facility and a server that communicates with the kiosk via a network connection.  The kiosk receives communications from a camera and microphone and transmits audio and video to the server.  The server transmits the audio and video to a destination.  Claim 1, as amended, recites that "<u>the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to obscure the video being transmitted to the destination when the check determines that the face is not present in the frame</u>."  This feature is described, for example, at paragraph [0085] of the application.  The prior art of record does not teach or suggest the features of amended claim 1.

Rae is relied upon as disclosing an inmate management and call processing system that serves a plurality of facilities.  Rae does not, however, disclose a server configured to periodically extract a frame of video, perform a check to determine if a face is present in the frame, and obscure the video when the check determines the face is not present in the frame.  Accordingly, for at least these reasons, claim 1 is allowable over Rae.  Claims 4, 11, 16, 26, and 32-33 depend from claim 1 and are allowable for at least the same reasons.

Claims 5, 6, 7, 8, 10, 12, 13, 14, 18, 19, 21-24, 27-31, 34 and 35 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae in various combinations with  Kenoyer (U.S. Pub

9

2006/0259755), Hodge (U.S. Pub 2006/0285667), Cree (U.S. Pat. 6,665,380), Aiu (U.S. Pub. 2004/003079), Banti (U.S. Pub. 2010/0313276), Mattila (U.S. Pub 2008/0129816),  Kennedy (U.S. Pub 2010/0256500), Klapman (U.S. Pub. 2002/0101513), and Swink (U.S. Pub. 2011/0088086). The rejection is respectfully traversed.

Claims 6, 7, 13, 14, depend from claim 1 and include all limitations of claim 1.  As described above, claim 1 has been amended to recite "the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to obscure the video being transmitted to the destination when the check determines that the face is not present in the frame."  These features are not disclosed in Rae, for the reasons described above, and the other cited references do not cure the deficiencies of Raoe with respect to this feature.

Kenoyer, for example, is relied on as disclosing facial authentication.  Kenoyer describes detecting facial images of a user, generating biometrics of the detected facial images, and comparing the generated biometrics with biometrics information of authorized users.  Kenoyer Abstract.  Kenoyer describes using this authentication to log in to a system or to continually monitor to insure only authorized users are allowed access.  *Id.* at [0035].  Kenoyer does not, however, teach or suggest that "[a] server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to obscure the video being transmitted to the destination when the check determines that the face is not present in the frame" among other things.

The other cited references do not disclose this feature, either.  Hodge is relied upon merely for describing a server storing biometric data, Cree is relied upon for disclosing anonymous input, Aui is relied upon for disclosing notification messages, Banti is relied upon for disclosing a web interface, Mattila is relied upon for disclosing the transmission of a message to a cell block telephone number, Hanna is relied upon for disclosing access to commissary and education materials, Kennedy is relied upon as disclosing a touchscreen display, Klapman is relied upon as disclosing the display of an icon when a face is not present, and Swink is relied upon as disclosing

DSMDB-3222934v1

the display of an error message when authentication credentials do not match.  None of these references, however, teach or suggest "the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to obscure the video being transmitted to the destination when the check determines that the face is not present in the frame."

Accordingly, claims 6, 7, 13, 14 are allowable for at least the same reasons that claim 1 is allowable.  Claims 19, 21, 22, 27-31, 34 and 35 include similar limitations as claim 1 and are allowable for similar reasons.  For example, claim 19 recites "the  kiosk is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the kiosk is further configured to obscure video being transmitted to a destination when the check determines that the face is not present in the frame" and claims 21, 27, 34 and 35 depend from claim 19.  Claim 22 recites "periodically extracting, at the server, a frame of the video; performing a check, at the server, to determine if a face is present during a frame; and obscuring the video transmission, at the server, to a destination if the check determines that the face is not present in the frame."  Claim 28 recites "wherein the server is configured to periodically extract a frame of a video, the video being transmitted from the kiosk to the calling party; and perform a check to determine if a face is present in the frame, and the server is further configured to obscure the video being transmitted to the calling party when the check determines that the face is not present in the frame" and claims 29-31 depend from claim 28.

DSMDB-3222934v1

Application No. 13/088,883                                          Docket No.: P5789.0006/P006
Reply to Office Action of April 26, 2013

     In view of the above, Applicant believes the pending application is in condition for

allowance.

Dated:  December 27, 2013                    Respectfully submitted,

                                       By

                                      Mark J. Thronson
                                        Registration No.: 33,082
                                      Jonathan L. Falkler
                                        Registration No.: 62,115
                                      DICKSTEIN SHAPIRO LLP
                                      1825 Eye Street, NW
                                      Washington, DC  20006-5403
                                      (202) 420-2200
                                      Attorneys for Applicant

DSMDB-3222934v1

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 13088883 |
| **Filing Date:** | 18-Apr-2011 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard Torgersrud |
| **Filer:** | Mark J. Thronson/Cheryl deLopez |
| **Attorney Docket Number:** | P5789.0006/P006 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Request for Continued Examination | 1801 | 1 | 1200 | 1200 |
| **Total in USD ($)** | | | | **1200** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 17767306 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 113003 |
| **Filer:** | Mark J. Thronson/Cheryl deLopez |
| **Filer Authorized By:** | Mark J. Thronson |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 27-DEC-2013 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 13:40:05 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 1200 |
| RAM confirmation Number | 7604 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | | amendp006.pdf | 467413 02baac6de69bb5d17c8a1ff3b6e97ee67e1 6e21d | yes | 13 |
|---|---|---|---|---|---|

| **Multipart Description/PDF files in .zip description** | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Request for Continued Examination (RCE) | 1 | 1 |
| Amendment Submitted/Entered with Filing of CPA/RCE | 2 | 2 |
| Claims | 3 | 9 |
| Applicant Arguments/Remarks Made in an Amendment | 10 | 13 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30483 5b352f8b6eb2a56cad147d5da46c059749f 6918a | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 497896 |
|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>13/088,883 | Filing Date<br>04/18/2011 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☒ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| | 12/27/2013 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * 21 | Minus ** 35 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 4 | Minus *** 4 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/DELEACHES YOUNG/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 | 9388 |

113003          7590          09/27/2013

Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

| EXAMINER |
|---|
| NGUYEN, LAURA N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2683 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/27/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Office Action Summary* | Application No. 13/088,883 | Applicant(s) TORGERSRUD ET AL. | |
|---|---|---|---|
| | Examiner LAURA NGUYEN | Art Unit 2683 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>26 July 2013</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☒ This action is **FINAL**.     2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) <u>1,3-19 and 21-35</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>1, 3-19, and 21-35</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on <u>4/18/2011</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

  a)☐ All   b)☐ Some *  c)☐ None of the:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Interim copies:**

  a)☐ All   b)☐ Some   c)☐ None of the: Interim copies of the priority documents have been received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4)☐ Other: _____.

Application/Control Number: 13/088,883                                    Page 2

Art Unit: 2683

## DETAILED ACTION

1.      In the amendment filed on 7/26/2013, claims 2 and 20 are canceled and no new

claims have been added.  Therefore, claims 1, 3-19, and 21-35 are currently pending in

the application.

### *Claim Rejections - 35 USC § 103*

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.      Claims 1, 3-4, 9, 11, 15-17, 24-26, and 32-33 are rejected under 35 U.S.C.

103(a) as being unpatentable over Rae (U.S. Pat 8,340,260).

Regarding claim 1, Rae discloses **a system for providing services to a secure**

**facility** (col. 6 line 52-65; The call processing system got prisons, nursing homes,

camps, dormitories)**, the system comprising:**

**a kiosk located at a secure facility, the kiosk comprising a processor,**

**display, speaker, microphone, and a camera** (Figure 1 element 141; col. 7 line 3-16;

col. 25 lines 6-13; col. 16 line 13-27;  The telephone terminal 141, where speakers are

an inherent component of a telephone.  A camera and microphone may be placed at the

terminal for biometric authentication or general use.  Rae does not explicitly disclose a

display.  However, in an alternative embodiment, Rae disclose that the system may also

be implemented with video phones and computers.  At the time of invention, it would

Application/Control Number: 13/088,883                                    Page 3
Art Unit: 2683

have been obvious to one of ordinary skill in the art to have a workstation that combines

the embodiments so that there is a computer and a video phone in order to provide

more services to the workstation user.  Additionally, computers and videophones are

well known in the art to have a processor and display.  Therefore, it would have been

obvious to one of ordinary skill in the art to have a display and processor at the

workstation as a part of the computer or videophone)**; and**

**a server that communicates with the kiosk via a network connection** (col. 9

line 50-64; The network 111 ) **, the server comprising a server processor, a network**

**interface unit, and a computer memory** (col. 9 line 50-64; The processor-based

server having a media gateway to provide communications to the user terminal.  It is

well known in the art that servers have memory.  Therefore, at the time of invention, it

would have been obvious to one of ordinary skill in the art to include memory in the

processor-based server)**;**

**the kiosk being configured to receive communications from the camera**

**and microphone and transmit audio and video of the communications to the**

**server via the network connection** (col 9 line 50-64; col. 25 line 6-13; The user

terminal receives communications from the server via the media gateway.  It is obvious

to one of ordinary skill in the art that if a video phone is being used, audio and video

information would be transmitted from the microphone and camera input)**;**

**wherein the server records the audio and video and transmits the audio**

**and video to a destination** (col 10 line 51-67; col. 11 line 1-2; col. 25 lines 6-13; The

call recording system records the call at a workstation for retrieval or playback at

Application/Control Number: 13/088,883                                    Page 4
Art Unit: 2683

workstations.  Rae does not explicitly disclose transmitting audio and video.  However,
In an alternative embodiment, Rae discloses using a videophone instead of a
telephone.  At the time of invention, it would have been obvious to one of ordinary skill
in the art that if a videophone is used in place of a telephone, that audio and video
would be recorded and transmitted)**;**

      **wherein the kiosk is configured to authenticate the identity of a user of the
kiosk by verifying log in information entered by the user** (col. 19 line 19-28; An
inmate uses their PIN number or identifier to make a call) **and also performing a
biometric verification** (col. 19 line 19-28; Biometric information is also used for
authentication.  It is obvious to one of ordinary skill in the art to use both logon and
biometric authentication methods for additional security)**; and**

      **<u>wherein the destination is a device communicating with the server and the
server is configured to authenticate a user of the device</u>** (col. 25 line 6-13; col 11
line 57-65; col. 9 line 14-29; The system may be used with cellular phones, video
phones, or PDAs.  A validation system verifies the identity of the called party, or the call
management system may request a PIN number from the called party.  One of ordinary
skill in the art recognizes that the called party may be on a cellular phone, video phone,
or PDA)**.**

      Regarding claim 3, Rae **discloses wherein the destination is a second kiosk
located in a visitation area of a second secure facility** (col 7. line 9-16; Call
processing between the telephone terminals 141 and the visitation telephones 143)**.**

      Regarding claim 4, Rae **discloses further comprising:**

**a second kiosk located in a visitation area of the secure facility** (col 7. line 9-16; col. 25 line 6-13;  Call processing between the telephone terminals 141 and the visitation telephones 143.  The system may also be used with video phones and computers.  It is obvious to one of ordinary skill in the art to place the video phone and computer at the visitation telephone terminal 143 for communications with the user terminal 141 that also contains these components)**; and**

**a local server located at the secure facility; the kiosk being configured to transmit the audio and video to the local server when the communications are intended for the second kiosk located in the visitation area** (col. 9 line 10-21; The call management system of the facility has a server the completes calls between the telephone terminals 141 and visitation telephones 143)**; and**

**wherein the local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area** (col. 8 line 50-60; col 10 line 51-67; col. 11 line 1-29; col. 25 lines 6-13; The computer-based platform of the facility comprising a call management system and call recording system records calls, such as the exchange of data provided by the call, for retrieval or playback at the visitation telephones 143.  In an alternative embodiment, Rae discloses the use of video phones in place of telephones in the call management system.  It is obvious to one of ordinary skill in the art that if a video phone is used instead of a telephone, that audio and video information are recorded and transmitted to the visitation terminal, since audio and video are both exchanged data in a video phone)**.**

Application/Control Number: 13/088,883 Page 6
Art Unit: 2683

Regarding claim 9, Rae discloses **wherein the kiosk is configured to allow the user to reserve use of the kiosk by receiving a user request for use at a certain time and checking permissions related to the user that are stored on the server, and, when the user request is granted, the kiosk does not allow anyone other than the user to log in at the certain time** (col. 20 line 41-60; The system may also be used for tracking privileges and managing facility resources such as establishing telephone availability schedules. Establishing a telephone schedule is analogous to reserving use of a kiosk. It is obvious to one of ordinary skill in the art that the tracked privileges may apply to scheduling telephone availability. It is further obvious to one of ordinary skill in the art to recognize that if a telephone is not available because it is already scheduled to another user, no other users but the scheduled user may be permitted to use the telephone).

Regarding claim 11, Rae discloses **wherein the kiosk is configured to accept messages input by the user after the user has logged on and transmit the messages to the server, and the server is configured to provide a third party access to the messages** (col. 19 line 24-28; col. 25 line 6-13; col. 20 line 26-30; The kiosk requires the user to logon to the terminal before use. The terminal may have a computer, which is well known in the art to be capable of transmitting messages. The call management system allows the user to have access to external services, analogous to providing a third party access to the messages)**.**

Regarding claim 15, Rae discloses **wherein the kiosk is configured to connect to the Internet and provide access to authorized Internet web pages** (col. 15 line 7-

Application/Control Number: 13/088,883                                      Page 7
Art Unit: 2683

13; col. 11 line 57-67; col. 25 line 6-13; Data may be provided via the Internet.  A
validation system determines if the user is authorized to call certain parties in the
telephone only embodiment of the invention.  However, in an embodiment that allows
Internet over personal computers, one of ordinary skill recognizes that the authorization
may apply to web pages as well, as this is a medium the user may contact via the
Internet, analogous to a medium the user may contact via the telephone)**, and the
kiosk is configured to log all visited Internet web pages and to transmit logs to
the server** (col. 10 line 51-67; col. 25 line 6-13; col. 15 line 7-13; The telephone only
embodiment of the invention has a call recording system that tracks and archives all call
information.  It is obvious to one of ordinary skill in the art to recognize that this same
tracking and archiving functionality may apply to all activities on an embodiment that
uses a computer which allows access to the Internet)**.**

Regarding claim 16, Rae discloses **wherein the kiosk is configured to receive
text-based messages from a server, and to display a notification of an available
text-based message on an idle screen of the kiosk** (Abstract; col. 15 line 37-44; The
call management system has an inmate management system that allows individuals to
view notification of events on a computer for all occasions, which is interpreted to
include an idle screen of a computer.  Notifications may be in the form of emails)**.**

Regarding claim 17, Rae discloses **wherein the kiosk is configured to receive
voice or video messages from a server, and to display a notification of an
available voice or video message on an idle screen of the kiosk** (Abstract; col. 15
line 37-44; The call management system has an inmate management system that

Application/Control Number: 13/088,883                                      Page 8
Art Unit: 2683

allows individuals to view notification of events on a computer for all occasions, which is

interpreted to include an idle screen of a computer.  Notifications may be in the form of

voicemails or videomails).

Regarding claim 24, Rae discloses **wherein the network is the Internet** (col. 15

3-13; Data provided via the Internet).

Regarding claim 25, Rae discloses **wherein the kiosk is configured to provide**

**access to Internet web pages via a proxy server** (col. 9 line 50-64; col. 25 line 6-13;

In the call management embodiment, the processor-based server of the call application

management system 110 acts as a proxy server between the user terminals to provide

interfacing.  In an embodiment that includes computers, with access to the Internet, one

of ordinary skill in the art recognizes that the server of the management system would

also serve as a proxy server to provide interfacing between web pages of the Internet).

Regarding claim 26, Rae discloses **wherein the log in information is a**

**personal identification number** (col. 19 line 24-28).

Regarding claim 32, Rae discloses **wherein the biometric verification**

**comprises a facial authentication via the camera** (col. 16 line 10-27).

Regarding claim 33, Rae discloses **wherein the biometric verification**

**comprises a voice authentication via the microphone** (col. 16 line 10-27)


4.      Claim 5 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae as

applied to claim 1 above, and further in view of Kenoyer (U.S. Pub 2006/0259755).

Application/Control Number: 13/088,883                                      Page 9
Art Unit: 2683

Regarding claim 5, Rae does not explicitly disclose **wherein the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to stop transmitting video to the destination when the check determines that a face is not present in the video.**

In an analogous art, Kenoyer discloses **wherein the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame** (paragraph [0041]; paragraph [0044]; The video conferencing system continuously determines if a face is present and matches the stored image)**, and the server is further configured to stop transmitting video to the destination when the check determines that a face is not present in the video** (paragraph [0042]; paragraph [0044]; The user is only authenticated if the currently captured image matches the stored image.  It is obvious to one of ordinary skill in the art that if the user is not authenticated, the user may not continue to participate in the video conference, thus ending transmission of video of the unauthenticated user to the destination)**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Kenoyer's method of continuously authenticating the user in video transmission in Rae's call processing system with video phone to ensure that an unauthenticated user does not communicate over the call processing system.

Application/Control Number: 13/088,883                                           Page 10
Art Unit: 2683

5.      Claim 6 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae as

applied to claim 1 above, and further in view of Hodge (U.S. 2006/0285667).

        Regarding claim 6, Rae discloses the system **configured to periodically**

**extract a frame of video and authenticate a face in the frame against a stored**

**identification image of the user** (col. 16 line 13-27; col. 19 line 24-28; A camera is

used to capture an image of the user's face for authentication.  Biometric authentication

may be required every time a user makes a call.  If a user makes multiple calls, this is

considered to be "periodically extracting a frame of video").

        Rae does not explicitly disclose **the server** performing authentication.

        In an analogous art, Hodge discloses **the server** performing authentication

(paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

        At the time of invention, it would have been obvious to one of ordinary skill in the

art to substitute Hodge's method of authenticating the user on the server in Rae's

system with biometric authentication so that there is a central location for storing all

authentication data, instead of storing authentication data at each terminal.


6.      Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae as

applied to claim 1 above, and further in view of Hodge (U.S. 2006/0285667) and

Kenoyer.

        Regarding claim 7, Rae discloses **wherein the kiosk is configured to**

**periodically record a frame of video and authenticates a face in the frame against**

**a stored identification image of the user** (col. 16 line 13-27; col. 19 line 24-28; A

Application/Control Number: 13/088,883                                    Page 11
Art Unit: 2683

camera is used to capture an image of the user's face for authentication.  Biometric

authentication may be required every time a user makes a call).

Rae does not explicitly disclose **during a singular communications session,**

**the kiosk is configured to periodically record a frame of video; and**

**transmit the frame to the server, and wherein the server processor**

**authenticates**.

In an analogous art, Kenoyer discloses **during a singular communications**

**session, the kiosk is configured to periodically record a frame of video** (paragraph

[0044]; paragraph [0041]; The user is continuously authenticated by the

videoconference system capturing an image of the user).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to combine Kenoyer's method of continuously authenticating the user in video

transmission in Rae's call processing system with video phone to ensure that an

unauthenticated user does not communicate over the call processing system.

The combination of Rae and Kenoyer does not explicitly disclose **transmit the**

**frame to the server, and wherein the server processor authenticates.**

In an analogous art, Hodge discloses **transmit the frame to the server, and**

**wherein the server processor authenticates** (paragraph [0321]-[0322]; The biometric

information is transmitted from the scanner at the telephone to the site server for

authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to substitute Hodge's method of authenticating the user on the server in Rae and

Application/Control Number: 13/088,883                                    Page 12
Art Unit: 2683

Kenoyer's system with biometric authentication so that there is a central location for

storing all authentication data, instead of storing authentication data at each terminal.


7.     Claims 8 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae as

applied to claim 1 above, and further in view of Cree (U.S. Pat 6,665,380).

       Regarding claim 8, Rae does not explicitly disclose **wherein the kiosk accepts**

**anonymous messages input by the user without requiring the user to enter the**

**log in information.**

       In an analogous art, Cree discloses **wherein the kiosk accepts anonymous**

**messages input by the user without requiring the user to enter the log in**

**information** (col. 10 line 65-67; col. 11 line 1-16; Any inmate may pick up the phone

and see if they have messages.  They can access corresponding functions, and only if

they want to select a messaging function are they required to enter their account

number and PIN)**.**

       At the time of invention, it would have been obvious to one of ordinary skill in the

art to combine Cree's system that allows anonymous input in Rae's call processing

system so that users do not have to unnecessarily log in to the terminal if they don't

have any messages.


8.     Claim 10 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae as

applied to claim 1 above, and further in view of Aiu (U.S. Pub 2004/003079).

Application/Control Number: 13/088,883                                      Page 13
Art Unit: 2683

Regarding claim 10, Rae does not explicitly disclose **wherein, in intervals of time leading up to the certain time, when a second user is logged in, the kiosk is configured to display notification messages alerting the second user that the second user will be logged off at the certain time due to a reservation.**

In an analogous art, Aiu discloses **wherein, in intervals of time leading up to the certain time, when a second user is logged in, the kiosk is configured to display notification messages alerting the second user that the second user will be logged off at the certain time due to a reservation** (Figure 3; paragraph [0038])**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Aiu's method of displaying an alert to the current user when the current user is about to be restricted in Rae's call processing system with video phone in order to alert the user that another user is scheduled to use the terminal system at an upcoming time, and the current user will no longer be allowed to use the terminal.

9.      Claim 12 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae as applied to claim 1 above, and further in view of Banti (U.S. Pub 2010/0313276).

Regarding claim 12, Rae does not explicitly disclose **wherein the server is configured to present the messages via the web interface such that the third party is restricted from copying or forwarding the messages.**

In an analogous art, Banti discloses **wherein the server is configured to present the messages via the web interface such that the third party is restricted from copying or forwarding the messages** (Figure 3 element 255; paragraph [0015];

Application/Control Number: 13/088,883                                       Page 14
Art Unit: 2683

The mail server prevents a second user from taking an action that is restricted, such as
forwarding the message to another user).

At the time of invention, it would have been obvious to one of ordinary skill in the
art to combine Banti's method of restricting actions on messages in Rae's call
processing system to prevent outside parties from manipulating the secure messages
sent from the secure facility.

10.     Claims 13, 18, and 28-31 are rejected under 35 U.S.C. 103(a) as being
unpatentable over Rae as applied to claim 1 above, and further in view of Cree (U.S.
Pat 6,665,380) and Mattila (U.S. Pub 2008/0129816).

Regarding claim 13, Rae discloses **wherein the server is configured to
receive an incoming call for the user from a third party caller** (col. 25 line 6-13;
Where a third party caller is interpreted as a caller using a cellular phone)**, determine
whether the user has permission to receive incoming calls** (col. 11 line 57-67; The
validation system verifies that the user is authorized to receive calls from the calling
party)**, and if the user has permission, transmit the incoming call to a kiosk** (col. 12
line 27-32; The validation system used to allow calls to be completed).

Rae does not explicitly disclose **transmit the incoming call to the kiosk and at
least a second kiosk, and wherein the kiosk and the second kiosk are configured
to, upon receipt of the incoming call, display a screen notifying the user of the
incoming call, and prompt the user to input the log in information.**

Application/Control Number: 13/088,883                                       Page 15
Art Unit: 2683

  Cree discloses **transmit the incoming call to the kiosk and at least a second kiosk** (col. 10 line 19-24; The system transmits the message to the cell block telephone number in the cell block, where the cell block telephone is analogous to the kiosk.  At the time of invention, it would have been obvious to one of ordinary skill in the art to place two cell block telephones in the cell block, as this is a mere duplication of essential working parts, in order to provide more telephones for the users)**, and wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, notifying the user of the incoming call** (col. 10 line 38-50; The inmates in the vicinity of the cell block telephone are notified that they have messages) **and prompt the user to input the log in information** (col. 11 line 10-16)**.**

  At the time of invention, it would have been obvious to one of ordinary skill in the art substitute Cree's method of notifying a user of an incoming call and requiring input of login information in Rae's call processing system that has user terminals with computers in order to alert users of incoming messages on a more modern system that provides more user functions.

  The combination of Rae and Cree does not explicitly disclose **display a screen notifying the user of the incoming call.**

  In an analogous art, Mattila discloses **display a screen notifying the user of the incoming call** (Figure 3 element 158; paragraph [0048])**.**

  At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Mattila's method of notifying the user of an incoming call at the terminal in Rae and Cree's call system with user terminals for receiving calls in order to

Application/Control Number: 13/088,883                                    Page 16
Art Unit: 2683

effectively notify a user of the terminal with a video phone and computer of an incoming

call request.

Regarding claim 18, Mattila discloses **wherein the kiosk is configured to**

**receive a visitation request from a server** (Figure 22 element 28; paragraph [0045];

The video conference terminal may accept conference sessions from another video

conference terminal.  The conference session request is analogous to the visitation

request.  The conference server handles the conference requests)**, and to display a**

**notification of an available visitation request on an idle screen of the kiosk**

(paragraph [0048]; paragraph [0057]; The notification is displayed on the terminal,

where the terminal may also display an idle screen.  It is obvious to one of ordinary skill

in the art that if the notification has an idle screen, a notification may be displayed on

the idle screen)**.**


Regarding claim 28, Rae discloses **a system for providing services to a**

**secure facility, the system comprising:**

**a plurality of kiosks located at a secure facility, each kiosk comprising a**

**processor, display, speaker, and microphone** (Figure 1 element 141 and 143; col. 7

line 3-16; col. 25 lines 6-13; col. 16 line 13-27;  The telephone terminals 141 and

visitation telephones 143, where speakers are an inherent component of a telephone.  A

camera and microphone may be placed at the terminal for biometric authentication or

general use.  In an alternative embodiment, the system may also be implemented with

video phones and computers.  At the time of invention, it would have been obvious to

Application/Control Number: 13/088,883                                    Page 17
Art Unit: 2683

one of ordinary skill in the art to have a workstation that combines the embodiments so

that there is a computer and a video phone in order to provide more services to the

workstation user.  Additionally, computers are well known in the art to have a processor

and display.  Therefore, it would have been obvious to one of ordinary skill in the art to

have a display and processor at the workstation as a part of the computer)**; and**

**a server that communicates with the kiosks and a device of an outside**

**party via one or more network connections** (col. 9 line 14-21; col. 9 line 50-64; The

network 111 connecting the telephone terminals, or any device that is coupled to the

network)**, the server comprising a server processor, a network interface unit, and**

**a computer memory** (col. 9 line 50-64; The processor-based server having a media

gateway to provide communications to the user terminal.  It is well known in the art that

servers have memory.  Therefore, at the time of invention, it would have been obvious

to one of ordinary skill in the art to include memory in the processor-based server)**; and**

**wherein the server is configured to receive a communications request from**

**the device of the outside party** (col. 25 line 6-13; Where a device of the outside party

is interpreted as a caller using a cellular phone)**; and**

**wherein the server is configured to authenticate a user of the device** (col. 25

line 6-13; col 11 line 57-65; col. 9 line 14-29; The system may be used with cellular

phones, video phones, or PDAs.  A validation system verifies the identity of the called

party, or the call management system may request a PIN number from the called party.

One of ordinary skill in the art recognizes that the called party may be on a cellular

phone, video phone, or PDA)**.**

Application/Control Number: 13/088,883                                    Page 18
Art Unit: 2683

Rae does not explicitly disclose **in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk, and**

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message and initiate a login procedure**.

In an analogous art, Cree discloses i**n response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk** (col. 10 line 19-24; The system transmits the message to the cell block telephone number in the cell block if the inmate, where the cell block telephone is analogous to the kiosk)**, and**

**wherein the kiosk is configured to receive the message, and, upon receipt of the message, notify an incoming communications request message** (col. 10 line 38-50; The inmates in the vicinity of the cell block telephone are notified that they have messages) **and initiate a login procedure** (col. 11 line 10-16).

At the time of invention, it would have been obvious to one of ordinary skill in the art substitute Cree's method of notifying a user of an incoming call and requiring input of login information in Rae's call processing system that has user terminals with computers in order to alert users of incoming messages on a more modern system that provides more user functions.

The combination of Rae and Cree does not explicitly disclose **display a screen notifying the user of the incoming call.**

Application/Control Number: 13/088,883                                    Page 19
Art Unit: 2683

In an analogous art, Mattila discloses **display a screen notifying the user of the incoming call** (Figure 3 element 158; paragraph [0048])**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Mattila's method of notifying the user of an incoming call at the terminal in Rae and Cree's call processing system with user terminals for receiving calls in order to effectively notify a user of the terminal with a video phone and computer of an incoming request.

Regarding claim 29, Rae discloses **wherein the communications request is a request to initiate a voice call or a video call** (col 25 line 6-13; The system used with telephones, cell phones, or video phones)**.**

Regarding claim 30, Rae discloses **wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server** (col. 20 line 46-60; col. 9 line 10-14; The system can store information regarding what cells the inmates are assigned to, and may schedule facility resources like establishing telephone availability schedules.  It is obvious to one of ordinary skill in the art that this may be stored in memory of the processor-based server of the system).

Regarding claim 31, Mattila discloses **wherein the kiosk is configured to play an alert tone or audio message upon receiving the message** (paragraph [0048]).

11.     Claim 14 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae as applied to claim 1 above, and further in view of Hanna (U.S. Pub 2011/0047473).

Application/Control Number: 13/088,883                                      Page 20
Art Unit: 2683

Regarding claim 14, Rae discloses **wherein the kiosk is configured to provide the user with at least one of: access to audio, video, and text of educational and religious materials stored on the server and/or the kiosk, and the ability to order items from a list of commissary items** (col. 20 line 19-20; The inmate may purchase commissary goods).

Rae does not explicitly disclose **configured to provide the user with at least <u>two</u> of access to audio, video, and text of educational and religious materials stored on the server and/or the kiosk, and the ability to order items from a list of commissary items.**

In an analogous art, Hanna discloses **configured to provide the user with at least <u>two</u> of access to audio, video, and text of educational and religious materials stored on the server and/or the kiosk, and the ability to order items from a list of commissary items** (paragraph [0048]-[0049]; Inmates have access to commissary items and remote teaching)**.**

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Hanna's system that provides inmates with access to commissary items and education in Rae's inmate kiosk that provides commissary services in order to enable the kiosk to provide more functions to the inmates.


12.     Claim 19, 27, 34, and 35 are rejected under 35 U.S.C. 103(a) as being unpatentable over Rae (U.S. Pat 8,340,260), and further in view of Kennedy (U.S. Pub 2010/0256500), Klapman (U.S. Pub 2002/0101512), and Kenoyer.

Application/Control Number: 13/088,883                                      Page 21
Art Unit: 2683

Regarding claim 19, Rae discloses **a kiosk for providing facility services in a**

**secure manner, comprising:**

**a computer processor** (col. 25 lines 6-13; col. 16 line 13-27; A terminal that

may have a personal computer.  A processor is an inherent component of a computer)**;**

**a memory connected to the processor via a bus** (col. 25 lines 6-13; col. 16

line 13-27; A terminal that may have a personal computer.  Memory is an inherent

component of a computer)**;**

**a camera connected to the bus for inputting video communications** (col. 16

line 13-27; The camera can capture moving images)**;**

**a microphone connected to the bus for inputting audio communications**

(col. 16 line 13-27; The microphone)**;**

**a speaker connected to the bus** (col. 25 lines 6-13; col. 16 line 13-27; A

telephone may be at the terminal.  A speaker is an inherent component of a telephone)**;**

**a display connected to the bus** (col. 25 lines 6-13; col. 16 line 13-27; A

terminal that may have a personal computer.  It is well known in the art that a display is

a component of a personal computer.  Therefore, at the time of invention, it would have

been obvious to one of ordinary skill in the art to include a display at the kiosk)**; and**

**a network interface connected to the bus for communicating with a server**

**via a network connection** (col. 9 line 50-64; The media gateway 117 that comprises a

processor-based server connects the user terminals via a network 111 in order to

provide communications)**,**

Application/Control Number: 13/088,883                                          Page 22
Art Unit: 2683

**wherein the kiosk authenticates a user by receiving personal log in information and comparing the received personal log in information against a known personal log in information associated with the user, verifies the user's identity using a biometric verification** (col. 19 line 24-28; The user enters in a PIN and biometric information)**, records audio and video communications and transmits the audio and video communications to the server** (col 9 line 50-64; col. 25 line 6-13; col 10 line 51-67; col. 11 line 1-2; The user terminal receives communications from the server via the media gateway.  It is obvious to one of ordinary skill in the art that if a video phone is being used, audio and video information would be transmitted from the microphone and camera input.  The call recording system records the call at a workstation for retrieval or playback at workstations)**, and provides access to internet web pages via a web proxy** (col. 9 line 50-64; col. 25 line 6-13; In the call management system, the processor-based server of the call application management system 110 acts as a proxy server between the user terminals to provide interfacing.  In an embodiment that includes computers, with access to the Internet, one of ordinary skill in the art recognizes that the server of the management system would also serve as a proxy server to provide interfacing between web pages)**.**

Rae does not disclose **a touchscreen display; and**

**wherein the kiosk is configured to detect when a face is not present in the field of view of the camera, warn the user to face the camera if the face is not present in the field of view of the camera and stop transmitting video if the face is still not present.**

Application/Control Number: 13/088,883                                    Page 23
Art Unit: 2683

In an analogous art, Kennedy discloses **a touchscreen display** (paragraph [0031]).

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Kennedy's touchscreen display in Rae's computer in order to modernize the computer interface.

The combination of Rae and Kennedy does not explicitly disclose **wherein the kiosk is configured to detect when a face is not present in the field of view of the camera, warn the user to face the camera if the face is not present in the field of view of the camera and stop transmitting video if the face is still not present.**

In an analogous art, Klapman discloses **wherein the kiosk is configured to detect when a face is not present in the field of view of the camera, warn the user to face the camera if the face is not present in the field of view of the camera** (paragraph [0034]; The video processor detects that the person's head is not present, and warns the user that the head is not present by displaying a blinking icon).

At the time of invention, it would have been obvious to one of ordinary skill in the art to combine Klapman's displaying of an icon to the user if the head is not present in a remote calling system in Rae and Kennedy's computer to allow the user to quickly detect whether he or she is outside of the camera's field of view.

The combination of Rae, Kennedy, and Klapman does not explicitly disclose **stop transmitting video if the face is still not present**.

In an analogous art, Kenoyer discloses **stop transmitting video if the face is still not present** (paragraph [0044]; paragraph [0042]; The user is continuously

Application/Control Number: 13/088,883                                             Page 24
Art Unit: 2683

authenticated throughout the video conference.  If the user is not present, it is obvious

to one of ordinary skill in the art that a match cannot be found in the authentication, that

thus the user is denied access, where the denial of access is analogous to stopping the

transmission of video).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to combine Kenoyer's method of denying access to a user if their face cannot be

authenticated in Rae, Kennedy, and Klapman's computer system with video

conferencing capabilities to ensure that the user in front of the videoconference system

continues to be the same authenticated user, as taught by Kenoyer.

Regarding claim 21, it is interpreted and rejected for the same reasons as set

forth in claims 9, 11, and 14 above, with the additional limitations set forth in claim 19

above.

Regarding claim 27, it is interpreted and rejected for the same reasons as set

forth in claim 26 above, with the additional limitations set forth in claim 19 above.

Regarding claim 34, it is interpreted and rejected for the same reasons as set

forth in claim 32 above, with the additional limitations set forth in claim 19 above.

Regarding claim 35, it is interpreted and rejected for the same reasons as set

forth in claim 33 above, with the additional limitations set forth in claim 19 above.


13.     Claim 22 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae

(U.S. Pat 8,340,260), and further in view of Hodge and Swink (U.S. Pub 2011/0088086).

Application/Control Number: 13/088,883                                    Page 25
Art Unit: 2683

Regarding claim 22, Rae discloses **a method of monitoring use of an interactive kiosk, comprising: using a camera of the kiosk to periodically capture an image of a user of the kiosk during use of the kiosk** (col. 16 line 13-27; col. 19 line 24-28; A camera is used to capture an image of the user's face for authentication. Biometric authentication may be required every time a user makes a call.  If a user makes multiple calls, this is considered to be "periodically extracting a frame of video") **and restricting use of the kiosk when the image does not match the pre-stored image to a predetermined degree** (col. 19 line 24-28; The call is blocked if the PIN and biometric data do not match)**.**

Rae does not explicitly disclose **transmitting the image to a server;**

**comparing, at the server, the image with a pre-stored image of the user of the kiosk;**

**warning the user to face the camera for another image capture when the image does not match the pre-stored image to a predetermined degree; and**

**restricting use of the kiosk when another** **image** **capture does not match**.

In an analogous art, Hodge discloses **transmitting the image to a server; and comparing, at the server, the image with a pre- stored image of the user of the kiosk** (paragraph [0321]-[0322]; The site server storing the biometric data for authentication).

At the time of invention, it would have been obvious to one of ordinary skill in the art to substitute Hodge's method of authenticating the user on the server in Rae's call processing system with biometric authentication so that there is a central location for

Application/Control Number: 13/088,883                                    Page 26
Art Unit: 2683

storing all authentication data, instead of having to store authentication data at each

terminal.

The combination of Rae and Hodge does not explicitly disclose **warning the**
**user to face the camera for another image capture when the image does not**
**match the pre-stored image to a predetermined degree; and**

**restricting use of the kiosk when another image capture does not match.**

In an analogous art, Swink discloses **warning the user to face the camera for**
**another image capture when the image does not match the pre-stored image to a**
**predetermined degree** (paragraph [0112]; paragraph [0110]; The user interface

displays an error message to the user when the authentication credentials, such as a

facial recognition, does not match the stored credentials, and prompts the user to enter

the authentication credentials again)**; and**

**restricting use of the kiosk when another image capture does not match**

(paragraph [0112]; If the maximum number of unsuccessful attempts is reached,

analogous to another image capture not matching, the communication device is locked

from further access).

At the time of invention, it would have been obvious to one of ordinary skill in the

art to combine Swink's method of restricting use of a communication device after

multiple unsuccessful attempts at entering authentication credentials in Rae and

Hodge's call processing system requiring biometric authentication, since Swink's

method provides additional security features in communications devices.

Application/Control Number: 13/088,883                                      Page 27
Art Unit: 2683

14.     Claim 23 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rae,

Hodge, and Swink as applied to claim 22 above, and further in view of Kenoyer (U.S.

Pub 2006/0259755).

        Regarding claim 23, it is interpreted and rejected for the same reasons set forth

in claim 5 above, with the additional limitations set forth in claim 12 above.

### *Response to Arguments*

15.     Applicant's arguments with respect to claims 7, 14, 19, and 22 have been

considered but are moot because the arguments do not apply to the present rejection.

16.     Applicant's arguments filed 7/26/2013 have been fully considered but they are

not persuasive.

        Regarding Applicant's arguments on page 9-10 that Rae does not teach or

suggest the user of the device is authenticated, the Examiner respectfully disagrees.  In

column 9, lines 10-29, Rae discloses the call management system 110 completing calls

between a party using any of one of the telephone terminals 141, visitation phones 143,

or other telephone terminals coupled to the network and another party, and soliciting

information such as a personal identification number from the parties, which includes

both the calling party and the called party.  In column 11, lines 57-65, Rae discloses the

validation system determines if the called party is authorized to receive calls from the

calling party.  The authorization of the called party is analogous to authorizing the user

of the device, since the calling party is attempting to reach the called party through a

Application/Control Number: 13/088,883                                Page 28
Art Unit: 2683

device, discussed in col. 25 lines 6-13, and the called party is subject to authorization

from the system.  The solicitation of a personal identification number, wherein the user

being solicited may be the called party, is also analogous to authorizing the user of the

device, since soliciting a PIN inherently means that a particular PIN is required from the

called party.

        Regarding Applicant's arguments on page 9-10 that Rae does not teach or

suggest the server recording and transmitting audio and video to a second kiosk located

in the visitation area, the Examiner respectfully disagrees.  In column 9, lines 10-29,

Rae discloses the call management system 110 completing calls between a party using

any of one of the telephone terminals 141 and visitation phones 143.  In column 25 lines

6-13, Rae discloses any user device with the same capabilities as what has already

been disclosed for the telephone terminals, including computers or video phones

coupled to the inmate call processing system.  Therefore, a video phone may be

coupled to the system in place of the visitation phones.  In column 10 lines 51-67, Rae

discloses the call recording system recording any exchange of data provided by the call.

It is obvious to one of ordinary skill in the art that for a video phone, the exchange of

data would encompass audio and video information that is recorded.  Column 10 lines

65-67 and column 11 lines 1-2 further discloses the content of a call being recorded for

retrieval or playback at a workstation, where the workstation is also a device coupled to

the call processing system.

*Conclusion*

Application/Control Number: 13/088,883                                Page 29
Art Unit: 2683

17.     Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

        Any inquiry concerning this communication or earlier communications from the

examiner should be directed to LAURA NGUYEN whose telephone number is (571)270-

3785.  The examiner can normally be reached on Monday - Friday 9:00 AM - 5:00 PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Brian Zimmerman can be reached on (571) 272-3059.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

Application/Control Number: 13/088,883                                    Page 30
Art Unit: 2683

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/LAURA  NGUYEN/
Examiner, Art Unit 2683


/Brian A Zimmerman/
Supervisory Patent Examiner, Art Unit 2683

| *Notice of References Cited* | | Application/Control No. 13/088,883 | | Applicant(s)/Patent Under Reexamination TORGERSRUD ET AL. | |
|---|---|---|---|---|---|
| | | Examiner LAURA NGUYEN | | Art Unit 2683 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2002/0101512 A1 | 08-2002 | Klapman et al. | 348/207 |
| * | B | US-6,665,380 B1 | 12-2003 | Cree et al. | 379/88.25 |
| * | C | US-2004/0003079 A1 | 01-2004 | Aiu et al. | 709/225 |
| * | D | US-2006/0259755 A1 | 11-2006 | KENOYER, MICHAEL | 713/001 |
| * | E | US-2006/0285667 A1 | 12-2006 | Hodge, Stephen Lee | 379/142.05 |
| * | F | US-2008/0129816 A1 | 06-2008 | Mattila et al. | 348/14.08 |
| * | G | US-2010/0259500 A1 | 10-2010 | Kennedy, Peter | 345/173 |
| * | H | US-2010/0313276 A1 | 12-2010 | Banti et al. | 726/28 |
| * | I | US-2011/0047473 A1 | 02-2011 | Hanna et al. | 715/740 |
| * | J | US-2011/0088086 A1 | 04-2011 | Swink et al. | 726/7 |
| * | K | US-8,340,260 B1 | 12-2012 | Rae et al. | 379/189 |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

EAST Search History

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S87 | 0 | (inmate arrestee prison jail penal correctional) and (commisary same (education$3 religious) same (text audio video)) | US-PGPUB; USPAT | OR | ON | 2013/09/18 18:13 |
| S88 | 0 | (comisary same (education$3 religious) same (text audio video)) | US-PGPUB; USPAT | OR | ON | 2013/09/18 18:13 |
| S89 | 133 | (inmate arrestee prison jail penal correctional) and ((religious educational) with (material text audio video)) | US-PGPUB; USPAT | OR | ON | 2013/09/18 18:14 |
| S90 | 1 | ((12/814201) or (11/041431)).APP. | US-PGPUB; USPAT | OR | OFF | 2013/09/18 18:18 |
| S91 | 6 | ((religious educational) same (commissary)) | US-PGPUB; USPAT | OR | ON | 2013/09/18 18:23 |
| S92 | 8 | ((religious educational) same3 (commissary)) | US-PGPUB; USPAT | OR | ON | 2013/09/18 18:27 |
| S93 | 1081 | 340/5.52-5.53.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/18 18:42 |
| S94 | 43 | (warn$3 indicat$3 display$3) with (image) with (match) and S93 | US-PGPUB; USPAT | OR | ON | 2013/09/18 18:42 |
| S95 | 1283 | ((biometric tracking) same (face facial)) same3 ((warn$3 indicat$3) with (match authenticat$3 authoriz$5)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 12:46 |
| S96 | 1503 | ((biometric tracking) same (face facial)) same3 ((warn$3 indicat$3 notify notification alert$3) with (match authenticat$3 authoriz$5)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 12:46 |
| S97 | 1081 | 340/5.52-5.53.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 12:47 |
| S98 | 5831 | 348/14.$.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 12:47 |
| S99 | 63 | S96 and S97 | US-PGPUB; USPAT | OR | ON | 2013/09/19 12:47 |
| S100 | 17 | S96 and S98 | US-PGPUB; USPAT | OR | ON | 2013/09/19 12:47 |
| S101 | 697 | ((biometric tracking) same (face facial)) same3 (((warn$3 indicat$3 notify notification alert$3) with (match authenticat$3 authoriz$5)) same (display LED LCD device)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:17 |
| S102 | 1081 | 340/5.52-5.53.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:17 |
| S103 | 37 | S101 and S102 | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:19 |
| S104 | 27 | ((biometric tracking) same (face facial)) same3 (((warn$3 indicat$3 notify notification alert$3) with (match authenticat$3 authoriz$5) with (failure unsuccessful)) same (display LED LCD device)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:19 |
| S105 | 5831 | 348/14.$.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:28 |
| S106 | 7 | ((face facial) near5 (tracking)) same3 (warn$3 notify$3 | US- | OR | ON | 2013/09/19 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | notification indicat$3) with (present absent)) | | | | 15:36 |
| S107 | 170 | ((face facial) near5 (tracking)) same3 ((warn$3 notify$3 notification indicat$3) with (present absent presence absence)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:37 |
| S108 | 7 | S107 and S105 | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:37 |
| S109 | 13865 | ((face facial)) same3 ((warn$3 notify$3 notification indicat$3) with (present absent presence absence)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:42 |
| S110 | 15 | S109 and S102 | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:43 |
| S111 | 75 | S109 and S105 | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:43 |
| S112 | 1549 | ((face facial) with (warn$3 notify$3 notification indicat$3) with (present absent presence absence)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:43 |
| S113 | 16 | S112 and S105 | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:44 |
| S114 | 6 | S112 and S102 | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:48 |
| S115 | 28 | ((face facial) with (warn$3 notify$3 notification indicat$3) with (present absent presence absence)) same2 ((stop$4 end$3 terminat$3 discontinu$3) with (video transmission communication)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 15:54 |
| S116 | 326 | 348/14.16.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:00 |
| S117 | 43165 | ((warn$3 notify$3 notification indicat$3) with (present absent presence absence)) and ((stop$4 end$3 terminat$3 discontinu$3) with (video transmission communication)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:00 |
| S118 | 7 | S117 and S116 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:01 |
| S119 | 1 | ((warn$3 notify$3 notification indicat$3) with (present absent presence absence)) and ((stop$4 end$3 terminat$3 discontinu$3) with (video transmission communication)) and "20020101512".pn. | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:02 |
| S120 | 1549 | ((warn$3 notify$3 notification indicat$3) with (present absent presence absence) with (face facial)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:05 |
| S121 | 6 | S120 and S102 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:06 |
| S122 | 5 | ((stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with video) same ((absen$2 presen$2) with (face facial)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:10 |
| S123 | 139 | ((stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with video) same ((absen$2 presen$2) with (user)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:12 |
| S124 | 0 | S123 and S102 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:12 |
| S125 | 6 | S123 and S105 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:12 |
| S126 | 145 | (auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3)) same ((absen$2 presen$2) with (user)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:17 |
| S127 | 2 | S126 and S105 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:17 |
| S128 | 0 | S126 and S116 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:17 |

| S129 | 2 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with video) same ((absen$2 presen$2) with (user)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:19 |
| S130 | 14 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with video) same ((absen$2 presen$2)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:19 |
| S131 | 6 | ((face facial) with (warn$3 notify$3 notification indicat$3) with (present absent presence absence)) and S102 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:22 |
| S132 | 2077 | 713/186.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:24 |
| S133 | 5064 | 382/115,118.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:25 |
| S134 | 1549 | ((face facial) with (warn$3 notify$3 notification indicat$3) with (present absent presence absence)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:25 |
| S135 | 0 | S126 and S132 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:25 |
| S136 | 0 | S126 and S133 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:25 |
| S137 | 5 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3) with (video conference teleconference meeting)) same ((absen$2 presen$2) with (user)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:26 |
| S138 | 145 | ((auto automatically) with (stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3)) same ((absen$2 presen$2) with (user)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:27 |
| S139 | 0 | S138 and S132 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:27 |
| S140 | 0 | S138 and S133 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:27 |
| S141 | 675 | 725/10,30.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:29 |
| S142 | 0 | S138 and S141 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:29 |
| S143 | 3061 | ((stop$4 end$3 terminat$3 discontinu$3) with (transmission transmit$4 communicat$3 send$3)) same ((absen$2 presen$2) with (user)) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:29 |
| S144 | 6 | S143 and S141 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:30 |
| S145 | 6 | (stop$4 end$3 terminat$3 discontinu$3 ceas$3) with (transmission transmit$4 communicat$3 send$3)) same ((absen$2 presen$2) with (user)) and S141 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:33 |
| S146 | 1 | S145 and (face facial) | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:33 |
| S147 | 6096 | 713/168.ccls. | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:34 |
| S148 | 26 | S143 and S147 | US-PGPUB; USPAT | OR | ON | 2013/09/19 16:34 |
| S149 | 2 | (("20090052859") or ("20070133603")).PN. | US-PGPUB; USPAT | OR | OFF | 2013/09/19 16:37 |
| S150 | 2 | (11/855309).APP. | US-PGPUB; USPAT | OR | OFF | 2013/09/19 16:40 |
| S151 | 13 | (inmate arrestee prison jail penal correctional) and (commissary same3 (education$3 religious)) | US-PGPUB; | OR | ON | 2013/09/19 16:42 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT | | | |
| S152 | 4 | ((10/135878) or (10/135883) or (10/190315) or (10/360442)).APP. | US-PGPUB; USPAT | OR | OFF | 2013/09/23 12:37 |
| S153 | 0 | (validat$3 authoriz$3 authenticat$3) with (identity) and S152 | US-PGPUB; USPAT | OR | ON | 2013/09/23 12:38 |
| S154 | 0 | ((10/135878) or (10/360442)).APP. | US-PGPUB; USPAT | OR | OFF | 2013/09/23 12:39 |
| S155 | 1 | ("5,247,569").PN. | US-PGPUB; USPAT | OR | OFF | 2013/09/23 15:24 |

**EAST Search History (Interference)**

< This search history is empty>

**9/23/2013 4:39:45 PM**
**C:\ Users\ LNGUYEN8\ Documents\ EAST\ Workspaces\ 13088883_Kiosk to authenticate users using login info and biometrics in order to provide authorized services and content to the user.wsp**

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13088883 | O'NEIL ET AL. |
| | Examiner | Art Unit |
| | LAURA NGUYEN | 2683 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/18/2013 | 09/23/2013 | | | | | | | |
| | 1 | ✓ | ✓ | | | | | | | |
| | 2 | ✓ | - | | | | | | | |
| | 3 | ✓ | ✓ | | | | | | | |
| | 4 | ✓ | ✓ | | | | | | | |
| | 5 | ✓ | ✓ | | | | | | | |
| | 6 | ✓ | ✓ | | | | | | | |
| | 7 | ✓ | ✓ | | | | | | | |
| | 8 | ✓ | ✓ | | | | | | | |
| | 9 | ✓ | ✓ | | | | | | | |
| | 10 | ✓ | ✓ | | | | | | | |
| | 11 | ✓ | ✓ | | | | | | | |
| | 12 | ✓ | ✓ | | | | | | | |
| | 13 | ✓ | ✓ | | | | | | | |
| | 14 | ✓ | ✓ | | | | | | | |
| | 15 | ✓ | ✓ | | | | | | | |
| | 16 | ✓ | ✓ | | | | | | | |
| | 17 | ✓ | ✓ | | | | | | | |
| | 18 | ✓ | ✓ | | | | | | | |
| | 19 | ✓ | ✓ | | | | | | | |
| | 20 | ✓ | - | | | | | | | |
| | 21 | ✓ | ✓ | | | | | | | |
| | 22 | ✓ | ✓ | | | | | | | |
| | 23 | ✓ | ✓ | | | | | | | |
| | 24 | ✓ | ✓ | | | | | | | |
| | 25 | ✓ | ✓ | | | | | | | |
| | 26 | ✓ | ✓ | | | | | | | |
| | 27 | ✓ | ✓ | | | | | | | |
| | 28 | ✓ | ✓ | | | | | | | |
| | 29 | ✓ | ✓ | | | | | | | |
| | 30 | ✓ | ✓ | | | | | | | |
| | 31 | ✓ | ✓ | | | | | | | |
| | 32 | ✓ | ✓ | | | | | | | |
| | 33 | ✓ | ✓ | | | | | | | |
| | 34 | ✓ | ✓ | | | | | | | |
| | 35 | ✓ | ✓ | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13088883 | O'NEIL ET AL. |
| | **Examiner** | **Art Unit** |
| | LAURA NGUYEN | 2683 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 340 | 5.51-5.54,5.8,5.81-5.85,5.2,5.21,5.28,5.31 | 9/23/2013 | LN |
| 725 | 9,10,12,14,30,98,99 | 9/23/2013 | LN |
| 382 | 115,118 | 9/23/2013 | LN |
| 348 | 14.01-14.16 | 9/23/2013 | LN |
| 345 | 173 | 9/23/2013 | LN |
| 713 | 168,186 | 9/23/2013 | LN |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| EAST Search | 4/18/2013 | LN |
| Updated EAST Search | 9/23/2013 | LN |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| | | | |

| /L.N./ Examiner.Art Unit 2683 | |
|---|---|
| | |

Docket No.: P5789.0006/P006
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Kevin O'Neil et al.

Application No.: 13/088,883                    Confirmation No.: 9388

Filed: April 18, 2011                          Art Unit: 2683

For:  INTERACTIVE AUDIO/VIDEO SYSTEM AND       Examiner: L.N. Nguyen
      DEVICE FOR USE IN A SECURE FACILITY

## AMENDMENT IN RESPONSE TO NON-FINAL OFFICE ACTION

MS Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

### INTRODUCTORY COMMENTS

In response to the Office Action dated April 26, 2013, please amend the above-identified

U.S. patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2

of this paper.

**Remarks** begin on page 9 of this paper.

Application No. 13/088,883                                      Docket No.: P5789.0006/P006
Reply to Office Action of April 26, 2013

## AMENDMENTS TO THE CLAIMS

1.      (Currently amended)  A system for providing services to a secure facility, the system comprising:

a kiosk located at a secure facility, the kiosk comprising a processor, display, speaker, microphone, and a camera; and

a server that communicates with the kiosk via a network connection, the server comprising a server processor, a network interface unit, and a computer memory;

the kiosk being configured to receive communications from the camera and microphone and transmit audio and video of the communications to the server via the network connection[[,]];

wherein the server records the audio and video and transmits the audio and video to a destination, and;

wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user and also performing a biometric verification; and

wherein the destination is a device communicating with the server, and the server is configured to authenticate a user of the device.

2.      (Canceled)

3.      (Original)     The system of claim 1, wherein the destination is a second kiosk located in a visitation area of a second secure facility.

4.      (Currently amended)  The system of claim 1, further comprising:

a second kiosk located in a visitation area of the secure facility; and

a local server located at the secure facility;

2

DSMDB-3183869v1

the kiosk being configured to transmit the audio and video to the local server when the communications are intended for the second kiosk located in the visitation area[[,]]; and

wherein the local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area.

5.    (Original)    The system of claim 1, wherein the server is configured to periodically extract a frame of the video and perform a check to determine if a face is present in the frame, and the server is further configured to stop transmitting video to the destination when the check determines that a face is not present in the video.

6.    (Original)    The system of claim 1, wherein the server is configured to periodically extract a frame of the video and authenticate a face in the frame against a stored identification image of the user.

7.    (Currently amended)   The system of claim 1, wherein during a singular communications session, the kiosk is configured to periodically record a frame of video and transmit the frame to the server, and wherein the server processor authenticates a face in the frame against a stored identification image of the user.

8.    (Previously presented)    The system of claim 1, wherein the kiosk accepts anonymous messages input by the user without requiring the user to enter the log in information.

9.    (Original)    The system of claim 1, wherein the kiosk is configured to allow the user to reserve use of the kiosk by receiving a user request for use at a certain time and checking permissions related to the user that are stored on the server, and, when the user request is granted, the kiosk does not allow anyone other than the user to log in at the certain time.

10.    (Original)    The system of claim 9, wherein, in intervals of time leading up to the certain time, when a second user is logged in, the kiosk is configured to display notification messages alerting the second user that the second user will be logged off at the certain time due to a reservation.

11.     (Previously presented)      The system of claim 1, wherein the kiosk is configured to accept messages input by the user after the user has logged on and transmit the messages to the server, and the server is configured to provide a third party access to the messages.

12.     (Original)      The system of claim 11, wherein the server is configured to present the messages via the web interface such that the third party is restricted from copying or forwarding the messages.

13.     (Previously presented)      The system of claim 1, wherein the server is configured to receive an incoming call for the user from a third party caller, determine whether the user has permission to receive incoming calls, if the user has permission, transmit the incoming call to the kiosk and at least a second kiosk, and

wherein the kiosk and the second kiosk are configured to, upon receipt of the incoming call, display a screen notifying the user of the incoming call, and prompt the user to input the log in information.

14.     (Currently amended)   The system of claim 1, wherein the kiosk is configured to provide the user with at least ~~one~~ two of: access to audio, video, and text of educational and religious materials stored on the server and/or the kiosk, and the ability to order items from a list of commissary items.

15.     (Previously presented)      The system of claim 1, wherein the kiosk is configured to connect to the Internet and provide access to authorized Internet web pages, and the kiosk is configured to log all visited Internet web pages and to transmit logs to the server.

16.     (Original)      The system of claim 1, wherein the kiosk is configured to receive text-based messages from a server, and to display a notification of an available text-based message on an idle screen of the kiosk.

4

17.     (Original)     The system of claim 1, wherein the kiosk is configured to receive voice or video messages from a server, and to display a notification of an available voice or video message on an idle screen of the kiosk.

18.     (Original)     The system of claim 1, wherein the kiosk is configured to receive a visitation request from a server, and to display a notification of an available visitation request on an idle screen of the kiosk.

19.     (Currently amended)   A kiosk for providing facility services in a secure manner, comprising:

a computer processor;

a memory connected to the processor via a bus;

a camera connected to the bus for inputting video communications;

a microphone connected to the bus for inputting audio communications;

a speaker connected to the bus;

a touchscreen display connected to the bus; and

a network interface connected to the bus for communicating with a server via a network connection,

wherein the kiosk authenticates a user by receiving personal log in information and comparing the received personal log in information against a known personal log in information associated with the user, verifies the user's identity using a biometric verification, records audio and video communications and transmits the audio and video communications to the server, and provides access to internet web pages via a web proxy, and

5

wherein the kiosk is configured to detect when a face is not present in the field of view of the camera, warn the user to face the camera if the face is not present in the field of view of the camera and stop transmitting video if the face is still not present.

20.    (Canceled)

21.    (Original)    The kiosk of claim 19, wherein the kiosk provides the user with at least one of: access to audio, video, and text of educational and religious materials; the ability to order items from a list of commissary items; the ability to reserve times for using the kiosk; and the ability to send text messages to third parties.

22.    (Currently amended)   A method of monitoring use of an interactive kiosk, comprising:

using a camera of the kiosk to periodically capture an image of a user of the kiosk during use of the kiosk;

transmitting the image to a server;

comparing, at the server, the image with a pre-stored image of the user of the kiosk; and

warning the user to face the camera for another image capture when the image does not match the pre-stored image to a predetermined degree; and

restricting use of the kiosk when the another image capture does not match the pre-stored image to a predetermined degree.

23.    (Original)    The method of claim 22, further comprising:

periodically extracting a frame of the video information during use of the kiosk to transmit video information;

determining whether the frame includes an image of a human face; and restricting transmission of the video information when the frame does not include an image of a face.

6

Application No. 13/088,883
Reply to Office Action of April 26, 2013

Docket No.: P5789.0006/P006

24.     (Previously presented)     The system of claim 1, wherein the network is the Internet.

25.     (Previously presented)     The system of claim 15, wherein the kiosk is configured to provide access to Internet web pages via a proxy server.

26.     (Previously presented)     The system of claim 1, wherein the log in information is a personal identification number.

27.     (Previously presented)     The system of claim 19, wherein the personal log in information is a personal identification number.

28.     (Currently amended)   A system for providing services to a secure facility, the system comprising:

a plurality of kiosks located at a secure facility, each kiosk comprising a processor, display, speaker, and microphone; and

a server that communicates with the kiosks and a device of an outside party via one or more network connections, the server comprising a server processor, a network interface unit, and a computer memory;

wherein the server is configured to receive a communications request from the device of the outside party and, in response to the received communications request, identify a kiosk in a vicinity of a requested party and transmit a message to the kiosk, ~~and~~

wherein the kiosk is configured to receive the message, and, upon receipt of the message, display an incoming communications request message and initiate a login procedure, and

wherein the server is configured to authenticate a user of the device.

29.     (Previously presented)     The system of claim 28, wherein the communications request is a request to initiate a voice call or a video call.

7

30.    (Previously presented)        The system of claim 28, wherein the server identifies the kiosk in the vicinity of the requesting party by referencing a resident schedule that is stored on a computer readable medium of the server.

31.    (Previously presented)        The system of claim 28, wherein the kiosk is configured to play an alert tone or audio message upon receiving the message.

32.    (Previously presented)        The system of claim 1, wherein the biometric verification comprises a facial authentication via the camera.

33.    (Previously presented)        The system of claim 1, wherein the biometric verification comprises a voice authentication via the microphone.

34.    (Previously presented)        The kiosk of claim 19, wherein the biometric verification comprises a facial authentication of an image captured by the camera.

35.    (Previously presented)        The kiosk of claim 19, wherein the biometric verification comprises a voice authentication of an audible phrase recorded using the microphone.

DSMDB-3183869v1

Application No. 13/088,883
Reply to Office Action of April 26, 2013

Docket No.: P5789.0006/P006

## REMARKS

Claims 1, 3-19 and 21-35 are pending in this application.  Claims 1, 4, 7, 14, 19, 22 and 28 have been amended, and claims 2 and 20 have been canceled, without prejudice.  Applicant reserves the right to pursue the original claims and other claims in this and other applications.  In view of the amendments to the claims and the remarks below, Applicant respectfully requests that the rejections be withdrawn and the claim allowed.

Claim 4 stands objected to because of informalities.  Claim 4 has been amended to add punctuation, correcting the informalities.  Reconsideration is respectfully requested.

Claims 1-4, 9, 11, 14-17, 24-26, and 32-33 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae (U.S. Pat 8,340,260).  The rejection is respectfully traversed.

Claim 1 has been amended to include features similar to those recited in former claim 2. Claim 1, as amended, describes a system for providing services to a secure facility and recites, among other things, "a kiosk located at a secure facility" and "a server that communicates with the kiosk via a network connection."  The kiosk is "configured to receive communications from the camera and microphone and transmit audio and video of the communications to the server via the network connection" and "the server records the audio and video and transmits the audio and video to a destination."  Importantly, "the destination is a device communicating with the server, and the server is configured to authenticate a user of the device."  In the claim 1 system, the user of the kiosk is authenticated with log in information and biometrics, <u>and</u> the <u>user</u> of the destination device is <u>also</u> authenticated by the server.

Rae does not teach or suggest a server transmitting the audio and video to a destination device wherein "the server is configured to <u>authenticate a user of the device</u>" (emphasis added). Rae, at column 25, line 6-13 (cited by the Office Action as teaching features formerly recited in claim 2), describes that the system can be used with any type of user device, such as a computer, cell phone, or PDA.  At column 11, lines 57-65, Rae describes that a validation system 113 may be used to verify that the called party consents to receiving calls or is authorized to receive calls from

9

the calling party.  In other words, the Rae system can determine if the party that the caller is attempting to reach is one that is allowed to receive calls from them – it determines if the destination number is an authorized one.  Rae, however, does not disclose that the server will actually verify that the called party is actually the correct person.  Accordingly, Rae does not disclose a server that is configured to "authenticate a user of the device" that is at the destination as recited in claim 1.

For at least these reasons, claim 1 is allowable.  Claims 3-4, 9, 11, 14-17, 24-26, and 32-33 depend from claim 1 or include similar limitations and are allowable for at least the same reasons.

Claim 4 is allowable for an additional reason, as well.  Claim 4 recites "a second kiosk located in a visitation area of the secure facility" wherein communications intended for the second kiosk are transmitted to a local server by the first kiosk.  "[T]he local server is configured to record the audio and video and transmit the audio and video to the second kiosk located in the visitation area" (emphasis added).  Importantly, the audio and video are both recorded and transmitted by the local server.  Rae does not describe a local server that will both transmit to a second kiosk in a visitation area, and also record the audio and video information.  Accordingly, claim 4 is allowable for at least this additional reason.

Claim 14 is allowable for additional reasons, as well.  Claim 14, as amended, recites that "the kiosk is configured to provide the user with at least two of: access to audio, video, and text of educational and religious materials stored on the server and/or the kiosk, and the ability to order items from a list of commissary items."  Rae, at column 20, lines 19-20, describes using the call system to access a commissary account, but it does not describe a kiosk configured to perform two of the above-recited functions.  Accordingly, claim 14 is allowable for at least this additional reason.

Claim 5 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae in view of Kenoyer (U.S. Pub 2006/0259755).  The rejection is respectfully traversed.

Application No. 13/088,883                                          Docket No.: P5789.0006/P006
Reply to Office Action of April 26, 2013

Claim 5 depends from claim 1 and includes all limitations of claim 1. As described above, claim 1 is allowable over Rae, and Kenoyer does not cure the deficiencies of Rae with respect to claim 1. Kenoyer is merely relied upon as disclosing the extraction of a frame of video to determine if a face is present in the frame. Among other things, Kenoyer does not teach or suggest that the destination "is a device communicating with the server, and the server is configured to authenticate a user of the device." Accordingly, claim 5 is allowable for at least the same reasons that claim 1 is allowable.

Claims 6, 7, and 22 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae in view of Hodge (U.S. Pub 2006/0285667). The rejection is respectfully traversed.

Claims 6 and 7 depend from claim 1 and include all limitations of claim 1. As described above, claim 1 is allowable over Rae, and Hodge does not cure the deficiencies of Rae with respect to claim 1. Hodge is merely relied upon as disclosing a server storing biometric data for authentication. Among other things, Hodge does not teach or suggest that the destination "is a device communicating with the server, and the server is configured to authenticate a user of the device" – Hodge merely authenticates a caller. Accordingly, claims 6 and 7 are allowable for at least the same reasons that claim 1 is allowable.

Claim 7 is allowable for additional reasons, as well. Claim 7, as amended, recites that "during a singular communications session, the kiosk is configured to periodically record a frame of video and transmit the frame to the server, and wherein the server processor authenticates a face in the frame against a stored identification image of the user." In other words, the system will re-authenticate a user during a communication session to make sure, for example, that the user hasn't switched places with another inmate mid-call to allow the other inmate to make calls he would not be authorized to make. This is not described in Rae, which merely describes performing authentication each time a user makes a call. *See* Rae col. 16, ll. 13-27; col. 19, ll. 24-28. This is not described in Hodge, either, which is merely relied upon as disclosing the transmission of a frame to a server that performs the authentication. Accordingly, claim 7 is allowable for at least this additional reason.

11

Claim 22, as amended, describes method of monitoring use of an interactive kiosk and recites "using a camera of the kiosk to periodically capture an image of a user of the kiosk during use of the kiosk" and "comparing, at the server, the image with a pre-stored image of the user of the kiosk." The method further comprises "warning the user to face the camera for another image capture when the image does not match the pre-stored image to a predetermined degree; and restricting use of the kiosk when the another image capture does not match the pre-stored image to a predetermined degree." Accordingly, the method performs two actions when the captured image does not match the pre-stored image: (1) it warns the user to face the camera for a second image capture and (2) if the second image capture does not match the pre-stored image, then use of the kiosk is restricted.

This feature is described, for example, in paragraph [0086] of the specification:

> [0086] The facial detection software may also periodically pass images to a facial verification system. The facial verification system compares a detected face image with a face image stored in a database. If the detected image does not match the pre-stored image, a warning is displayed to prompt the resident to face the camera so that a second image can be captured. If the second image does not match or a face is not detected, the account will be logged off the system. This can be logged as a violation at the processing center. The facial verification ensures that the logged-in resident has not allowed another resident to use the account after logging in. The facial detection software may also detect when a second face is present in the frame, and may blur or disconnect a conference when a second face is present.

Hodge is relied upon by the Office Action (at 11) as disclosing the transmission of an image to a server for comparison. Hodge, however, does not teach or suggest the claimed actions that are performed if an image does not match. Hodge does not disclose warning a user to face the camera for a second image capture, nor does it disclose restricting access when a second image capture does not match a pre-stored image. Rae does not teach or suggest these features, either, and the Office Action does not suggest otherwise. Moreover, there would be no apparent reason to

12

Application No. 13/088,883                                    Docket No.: P5789.0006/P006
Reply to Office Action of April 26, 2013

modify the references to provide these features, absent the use of the present application as a roadmap. Accordingly, claim 22 is allowable for at least these reasons.

Claim 8 stands rejected under 35 U.S.C. 103(a) as being unpatentable over Rae in view of Cree (U.S. Pat. 6,665,380). The rejection is respectfully traversed.

Claim 8 depends from claim 1 and includes all limitations of claim 1. As described above, claim 1 is allowable over Rae, and Cree does not cure the deficiencies of Rae with respect to claim 1. Cree is merely relied upon as disclosing accepting input without requiring a user to enter log in information. Among other things, Cree does not teach or suggest that the destination "is a device communicating with the server, and the server is configured to authenticate a user of the device." Accordingly, claim 8 is allowable for at least the same reasons that claim 1 is allowable.

Claim 10 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae in view of Aiu (U.S. Pub. 2004/003079). The rejection is respectfully traversed.

Claim 10 depends from claim 1 and includes all limitations of claim 1. As described above, claim 1 is allowable over Rae, and Aiu does not cure the deficiencies of Rae with respect to claim 1. Aiu is merely relied upon as disclosing a log off notification. Among other things, Aiu does not teach or suggest that the destination "is a device communicating with the server, and the server is configured to authenticate a user of the device." Accordingly, claim 10 is allowable for at least the same reasons that claim 1 is allowable.

Claim 12 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Rae in view of Banti (U.S. Pub. 2010/0313276). The rejection is respectfully traversed.

Claim 12 depends from claim 1 and includes all limitations of claim 1. As described above, claim 1 is allowable over Rae, and Banti does not cure the deficiencies of Rae with respect to claim 1. Banti is merely relied upon as disclosing preventing a restricted action such as forwarding a message. Among other things, Banti does not teach or suggest that the destination "is a device

13

communicating with the server, and the server is configured to authenticate a user of the device."
Accordingly, claim 12 is allowable for similar reasons that claim 1 is allowable.

Claims 13, 18, and 28-31 stand rejected under 35 U.S.C. § 103(a) as being unpatentable
over Rae in view of Cree and Mattila (U.S. Pub 2008/0129816). The rejection is respectfully
traversed.

Claims 13, 18, and 28-31 depend from claim 1 or include similar limitations as claim 1.
As described above, claim 1 is allowable over Rae and Cree, and Mattila does not cure the
deficiencies of those references with respect to claim 1. Mattila is merely relied upon as disclosing
displaying a screen notification for a user. Among other things, Mattila does not teach or suggest
that the destination "is a device communicating with the server, and the server is configured to
authenticate a user of the device" (as recited in claim 1) or "server is configured to authenticate a
user of the device" (as recited in claim 28). Accordingly, claims 13, 18, and 28-31 are allowable for
similar reasons that claim 1 is allowable.

Claims 19, 21, 27, 34, and 35 stand rejected under 35 U.S.C. § 103(a) as being
unpatentable over Rae in view of Kennedy (U.S. Pub 2010/0256500). The rejection is respectfully
traversed.

Claim 19, as amended, describes method of monitoring use of an interactive kiosk and
recites that "the kiosk is configured to detect when a face is not present in the field of view of the
camera, warn the user to face the camera if the face is not present in the field of view of the camera
and stop transmitting video if the face is still not present." This feature is described, for example, in
paragraph [0086] of the specification:

[0086] The facial detection software may also periodically pass
images to a facial verification system. The facial verification system
compares a detected face image with a face image stored in a
database. If the detected image does not match the pre-stored image,
a warning is displayed to prompt the resident to face the camera so
that a second image can be captured. If the second image does not

14

match or a face is not detected, the account will be logged off the
system.  This can be logged as a violation at the processing center.
The facial verification ensures that the logged-in resident has not
allowed another resident to use the account after logging in.  The
facial detection software may also detect when a second face is
present in the frame, and may blur or disconnect a conference when a
second face is present.

This feature is not disclosed in Rae or Kennedy (relied upon merely as disclosing a
touchscreen), and the Office Action does not suggest otherwise.  In reference to former claim 20,
Kenoyer is relied upon by the Office Action (at 9, 22) as disclosing periodically checking for a face
in paragraphs [0041] and [0044].  Kenoyer describes detecting a face and forwarding the detected
facial image to the biometrics generation module.  Kenoyer at [0041].  It also describes that a user
can be continuously authenticated to ensure that the user in front of the system continues to be the
same user.  It does not, however, disclose the claimed features of (1) "warn[ing] the user to face the
camera if the face is not present in the field of view" or (2) "stop transmitting video if the face is
still not present."  By warning users, the claimed system avoids cutting communications when a
user has merely shifted position, for example, and by cutting off video if the face is still not present,
the system ensures that unauthorized access is prevented.  None of the cited references disclose
taking such measures when a face is not present, and there would be no apparent reason to modify
the references to provide this feature, absent the use of the present application as a roadmap.

For at least these reasons, claim 19 is allowable.  Claims 21, 27, 34, and 35 depend from
claim 19 and are allowable for at least the same reasons.

Claim 20 stands rejected under 35 U.S.C. 103(a) as being unpatentable over Rae in view
of Kennedy and Kenoyer (U.S. Pub 2006/0259755).  Claim 20 has been canceled, obviating the
rejection.

Claim 23 stands rejected under 35 U.S.C. 103(a) as being unpatentable over Rae in view
of Hodge and Kenoyer.  The rejection is respectfully traversed.

15

Application No. 13/088,883                                    Docket No.: P5789.0006/P006
Reply to Office Action of April 26, 2013

   Claim 23 depends from claim 22 and includes all limitations of claim 22.  As described above, claim 22 is allowable over Rae and Hodge, and Kenoyer does not cure the deficiencies of Rae with respect to claim 22.  As described above, Kenoyer does not disclose, among other things, "warning the user to face the camera for another image capture when the image does not match the pre-stored image to a predetermined degree; and restricting use of the kiosk when the another image capture does not match the pre-stored image to a predetermined degree."  Accordingly, claim 23 is allowable for at least the same reasons that claim 22 is allowable.

   In view of the above, Applicant believes the pending application is in condition for allowance.

Dated:  July 26, 2013      Respectfully submitted,

            By _____
            Mark J. Thronson
              Registration No.: 33,082
            Jonathan L. Falkler
              Registration No.: 62,115
            DICKSTEIN SHAPIRO LLP
            1825 Eye Street, NW
            Washington, DC  20006-5403
            (202) 420-2200
            Attorneys for Applicant

16

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 16425749 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 113003 |
| **Filer:** | Stephen A. Soffen/Monick Lewis |
| **Filer Authorized By:** | Stephen A. Soffen |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 26-JUL-2013 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 12:30:31 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | P57890006.pdf | 705425<br>4a18279b2d64fc9a65412059005d1cda652033d6 | no | 16 |

| Warnings: |
|---|
| Information: |

Total Files Size (in bytes):                              705425

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 |

**CONFIRMATION NO. 9388**

113003
Dickstein Shapiro LLP (Telmate)
1825 Eye Street NW
Washington, DC 20006

**POA ACCEPTANCE LETTER**

*OC000000061040305*

Date Mailed: 05/13/2013

# NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 05/01/2013.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/zabraha/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 |

**CONFIRMATION NO. 9388**

24998
DICKSTEIN SHAPIRO LLP
1825 EYE STREET NW
Washington, DC 20006-5403

**POWER OF ATTORNEY NOTICE**


*OC000000061040270*

Date Mailed: 05/13/2013

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 05/01/2013.

• The Power of Attorney to you in this application has been revoked by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

/zabraha/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

PTO/AIA/82A (07-12)
Approved for use through 11/30/2014. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B or equivalent) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5. If the Power of Attorney by Applicant form is not accompanied by this transmittal form or an equivalent, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | 13/088,883 |
| Filing Date | April 18, 2011 |
| First Named Inventor | Richard Torgersrud |
| Title | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| Art Unit | 2683 |
| Examiner Name | Laura N. Nguyen |
| Attorney Docket Number | P5789.0006/P006 |

### SIGNATURE of Applicant or Patent Practitioner

| | | | |
|---|---|---|---|
| Signature | | Date | 5-1-13 |
| Name | Mark J. Thronson | Telephone | (202) 420-2200 |
| Registration Number | 33,082 | | |

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications.

☐  *Total of ___1___ forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

1

PTO/SB/80 (11-08)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(b).

I hereby appoint:

☑ Practitioners associated with the Customer Number: | 113003

OR

☐ Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | Name | Registration Number |
|------|--------------------|------|--------------------|
|      |                    |      |                    |
|      |                    |      |                    |
|      |                    |      |                    |
|      |                    |      |                    |

as attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned only to the undersigned according to the USPTO assignment records or assignment documents attached to this form in accordance with 37 CFR 3.73(b).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(b) to:

☑ The address associated with Customer Number: | 113003

OR

☐ Firm or Individual Name:

Address:

| City: | State: | Zip: |

Country:

| Telephone: | Email: |

Assignee Name and Address:

Talmate LLC
254 Front Street, Second Floor
San Francisco, CA 94111

A copy of this form, together with a statement under 37 CFR 3.73(b) (Form PTO/SB/96 or equivalent) is required to be filed in each application in which this form is used. The statement under 37 CFR 3.73(b) may be completed by one of the practitioners appointed in this form if the appointed practitioner is authorized to act on behalf of the assignee, and must identify the application in which this Power of Attorney is to be filed.

## SIGNATURE of Assignee of Record
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee

| Signature | | Date | April 26, 2013 |
| Name | Scott A. Lam | Telephone | +1 415 360 4323 |
| Title | General Counsel | | |

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner:    TELMATE, LLC

Application No./Patent No.:    13/088,883     Filed/Issue Date:     April 18, 2011

Titled:    INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY

     TELMATE, LLC    , a        Corporation
(Name of Assignee)              (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [X] The assignee of the entire right, title, and interest.

2. [ ] An assignee of less than the entire right, title, and interest (check applicable box):
   [ ] (The extent (by percentage) of its ownership interest is _____ %). Additional Statement(s) by the owners holding the balance of the interest <u>must be submitted</u> to account for 100% of the ownership interest.

   [ ] There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

3. [ ] The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

4. [ ] The recipient, via a court proceeding or the like (e.g., bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2, or 3 above (not option 4) is evidence by either (choose **one** of options A or B below):

A. [X] An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel    026144   ,
   Frame    0452   , or for which a copy thereof is attached.

B. [ ] A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:
   1. From: _____ To: _____
      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

   2. From _____ To: _____
      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

[Page 1 of 2]

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: _____   To: _____
   The document was recorded in the United States Patent and Trademark Office at
   Reel _____ , Frame _____ , or for which a copy thereof is attached.

4. From: _____   To: _____
   The document was recorded in the United States Patent and Trademark Office at
   Reel _____ , Frame _____ , or for which a copy thereof is attached.

5. From: _____   To: _____
   The document was recorded in the United States Patent and Trademark Office at
   Reel _____ , Frame _____ , or for which a copy thereof is attached.

6. From: _____   To: _____
   The document was recorded in the United States Patent and Trademark Office at
   Reel _____ , Frame _____ , or for which a copy thereof is attached.

[ ] Additional documents in the chain of title are listed on a supplemental sheet(s).

[x] As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee
    was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division
in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

Signature _____                    Date _____5-1-13_____

                                                       #33,082

Mark J. Thronson                                       Attorney for Assignee
Printed or Typed Name                                  Title or Registration Number

[Page 2 of 2]

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15666925 |
| **Application Number:** | 13088883 |
| **International Application Number:** | |
| **Confirmation Number:** | 9388 |
| **Title of Invention:** | INTERACTIVE AUDIO/VIDEO SYSTEM AND DEVICE FOR USE IN A SECURE FACILITY |
| **First Named Inventor/Applicant Name:** | Richard  Torgersrud |
| **Customer Number:** | 24998 |
| **Filer:** | Stephen A. Soffen/Cheryl deLopez |
| **Filer Authorized By:** | Stephen A. Soffen |
| **Attorney Docket Number:** | P5789.0006/P006 |
| **Receipt Date:** | 01-MAY-2013 |
| **Filing Date:** | 18-APR-2011 |
| **Time Stamp:** | 16:51:15 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | p006.pdf | 2068207 <br> cb59da7119164 3f2e52ec73b91a51ff7f730 de40 | yes | 4 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Power of Attorney | 1 | 2 |
| Assignee showing of ownership per 37 CFR 3.73. | 3 | 4 |

| Warnings: | |
|---|---|

| Information: | |
|---|---|

| Total Files Size (in bytes): | 2068207 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

U**NITED** S**TATES** P**ATENT AND** T**RADEMARK** O**FFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/088,883 | 04/18/2011 | Richard Torgersrud | P5789.0006/P006 | 9388 |

24998        7590        04/26/2013
DICKSTEIN SHAPIRO LLP
1825 EYE STREET NW
Washington, DC 20006-5403

| EXAMINER |
|---|
| NGUYEN, LAURA N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2683 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/26/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| **Office Action Summary** | **Application No.** 13/088,883 | **Applicant(s)** O'NEIL ET AL. |
|---|---|---|
| | **Examiner** LAURA NGUYEN | **Art Unit** 2683 | **AIA (First Inventor to File) Status** No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>3 February 2012</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) <u>1-35</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1-35</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>4/18/2011</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
  a) ☐ All  b) ☐ Some *  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
**Interim copies:**
  a) ☐ All  b) ☐ Some  c) ☐ None of the:  Interim copies of the priority documents have been received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 13/088,883                                   Page 2
Art Unit: 2683

### DETAILED ACTION

### *Claim Objections*

1.      Claim 4 is objected to because of the following informalities:  Typo after the

limitation "a local server located at the secure facility" where punctuation is absent.

Appropriate correction is suggested.

### *Claim Rejections - 35 USC § 103*

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

3.      Claims 1-4, 9, 11, 14-17, 24-26, and 32-33 are rejected under 35 U.S.C. 103(a)

as being unpatentable over Rae (U.S. Pat 8,340,260).

Regarding claim 1, Rae discloses **a system for providing services to a secure**

**facility** (col. 6 line 52-65; The call processing system got prisons, nursing homes,

camps, dormitories)**, the system comprising:**

**a kiosk located at a secure facility, the kiosk comprising a processor,**

**display, speaker, microphone, and a camera** (Figure 1 element 141; col. 7 line 3-16;

col. 25 lines 6-13; col. 16 line 13-27;  The telephone terminal 141, where speakers are

an inherent component of a telephone.  A camera and microphone may be placed at the

terminal for biometric authentication or general use.  In an alternative embodiment, the

Application/Control Number: 13/088,883                                    Page 3
Art Unit: 2683

system may also be implemented with video phones and computers.  At the time of

invention, it would have been obvious to one of ordinary skill in the art to have a

workstation that combines the embodiments so that there is a computer and a video

phone in order to provide more services to the workstation user.  Additionally,

computers are well known in the art to have a processor and display.  Therefore, it

would have been obvious to one of ordinary skill in the art to have a display and

processor at the workstation as a part of the computer)**; and**

**a server that communicates with the kiosk via a network connection** (col. 9

line 50-64; The network 111) **, the server comprising a server processor, a network**

**interface unit, and a computer memory** (col. 9 line 50-64; The processor-based

server having a media gateway to provide communications to the user terminal.  It is

well known in the art that servers have memory.  Therefore, at the time of invention, it

would have been obvious to one of ordinary skill in the art to include memory in the

processor-based server)**;**

**the kiosk being configured to receive communications from the camera**

**and microphone and transmit audio and video of the communications to the**

**server via the network connection** (col 9 line 50-64; col. 25 line 6-13; The user

terminal receives communications from the server via the media gateway.  It is obvious

to one of ordinary skill in the art that if a video phone is being used, audio and video

information would be transmitted from the microphone and camera input)**,**

Application/Control Number: 13/088,883                                    Page 4
Art Unit: 2683

**wherein the server records the audio and video and transmits the audio and video to a destination** (col 10 line 51-67; col. 11 line 1-2; The call recording system records the call at a workstation for retrieval or playback at workstations)**, and**

**wherein the kiosk is configured to authenticate the identity of a user of the kiosk by verifying log in information entered by the user** (col. 19 line 19-28; An inmate uses their PIN number or identifier to make a call) **and also performing a biometric verification** (col. 19 line 19-28; Biometric information is also used for authentication.  It is obvious to one of ordinary skill in the art to use both logon and biometric authentication methods for additional security).

Regarding claim 2, Rae discloses **wherein the destination is a device communicating with the server and the server is configured to authenticate a user of the device** (col. 25 line 6-13; col 11 line 57-65; The system may be used with cellular phones, video phones, or PDAs.  A validation system verifies the identity of the called party.  One of ordinary skill in the art recognizes that the called party may be on a cellular phone, video phone, or PDA).

Regarding claim 3, Rae **discloses wherein the destination is a second kiosk located in a visitation area of a second secure facility** (col 7. line 9-16; Call processing between the telephone terminals 141 and the visitation telephones 143).

Regarding claim 4, Rae **discloses further comprising:**

**a second kiosk located in a visitation area of the secure facility** (col 7. line 9-16; col. 25 line 6-13;  Call processing between the telephone terminals 141 and the visitation telephones 143.  The system may also be used with video phones and