IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL TEL*LINK CORPORATION D/B/A/ VIAPATH TECHNOLOGIES<br><br>*Plaintiff*,<br><br>v.<br><br>JACS SOLUTIONS, INC.,<br><br>*Defendant*. | Civil Action No. 23-500-MN |

**PLAINTIFF'S RESPONSE TO MAINTAIN EXHIBITS 20, 29, AND 30 UNDER SEAL OR, IN THE ALTERNATIVE, MOTION TO WITHDRAW AND EXPUNGE EXHIBITS 20, 29, AND 30 FROM THE PUBLIC RECORD**

Pursuant to FRCP 5.2 and LR 5.1.3, Plaintiff Global Tel*Link Corporation d/b/a ViaPath Technologies ("ViaPath") moved on May 8, 2023 for entry of an order authorizing it to file under seal Complaint Exhibits 20, 29, 30, and 46 (the "Motion") (D.I. 1). On May 9, the Court granted-in-part (as to Exhibit 46) and denied-in-part the Motion (D.I. 8), and instructed ViaPath to submit a sworn affidavit in support of any portion of Exhibits 20, 29, and 30 it wishes to maintain under seal under Third Circuit law. In response, ViaPath submits the accompanying Affidavit of Chris Moore ("Moore Affidavit") (attached as Exhibit A), proposed redactions to Exhibit 29 (attached as Exhibit B), and explains below why the proposed redacted portions of Exhibit 29 and the entirety of Exhibits 20 and 30 should remain under seal under Third Circuit law. But, to the extent the Court is inclined to not maintain Exhibits 20, 29, and 30 under seal, ViaPath moves, in the alternative, to withdraw and expunge these exhibits.

I.     **Exhibits 20 and 30 and portions of Exhibit 29 should remain sealed.**

The entirety of Exhibits 20 and 30 and the proposed redacted portions of Exhibit 29 should remain sealed under Third Circuit law because, as shown in the accompanying Moore Affidavit, these materials contain ViaPath's confidential, proprietary, and "other competitively sensitive information" at the "core of th[e] type of material that is routinely treated as overcoming the common-law presumption of access." *Genetech, Inc. v. Amgen, Inc.*, C.A. No. 17-01407-CFC, 2020 WL 9432700, at *4 (D. Del. Sept. 2, 2020) (Special Master recommending that documents with "proprietary trade secrets or other competitively sensitive information" remain under seal) *adopted*, 2020 WL 9432702, at *1 (D. Del. Oct. 1, 2020) (Connolly, J.).

"The existence of a common law right to access to judicial proceedings and to inspect judicial records is beyond dispute." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984). This right to access, however, "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). It can be overcome upon a showing by the party seeking to seal a document that "the material is the kind of information that courts will protect and that there is good cause for the order to issue." *Publicker*, 733 F.2d at 1070-71.

One example of material that courts will protect is "a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm." *Id.* In fact, "competitively sensitive information that may not meet the formal definition of 'trade secret,' but nonetheless is shown to be of the nature that would work palpable competitive harm on a party, is precisely the type of material most likely to successfully rebut the presumption favoring access." *Genetech*, 2020 WL 9432700, at *4. As a result, the presumption of public access to judicial records is properly overcome where those judicial

records "are sources of business information that might harm a litigant's competitive standing." *Littlejohn*, 851 F.2d at 678 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

**Exhibits 20, 29**, and **30** contain ViaPath's sensitive commercial information.

*First*, **Exhibit 20** is a proposal from Defendant JACS Solutions, Inc. ("JACS") for a Wi-Fi®-enabled wireless tablet—the TG801—that was developed for ViaPath. Moore Affidavit, ¶3. This proposal was prepared by JACS and includes ViaPath's confidential and proprietary technical information that was developed and acquired through its decades of experience providing information technology solutions to correctional facilities. *Id.* This confidential and proprietary technical information includes competitive differentiators, which enable ViaPath's products to be unique and competitive in the marketplace. *Id.* If Exhibit 20 were made public, it would give ViaPath's competitors a head start in developing their own competing solutions and therefore cause grievous harm to ViaPath's competitive position in the marketplace. *See Genetech*, 2020 WL 9432700 at *5 (recommending sealing documents that were proffered to be "trade secrets," "proprietary scientific research," or "highly sensitive manufacturing information"), *adopted* 2020 WL 9432702, at *1 (Connolly, J.).

In addition, the entirety of Exhibit 20 was submitted under seal and remains sealed in a co-pending lawsuit between ViaPath and JACS in the Eastern District of Virginia. *See Global Tel*Link Corp. d/b/a ViaPath Techs. v. JACS Solutions Inc.*, 1:23-cv-00179-TSE-WEF, D.I. 22 (E.D.V.A.) (the "Virginia Lawsuit"). As a result, disclosure of any portion of Exhibit 20 would harm ViaPath's "competitive standing" in the Virginia Lawsuit. *Littlejohn*, 851 F.2d at 678 (public access to judicial records is properly denied where those records "are sources of business information that might harm a litigant's competitive standing").

*Second*, **Exhibit 29** is ViaPath's and JACS's Mutual Nondisclosure Agreement from November 2014 ("NDA"). Moore Affidavit, ¶4. This NDA includes the agreed-upon terms of the parties' business engagement. *Id.* With this NDA in place, ViaPath provided JACS with confidential information about the design and development of wireless tablets for use in correctional facilities. *Id.* ViaPath identified certain standard terms of this NDA that it does not urge the Court to remain under seal. *See* Exhibit B. But if the proposed redacted portions of the NDA were made public, it would cause competitive harm to ViaPath for any future contract negotiations. *See Genetech*, 2020 WL 9432700 at *5 (recommending sealing documents that were proffered to be "the confidential terms of settlement and license agreements"), *adopted* 2020 WL 9432702, at *1 (Connolly, J.).

In addition, this confidential information is at issue in the co-pending Virginia Lawsuit. *Id.* As a result, the disclosure of the proposed redacted portions of Exhibit 29 would harm the parties' "competitive standing" in the co-pending Virginia Lawsuit. *Littlejohn*, 851 F.2d at 678 (public access to judicial records is properly denied where those records "are sources of business information that might harm a litigant's competitive standing").

*Third*, **Exhibit 30** is ViaPath's and JACS's Manufacturing and Services Agreement, dated December 13, 2018 ("MSA"). Moore Affidavit, ¶5. This MSA includes sales figures, pricing information, minimum purchase requirements, and all other agreed-upon terms of the parties' business engagement. *Id.* If the MSA were made public, it would put ViaPath at a competitive disadvantage by revealing its strategy regarding the outsourcing of activities and functions, and it would cause competitive harm to ViaPath for any future contract negotiations. *See Genetech*, 2020 WL 9432700 at *5 (recommending sealing documents that were proffered to

be "the confidential terms of settlement and license agreements"), *adopted* 2020 WL 9432702, at *1 (Connolly, J.).

In addition, the MSA is at the center of the parties' disputes in the Virginia Lawsuit. *Id.* The entirety of the MSA was submitted under seal and remains sealed in the co-pending Virginia Lawsuit. *Id.* Thus, if any portion of this document were made public, it would harm ViaPath's "competitive standing" in the co-pending Virginia Lawsuit. *Littlejohn*, 851 F.2d at 678 (public access to judicial records is properly denied where those records "are sources of business information that might harm a litigant's competitive standing").

For these reasons, the entirety of Exhibits 20 and 30 and the proposed redacted portions of Exhibit 29 should remain under seal.

## II. In the alternative, ViaPath moves to withdraw and expunge Exhibits 20, 29, and 30.

To the extent the Court is <u>not</u> inclined to maintain Exhibits 20, 29, and 30 under seal, ViaPath moves, in the alternative, to withdraw these exhibits and expunge them from the public record. *See Littlejohn*, 851 F.2d at 683.

The *Littlejohn* case is instructive. There, a third party sought access to certain trial exhibits "after the underlying litigation had been finally settled, the case closed, and the disputed documents returned to the defendant." *Id.* at 681. On appeal, the Third Circuit determined that the third party could not access the returned document because those returned documents "were no longer a part of the judicial record subject to presumptive public access." *Id.* at 682. Specifically, the Third Circuit held:

> [A]bsent allegations of fraud or other extraordinary circumstances, trial exhibits that were restored to their owner after a case has been completely terminated and which were properly subject to destruction by the clerk of court are no longer judicial records within the "supervisory power" of the district court.

*Id.* at 683.

That holding from *Littlejohn* applies here. To the extent the Court is not inclined to maintain Exhibits 20, 29, and 30 under seal, ViaPath respectfully requests that the Court expunge them from the record and return them to ViaPath such that there is no public right of access to those exhibits.

Pursuant to L.R. 7.1.1, the parties have met and conferred regarding the alternative relief sought by ViaPath, and JACS consents to this alternative relief.

Dated: May 15, 2023

*Of Counsel*:

Michael D. Specht
Jonathan Tuminaro
Uma Everett
Daniel S. Block
Ryan C. Richardson
Lauren Watt
STERNE, KESSLER, GOLDSTEIN
   & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005
mspecht@sternekessler.com
jtuminar@sternekessler.com
ueverett@sternekessler.com
dblock@sternekessler.com
rrichardson@sternekessler.com
lwatt@sternekessler.com

YOUNG CONAWAY STARGATT &
   TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

**Attorneys for Plaintiff**
**Global Tel*Link Corporation d/b/a**
**ViaPath Technologies**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 15, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jeffrey J. Lyons
BAKER & HOSTETLER LLP
1201 North Market Street, Suite 1407
Wilmington, DE 19801
jjlyons@bakerlaw.com

David A. Mancino
Derek M. Freitas
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
dmancino@bakerlaw.com
dfreitas@bakerlaw.com

Kevin W. Kirsch
Andrew E. Samuels
Mark S. Einsiedel
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
kkirsch@bakerlaw.com
asamuels@bakerlaw.com
meinsiedel@bakerlaw.com

Sally Yuanyuan Qin
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036
sqin@bakerlaw.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff*
*Global Tel\*Link Corporation d/b/a*
*ViaPath Technologies*