**EXHIBIT B**

**PROPOSED REDACTIONS TO
EXHIBIT 29 TO VIAPATH'S COMPLAINT**

**EXHIBIT 29**

**REDACTED PUBLIC VERSION**

## MUTUAL NONDISCLOSURE AGREEMENT

This Mutual Nondisclosure Agreement (this "AGREEMENT"), is made and entered into as of the last date signed by a party below by and between **JACS Solutions LLC** with corporate headquarters at 8808 Centre Park Drive, Suite 305, Columbia, MD 21045 and **Global Tel*Link Corporation**, including its subsidiaries and affiliates, a Delaware corporation with corporate headquarters at 2609 Cameron Street, Mobile, Alabama 36607.

The parties agree as follows:



2. With respect to Information received from the disclosing party under this Agreement, ▇▇▇▇ the other party shall:

(a) hold such Information in confidence with the same degree of care (but no less than reasonable care) with which it protects its own confidential and proprietary information;

(b) restrict disclosure of the Information solely to its employees with a need to know such Information and advise those persons of their obligations hereunder with respect to such Information;

(c) use the Information only as needed for the purposes of the Project;

(d) except for the purpose of the Project, not copy or otherwise duplicate such Information or knowingly allow anyone else to copy or otherwise duplicate such Information, and ensure that any and all copies shall bear the same notices or legends, if any, as the originals;

(e) and, upon request, promptly return to the disclosing party all Information in a tangible form or certify to the disclosing party that it has been destroyed.

3. Neither party shall have an obligation to preserve the confidential or proprietary nature of any Information which:

(a) was already known to the party free of any obligation to keep it confidential at the time of its disclosure by the disclosing party as evidenced by written records prepared prior to such disclosure;

(b) is or becomes publicly known through no wrongful act of the party to which the Information was disclosed;

(c) is rightfully received from a third person having no direct or indirect secrecy or confidentiality obligation with respect to such Information;

CONFIDENTIAL

(e) is intentionally disclosed to a third person by the disclosing party without similar restrictions on such third person's rights;

(f) is approved for release by written authorization of the disclosing party.



6. This Agreement shall be governed by and construed in accordance with the laws

7. The parties acknowledge that any violation of any of the covenants and agreements contained in this Agreement would result in irreparable and continuing harm and damage to the other party which would be extremely difficult to quantify and for which money damages alone would not be adequate compensation. Consequently, each party agrees that, subject to the limitations under Paragraph 11 regarding compulsory Arbitration, in the event it violates any of these covenants and agreements, the other party shall be entitled to: any legal rights or remedies the party whose Proprietary Information has been disclosed, disseminated or released may have under federal or state law including without limitation, any claims for disclosing party's direct and consequential damages. In addition, each party hereby agrees that the other party shall be entitled to specific performance of a receiving party's obligations under this Agreement, as well as such further injunctive relief as may be granted by a court of competent jurisdiction. The prevailing party in any dispute hereunder shall be entitled to its costs and expenses in connection with enforcement and any claim for damages for any violation of this Agreement, including its reasonable attorneys' fees and court costs. Subject to the arbitration clause, nothing in this Agreement shall be construed to prohibit any party from also pursuing any other legal or equitable remedy, the parties having agreed that all remedies are cumulative.

8. As between the parties, all Information shall remain the exclusive property of the disclosing party. The disclosing party does not grant a license (by implication or otherwise) under any of its copyrights, patents, trade secrets, trademarks, trade name rights or any other intellectual property rights as a result of the disclosure of the Information to the receiving party or as a result of this Agreement.

9. This agreement shall inure to the benefit of and be binding upon the parties and their respective successors and assigns; provided, however, that neither party shall assign this Agreement or any interest herein without the other's prior written consent, except that either party shall have the right to assign this Agreement or any interest herein at any time to any parent, successor, subsidiary, or affiliate without the consent of the other party.



11. In the event either party is required by judicial or administrative process to disclose the other's confidential information, they will promptly notify the other and allow the other to oppose such process. Additionally, such party shall make reasonable efforts to include said confidential information within any protective order issued by the appropriate judicial or administrative body.

12. Entire Agreement: This Agreement supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to the matters contained in this Non-Disclosure Agreement, and contains all of the covenants and agreements between the parties with respect to this Non-Disclosure Agreement in any manner whatsoever and may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought.

**JACS Solutions LLC**

By: _____

Name: Steel Liu

Title: CEO

Date: ███████████

**GLOBAL TEL*LINK CORPORATION**

By: _____

Name: Jeffrey B. Haidinger

Title: President & CQO

Date: ███████████