IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL TEL*LINK CORPORATION D/B/A/ VIAPATH TECHNOLOGIES<br><br>*Plaintiff*,<br><br>v.<br><br>JACS SOLUTIONS, INC.,<br><br>*Defendant*. | Civil Action No. 23-500-MN |

**PLAINTIFF'S UNOPPOSED MOTION TO WITHDRAW AND EXPUNGE
EXHIBITS 20 AND 30, AND FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rule Civil Procedure 5.2 and Local Rule 5.1.3, Plaintiff Global Tel*Link Corporation d/b/a ViaPath Technologies ("ViaPath") moved on May 8, 2023 for entry of an order authorizing it to file under seal Complaint Exhibits 20, 29, 30, and 46 (the "Motion") (D.I. 1). On May 9, the Court granted-in-part (as to Exhibit 46) and denied-in-part the Motion (D.I. 8), and instructed ViaPath to submit a sworn affidavit in support of any portion of Exhibits 20, 29, and 30 it wished to maintain under seal. On May 15, 2023, ViaPath submitted a response, supported by a sworn affidavit, seeking to maintain portions of Exhibit 29 under seal and seeking to maintain the entirety of Exhibits 20 and 30 under seal because Exhibits 20 and 30 are currently under seal in their entireties in a co-pending lawsuit between the parties in the Eastern District of Virginia. *See Global Tel*Link Corp. d/b/a ViaPath Techs. v. JACS Solutions Inc.*, 1:23-cv-00179-TSE-WEF, D.I. 22 (E.D.V.A.) (the "Virginia lawsuit"). *See* D.I. 14, 3, 5. On May 15, the Court granted-in-part (as to Exhibit 29) and denied-in-part (as to Exhibits 20 and 30), and instructed ViaPath to submit a proposal to have Exhibits 20 and 30 withdrawn and expunged "given that the as-filed Complaint references those exhibits." D.I. 15.

In response, ViaPath submits the following two-part proposal. *First*, ViaPath requests that Exhibits 20 and 30 be expunged and returned to ViaPath such that there is no public right of access to those exhibits. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 683 (3d Cir. 1988) (exhibits returned to their owner "are no longer judicial records within the 'supervisory power' of the district court"). *Second*, ViaPath seeks leave to amend the Complaint under Federal Rule of Civil Procedure 15(a)(2) by filing the attached First Amended Complaint (Exhibit A (clean version) and Exhibit B (redlined version) and Amended Claim Charts for the '443, '123, '292, and '624 patents (Exhibits C-F (clean versions) and Exhibits G-J (redlined versions), respectively), which neither cite to nor attach Exhibits 20 and 30 from the original Complaint. *See Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 115 (D. Md. 2020) ("[A] plaintiff need not first amend as a matter of course and then amend only by agreement or with leave of the court."); *see also Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (filing amended complaint under Rule 15(a)(2) does not exhaust right to file a second amended complaint as a matter of course under Rule 15(a)(1) because "Rule 15 is organized substantively, not chronologically," and "does not prescribe any particular sequence for the exercise of its provisions").

This proposal should be granted because it does not prejudice Defendant JACS Solutions, Inc. ("JACS") as evidenced by JACS's consent to ViaPath's requested relief (i) to have Exhibits 20 and 30 withdrawn and expunged and (ii) for leave to amend the complaint. In fact, it is in both parties' interest to prevent Exhibits 20 and 30 from becoming public at this stage because those documents were permitted to be filed under seal and remain sealed in the co-pending Virginia lawsuit between the parties. Unsealing the documents here could disturb the parties' competitive standing in the Virginia lawsuit. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

598 (1978) ("Every court has supervisory power over its own records and files" and may refuse "to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."). ViaPath respectfully submits that the relief proposed here is the most effective way to avoid that outcome.

| | |
|---|---|
| Dated: May 16, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel*: | |
| Michael D. Specht<br>Jonathan Tuminaro<br>Uma Everett<br>Daniel S. Block<br>Ryan C. Richardson<br>Lauren Watt<br>STERNE, KESSLER, GOLDSTEIN<br>   & FOX PLLC<br>1100 New York Avenue, NW<br>Washington, DC  20005<br>mspecht@sternekessler.com<br>jtuminar@sternekessler.com<br>ueverett@sternekessler.com<br>dblock@sternekessler.com<br>rrichardson@sternekessler.com<br>lwatt@sternekessler.com | /s/ Adam W. Poff<br>Adam W. Poff (No. 3990)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>swilson@ycst.com<br><br>***Attorneys for Plaintiff***<br>***Global Tel\*Link Corporation d/b/a***<br>***ViaPath Technologies*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jeffrey J. Lyons
BAKER & HOSTETLER LLP
1201 North Market Street, Suite 1407
Wilmington, DE 19801
jjlyons@bakerlaw.com

David A. Mancino
Derek M. Freitas
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
dmancino@bakerlaw.com
dfreitas@bakerlaw.com

Kevin W. Kirsch
Andrew E. Samuels
Mark S. Einsiedel
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
kkirsch@bakerlaw.com
asamuels@bakerlaw.com
meinsiedel@bakerlaw.com

Sally Yuanyuan Qin
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036
sqin@bakerlaw.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff*
*Global Tel\*Link Corporation d/b/a*
*ViaPath Technologies*