**EXHIBIT 3**



**Michael Specht**
Director
202-772-8756
Fax: 202.371.2540
MSPECHT@sternekessler.com

April 20, 2023

Jack Fornaciari  *Via Email*
Baker & Hostetler, LLP  *jfornaciari@bakerlaw.com*
1050 Connecticut Ave., N.W.  *Via FedEx*
Suite 1100
Washington, D.C. 20036-5403

    Re:    ViaPath Technologies and JACS Solutions' Manufacturing and Services Agreement and ViaPath's Patented Technology

Dear Mr. Fornaciari:

    We write to follow up on my September 22, 2022 letter; your October 3, 2022 responsive letter; and the November 15, 2022 letter from the CEO of ViaPath Technologies ("ViaPath") to the CEO of JACS Solutions Inc. ("JACS"). Through that previous correspondence, ViaPath laid out in detail how the parties could reach a business solution to reconcile the fissure in their decade-long relationship caused by JACS's actions. And ViaPath continues to believe that a business solution would be the ideal way to remedy (1) JACS's unjust enrichment resulting from its breach of the parties' contracted terms and (2) JACS's ongoing patent infringement. We therefore request a written response to the issues raised in this letter by no later than Thursday, April 27, 2023.

    My September 22, 2022 letter explained that ViaPath had recently discovered that JACS appeared to be violating the parties' Manufacturing and Services Agreement ("MSA"), dated December 13, 2018, by selling a rebranded version of the Inspire 3 ("TG801") to corrections industry service providers. My letter also explained that, by providing wireless tablets—such as, the TG801—and supporting software to corrections industry service providers, JACS infringed many ViaPath patents, including certain explicitly listed patents. To remedy those issues and to salvage the parties' working relationship, ViaPath sought written confirmation that, among other things, JACS would comply with the exclusivity provisions in the parties' MSA by refraining from providing wireless tablets and supporting software—including the TG801 and similar products—to corrections industry service providers.

    Your October 3, 2022 responsive letter did not nothing to allay ViaPath's concerns. Rather than agreeing to comply with the exclusivity provisions in the parties' MSA, your responsive letter claimed that the MSA had expired on December 13, 2021—despite the fact that, well after this so-called expiration, JACS had continued to accept millions of dollars' worth of additional purchase orders from ViaPath in 2022 as explicitly provided for in the MSA. And conspicuously absent from your letter was any discussion of JACS's infringement of ViaPath's

Jack Fornaciari
April 20, 2023
Page 2

patents by providing the TG801 and similar products to other corrections industry service providers.

In a final effort to avoid protracted litigation and reach a business resolution, ViaPath again reached out to JACS—this time via a November 15, 2022 letter from ViaPath's CEO, Deb Alderson, to JACS's CEO, Steel Liu. That letter set forth explicit steps that would "enable the parties to move forward as partners." That letter also warned, however, that if JACS failed to comply, ViaPath would have no other choice but to pursue legal action, including actions based on JACS's breach of the parties' contract and patent infringement. JACS never responded. And, as you know, ViaPath then sued JACS on December 29, 2022 in Fairfax County Circuit Court for JACS's breach of contract under Virginia law, JACS's breach of an implied contract under Virginia law, JACS's actual fraud under Virginia law, JACS's constructive fraud under Virginia law, and JACS's unjust enrichment under Virginia law. Rather than capitulate at that point, JACS doubled down on its wrongful activity by increasing its marketing efforts to sell tablets to corrections industry service providers, as evidenced by JACS's updates to its own website. JACS also removed the lawsuit to the Eastern District of Virginia and filed a motion to dismiss it. *See Global Tel\*Link Corporation d/b/a ViaPath Technologies v. JACS Solutions Inc.*, 1:23-00179-TSE-WEF, D.I. 29 (E.D.V.A. Mar. 15, 2023). ViaPath remains committed to protecting its interests with this lawsuit.

In addition, we again advise you that JACS's use, manufacturing, sale, offer for sale, and/or importation of the Inspire 2 (TG800), Inspire 3 (TG801), TP156V1, TP156V2, TRO810, TRO820, TT1001, TR800, and similar products infringes numerous ViaPath patents, including but not limited to the patents listed below (which includes, among others, the patents in my September 22, 2022 letter):

- U.S. Patent No. 9,030,292 – Multifunction Wireless Device
- U.S. Patent No. 9,307,386 – Multifunction Wireless Device
- U.S. Patent No. 9,614,954 – Multifunction Wireless Device
- U.S. Patent No. 9,667,663 – Electronic Messaging Exchange
- U.S. Patent No. 9,807,123 – Electronic Messaging Exchange
- U.S. Patent No. 10,116,707 – Electronic Messaging Exchange
- U.S. Patent No. 10,560,488 – Electronic Messaging Exchange
- U.S. Patent No. 10,638,322 – Provisioning of Tablets
- U.S. Patent No. 10,645,443 – Controlled Environment Media System
- U.S. Patent No. 10,721,624 – Multifunction Wireless Device
- U.S. Patent No. 10,757,249 – Multifunction Wireless Device
- U.S. Patent No. 11,184,342 – Multifunction Wireless Device
- U.S. Patent No. 11,228,672 – Security System for Inmate Wireless Devices
- U.S. Patent No. 11,290,499 – Electronic Messaging Exchange
- U.S. Patent No. 11,394,751 – Electronic Messaging Exchange

Again, ViaPath continues to believe that a business solution would be the ideal way to resolve this matter. But if JACS continues down its current path, ViaPath will have no other

Jack Fornaciari
April 20, 2023
Page 3

choice but to press forward with the existing lawsuit in the Eastern District of Virginia and pursue additional legal action, including based on JACS's ongoing patent infringement.

    We look forward to your response by no later than Thursday, April 27, 2023.

                                                   STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                                                   /Michael D. Specht/

                                                   Michael D. Specht
                                                   Director

Cc:    Katherine McKnight (via email, kmcknight@bakerlaw.com)
          Sally Qin (via email, sqin@bakerlaw.com)