**EXHIBIT 33**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 05/05/2020 | 10645443 | 3210.0980004 | 5053 |

26111        7590        04/15/2020
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s)  (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Stephen L. HODGE, Aubrey, TX;
Global Tel*Link Corporation, Reston, VA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

26111        7590        04/09/2020
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| ZENATI, AMAL S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2651 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/09/2020 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

e-office@sternekessler.com

| *Response to Rule 312 Communication* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 16/246,101 | HODGE, Stephen L. | |
| | Examiner | Art Unit | AIA (FITF) Status |
| | AMAL S ZENATI | 2651 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☑ The amendment filed on <u>01 April 2020</u> under 37 CFR 1.312 has been considered, and has been:

  a) ☐    entered.

  b) ☑    entered as directed to matters of form not affecting the scope of the invention.

  c) ☐    disapproved because the amendment was filed after the payment of the issue fee.

          Any amendment filed after the date the issue fee is paid must be accompanied by a petition under 37 CFR 1.313(c)(1)

          and the required fee to withdraw the application from issue.

  d) ☐    disapproved. See explanation below.

  e) ☐    entered in part. See explanation below.

_____

/AMAL S ZENATI/
Primary Examiner, Art Unit 2651

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

7590      04/08/2020
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| ZENATI, AMAL S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2651 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/08/2020 | ELECTRONIC |

## NOTICE OF NON-COMPLIANT INFORMATION DISCLOSURE STATEMENT
### *Both*

An Information Disclosure Statement (IDS) filed <u>4.01.2020</u> in the above-identified application fails to meet the requirements of 37 CFR 1.97(d) for the reason(s) specified below. Accordingly, the IDS will be placed in the file, but the information referred to therein has not been considered.

The IDS is not compliant with 37 CFR 1.97(d) because:

☒ The IDS lacks a statement as specified in 37 CFR 1.97(e).

❑ The IDS lacks the fee set forth in 37 CFR 1.17(p).

❑ The IDS was filed after the issue fee was paid. Applicant may wish to consider filing a petition to withdraw the application from issue under 37 CFR 1.313(c) to have the IDS considered. See MPEP 1308.

/ N.HORNE /

571-272-4200 or 1-888-786-0101
For : Application Assistance Unit
Office of Data Management

Page 1 of 1

FORM PTOM327-B (Rev. 02/08)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventor: Stephen L. HODGE | Confirmation No.: 5053 |
| Applicant: Global Tel*Link Corporation | Art Unit: 2656 |
| Application No.: 16/246,101 | Examiner: ZENATI, Amal S |
| Filing Date: January 11, 2019 | Atty. Docket: 3210.0980004 |

Title: **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

## Amendment Under 37 C.F.R. § 1.312

*Mail Stop Issue Fee*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Submitted herein is an Amendment Under 37 C.F.R. § 1.312. As payment of the issue fee has not yet been made or is filed herewith, Applicant respectfully submits that filing under 37 C.F.R. § 1.312 is proper. (M.P.E.P. § 714.16.)

**Amendments to the Claims** are reflected in the listing of claims which begins on page **2** of this paper.

**Remarks and Arguments** begin on page **7** of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                          Stephen L. HODGE
                                               Application No. 16/246,101

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.


1-20.   (Canceled)


21.     (Currently Amended)  A media distribution system for distributing media and facilitating video visitation within a secured facility, the media distribution system being available to a resident of the secured facility, the media distribution system comprising:

a media distribution server configured to receive media from a plurality of media sources, generate a catalog of the received media based on the plurality of media sources and metadata associated with the received media, and make the media available on a network via the catalog, the plurality of media sources including a real-time media source and an on-demand media source;

encoding the received media;

storing the encoded received media for later distribution;

a video visitation server configured to conduct video visitation sessions between a first video visitation endpoint and a second video visitation endpoint, at least one of the first and second video visitation endpoints having connectivity to the network; and

an access kiosk placed within a residential unit of [[a]] the secured facility and accessible by the resident, the access kiosk configured to:

communicate with the video visitation server over the network to participate in video visitation sessions with one or more other video visitation endpoints; and

Atty. Dkt. No. 3210.0980004

        display the catalog to the resident;

        receive a user selection from the catalog;

        receive the encoded media from the media distribution server over the

network based on the user selection; and

        playback the selected media for consumption.

22.    (Currently Amended)  The system of claim 21, wherein the secured facility is a prison, the resident of the secured facility is an inmate of [[that]] the prison, and the residential unit of [[a ]]the secured facility is a prison cell.

23.    (Original)  The system of claim 21, wherein the media received from the on-demand video source is video-on-demand media.

24.    (Original)  The system of claim 21, wherein the media received from the real-time media source is broadcast media.

25.    (Original)  The system of claim 24, wherein the network supports multicast routing, the media distribution server utilizes multicast routing to route the broadcast media, and the access kiosk utilizes multicast routing to receive the broadcast media over the network.

26.    (Currently Amended)  The system of claim 21, wherein the access kiosk has access to the network only through a secured network segment, the secured network segment being limited to access only [[the ]]network resources necessary for the access kiosk.

- 4 -                                                            Stephen L. HODGE
                                                                 Application No. 16/246,101

27.    (Currently Amended)  The system of claim 21, wherein the one or more other video

visitation endpoints include[[s]] a second access kiosk, the second access kiosk placed

within the secured facility and available to guests of the secured facility.

28.    (Original)  The system of claim 21, further comprising:

       an intra-facility communications server with access to the network, the intra-facility

communications server configured to route intra-facility communications on the network;

       wherein the access kiosk is further configured to:

              receive input indicative of an intra-facility message; and

              transmit the intra-facility message to the intra-facility communications server

using the network.

29.    (Original)  The system of claim 21, further comprising:

       a voice communications server with access to the network, the voice

communications server configured to route voice communications on the network and one

or more external networks;

       wherein the access kiosk is further configured to place and receive voice calls over

the network and one or more external networks utilizing the voice communications server.

30.    (Original)  The system of claim 21, wherein the media distribution server is further

configured to:

       retrieve a media restriction file associated with the resident based on authentication

information of the resident; and

Atty. Dkt. No. 3210.0980004

- 5 -                                             Stephen L. HODGE
                                             Application No. 16/246,101

modify media made available to the resident based on the media restriction file.

31.    (Currently Amended)  A media distribution system for distributing media to a resident of a

secured facility, the media distribution system comprising:

         a media distribution server configured to receive media from a plurality of media

sources, generate a catalog of the received media based on the plurality of media sources

and metadata associated with the received media, and make the media available on a

network via the catalog, the plurality of media sources including a real-time media source

and an on-demand media source;

         encoding the received media;

         storing the encoded received media for later distribution;

         a media playback device associated with the resident and configured to provide an

interface through which the resident can view the catalog, communicate with the media

distribution server, interact with the catalog to make a media selection, and to playback the

selected media received from the media distribution server; and

         [[a ]]the network configured to provide communicative connectivity between the

media playback device and the media distribution server.

32.    (Currently Amended)  The system of claim 31, wherein the secured facility is a prison, the

resident of the secured facility is an inmate of [[that ]]the prison, and the residential unit of

[[a ]]the secured facility is a prison cell.

- 6 -                                              Stephen L. HODGE
                                                   Application No. 16/246,101

33.     (Original)  The system of claim 31, wherein the on-demand media source is a video-on-
        demand media source, and the media received from the media distribution server is video-
        on-demand media.

34.     (Original)  The system of claim 31, wherein the real-time media source is a broadcast media
        source, and the media received from the media distribution server is broadcast media.

35.     (Original)  The system of claim 34, wherein the network supports multicast routing, the
        media distribution server utilizes multicast routing to route the broadcast media, and the
        access kiosk utilizes multicast routing to receive the broadcast media over the network.


36-40.  (Canceled)

- 7 -                                          Stephen L. HODGE
                                               Application No. 16/246,101

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 21-35 are pending in the application, with claims 21 and 31 being independent. Claims 21, 22, 26, 27, 31, and 32 are sought to be amended. The amendments correct minor informalities in the claims. Applicant reserves the right to prosecute similar or broader claims, with respect to the amended claims, in the future. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date:    April 1, 2020

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
14798198.1

Atty. Dkt. No. 3210.0980004

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventor: Stephen L. HODGE | Confirmation No.: 5053 |
| Applicant: Global Tel*Link Corporation | Art Unit: 2651 |
| Application No.: 16/246,101 | Examiner: ZENATI, Amal S |
| Filing Date: January 11, 2019 | Atty. Docket: 3210.0980004 |

Title: **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

## Request for Printing Reference on the Face of the Patent

## Under M.P.E.P. §§ 609.02(A)(2) and 2001.06(b)

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450


Applicant respectfully requests that references considered by the Office in parent application nos. 15/603,095, filed May 23, 2017 (now U.S. Patent No. 10,182,254), and 15/148,880, filed May 06, 2016 (Abandoned) be printed on the face of the patent issuing from the above-captioned application. Pursuant to M.P.E.P. §§ 609.02(A)(2) and 2001.06(b), these references should have been considered by the Examiner during the prosecution of the instant application without separate citation by the Applicant.

Copies of documents **FP1** and **NPL1-NPL13** were cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application Nos. 15/603,095, filed May 23, 2017 (now U.S. Patent No. 10,182,254), and 15/148,880, filed May 06, 2016 (Abandoned), which is relied upon for an earlier filing date under 35 U.S.C. § 120. Thus, copies of these documents are not attached. 37 C.F.R. § 1.98(d).

- 2 -                                                    Stephen L. HODGE
                                                          Application No. 16/246,101

Applicant desires to have these references listed on the front page of the patent issuing from the above-captioned application, and therefore provides herewith a listing of these references in accordance with the requirements of 37 C.F.R. § 1.98(a)(1).  In support of this request, enclosed are Forms PTO/SB/08A and PTO/SB/08B listing the references. It is respectfully requested that the Examiner initial the enclosed Forms PTO/SB/08A and PTO/SB/08B indicating consideration of these references and that a copy be returned to the undersigned.

Applicants do not believe any fee is due for this request.  However, the Commissioner is hereby authorized to charge any deficiency to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date:    April 1, 2020

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
14699749.1

Atty. Dkt. No. 3210.0980004

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | *Complete if Known* | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 16/246,101 |
| | Filing Date | January 11, 2019 |
| | First Named Inventor | Stephen  L. HODGE |
| | Art Unit | 2651 |
| | Examiner Name | ZENATI, Amal S |
| Sheet  1  of  2 | Attorney Docket Number | 3210.0980004 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number / Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2004/0172652 A1 | 09-02-2004 | Fisk et al. | |
| | US2 | 2005/0022229 A1 | 01-27-2005 | Gabriel et al. | |
| | US3 | 2006/0280177 A1 | 12-14-2006 | Gupta et al. | |
| | US4 | 2008/0201158 A1 | 08-21-2008 | Johnson et al. | |
| | US5 | 2009/0013359 A1 | 01-08-2009 | Butler et al. | |
| | US6 | 2009/0240586 A1 | 09-24-2009 | Ramer et al. | |
| | US7 | 2010/0094878 A1 | 04-15-2010 | Soroca et al. | |
| | US8 | 2011/0065419 A1 | 03-17-2011 | Book et al. | |
| | US9 | 2011/0237221 A1 | 09-29-2011 | Prakash et al. | |
| | US10 | 2011/0249073 A1 | 10-13-2011 | Cranfill et al. | |
| | US11 | 2011/0307548 A1 | 12-15-2011 | Fisk et al. | |
| | US12 | 2012/0257583 A1 | 10-11-2012 | Keiser et al. | |
| | US13 | 2012/0262271 A1 | 10-18-2012 | Torgersrud et al. | |
| | US14 | 2012/0324244 A1 | 12-20-2012 | Zipperer et al. | |
| | US15 | 2013/0179949 A1 | 07-11-2013 | Shapiro | |
| | US16 | 2013/0252575 A1 | 09-26-2013 | Ewell et al. | |
| | US17 | 2014/0033230 A1 | 01-30-2014 | Hanna et al. | |
| | US18 | 2014/0215391 A1 | 07-31-2014 | Little et al. | |
| | US19 | 2014/0218466 A1 | 08-07-2014 | Bloms et al. | |
| | US20 | 2014/0253663 A1 | 09-11-2014 | Edwards | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document / Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | WO 2013/096944 A1 | 06-27-2013 | Microsoft Corporation | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 16/246,101 |
| | | | | Filing Date | January 11, 2019 |
| | | | | First Named Inventor | Stephen  L. HODGE |
| | | | | Art Unit | 2651 |
| | | | | Examiner Name | ZENATI, Amal S |
| Sheet | 2 | of | 2 | Attorney Docket Number | 3210.0980004 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 2014/0267547 A1 | 09-18-2014 | Torgersrud et al. | |
| | US22 | 2014/0270126 A1 | 09-18-2014 | Torgersrud et al. | |
| | US23 | 2014/0273929 A1 | 09-18-2014 | Torgersrud | |
| | US24 | 2014/0282898 A1 | 09-18-2014 | Torgersrud | |
| | US25 | 2015/0050910 A1 | 02-19-2015 | Torgersrud | |
| | US26 | 2015/0188925 A1 | 07-02-2015 | Gupta | |
| | US27 | 2017/0272435 A1 | 09-21-2017 | Hodge | |
| | US28 | 2017/0272440 A1 | 09-21-2017 | Hodge | |
| | US29 | 2017/0324927 A1 | 11-09-2017 | Hodge | |
| | US30 | 6,734,900 B2 | 05-11-2004 | Mayhew | |
| | US31 | 6,810,527 B1 | 10-26-2004 | Conrad et al. | |
| | US32 | 7,027,659 B1 | 04-11-2006 | Thomas | |
| | US33 | 7,911,513 B2 | 03-22-2011 | Garrison et al. | |
| | US34 | 8,537,981 B1 | 09-17-2013 | Cyriac et al. | |
| | US35 | 8,832,374 B1 | 09-09-2014 | Schaefers | |
| | US36 | 8,917,848 B2 | 12-23-2014 | Torgersrud et al. | |
| | US37 | 8,929,525 B1 | 01-06-2015 | Edwards | |
| | US38 | 9,083,850 B1 | 07-14-2015 | Higgs | |
| | US39 | 9,106,789 B1 | 08-11-2015 | Shipman, Jr. et al. | |
| | US40 | 9,332,014 B2 | 05-03-2016 | Keiser et al. | |
| | US41 | 9,674,198 B1 | 06-06-2017 | Hodge | |
| | US42 | 10,182,254 B2 | 01-15-2019 | Hodge | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 16/246,101 |
| | | | | Filing Date | January 11, 2019 |
| | | | | First Named Inventor | Stephen L. HODGE |
| | | | | Art Unit | 2651 |
| | | | | Examiner Name | ZENATI, Amal S |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0980004 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Copyright Registration Record for "iPhone: The Missing Manual," 6th ed., 2012; 1 page. | |
| | NPL2 | DSKeye Gigabit Product Brief, Bitec Ltd. 2007; 2 pages. | |
| | NPL3 | Excerpt from Merriam-Webster's Collegiate Dictionary, Tenth Edition, 2002; p. 841. | |
| | NPL4 | Excerpt from The American Heritage Dictionary, 5th Ed. (2016); p. 679. | |
| | NPL5 | Excerpts from "iPhone: The Missing Manual," 6th ed., Sebastopol, CA: O'Reilly Media, 2012; 556 (submitted in 10 parts). | |
| | NPL6 | File History of U.S. Patent No. 9,083,850, Appl. No. 13/931,857, filed July 14, 2015. | |
| | NPL7 | Gotsopoulos et al., "Remote Controlled DSP Based Image Capturing and Processing System Featuring Two-Axis Motion," Proceedings of the 4th European DSP in Education and Research Conference, December 1-2, 2010; pp. 32-36. | |
| | NPL8 | International Search Report and Written Opinion directed to International Patent Appl. No. PCT/US2017/031317, mailed August 2, 2017; 16 pages. | |
| | NPL9 | International Search Report and Written Opinion directed to International Patent Application No. PCT/US2017/022163, mailed June 9, 2017; 12 pages. | |
| | NPL10 | Prosecution History of U.S. Patent No. 8,929,525, Application No. 14/323,582, filed July 3, 2014. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | *Complete if Known* | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 16/246,101 |
| | | | Filing Date | January 11, 2019 |
| | | | First Named Inventor | Stephen L. HODGE |
| | | | Art Unit | 2651 |
| | | | Examiner Name | ZENATI, Amal S |
| Sheet | 2 | of | 2 | Attorney Docket Number | 3210.0980004 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL11 | U.S. Patent Provisional Application No. 61/801,861, filed March 15, 2013; 77 pages. | |
| | NPL12 | Non-Final Office Action directed to U.S. Patent Appl. No. 15/344,819, mailed February 23, 2017; 7 pages. | |
| | NPL13 | Final Office Action directed to U.S. Patent Appl. No. 15/344,819, mailed May 9, 2017; 9 pages. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 16246101 |
| **Filing Date:** | 11-Jan-2019 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Attorney Docket Number:** | 3210.0980004 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 1501 | 1 | 1000 | 1000 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **1000** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 39029860 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 01-APR-2020 |
| **Filing Date:** | 11-JAN-2019 |
| **Time Stamp:** | 15:28:47 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1000 |
| RAM confirmation Number | E202041F29061771 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 2020-04-01-Miscellaneous-Letter-3210-0980004.PDF | 263133<br><br>497cd128827c23b8aa6d7638406d45ed72ab571e | no | 1 |

| **Warnings:** | | | | | |
|---|---|---|---|---|---|

| **Information:** | | | | | |
|---|---|---|---|---|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Issue Fee Payment (PTO-85B) | 2020-04-01-Issue-Fee-3210-0980004.PDF | 193473<br><br>bc3aac11d5bb942e7d3c00204bbab9eed562ed61 | no | 1 |

| **Warnings:** | | | | | |
|---|---|---|---|---|---|

| **Information:** | | | | | |
|---|---|---|---|---|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | | 2020-04-01-Amendment-312-3210-0980004.PDF | 116624<br><br>fda42e7ad716b7ec7f3ac835e17f57c0dd0d0c78 | yes | 7 |

| Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|
| **Document Description** | | **Start** | **End** |
| Amendment after Notice of Allowance (Rule 312) | | 1 | 1 |
| Claims | | 2 | 6 |
| Applicant Arguments/Remarks Made in an Amendment | | 7 | 7 |

| **Warnings:** | | | | | |
|---|---|---|---|---|---|

| **Information:** | | | | | |
|---|---|---|---|---|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 4 | Transmittal Letter | 2020-04-01-Request-Print-References-3210-0980004.pdf | 87416<br><br>8f59716233d3ace89ac8c2704d2583cc63cfbc0a | no | 2 |

| **Warnings:** | | | | | |
|---|---|---|---|---|---|

| **Information:** | | | | | |
|---|---|---|---|---|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 5 | Information Disclosure Statement (IDS) Form (SB08) | 2020-04-01-IDS-Form08a-3210-0980004.pdf | 152720<br><br>ede95724439e6031e88f821e097b1df46b600656 | no | 2 |

| **Warnings:** | | | | | |
|---|---|---|---|---|---|
| **Information:** | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 6 | Information Disclosure Statement (IDS) Form (SB08) | 2020-04-01-IDS-Form08b-3210-0980004.pdf | 144216<br><br>38191f45438729ed00a1200d70a28ffed9b99288 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 7 | Fee Worksheet (SB06) | fee-info.pdf | 30405<br><br>c0af6008942ee268b57a88c25dacea2c82e9c543 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| **Total Files Size (in bytes):** | | | | 987987 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

April 1, 2020

Commissioner for Patents                                         *__Confirmation No. 5053__*
PO Box 1450                                                      *Mail Stop Issue Fee*
Alexandria, VA 22313-1450

     Re:    U.S. Utility Patent Application
              Application No. 16/246,101; Filing Date: January 11, 2019
              For:   **CONTROLLED ENVIRONMENT MEDIA AND**
                     **COMMUNICATION SYSTEM**
              Inventor: Stephen L. HODGE
              Our Ref: 3210.0980004

Commissioner:

     In response to the **Notice of Allowance and Fee(s) Due** dated January 8, 2020, the following documents are transmitted for appropriate action by the U.S. Patent and Trademark Office:

    1.  Issue Fee Transmittal (Form PTOL-85);
    2.  Online Credit Card Payment Authorization for **$1,000.00** to cover Issue Fee;
    3.  Amendment Under 37 C.F.R. 1.312;
    4.  Request for Printing Reference on the Face of the Patent Under M.P.E.P. §§609.02(A)(2) and 2001.06(b);
    5.  Form PTO/SB/08a (2 sheets) listing 43 documents (**US1-US42** and **FP1**); and
    6.  Form PTO/SB/08b (2 sheets) listing 13 documents (**NPL1-NPL13**).

     The above-listed documents are filed electronically.

     Fee payment is provided through online credit card payment. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                      Respectfully submitted,

                      STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                      /Lauren C. Schleh/

                      Lauren C. Schleh
                      Attorney for Applicant
                      Registration No. 65,457

LCS/mep
Enclosure(s)                                                        14699862_1

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| By mail, send to: | Mail Stop ISSUE FEE | By fax, send to: | (571)-273-2885 |
|---|---|---|---|
| | Commissioner for Patents | | |
| | P.O. Box 1450 | | |
| | Alexandria, Virginia 22313-1450 | | |

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26111       7590       01/08/2020
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

TITLE OF INVENTION: CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 04/08/2020 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ZENATI, AMAL S | 2651 | 348-014010 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Sterne, Kessler, Goldstein & Fox P.L.L.C.
2  _____
3  _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Global Tel*Link Corporation

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Reston, VA

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☒ Issue Fee  ☐ Publication Fee (if required)  ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☒ Electronic Payment via EFS-Web  ☐ Enclosed check  ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. 19-0036

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| Authorized Signature | /Lauren C. Schleh/ | Date | April 1, 2020 |
|---|---|---|---|
| Typed or printed name | Lauren C. Schleh | Registration No. | 65,457 |

PTOL-85 Part B (08-18) Approved for use through 01/31/2020     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 26111 | 7590 | 01/08/2020 |

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| ZENATI, AMAL S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2651 | |

DATE MAILED: 01/08/2020

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

TITLE OF INVENTION: CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 04/08/2020 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u> THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

PTOL-85 (Rev. 02/11)

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| By mail, send to: | Mail Stop ISSUE FEE<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, Virginia 22313-1450 | By fax, send to: | (571)-273-2885 |
|---|---|---|---|

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26111          7590          01/08/2020
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

TITLE OF INVENTION: CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 04/08/2020 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ZENATI, AMAL S | 2651 | 348-014010 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☐ Issue Fee ☐ Publication Fee (if required) ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web ☐ Enclosed check ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____          Date _____

Typed or printed name _____          Registration No. _____

Page 2 of 3

PTOL-85 Part B (08-18) Approved for use through 01/31/2020          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

26111        7590        01/08/2020
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| ZENATI, AMAL S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2651 | |

DATE MAILED: 01/08/2020

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b) (2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | **Application No.** 16/246,101 | **Applicant(s)** HODGE, Stephen L. | |
|---|---|---|---|
| | **Examiner** AMAL S ZENATI | **Art Unit** 2651 | **AIA (FITF) Status** Yes |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>amendment filed on 12/16/2019</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>21-35</u> . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov**.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
  a) ☐ All     b) ☐ Some     *c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
    3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
  * Certified copies not received: _____ .

  Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
  ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail No. _____
  **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☑ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____.
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____.

5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/AMAL S ZENATI/
Primary Examiner, Art Unit 2651

| *Notice of References Cited* | Application/Control No. 16/246,101 | Applicant(s)/Patent Under Reexamination HODGE, Stephen L. | |
|---|---|---|---|
| | Examiner AMAL S ZENATI | Art Unit 2651 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20120262271-A1 | 10-2012 | Torgersrud; Richard | G06F21/32 | 340/5.53 |
| * | B | US-20040172652-A1 | 09-2004 | Fisk, Julian Basil | H04L29/06027 | 725/78 |
| * | C | US-20140033230-A1 | 01-2014 | Hanna; Edward J. | G06Q10/06 | 719/313 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20200102

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/246,101 | HODGE, Stephen L. |
| | **Examiner** | **Art Unit** |
| | AMAL S ZENATI | 2651 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 348 | 014.01 | 01/02/2020 | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Plus and East search | 01/02/2020 | AZ |
| Google Patenting search | 01/02/2020 | AZ |
| Inventor search and (clm) search for double patenting | 01/02/2020 | AZ |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| 348 | 014.01 | 01/02/2020 | AZ |

| | |
|---|---|
| | |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/246,101 | HODGE, Stephen L. |
| | **Examiner** | **Art Unit** |
| | AMAL S ZENATI | 2651 |

**CPC**

| Symbol | | | | Type | Version |
|---|---|---|---|---|---|
| H04N | / | 21 | / | 43615 | F | 2013-01-01 |
| H04N | | 21 | | 4882 | I | 2013-01-01 |
| H04L | | 65 | | 1059 | I | 2013-01-01 |
| H04L | / | 65 | | 1069 | I | 2013-01-01 |
| H04L | | 65 | | 4076 | I | 2013-01-01 |
| H04L | | 65 | | 4084 | I | 2013-01-01 |
| H04N | / | 7 | / | 147 | I | 2013-01-01 |
| H04N | | 21 | | 44218 | I | 2013-01-01 |
| H04N | / | 7 | / | 141 | I | 2013-01-01 |
| H04N | / | 21 | | 6543 | A | 2013-01-01 |
| H04L | | 65 | | 403 | A | 2013-01-01 |

**CPC Combination Sets**

| Symbol | | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 15 | |
| /AMAL S ZENATI/<br>Primary Examiner, Art Unit 2651 | 02 January 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 21 | 1 |

U.S. Patent and Trademark Office

Part of Paper No.: 20200102

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/246,101 | HODGE, Stephen L. |
| | **Examiner** | **Art Unit** |
| | AMAL S ZENATI | 2651 |

**INTERNATIONAL CLASSIFICATION**

**CLAIMED**

| | | | |
|---|---|---|---|
| | | | |

**NON-CLAIMED**

| | | |
|---|---|---|
| | | |

**US ORIGINAL CLASSIFICATION**

| CLASS | SUBCLASS |
|---|---|
| | |

**CROSS REFERENCES(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 15 | |
| /AMAL S ZENATI/ Primary Examiner, Art Unit 2651 | 02 January 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 21 | 1 |

U.S. Patent and Trademark Office

Part of Paper No.: 20200102

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/246,101 | HODGE, Stephen L. |
| | **Examiner** | **Art Unit** |
| | AMAL S ZENATI | 2651 |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | 10 | | 19 | 8 | 28 | | 37 | | | | | | | | |
| | 2 | | 11 | | 20 | 9 | 29 | | 38 | | | | | | | | |
| | 3 | | 12 | 1 | 21 | 10 | 30 | | 39 | | | | | | | | |
| | 4 | | 13 | 2 | 22 | 11 | 31 | | 40 | | | | | | | | |
| | 5 | | 14 | 3 | 23 | 12 | 32 | | | | | | | | | | |
| | 6 | | 15 | 4 | 24 | 13 | 33 | | | | | | | | | | |
| | 7 | | 16 | 5 | 25 | 14 | 34 | | | | | | | | | | |
| | 8 | | 17 | 6 | 26 | 15 | 35 | | | | | | | | | | |
| | 9 | | 18 | 7 | 27 | | 36 | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 15 | |
| /AMAL S ZENATI/ Primary Examiner, Art Unit 2651 | 02 January 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 21 | 1 |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2020/01/02 15:20 |
| L2 | 12 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/02 15:20 |
| L3 | 24 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/02 15:21 |
| L4 | 12 | (generat$3 with Catalog with media with metadata) and visit$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/02 15:22 |
| L6 | 73 | (generat$3 with Catalog with media with metadata) and (visit$4 or facilit$4) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/02 15:23 |
| L7 | 66 | (generat$3 with Catalog with media with metadata) and (visit$4 or facilit$4) and distribu$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/02 15:25 |
| L9 | 66 | (generat$3 with Catalog with media with metadata) and (visit$4 or facilit$4) and distribut$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/02 15:25 |
| L10 | 0 | (generat$3 with Catalog with media with metadata) and ( facilit$4) and distribut$4 and (video near3 visitation) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; | OR | ON | 2020/01/02 15:26 |

| | | | US-PGPUB;<br>IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L11 | 0 | (generat$3 with Catalog with media with metadata) and ( facilit$4) and distribut$4 and (video near3 visitat$3) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2020/01/02<br>15:26 |
| L12 | 106 | ((("GLOBAL") near3 ("TEL* LINK") near3 ("CORPORATION"))).AS,AANM. | USPAT | OR | OFF | 2020/01/02<br>15:26 |
| L13 | 98 | ((("HODGE") near3 ("Stephen") near3 ("L"))).INV. | US-PGPUB;<br>USPAT;<br>USOCR | OR | OFF | 2020/01/02<br>15:26 |
| L14 | 0 | 12 and 6 | USPAT | OR | OFF | 2020/01/02<br>15:27 |
| L15 | 1 | ((generat$3 with Catalog with media with metadata) and (visit$4 or facilit$4) and distribu$4).clm. | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2020/01/02<br>15:53 |
| S1 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB;<br>USPAT | OR | OFF | 2017/08/18<br>14:20 |
| S2 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB;<br>USPAT | OR | OFF | 2017/08/18<br>14:21 |
| S3 | 50 | ((("3585973") or ("3595600") or ("3812254") or ("3848993") or ("3869394") or ("3884705") or ("4018939") or ("4054740") or ("4088498") or ("4104370") or ("4110176") or ("4120851") or ("4142927") or ("4162279") or ("4163855") or ("4177300") or ("4242818") or ("4243228") or ("4243243") or ("4243256") or ("4243423") or ("4243437") or ("4244939") or ("4246013") or ("4246296") or ("4246298") or ("4248007") or ("4248615") or ("4249336") or ("4249684") or ("4250086") or ("4250162") or ("4251850") or ("4253166") or ("4253178") or ("4253732") or ("4254037") or ("4254038") or ("4256668") or ("4256976") or ("4257373") or ("4258550") or ("4258591") or ("4259000") or ("4259172") or ("4259710") or ("4260506") or ("4260744") or ("4286481") or ("5889386")).PN. | US-PGPUB;<br>USPAT;<br>USOCR | OR | OFF | 2017/08/18<br>14:38 |
| S4 | 12 | prison and S1 or S2 | US-PGPUB;<br>USPAT | OR | OFF | 2017/08/18<br>14:47 |
| S5 | 12 | prison and S1 or S2 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2017/08/18<br>14:47 |

| S6 | 2 | ("20040008825" \| "7822803").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/18 15:33 |
|----|---|----------------------------------|-----------------|----|----|-------------------|
| S7 | 2 | ("20150256677" \| "8990629").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/18 15:34 |
| S8 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/21 08:21 |
| S9 | 5 | message and S8 | US-PGPUB; USPAT | OR | OFF | 2017/08/21 08:21 |
| S10 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:38 |
| S11 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
| S12 | 50 | (("3585973") or ("3595600") or ("3812254") or ("3848993") or ("3869394") or ("3884705") or ("4018939") or ("4054740") or ("4088498") or ("4104370") or ("4110176") or ("4120851") or ("4142927") or ("4162279") or ("4163855") or ("4177300") or ("4242818") or ("4243228") or ("4243243") or ("4243256") or ("4243423") or ("4243437") or ("4244939") or ("4246013") or ("4246296") or ("4246298") or ("4248007") or ("4248615") or ("4249336") or ("4249684") or ("4250086") or ("4250162") or ("4251850") or ("4253166") or ("4253178") or ("4253732") or ("4254037") or ("4254038") or ("4256668") or ("4256976") or ("4257373") or ("4258550") or ("4258591") or ("4259000") or ("4259172") or ("4259710") or ("4260506") or ("4260744") or ("4286481") or ("5889386")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/28 09:39 |
| S13 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
| S14 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
| S15 | 12 | prison and S13 or S14 | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
| S16 | 2833 | (media with distribut$3 with session) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/09/28 09:41 |
| S17 | 284 | (media with distribut$3) and prison and video | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/09/28 09:42 |

| S18 | 10 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/09/28 09:42 |
|---|---|---|---|---|---|---|
| S19 | 2 | "20140033230" | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:08 |
| S20 | 5 | ("20120262271" | "20130252575" | "20140033230" | "20140253663" | "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |
| S21 | 7 | ("20040172652" | "20050022229" | "20090013359" | "20120257583" | "20130179949" | "20140218466" | "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |
| S22 | 12 | prison and S20 or S21 | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |
| S23 | 12 | prison and S20 or S21 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/01/22 14:22 |
| S24 | 5 | ("20120262271" | "20130252575" | "20140033230" | "20140253663" | "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |
| S25 | 1 | "6753900".pn. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 19:52 |
| S26 | 1 | "8117275".pn. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 19:53 |
| S27 | 19 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/08/30 19:28 |
| S28 | 5 | ("20120262271" | "20130252575" | "20140033230" | "20140253663" | "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |
| S29 | 7 | ("20040172652" | "20050022229" | "20090013359" | "20120257583" | "20130179949" | "20140218466" | "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |
| S30 | 12 | prison and S28 or S29 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/30 19:29 |
| S31 | 5 | ("20120262271" | "20130252575" | "20140033230" | "20140253663" | "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |
| S32 | 5 | message and S31 | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |

| S33 | 0 | Aodge.inv. near2 Stephen | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:30 |
|---|---|---|---|---|---|---|
| S34 | 217 | HODGE.inv. near2 Stephen | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:30 |
| S35 | 6 | S27 AND S34 | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:31 |
| S36 | 4 | ((media with distribut$3) and prison and video and visitat$3 ).CLM. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/08/30 19:34 |
| S37 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:35 |
| S38 | 19 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/08/30 19:36 |
| S39 | 50 | (("3585973") or ("3595600") or ("3812254") or ("3848993") or ("3869394") or ("3884705") or ("4018939") or ("4054740") or ("4088498") or ("4104370") or ("4110176") or ("4120851") or ("4142927") or ("4162279") or ("4163855") or ("4177300") or ("4242818") or ("4243228") or ("4243243") or ("4243256") or ("4243423") or ("4243437") or ("4244939") or ("4246013") or ("4246296") or ("4246298") or ("4248007") or ("4248615") or ("4249336") or ("4249684") or ("4250086") or ("4250162") or ("4251850") or ("4253166") or ("4253178") or ("4253732") or ("4254037") or ("4254038") or ("4256668") or ("4256976") or ("4257373") or ("4258550") or ("4258591") or ("4259000") or ("4259172") or ("4259710") or ("4260506") or ("4260744") or ("4286481") or ("5889386")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2018/08/30 19:37 |
| S40 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:25 |
| S41 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/10/09 09:25 |
| S42 | 24 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:26 |
| S43 | 3 | "20040257473" | US-PGPUB; | OR | ON | 2019/10/09 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 09:26 |
| S44 | 3 | "20120262271" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:28 |
| S45 | 2 | "20040172652" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:28 |
| S46 | 7 | "20140033230" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:30 |
| S47 | 28 | ("20060280177" \| "20080201158" \| "20090002405" \| "20100094878" \| "20110065419" \| "20110237221" \| "20110249073" \| "20110307548" \| "20120324244" \| "20140215391" \| "20140267547" \| "20140270126" \| "20140273929" \| "20150188925" \| "20170272435" \| "20170272440" \| "6734900" \| "6810527" \| "7027659" \| "7911513" \| "8537981" \| "8832374" \| "8917848" \| "8929525" \| "9083850" \| "9106789" \| "9332014" \| "9674198").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:33 |
| S48 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:34 |
| S49 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:34 |

1/2/2020 3:53:34 PM
C:\Users\azenati\Documents\EAST\Workspaces\case_15603095.wsp

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventor: Stephen L. HODGE | Confirmation No.: 5053 |
| Applicant: Global Tel*Link Corporation | Art Unit: 2656 |
| Application No.: 16/246,101 | Examiner: ZENATI, Amal S |
| Filing Date: January 11, 2019 | Atty. Docket: 3210.0980004 |

Title: **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

## Amendment and Reply Under 37 C.F.R. § 1.111

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

In reply to the Office Action dated October 15, 2019, Applicant submits the following Amendment and Remarks.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks and Arguments** begin on page 7 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 38040052 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 16-DEC-2019 |
| **Filing Date:** | 11-JAN-2019 |
| **Time Stamp:** | 16:34:18 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 2019-12-16-Miscellaneous-Letter-3210-0980004.pdf | 295093 4af83ba690cc3f8d0f6f583d9b6082c6dca84b22 | no | 1 |

**Warnings:**

**Information:**

| 2 | | | 2019-12-16-Amendment-Reply-111-3210-0980004.pdf | 160035 | yes | 9 |
|---|---|---|---|---|---|---|
| | | | | c4040d438f3352c0556ca9195af27b22583f4da5 | | |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Applicant Arguments/Remarks Made in an Amendment | 7 | 9 |
| Claims | 2 | 6 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 455128 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

December 16, 2019

Commissioner for Patents                          *Confirmation No. 5053*
PO Box 1450                                                  *Art Unit 2656*
Alexandria, VA  22313-1450                    *Attn:  Mail Stop Amendment*

        Re:    U.S. Utility  Patent Application
               Appl. No. 16/246,101; Filing Date: January 11, 2019
               For:    **CONTROLLED ENVIRONMENT MEDIA AND
                       COMMUNICATION SYSTEM**
               Inventor:  Stephen  L. HODGE
               Our Ref:  3210.0980004

Commissioner:

        Transmitted  herewith  for  appropriate  action  is  a  document  entitled  ***Amendment  and
Reply  Under 37 C.F.R.  § 1.111***, which is submitted electronically.

        In the event that extensions of time are necessary to prevent abandonment of this patent
application, then such extensions of time are hereby petitioned.

        The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency
and any additional fees required to continue prosecution or appeal of this application (including
issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to
our Deposit Account No. 19-0036.

                              Respectfully submitted,

                              STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                              /Lauren C. Schleh/

                              Lauren C. Schleh
                              Attorney for Applicant
                              Registration No. 65,457

LCS/crb
Enclosure(s)

14281933_1

- 7 -

Reply to Office Action of October 15, 2019

Stephen L. HODGE
Application No. 16/246,101

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 21-35 are pending in the application, with claims 21 and 31 being independent.  By this Amendment, claims 21 and 31 are sought to be amended. Applicant respectfully reserves the right to prosecute similar or broader claims, with respect to the canceled and/or amended claims, in the future.  These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

### *Rejection under 35 U.S.C. § 103*

The Office Action rejects claims 21-35 under 35 U.S.C. § 103 as allegedly being unpatentable over U.S. Patent Application Publication No. 2012/0262271 to Torgersrud *et al.* in view of U.S. Patent Application Publication No. 2004/0172652 to Fisk *et al.* This rejection is respectfully traversed.

The applied references fail to disclose and would not have rendered obvious at least "a media distribution server configured to receive media from a plurality of media sources, generate a catalog of the received media based on the plurality of media sources and metadata associated with the received media, and make the media available on a network via the catalog, the plurality of media sources including a real-time media source and an on-demand media source," as recited in independent claim 1.

Atty. Dkt. No. 3210.0980004

- 8 -
Stephen L. HODGE
Reply to Office Action of October 15, 2019
Application No. 16/246,101

The Office Action alleges that Torgersrud discloses the claimed media distribution system. Office Action, p. 2. Specifically, Torgersrud discloses an audio-video platform that provides "entertainment services, and social networking." Torgersrud, ¶ [0022]. However, Torgersrud does not provide any details regarding these "entertainment services." For example, Torgersrud, merely discloses that video for a video conference may be "transmitted through a local media server at the facility" (*Id.* at ¶ [0084]), and that "the platform 225 may prevent a resident from accessing certain kiosk features, such as entertainment features." *Id.* at ¶ [0041]. Torgersrud is silent with respect to acquiring media from multiple sources, cataloging the media, and distributing the media. Therefore, Torgersrud fails to at least disclose the above limitation, as well as several of the other limitations in the claims. Fisk is also silent with respect to these features, and therefore fails to at least cure Torgersrud's deficiencies.

For at least similar reasons, the applied references also fail to disclose and would not have rendered obvious at least "a media distribution server configured to receive media from a plurality of media sources, generate a catalog of the received media based on the plurality of media sources and metadata associated with the received media, and make the media available on a network via the catalog, the plurality of media sources including a real-time media source and an on-demand media source," as recited in independent claim 31.

Reply to Office Action of October 15, 2019

Stephen  L. HODGE
Application No. 16/246,101

## *Conclusion*

All of the stated grounds of rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date:   December 16, 2019

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

14085330_1

Atty. Dkt. No. 3210.0980004

- 2 -

### *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1-20.   (Canceled)

21.     (Currently Amended)  A media distribution system for distributing media and facilitating video visitation within a secured facility, the media distribution system being available to a resident of the secured facility, the media distribution system comprising:

a media distribution server configured to receive media from a plurality of media sources, generate a catalog of the received media based on the plurality of media sources and metadata associated with the received media, and make the media available on a network via the catalog, the plurality of media sources including a real-time media source and an on-demand media source;

encoding the received media;

storing the encoded received media for later distribution;

a video visitation server configured to conduct video visitation sessions between a first video visitation endpoint and a second video visitation endpoint, at least one of the first and second video visitation endpoints having connectivity to the network; and

an access kiosk placed within a residential unit of a secured facility and accessible by the resident, the access kiosk configured to:

communicate with the video visitation server over the network to participate in video visitation sessions with one or more other video visitation endpoints; and

Atty. Dkt. No. 3210.0980004

- 3 -

Stephen L. HODGE
Reply to Office Action of October 15, 2019

Application No. 16/246,101

> display the catalog to the resident;
>
> receive a user selection from the catalog;
>
> receive the encoded media from the media distribution server over the
>
> network based on the user selection; and
>
> playback the selected media for consumption.

22.    (Original)  The system of claim 21, wherein the secured facility is a prison, the resident is an inmate of that prison, and the residential unit of a secured facility is a prison cell.

23.    (Original)  The system of claim 21, wherein the media received from the on-demand video source is video-on-demand media.

24.    (Original)  The system of claim 21, wherein the media received from the real-time media source is broadcast media.

25.    (Original)  The system of claim 24, wherein the network supports multicast routing, the media distribution server utilizes multicast routing to route the broadcast media, and the access kiosk utilizes multicast routing to receive the broadcast media over the network.

26.    (Original)  The system of claim 21, wherein the access kiosk has access to the network only through a secured network segment, the secured network segment being limited to access only the network resources necessary for the access kiosk.

Atty. Dkt. No. 3210.0980004

- 4 -                                              Stephen  L. HODGE
Reply to Office Action of October 15, 2019                Application No. 16/246,101

27.    (Original)  The system of claim 21, wherein the one or more other video visitation endpoints

includes a second access kiosk, the second access kiosk placed within the secured facility

and available to guests of the secured facility.

28.    (Original)  The system of claim 21, further comprising:

an intra-facility communications server with access to the network, the intra-facility

communications server configured to route intra-facility communications on the network;

wherein the access kiosk is further configured to:

receive input indicative of an intra-facility message; and

transmit the intra-facility message to the intra-facility communications server

using the network.

29.    (Original)  The system of claim 21, further comprising:

a voice communications server with access to the network, the voice

communications server configured to route voice communications on the network and one

or more external networks;

wherein the access kiosk is further configured to place and receive voice calls over

the network and one or more external networks utilizing the voice communications server.

30.    (Original)  The system of claim 21, wherein the media distribution server is further

configured to:

retrieve a media restriction file associated with the resident based on authentication

information of the resident; and

Atty. Dkt. No. 3210.0980004

- 5 -                                                                              Stephen  L. HODGE

modify media made available to the resident based on the media restriction file.

31.     (Currently Amended)  A media distribution system for distributing media to a resident of a

secured facility, the media distribution system comprising:

        a media distribution server configured to receive media from a plurality of media

sources, generate a catalog of the received media based on the plurality of media sources

and metadata associated with the received media, and make the media available on a

network via the catalog, the plurality of media sources including a real-time media source

and an on-demand media source;

        encoding the received media;

        storing the encoded received media for later distribution;

        a media playback device associated with the resident and configured to provide an

interface through which the resident can view the catalog, communicate with the media

distribution server, interact with the catalog to make a media selection, and to playback the

selected media received from the media distribution server; and

        a network configured to provide communicative connectivity between the media

playback device and the media distribution server.

32.     (Original)  The system of claim 31, wherein the secured facility is a prison, the resident is an

inmate of that prison, and the residential unit of a secured facility is a prison cell.

- 6 -                                                    Stephen  L. HODGE
Reply to Office Action of October 15, 2019                    Application No. 16/246,101

33.    (Original)  The system of claim 31, wherein the on-demand media source is a video-on-

       demand media source, and the media received from the media distribution server is video-

       on-demand media.

34.    (Original)  The system of claim 31, wherein the real-time media source is a broadcast media

       source, and the media received from the media distribution server is broadcast media.

35.    (Original)  The system of claim 34, wherein the network supports multicast routing, the

       media distribution server utilizes multicast routing to route the broadcast media, and the

       access kiosk utilizes multicast routing to receive the broadcast media over the network.

36-40.  (Canceled)

Atty. Dkt. No. 3210.0980004

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 16/246,101 | Filing Date 01/11/2019 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $460 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 12/16/2019 | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 15 | Minus | ** 20 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $460 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /ALLYSON PURNELL/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

26111          7590          10/15/2019
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| ZENATI, AMAL S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2656 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/15/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

e-office@sternekessler.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 16/246,101 | HODGE, Stephen L. |
| | Examiner | Art Unit | AIA (FITF) Status |
| | AMAL S ZENATI | 2656 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on <u>04 October 2019</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☐ This action is **FINAL.**        2b)☑ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>21-35</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>21-35</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.
11)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or  b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All   b)☐ Some**   c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 16/246,101                                          Page 2
Art Unit: 2656

## DETAILED ACTION

1.      The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.

### *Claim Rejections - 35 USC §103*

2.      The following is a quotation of 35 U.S.C. 103 which forms the basis for
all obviousness rejections set forth in this Office action:

A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention
is not identically disclosed as set forth in section 102, if the differences between the claimed
invention and the prior art are such that the claimed invention as a whole would have been
obvious before the effective filing date of the claimed invention to a person having ordinary skill
in the art to which the claimed invention pertains. Patentability shall not be negated by the manner
in which the invention was made.

        Claims **Claims 21-35** are rejected under 35 U.S.C. 103 as being unpatentable

over **Torgersrud et al** (Pub. No.: US 2012/0262271 A1; hereinafter Torgersrud) in view

of **Fisk et al** (Pub. No.: US 2004/0172652 A1; hereinafter Fisk)

        Consider **claim 21, Torgersrud** discloses a media distribution system for distributing

media and facilitating video visitation within a secured facility, the media distribution system

being available to a resident of the secured facility, the media distribution system comprising: a

media distribution server configured to receive media from a media source and make media

available on a network (paragraphs: 0022, 0026, 0028, 0068, and 0084 and fig. 1); video

visitation server configured to conduct video visitation sessions between a first video visitation

endpoint and a second video visitation endpoint, at least one of the first and second video

visitation endpoints having connectivity to the network (paragraphs: 0028, 0068, and 0084); and

an access kiosk placed within a residential unit of a secured facility and accessible by the

resident, the access kiosk configured to: communicate with the video visitation server over the

Application/Control Number: 16/246,101                                          Page 3
Art Unit: 2656

network to participate in video visitation sessions with one or more other video visitation

endpoints (paragraphs: 0022, 0026, 0028 and fig. 1); and receive media from the media

distribution server over the network and playback the media for consumption (**paragraphs: 0031,**

**0078, 0082, 0084, and 0093-0095); however, Torgersrud** does not specifically teaches a

plurality of media sources and make media available on a network, the plurality of media

sources including a real-time media source and an on-demand media source; encoding the

received media; storing the encoded received media for later distribution.

In the same field of endeavor, **Fisk** clearly discloses wherein a plurality of media

sources and make media available on a network, the plurality of media sources including a real-

time mediasource and an on-demand media source; encoding the received media; storing the

encoded received media for later distribution (paragraphs: 0097-0100).

Therefore, it would have been obvious to a person of ordinary skill in the art at the time

the invention was made to incorporate the teaching of **Fisk** into teaching of **Torgersrud** for the

purpose of implementing a prison cell as a residential unit (paragraph 0079).


Consider **claim 31,  Torgersrud** discloses a media distribution system for distributing

media to a resident of a secured facility, the media distribution system comprising:  a media

playback device associated with the resident and configured to provide an interface through

which the resident can communicate with the media distribution server, and to playback media

received from the media distribution server (paragraphs: 0022, 0026, 0028, 0068, and 0084 and

fig. 1); and a network configured to provide communicative connectivity between the media

playback device and the media distribution server (paragraphs: 0028, 0068, 0084, and **0095);**

however, **Torgersrud** does not specifically teaches a plurality of media sources and make

media available on a network, the plurality of media sources including a real-time media source

and an on-demand media source; encoding the received media; storing the encoded received

media for later distribution.

Application/Control Number: 16/246,101                                    Page 4
Art Unit: 2656

In the same field of endeavor, **Fisk** clearly discloses wherein a plurality of media sources and make media available on a network, the plurality of media sources including a real-time media source and an on-demand media source; encoding the received media; storing the encoded received media for later distribution (paragraphs: 0097-0100).

Therefore, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to incorporate the teaching of **Fisk** into teaching of **Torgersrud** for the purpose of implementing a prison cell as a residential unit (paragraph 0079).

Consider **claims 22 and 32, Torgersrud and Fisk** clearly shows the system, wherein the secured facility is a prison, the resident is an inmate of that prison, and the residential unit of a secured facility is a prison cell (Fisk: paragraphs: 0079; Torgersrud: paragraphs: 0022 and 0039).

Consider **claims 23 and 33, Torgersrud and Fisk** clearly shows the system, wherein the media received from the on-demand video source is video-on-demand media (Fisk: paragraphs: 0079 and 0100; Torgersrud: paragraphs: 0022).

Consider **claim 24**, **Torgersrud and Fisk** clearly shows the system, wherein the media received from the real-time media source is broadcast media (Fisk: paragraphs: 0125, 153, and 0157).

Consider **claim 25, Torgersrud and Fisk** clearly shows the system, wherein the network supports multicast routing, the media distribution server utilizes multicast routing to route the broadcast media, and the access kiosk utilizes multicast routing to receive the broadcast media over the network (Fisk: paragraphs: 0125, 0153, and 0235).

Consider **claim 26**, **Torgersrud and Fisk** clearly shows the system, wherein the access kiosk has access to the network only through a secured network segment, the secured network segment being limited to access only the network resources necessary for the access kiosk (Torgersrud: paragraphs: 0026, 0041- 0040, 0054).

Consider **claim 27**, **Torgersrud and Fisk** clearly shows the system, wherein the one or more other video visitation endpoints includes a second access kiosk, the second access kiosk placed within the secured facility and available to guests of the secured facility. (Torgersrud: paragraphs: 0081-0084).

Consider **claim 28, Torgersrud and Fisk** clearly shows the system, further comprising:   an intra-facility communications server with access to the network, the intra-facility communications server configured to route intra-facility communications on the network; wherein the access kiosk is further configured to: receive input indicative of an intra-facility message; and transmit the intra-facility message to the intra-facility communications server using the network (Torgersrud: paragraphs: 0070-0071).

Consider **claim 29, Torgersrud and Fisk** clearly shows the system, further comprising: a voice communications server with access to the network, the voice communications server configured to route voice communications on the network and one or more external networks; wherein the access kiosk is further configured to place and receive voice calls over the network and one or more external networks utilizing the voice communications server (Torgersrud: paragraphs: 0070-0071).

Consider **claim 30, Torgersrud and Fisk** clearly shows the system, wherein the media distribution server is further configured to: retrieve a media restriction file associated with the resident based on authentication information of the resident; and modify media made

Application/Control Number: 16/246,101                                                Page 6
Art Unit: 2656

available to the resident based on the media restriction file (Torgersrud: paragraphs: 0041 and

0068).

        Consider **claim 33, Torgersrud and Fisk** clearly shows the system, wherein the on-

demand media source is a video-on- demand media source, and the media received from the

media distribution server is video- on-demand media (Fisk: paragraphs: 0079 and 0100;

Torgersrud: paragraphs: 0022).

        Consider **claim 34, Torgersrud and Fisk** clearly shows the system, wherein the real-

time media source is a broadcast media source, and the media received from the media

distribution server is broadcast media (Fisk: paragraphs: 0125, 153, and 0157).

        Consider **claim 35, Torgersrud and Fisk** clearly shows the system, wherein the

network supports multicast routing, the media distribution server utilizes multicast routing to

route the broadcast media, and the access kiosk utilizes multicast routing to receive the

broadcast media over the network (Torgersrud: paragraphs: 0022, 0026, 0028, 0095, and fig.

1).


                                        *Conclusion*


        Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Amal Zenati whose telephone number is 571- 270- 1947**.** The examiner

can normally be reached on 8:00 -5:00 M-F.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Curtis Kuntz can be reached on 571- 272- 7499.  The fax phone number for the

organization where this application or proceeding is assigned is 571- 273-8300.

        Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

Application/Control Number: 16/246,101                                                Page 7
Art Unit: 2656

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov.  Should you have questions on access to the Private

PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).


/AMAL S ZENATI/
Primary Examiner, Art Unit 2656

| *Notice of References Cited* | Application/Control No.<br>16/246,101 | Applicant(s)/Patent Under Reexamination<br>HODGE, Stephen L. | |
|---|---|---|---|
| | Examiner<br>AMAL S ZENATI | Art Unit<br>2656 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20120262271-A1 | 10-2012 | Torgersrud; Richard | G06F21/32 | 340/5.53 |
| * | B | US-20040172652-A1 | 09-2004 | Fisk, Julian Basil | H04L29/06027 | 725/78 |
| * | C | US-20140033230-A1 | 01-2014 | Hanna; Edward J. | G06Q10/06 | 719/313 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/246,101 | HODGE, Stephen L. |
| | **Examiner** | **Art Unit** |
| | AMAL S ZENATI | 2656 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 348 | 014.01 | 10/08/2019 | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Plus and East search | 10/09/2019 | AZ |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

| | |
|---|---|
| | |

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/246,101 | HODGE, Stephen L. |
| | Examiner | Art Unit |
| | AMAL S ZENATI | 2656 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/09/2019 | | | | | | | |
| | 1 | - | | | | | | | |
| | 2 | - | | | | | | | |
| | 3 | - | | | | | | | |
| | 4 | - | | | | | | | |
| | 5 | - | | | | | | | |
| | 6 | - | | | | | | | |
| | 7 | - | | | | | | | |
| | 8 | - | | | | | | | |
| | 9 | - | | | | | | | |
| | 10 | - | | | | | | | |
| | 11 | - | | | | | | | |
| | 12 | - | | | | | | | |
| | 13 | - | | | | | | | |
| | 14 | - | | | | | | | |
| | 15 | - | | | | | | | |
| | 16 | - | | | | | | | |
| | 17 | - | | | | | | | |
| | 18 | - | | | | | | | |
| | 19 | - | | | | | | | |
| | 20 | - | | | | | | | |
| | 21 | ✓ | | | | | | | |
| | 22 | ✓ | | | | | | | |
| | 23 | ✓ | | | | | | | |
| | 24 | ✓ | | | | | | | |
| | 25 | ✓ | | | | | | | |
| | 26 | ✓ | | | | | | | |
| | 27 | ✓ | | | | | | | |
| | 28 | ✓ | | | | | | | |
| | 29 | ✓ | | | | | | | |
| | 30 | ✓ | | | | | | | |
| | 31 | ✓ | | | | | | | |
| | 32 | ✓ | | | | | | | |
| | 33 | ✓ | | | | | | | |
| | 34 | ✓ | | | | | | | |
| | 35 | ✓ | | | | | | | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/18 14:20 |
| S2 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/18 14:21 |
| S3 | 50 | (("3585973") or ("3595600") or ("3812254") or ("3848993") or ("3869394") or ("3884705") or ("4018939") or ("4054740") or ("4088498") or ("4104370") or ("4110176") or ("4120851") or ("4142927") or ("4162279") or ("4163855") or ("4177300") or ("4242818") or ("4243228") or ("4243243") or ("4243256") or ("4243423") or ("4243437") or ("4244939") or ("4246013") or ("4246296") or ("4246298") or ("4248007") or ("4248615") or ("4249336") or ("4249684") or ("4250086") or ("4250162") or ("4251850") or ("4253166") or ("4253178") or ("4253732") or ("4254037") or ("4254038") or ("4256668") or ("4256976") or ("4257373") or ("4258550") or ("4258591") or ("4259000") or ("4259172") or ("4259710") or ("4260506") or ("4260744") or ("4286481") or ("5889386")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/08/18 14:38 |
| S4 | 12 | prison and S1 or S2 | US-PGPUB; USPAT | OR | OFF | 2017/08/18 14:47 |
| S5 | 12 | prison and S1 or S2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2017/08/18 14:47 |
| S6 | 2 | ("20040008825" \| "7822803").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/18 15:33 |
| S7 | 2 | ("20150256677" \| "8990629").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/18 15:34 |
| S8 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2017/08/21 08:21 |
| S9 | 5 | message and S8 | US-PGPUB; USPAT | OR | OFF | 2017/08/21 08:21 |
| S10 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:38 |

| S11 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
|---|---|---|---|---|---|---|
| S12 | 50 | (("3585973") or ("3595600") or ("3812254") or ("3848993") or ("3869394") or ("3884705") or ("4018939") or ("4054740") or ("4088498") or ("4104370") or ("4110176") or ("4120851") or ("4142927") or ("4162279") or ("4163855") or ("4177300") or ("4242818") or ("4243228") or ("4243243") or ("4243256") or ("4243423") or ("4243437") or ("4244939") or ("4246013") or ("4246296") or ("4246298") or ("4248007") or ("4248615") or ("4249336") or ("4249684") or ("4250086") or ("4250162") or ("4251850") or ("4253166") or ("4253178") or ("4253732") or ("4254037") or ("4254038") or ("4256668") or ("4256976") or ("4257373") or ("4258550") or ("4258591") or ("4259000") or ("4259172") or ("4259710") or ("4260506") or ("4260744") or ("4286481") or ("5889386")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/28 09:39 |
| S13 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
| S14 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
| S15 | 12 | prison and S13 or S14 | US-PGPUB; USPAT | OR | OFF | 2017/09/28 09:39 |
| S16 | 2833 | (media with distribut$3 with session) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/09/28 09:41 |
| S17 | 284 | (media with distribut$3) and prison and video | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/09/28 09:42 |
| S18 | 10 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/09/28 09:42 |
| S19 | 2 | "20140033230" | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:08 |
| S20 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |

| S21 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |
|---|---|---|---|---|---|---|
| S22 | 12 | prison and S20 or S21 | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |
| S23 | 12 | prison and S20 or S21 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/01/22 14:22 |
| S24 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 14:22 |
| S25 | 1 | "6753900".pn. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 19:52 |
| S26 | 1 | "8117275".pn. | US-PGPUB; USPAT | OR | OFF | 2018/01/22 19:53 |
| S27 | 19 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/08/30 19:28 |
| S28 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |
| S29 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |
| S30 | 12 | prison and S28 or S29 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/30 19:29 |
| S31 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |
| S32 | 5 | message and S31 | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:29 |
| S33 | 0 | Aodge.inv. near2 Stephen | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:30 |
| S34 | 217 | HODGE.inv. near2 Stephen | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:30 |
| S35 | 6 | S27 AND S34 | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:31 |
| S36 | 4 | ((media with distribut$3) and prison and video and visitat$3 ).CLM. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | ON | 2018/08/30 19:34 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | IBM_TDB | | | |
| S37 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2018/08/30 19:35 |
| S38 | 19 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/08/30 19:36 |
| S39 | 50 | (("3585973") or ("3595600") or ("3812254") or ("3848993") or ("3869394") or ("3884705") or ("4018939") or ("4054740") or ("4088498") or ("4104370") or ("4110176") or ("4120851") or ("4142927") or ("4162279") or ("4163855") or ("4177300") or ("4242818") or ("4243228") or ("4243243") or ("4243256") or ("4243423") or ("4243437") or ("4244939") or ("4246013") or ("4246296") or ("4246298") or ("4248007") or ("4248615") or ("4249336") or ("4249684") or ("4250086") or ("4250162") or ("4251850") or ("4253166") or ("4253178") or ("4253732") or ("4254037") or ("4254038") or ("4256668") or ("4256976") or ("4257373") or ("4258550") or ("4258591") or ("4259000") or ("4259172") or ("4259710") or ("4260506") or ("4260744") or ("4286481") or ("5889386")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2018/08/30 19:37 |
| S40 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:25 |
| S41 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/10/09 09:25 |
| S42 | 24 | (media with distribut$3) and prison and video and visitat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:26 |
| S43 | 3 | "20040257473" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:26 |
| S44 | 3 | "20120262271" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:28 |

| S45 | 2 | "20040172652" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:28 |
| S46 | 7 | "20140033230" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/10/09 09:30 |
| S47 | 28 | ("20060280177" \| "20080201158" \| "20090002405" \| "20100094878" \| "20110065419" \| "20110237221" \| "20110249073" \| "20110307548" \| "20120324244" \| "20140215391" \| "20140267547" \| "20140270126" \| "20140273929" \| "20150188925" \| "20170272435" \| "20170272440" \| "6734900" \| "6810527" \| "7027659" \| "7911513" \| "8537981" \| "8832374" \| "8917848" \| "8929525" \| "9083850" \| "9106789" \| "9332014" \| "9674198").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:33 |
| S48 | 5 | ("20120262271" \| "20130252575" \| "20140033230" \| "20140253663" \| "20150050910").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:34 |
| S49 | 7 | ("20040172652" \| "20050022229" \| "20090013359" \| "20120257583" \| "20130179949" \| "20140218466" \| "20140282898").PN. | US-PGPUB; USPAT | OR | OFF | 2019/10/09 09:34 |

**10/9/2019 9:53:55 PM**
**C:\Users\azenati\Documents\EAST\Workspaces\case_15603095.wsp**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventor: Stephen  L. HODGE | Confirmation No.: 5053 |
| Applicant: Global Tel*Link Corporation | Art Unit: 2656 |
| Application No.: 16/246,101 | Examiner: ZENATI, Amal S |
| Filing Date: January 11, 2019 | Atty. Docket: 3210.0980004 |

Title: **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

## Reply to Restriction Requirement

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

In reply to the office action dated August 8, 2019, requesting an election of one group of claims to prosecute in the above-referenced patent application, Applicant hereby provisionally elects to prosecute **Group I, represented by claims 21-35**. This election is made without prejudice to or disclaimer of the other claims or inventions disclosed.

This election is made without traverse.

Reconsideration and withdrawal of the Restriction Requirement, and consideration and allowance of all pending claims, are respectfully requested.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue

- 2 -

Stephen L. HODGE
Application No. 16/246,101

prosecution or appeal of this application (including issue fee, fees for net addition of claims or

forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-

0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: ___October 4, 2019_____

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
13927767_1

Atty. Dkt. No. 3210.0980004

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 37361653 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 04-OCT-2019 |
| **Filing Date:** | 11-JAN-2019 |
| **Time Stamp:** | 11:39:26 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 2019-10-04-Miscellaneous-Letter-3210-0980004.PDF | 293882<br>8f58fe007e073a6b86f218b96966ab0fa83dbcda | no | 1 |

**Warnings:**

**Information:**

| 2 | Response to Election / Restriction Filed | 2019-10-04-Reply-Restriction-Election-3210-0980004.PDF | 93381 | no | 2 |
|---|---|---|---|---|---|
| | | | e2de544cd4c96a36fad5f9a5cfe72b6b0ff6da0 | | |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| | | Total Files Size (in bytes): | 387263 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

October 4, 2019

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 5053*
*Art Unit 2656*

      Re:    U.S. Utility Patent Application
               Appl. No. 16/246,101; Filing Date: January 11, 2019
               For:   **CONTROLLED ENVIRONMENT MEDIA AND
                         COMMUNICATION SYSTEM**
               Inventor:  Stephen L. HODGE
               Our Ref:  3210.0980004

Commissioner:

      Transmitted herewith for appropriate action is a document entitled *Reply to Restriction Requirement*, which is submitted electronically.

      In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

      The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

                  Respectfully submitted,

                  STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                  /Lauren C. Schleh/

                  Lauren C. Schleh
                  Attorney for Applicant
                  Registration No. 65,457

LCS/crb
Enclosure(s)

13935388_1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 | 5053 |

26111         7590         08/08/2019
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| ZENATI, AMAL S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2656 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/08/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

e-office@sternekessler.com

| *Office Action Summary* | Application No.<br>16/246,101 | | Applicant(s)<br>HODGE, Stephen L. | |
|---|---|---|---|---|
| | Examiner<br>AMAL S ZENATI | | Art Unit<br>2656 | AIA (FITF) Status<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>2</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on <u>11 January 2019</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL**.    2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>21-40</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☐ Claim(s) _____ is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☑ Claim(s) <u>21-40</u> are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All   b)☐ Some**   c)☐ None of the:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
  Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Application/Control Number: 16/246,101                                          Page 2
Art Unit: 2656

### Notice of Pre-AIA or AIA Status

1.     The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.


### DETAILED ACTION

## *Election/Restriction*

2.     Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.     Claims 21-35, drawn to a system for media distribution system for distributing

media and facilitating video visitation within a secured facility, receive media from the

media distribution server over the network and playback the media for consumption

(class/subclass 379/221.060).

II.     Claims 36 - 40, drawn to a system for a media distribution server configured to:

receive a plurality of media items from at least one media source; **generate a**

**catalog** of the received plurality of media items (class/subclass 707/737).



2.     The inventions are distinct, each from the other because of the following reasons:

Inventions I, and II are unrelated.  Inventions are unrelated if it can be shown that they are

not disclosed as capable of use together, or they have different modes of operation, or they

have different functions, or they have different effects  (MPEP § 806.04, MPEP

§ 808.01).  In the instant case, the different inventions have different functions and different

effects. For example, Invention I related to a system for a system for media distribution

system for distributing media and facilitating video visitation within a secured facility, network

receive media from the media distribution server over the and playback the media for

consumption; and Invention II related to a system for a media distribution server configured

to: receive a plurality of media items from at least one media source; generate a catalog of the received plurality of media items; Thus, Invention of group I is not required Invention of groups II invention has different class/subclass. That clearly indicates that the five inventions have different functions as well as different effects.

3.   Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventor ship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application.  Any amendment of inventor ship must be accompanied by a petition under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(i).

4.   Because these inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by their different classification, these inventions are distinct for the reasons given above and the search required for each Group is not required for other Group, and these inventions are distinct for the reasons given above and have acquired a separate status in the art because of their recognized divergent subject matter, restriction for examination purposes as indicated is proper.

### Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Amal Zenati whose telephone number is **571-270-1947.** The examiner can normally be reached on 8:00 -5:00 M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Curtis Kuntz can be reached on 571- 272- 7499.  The fax phone number for the organization where this application or proceeding is assigned is 571- 273-8300.

Application/Control Number: 16/246,101                                        Page 4
Art Unit: 2656

      Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov.  Should you have questions on access to the Private

PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).


    /AMAL S ZENATI/
    Primary Examiner, Art Unit 2656



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 |

**CONFIRMATION NO. 5053**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**PUBLICATION NOTICE**



*OC000000109742964*

**Title:** CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

**Publication No.** US-2019-0222889-A1
**Publication Date:** 07/18/2019

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number |
|---|
| 16/246,101 |

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 300 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 660 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 760 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | | | OR | x 100 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 | minus 3 = * | | | | x 460 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1720 |

### APPLICATION AS AMENDED - PART II

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT A** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | | 1880 | 3210.0980004 | 20 | 3 |

**CONFIRMATION NO. 5053**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**UPDATED FILING RECEIPT**


OC000000107283000

Date Mailed: 04/11/2019

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**
Stephen L. HODGE, Aubrey, TX;

**Applicant(s)**
Global Tel*Link Corporation, Reston, VA;

**Assignment For Published Patent Application**
Global Tel*Link Corporation, Reston, VA

**Power of Attorney:** The patent practitioners associated with Customer Number 26111

**Domestic Priority data as claimed by applicant**
This application is a CON of 15/603,095 05/23/2017 PAT 10182254
which is a DIV of 15/148,880 05/06/2016 ABN

**Foreign Applications** for which priority is claimed  (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)  - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 02/05/2019

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 16/246,101**

**Projected Publication Date:** 07/18/2019

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventor:  Stephen L. HODGE | Confirmation No.:  5053 |
| Applicant:  Global Tel*Link Corporation | Art Unit: 2656 |
| Application No.:  16/246,101 | Examiner: To Be Assigned |
| (*Continuation of Appl. No. 15/603,095; Filed: May 23, 2017*) | Atty. Docket:  3210.0980004 |
| Filing Date:  January 11, 2019 | |

Title:  **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

## Preliminary Amendment Under 37 C.F.R. § 1.115

Commissioner for Patents                                                *Mail Stop Amendment*
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

    In advance of prosecution, Applicant submits the following Amendment and Remarks.

    Amendments to the Claims begins on page 2 of this paper.

    Remarks and Arguments begin on page 8 of this paper.

    It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                          Stephen L. HODGE
                                              Application No. 16/246,101

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1-20.   (Canceled)

21.     (Original)  A media distribution system for distributing media and facilitating video visitation within a secured facility, the media distribution system being available to a resident of the secured facility, the media distribution system comprising:

       a media distribution server configured to receive media from a plurality of media sources and make media available on a network, the plurality of media sources including a real-time media source and an on-demand media source;

       encoding the received media;

       storing the encoded received media for later distribution;

       a video visitation server configured to conduct video visitation sessions between a first video visitation endpoint and a second video visitation endpoint, at least one of the first and second video visitation endpoints having connectivity to the network; and

       an access kiosk placed within a residential unit of a secured facility and accessible by the resident, the access kiosk configured to:

              communicate with the video visitation server over the network to participate in video visitation sessions with one or more other video visitation endpoints; and

              receive the encoded media from the media distribution server over the network; and

Atty. Dkt. No. 3210.0980004

- 3 -                                       Stephen L. HODGE
                                      Application No. 16/246,101

playback the media for consumption.

22.   (Original)  The system of claim 21, wherein the secured facility is a prison, the resident is an

inmate of that prison, and the residential unit of a secured facility is a prison cell.

23.   (Original)  The system of claim 21, wherein the media received from the on-demand video

source is video-on-demand media.

24.   (Original)  The system of claim 21, wherein the media received from the real-time media

source is broadcast media.

25.   (Original)  The system of claim 24, wherein the network supports multicast routing, the

media distribution server utilizes multicast routing to route the broadcast media, and the

access kiosk utilizes multicast routing to receive the broadcast media over the network.

26.   (Original)  The system of claim 21, wherein the access kiosk has access to the network only

through a secured network segment, the secured network segment being limited to access

only the network resources necessary for the access kiosk.

27.   (Original)  The system of claim 21, wherein the one or more other video visitation endpoints

includes a second access kiosk, the second access kiosk placed within the secured facility

and available to guests of the secured facility.

28.   (Original)  The system of claim 21, further comprising:

an intra-facility communications server with access to the network, the intra-facility

communications server configured to route intra-facility communications on the network;

      wherein the access kiosk is further configured to:

            receive input indicative of an intra-facility message; and

            transmit the intra-facility message to the intra-facility communications server

using the network.

29.    (Original)  The system of claim 21, further comprising:

      a voice communications server with access to the network, the voice

communications server configured to route voice communications on the network and one

or more external networks;

      wherein the access kiosk is further configured to place and receive voice calls over

the network and one or more external networks utilizing the voice communications server.

30.    (Original)  The system of claim 21, wherein the media distribution server is further

configured to:

retrieve a media restriction file associated with the resident based on authentication

information of the resident; and

modify media made available to the resident based on the media restriction file.

31.    (Original)  A media distribution system for distributing media to a resident of a secured

      facility, the media distribution system comprising:

a media distribution server configured to receive media from a plurality of media

sources and make media available on a network, the plurality of media sources including a

real-time media source and an on-demand media source;

encoding the received media;

storing the encoded received media for later distribution;

a media playback device associated with the resident and configured to provide an

interface through which the resident can communicate with the media distribution server,

and to playback media received from the media distribution server; and

a network configured to provide communicative connectivity between the media

playback device and the media distribution server.

32.    (Original)  The system of claim 31, wherein the secured facility is a prison, the resident is an

inmate of that prison, and the residential unit of a secured facility is a prison cell.

33.    (Original)  The system of claim 31, wherein the on-demand media source is a video-on-

demand media source, and the media received from the media distribution server is video-

on-demand media.

34.    (Original)  The system of claim 31, wherein the real-time media source is a broadcast media

source, and the media received from the media distribution server is broadcast media.

- 6 -                                             Stephen L. HODGE
                                                  Application No. 16/246,101

35.     (Original)  The system of claim 34, wherein the network supports multicast routing, the

        media distribution server utilizes multicast routing to route the broadcast media, and the

        access kiosk utilizes multicast routing to receive the broadcast media over the network.


36.     (Original)  A media distribution system for distributing media to a resident of a secured

facility, the media distribution system comprising:

        a network;

        a media distribution server configured to:

                receive a plurality of media items from a plurality of media sources, the plurality of

media sources including a real-time media source and an on-demand media source;

                encode the received plurality of media items;

                store the encoded plurality of media items;

                generate a catalog of the received plurality of media items;

                make the received plurality of media items and the catalog accessible on the

network; and

        a media playback device associated with the resident configured to:

                provide the resident with an interface by which the resident accesses the media

distribution server and view the catalog;

                receive a selected media item from the media distribution server based on a selection

of the resident; and

                playback the received selected media item.

37.    (Original)  The media distribution system of claim 36, wherein the media playback device is further configured to:

      acquire authentication information from the resident;

      authenticate the resident based on the received authentication information; and

      provide access to the media playback device after successful authentication.

38.    (Original)  The media distribution system of claim 37, wherein the media playback device is further configured to forward the authentication information to the media distribution server, and

      wherein the media distribution server is further configured to authenticate the resident based on the authentication information.

39.    (Original)  The media distribution system of claim 38, wherein the media distribution server is further configured to retrieve a media restriction file associated with the resident based on the authentication information.

40.    (Original)  The media distribution system of claim 39, wherein the media distribution server is further configured to modify the catalog based on the media restriction file prior to making the catalog available to the resident.

- 8 -

Stephen L. HODGE
Application No. 16/246,101

## *Remarks*

Upon entry of the foregoing amendment, claims 21-40 are pending in the application, with claims 21, 31 and 36 being independent. By this Amendment, claims 21-40 are added and claims 1-20 are canceled without prejudice to or disclaimer of the subject matter therein. These changes are believed to introduce no new matter, and their entry is respectfully requested.

## *Conclusion*

Prompt and favorable consideration of this Preliminary Amendment is respectfully requested. Applicant believes the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/LAUREN C. SCHLEH/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: __April 10, 2019_____

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
13001622_1

Atty. Dkt. No. 3210.0980004

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 35684356 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 10-APR-2019 |
| **Filing Date:** | 11-JAN-2019 |
| **Time Stamp:** | 17:09:39 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 2019-04-10-Miscellaneous-Letter-3210-0980004.pdf | 295414<br>90e4e606cf7897b3df95a1211f3a188f48d9a ec1e | no | 1 |

**Warnings:**

**Information:**

| 2 | | 2019-04-10-Preliminary-Amendment-3210-0980004.pdf | 157771<br>de8b37893086d673b0043ecddfe12cd6f1bd6e8 | yes | 8 |
|---|---|---|---|---|---|

| **Multipart Description/PDF files in .zip description** | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Preliminary Amendment | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 8 |

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 453185 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

April 10, 2019

Commissioner for Patents                                    *Confirmation No. 5053*
PO Box 1450                                                              *Art Unit 2656*
Alexandria, VA  22313-1450                          *Attn:  Mail Stop Amendment*

   Re: U.S. Utility  Patent Application
     Appl. No. 16/246,101; Filing Date: January 11, 2019
     For: **CONTROLLED ENVIRONMENT MEDIA AND**
        **COMMUNICATION SYSTEM**
     Inventor:  Stephen L. HODGE
     Our Ref:  3210.0980004

Commissioner:

   Transmitted herewith for appropriate action is a document entitled ***Preliminary Amendment Under 37 C.F.R. § 1.115***, which is submitted electronically.

   In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

   The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

        Respectfully submitted,

        STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

        /Lauren C. Schleh/

        Lauren C. Schleh
        Attorney for Applicant
        Registration No. 65,457

LCS/crb
Enclosure(s)

13006882_1



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

April 8, 2019

Commissioner for Patents                    *Confirmation No. 5053*
PO Box 1450                                  *Mail Stop Missing Parts*
Alexandria, VA  22313-1450

Re:    U.S. Patent Application
       Appl. No. 16/246,101; Filed:  January 11, 2019
       For:    **CONTROLLED ENVIRONMENT MEDIA AND
               COMMUNICATION SYSTEM**
       Inventor:  Stephen  L.  HODGE
       Our Ref:  3210.0980004

Commissioner:

In reply to the "Notice to File Missing Parts of Non-Provisional Application," dated February 7, 2019, Applicant transmits the following document for appropriate action by the U.S. Patent and Trademark Office:

1.     Online Credit Card Payment Authorization for **$1,880** to cover:
       $ 1,720.00 Patent Application fee (including basic filing, search and examination fees); and
       $   160.00 Surcharge for late filing fee or late Oath or Declaration.

The above-listed documents are filed electronically.

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.  If extensions of time under 37 C.F.R. § 1.136 other than those otherwise provided for herewith are required to prevent abandonment of the present patent application, then such extensions of time are hereby petitioned, and any fees therefor are hereby authorized to be charged to our Deposit Account No. 19-0036.

                              Respectfully submitted,
                              STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.


                              /Lauren C. Schleh/


                              Lauren C. Schleh
                              Attorney for Applicant
                              Registration No. 65,457

LCS/crb
Enclosure(s)                                              12984639_1

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 16246101 |
| **Filing Date:** | 11-Jan-2019 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Attorney Docket Number:** | 3210.0980004 |

Filed as Large Entity

Filing Fees for **Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY APPLICATION FILING | 1011 | 1 | 300 | 300 |
| UTILITY SEARCH FEE | 1111 | 1 | 660 | 660 |
| UTILITY EXAMINATION FEE | 1311 | 1 | 760 | 760 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| LATE FILING FEE FOR OATH OR DECLARATION | 1051 | 1 | 160 | 160 |
| **Petition:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **1880** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 35651923 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 08-APR-2019 |
| **Filing Date:** | 11-JAN-2019 |
| **Time Stamp:** | 17:11:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1880 |
| RAM confirmation Number | 040919INTEFSW17115300 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant Response to Pre-Exam Formalities Notice | 2019-04-08-Reply-Missing-Parts-3210-0980004.pdf | 281557<br><br>60055b42e4a66b9d240ee119bc08df755d9 8e667 | no | 1 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 37105<br><br>0ef95a19cc5f5ee821653ea775543c713135 5c5c | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 318662 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/246,101 | 01/11/2019 | Stephen L. HODGE | 3210.0980004 |

**CONFIRMATION NO. 5053**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FORMALITIES LETTER**

*OC000000105635852*

Date Mailed: 02/07/2019

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The statutory basic filing fee is missing.
- The application search fee must be submitted.
- The application examination fee must be submitted.
- Surcharge as set forth in 37 CFR 1.16(f) must be submitted.
  The surcharge is due for any one of:
    - late submission of the basic filing fee, search fee, or examination fee,
    - late submission of inventor's oath or declaration,
    - filing an application that does not contain at least one claim on filing, or
    - submission of an application filed by reference to a previously filed application.

**SUMMARY OF FEES DUE:**

The fee(s) required within **TWO MONTHS** from the date of this Notice to avoid abandonment is/are itemized below. No entity status discount is in effect. If applicant is qualified for small entity status, a written assertion of small entity status must be submitted to establish small entity status. (See 37 CFR 1.27). If applicant is qualified for micro entity status, an acceptable Certification of Micro Entity Status must be submitted to establish micro entity status. (See 37 CFR 1.29 and forms PTO/SB/15A and 15B.)

- $ **300** basic filing fee.
- $ **160** surcharge.
- $ **660** search fee.
- $ **760** examination fee.
- $( **0**) previous unapplied payment amount.
- $ **1880** TOTAL FEE BALANCE DUE.

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

Replies should be mailed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web, including a copy of this Notice and selecting the document description "Applicant response to Pre-Exam Formalities Notice". https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at 1-866-217-9197 or visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/nhassani/
_____



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 16/246,101 | 01/11/2019 | | 0.00 | 3210.0980004 | 20 | 3 |

**CONFIRMATION NO. 5053**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FILING RECEIPT**

||||||||||||||||||||||||||||||||||
OC000000105635851

Date Mailed: 02/07/2019

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**
Stephen L. HODGE, Aubrey, TX;

**Applicant(s)**
Global Tel*Link Corporation, Reston, VA;

**Assignment For Published Patent Application**
Global Tel*Link Corporation, Reston, VA

**Power of Attorney:** The patent practitioners associated with Customer Number <u>26111</u>

**Domestic Priority data as claimed by applicant**
This application is a CON of 15/603,095 05/23/2017 PAT 10182254
which is a DIV of 15/148,880 05/06/2016 ABN

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 02/05/2019

page 1 of 3

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 16/246,101**

**Projected Publication Date:** To Be Determined - pending completion of Missing Parts

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

# PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number |
|---|
| 16/246,101 |

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE($) | FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 300 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 660 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 760 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | | | OR | x 100 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 | minus 3 = * | | | | x 460 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1720 |

## APPLICATION AS AMENDED - PART II

### AMENDMENT A

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

### AMENDMENT B

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

PTO/AIA/15 (10-17)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | 3210.0980004 |
| First Named Inventor | Stephen L. HODGE |
| Title | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| Priority Mail Express® Label No. | |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

**ADDRESS TO:** Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### ACCOMPANYING APPLICATION PAPERS

1. [ ] **Fee Transmittal Form** (PTO/SB/17 or equivalent)
2. [ ] **Applicant asserts small entity status.** See 37 CFR 1.27
3. [ ] **Applicant certifies micro entity status.** See 37 CFR 1.29. Applicant must attach form PTO/SB/15A or B or equivalent.
4. [✓] **Specification** [Total Pages 30] Both the claims and abstract must start on a new page. *(See MPEP § 608.01(a) for information on the preferred arrangement)*
5. [✓] **Drawing(s)** (35 U.S.C. 113) [Total Sheets 4]
6. **Inventor's Oath or Declaration** [Total Pages 1] *(including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))*
   - a. [ ] Newly executed (original or copy)
   - b. [✓] A copy from a prior application (37 CFR 1.63(d))
7. [✓] **Application Data Sheet** *See note below.* See 37 CFR 1.76 (PTO/AIA/14 or equivalent)
8. [ ] **CD-ROM or CD-R** in duplicate, large table, or Computer Program (*Appendix*)
   - [ ] Landscape Table on CD
9. **Nucleotide and/or Amino Acid Sequence Submission** *(if applicable, items a. – c. are required)*
   - a. [ ] Computer Readable Form (CRF)
   - b. [ ] Specification Sequence Listing on:
     - i. [ ] CD-ROM or CD-R (2 copies); or
     - ii. [ ] Paper
   - c. [ ] Statements verifying identity of above copies

10. [ ] **Assignment Papers** (cover sheet & document(s)) Name of Assignee Global Tel*Link Corporation
11. [ ] **37 CFR 3.73(c) Statement** *(when there is an assignee)*    [✓] **Power of Attorney**
12. [ ] **English Translation Document** *(if applicable)*
13. [ ] **Information Disclosure Statement** (PTO/SB/08 or PTO-1449)
   - [ ] Copies of citations attached
14. [ ] **Preliminary Amendment**
15. [ ] **Return Receipt Postcard** *(MPEP § 503) (Should be specifically itemized)*
16. [ ] **Certified Copy of Priority Document(s)** *(if foreign priority is claimed)*
17. [ ] **Nonpublication Request** Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.
18. [✓] **Other:** Authorization under 37 CFR 1.136(a)(3)

***Note:** (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[✓] The address associated with Customer Number: 26111      OR    [ ] Correspondence address below

| Name | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Country | | Telephone | | Email | |

| Signature | /Lauren C. Schleh/ | Date | January 11, 2019 |
|---|---|---|---|
| Name (Print/Type) | Lauren C. Schleh | Registration No. (Attorney/Agent) | 65,457 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

10547396

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent.  Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventor: Stephen L. HODGE | Confirmation No.: To Be Assigned |
| Applicant: Global Tel*Link Corporation | Art Unit: To Be Assigned |
| Application No.: To Be Assigned | Examiner: To Be Assigned |
| (*Continuation of Appl. No. 15/603,095; Filed: May 23, 2017*) | Atty. Docket: 3210.0980004 |
| Filed: Herewith | |

Title: **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

## Authorization to Treat a Reply as Incorporating an Extension of Time Under 37 C.F.R. § 1.136(a)(3)

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

The U.S. Patent and Trademark Office is hereby authorized to treat any concurrent or future reply that requires a petition for an extension of time under this paragraph for its timely submission, as incorporating a petition for extension of time for the appropriate length of time. The U.S. Patent and Trademark Office is hereby authorized to charge all required extension of time fees to our Deposit Account No. 19-0036, if such fees are not otherwise provided for in such reply.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: ___January 11, 2019___

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

10547858_1

PTO/AIA/14 (02-18)
Approved for use through 03/01/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2  (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | | Remove |
|---|---|---|---|---|

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Stephen | L. | HODGE | |

| Residence Information (Select One) | ● US Residency | Non US Residency | Active US Military Service |
|---|---|---|---|

| City | Aubrey | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 12184 FM 428 | | |
|---|---|---|---|
| Address 2 | | | |
| City | Aubrey | State/Province | TX |
| Postal Code | 76227 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. [Add]

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

☐ An Address is being provided for the correspondence Information of this application.

| Customer Number | 26111 | | |
|---|---|---|---|
| Email Address | | Add Email | Remove Email |

## Application Information:

| Title of the Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM | |
|---|---|---|
| Attorney Docket Number | 3210.0980004 | Small Entity Status Claimed ☐ |
| Application Type | Nonprovisional | |
| Subject Matter | Utility | |
| Total Number of Drawing Sheets (if any) | 4 | Suggested Figure for Publication (if any) | |

PTO/AIA/14 (02-18)
Approved for use through 04/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a).  Do not complete this section if application papers including a specification and any drawings are being filed.  Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐    Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐    **Request Not to Publish.**  I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify  that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a  multilateral international agreement, that requires publication at eighteen months after filing.

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ● Customer Number | US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 26111 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending ▼ | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Continuation of ▼ | 15/603095 | 2017-05-23 |

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

| Prior Application Status | Abandoned ▼ | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 15603095 | Division of ▼ | 15/148880 | 2016-05-06 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.          [ Add ]

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.          [ Add ]

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

[ ]   This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
| | Application Number | |
| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM | |

## Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE**: Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| Applicant | 1 | | Remove |
|---|---|---|---|

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

| | ▼ |
|---|---|

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

If the Applicant is an Organization check here. ☒

| Organization Name | Global Tel*Link Corporation |
|---|---|

**Mailing Address Information For Applicant:**

| Address 1 | 12021 Sunset Hills Road, Suite 100 | | |
|---|---|---|---|
| Address 2 | | | |
| City | Reston | State/Province | VA |
| Country | US | Postal Code | 20190 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.    Add

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

## Assignee 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

Remove

| If the Assignee or Non-Applicant Assignee is an Organization check here. | ☒ |
|---|---|

| Organization Name | Global Tel*Link Corporation |
|---|---|

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | 12021 Sunset Hills Road, Suite 100 | | |
|---|---|---|---|
| Address 2 | | | |
| City | Reston | State/Province | VA |
| Country i | US | Postal Code | 20190 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.     Add

## Signature:                                                                    Remove

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| Signature | /Lauren C. Schleh/ | | Date (YYYY-MM-DD) | 2019-01-11 |
|---|---|---|---|---|
| First Name | Lauren C. | Last Name | Schleh | Registration Number | 65,457 |

Additional Signature may be generated within this form by selecting the Add button.     Add

PTO/AIA/14 (02-18)
Approved for use through 08/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0980004 |
|---|---|---|
| | Application Number | |

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1   The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.   A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3   A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.   A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.   A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.   A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.   A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.   A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.   A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

3210.0980000

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to: [X] The attached application, or

[ ] United States application or PCT international application number _____

filed on _____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Stephen L. HODGE          Date (Optional): S / S / 2016

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

2806302          If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| Application Number | To Be Assigned |
|---|---|
| Filing Date | Herewith |
| First Named Inventor | Stephen L. HODGE |
| Title | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | 3210.0980004 |

### SIGNATURE of Applicant or Patent Practitioner

| Signature | /Lauren C. Schleh/ | Date (Optional) | |
|---|---|---|---|
| Name | Lauren C. Schleh | Registration Number | 65,457 |
| Title (if Applicant is a juristic entity) | Attorney for Applicant | | |
| Applicant Name (if Applicant is a juristic entity) | Global Tel*Link Corporation | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☑ *Total of 1 forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| | |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[X] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

> 26111

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:

[X] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:     26111

OR

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

Global Tel*Link Corporation

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[X] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 9-29-2015 |
|---|---|---|---|
| Name | Stephen Hodge | | |
| Title | Senior Vice President, Research and Development | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications, if more than one applicant, use multiple forms.

[X] Total of    1    forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

2043372.1

# CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM

Inventor: Stephen L. HODGE

# BACKGROUND

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]      This application is a continuation of U.S. Patent Application No. 15/603,095, filed on May 23, 2017, which is a divisional of U.S. Patent Application No. 15/148,880, filed on May 6, 2016, now abandoned, which is incorporated by reference herein in its entirety.

Field

[0002]      The disclosure relates to methods and systems for delivery of multimedia content and other communications services in secured facilities.

Background

[0003]      American prisons house millions of individuals in controlled environments all over the country. The rights of these prisoners are largely restricted for a number of reasons, such as for their safety and the safety of others, the prevention of additional crimes, as well as simple punishment for crimes committed. However, these prisoners are still entitled to a number of amenities that vary depending on the nature of their crimes. Such amenities may include phone calls, commissary purchases, access to libraries, digital media streaming, as well as others.

# BRIEF DESCRIPTION OF THE DRAWINGS/FIGURES

[0004]      Embodiments are described with reference to the accompanying drawings.  In the drawings, like reference numbers indicate identical or functionally similar elements. Additionally, the left most digit(s) of a reference number identifies the drawing in which the reference number first appears.

- 2 -

[0005]     Fig. 1 is an overview of a controlled environment media and communication system according to an embodiment;

[0006]     Fig. 2 is an illustration of an access kiosk according to an embodiment;

[0007]     Fig. 3 is an illustration of an access kiosk according to an embodiment;

[0008]     Fig. 4 is an illustration of an access kiosk according to an embodiment.

## DETAILED DESCRIPTION

[0009]     The following Detailed Description refers to accompanying drawings to illustrate exemplary embodiments consistent with the disclosure. References in the Detailed Description to "one exemplary embodiment," "an exemplary embodiment," "an example exemplary embodiment," etc., indicate that the exemplary embodiment described may include a particular feature, structure, or characteristic, but every exemplary embodiment may not necessarily include the particular feature, structure, or characteristic. Moreover, such phrases are not necessarily referring to the same exemplary embodiment. Further, when a particular feature, structure, or characteristic is described in connection with an exemplary embodiment, it is within the knowledge of those skilled in the relevant art(s) to affect such feature, structure, or characteristic in connection with other exemplary embodiments whether or not explicitly described.

[0010]     The exemplary embodiments described herein are provided for illustrative purposes, and are not limiting. Other exemplary embodiments are possible, and modifications may be made to the exemplary embodiments within the spirit and scope of the disclosure. Therefore, the Detailed Description is not meant to limit the invention. Rather, the scope of the invention is defined only in accordance with the following claims and their equivalents.

[0011]     Embodiments may be implemented in hardware (e.g., circuits), firmware, software, or any combination thereof. Embodiments may also be implemented as instructions stored on a machine-readable medium, which may be read and executed by one or more processors. A machine-readable medium may include any mechanism for storing or transmitting information in a form readable by a machine (e.g., a computing device). For example, a machine-readable medium may include read only memory (ROM); random access memory (RAM); magnetic disk storage media; optical storage media; flash memory devices;

- 3 -

electrical, optical, acoustical or other forms of propagated signals (e.g., carrier waves, infrared signals, digital signals, etc.), and others.  Further, firmware, software, routines, instructions may be described herein as performing certain actions.  However, it should be appreciated that such descriptions are merely for convenience and that such actions in fact results from computing devices, processors, controllers, or other devices executing the firmware, software, routines, instructions, etc.  Further, any of the implementation variations may be carried out by a general purpose computer, as described below.

[0012]    For purposes of this discussion, any reference to the term "module" shall be understood to include at least one of software, firmware, and hardware (such as one or more circuit, microchip, or device, or any combination thereof), and any combination thereof.  In addition, it will be understood that each module may include one, or more than one, component within an actual device, and each component that forms a part of the described module may function either cooperatively or independently of any other component forming a part of the module.  Conversely, multiple modules described herein may represent a single component within an actual device.  Further, components within a module may be in a single device or distributed among multiple devices in a wired or wireless manner.

[0013]    The following Detailed Description of the exemplary embodiments will so fully reveal the general nature of the invention that others can, by applying knowledge of those skilled in relevant art(s), readily modify and/or adapt for various applications such exemplary embodiments, without undue experimentation, without departing from the spirit and scope of the disclosure.  Therefore, such adaptations and modifications are intended to be within the meaning and plurality of equivalents of the exemplary embodiments based upon the teaching and guidance presented herein.  It is to be understood that the phraseology or terminology herein is for the purpose of description and not of limitation, such that the terminology or phraseology of the present specification is to be interpreted by those skilled in relevant art(s) in light of the teachings herein.

[0014]    As discussed above, secured facilities endeavor to provide residents with an ever-growing capability for communication and entertainment. The Controlled Environment Media And Communication System IP-based platform offers significant advantages, including the ability to integrate television, local / network video / audio content, with other

- 4 -

IP-based services like our offender messaging service, VOIP based voice telephone calling, VoIP or WebRTC based video conferencing, or future IP enhanced services as the jurisdictions needs dictate. The IP-based Controlled Environment Media And Communication System will be discussed in more detail below.

[0015]     Network Architecture Overview

[0016]     The Controlled Environment Media And Communication System 100 enables various communications services for residents of a controlled environment. In an embodiment, the controlled environment is a correctional institution such as a prison facility and the residents are inmates or otherwise incarcerated in the correctional institution. In other embodiments, the controlled environment may be any type of facility with a need to control and monitor content consumption such as a hospital, a dormitory, a mental health institution, a hotel, or other such facilities.

[0017]     These types of controlled environments have unique requirements for communications and media distribution that are not present in other, non-controlled environments. First is the need to monitor and control access to communications pathways. Second, the authorities providing media to a controlled environment have a strong interest in censoring the types and subject matter of media content and communications sessions involving residents of the secured facility. Third, a controlled environment communication system operated by a controlled environment jurisdiction or authority must be cost efficient and have the capabilities to recover costs from residents for access to services. Finally, secured facilities have an incentive to provide communications services that are desirable to use and meet the needs of a large resident population. There may be other additional unique concerns and/or requirements in controlled environments that are not discussed here.

[0018]     In a prison, the jurisdiction operating the prison has a strong interest in controlling the consumption and exposure to media and other content. For example, extremely violent media and content is not appropriate for a violent offender. In another example, some media content is associated with particular social movements or gang activity and may be deemed not appropriate for prisoner consumption. Even in the case of appropriate content, prison authorities may control access to media and content, for example as a reward for good

- 5 -

behavior. In these ways, conventional media and communication systems do not address the unique needs and requirements of a system designed for controlled environments.

[0019]       The Controlled Environment Media And Communication System 100 illustrated in FIG. 1 addresses these unique requirements and constraints imposed by the secured facility environment and further supports additional capabilities built on the network capabilities. Central to the Controlled Environment Media And Communication System 100 is Core Network 130. Core Network 130 connects all systems and services in Controlled Environment Media And Communication System 100. Core Network 130 is any suitable data networking system for transmitting data. In an embodiment, Core Network 130 is an Ethernet based network operating over twisted-pair type wires or coaxial-type wires.  Core Network 130 comprises network switching capabilities, networking cabling, and network interfaces for all connected terminals and services. In an embodiment, Core Network 130 is a fiber-optic based network including fiber-optic cables, fiber-optic switches, and other fiber-optic type networking equipment. In another embodiment, Core Network 130 is a wireless radio frequency based network such as Wi-Fi™. In some embodiments, Core Network 130 comprises network segments of disparate technologies, such that some elements of Core Network 130 operate on different networking technology than other components. For example, Core Network 130 may include an Ethernet-based wired segment and a Wi-Fi™-based wireless segment that inter-operate to provide data connectivity and services.

[0020]       There are several different levels of network access in a secured facility, just like there are several different levels of physical access in a secured facility. For example, in a prison secured facility, prison inmates are physically secured within one section of the facility. Another section of the facility may be physically accessible to prison staff and visitors, and finally members of the public may interact with the prison on the outer-most level of physical security, such as a mailman delivering mail. The same analogy holds true for network access within a secured facility.

[0021]       The Core Network 130 contains subsections, or sub-parts that are segmented from one-another for security purposes. Core Network 130 may use networking technologies such as Virtual LAN ("VLAN"), network firewalls, Network Address Translation ("NAT"), or other network partitioning or segmenting techniques to create these subsections. Only

- 6 -

network traffic approved by the jurisdiction operating the Core Network 130 is allowed to traverse network segments by using these techniques. In addition, network segments are physically separated from each other such that an unsecured network is not available in a secured physical location. For example, access to the outermost, least secured network layer is not available to inmates in their cells. Rather, devices in physically secured areas of the facility, such as a prison cell, are only exposed to the appropriate network segment for that secured area.

[0022]     The most secured network segment is Access Network 134. Access Network 134 is the network segment that is available to the most secured locations in the secured facility. For example, Access Network 134 is the network available to inmates in prison cells in a prison secured facility. Next is Edge Network 132. Edge Network 132 is an intermediate network segment available to semi-secured areas of the secured facility such as areas for visitors. Next, Core Network 130 is available to the least-restrictive areas and facilities in the network. Finally, Core Network 130 is connected to one or more external networks, some of which may be a public network. In an embodiment, one external network is the Internet. In other embodiments, Core Network 130 can also interface with public networks other than the Internet as well.

[0023]     The Controlled Environment Media And Communication System 100 includes Authentication Subsystem 129 which authenticates users on the network. In an embodiment, Authentication Subsystem 129 implements the Lightweight Directory Access Protocol (LDAP), providing integration capability with most currently existing authentication systems.

[0024]     In an embodiment, Core Network 130 includes Class of Service ("CoS") administration features. The Core Network 130's Class of Service engine analyzes parameters of data packets to determine the types of payloads contained in the packets. Based on these identifiers, the Core Network 130 can implement Quality of service ("QoS") rules to shape traffic on the Core Network. For example, Core Network 130 may prioritize real-time video communications over simple file transfers to maintain a high quality of video. These features become even more important to the functioning of Core Network 130 when multiple services utilize the network such as media distribution, video visitation, and voice services.

- 7 -

[0025]     <u>User Interface Hardware And Software</u>

[0026]     Users interact with the Controlled Environment Media And Communication System 100 through a range of interfaces. In an embodiment, a kiosk format is used. One kiosk type is an inmate, or in-pod kiosk that is designed to be deployed in a controlled environment accessible to inmates or offenders. The Inmate Kiosk 200 includes computing resources and a range of input and output devices to facilitate communication with inmates. Inmate Kiosk 200 includes a CPU. The CPU includes a processor, storage, and memory for executing instructions to communicate with the Controlled Environment Media And Communication System 100. In an embodiment, the CPU runs a standard operating system such as Microsoft Windows™. In an another embodiment, the CPU runs a customized operating system. In an embodiment, the CPU executes instructions stored on storage local to the CPU, for example a hard drive or solid state drive. In an alternative embodiment, the CPU executes instructions stored on a network, for example by booting via PXE to load an operation system stored remotely. In an embodiment, Inmate Kiosk 200 communicates with Access Network 134.

[0027]     For example, Inmate Kiosk 200 includes Input Devices 202 and 204. Input Device 202 is a keyboard. Input Device 204 is a trackball type input device. In alternative embodiments, other input devices may be substituted for those pictured, including mouse type input devices, touchscreen type input devices, touchpad type input devices, or the like. In an embodiment, Inmate Kiosk 200 also includes authorization input devices, such as Magnetic Card Reader 206. In alternative embodiments, Inmate Kiosk 200 includes any other kind of authorization input device, such as but not limited to biometric devices, a fingerprint reader, an iris scanner, a facial recognition camera, or an RFID reader. In an embodiment, Inmate Kiosk 200 includes Camera 208 for video communications, administrative supervision, or other uses. In an embodiment, Camera 208 is a three dimensional camera. In an embodiment, Inmate Kiosk 200 also includes Microphone Jack Input Connector 210. Monitor 212 is an LCD-type monitor, although any visual display can be used in alternative embodiments. Inmate Kiosk 200 also includes Speaker 216. Inmate Kiosk 200 includes Handset 214, including a microphone and speaker. In an embodiment, Inmate Kiosk 200 is compatible with functionality to enable communications to and from persons with hearing or

- 8 -

speech difficulties. For example, Inmate Kiosk 200 may include support for standard TTY and TDD devices and protocols.

[0028]    Inmate Kiosk 200 is housed in a hardened enclosure designed to withstand physical abuse and resist ingress or damage to the computing components inside. For example, Inmate Kiosk 200 can be enclosed in a primary stainless steel enclosure 218 of a think gauge. In addition, Monitor 212 is enclosed behind a protective covering, for example quarter-inch thick security glass. Input Devices 202-208 are similarly designed to be resistant to physical abuse or vandalism. Any openings on Kiosk 200 are able to be locked closed so that only authorized access is permitted. In some embodiments, Inmate Kiosk 200 includes a powered ventilation system to provide adequate ventilation for computing and networking components contained therein. For example, Inmate Kiosk 200 includes a vandalism-resistant fan opening to allow airflow to within the chassis.

[0029]    In an embodiment, Inmate Kiosk 200 is designed to be accessible to all persons, including disabled persons in compliance with any applicable standard for accessibility to disabled persons. In an embodiment, Inmate Kiosk 200 is designed to be mounted on a wall. In an alternative embodiment, Inmate Kiosk 200 is designed to be pedestal mounted.

[0030]    In an embodiment, inmates interact with the system through a tablet form-factor computer housed in a secure housing. Tablet Computer 302 includes a Touchscreen 304, Microphone 306, Speaker 310, and Audio Jack 308. Tablet Computer 302 is housed in a secure housing 312. In other embodiment, Tablet Computer 302 is not housed in a secure housing. In some embodiments, Tablet Computer 302 also includes a Camera 314. In an embodiment, Tablet Computer 302 operates similar or substantially the same software as Inmate Kiosk 200 such that all available services that are available on the Inmate Kiosk 200 are also available on Tablet Computer 302. Some examples below are illustrated in terms of Inmate Kiosk 200, but it is to be understood that Tablet Computer 302 could take the place of Inmate Kiosk 200 for any embodiment described herein.

[0031]    Another kiosk type is a kiosk designed for use by visitors, or other non-inmate individuals. In an embodiment, the Visitor Kiosk 138 is deployed in common or visitation areas of a secured facility. In an embodiment, the Visitor Kiosk 138is substantially similar to the Inmate Kiosk 200 . In another embodiment, the Visitor Kiosk 138is not required to be as

- 9 -

vandalism-resistant as the Inmate Kiosk 200 , and is not built to the same vandalism-resistant specification as the Inmate Kiosk 200. One key differentiator between Inmate Kiosk 200 and Visitor Kiosk 138 is that Visitor Kiosk 138 is connected to Edge Network 132, and Inmate Kiosk 200 is connected to Access Network 134. Similar to the Inmate Kiosk 200, Visitor Kiosk 138 may be embodied in different form factors, including a tablet computer.

[0032]      In an embodiment, users interact with the Controlled Environment Media And Communication System 100 through a software client. The software client can be run on any client computing device, for example a smartphone, a laptop computer, a desktop computer, or a tablet computer, for example. In an embodiment, the software client is executed on a smartphone such as Smartphone 400. The software client is fully configurable by the jurisdiction operating the Controlled Environment Media And Communication System 100. In an embodiment, the operations of Visitor Kiosk 138 are fully encompassed by the software client operating on a visitor's own hardware.

[0033]      Media Distribution

[0034]      Controlled Environment Media And Communication System 100 provides distribution of media to users through the various access points, including for example Inmate Kiosk 200 through Media Subsystem 101. The Media Subsystem 101 provides support for both real-time and on-demand media, including video and audio. Examples of real-time media include broadcast television, broadcast radio, cable television, satellite television (i.e., Ku, Ka, or C-band), satellite radio, and live internet streaming of video and/or audio. Examples of on-demand media include video-on-demand (VOD), audio-on-demand, movie downloads, music downloads, pay-per-view video (PPV), and other such asynchronous media distribution methods. The Controlled Environment Media And Communication System 100 makes available any combination of real-time and on-demand media as required by the jurisdiction operating the secured facility.

[0035]      Asynchronous video content is sourced from Media Source #102. In an embodiment, Media Source 102 is a third party cloud media provider. In another embodiment, Media Source 102 is a media repository integral to Media Subsystem 101. Media from Media Source 102 is encoded by Media Encoder 104. In an embodiment, video content is encoded with MPEG-2, MPEG-4, H.264, or any other suitable video CODEC. Similarly, audio

- 10 -

content is encoded with any suitable audio CODEC including but not limited to MP3, AAC, or other audio CODEC.

[0036]     Next, the encoded media is made available to consumers from Media Acquisition Server 106. Media Acquisition Server 106 stores encoded media from Media Source 102 for future consumption. Media Acquisition Server 106 maintains a catalog of media that is available to consumers. The media catalog is available to consumers to select media from Media Acquisition Server 106.

[0037]     In an embodiment, Media Source 102 stores video or movie content and Media Acquisition Server 106 provides video-on-demand (VOD) services to consumers. In an embodiment, Media Source 102 stores audio or music content and Media Acquisition Server 106 provides music-on-demand services to consumers. In other embodiments, both video and audio media formats are handled by the same system and both media types are made available to consumers.

[0038]     Broadcast media content is sourced from Broadcast Media Source 112. In an embodiment, Broadcast Media Source 112 is a publicly broadcast media signal, such as broadcast television or radio. In an embodiment, Broadcast Media Source 112 is a privately broadcast medium such as a private internet stream, satellite television, or  satellite radio broadcast. In an embodiment, Broadcast Media Source 112 is a television or radio broadcast internal to the secured facility or a network of secured facilities. For example, a secured facility can operate an informational television broadcast that is only available to residents of the secured facility.

[0039]      Media from Broadcast Media Source 112 is encoded by Broadcast Media Encoder 110. In an embodiment, video content is encoded with MPEG-2, MPEG-4, H.264, or any other suitable video CODEC. Similarly, audio content is encoded with any suitable audio CODEC including but not limited to MP3, AAC, or other audio CODEC.

[0040]     Next, the encoded Broadcast media is made available to consumers, such as the inmates, from Broadcast Media Acquisition Server 108. Broadcast Media Acquisition Server 108 buffers encoded media from Broadcast Media Source 112 for consumption. Broadcast Media Acquisition Server 108 maintains a guide of broadcast media that is available to consumers. For example, a television guide indicating the channels available and the media

- 11 -

broadcast on those channels is made available by Broadcast Media Acquisition Server 108. The media guide is available to consumers to select broadcast media from Broadcast Media Acquisition Server 108.

[0041]    Media from both Media Acquisition Server 106 and Broadcast Media Acquisition Server 108  is delivered via the Core Network 130 to user hardware such as Inmate Kiosk 200 for consumption. In an embodiment, a Media Distribution Cluster 116 is interposed between the acquisition servers and the consumers. Media Distribution Cluster 116 operates as a cache or buffer to distribute load and relieve the acquisition servers. In an embodiment, Media Distribution Cluster 116 comprises individual servers that are disposed within closer physical proximity to the consumer such that overall network load is reduced.

[0042]    In an embodiment, Core Network 130 supports multicast routing to reduce network load and increase bandwidth efficiency. Multicast routing enables Media Distribution Cluster 116 to send one stream of data to many clients such as Inmate Kiosk 200 at once, reducing the load on the network. In an embodiment, typical unicast networking is utilized where appropriate.

[0043]    Media Subsystem 101 streams content to remote end users utilizing Unicast and Multicast TCP, UDP, or WebRTC connections depending on source content. Encoders 104 and 110 convert or transcode media from any source format to any consumption format necessary for end users. For example, some of the media formats used are MPEG-4, H.264, or VC-1 formats. In an embodiment, use of these formats enables distribution of standard-definition video ("SDTV") content with requirements of about 1 Mbps per stream and about 5 Mbps for high-definition video content ("HDTV").

[0044]    In an embodiment, Encoders 104 and 110 are software based, and in another embodiment Encoders 104 and 110 are hardware-based. In another embodiment, a combination of both software and hardware are used to encode media in Encoders 144 and 110. In an embodiment, using advanced video compression and multicast routing, Media Subsystem 101 can achieve a virtually unlimited number of channels to a virtually unlimited number of users on the network. In an embodiment, over 1000 simultaneous channels is achievable.

- 12 -

[0045]       Media Subsystem 101 can be administered either on premise or remotely. In an embodiment, the Media Subsystem 101 includes a remote administration module that enables content provision and management of Media Subsystem 101 from a remote location. All content distributed by Media Subsystem 101 is controlled by the system administrator utilizing a proprietary Class of Service administration.

[0046]       In an embodiment, Media Subsystem 101 is designed to be fault tolerant. It is important that Media Subsystem 101 remain operational even in the event of an emergency to broadcast emergency messages. Thus, the Media Subsystem 101 can include redundant systems including redundant Media Acquisition Server 106, Broadcast Media Acquisition Server 108, Media Distribution Cluster 116, and all other components of Media Subsystem 101. Media Subsystem 101 includes automatic failover means to automatically remove inaccessible or otherwise unresponsive components out of the network and continue to provide services to the secured facility.

[0047]       <u>Video Visitation</u>

[0048]       One aspect of the Controlled Environment Media And Communication System 100 is video visitation provided by Video Visitation Subsystem 117. Video visitation is the process of a bi-directional or unidirectional video communication between an inmate and a visitor such as family, friends, clergy, or the like. In an embodiment, Video Visitation Subsystem 117 enables video visitation through Inmate Kiosk 200 illustrated in FIG. 2. The Video Visitation Subsystem 117 makes use of Camera 208 in the Inmate Kiosk 200 and similar cameras in other hardware used to access the Controlled Environment Media And Communication System 100. In an embodiment, video visitation is supported between users on smartphones , tablet computers, inmate kiosks, and Visitor Kiosks 138. Other forms of video visitation include educational video visitation where an inmate can participate in a classroom via video feed.

[0049]       The Video Visitation Subsystem 117 utilizes the Core Network 130 to route video visitation traffic between inmate kiosks and visitor kiosks. Local real-time video visitation can be broadcast using similar multicast techniques to reduce network traffic. For example, in an embodiment, an on premise classroom is broadcast throughout the secured facility using multicast routing to a plurality of inmate kiosks and inmate devices, delivering

- 13 -

educational experiences to large amounts of inmates simultaneously while not significantly increasing network load. In an embodiment video transport uses IGMP version 2 for connecting to a multicast stream and the Real Time Streaming Protocol (RTSP) to deliver video content. Video content may be compressed with any known video compression codec, including but not limited to H.264, H.265, WebM, MPEG-4, MPEG-2, or the like. Likewise, video streams originating from the inmate hardware, including Inmate Kiosk 200 or Tablet Computer 302 are compressed using similar video coding techniques. In an embodiment, video compression and decompression is assisted in the Inmate Kiosk 200 by a graphical processing unit (GPU) co-processor.

[0050]     A feature of the Video Visitation Subsystem 117 is the Video Visitation Investigative Unit 115. The Investigative Unit 115 performs real-time monitoring and storage of video visitations sessions for real-time and future review and analysis. Investigative Unit 115 allows investigators to view time-shifted video visitation feeds and pause, rewind, and fast-forward through video visitation sessions to efficiently and accurately analyze the content of the video visitation session. An investigative administrator is presented with the option to monitor any current video visitation feeds or to play archived video visitation sessions stored in Video Visitation Database 118.

[0051]     Video visitation session properly flagged as being confidential, such as a meeting between an attorney and a client, will not be made available to investigative workstations and is not recorded into Video Visitation Database 118. In an embodiment, sessions marked as confidential can be identified through one or more criteria such as a scheduling identifier, a specified remote contact, or a specified local access point such as a specific kiosk within the facility.

[0052]     Authorized users will have to ability to monitor visitation/encounter sessions in process. Although the inmate and called party are notified during the session setup that the session is recorded and subject to monitoring, actual live monitoring of a session are completely transparent to the parties.

[0053]     Investigators using Video Visitation Investigative Unit 115 are able to perform monitoring of live sessions. In an embodiment, the Investigator is able to select whether to see every visitation/encounter kiosk or just the ones with active sessions. The user interface

- 14 -

displays information regarding the location of the kiosk stations and the identity of the offender and the visiting party. To start live monitoring, the session, the user clicks an icon in a graphical user interface. This opens a new window displaying the both end's video sessions and the session audio, which is played over workstation speakers or headphones if desired. If the administration users determine that the session is inappropriate, they will be able to cut off the session and/or make notes to the session (such as a case number) that can be searched for and reviewed later.

[0054]    While live monitoring (or pulling historical recordings), each users is able to add notes (see the user interface view below) to the session recording file. Investigators are able to select a specific portion of the recorded session to save as a separate file and add notes related to their findings.

[0055]    At a later time, investigator users using Investigative Unit 115 are able to retrieve video visitation session recordings. In an embodiment, investigators with appropriate account privileges are able to retrieve session recordings by utilizing a graphical user interface. In the graphical user interface are multiple options for searching of session records including "quick searches" keyed on offender, visiting party, kiosk ID, or date/time bands. Ad-hoc queries on more complex criteria are also be able to be defined. Once the search is conducted and session records are displayed, the records can be ordered on the basis of any of the session record fields by selecting the field name on a display header bar.

[0056]    Session recordings are available for playback at the user's discretion. Clicking an icon on the record will open a new window displaying the both end's video sessions and the session audio, which will be played over workstation speakers or headphones if desired. The window provides tools for control of the playback. While listening to or viewing a recording, the user may add notes to the session recording file. The user will also be able to select a pertinent portion of the recorded session, save it as a separate file, add notes related to his/her findings and archive the recorded conversation on a DVD.

[0057]    In addition to recording capabilities, the Video Visitation Subsystem 117 provides a full array of administrative capabilities, including the ability to initiate and terminate individual or multiple sessions, as well as an audio barge-in feature if desired for visitation warnings of unacceptable behavior or language. This barge in-feature can be invoked from

- 15 -

live session monitoring as described above. In conjunction with existing jurisdiction scheduling databases, the Video Visitation Subsystem 117 is capable of auto-initiating and terminating sessions per the scheduled time.  Time limit warnings will be made available to all system users for them to be aware of impending session termination.

[0058]     A Video Visitation Scheduling System 119 enables inmates and/or visitors to schedule a video visitation session. The Scheduling System 119 also optionally alerts investigative administrators to the scheduled video visitation so that the investigator can supervise the video visitation session. The Video Visitation Subsystem 117 allows the jurisdiction to control and or approve online scheduling. In addition, the authentication requirements, offender classification/designation, STG, or other jurisdiction may be designated by the jurisdiction from a Jail Management data feed or entry of the data into the system database.  The Video Visitation Subsystem 117 also provides for he online scheduling of video visitation which would allow approved visitors to schedule visits according to jurisdiction visiting regulations.

[0059]     In an embodiment, Video Visitation Subsystem 117 is compatible with industry standards such as H.320. H.320 is an umbrella recommendation by the ITU-T for running Multimedia (Audio/Video/Data) over ISDN based networks. Video Visitation Subsystem 117 can utilize bandwidth saving MPEG-4, H.264, or VC-1 formats for internal communication between Inmate Kiosk 200 and Visitor Kiosk 138, for example. For video visitation with a remote video visitation user, Video Visitation Subsystem 117 can use H.320 standards, for example. An example of a H.320 video visitation session is a minimum resolutions of 352x288 pixels at 30 frames per second with minimum bandwidth requirements up to 1.544Mbps per session as per H.320 standards. In an embodiment, Video Visitation Subsystem 117 utilizes WebRTC standards to communicate with remote video visitation participants. Other such standards, formats, and processes as known in the video communication arts can also be implemented as protocols in Video Visitation Subsystem 117.

[0060]     Intra-Facility Communication

[0061]     In addition to media services and video visitation services, Controlled Environment Media And Communication System 100 enables communication between controlled

Atty. Dkt. No. 3210.0980004

- 16 -

environment residents and the jurisdiction operating the controlled facility via Intra-Facility Communication Subsystem 121. One form of communication is a complaint or request, commonly referred to as a 'kite' in the correctional industry. A kite is a written request, complaint, or other communication from an inmate to facility staff and administrators. Examples of kites are requests to see a doctor, a question posed to a counselor, or other communications to facility staff.

[0062]     The Inmate Kiosk 200 supports input and sending of a kite message. In an embodiment, a kite message includes an inmate's name, an identifying number associated with the inmate, the date the kite message is entered, the department the message is to be routed to, and the individual staff member the message is directed to. In other embodiments, a kite message contains only a subset of these fields. The inmate is able to input the data for a kite message via the Inmate Kiosk 200 using any combination of input devices attached to or integral to Inmate Kiosk 200 such as a keyboard and mouse. In other embodiments where the inmates use a tablet computer to access the Controlled Environment Media And Communication System 100, the inmate inputs data for a kite message via a touchscreen. In an embodiment, some of the fields are presented as a drop-down menu in which the inmate entering in data can select a data value. For example, the department field may be a drown-down type input field with the options "Health," "Services," "Canteen," "Unit Manager," etc. Selecting the appropriate entry routes the kite message to the associated department within the secured facility. In an embodiment, the inmate is also allowed to flag a kite message with a priority indicator. Priority indicators include but are not limited to low priority, normal priority, high priority, or emergency priority. By indicating the appropriate level of priority, facility staff are able to service all inmate and resident needs more efficiently. After entering in data for all necessary fields, the inmate submits the kite message from the Inmate Kiosk by hitting a "send" button or the equivalent graphical user interface element.

[0063]     The graphical user interface for generating kite messages also includes a frequently asked questions section where simple or oft-encountered kite requests can be addressed without the need to submit a kite request message. The purpose of the frequently asked questions format is to provide answers quickly and efficiently. The frequently asked

- 17 -

questions can also be directed to the kite message submission process as well, such as information regarding who will process the kite message and when to expect a response.

[0064]     Once a kite message is generated and submitted from an inmate by, for example, an Inmate Kiosk 200, the message is sent to the Intra-Facility Communication Subsystem 121. Received kite messages are stored in Kite Message Database 120. In an embodiment, Kite Message Database 120 is a relational database, for example an SQL database. In another embodiment, Kite Message Database 120 is a non-relational document store.

[0065]     Intra-Facility Communication Subsystem 121 then validates the kite message upon receipt. One validation step is to flag kite messages containing certain keywords and phrases. For example, keywords related to gangs, drugs, profanity, sexually explicit words, and other such topics are filtered and flagged for review by an appropriate administrator. The keywords and phrases are stored in Censorship Database 123. Censorship Database 123 can be updated at any time to include new words or phrases to search new incoming messages for. In addition, a search function allows administrators to search previously submitted kite messages in Kite Message Database 120 for keywords and phrases in the Censorship Database 123. An alert message can also be set to inform system administrators when a kite message containing certain keywords or phrases is submitted.

[0066]     Another validation step is to disallow repetitive, duplicative, or otherwise abusive requests. In one embodiment, this filtering step is a rate-limiting step wherein inmates are disallowed from sending more than a set number of kite messages in a given time period. The rate-limiter can apply to all messages sent by an inmate, or can be specific to each recipient. For example, the rate limiter can be set to disallow more than 1 kite message to be sent to any given recipient each day. This prevents abuse of the Intra-Facility Communication Subsystem 121. Another validation step is to reject identical or substantially similar kite messages. Intra-Facility Communication Subsystem 121 searches the Kite Message Database 120 for similar or substantially similar messages submitted by the same inmate to the same recipient and disallows duplicates. This is also a mechanism by which inmates can be prevented from overwhelming the Intra-Facility Communication Subsystem 121. Any other appropriate algorithm or limitation can be set on the submission of kite messages by inmates to maintain a useful system that is not able to be abused. In an embodiment, the rate

- 18 -

limitations are dynamically set on an individual basis so that repeat kite message abusers are subject to stricter limitations. In an embodiment, rather than simply disallowing repetitive or duplicative messages, the Intra-Facility Communication Subsystem 121 can flag such messages and inmates for disciplinary action by the facility staff.

[0067]    Next, the kite message is routed to the appropriate department or individual for processing. A feature of the Intra-Facility Communication Subsystem 121 is that each message is tracked through its lifecycle, from creation, opening, reading, responding, taking action, and closing. These events are stored along with the original kite message in Kite Message Database 120. For example, when an administrator first opens a new kite message, that administrator's identification and a timestamp is recorded along with the kite message to indicate that the message was read. Next, when a kite message is acted upon, for example an appointment with a doctor was scheduled, that action is also recorded along with identifiers and timestamps along with the kite message.

[0068]    In an embodiment, facility staff who act on kite messages are required to electronically sign the kite message to document the interaction. System administrators can also register alerts to be generated at the occurrence of any event associated with a kite message. For example, a medical department head can set an alert for any kite message acted upon by any staff members of the medical unit. Staff members are able to forward a kite message to another staff member for further action.

[0069]    Intra-Facility Communication Subsystem 121 enforces privacy and confidentiality of kite requests as set by the system administrator. Only those staff members and administrators authorized to view, edit, act on, or close kite messages are allowed to take such actions.

[0070]    In an embodiment, any staff member that can act on a kite message can also add notes or annotations to the kite message for reference. These annotations are viewable only by the staff members and are for administrative purposes. For example, a note about an inmate's behavior, gang affiliation, or other information may be appropriate in certain situations. These annotations are also stored in Kite Message Database 120 along with the kite message. Notes and annotations may be in the form of text, images, or other records or data that is pertinent to the kite request.

Atty. Dkt. No. 3210.0980004

- 19 -

[0071]     Throughout the lifecycle of a kite message, inmate can view the status and any updates on their kite request through Inmate Kiosk 200. In an embodiment, the inmate is presented with a graphical representation of their kite messages and requests, who is addressing their kite message, and what action has been taken. Through this interface, inmates are able to cancel, amend, or append new information to a kite request to reflect changing circumstances. In this way, the Intra-Facility Communication Subsystem 121 enables a task-oriented two-way communications channel between inmates and facility staff. Staff members are also able to escalate a kite message request in the event that a higher authority is required to act on the kite message request.

[0072]     Kite request messages may have an expiration data set by the inmate, a staff member, or automatically based on request type as defined by the jurisdiction operations the Intra-Facility Communication Subsystem 121. When an expiration date is reached the kite message is automatically closed by the Intra-Facility Communication Subsystem 121.

[0073]     In an embodiment, Intra-Facility Communication Subsystem 121 can charge inmates for specific events associated with a kite message. For example, an institution can charge an inmate account for a medical visit or for a superfluous or duplicative request that burdens the administrative staff of the facility. If a staff member determines a charge should be levied upon the submitting inmate, that charge can be indicated in the Kite Message Database 120. In an embodiment, inmates are charged for repetitive or duplicative kite messages as detected in the validation described above.  A separate billing and accounting process then makes sure the charge is properly paid and settled for the services or other functions performed.

[0074]     Intra-Facility Communication Subsystem 121 also provides a robust investigation and analysis platform on which to examine kite messages stored in Kite Message Database 120. These analytics can provide valuable insight into the inner workings of a secured facility for facility administrators. For example, if a number of complaints are received about the same topic, facility administrators can address that topic. In this way, the kite system can act as a kind of suggestion box for facility administrators. In an embodiment, administrators are able to search past kite messages by key word, department, inmate, recipient, or any other data field or combination of data fields stored in Kite Message Database 120. Searches can be run one time, or stored to periodically generate reports for particular search queries. One example

- 20 -

of a stored query is a query that outputs a list of similar kite messages received within a period of time from different inmates or residents. For example, if a number of inmates all submit kite messages identifying that there is a rodent infestation in the facility, administration will be notified immediately so that the problem can be rectified in a timely fashion.

[0075]      In an embodiment, Intra-Facility Communication Subsystem 121 interfaces with a legacy system already in place at the secured facility. Several levels of interfacing with legacy systems are possible. First, the Intra-Facility Communication Subsystem 121 can import archived data into Intra-Facility Communication Subsystem 121 for analysis and archiving. Second, Intra-Facility Communication Subsystem 121 can co-exist with an existing data entry system that is already in place, such that Intra-Facility Communication Subsystem 121 imports data from another source for processing and analysis. Third, Intra-Facility Communication Subsystem 121 can integrate with a legacy analysis and processing backend while using the Inmate Kiosk and other kite message input methods described herein. In any level of integration, the administration operating the secured facility is able to choose an optimal integration strategy to work with legacy systems.

[0076]      Intra-Facility Communication Subsystem 121 includes a data export and import feature for integration with legacy systems and other system. In an embodiment, Intra-Facility Communication Subsystem 121 is able to export and import kite message data in standard data formats. For example, in an embodiment, Intra-Facility Communication Subsystem 121 can export and import kite messages in a comma separated value list for interfacing with any external system that can accept a comma separated list. Other formats may be used in other embodiments, such as but not limited to XML, JSON, HTML, database formats, spreadsheet formats, and the like.

[0077]      Other Inmate Communications Services

[0078]      In some embodiments, Controlled Environment Media And Communication System 100 facilitates other communications services to and from inmates and other secured-facility residents. One example of other communications services is Voice Service 122. Voice Service 122 enables bi-directional voice calling to and from the Inmate Kiosk 200 using

- 21 -

VOIP protocols utilizing the same Core Network 130 as the other communications described herein.

[0079]     Another example of other services are Data Services 124. Data Services 124 enable arbitrary data to be sent to and broadcast from the Inmate Kiosk 200. Examples of data that Data Services supports are news stories, news video clips, weather forecasts, live TV guides, video-on-demand directories, and other such data that is of interest to inmates within a secured facility.

[0080]     The Controlled Environment Media And Communication System 100 also includes Emergency Alert System 126. Emergency Alert System 126 provides jurisdiction system administrators with a barge-in capability of both video and/or audio which will override any and all current content consumption. For example, an inmate watching VOD or broadcast television content will be interrupted by Emergency Alert System 126 in the event of an emergency. Emergency Alert System 126 will then display the emergency alert message on the screen and also audibly announce the emergency. In an embodiment, Emergency Alert System 126 utilizes wake-on-Lan ("WoL") capabilities of client devices to activate non-active systems to broadcast the emergency message. The WoL capabilities can only be triggered by authorized administrative personnel.

[0081]     <u>Administrative Services</u>

[0082]     Administrative Workstation 114 has connectivity to Core Network 130. Administrative staff of the secured facility can operate Administrative Workstation 114 to manage all services offered on Core Network 130 within the facility. One function of Administrative Workstation 114 is to manage media content distribution. For example, different bundles of media content can be provided to users based on the needs of the secured facility and user preferences.

[0083]     Administrative Workstation 114 also provides comprehensive real-time reporting capabilities which enable facility providers to manage their prison more effectively. One such report is a report of revenues, expenses, transactions, and other financial information and records associated with the provision of communications services described herein.

[0084]     In an embodiment, the Administrative Workstation 114 offers real-time reporting of all media being consumed by inmates and other residents. This functionality is useful for

- 22 -

facility providers who want to conduct inmate-metric analyses or evaluate the viewer demand for a particular channel, program, or content.

[0085]     In an embodiment, the Administrative Workstation 114 offers interactive inmate surveys which enables content facility providers to collect information from inmates while they watch their favorite TV channels, program, or content. Survey questions can be defined in either closed-ended (multiple choice) or open-ended (no preset answer) formats. The survey functionality is attractive for service facility providers who want to conduct marketing research or measure results from advertising campaigns in real-time.

[0086]     In an embodiment, Administrative Workstation 114 provides system administrators with several cut-off/control mechanisms to control communications on the system. The cut-off allows the administrator to terminate individual kiosk services or all kiosk functions for individual, groups, or all kiosks simultaneously. In addition, administrators can take control of individual functions of the kiosk to support users or initiate investigative monitoring utilizing the hardware and software functions for example use the microphone and camera to monitor activity near the kiosk or use the speaker or display to instruct the inmate.

[0087]     In an embodiment, more fine-grained controls are also available to system administrators via Administrative Workstation 114. For example, administrators can regulate access to the Media Subsystem 101 through a class of service ("COS") database. Users on interface endpoint such as Inmate Kiosk 200 can be grouped together by living unit, offender type, or individually. Each communication service offered by the Controlled Environment Media And Communication System 100 is controlled individually. For example, Media Subsystem 101 controls include fine-grained controls of which channels or media sources are available to a particular inmate, and the time of day those sources are available. Again, these controls can be applied individually or by any grouping of inmates.

[0088]     In an embodiment, the Administrative Workstation 114 includes or duplicates all capabilities of Video Visitation Investigative Unit 115. Again, these capabilities are applicable to users on interface endpoint such as Inmate Kiosk 200 and can be grouped together by living unit, offender type, or individually.

[0089]     <u>Billing</u>

- 23 -

[0090]    Billing Subsystem 128 handles billing for media distribution, video visitation, and all other communication services offered by Controlled Environment Media And Communication System 100. In an embodiment, Billing Subsystem 128 is centralized and shared among all other subsystems and components of Controlled Environment Media And Communication System 100. In another embodiment, Billing Subsystem 128 comprises multiple components tailored to each other subsystem and unique to that subsystem. In all embodiments, Billing Subsystem 128 offers methods of billing residents, inmates, outside parties, and all other users of Controlled Environment Media And Communication System 100 for the communication services rendered. For example, with respect to Media Subsystem 101, the Billing Subsystem 128 handles charging inmates and residents for delivery of media content. With respect to Video Visitation Subsystem 117, Billing Subsystem 128 charges residents, inmates, and/or outside parties appropriately for video visitation services.

[0091]    In an embodiment, Billing Subsystem 128 performs real-time billing which reduces the risk of uncollectible accounts. To also reduce the chance of uncollectible accounts, Billing Subsystem 128 utilizes Authentication Subsystem 129 to authenticate users by any method available to Authentication Subsystem 129 such as biometric authentication, RFID authentication, Personal Identification Number entry, or multiples of the aforementioned.

[0092]    In an embodiment, Billing Subsystem 128 supports both pre-paid and post-paid content billing, which provides extra flexibility for content facility providers. The pre-paid billing option reduces the risk of uncollectible accounts which enables facility providers to offer services on a global scale. The Billing Subsystem 128 bills all content requests in real-time to ensure that services are provided only to inmates with sufficient account balances.

[0093]    In an embodiment, Billing Subsystem 128  charges a Debit Account. The resident can load funds onto the Debit Account in person, for example at a commissary, by electronic means, or by telephone. Funds can be added to the Debit Account from cash, bank accounts, or credit card accounts. Optionally, non-residents of the secured facility can be allowed to add funds to the resident's Debit Account as well.

[0094]    As another form of payment, an Advance Pay Account can also be charged by Billing Subsystem 128.  The Advance Pay Account can be funded by family and friends, and used for call fees associated with the resident. As with the Debit Account, the Billing Subsystem

- 24 -

128  can access the Advance Pay Account to determine that there are sufficient funds, when content is purchased.

[0095]      In an embodiment, the Billing Subsystem 128 does not immediately deduct funds from an account, but accumulates usage over a billing cycle and forwards a bill to the resident at the end of the billing cycle. Parameters such as the length of the billing cycle, the total amount allowed to be billed during one billing cycle, and the forms of payment that the bill can be paid in can be adjusted to suit the needs of a particular secured facility.

[0096]      Operation

[0097]      In operation, a user, such as an inmate, logs into the Controlled Environment Media And Communication System 100 through hardware and/or software such as the Inmate Kiosk 200. In an embodiment, the user is presented with a graphical user interface that prompts the user for authentication. In an embodiment, the authentication consists of a user identification and a password. In other embodiments, other authentication mechanisms can be used. For example, biometric, fingerprint, facial recognition, hand geometry, voice print, 3D facial recognition, radio frequency identification, or combinations or other such personal authentication means can be used.

[0098]      In an embodiment, the user, such as an inmate, uses a graphical user interface and a menu system to select communications services to utilize or consume through the Inmate Kiosk 200.  Channel selection will be accomplished by using the mouse to scroll and click a selection or the keyboard up/down arrows and enter key. Touch screen controls are available for hardware systems, such as tablets and smart portable devices. The inmate can also utilize the menu system to invoke the Video Visitation Subsystem 117 and the Intra-Facility Communication Subsystem 121 as well.

[0099]      During use, the Inmate Kiosk 200 can optionally provide the user with the ability to minimize the picture of playing media to a smaller frame to allow multiple window viewing to the offender simultaneously while maintaining its aspect ratio. This allows offenders to perform functions such as offender email while viewing TV.

[0100]      Conclusion

[0101]      It is to be appreciated that the Detailed Description section, and not the Abstract section, is intended to be used to interpret the claims.  The Abstract section may set forth one

Atty. Dkt. No. 3210.0980004

- 25 -

or more, but not all exemplary embodiments, and thus, is not intended to limit the disclosure and the appended claims in any way.

[0102]     The invention has been described above with the aid of functional building blocks illustrating the implementation of specified functions and relationships thereof.     The boundaries of these functional building blocks have been arbitrarily defined herein for the convenience of the description.   Alternate boundaries may be defined so long as the specified functions and relationships thereof are appropriately performed.

[0103]     It will be apparent to those skilled in the relevant art(s) that various changes in form and detail can be made therein without departing from the spirit and scope of the disclosure. Thus, the invention should not be limited by any of the above-described exemplary embodiments, but should be defined only in accordance with the following claims and their equivalents.

Atty. Dkt. No. 3210.0980004

- 26 -

WHAT IS CLAIMED IS:

1.      An intra-facility communications system for sending and receiving messages within a secured facility, the system comprising:

a secured network, the secured network including a first secured partition and a second secured partition;

an access terminal available to a resident of the secured facility, the access terminal configured to:

receive an intra-facility message from the resident; and

transmit the intra-facility message using the first secured partition of the secured network; and

a central intra-facility communications server, the central intra-facility communication server configured to:

receive the intra-facility message via the first secured partition of the secured network; and

route the intra-facility message to its intended recipient using the second secured partition of the secured network.

2.      The system of claim 1, wherein the secured facility is a prison and the residents of the secured facility are prison inmates, the first secured partition of the secured network is available to the prison inmates, and the second secured partition of the secured network is not available to prison inmates.

3.      The system of claim 2, wherein access to the first secured network partition is available to prison inmates and access the second secured network partition is not available to prison inmates.

4.      The system of claim 2, further comprising:

an authentication server with connectivity to the secured network;

wherein the prison inmates possess one class of authentication credentials which disallows access to the second secured partition of the secured network, and prison staff possess anther class of authentication credentials which allows access to the second secured partition of the secured network.

5.      The system of claim 2, wherein the access terminal is an inmate kiosk located within an inmate cell.

Atty. Dkt. No. 3210.0980004

- 27 -

6.     The system of claim 1, wherein the access terminal presents a list of options for intra-facility messages via a graphical user interface to the resident, the access terminal received input indicative of one of the list of options, and the intra-facility message includes the chosen option in the intra-facility message.

7.     The system of claim 1, further comprising a media distribution server with access to the second secured partition of the secured network;

wherein the access terminal is further configured to receive media from the media distribution server and playback the media for consumption.

8.     The system of claim 1, further comprising a video visitation server with access to the second secured partition of the secured network, the video visitation server configured to conduct video visitation sessions between the access terminal and a second video visitation endpoint;

wherein the access terminal is further configured to conduct video visitation sessions with one or more other video visitation endpoints by utilizing the video visitation server.

9.     An intra-facility communications system for sending and receiving messages within a secured facility, the system comprising:

     a network that provides communication services to the secured facility;

     an access terminal connected to the network, the access terminal configured to:

          receive an intra-facility message and secondary data from the resident; and

          transmit the intra-facility message to the network;

     a central intra-facility communications server, the central intra-facility communication server configured to:

          receive the intra-facility message and the secondary data from the access terminal; and

          route the intra-facility message based on the secondary data.

10.     The intra-facility communications system according to claim 9, wherein the secondary data includes resident name, resident identifying information, data of message submission, and message type.

11.     The intra-facility communications system according to claim 9, wherein the message is a kite message directed to a service department associated with the secured facility.

Atty. Dkt. No. 3210.0980004

- 28 -

12.     The intra-facility communications system according to claim 9, wherein the central intra-facility communications server is further configured to:

    analyze the message; and

    flag the message for review based on the analysis.

13.     The intra-facility communications system according to claim 12, wherein the analyzing of the message includes scanning the message for keywords and key phrases.

14.     The intra facility communications system of claim 9, further comprising a database, the central intra-facility communications server being configured to store the message, together with the secondary data, in the database.

15.     An intra-facility communications system for sending and receiving messages within a secured facility, the system comprising:

    a network that provides communication services to the secured facility;

    a user terminal located within the secured facility, the user terminal being configured to receive a message from an inmate of the secured facility, and to transmit the message to the network;

    a central intra-facility communications server configured to screen the message and to store the message in a message database, the message database including a plurality of previous messages sent by the inmate.

16.     The intra-facility communications system of claim 15, wherein the central intra-facility communications server is further configured to compare the content of the received message to the content of the plurality of previous messages.

17.     The intra-facility communications system of claim 16, wherein the intra-facility communications server is configured to determine, based on the comparison, that the content of the received message is substantially similar to content of at least one of the plurality of previous messages.

18.     The intra-facility communications system of claim 17, wherein the intra-facility communications server is further configured to, in response to the determination, cancel transmission of the message.

19.     The intra-facility communications system of claim 15, wherein the central intra-facility communications server is further configured to:

    receive a status from an agency recipient of the message; and

- 29 -

store the status, together with a timestamp corresponding to a time of receipt of the status, with the message in the database.

20.    The intra-facility communications system of claim 19, wherein the intra-facility communications server is further configured to notify the inmate of the status in response to the receiving of the status.

Atty. Dkt. No. 3210.0980004

- 30 -

# ABSTRACT

The Controlled Environment Media And Communication System delivers communications services to residents of controlled facilities using a common network architecture. Some of the communications capabilities of the Controlled Environment Media And Communication System include media distribution, video visitation, intra-facility messaging, and other such communications services.

10547984_1

Atty. Dkt. No. 3210.0980004



**FIG. 1**

2803084_1 / 1



**FIG. 2**



**FIG. 3**

400



**FIG. 4**

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 34832351 |
| **Application Number:** | 16246101 |
| **International Application Number:** | |
| **Confirmation Number:** | 5053 |
| **Title of Invention:** | CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM |
| **First Named Inventor/Applicant Name:** | Stephen L. HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Renee Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0980004 |
| **Receipt Date:** | 11-JAN-2019 |
| **Filing Date:** | |
| **Time Stamp:** | 17:08:42 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 2019-01-11-Miscellaneous-Letter-3210-0980004.PDF | 316368<br>08c1515d654a4a54a4f935dc0c027f1ba9f9e3ef | no | 2 |

**Warnings:**

| | Information: | | | | |
|---|---|---|---|---|---|
| 2 | Transmittal of New Application | 2019-01-11-Utility-Transmittal-3210-0980004.PDF | 323802<br><br>4d9b4ad372b593399245 64b79dcde0e8d20099a3 | no | 2 |
| | Warnings: | | | | |
| | Information: | | | | |
| 3 | Authorization for Extension of Time all replies | 2019-01-11-EOT-Authorization-3210-0980004.pdf | 116379<br><br>1b52a1925b7c369c7e55dcca66506263f083f01 | no | 1 |
| | Warnings: | | | | |
| | Information: | | | | |
| 4 | Application Data Sheet | 2019-01-11-ADS-3210-0980004.PDF | 1256155<br><br>1f58c3d835b3ea7ddf510c187c35b489adc60f1a | no | 8 |
| | Warnings: | | | | |
| | Information: | | | | |
| 5 | Oath or Declaration filed | 2019-01-11-Declaration-3210-0980004.PDF | 138284<br><br>db7f335fefa73a2c02b184353208820261a7ed20 | no | 1 |
| | Warnings: | | | | |
| | Information: | | | | |
| 6 | Power of Attorney | 2019-01-11-POA-82A-3210-0980004.PDF | 232650<br><br>818b15c6f01d b57af92122103db333bc70b838ba | no | 1 |
| | Warnings: | | | | |
| | Information: | | | | |
| 7 | Power of Attorney | 2019-01-11-POA-82B-3210-0980004.PDF | 2709773<br><br>cfcb65b69e0d375fd217853f59735ceb41dd3de8f | no | 1 |
| | Warnings: | | | | |
| | Information: | | | | |
| 8 | | 2019-01-11-Utility-Application-3210-0980004.pdf | 210543<br><br>3894de8fcc088338dff46c478147648ba7fc8ec0 | yes | 30 |
| | **Multipart Description/PDF files in .zip description** | | | | |
| | **Document Description** | | **Start** | | **End** |

| | | | | |
|---|---|---|---|---|
| | Specification | | 1 | 25 |
| | Claims | | 26 | 29 |
| | Abstract | | 30 | 30 |

**Warnings:**

**Information:**

| 9 | Drawings-only black and white line drawings | 2019-01-11-Drawings-3210-0980004.PDF | 181617<br><br>fa652ab72cd6fcc24482cd68afe553aefb480e1f | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | |
|---|---|---|
| **Total Files Size (in bytes):** | 5485571 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@STERNEKESSLER.COM

January 11, 2019

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

      Re:    U.S. Non-Provisional Patent Application under 37 C.F.R. § 1.53(b)
              (*Continuation of Appl. No. 15/603,095; Filed: May 23, 2017*)
              Appl. No. To Be Assigned; Filed: Herewith
              For:   **CONTROLLED ENVIRONMENT MEDIA AND
                        COMMUNICATION SYSTEM**
              Inventor: Stephen  L. HODGE
              Our Ref: 3210.0980004

Commissioner:

      The following documents are transmitted herewith for appropriate action by the U.S. Patent and Trademark Office:

    1.      Utility Patent Application Transmittal Form (PTO/AIA/15);

    2.      Authorization to Treat a Reply As Incorporating An Extension of Time Under 37 C.F.R. § 1.136(a)(3);

    3.      U.S. Utility Patent Application entitled:

           **CONTROLLED ENVIRONMENT MEDIA AND COMMUNICATION SYSTEM**

           and naming as inventor:

           **Stephen  L. HODGE**

           the application consisting of:

           a.      An Application Data Sheet (37 C.F.R. § 1.76);

           b.      A signed Inventor's Declaration;

           c.      A specification containing:

                i.      25 pages of description prior to the claims;

Commissioner for Patents
January 11, 2019
Page 2

    ii.  4 pages of claims (20 claims);

    iii.  a one (1) page abstract;

   d.  4 sheets of drawings: (Figure(s) 1-4); and

  4.  An executed Power of Attorney by Applicant (PTO/AIA/82B) and the Transmittal for Power of Attorney form (PTO/AIA/82A).

The above-listed documents are filed electronically.

Correspondence should be sent to Customer Number 26111.

This patent application is being submitted under 37 C.F.R. § 1.53(b) without the required fees.

      Respectfully submitted,

      STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

      /Lauren C. Schleh/

      Lauren C. Schleh
      Attorney for Applicant
      Registration No. 65,457

LCS/crb
Enclosure(s)

10548182_1