**EXHIBIT 34**

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 10/31/2017 | 9807123 | 3210.0150005 | 6317 |

26111        7590        10/11/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Stephen HODGE, Aubry, TX;
Global Tel*Link Corp., Reston, VA;
David Woody, Allen, TX;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | To be assigned |
| | | | Filing Date | Herewith |
| | | | First Named Inventor | Stephen Hodge |
| | | | Art Unit | To be assigned |
| | | | Examiner Name | To be assigned |
| Sheet | 2 | of 2 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,665,380 B1 | 12-16-2003 | Cree *et al.* | |
| | US22 | 6,668,045 B1 | 12-23-2003 | Mow | |
| | US23 | 6,775,359 B1 | 08-10-2004 | Ron *et al.* | |
| | US24 | 6,788,771 B2 | 09-07-2004 | Manto | |
| | US25 | 6,801,932 B1 10 | 08-05-2004 | Picoult *et al.* | |
| | US26 | 6,850,147 B2 | 02-01-2005 | Prokoski *et al.* | |
| | US27 | 7,039,949 B2 | 05-02-2006 | Cartmell *et al.* | |
| | US28 | 7,158,621 B2 | 01-02-2007 | Bayne | |
| | US29 | 7,265,853 B1 | 09-04-2007 | Kara *et al.* | |
| | US30 | 7,277,695 B2 | 10-02-2007 | Petry *et al.* | |
| | US31 | 7,742,581 B2 | 06-22-2010 | Hodge *et al.* | |
| | US32 | 8,488,756 B2 | 07-16-2013 | Hodge *et al.* | |
| | US33 | 2002/0007453 | 01-17-2002 | Nemovicher | |
| | US34 | 2004/0029564 | 02-12-2004 | Hodge | |
| | US35 | 2006/0062355 | 03-23-2006 | Leonard | |
| | US36 | 2007/0233610 | ~~03-10-2009~~ 10-2007 | Gyllenskog *et al.* | |
| | | | | | |
| | | | | | |
| | | | | | |

*Handwritten note in left margin:* Change(s) applied to document, /S.R.R/ 9/12/2017

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1873932_1.DOCX

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

*Handwritten annotation across footer:* ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | | *Complete if Known* | |
|---|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | | Application Number | To be assigned |
| | | | | | Filing Date | Herewith |
| | | | | | First Named Inventor | Stephen Hodge |
| | | | | | Art Unit | To be assigned |
| | | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 2 | | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | US1 | 4,652,700 | | 03-24-1987 | Matthews | |
| | US2 | 4,766,604 | 08 | ~~11-11-1988~~ | ~~Valdez~~ Axberg | |
| | US3 | 5,068,888 | | 11-26-1991 | Scherk *et al.* | |
| | US4 | 5,553,145 | | 09-03-1996 | Micali | |
| | US5 | 5,648,916 | | 07-15-1997 | Manduley | |
| | US6 | 5,740,231 | | 04-14-1998 | Cohn *et al.* | |
| | US7 | 5,805,810 | | 09-08-1998 | Maxwell | |
| | US8 | 5,826,034 | | 10-20-1998 | Albal | |
| | US9 | 5,872,926 | | 02-16-1999 | Levac *et al.* | |
| | US10 | 5,894,558 | | 04-13-1999 | Falker | |
| | US11 | 5,958,005 | | 09-28-1999 | Thorne *et al.* | |
| | US12 | 5,982,506 | | 11-09-1999 | Kara | |
| | US13 | 6,061,718 | | 05-09-2000 | Nelson | |
| | US14 | 6,173,259 B1 | | 01-09-2001 | Bijl *et al.* | |
| | US15 | 6,192,114 B1 | | 02-20-2001 | Council | |
| | US16 | 6,233,318 B1 | | 05-15-2001 | Picard *et al.* | |
| | US17 | 6,285,777 B2 | | 09-04-2001 | Kanevsky *et al.* | |
| | US18 | 6,400,272 B1 | | 06-04-2002 | Holtzman *et al.* | |
| | US19 | 6,591,367 B1 | | 07-08-2003 | Kobata *et al.* | |
| | US20 | 6,606,648 B1 | | 08-12-2003 | Mukundan *et al.* | |

*Change(s) applied to document. /S.R.R./ 9/12/2017*

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | WO 99/48054 A1 | 09-23-1999 | ASCOM HASLER MAILING SYSTEMS INC. | | |
| | FP2 | WO 99/21330 A1 | 04-29-1999 | E-STAMP CORPORATION | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA HOLMES/ ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.H./ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

OK TO ENTER: /A.R.H/

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors: HODGE *et al.*

Applicant: Global Tel*Link Corp.

Application No.: 14/457,593

Filing Date: August 12, 2014

Title: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Amendment Under 37 C.F.R. § 1.312

*Mail Stop Issue Fee*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Submitted herein is an Amendment Under 37 C.F.R. § 1.312. As payment of the issue fee has not yet been made or is filed herewith, Applicant respectfully submits that filing under 37 C.F.R. § 1.312 is proper. (M.P.E.P. § 714.16.)

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 9 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

OK TO ENTER: /A.R.H/

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        09/22/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/22/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Response to Rule 312 Communication* | Application No. | Applicant(s) |
|---|---|---|
| | 14/457,593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address –*

1. ☒ The amendment filed on <u>14 September 2017</u> under 37 CFR 1.312 has been considered, and has been:

   a) ☒   entered.

   b) ☐   entered as directed to matters of form not affecting the scope of the invention.

   c) ☐   disapproved because the amendment was filed after the payment of the issue fee.

             Any amendment filed after the date the issue fee is paid must be accompanied by a petition under 37 CFR 1.313(c)(1) and the required fee to withdraw the application from issue.

   d) ☐   disapproved. See explanation below.

   e) ☐   entered in part. See explanation below.

| /HADI ARMOUCHE/<br>Supervisory Patent Examiner, Art Unit 2497 | /ANGELA HOLMES/<br>Examiner, Art Unit 2497 |
|---|---|

### PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>  Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or** <u>Fax</u>  (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

| 26111 | 7590 | 08/31/2017 |

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

TITLE OF INVENTION: Electronic Messaging Exchange

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 11/30/2017 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HOLMES, ANGELA R | 2497 | 726-003000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Sterne, Kessler, Goldstein & Fox P.L.L.C.
2
3

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                  (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Global Tel*Link Corporation          Reston, Virginia

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number 19-0036 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ Applicant certifying micro entity status. See 37 CFR 1.29
☐ Applicant asserting small entity status. See 37 CFR 1.27
☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date  9/14/17

Typed or printed name  Lauren C. Schleh          Registration No.  65,457

Page 2 of 3

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors: HODGE *et al.*

Applicant: Global Tel*Link Corp.

Application No.: 14/457,593

Filing Date: August 12, 2014

Title: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Amendment Under 37 C.F.R. § 1.312

*Mail Stop Issue Fee*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Submitted herein is an Amendment Under 37 C.F.R. § 1.312. As payment of the issue fee has not yet been made or is filed herewith, Applicant respectfully submits that filing under 37 C.F.R. § 1.312 is proper. (M.P.E.P. § 714.16.)

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 9 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -

HODGE *et al.*
Application No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

convert the instant message into a format suitable for an automated security scan and transmission of the instant message;

perform the automated security scan of the ~~received~~ <u>instant</u> message,

authenticate a remote user, and

based on the automated security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the <u>instant</u> message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

Atty. Dkt. No. 3210.0150005

- 3 -

HODGE *et al.*
Application No. 14/457,593

2.　　(Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input.

3.　　(Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.　　(Canceled)

5.　　(Previously Presented) The system of claim 1, wherein the format includes at least one of a text message, an email, a voice call, and a voice message.

6.　　(Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.　　(Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.　　(Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.　　(Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.　　(Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

- 4 -

11.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, in response to being protected, restrict access to the instant message.

12.     (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

convert the instant message into a format suitable for an automated security scan and transmission of the instant message,

perform the automated security scan of the ~~received~~ instant message, and

based on the automated security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet, and

- 5 -

HODGE *et al.*
Application No. 14/457,593

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.    (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    (Currently Amended) The system of claim 13, wherein the safe terminal is further configured to alert the local user that [[an]] the instant message has been received.

19.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, in response to being protected, restrict access to the instant message.

20.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.    (Canceled)

HODGE *et al.*
Application No. 14/457,593

22.     (Canceled)

23.     (Canceled)

24.     (Canceled)

25.     (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

converting the first instant message into a format suitable for a first automated security scan and a first transmission of the <u>first</u> instant message;

performing the first automated security scan of the ~~received~~ first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the first security scan of the first instant message.

Atty. Dkt. No. 3210.0150005

- 7 -

HODGE *et al.*
Application No. 14/457,593

26.     (Currently Amended) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

converting the second instant message into a format suitable for a second automated security scan and a second transmission of the <u>second</u> instant message;

performing the second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the <u>second automated</u> security scan of the second instant message.

27.     (Previously Presented) The system of claim 1, wherein the central computer control platform is further configured to prevent forwarding or copying the instant message to anyone other than the remote user.

28.     (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to use the instant message to schedule a time for a conversation with the remote user.

- 8 -

HODGE *et al.*
Application No. 14/457,593

29.    (Previously Presented) The system of claim 1, wherein the remote user is in an environment outside of the secured inmate facility.

30.    (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine a maximum number of communication times between the local user and the remote user.

- 9 -                                                                HODGE *et al.*
                                                              Application No. 14/457,593

## *Remarks*

None of the amendments add new matter.

The amendment corrects a formal matter without changing the scope of the claims.

Accordingly, Applicant respectfully requests that this Amendment be entered.

Reconsideration of this application and entry of the above Amendments are respectfully

requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: ___9/14/17___

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

*8238390_1.docx*

Atty. Dkt. No. 3210.0150005

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/David Ofori |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for**  Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 1501 | 1 | 960 | 960 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **960** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30363439 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/David Ofori |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 14-SEP-2017 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 15:50:21 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $960 |
| RAM confirmation Number | 091517INTEFSW15510500 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 3210_0150005_Issue_Fee_with_312_Amendment.pdf | 4104899<br><br>3e352207f40a3c1e09cf366bcce4760b2824 5ae2 | yes | 11 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | **Start** | **End** | |
| | Miscellaneous Incoming Letter | 1 | 1 | |
| | Issue Fee Payment (PTO-85B) | 2 | 2 | |
| | Amendment after Notice of Allowance (Rule 312) | 3 | 3 | |
| | Claims | 4 | 10 | |
| | Applicant Arguments/Remarks Made in an Amendment | 11 | 11 | |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30370<br><br>c5e33a4ee4facb13b6ec7ea5186540c622a5 4f2f | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 4135269 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

September 14, 2017

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Mail Stop Issue Fee*

Re:     Allowed U.S. Utility Patent Application
        Appl. No. 14/457,593; Filed:  August 12, 2014
        For:   **Electronic Messaging Exchange**
        Inventors: HODGE *et al.*
        Our Ref: 3210.0150005

Commissioner:

In response to the **Notice of Allowance and Fee(s) Due** dated August 31, 2017, the following documents are transmitted for appropriate action by the U.S. Patent and Trademark Office:

1.      Issue Fee Transmittal (Form PTOL-85);

2.      Online Credit Card Payment Authorization for **$960.00** to cover:
        **$960.00** - Issue Fee; and

3.      Amendment Under 37 C.F.R. §1.312.

*The above-listed documents are filed electronically.*

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/JXY/d-o
Enclosures

8251145_1.docx

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

26111          7590          08/31/2017

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
| --- |
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2497 | |

DATE MAILED: 08/31/2017

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

TITLE OF INVENTION: Electronic Messaging Exchange

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 11/30/2017 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**

**or <u>Fax</u>  (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26111          7590          08/31/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

TITLE OF INVENTION: Electronic Messaging Exchange

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 11/30/2017 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HOLMES, ANGELA R | 2497 | 726-003000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)**

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

**4a. The following fee(s) are submitted:**

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status (from status indicated above)**

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        08/31/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

DATE MAILED: 08/31/2017

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 14/457,593 | Applicant(s) HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *8/16/17*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-3,5-20 and 25-30*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some   *c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☒ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

Application/Control Number: 14/457,593                                                   Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

2.      This communication is in response to the application 14/457593 filed on 8/16/17.

### *Terminal Disclaimer*

3.      The terminal disclaimer filed on 09/03/15 has been reviewed and is accepted.  The terminal

disclaimer has been recorded.

### *Allowable Subject matter*

4.      Claims 1-3, 5-20 and 25-30 are allowed.

### *Examiner's comment*

5.      This communication warrants No Examiner's Reason for Allowance, applicant's reply

make evident the reasons for allowance, satisfying the "record as a whole" proviso of the rule 37

CFR 1.104(e). Specifically, the substance of applicant's arguments filed on 8/16/17 are

persuasive, as such the reasons for allowance are in all probability evident from the record and

no statement is deemed necessary (see MPEP 1302.14).

6.      Any comments considered necessary by applicant must be submitted no later than

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."

### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.

The examiner can normally be reached on 9am -5pm.

Application/Control Number: 14/457,593                                        Page 3
Art Unit: 2497

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 9813 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:39 |
| L2 | 98373 | (H04L63/30 H04L63/08 H04L51/04 H04L63/102).CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:39 |
| L3 | 1050 | ((stephen near hodge)(david near hodge)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:40 |
| L5 | 76 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 05:41 |
| L7 | 14 | electronic near messag$3 and authentic$5 with inmate and instant adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:15 |
| L8 | 5065 | electronic near messag$3 and authentic$5 and instant adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:15 |
| L9 | 44 | electronic near messag$3 and authentic$5 and instant adj messag$3 near conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:15 |
| L11 | 9 | electronic near messag$3 and authentic$5 and instant adj messag$3 near conver$4 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:16 |
| L12 | 0 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 near security | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:16 |
| L13 | 0 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 with security | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:16 |

| L14 | 13 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:17 |
|---|---|---|---|---|---|---|
| L15 | 13 | authentic$5 and instant adj messag$3 near conver$4 and scan$4 and remote and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:17 |
| L16 | 12 | inmate with authentic$5 and restrict$3 near internet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:18 |
| L20 | 12 | inmate with authentic$5 and restrict$3 near internet and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:20 |
| L23 | 84 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:20 |
| L24 | 14 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 and instant adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:20 |
| L25 | 11 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 and instant adj messag$3 and generat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:21 |
| L27 | 18 | electronic near messag$3 and authentic$5 and instant adj messag$3 with inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:22 |
| L28 | 8 | authentic$5 and restrict$3 near internet and conver$4 and scan$4 and instant adj messag$3 and generat$3 and text and email and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:23 |
| L31 | 2 | correctional adj facilit$3 and authentic$5 with security near scan | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:25 |
| L32 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:25 |
| L33 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:26 |

| L34 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate and authentic$5 and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:26 |
| L35 | 2 | correctional adj facilit$3 and authentic$5 with security near scan and inmate and authentic$5 and instant near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/24 06:26 |

## EAST Search History (Interference)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L36 | 0 | (correctional adj facilit$3 near authentic$5 near security near scan near inmate near authentic$5 near instant near messag$3).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:27 |
| L37 | 0 | (correctional adj facilit$3 near authentic$5 near security near scan near inmate near authentic$5 near instant near messag$3 near restrict$3).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:29 |
| L38 | 0 | (authentic$5 near security near scan inmate near authentic$5 near instant near messag$3 near restrict$3).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:29 |
| L39 | 0 | (authentic$5 near security near scan near inmate near authentic$5 near instant near messag$3 near restrict$3 near conver$4).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:30 |
| L40 | 0 | (authentic$5 near security near scan near inmate near authentic$5 near conver$4 near instant near messag$3 near restrict$3 near internet).clm. | US-PGPUB; USPAT | OR | ON | 2017/08/24 06:30 |

**8/24/2017 6:30:40 AM**
**C:\ Users\ aholmes\ Documents\ EAST\ Workspaces\ ~ auto.08062017.221837.bak.wsp**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6317**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 726 | 2497 | 3210.0150005 |
| | RULE | | | |

**APPLICANTS**
Global Tel*Link Corp., Reston, VA;

**INVENTORS**
Stephen HODGE, Aubry, TX;
David Woody, Allen, TX;

** CONTINUING DATA *************************
This application is a CON of 13/941,382 07/12/2013 PAT 9680878
which is a CON of 12/802,641 06/10/2010 PAT 8488756
which is a CON of 10/996,795 11/24/2004 PAT 7742581

** FOREIGN APPLICATIONS *************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED **
08/20/2014

| Foreign Priority claimed ☐ Yes ☑ No | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | ☐ Met after Allowance | | | | |
| Verified and Acknowledged  /angela holmes / _____ Examiner's Signature | Initials | TX | 6 | 20 | 2 |

**ADDRESS**

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005
UNITED STATES

**TITLE**

Electronic Messaging Exchange

| | | |
|---|---|---|
| **FILING FEE RECEIVED** 2140 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

OK TO ENTER: /A.R.H/

**Amendment Under 37 C.F.R. § 1.116**
**Expedited Procedure – Art Unit 2497**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.116

Commissioner for Patents                                                                               *Mail Stop AF*
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

In reply to the Final Office Action dated June 20, 2017, Applicant submits the following Amendment and Remarks.

Remarks and Arguments begin on page 2 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| CPC | | | | | |
|---|---|---|---|---|---|
| **Symbol** | | | | **Type** | **Version** |
| H04L | 63 | 30 | | F | 2013-01-01 |
| H04L | 51 | 066 | | I | 2013-01-01 |
| H04L | 51 | 12 | | I | 2013-01-01 |
| H04L | 51 | 36 | | I | 2013-01-01 |
| H04L | 51 | 04 | | I | 2013-01-01 |
| H04L | 63 | 08 | | I | 2013-01-01 |
| H04M | 3 | 42382 | | I | 2013-01-01 |
| H04L | 51 | 14 | | I | 2013-01-01 |
| H04L | 51 | 22 | | I | 2013-01-01 |
| H04L | 51 | 38 | | I | 2013-01-01 |
| H04L | 63 | 0861 | | I | 2013-01-01 |
| H04L | 63 | 102 | | I | 2013-01-01 |
| H04L | 63 | 083 | | I | 2013-01-01 |
| H04L | 67 | 02 | | A | 2013-01-01 |
| | | | | | |

| CPC Combination Sets | | | | | |
|---|---|---|---|---|---|
| **Symbol** | | | **Type** | **Set** | **Ranking** | **Version** |
| | | | | | |
| | | | | | |

| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | 8/24/17 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 25 | |
| /HADI ARMOUCHE/<br>Supervisory Patent Examiner.Art Unit 2497 | 08/29/2017 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No. 20170824

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | NON-CLAIMED | | | | | |
| 726 | 3 | H | 0 | 4 | L | 29 / 06 (2006.01.01) | | | | | | |

| CROSS REFERENCE(S) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | | 8/24/17 | Total Claims Allowed: | |
|---|---|---|---|---|
| (Assistant Examiner) | | (Date) | 25 | |
| /HADI ARMOUCHE/ Supervisory Patent Examiner.Art Unit 2497 | | 08/29/2017 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | | (Date) | 1 | 1 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ☐ Claims renumbered in the same order as presented by applicant | ☐ CPA | ☒ T.D. | ☐ R.1.47 |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 16 | 17 | | | | | | | | | | | | |
| 2 | 2 | 17 | 18 | | | | | | | | | | | | |
| 3 | 3 | 18 | 19 | | | | | | | | | | | | |
| | 4 | 19 | 20 | | | | | | | | | | | | |
| 4 | 5 | | 21 | | | | | | | | | | | | |
| 5 | 6 | | 22 | | | | | | | | | | | | |
| 6 | 7 | | 23 | | | | | | | | | | | | |
| 7 | 8 | | 24 | | | | | | | | | | | | |
| 8 | 9 | 20 | 25 | | | | | | | | | | | | |
| 9 | 10 | 21 | 26 | | | | | | | | | | | | |
| 10 | 11 | 22 | 27 | | | | | | | | | | | | |
| 11 | 12 | 23 | 28 | | | | | | | | | | | | |
| 12 | 13 | 24 | 29 | | | | | | | | | | | | |
| 13 | 14 | 25 | 30 | | | | | | | | | | | | |
| 14 | 15 | | | | | | | | | | | | | | |
| 15 | 16 | | | | | | | | | | | | | | |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | 8/24/17 | Total Claims Allowed: |
|---|---|---|
| (Assistant Examiner) | (Date) | 25 |

| /HADI ARMOUCHE/ Supervisory Patent Examiner.Art Unit 2497 | 08/29/2017 | O.G. Print Claim(s) | O.G. Print Figure |
|---|---|---|---|
| (Primary Examiner) | (Date) | 1 | 1 |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☒ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | 12/27/2016 | 06/11/2017 | 08/24/2017 | | |
| 1 | 1 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 2 | 2 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 3 | 3 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | - | | |
| 4 | 5 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 5 | 6 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 6 | 7 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 7 | 8 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 8 | 9 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 9 | 10 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 10 | 11 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 11 | 12 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 12 | 13 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 13 | 14 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 14 | 15 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 15 | 16 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 16 | 17 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 17 | 18 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 18 | 19 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| 19 | 20 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | = | | |
| | 21 | ✓ | ✓ | - | - | - | - | - | | |
| | 22 | ✓ | ✓ | - | - | - | - | - | | |
| | 23 | ✓ | ✓ | - | - | - | - | - | | |
| | 24 | ✓ | ✓ | - | - | - | - | - | | |
| 20 | 25 | | | ✓ | ✓ | ✓ | ✓ | = | | |
| 21 | 26 | | | ✓ | ✓ | ✓ | ✓ | = | | |
| 22 | 27 | | | | | | | = | | |
| 23 | 28 | | | | | | | = | | |
| 24 | 29 | | | | | | | = | | |
| 25 | 30 | | | | | | | = | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/27/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/11/2017 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/24/2017 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |
| 726 | 3 | 12/27/2016 | ah |
| 726 | 3 | 6/11/2017 | ah |
| 726 | 3 | 8/24/2017 | ah |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|

/ANGELA HOLMES/
Examiner.Art Unit 2497

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |
| EAST class limited w/text search (see search history) | 12/27/2016 | ah |
| EAST text search (see search history) | 12/27/2016 | ah |
| EAST inventor and assignee search (see search history) | 12/27/2016 | ah |
| EAST class limited w/text search (see search history) | 6/11/2017 | ah |
| EAST text search (see search history) | 6/11/2017 | ah |
| EAST inventor and assignee search (see search history) | 6/11/2017 | ah |
| EAST class limited w/text search (see search history) | 8/24/2017 | ah |
| EAST text search (see search history) | 8/24/2017 | ah |
| EAST inventor and assignee search (see search history) | 8/24/2017 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | GENERAL INTERFERENCE AND SEARCH OF CLAIMS (USPGPUB,UPAT) | 8/24/2017 | ah |

/ANGELA HOLMES/
Examiner.Art Unit 2497

Document code:  WFEE

United States Patent and Trademark Office
Sales Receipt for Accounting Date:  08/21/2017

LJOHNSON     SALE  #00000001     Mailroom Dt:  08/16/2017      190036    14457593
                 01     FC : 1202                  80.00  DA

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number | Filing Date | ☐ To be Mailed |
|---|---|---|---|
| | 14/457,593 | 08/12/2014 | |

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | 08/16/2017 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 25 | Minus ** 24 | = 1 | x $80 = | 80 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | 80 |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

/LIE
LAVINIA JOHNSON

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Amendment Under 37 C.F.R. § 1.116**
**Expedited Procedure – Art Unit 2497**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.116

Commissioner for Patents                                                    *Mail Stop AF*
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

      In reply to the Final Office Action dated June 20, 2017, Applicant submits the following Amendment and Remarks.

      Remarks and Arguments begin on page 2 of this paper.

      It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -

Reply to Office Action of June 20, 2017

### *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

convert the instant message into a format suitable for an automated security scan and transmission of the instant message:

perform [[an]]the automated security scan of the received message,

authenticate a remote user, and

based on the automated security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

- 3 -

Reply to Office Action of June 20, 2017

HODGE *et al.*
Application No. 14/457,593

2.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input.

3.      (Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.      (Canceled)

5.      (Currently Amended) The system of claim [[4]]1, wherein the ~~plurality of formats~~format includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

- 4 -

HODGE *et al.*
Reply to Office Action of June 20, 2017                                    Application No. 14/457,593

11.     (Currently Amended) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, [[if]]in response to being protected, restrict access to the instant message.

12.     (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

     a control platform configured to:

        authenticate a remote user,

        receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

        convert the instant message into a format suitable for an automated security scan and transmission of the instant message,

        perform [[an]]the automated security scan of the received instant message, and

        based on the automated security scan, transmit the instant message to a safe terminal or to an administrator;

     the safe terminal configured to:

        receive the instant message from the control platform via a data connection,

        authenticate a local user, and

        provide the instant message to the authenticated local user,

Atty. Dkt. No. 3210.0150005

- 5 -

HODGE *et al.*
Reply to Office Action of June 20, 2017
Application No. 14/457,593

wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.    (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.    (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.    (Currently Amended) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, [[if]]in response to being protected, restrict access to the instant message.

- 6 -

HODGE *et al.*

Reply to Office Action of June 20, 2017

Application No. 14/457,593

20.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.     (Canceled)

22.     (Canceled)

23.     (Canceled)

24.     (Canceled)

25.     (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

        authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet;

        receiving user input from the local user at the safe terminal;

        generating a first instant message at the safe terminal based on the received user input;

        transmitting the first instant message from the safe terminal to a control platform via a data connection;

        converting the first instant message into a format suitable for a first automated security scan and a first transmission of the instant message:

        performing [[a]]the first automated security scan of the received first instant message at the control platform;

        authenticating a remote user at the control platform; and

- 7 -

HODGE *et al.*
Reply to Office Action of June 20, 2017                    Application No. 14/457,593

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the <u>first</u> security scan <u>of</u> the first instant message.

26.    (Currently Amended) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

<u>converting the second instant message into a format suitable for a second automated security scan and a second transmission of the instant message;</u>

performing [[a]]<u>the</u> second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

27.    (New) The system of claim 1, wherein the central computer control platform is further configured to prevent forwarding or copying the instant message to anyone other than the remote user.

28.    (New) The system of claim 1, wherein the safe terminal is further configured to allow the local user to use the instant message to schedule a time for a conversation with the remote user.

- 8 -

Reply to Office Action of June 20, 2017

HODGE *et al.*
Application No. 14/457,593

29.     (New) The system of claim 1, wherein the remote user is in an environment outside of the secured inmate facility.

30.     (New) The system of claim 1, wherein the control platform is further configured to determine a maximum number of communication times between the local user and the remote user.

- 9 -

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 5, 11, 13, 25, and 26 are sought to be amended. Claim 4 is sought to be canceled without prejudice to or disclaimer of the subject matter therein. New claims 27-30 are sought to be added. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

### *Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held August 10, 2017. Applicant expresses appreciation to Examiner Holmes for the courtesy of an interview with Jinrong Yuan, Reg. No. 76,066, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. The substance of arguments presented in the interview are further reflected in the present remarks.

### *Rejections under 35 U.S.C. § 103*

*1. Fuoss in view of Shapiro and Hodge in further view of Freund.*

Atty. Dkt. No. 3210.0150005

HODGE *et al.*
Reply to Office Action of June 20, 2017

Application No. 14/457,593

Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C. § 103(a) as being unpatentable over U.S. Patent No. 7,003,308 to Fuoss ("Fuoss") in view of U.S. Provisional Patent Application No. 60/538,933, published in U.S. Patent Application Publication No. 2010/0299761 to ("Shapiro") in further in view of U.S. Patent Application Publication No. 2004/0029564 to Hodge ("Hodge") in view of U.S. Patent No. 5,987,611 to Freund ("Freund").

The combination of Fuoss, Shapiro, Hodge and Freund fails to teach or suggest a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system has "a control platform" configured to "convert the instant message into **a format suitable for an automated security scan and transmission**[1] of the instant message," as recited in amended claim 1. That is, the cited references of Fuoss, Shapiro, Hodge and Freund, alone or combined, fails to teach or suggest the above noted features of the amended claim 1.

The cited references, Fuoss, Shapiro, Hodge, and Freund, alone or combined, fail to disclose at least "a control platform configured to: ...convert the instant message into a format suitable for an automated security scan and transmission of the instant message," as recited in amended claim 13 and "the method comprising: ... converting the first instant message into a format suitable for a first automated security scan and a first transmission of the instant message," as recited in amended claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, and Freund at least for their dependencies from the independent claims, as well as for the additional

---

[1] All emphasis added unless otherwise noted.

Atty. Dkt. No. 3210.0150005

- 11 -

Reply to Office Action of June 20, 2017

HODGE *et al.*
Application No. 14/457,593

features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. Fuoss in view of Shapiro and Hodge in further view of Freund in view of Levac.

Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. § 103(a) as being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 5,872,926 to Levac ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Levac fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Freund.

In the current Office Action, the Examiner states that "Fuoss, Shapiro, Hodge and Freund do not disclose; however, Levac discloses the system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message." (Office Action, page 9.)

Levac fails to cure the deficiencies of Fuoss, Shapiro, Hodge and Freund. To the contrary, Levac fails to disclose converting instant message to any format suitable for an automatic security scan and transmission of the instant message. Levac relates to "a system in which messages generated by a message source are automatically converted to the proper mediums for transmission to various types of communication devices used by selected recipients." (Levac, Abstract, reference number omitted.) For example, Levac merely discloses that "The communication device interface converts the message portion and generates at least one converted message in the format **compatible with the at least one type of communication device at the communication destination**. The communication device interface further transmits the at least one converted

Atty. Dkt. No. 3210.0150005

- 12 -                                                                      HODGE *et al.*
Reply to Office Action of June 20, 2017                      Application No. 14/457,593

message to the communication destination." (Levac, 2:16-21, reference number omitted.) Nowhere does Levac mention or suggest converting instant messages to a format suitable for both automated security scan and transmission of the instant messages.

Levac, at most, provides a system for converting instant messages to a format compatible with the receiving communication device. Levac is silent, however, with respect to the above noted features. More specifically, Levac does not teach or suggest a system that is capable of converting instant messages to a format suitable for automated security scan and transmission of the instant message. Further, Fuoss, Shapiro, Hodge and Freund do not cure the deficiencies of Levac with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro, Hodge, Freund, and Levac for at least the reasons noted above.

The combination of Fuoss, Shapiro, Hodge, Freund, Levac fails to disclose at least "a control platform configured to: …convert the instant message into a format suitable for an automated security scan and transmission of the instant message," as recited in amended claim 13 and "the method comprising: … converting the first instant message into a format suitable for a first automated security scan and a first transmission of the instant message," as recited in amended claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, Freund, and Levac at least for their dependencies from the independent claims, as well as for the additional features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

- 13 -

HODGE *et al.*
Application No. 14/457,593

### 3. *Fuoss in view of Shapiro and Hodge in further view of Freund in view of Cree.*

Claim 18 is rejected under pre-AIA 35 U.S.C. § 103(a) as being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 6,665,380 to Cree ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Cree fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Freund with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Freund, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### *New claims 27-30*

New dependent claims 27-30 are sought to be added based on their dependency to claim 1, and claims 27-30 should be found allowable over the applied references, as well as for their additional distinguishing features. Support for claims 27-30 can be found, e.g., paragraphs [0025], [0028], and [0029], and FIG. 1 of the present application.

- 14 -

HODGE *et al.*

Reply to Office Action of June 20, 2017

Application No. 14/457,593

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 8 No 19

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

Document7

Atty. Dkt. No. 3210.0150005

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30099436 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Amy Norris |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 16-AUG-2017 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 17:15:10 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_Filing.pdf | 2519694<br><br>8f8ab379921647ba08b2167b69ca501e45667e92 | yes | 15 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Transmittal Letter | 1 | 1 |
| Response After Final Action | 2 | 2 |
| Claims | 3 | 9 |
| Applicant Arguments/Remarks Made in an Amendment | 10 | 15 |

| Warnings: | |
|---|---|
| Information: | |
| **Total Files Size (in bytes):** | 2519694 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

August 16, 2017

Commissioner for Patents                    *Confirmation No. 6317*
PO Box 1450                                         *Art Unit 2497*
Alexandria, VA  22313-1450                    *Mail Stop AF*

    Re:    U.S. Utility Patent Application
           Appl. No. 14/457,593; Filing Date: August 12, 2014
           For:    **Electronic Messaging Exchange**
           Inventors:   HODGE *et al.*
           Our Ref:    3210.0150005

Commissioner:

    Transmitted herewith for appropriate action is a document entitled **Amendment and Reply under 37 C.F.R. § 1.116** which is submitted electronically.

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

                    Respectfully submitted,

                    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                    Lauren C. Schleh
                    Attorney for Applicant
                    Registration No. 65,457

LCS/JXY
Enclosure

5502475_1.docx

### UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111          7590          06/20/2017
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/20/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | Application No. 14/457,593 | Applicant(s) HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on *3/6/17*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☒ This action is **FINAL**.     2b)☐ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5)☒ Claim(s) *1-20,25 and 26* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☒ Claim(s) *1-20,25 and 26* is/are rejected.
8)☐ Claim(s) _____ is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10)☐ The specification is objected to by the Examiner.
11)☒ The drawing(s) filed on *8/12/14,10/30/14* is/are: a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All  b)☐ Some**  c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date *1/26/17*.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

Application/Control Number: 14/457,593                                      Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

### *Information Disclosure Statement*

2.      The information disclosure statement (IDS) submitted on 1/26/17 is in compliance with
the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being
considered by the examiner.

### *Response to Arguments*

3.      Applicant argues that the prior art, Freund, does not teach or suggest "a safe terminal that
accesses secure system software only and restricts the local user from accessing the internet",
disclosed in claims 1, 13 and 25. Examiner respectfully disagrees and maintains that the prior
art, Freund, discloses that an access management application is used to maintain a database of
the access rules for the workstations being administrated. These access rules can include criteria
such as total time a user can be connected to the Internet, time a user can interactively use the
Internet, a list of applications or application versions that a user can or cannot use in order to
access the Internet, a list of URLs (or WAN addresses) that a user application can (or cannot)
access, a list of protocols or protocol components that a user application can or cannot use, and
rules to determine what events should be logged (including how long are logs to be kept).
These access rules can be qualified by optionally specifying: to whom should a rule apply (list
of users, list of workgroups, or all); start date and expiration date of a rule; time of day when the
rule should be applied; whether the rule is "disclosed" to the user or workgroup manager or
remains hidden; whether a rule can be overwritten or modified by the workgroup manager or
user; and what should happen if a rule is violated (e.g., denying Internet access, issue a warning,

Application/Control Number: 14/457,593                                                Page 3
Art Unit: 2497

redirecting the access, creating a log entry, or the like), as disclosed in Col 4, lines 4-28. The

prior art, Freund, has a criteria for users, which discloses whether a user can be connected to the

internet. It is obvious to one ordinary skilled in the art that the prior art, Freund, discloses the

limitation in claims 1, 13, and 25, "a safe terminal that accesses secure system software only

and restricts the local user from accessing the internet".

### *Claim Rejections - 35 USC § 103*

4.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

5.      **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564) in view

of Freund (US 5987611). Fuoss is cited in the IDS filed 12/8/15.

        **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

        allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

        transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network)*; and

        a control platform configured to:

receive the instant message from the safe terminal *(Fuoss, Col 7, lines 44-54,*

*receive messages from another communication device)*,

the control platform including:

a central computer control platform configured to allow the local user and the

remote user to communicate via electronic messages *(Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages)*;

a safe terminal configured to:

Fuoss does not disclose; however, Shapiro discloses perform an automated

security scan of the received message *(Shapiro, pg.3, scanning letters for certain*

*keywords)*, and

based on the security scan, transmit the instant message to a device associated

with the authenticated remote user or transmit a notification to an administrator and store

the message in a database *(Shapiro,Pg. 2, proofing and screening, then allowing for*

*viewing)*,

authenticate a remote user *(Shapiro, Pg. 4-5, "Writer Registration", username*

*and password)*,

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering

and monitoring electronic letters to correction facility inmates while giving supervisory

authorities the ability to screen the incoming mail.

the control platform including:

Application/Control Number: 14/457,593                                      Page 5
Art Unit: 2497

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of authenticating users in a secure facility.

Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet (*Freund, Col 12, lines 49-61, provides a client-side filter that is controlled by the centralized authority as long as the centralized authority has a way of enforcing non-compliance (for example by blocking access to the WAN). Provides a system comprising one or more access management applications that set access rules for the entire LAN for one or more workgroups or individual users, a client-based filter application (installed at each client), and a central supervisor application that maintains the access rules for the client based filter and verifies the existence and proper operation of the client-based filter application.*)

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the benefit of regulating access and maintaining security of individual computer systems and local area networks (LANs) connected to larger open networks (Wide Area Networks or WANs), including the Internet.

Application/Control Number: 14/457,593                                    Page 6
Art Unit: 2497

As per claim 2, Fuoss discloses the system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input (*Fuoss, Col 3, Lines 38-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.*).

As per claims 3 and 20, Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses the system of claim 1, wherein the safe terminal is further configured to connect exclusively with the control platform (*Freund, Col 14, lines 62-67, the system includes multiple clients (each of which comprises a personal computer or workstation) connected to a network.  Each client includes a client-side monitoring component for monitoring Internet access.  The network is connected to a server (or another client) having a supervisor or verifier component.*)

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the benefit of regulating access and maintaining security of individual computer systems and local area networks (LANs) connected to larger open networks (Wide Area Networks or WANs), including the Internet.

As per claim 5, Fuoss discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call and a voice message (*Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.*).

As per claims 8 and 16, Fuoss discloses the system of claim 1, wherein the data connection is a wireless connection (*Fuoss, Col 3. Lines 59-65, the handwritten message*

Application/Control Number: 14/457,593                                      Page 7
Art Unit: 2497

*displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a*

*graphic image), directed by a processor to a transceiver, and transmitted via a*

*communication connection (e.g., a wire or wireless connection)).*

   **As per claims 9 and 17,** Fuoss, Shapiro and Freund do not disclose; however,

Hodge discloses the system of claim 1, wherein the safe terminal is further configured to

authenticate the local user using at least one of a login and password information, biometric

information, and a radio frequency identification (*Hodge, Para. 0140, entering a PIN and*

*biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

   Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss, Shapiro and Freund, given the

benefit of providing a secure telephone call system for identifying and authenticating an

institutional calling party.

   **As per claim 10,** Fuoss, Hodge and Freund do not disclose; however, Shapiro

discloses the system of claim 1, wherein the control platform is further configured to

authenticate the remote user using at least a login and password information (*Shapiro, Pg.*

*4-5, "Writer Registration", username and password*).

   Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the

benefit of delivering and monitoring electronic letters to correction facility inmates while

giving supervisory authorities the ability to screen the incoming mail.

   **As per claims 11 and 19,** Fuoss, Hodge and Freund do not disclose; however,

Shapiro discloses the system of claim 1, wherein the control platform is further configured

Application/Control Number: 14/457,593                                        Page 8
Art Unit: 2497

to determine whether the instant message is protected and, if protected, restrict access to

the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the

benefit of delivering and monitoring electronic letters to correction facility inmates while

giving supervisory authorities the ability to screen the incoming mail.

**As per claim 12,** Fuoss, Hodge and Freund do not disclose; however, Shapiro

discloses the system of claim 1, wherein the control platform allows an administrator to

monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are*

*printed and viewed*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the

benefit of delivering and monitoring electronic letters to correction facility inmates while

giving supervisory authorities the ability to screen the incoming mail.

**As per claim 26,** Fuoss discloses the method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote

device associated with the authenticated remote user (*Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages; Also, Col 7, lines 44-54,*

*receive messages from another communication device*);

Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses performing

a second automated security scan of the second instant message (*Shapiro, pg.3, scanning*

*letters for certain keywords*); and

Application/Control Number: 14/457,593                                    Page 9
Art Unit: 2497

transmitting the second instant message from the control platform to a safe

terminal associated with the authenticated local user or to an administrator, based on the

security scan of the second instant message (*Shapiro,Pg. 2, proofing and screening, then*

*allowing for viewing*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the

benefit of delivering and monitoring electronic letters to correction facility inmates while

giving supervisory authorities the ability to screen the incoming mail.

6.       **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Freund

(US 5987611) in view of Levac (US 5872926).

**As per claim 4,** Fuoss, Shapiro, Hodge and Freund do not disclose; however,

Levac discloses the system of claim 1, wherein the safe terminal is further configured to

convert the instant message into one of a plurality of formats for the message (*Levac, Col*

*1, lines 63- line 2, converting a message generated by a variety of message sources to the*

*appropriate format for communication with diverse communication devices selected in*

*response to message parameters included in a message file.  The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

Application/Control Number: 14/457,593                                     Page 10
Art Unit: 2497

given the benefit of converting to a format appropriate for communicating with selected communications devices.

**As per claims 6 and 14,** Fuoss, Shapiro, Hodge and Freund do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file.  The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund, given the benefit of converting to a format appropriate for communicating with selected communications devices.

**As per claims 7 and 15,** Fuoss, Shapiro, Hodge and Freund do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file.  The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Application/Control Number: 14/457,593                                          Page 11
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

7.      **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over

Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) in view of Hodge (20040029564) in view of Freund (US 5987611) in view of

Cree (US 6665380).

**As per claim 18,** Fuoss, Shapiro, Hodge and Freund do not explicitly disclose;

however, Cree discloses the system of claim 13, wherein the safe terminal is further

configured to alert the local user that an instant message has been received (*Cree, Col 11,*

*17-34, the system informs the inmate when there are messages*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro, Hodge and Freund, with the system and method of Cree, given

the benefit of notifying an inmate in a prison facility of messages.

### *Conclusion*

8.      **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

Application/Control Number: 14/457,593                                              Page 12
Art Unit: 2497

however, will the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.

The examiner can normally be reached on 9am -5pm.

Examiner interviews are available via telephone, in-person, and video conferencing using

a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is

encouraged to use the USPTO Automated Interview Request (AIR) at

http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 9715 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:30 |
| L2 | 165879 | (h04l63/30 h04l51/04 h04l51/12 h04l63/08 h04l63/102 h04l67/02).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:30 |
| L4 | 783 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:32 |
| L5 | 67 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:34 |
| L6 | 5505 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:35 |
| L7 | 26 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and control near platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:36 |
| L8 | 2586 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:37 |
| L9 | 53 | secur$3 and electronic near message and | US-PGPUB; | OR | ON | 2017/06/11 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | | 22:38 |
| L10 | 51 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | | 2017/06/11 22:38 |
| L11 | 39 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | | 2017/06/11 22:38 |
| L12 | 39 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | | 2017/06/11 22:38 |
| L13 | 6 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless and login | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | | 2017/06/11 22:38 |
| L14 | 2 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless and login and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | | 2017/06/11 22:39 |
| L15 | 2 | secur$3 and electronic near message and authentic$5 and transmi$5 near messag$3 and terminal and text near input and voice near input and automat$2 and remote and wireless and login and inmate and biometric and rfid | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | | 2017/06/11 22:39 |
| L16 | 217 | ("5648916" | "5805810" | "6192114" | "20100299761" | "20020159600" | "20060149644" | "4191860" | "7742582" | "8204177" | "5987611" | "4766604" | "5826034" | "6173259" | "6285777" | "6591367" | "20040029564" | "6249808" | "5745558" | "5956717" | "20130179949" | "4652700" | "6061718" | "20030002639" | "20140020063" | "5319702" | "5539812" | "5768355" | "7256816" | "20040058667" | "6233318" | "6400272" | "6606648" | "20020111887" | "20150046978" | "20060098796" | "5068888" | "5958005" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | | 2017/06/11 22:39 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | \| "6665380" \| "6668045" \| "5655013" \| "9043813" \| "9077680" \| "5740231" \| "5872926" \| "5982506" \| "5351287" \| "6052454" \| "8458732" \| "5553145" \| "20030086546" \| "20150047004" \| "4054756" \| "7046779" \| "8509390" \| "20020183040" \| "6145004" \| "5894558" \| "4935956" \| "6064963" \| "7003308").PN. | | | | |
| L17 | 38 | l16 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L18 | 18 | l16 and inmate and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L19 | 10 | l16 and inmate and authentic$5 and voice and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L20 | 6 | l16 and inmate and authentic$5 and voice and remote and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L21 | 6 | l16 and inmate and authentic$5 and voice and remote and terminal and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:40 |
| L22 | 3 | l16 and inmate and authentic$5 and voice and remote and terminal and transmi$5 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:41 |
| L23 | 4 | l16 and block and authentic$5 and voice and remote and terminal and transmi$5 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:41 |
| L24 | 19 | l1 and block and authentic$5 and voice and remote and terminal and transmi$5 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; | OR | ON | 2017/06/11 22:42 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
| L25 | 68 | I1 and I6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:42 |
| L26 | 3 | I1 and I7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L27 | 37 | I1 and I8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L28 | 1 | I1 and I9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L29 | 1 | I1 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L30 | 1 | I1 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L31 | 1 | I1 and I12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L32 | 1 | I1 and I13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L33 | 984 | I2 and I6 | US-PGPUB; | OR | ON | 2017/06/11 |

| | | | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 22:43 |
|---|---|---|---|---|---|---|
| L34 | 12 | I2 and I7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L35 | 499 | I2 and I8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L36 | 5 | I2 and I9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L37 | 5 | I2 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L38 | 2 | I2 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L39 | 2 | I2 and I12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:43 |
| L40 | 2 | I2 and I13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L41 | 7 | I4 and I6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | ON | 2017/06/11 22:44 |

| | | | IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L42 | 7 | l4 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L43 | 7 | l4 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L44 | 2 | l4 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L45 | 2 | l4 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L46 | 2 | l4 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L47 | 2 | l4 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L48 | 2 | l5 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L49 | 2 | l5 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L50 | 1 | l5 and l8 | US-PGPUB; USPAT; USOCR; FPRS; | | | 2017/06/11 22:44 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | EPO; JPO; DERWENT; IBM_TDB | | | |
| L51 | 0 | I5 and I9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |
| L52 | 0 | I5 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/06/11 22:44 |

**EAST Search History (Interference)**

< This search history is empty>

**6/11/2017 10:45:48 PM**
**C:\Users\aholmes\Documents\EAST\Workspaces\ ~ auto.03202017.060153.wsp**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/27/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/11/2017 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |
| 726 | 3 | 12/27/2016 | ah |
| 726 | 3 | 6/11/2017 | ah |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | |
|---|---|

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |
| EAST class limited w/text search (see search history) | 12/27/2016 | ah |
| EAST text search (see search history) | 12/27/2016 | ah |
| EAST inventor and assignee search (see search history) | 12/27/2016 | ah |
| EAST class limited w/text search (see search history) | 6/11/2017 | ah |
| EAST text search (see search history) | 6/11/2017 | ah |
| EAST inventor and assignee search (see search history) | 6/11/2017 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
|  |  |  |  |

/ANGELA HOLMES/
Examiner.Art Unit 2497

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 | |
| | | | | Filing Date | August 12, 2014 | |
| | | | | First Named Inventor | Stephen HODGE | |
| | | | | Art Unit | 2497 | |
| | | | | Examiner Name | HOLMES, Angela R. | |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 | |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2001/0036821 A1 | 11-01-2001 | Gainsboro et al. | |
| | US2 | 2003/0070076 A1 | 04-10-2003 | Michael | |
| | US3 | 2003/0198325 A1 | 10-23-2003 | Bayne | |
| | US4 | 2007/0041545 A1 | 02-22-2007 | Gainsboro | |
| | US5 | 2007/0044734 A1 | 03-01-2007 | Maloney et al. | |
| | US6 | 2010/0318441 A1 | 12-16-2010 | Harper | |
| | US7 | 2016/0381082 A1 | 12-29-2016 | Hodge et al. | |
| | US8 | 5,535,261 | 07-09-1996 | Brown et al. | |
| | US9 | 7,039,171 B2 | 05-02-2006 | Gickler | |
| | US10 | 7,278,028 B1 | 10-02-2007 | Hingoranee | |
| | US11 | 7,651,680 B2 | 01-26-2010 | Breton et al. | |
| | US12 | 8,000,269 B1 | 08-16-2011 | Rae et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

5021414_1

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 06/11/2017 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

**ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/**

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Non-Final Office Action directed to U.S. Patent Application No. 15/259,439, mailed December 12, 2016; 9 pages. | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 30, 2016; 15 pages. | |
| | NPL3 | Notice of Allowance directed to U.S. Appl. No. 14/457,604, mailed January 12, 2017; 16 pages. | |
| | NPL4 | Non-Final Office Action directed to U.S. Patent Application No. 15/288,520, mailed January 5, 2017; 26 pages. | |
| | NPL5 | Excerpts from Provisional Patent Application No. 60,538,933 to Shapiro, filed January 22, 2004, 7 pages. | |
| | NPL6 | Web pages from "Electronic Message Solutions Inc. (EMS): Improving Relationships through faster Correspondence," 2004, 9 pages; retrieved from http://www.inmatemail.com | |
| | | | |
| | | | |
| | | | |
| | | | |

5021415_1

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 06/11/2017 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☒ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | 12/27/2016 | 06/11/2017 | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 9 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 20 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 21 | ✓ | ✓ | - | - | - | - | | | |
| | 22 | ✓ | ✓ | - | - | - | - | | | |
| | 23 | ✓ | ✓ | - | - | - | - | | | |
| | 24 | ✓ | ✓ | - | - | - | - | | | |
| | 25 | | | ✓ | ✓ | ✓ | ✓ | | | |
| | 26 | | | ✓ | ✓ | ✓ | ✓ | | | |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.111

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

In reply to the Office Action dated December 29, 2016, Applicant submits the following Amendment and Remarks.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                                              HODGE *et al.*
Reply to Office Action of December 29, 2016                Application No. 14/457,593

### *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and ~~blocks~~ restricts the local user from accessing the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.


2.      (Currently Amended) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using text input or voice input. ~~one of a plurality of input methods.~~

Atty. Dkt. No. 3210.0150005

- 3 -                                                    HODGE *et al.*

3.      (Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

11.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

12.     (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

perform an automated security scan of the received instant message, and

based on the security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

wherein the safe terminal accesses secure system software only and ~~blocks~~ restricts the local user from accessing the internet, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

- 5 -

HODGE *et al.*
Application No. 14/457,593

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.     (Canceled)

22.     (Canceled)

Atty. Dkt. No. 3210.0150005

- 6 -

HODGE *et al.*

Reply to Office Action of December 29, 2016

Application No. 14/457,593

23.     (Canceled)

24.     (Canceled)

25.     (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and ~~blocks~~ restricts the local user from accessing the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

performing a first automated security scan of the received first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the security scan the first instant message.

26.     (Previously Presented) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

- 8 -

HODGE *et al.*
Reply to Office Action of December 29, 2016                    Application No. 14/457,593

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 2, 13, and 25 are sought to be amended. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

### *Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held March 2, 2017. Applicants express appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. Specific claim amendments were discussed and are reflected herein. Further, the substance of arguments presented in the interview are further reflected in the present remarks.

### *Rejections under 35 U.S.C. § 103*

#### *1.  Fuoss in view of Shapiro and Hodge in further view of Freund.*

Claims 1-3, 5, 8-13, 16, 17, 19, 20, 25 and 26 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al.* ("Fuoss") in view of U.S. Patent Publication No. 2010/0299761 to Shapiro ("Shapiro") in further in view of U.S. Patent

Atty. Dkt. No. 3210.0150005

HODGE *et al.*
Application No. 14/457,593

Reply to Office Action of December 29, 2016

Publication No. 2004/0029564 to Hodge ("Hodge") in view of U.S. Patent No. 5,987,611 A to Freund ("Freund"). Fuoss is cited in the IDS filed 12/8115.

The combination of Fuoss, Shapiro, Hodge, and Freund fails to teach or suggest a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising a safe terminal "wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet," as recited in amended claim 1.

In the current Office Action, the Examiner states that "Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet." (Office Action, pp. 4-5.)

Freund relates to a "computing environment with methods for *monitoring access to an open network, such as a WAN or the Internet*, is described. The system includes one or more clients, each operating applications or processes (e.g., Netscape Navigator™ or Microsoft Internet Explorer™ browser software) requiring Internet (or other open network) access (e.g., an Internet connection to one or more Web servers)." (Freund, Abstract, emphasis added.) As stated in the Office Action, Freund "provides *a client-side filter* that is controlled by the centralized authority as long as the centralized authority has a way of enforcing non-compliance (for example by blocking access to the WAN). At a general level, the present invention provides a system comprising one or more access management applications that set access rules for the entire LAN for one or more workgroups or individual users, a client-based filter application (installed at each client), and a central supervisor application that maintains the access rules for the client based filter and verifies the existence and proper operation of the client-based filter application." (Office Action, p. 5;

Freund, 12:49-61, emphasis added.) However, Freund's system "monitors the message traffic at the level of individual messages, the system is able ***to selectively block access***, as dictated by the configurable rules." (Freund, 19:57-60.) Freund conditionally blocks access to the internet by trapping individual messages by "disallowing (i.e., blocking) specific messages" and "blocking user access to particular sites." (Freund, 21:18-20, 24:8-9.)

Freund, at most, provides a method for filtering internet content based on a set of rules. Freund, however, does not teach or suggest the above noted features. More specifically, Freund does not teach or suggest a safe terminal that accesses secure system software only and restricts the local user from accessing the internet. Further, Fuoss, Shapiro, and Hodge do not cure the deficiencies of Freund with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro, Hodge, and Freund for at least the reasons noted above.

The combination of Fuoss, Shapiro, Hodge, and Freund also fails to disclose at least a "secure electronic message exchange system usable inside a secured inmate facility, the system comprising ... a safe terminal ... wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet," as recited in amended claim 13 and a "computer-implemented method for transmitting messages from a secured inmate facility, the method comprising: authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and restricts the local user from accessing the internet," as recited in amended claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, and Freund at least for their dependencies from the independent claims, as well as for the additional

features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Fuoss in view of Shapiro, Hodge, and Freund in further view of Levac.*

Claims 4, 6, 7, 14, and 15 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 5,872,926 to Levac ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Levac fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Freund, and Levac for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Fuoss in view of Shapiro, Hodge, Freund and in further view of Cree.*

Claim 18 is rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Freund in view of U.S. Patent No. 6,665,380 to Cree ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Freund. Cree fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Freund, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

- 12 -

HODGE *et al.*<br>Application No. 14/457,593

Reply to Office Action of December 29, 2016

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 3|6|17

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

5034854_1.docx

Atty. Dkt. No. 3210.0150005

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28542800 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Trent William Merrell/Catherine Saunders |
| **Filer Authorized By:** | Trent William Merrell |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 06-MAR-2017 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:47:41 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_AMEND_111.pdf | 1060037 <br> e869407042440092 3cdadb894bffd077736 3f2e0 | yes | 13 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Miscellaneous Incoming Letter | 1 | 1 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 2 | 2 |
| Claims | 3 | 8 |
| Applicant Arguments/Remarks Made in an Amendment | 9 | 13 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |
| **Total Files Size (in bytes):** | 1060037 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

March 6, 2017

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

<u>*Confirmation No. 6317*</u>
*Art Unit 2497*
*Mail Stop Amendment*

Re: U.S. Utility Patent Application
   Appl. No. 14/457,593; Filing Date: August 12, 2014
   For: **Electronic Messaging Exchange**
   Inventors: HODGE *et al.*
   Our Ref: 3210.0150005

Commissioner:

  Transmitted herewith for appropriate action is a document entitled ***Amendment and Reply under 37 C.F.R. § 1.111*** which is submitted electronically.

  In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

     Respectfully submitted,

     STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

     Lauren C. Schleh
     Attorney for Applicant
     Registration No. 65,457

LCS/TWM/cms
Enclosure

5035151_1.docx

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 14/457,593 | Filing Date 08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **03/06/2017** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 22 | Minus ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
MARQUITA JONES

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, Angela R. |
| Sheet    1    of    1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2001/0036821 A1 | 11-01-2001 | Gainsboro et al. | |
| | US2 | 2003/0070076 A1 | 04-10-2003 | Michael | |
| | US3 | 2003/0198325 A1 | 10-23-2003 | Bayne | |
| | US4 | 2007/0041545 A1 | 02-22-2007 | Gainsboro | |
| | US5 | 2007/0044734 A1 | 03-01-2007 | Maloney et al. | |
| | US6 | 2010/0318441 A1 | 12-16-2010 | Harper | |
| | US7 | 2016/0381082 A1 | 12-29-2016 | Hodge et al. | |
| | US8 | 5,535,261 | 07-09-1996 | Brown et al. | |
| | US9 | 7,039,171 B2 | 05-02-2006 | Gickler | |
| | US10 | 7,278,028 B1 | 10-02-2007 | Hingoranee | |
| | US11 | 7,651,680 B2 | 01-26-2010 | Breton et al. | |
| | US12 | 8,000,269 B1 | 08-16-2011 | Rae et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

5021414_1

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIFTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Non-Final Office Action directed to U.S. Patent Application No. 15/259,439, mailed December 12, 2016; 9 pages. | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 30, 2016; 15 pages. | |
| | NPL3 | Notice of Allowance directed to U.S. Appl. No. 14/457,604, mailed January 12, 2017; 16 pages. | |
| | NPL4 | Non-Final Office Action directed to U.S. Patent Application No. 15/288,520, mailed January 5, 2017; 26 pages. | |
| | NPL5 | Excerpts from Provisional Patent Application No. 60,538,933 to Shapiro, filed January 22, 2004, 7 pages. | |
| | NPL6 | Web pages from "Electronic Message Solutions Inc. (EMS): Improving Relationships through faster Correspondence," 2004, 9 pages; retrieved from http://www.inmatemail.com | |
| | | | |
| | | | |
| | | | |
| | | | |

5021415_1

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/Casey Berger |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28174098 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Casey Berger |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 26-JAN-2017 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 14:56:56 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 012717INTEFSW14573100 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 321001500055SIDS.PDF | 747965 b5b755907b59b0989611255368d49d99b28 4303d5 | yes | 7 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | Document Description | Start | | End |
| | Miscellaneous Incoming Letter | 1 | | 1 |
| | Transmittal Letter | 2 | | 5 |
| | Information Disclosure Statement (IDS) Form (SB08) | 6 | | 7 |

**Warnings:**

**Information:**

| 2 | Non Patent Literature | NPL1_NFOA15259439_121220 16.PDF | 382881 0a69c772919903941f5f41b84e8b558a5ada92 6341 | no | 9 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL2_FOA13941382_12302016 .PDF | 558228 33ba1f7303b6df8e4865907d0dc4f40ca027 668b | no | 15 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL3_NOA14457604_0112201 7.PDF | 676616 c62e3396dedc48989b56a70fde86dd1102e 2fb45 | no | 16 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL4_NFOA15288520_010520 17.PDF | 1214989 875b34950a3902b0245df18adf00d2bc3e9 6957a | no | 26 |
|---|---|---|---|---|---|

| Warnings: | | | | | |
|---|---|---|---|---|---|

| Information: | | | | | |
|---|---|---|---|---|---|

| 6 | Non Patent Literature | NPL5_ShapiroProvi.PDF | 341637<br><br>b6986d65f951eb8020b2989750e3fc99abb987c9 | no | 7 |
|---|---|---|---|---|---|

| Warnings: | | | | | |
|---|---|---|---|---|---|

| Information: | | | | | |
|---|---|---|---|---|---|

| 7 | Non Patent Literature | NPL6_EMSWebpage.PDF | 253170<br><br>71a45454eac539842f604ab51f190683b2b5b27e | no | 10 |
|---|---|---|---|---|---|

| Warnings: | | | | | |
|---|---|---|---|---|---|

| Information: | | | | | |
|---|---|---|---|---|---|

| 8 | Fee Worksheet (SB06) | fee-info.pdf | 30446<br><br>d9afd14bf57166bbbaaeea8b8715c8f4872b813d | no | 2 |
|---|---|---|---|---|---|

| Warnings: | | | | | |
|---|---|---|---|---|---|

| Information: | | | | | |
|---|---|---|---|---|---|

| Total Files Size (in bytes): | 4205932 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

January 26, 2017

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn: Mail Stop Amendment*

Re:   U.S. Utility Patent Application
      Application No. 14/457,593; Filing Date: August 12, 2014
      For:   **Electronic Messaging Exchange**
      Inventors: HODGE *et al.*
      Our Ref: 3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1. Online Credit Card Payment Authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p);
2. Fifth Supplemental Information Disclosure Statement;
3. Form PTO/SB/08a (1 sheet) listing 12 documents (**US1-US12**);
4. Form PTO/SB/08b (1 sheet) listing 6 documents (**NPL1-NPL6**); and
5. Copies of cited documents (**NPL1-NPL6**).

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Fee payment is provided through online credit card payment. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/cmb
Enclosures

5021919_1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Fifth Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -

HODGE *et al.*
Application No. 14/457,593

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application.

The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

Copies of documents **NPL1-NPL6** are submitted. However, in accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copies of U.S. patents and patent application publications cited as documents **US1-US12** on the attached IDS Forms are submitted.

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel\*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Notice of Appeal to the Federal Circuit by Securus Technologies, Inc., filed January 19, 2016 |

Atty. Dkt. No. 3210.0150005

- 3 -                                                    HODGE *et al.*
                                                   Application No. 14/457,593

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith Office Actions from the co-pending U.S. Patent Application Nos. 15/259,439, filed September 8, 2016 (now pending); 13/941,382, filed July 12, 2013 (now pending); 14/457,604, filed August 12, 2014 (now pending); and 15/288,520, filed October 7, 2016 (now pending) as documents **NPL1-NPL4**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Atty. Dkt. No. 3210.0150005

- 4 -

HODGE *et al.*
Application No. 14/457,593

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 1/26/17

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
5021458_1

Atty. Dkt. No. 3210.0150005

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        12/29/2016
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/29/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 14/457,593 | Applicant(s) HODGE ET AL. | |
|---|---|---|---|
| | Examiner ANGELA HOLMES | Art Unit 2497 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>11/17/16</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) <u>1-20,25 and 26</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>1-20,25 and 26</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on <u>8/12/14,10/30/14</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All  b)☐ Some**  c)☐ None of the:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>12/6/16</u>.

3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

4)☐ Other: _____.

Application/Control Number: 14/457,593                                        Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

## *Continued Examination Under 37 CFR 1.114*

2.      A request for continued examination under 37 CFR 1.114, including the fee set forth in

37 CFR 1.17(e), was filed in this application after final rejection.  Since this application is

eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e)

has been timely paid, the finality of the previous Office action has been withdrawn pursuant to

37 CFR 1.114.  Applicant's submission filed on 11/17/16 has been entered.

## *Information Disclosure Statement*

3.      The information disclosure statement (IDS) submitted on 12/6/16 is in compliance with

the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being

considered by the examiner.

## *Response to Arguments*

4.      Applicant's arguments with respect to claims 1-20 and 25-26 have been considered but

are moot because the arguments do not apply to any of the references being used in the current

rejection.

## *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 14/457,593 Page 3
Art Unit: 2497

6. **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564) in view

of Freund (US 5987611). Fuoss is cited in the IDS filed 12/8/15.

    **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

    allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

    transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network)*; and


    a control platform configured to:

    receive the instant message from the safe terminal *(Fuoss,  Col 7, lines 44-54,*

*receive messages from another communication device)*,

    the control platform including:

    a central computer control platform configured to allow the local user and the

remote user to communicate via electronic messages *(Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages)*;

    a safe terminal configured to:

Application/Control Number: 14/457,593                                      Page 4
Art Unit: 2497

Fuoss does not disclose; however, Shapiro discloses perform an automated

security scan of the received message (*Shapiro, pg.3, scanning letters for certain*

*keywords*), and

based on the security scan, transmit the instant message to a device associated

with the authenticated remote user or transmit a notification to an administrator and store

the message in a database (*Shapiro,Pg. 2, proofing and screening, then allowing for*

*viewing*),

authenticate a remote user (*Shapiro, Pg. 4-5, "Writer Registration", username*

*and password*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering

and monitoring electronic letters to correction facility inmates while giving supervisory

authorities the ability to screen the incoming mail.

the control platform including:

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local

user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan,*

*and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of

authenticating users in a secure facility.

Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses

wherein the safe terminal accesses secure system software only and blocks the local  user

Application/Control Number: 14/457,593                                    Page 5
Art Unit: 2497

from accessing the internet(*Freund, Col 12, lines 49-61, provides a client-side filter that is controlled by the centralized authority as long as the centralized authority has a way of enforcing non-compliance (for example by blocking access to the WAN). Provides a system comprising one or more access management applications that set access rules for the entire LAN for one or more workgroups or individual users, a client-based filter application (installed at each client), and a central supervisor application that maintains the access rules for the client based filter and verifies the existence and proper operation of the client-based filter application.*)

       Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the benefit of regulating access and maintaining security of individual computer systems and local area networks (LANs) connected to larger open networks (Wide Area Networks or WANs), including the Internet.

       **As per claim 2,** Fuoss discloses the system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods (*Fuoss, Col 3, Lines 38-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.*).

       **As per claims 3 and 20,** Fuoss, Shapiro and Hodge do not explicitly disclose; however, Freund discloses the system of claim 1, wherein the safe terminal is further configured to connect exclusively with the control platform (*Freund, Col 14, lines 62-67, the system includes multiple clients (each of which comprises a personal computer or workstation) connected to a network.  Each client includes a client-side monitoring*

Application/Control Number: 14/457,593                                    Page 6
Art Unit: 2497

*component for monitoring Internet access. The network is connected to a server (or*

*another client) having a supervisor or verifier component.)*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Freund, with the system and method of Fuoss, Shapiro and Hodge, given the

benefit of regulating access and maintaining security of individual computer systems and

local area networks (LANs) connected to larger open networks (Wide Area Networks or

WANs), including the Internet.

**As per claim 5,** Fuoss discloses the system of claim 4, wherein the plurality of

formats includes at least one of a text message, an email, a voice call and a voice message

*(Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded*

*document, images, voice, and/or video information.).*

**As per claims 8 and 16,** Fuoss discloses the system of claim 1, wherein the data

connection is a wireless connection (*Fuoss, Col 3. Lines 59-65, the handwritten message*

*displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a*

*graphic image), directed by a processor to a transceiver, and transmitted via a*

*communication connection (e.g., a wire or wireless connection)).*

**As per claims 9 and 17,** Fuoss, Shapiro and Freund do not disclose; however,

Hodge discloses the system of claim 1, wherein the safe terminal is further configured to

authenticate the local user using at least one of a login and password information, biometric

information, and a radio frequency identification (*Hodge, Para. 0140, entering a PIN and*

*biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

Application/Control Number: 14/457,593                                          Page 7
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss, Shapiro and Freund, given the benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

**As per claim 10,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information (*Shapiro, Pg. 4-5, "Writer Registration", username and password*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claims 11 and 19,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claim 12,** Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform allows an administrator to

Application/Control Number: 14/457,593                                    Page 8
Art Unit: 2497

monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are printed and viewed*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claim 26,** Fuoss discloses the method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user (*Fuoss, Col 4, lines 38-47, inter communication system to send and receive electronic messages; Also, Col 7, lines 44-54, receive messages from another communication device*);

Fuoss, Hodge and Freund do not disclose; however, Shapiro discloses performing a second automated security scan of the second instant message (*Shapiro, pg.3, scanning letters for certain keywords*); and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message (*Shapiro,Pg. 2, proofing and screening, then allowing for viewing*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Freund, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

Application/Control Number: 14/457,593                                      Page 9
Art Unit: 2497

7.      **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Freund

(US 5987611) in view of Levac (US 5872926).

        **As per claim 4,** Fuoss, Shapiro, Hodge and Freund do not disclose; however,

Levac discloses the system of claim 1, wherein the safe terminal is further configured to

convert the instant message into one of a plurality of formats for the message (*Levac, Col

1, lines 63- line 2, converting a message generated by a variety of message sources to the

appropriate format for communication with diverse communication devices selected in

response to message parameters included in a message file.  The converted message is then

automatically transmitted to the selected devices at sites determined by the message

parameters.*).

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

        **As per claims 6 and 14,** Fuoss, Shapiro, Hodge and Freund do not disclose;

however, Levac discloses the system of claim 1, wherein the control platform is further

configured to convert the instant message from a text format into a voice format (*Levac,

Col 1, lines 63- line 2, converting a message generated by a variety of message sources to

the appropriate format for communication with diverse communication devices selected in

response to message parameters included in a message file.  The converted message is then

Application/Control Number: 14/457,593                                    Page 10
Art Unit: 2497

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

**As per claims 7 and 15,** Fuoss, Shapiro, Hodge and Freund do not disclose;

however, Levac discloses the system of claim 1, wherein the control platform is further

configured to convert the instant message from a voice format into a text format (*Levac,*

*Col 1, lines 63- line 2, converting a message generated by a variety of message sources to*

*the appropriate format for communication with diverse communication devices selected in*

*response to message parameters included in a message file. The converted message is then*

*automatically transmitted to the selected devices at sites determined by the message*

*parameters.).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Freund,

given the benefit of converting to a format appropriate for communicating with selected

communications devices.

8.     **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over

Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) in view of Hodge (20040029564) in view of Freund (US 5987611) in view of

Cree (US 6665380).

Application/Control Number: 14/457,593                                    Page 11
Art Unit: 2497

**As per claim 18,** Fuoss, Shapiro, Hodge and Freund do not explicitly disclose;

however, Cree discloses the system of claim 13, wherein the safe terminal is further

configured to alert the local user that an instant message has been received (*Cree, Col 11,*

*17-34, the system informs the inmate when there are messages).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro, Hodge and Freund, with the system and method of Cree, given

the benefit of notifying an inmate in a prison facility of messages.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.
The examiner can normally be reached on 9am -5pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

| **Notice of References Cited** | | Application/Control No.<br>14/457,593 | | Applicant(s)/Patent Under Reexamination<br>HODGE ET AL. | | |
|---|---|---|---|---|---|---|
| | | Examiner<br>ANGELA HOLMES | | Art Unit<br>2497 | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5,987,611 A | 11-1999 | Freund; Gregor | G06F21/552 | 726/4 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6317**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 726 | 2497 | 3210.0150005 |
| | RULE | | | |

**APPLICANTS**
    Global Tel*Link Corp., Reston, VA;

**INVENTORS**
    Stephen HODGE, Aubry, TX;
    David Woody, Allen, TX;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
    This application is a CON of 13/941,382 07/12/2013
        which is a CON of 12/802,641 06/10/2010 PAT 8488756
        which is a CON of 10/996,795 11/24/2004 PAT 7742581

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\***
    08/20/2014

| Foreign Priority claimed ☐ Yes ☑ No<br>35 USC 119(a-d) conditions met ☐ Yes ☑ No<br>Verified and /angela holmes /<br>Acknowledged  Examiner's Signature | ☐ Met after Allowance<br><br>Initials | STATE OR COUNTRY<br><br>TX | SHEETS DRAWINGS<br><br>6 | TOTAL CLAIMS<br><br>20 | INDEPENDENT CLAIMS<br><br>2 |
|---|---|---|---|---|---|

**ADDRESS**

    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
    1100 NEW YORK AVENUE, N.W.
    WASHINGTON, DC 20005
    UNITED STATES

**TITLE**

    Electronic Messaging Exchange

| FILING FEE RECEIVED<br><br>2060 | FEES: Authority has been given in Paper<br>No._____ to charge/credit DEPOSIT ACCOUNT<br>No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/27/2016 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |
| 726 | 3 | 12/27/2016 | ah |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |

| /ANGELA HOLMES/ Examiner.Art Unit 2497 | |
|---|---|

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |
| EAST class limited w/text search (see search history) | 12/27/2016 | ah |
| EAST text search (see search history) | 12/27/2016 | ah |
| EAST inventor and assignee search (see search history) | 12/27/2016 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

/ANGELA HOLMES/
Examiner.Art Unit 2497

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | | - | Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☒ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | 12/27/2016 | | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 9 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 20 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 21 | ✓ | ✓ | - | - | - | | | | |
| | 22 | ✓ | ✓ | - | - | - | | | | |
| | 23 | ✓ | ✓ | - | - | - | | | | |
| | 24 | ✓ | ✓ | - | - | - | | | | |
| | 25 | | | ✓ | ✓ | ✓ | | | | |
| | 26 | | | ✓ | ✓ | ✓ | | | | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | ("5987611").PN. | USPAT; USOCR | OR | OFF | 2016/12/27 13:28 |
| L2 | 211 | ("5648916" \| "5805810" \| "6192114" \| "20100299761" \| "20020159600" \| "20060149644" \| "4191860" \| "7742582" \| "8204177" \| "5987611" \| "4766604" \| "5826034" \| "6173259" \| "6285777" \| "6591367" \| "20040029564" \| "6249808" \| "5745558" \| "5956717" \| "20130179949" \| "4652700" \| "6061718" \| "20030002639" \| "20140020063" \| "5319702" \| "5539812" \| "5768355" \| "7256816" \| "20040058667" \| "6233318" \| "6400272" \| "6606648" \| "20020111887" \| "20150046978" \| "20060098796" \| "5068888" \| "5958005" \| "6665380" \| "6668045" \| "5655013" \| "9043813" \| "9077680" \| "5740231" \| "5872926" \| "5982506" \| "5351287" \| "6052454" \| "8458732" \| "5553145" \| "20030086546" \| "20150047004" \| "4054756" \| "7046779" \| "8509390" \| "20020183040" \| "6145004" \| "5894558" \| "4935956" \| "6064963" \| "7003308").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:47 |
| L3 | 21 | l2 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |
| L4 | 12 | l2 and electronic adj messag$3 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |
| L5 | 11 | l2 and electronic adj messag$3 and inmate and prison | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |
| L6 | 6 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:49 |

| L7 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L8 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L9 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L10 | 1 | l2 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:50 |
| L12 | 4 | (global near tel near link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:52 |
| L13 | 724 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:52 |
| L14 | 9548 | 726/3.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:52 |
| L15 | 88900 | (h04l63/0861 h04l12/5835 h04l12/585 h04l63/08 h04l63/102 h04l63/30).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:53 |
| L16 | 0 | l12 and electronic adj messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; | OR | ON | 2016/12/27 13:54 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | DERWENT;<br>IBM_TDB | | | |
| L17 | 0 | I12 and messag$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:54 |
| L18 | 3 | I12 and inmate | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:54 |
| L19 | 0 | I12 and inmate and messag$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:54 |
| L20 | 2 | I12 and inmate and prison | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:54 |
| L21 | 199 | I13 and messag$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:54 |
| L22 | 65 | I13 and messag$3 and inmate | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:55 |
| L23 | 7 | I13 and electronic adj messag$3 and<br>inmate and prison and generat$3 and<br>(safe secure) near (terminal device) and<br>restrict$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:55 |
| L24 | 7 | I13 and electronic adj messag$3 and<br>inmate and prison and generat$3 and<br>(safe secure) near (terminal device) and<br>restrict$3 and monitor$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:55 |
| L25 | 7 | I13 and electronic adj messag$3 and<br>inmate and prison and generat$3 and<br>(safe secure) near (terminal device) and | US-PGPUB;<br>USPAT;<br>USOCR; | OR | ON | 2016/12/27<br>13:55 |

| | | restrict$3 and monitor$3 | FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L26 | 7 | l13 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:55 |
| L27 | 11 | l13 and electronic adj messag$3 and inmate | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:55 |
| L28 | 4 | l14 and electronic adj messag$3 and inmate | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:55 |
| L29 | 4 | l14 and electronic adj messag$3 and inmate and prison | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:56 |
| L30 | 2 | l14 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:56 |
| L31 | 1 | l14 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:56 |
| L32 | 1 | l14 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 and scan$4 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:56 |
| L33 | 3259 | l15 and electronic adj messag$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2016/12/27<br>13:56 |
| L34 | 19 | l15 and electronic adj messag$3 and | US-PGPUB; | OR | ON | 2016/12/27 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | inmate | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 13:56 |
| L35 | 14 | l15 and electronic adj messag$3 and inmate and prison | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:56 |
| L36 | 8 | l15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:56 |
| L37 | 7 | l15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:57 |
| L38 | 7 | l15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:57 |
| L39 | 7 | l15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:57 |
| L40 | 7 | l15 and electronic adj messag$3 and inmate and prison and generat$3 and (safe secure) near (terminal device) and restrict$3 and monitor$3 and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/12/27 13:57 |

**EAST Search History (Interference)**

<This search history is empty>

**12/27/2016 1:58:22 PM**
**C:\ Users\ aholmes\ Documents\ EAST\ Workspaces\ ~ auto.12132016.142908.bak.wsp**

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2003/0187939 A1 | 10-02-2003 | O'Brien | |
| | US2 | 2003/0200078 A1 | 10-23-2003 | Luo et al. | |
| | US3 | 2004/0236838 A1 | 11-25-2004 | Tout | |
| | US4 | 2007/0155411 A1 | 07-05-2007 | Morrison | |
| | US5 | 2009/0054031 A1 | 02-26-2009 | Smith et al. | |
| | US6 | 2012/0202454 A1 | 08-09-2012 | Smith et al. | |
| | US7 | 2013/0246535 A1 | 09-19-2013 | Yadava et al. | |
| | US8 | 2016/0156625 A1 | 06-02-2016 | Hodge et al. | |
| | US9 | 5,778,313 | 07-07-1998 | Fougnies | |
| | US10 | 5,854,975 | 12-29-1998 | Fougnies et al. | |
| | US11 | 6,151,679 | 11-21-2000 | Friedman et al. | |
| | US12 | 6,366,651 B1 | 04-02-2002 | Griffith et al. | |
| | US13 | 6,570,970 B2 | 05-27-2003 | Gruchala et al. | |
| | US14 | 6,684,248 B1 | 01-27-2004 | Janacek et al. | |
| | US15 | 6,819,932 B2 | 11-16-2004 | Allison et al. | |
| | US16 | 7,260,383 B1 | 08-21-2007 | Ngan | |
| | US17 | 8,014,800 B2 | 09-06-2011 | Törnkvist | |
| | US18 | 8,232,862 B2 | 07-31-2012 | Lowe | |
| | US19 | 9,306,883 B2 | 04-05-2016 | Hodge et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

4904882_1.docx

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/27/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | McKitterick et al., "State of the Art Review of Mobile Payment Technology," Department of Computer Science, Trinity College Dublin; 22 pages. | |
| | NPL2 | The Line Information Database (LIDB) and Wireless Services, Telcordia Technologies White Paper, December 2001; 31 pages. | |
| | NPL3 | Confalone et al., "Calling Card Service—TSPS Hardware, Software, and Signaling Implementation," The Bell System Technical Journal, September 1982, Vol. 61, No. 7; pp. 1675-1714. | |
| | NPL4 | Ahimovic et al., "Services for Tomorrow's PCS," IEEE International Conference on Universal Personal Communications, Vol. 1, October 12-15, 1993; pp. 222-227. | |
| | NPL5 | Operator Service System Generic Requirements, OSSGR, TR-TSY-000271, Collect Billing, Rev. 3, March 1988; 50 pages. | |
| | NPL6 | 1800MumDad.com.au – Explanation, August 29, 2007– Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20070829114354/http://1800mumdad.com.au/main.php?type=charges2; 2 pages. | |
| | NPL7 | 1800MumDad.com.au – Summary Standard Form of Agreement, April 26, 2006 – Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20060426180115/http://www.1800mumdad.com.au/main.php?type=summarysfoa; 3 pages. | |
| | NPL8 | U.S. Patent Application No. 12/103,138, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 15, 2008. | |
| | NPL9 | U.S. Patent Application No. 13/449,308, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 17, 2012. | |
| | NPL10 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed May 24, 2016; 13 pages. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/27/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

Substitute for form 1449/PTO

| FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT *(Use as many sheets as necessary)* | **Complete if Known** | |
|---|---|---|
| | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, Angela R. |
| Sheet | 2 | of | 2 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | $T^2$ |
| | NPL11 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed September 7, 2016; 13 pages. | |
| | NPL12 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed August 18, 2016; 10 pages. | |
| | NPL13 | Non-Final Office Action directed to U.S. Patent Application No. 15/003,504, mailed September 2, 2016; 15 pages. | |
| | NPL14 | Notice of Allowance directed to U.S. Patent Application No. 14/457,616, mailed January 28, 2016; 7 pages. | |
| | NPL15 | U.S. Patent Application No. 15/259,439, "Electronic Messaging Device," to HODGE et al., filed September 8, 2016. | |
| | NPL16 | U.S. Patent Application No. 15/288,520, "Electronic Messaging Device," to HODGE et al., filed October 7, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |

4904884_1.docx

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/27/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2003/0187939 A1 | 10-02-2003 | O'Brien | |
| | US2 | 2003/0200078 A1 | 10-23-2003 | Luo et al. | |
| | US3 | 2004/0236838 A1 | 11-25-2004 | Tout | |
| | US4 | 2007/0155411 A1 | 07-05-2007 | Morrison | |
| | US5 | 2009/0054031 A1 | 02-26-2009 | Smith et al. | |
| | US6 | 2012/0202454 A1 | 08-09-2012 | Smith et al. | |
| | US7 | 2013/0246535 A1 | 09-19-2013 | Yadava et al. | |
| | US8 | 2016/0156625 A1 | 06-02-2016 | Hodge et al. | |
| | US9 | 5,778,313 | 07-07-1998 | Fougnies | |
| | US10 | 5,854,975 | 12-29-1998 | Fougnies et al. | |
| | US11 | 6,151,679 | 11-21-2000 | Friedman et al. | |
| | US12 | 6,366,651 B1 | 04-02-2002 | Griffith et al. | |
| | US13 | 6,570,970 B2 | 05-27-2003 | Gruchala et al. | |
| | US14 | 6,684,248 B1 | 01-27-2004 | Janacek et al. | |
| | US15 | 6,819,932 B2 | 11-16-2004 | Allison et al. | |
| | US16 | 7,260,383 B1 | 08-21-2007 | Ngan | |
| | US17 | 8,014,800 B2 | 09-06-2011 | Törnkvist | |
| | US18 | 8,232,862 B2 | 07-31-2012 | Lowe | |
| | US19 | 9,306,883 B2 | 04-05-2016 | Hodge et al. | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

4904882_1.docx

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0150005 |

| **NON PATENT LITERATURE DOCUMENTS** | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | McKitterick et al., "State of the Art Review of Mobile Payment Technology," Department of Computer Science, Trinity College Dublin; 22 pages. | |
| | NPL2 | The Line Information Database (LIDB) and Wireless Services, Telcordia Technologies White Paper, December 2001; 31 pages. | |
| | NPL3 | Confalone et al., "Calling Card Service—TSPS Hardware, Software, and Signaling Implementation," The Bell System Technical Journal, September 1982, Vol. 61, No. 7; pp. 1675-1714. | |
| | NPL4 | Ahimovic et al., "Services for Tomorrow's PCS," IEEE International Conference on Universal Personal Communications, Vol. 1, October 12-15, 1993; pp. 222-227. | |
| | NPL5 | Operator Service System Generic Requirements, OSSGR, TR-TSY-000271, Collect Billing, Rev. 3, March 1988; 50 pages. | |
| | NPL6 | 1800MumDad.com.au – Explanation, August 29, 2007– Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20070829114354/http://1800mumdad.com.au/main.php?type=charges2; 2 pages. | |
| | NPL7 | 1800MumDad.com.au – Summary Standard Form of Agreement, April 26, 2006 – Retrieved from the Internet Archive Wayback Machine at https://web.archive.org/web/20060426180115/http://www.1800mumdad.com.au/main.php?type=summarysfoa; 3 pages. | |
| | NPL8 | U.S. Patent Application No. 12/103,138, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 15, 2008. | |
| | NPL9 | U.S. Patent Application No. 13/449,308, "System and Method for Authorizing and Monetizing Collect Cellular Telephone Calls," to SMITH et al., filed April 17, 2012. | |
| | NPL10 | Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed May 24, 2016; 13 pages. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | | Application Number | 14/457,593 |
| | | | | | Filing Date | August 12, 2014 |
| | | | | | First Named Inventor | Stephen HODGE |
| | | | | | Art Unit | 2497 |
| | | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 2 | of | 2 | | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL11 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed September 7, 2016; 13 pages. | |
| | NPL12 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed August 18, 2016; 10 pages. | |
| | NPL13 | Non-Final Office Action directed to U.S. Patent Application No. 15/003,504, mailed September 2, 2016; 15 pages. | |
| | NPL14 | Notice of Allowance directed to U.S. Patent Application No. 14/457,616, mailed January 28, 2016; 7 pages. | |
| | NPL15 | U.S. Patent Application No. 15/259,439, "Electronic Messaging Device," to HODGE et al., filed September 8, 2016. | |
| | NPL16 | U.S. Patent Application No. 15/288,520, "Electronic Messaging Device," to HODGE et al., filed October 7, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |

4904884_1.docx

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Fourth Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -                                                                HODGE *et al.*
                                                                     Application No. 14/457,593

Filing under 37 C.F.R. § 1.97(b). This Information Disclosure Statement is being filed within three months of the date of filing of a national application other than a continued prosecution application (CPA), OR within three months of the date of entry of the national stage as set forth in 37 C.F.R. § 1.491 in an international application, OR before the mailing date of a first Office Action on the merits OR before the mailing of a first Office Action after the filing of a request for continued examination under 37 C.F.R. § 1.114. No statement or fee is required.

Copies of documents **NPL10-NPL11** are submitted. However, in accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copies of U.S. patents and patent application publications cited as documents **US1-US19** on the attached IDS Forms are submitted.

Copies of the **NPL1-NPL9** and **NPL12-NPL16** documents were cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application No. 13/941,382, filed July 12, 2013 (now pending) which is relied upon for an earlier filing date under 35 U.S.C. § 120. Thus, copies of these documents are not attached. 37 C.F.R. § 1.98(d).

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

Atty. Dkt. No. 3210.0150005

- 3 -                                           HODGE *et al.*
                                        Application No. 14/457,593

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel\*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Notice of Appeal to the Federal Circuit by Securus Technologies, Inc., filed January 19, 2016 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith Office Actions from the co-pending U.S. Patent Application Nos. 13/941,382, filed July 12, 2013 (now pending); 14/457,604, filed August 12, 2014 (now pending); 14/457,616, filed August 12, 2014 (now U.S. Patent No. 9,306,883); and 15/003,504, filed January 21, 2016 (now pending) as documents **NPL10-NPL14.**

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

Atty. Dkt. No. 3210.0150005

- 4 -

HODGE *et al.*
Application No. 14/457,593

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 12/5/16

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
4904881_1.docx

Atty. Dkt. No. 3210.0150005



LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

December 6, 2016

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn: Mail Stop Amendment*

Re:    U.S. Utility Patent Application
        Application No. 14/457,593; Filing Date: August 12, 2014
        For:  **Electronic Messaging Exchange**
        Inventors: HODGE *et al.*
        Our Ref: 3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1. Fourth Supplemental Information Disclosure Statement;

2. Form PTO/SB/08a (1 sheet) listing 19 documents (**US1-US19**);

3. Form PTO/SB/08b (2 sheets) listing 16 documents (**NPL1-NPL16**); and

4. Copies of cited documents (**NPL10-NPL11**).

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/cmb
Enclosures

4904911_1.docx

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 27704405 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Casey Berger |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 06-DEC-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 17:18:29 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 321001500054SIDS.PDF | 819509 <br> 9a34bf5f4b270032db2ef490f0a3d06d5107b0af | yes | 8 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Information Disclosure Statement (IDS) Form (SB08) | 6 | 8 |
| Transmittal Letter | 2 | 5 |
| Miscellaneous Incoming Letter | 1 | 1 |

| Warnings: |
|---|
| Information: |

| 2 | Non Patent Literature | NPL10_13941382_05242016.pdf | 478542<br><br>11794faacb4631f589e852c5239fbe8387d039e4 | no | 13 |
|---|---|---|---|---|---|

| Warnings: |
|---|
| Information: |

| 3 | Non Patent Literature | NPL11_13941382_09072016.pdf | 507940<br><br>f555fa44e3949d640950f4fb0862d0113ca2a7e9f | no | 13 |
|---|---|---|---|---|---|

| Warnings: |
|---|
| Information: |

| Total Files Size (in bytes): | 1805991 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
### (Submitted Only via EFS-Web)

| Application Number | 14/457,593 | Filing Date | 2014-08-12 | Docket Number (if applicable) | 3210.0150005 | Art Unit | 2497 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Stephen HODGE | | | Examiner Name | Angela R. HOLMES | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

### SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

   ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

   ☐ Other _____

☒ Enclosed

   ☒ Amendment/Reply

   ☐ Information Disclosure Statement (IDS)

   ☐ Affidavit(s)/ Declaration(s)

   ☐ Other _____

### MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months _____
  (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other _____

### FEES

**The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
☒ The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to
  Deposit Account No    190036

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature
☐ Applicant Signature

EFS - Web 2.1.15

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | | Date (YYYY-MM-DD) | 2016-11-17 |
| Name | Lauren C. Schleh | Registration Number | 65457 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors: HODGE *et al.*

Applicant: Global Tel*Link Corp.

Application No.: 14/457,593

Filing Date: August 12, 2014

Title: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Submission Under 37 C.F.R. § 1.114

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

*Mail Stop RCE*

Commissioner:

In reply to the Office Action dated August 22, 2016, Applicant submits the following Amendment and Remarks.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

Reply to Office Action of August 22, 2016

HODGE *et al.*
Application No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and <u>blocks the local user from accessing the internet</u> ~~is isolated from the internet~~; and

a control platform configured to:

receive the instant message from the safe terminal,

perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.


2.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods.

Atty. Dkt. No. 3210.0150005

- 3 -

HODGE *et al.*
Reply to Office Action of August 22, 2016                    Application No. 14/457,593

3.      (Previously Presented) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform.

4.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

11.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

Atty. Dkt. No. 3210.0150005

- 4 -

12.     (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

perform an automated security scan of the received instant message, and

based on the security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

wherein the safe terminal accesses secure system software only and <u>blocks the local user from accessing the internet</u> ~~is isolated from the internet~~, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

Atty. Dkt. No. 3210.0150005

HODGE *et al.*
Reply to Office Action of August 22, 2016                                    Application No. 14/457,593

15.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform.

21.     (Canceled)

22.     (Canceled)

23.     (Canceled)

24.     (Canceled)

Atty. Dkt. No. 3210.0150005

- 6 -

Reply to Office Action of August 22, 2016          HODGE *et al.*
                                        Application No. 14/457,593

25.    (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet ~~is isolated from the internet~~;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

performing a first automated security scan of the received first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the security scan the first instant message.

26.    (Previously Presented) The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

Atty. Dkt. No. 3210.0150005

- 7 -

Reply to Office Action of August 22, 2016

HODGE *et al.*
Application No. 14/457,593

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 13, and 25 are sought to be amended. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

## *Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held November 7, 2016. Applicants express appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. The substance of arguments presented in the interview are further reflected in the present remarks.

## *Rejections under 35 U.S.C. § 103*

### *1.  Fuoss in view of Shapiro and Hodge in further view of Walsh.*

Claims 1-3, 5, 8-13, 16, 17, 19, 20, 25, and 26 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al*.  ("Fuoss"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro"), further in view U.S.

Atty. Dkt. No. 3210.0150005

- 8 -

Patent Application Publication No. 2004/0029564 to Hodge ("Hodge") in view of U.S. Patent No. 6,145,004 to Walsh ("Walsh").

The combination of Fuoss, Shapiro, Hodge, and Walsh fails to teach or suggest a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising a safe terminal "wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet," as recited in amended claim 1.

In the current Office Action, the Examiner states that "Fuoss, Shapiro and Hodge do not explicitly disclose; however, Walsh discloses wherein the safe terminal accesses secure system software only and is isolated from the internet." (Office Action, page 4.)

Walsh relates to a method of "utilizing an intranet network system, wherein all personal computer users and all personal computer users exclusively utilize a secure communication socket to an intranet." (Walsh, Abstract, reference numbers omitted.) Further, Walsh is directed toward "***Internet products***" that filter or selectively restrict children from accessing "undesirable content" on the internet and to protect against "offensive, dangerous, language, graphics, and audio" and create "***a safe haven for all people to utilize an Internet type of environment***." (Walsh, 4:17-41, emphasis added.) Walsh additionally provides that "the Internet allows unrestricted access to all server sites in contained therein whereas the intranet network system allows only ***restricted access*** to known sites that do not contain offensive language, graphics and audio." (Walsh, 6:50-55, reference numbers omitted.)

Walsh, at most, provides a method for filtering internet content that may be offensive or dangerous. Walsh is silent, however, with respect to the above noted features. More specifically, Walsh does not teach or suggest a safe terminal that accesses secure system software only and

Atty. Dkt. No. 3210.0150005

- 9 -

HODGE *et al.*
                                                    Application No. 14/457,593

blocks the local user from accessing the internet. Further, Fuoss, Shapiro, and Hodge do not cure the deficiencies of Walsh with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro, Hodge, and Walsh for at least the reasons noted above.

The combination of Fuoss, Shapiro, Hodge, and Walsh also fails to disclose at least a "secure electronic message exchange system usable inside a secured inmate facility, the system comprising ... a safe terminal ... wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet," as recited in amended claim 13 and a "computer-implemented method for transmitting messages from a secured inmate facility, the method comprising: authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and blocks the local user from accessing the internet," as recited in amended claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, Hodge, and Walsh at least for their dependencies from the independent claims, as well as for the additional features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Fuoss in view of Shapiro, Hodge, and Walsh in further view of Levac.*

Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Walsh in view of U.S. Patent No. 5,872,926 to Levac ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Walsh. Levac fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Walsh with respect to the independent claims. Thus, the dependent claims are likewise patentable

Atty. Dkt. No. 3210.0150005

over Fuoss, Shapiro, Hodge, Walsh, and Levac for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Fuoss in view of Shapiro, Hodge, and Walsh in further view of Cree*

Claim 18 is rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over in view Fuoss in view of Shapiro in view of Hodge in view of Walsh in view of U.S. Patent No. 6,665,380 to Cree ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, Hodge, and Walsh. Cree fails to cure the deficiencies of Fuoss, Shapiro, Hodge, and Walsh with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, Walsh, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

- 11 -

HODGE *et al.*

Reply to Office Action of August 22, 2016

Application No. 14/457,593

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: _11/17/16_____

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

4677134_1.docx

Atty. Dkt. No. 3210.0150005

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/Catherine Saunders |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| RCE- 2ND AND SUBSEQUENT REQUEST | 1820 | 1 | 1700 | 1700 |
| **Total in USD ($)** | | | | **1700** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 27545685 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Catherine Saunders |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 17-NOV-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 17:52:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1700 |
| RAM confirmation Number | 111816INTEFSW17553700 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_RCE.pdf | 1413992<br><br>eaa8386a1a79f1b2d33249a3de6893f772817bd | yes | 14 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|
| | Document Description | Start | End |
| | Miscellaneous Incoming Letter | 1 | 1 |
| | Request for Continued Examination (RCE) | 2 | 3 |
| | Amendment Submitted/Entered with Filing of CPA/RCE | 4 | 4 |
| | Claims | 5 | 9 |
| | Applicant Arguments/Remarks Made in an Amendment | 10 | 14 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30310<br><br>b67edd26d5451372a132682feeb0e4ffe455c284 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 1444302 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

November 17, 2016

Commissioner for Patents                                    *Confirmation No. 6317*
PO Box 1450                                                          *Art Unit 2497*
Alexandria, VA  22313-1450                                    *Mail Stop RCE*

      Re:    U.S. Utility Patent Application
            Appl. No. 14/457,593; Filing Date: August 12, 2014
            For:   **Electronic Messaging Exchange**
            Inventors:   HODGE *et al.*
            Our Ref:   3210.0150005

Commissioner:

      Transmitted herewith for appropriate action are the following documents:

1.     Online Credit Card Payment Authorization in the amount of **$1,700.00** to cover fee for Request for Continued Examination (*2nd or subsequent)*;

2.     Request for Continued Examination (RCE) Transmittal Form; and

3.     Submission under 37 C.F.R. § 1.114.

***The above-listed documents are filed electronically.***

      In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

      Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

                        Respectfully submitted,

                   STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                   Lauren C. Schleh
                   Attorney for Applicant
                   Registration No. 65,457

LCS/TWM/cms
Enclosures

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

(Column 1)          (Column 2)

| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | 22 minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | 3 minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

(Column 1)          (Column 2)          (Column 3)

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| AMENDMENT | **11/17/2016** | | | | | |
| | Total (37 CFR 1.16(i)) | * 22 | Minus | ** 24 | = | X $ = |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = | X $ = |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

(Column 1)          (Column 2)          (Column 3)

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| AMENDMENT | | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
PEGGY S. YARBOROUGH

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        11/09/2016
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/09/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| ***Applicant-Initiated Interview Summary*** | Application No. | Applicant(s) |
| | 14/457,593 | HODGE ET AL. |
| | Examiner | Art Unit | |
| | ANGELA HOLMES | 2497 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _ANGELA HOLMES_.                    (3)_____.

(2) _Trent Merrell (Reg. No. 73771)_.          (4)_____.

    Date of Interview: _07 November 2016_.

    Type:   ☒ Telephonic  ☐ Video Conference
           ☐ Personal [copy given to: ☐ applicant  ☐ applicant's representative]

    Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.
       If Yes, brief description: _____.

    Issues Discussed  ☐101  ☐112  ☐102  ☒103  ☐Others
    (For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _1_.

  Identification of prior art discussed: _Walsh (US 6145004)_.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

  _Applicant gave an overview of the invention. Applicant disclosed that the prior art, Walsh, discloses an intranet, which does not block the internet from being used. The inmates are given a device, which has a secure access software only on it. This software gives the inmates a chance send out messages and other communications. The messages are stored in a control platform where the outside user is able to log into the control platform to retrieve the message. Applicant will file RCE. Examiner will update search once a response has been filed._ .

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /ANGELA HOLMES/ | /HADI ARMOUCHE/ |
| Examiner, Art Unit 2497 | Supervisory Patent Examiner, Art Unit 2497 |

U.S. Patent and Trademark Office
PTOL-413 (Rev. 8/11/2010)                    **Interview Summary**                  Paper No. 20161107

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
(The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111      7590      08/22/2016
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/22/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.** 14/457,593 | **Applicant(s)** HODGE ET AL. | |
|---|---|---|---|
| | **Examiner** ANGELA HOLMES | **Art Unit** 2497 | **AIA (First Inventor to File) Status** No |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

### Status

1) ☒ Responsive to communication(s) filed on _5/18/16_.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☒ This action is **FINAL**.       2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims*

5) ☒ Claim(s) _1-20,25 and 26_ is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) _1-20,25 and 26_ is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

### Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on _8/12/14,10/30/14_ is/are: a)☒ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

### Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a)☐ All   b)☐ Some**  c)☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

Application/Control Number: 14/457,593                                          Page 2
Art Unit: 2497

*DETAILED ACTION*

1.    The present application is being examined under the pre-AIA first to invent provisions.

***Response to Arguments***

2.    Applicant's arguments with respect to claims 1-20 and 25-26 have been considered but

are moot because the arguments do not apply to any of the references being used in the current

rejection.

***Claim Rejections - 35 USC § 103***

3.    The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

4.    **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564) in view

of Walsh (US 6145004). Fuoss is cited in the IDS filed 12/8/15.

    **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

    allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

    transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network*); and

Application/Control Number: 14/457,593                                       Page 3
Art Unit: 2497

a control platform configured to:

receive the instant message from the safe terminal *(Fuoss, Col 7, lines 44-54, receive messages from another communication device)*,

the control platform including:

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages *(Fuoss, Col 4, lines 38-47, inter communication system to send and receive electronic messages)*;

a safe terminal configured to:

Fuoss does not disclose; however, Shapiro discloses perform an automated security scan of the received message *(Shapiro, pg.3, scanning letters for certain keywords)*, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database *(Shapiro,Pg. 2, proofing and screening, then allowing for viewing)*,

authenticate a remote user *(Shapiro, Pg. 4-5, "Writer Registration", username and password)*,

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

Application/Control Number: 14/457,593                                      Page 4
Art Unit: 2497

the control platform including:

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local

user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan,*

*and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of

authenticating users in a secure facility.

Fuoss, Shapiro and Hodge do not explicitly disclose; however, Walsh discloses

wherein the safe terminal accesses secure system software only and is isolated from the

internet (*Walsh, Col 7, 8-22, utilizing an intranet network system wherein all personal*

*computer users exclusively utilize a secure communication socket to an intranet.*)

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Walsh, with the system and method of Fuoss, Shapiro and Hodge, given the

benefit of regulating the information that is communicated to the users within the secure

facility.

**As per claim 2,** Fuoss discloses the system of claim 1, wherein the safe terminal

is further configured to allow the local user to generate the instant message using one of a

plurality of input methods (*Fuoss, Col 3, Lines 38-48, The message may also contain typed*

*text, an HTML-encoded document, images, voice, and/or video information.*).

**As per claims 3 and 20,** Fuoss, Shapiro and Hodge do not explicitly disclose;

however, Walsh discloses the system of claim 1, wherein the safe terminal is further

configured to connect exclusively with the control platform (*Walsh, Col 7, 8-22, utilizing*

Application/Control Number: 14/457,593                                     Page 5
Art Unit: 2497

*an intranet network system wherein all personal computer users exclusively utilize a secure communication socket to an intranet.)*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Walsh, with the system and method of Fuoss, Shapiro and Hodge, given the benefit of regulating the information that is communicated to the users within the secure facility.

**As per claim 5,** Fuoss discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call and a voice message *(Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.)*.

**As per claims 8 and 16,** Fuoss discloses the system of claim 1, wherein the data connection is a wireless connection *(Fuoss, Col 3. Lines 59-65, the handwritten message displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a graphic image), directed by a processor to a transceiver, and transmitted via a communication connection (e.g., a wire or wireless connection))*.

**As per claims 9 and 17,** Fuoss, Shapiro and Walsh do not disclose; however, Hodge discloses the system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, biometric information, and a radio frequency identification *(Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222)*.

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss, Shapiro and Walsh, given the

Application/Control Number: 14/457,593                                              Page 6
Art Unit: 2497

benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

    **As per claim 10,** Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information (*Shapiro, Pg. 4-5, "Writer Registration", username and password*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

    **As per claims 11 and 19,** Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

    **As per claim 12,** Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform allows an administrator to monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are printed and viewed).*

Application/Control Number: 14/457,593                                                    Page 7
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

**As per claim 26,** Fuoss discloses the method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user *(Fuoss, Col 4, lines 38-47, inter communication system to send and receive electronic messages; Also, Col 7, lines 44-54, receive messages from another communication device)*;

Fuoss, Hodge and Walsh do not disclose; however, Shapiro discloses performing a second automated security scan of the second instant message *(Shapiro, pg.3, scanning letters for certain keywords)*; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message *(Shapiro,Pg. 2, proofing and screening, then allowing for viewing)*.

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, Hodge and Walsh, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

5.    **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application

Application/Control Number: 14/457,593                                        Page 8
Art Unit: 2497

60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Walsh (US 6145004) in view of Levac (US 5872926).

As per claim 4, Fuoss, Shapiro, Hodge and Walsh do not disclose; however, Levac discloses the system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Walsh, given the benefit of converting to a format appropriate for communicating with selected communications devices.

As per claims 6 and 14, Fuoss, Shapiro, Hodge and Walsh do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Application/Control Number: 14/457,593                                          Page 9
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Walsh, given the benefit of converting to a format appropriate for communicating with selected communications devices.

**As per claims 7 and 15,** Fuoss, Shapiro, Hodge and Walsh do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, Hodge and Walsh, given the benefit of converting to a format appropriate for communicating with selected communications devices.

6.     **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Walsh (US 6145004) in view of Cree (US 6665380).

**As per claim 18,** Fuoss, Shapiro, Hodge and Walsh do not explicitly disclose; however, Cree discloses the system of claim 13, wherein the safe terminal is further

Application/Control Number: 14/457,593                                              Page 10
Art Unit: 2497

configured to alert the local user that an instant message has been received (*Cree, Col 11,*

*17-34, the system informs the inmate when there are messages).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro, Hodge and Walsh, with the system and method of Cree, given

the benefit of notifying an inmate in a prison facility of messages.

### *Conclusion*

7.    Applicant's amendment necessitated the new ground(s) of rejection presented in this

Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).

Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

      A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.

The examiner can normally be reached on 9am -5pm.

      If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 14/457,593                                    Page 11
Art Unit: 2497

Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

| | Notice of References Cited | | Application/Control No.<br>14/457,593 | | Applicant(s)/Patent Under Reexamination<br>HODGE ET AL. | |
|---|---|---|---|---|---|---|
| | | | Examiner<br>ANGELA HOLMES | | Art Unit<br>2497 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-6,145,004 A | 11-2000 | Walsh; Stephen Kelly | G06F17/30867 | 707/E17.109 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20160728

| ***Search Notes*** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 8/9/2016 | ah |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |
| 726 | 3 | 8/9/2016 | ah |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |
| EAST class limited w/text search (see search history) | 8/9/2016 | ah |
| EAST text search (see search history) | 8/9/2016 | ah |

| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | |
|---|---|
| | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST inventor and assignee search (see search history) | 8/9/2016 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | ("6145004").PN. | USPAT; USOCR | OR | OFF | 2016/08/18 07:26 |
| L2 | 650 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:31 |
| L3 | 37 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:31 |
| L4 | 9468 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:41 |
| L5 | 22527 | (h04l63/0861 h04l12/5835 h04l51/12).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:42 |
| L6 | 154484 | secur$3 and electronic and messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:42 |
| L7 | 1119 | secur$3 and electronic and messag$3 and authentic$5 with intranet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L8 | 28 | secur$3 and electronic and messag$3 and authentic$5 with intranet and security near scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L9 | 28 | secur$3 and electronic and messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L10 | 0 | secur$3 and electronic and messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 and instant near message | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:43 |
| L11 | 24 | secur$3 and (electronic instant) near messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; | OR | ON | 2016/08/18 07:44 |

| | | with intranet and security near scan$4 and transmi$5 | FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L12 | 24 | secur$3 and generat$3 and (electronic instant) near messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:44 |
| L13 | 24 | secur$3 and generat$3 and (electronic instant) near messag$3 and authentic$5 with intranet and security near scan$4 and transmi$5 and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:45 |
| L14 | 4 | secur$3 and generat$3 and (electronic instant) near messag$3 and authentic$5 with security near scan$4 and transmi$5 and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L15 | 630 | isolat$3 near internet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L16 | 274 | isolat$3 near internet and intranet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L17 | 1 | isolat$3 near internet and intranet with authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:47 |
| L18 | 3 | isolat$3 near internet with authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:48 |
| L19 | 0 | isolat$3 near internet with authentic$5 and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:48 |
| L20 | 33725 | instant near messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:48 |
| L21 | 0 | instant near messag$3 and authentic$5 with isolat$3 near internet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:49 |
| L22 | 33725 | instant near messag$3 and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:51 |
| L23 | 7 | instant near messag$3 and authentic$5 with security near | US-PGPUB; USPAT; USOCR; | OR | ON | 2016/08/18 07:51 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | scan$4 | FPRS; EPO; JPO; IBM_TDB | | | |
| L24 | 5812 | instant near messag$3 and authentic$5 and biometric | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L25 | 4005 | instant near messag$3 and authentic$5 and biometric and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L26 | 3843 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L27 | 267 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:52 |
| L28 | 213 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L29 | 210 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet and conver$4 and remote | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L30 | 4 | instant near messag$3 and authentic$5 and biometric and scan$4 and secur$3 with intranet and conver$4 and remote with login | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L31 | 83 | l2 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L32 | 0 | l2 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:53 |
| L33 | 0 | l2 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L34 | 14 | l2 and l24 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L35 | 10 | l2 and l25 | US-PGPUB; USPAT; USOCR; | OR | ON | 2016/08/18 07:54 |

| | | | FPRS; EPO; JPO; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L36 | 10 | l2 and l26 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L37 | 0 | l2 and l27 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L38 | 7 | l3 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:54 |
| L39 | 0 | l3 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L40 | 2224 | l4 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L41 | 37 | l4 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L42 | 1 | l4 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L43 | 2897 | l5 and l6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L44 | 39 | l5 and l7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |
| L45 | 0 | l5 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/08/18 07:55 |

**EAST Search History (Interference)**

< This search history is empty>

**8/18/2016 7:58:09 AM**
**C:\Users\aholmes\Documents\EAST\Workspaces\120815.wsp**

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☒ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | 08/09/2016 | | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 9 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 20 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 21 | ✓ | ✓ | - | - | | | | |
| | 22 | ✓ | ✓ | - | - | | | | |
| | 23 | ✓ | ✓ | - | - | | | | |
| | 24 | ✓ | ✓ | - | - | | | | |
| | 25 | | | ✓ | ✓ | | | | |
| | 26 | | | ✓ | ✓ | | | | |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors:  HODGE *et al.*

Applicants:  Global Tel*Link Corp.

Appl. No.:  14/457,593

Filed:  August 12, 2014

For:  **Electronic Messaging Exchange**

Confirmation No.:  6317

Art Unit:  2497

Examiner:  HOLMES, Angela R.

Atty. Docket:  3210.0150005

## Amendment and Reply Under 37 C.F.R. § 1.111

Commissioner for Patents                                                    *Mail Stop Amendment*
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In reply to the Office Action dated March 30, 2016, Applicant submits the following Amendment and Remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -

Global Tel*Link Corp.<br>
Appl. No. 14/457,593

Reply to Office Action of March 30, 2016

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a safe terminal configured to:

authenticate a local user,

allow the local user to generate an instant message, and

transmit the instant message via a data connection,

wherein the safe terminal accesses secure system software only and is isolated from the internet; and

a control platform configured to:

receive the instant message from the safe terminal,

perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.


2.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods.

Atty. Dkt. No. 3210.0150005

- 3 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

3.      (Currently Amended) The system of claim 2, wherein the safe terminal is further configured to connect exclusively with the control platform. the plurality of input methods include at least one of a text input and a voice input.

4.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the data connection is a wireless connection.

9.      (Previously Presented) The system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, a biometric information, and a radio frequency identification.

10.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

Global Tel*Link Corp.
Appl. No. 14/457,593

Reply to Office Action of March 30, 2016

11.     (Previously Presented) The system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

12.     (Previously Presented) The system of claim 1, wherein the control platform allows an administrator to monitor messages.

13.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with the authenticated remote user, wherein the remote device is located outside the facility,

perform an automated security scan of the received instant message, and

based on the security scan, transmit the instant message to a safe terminal or to an administrator;

the safe terminal configured to:

receive the instant message from the control platform via a data connection,

authenticate a local user, and

provide the instant message to the authenticated local user,

wherein the safe terminal accesses secure system software only and is isolated from the internet, and

wherein the control platform includes a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

Atty. Dkt. No. 3210.0150005

Reply to Office Action of March 30, 2016

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

17.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.     (Previously Presented) The system of claim 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.     (Currently Amended) The system of claim 13, wherein the safe terminal is further configured to connect exclusively with the control platform. the control platform is further configured authenticate the local user using at least a login and password information.

21.     (Canceled)

Atty. Dkt. No. 3210.0150005

- 6 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

22.    (Canceled)

23.    (Canceled)

24.    (Canceled)

25.    (Currently Amended) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and is isolated from the internet;

receiving user input from the local user at the safe terminal;

generating a first instant message at the safe terminal based on the received user input;

transmitting the first instant message from the safe terminal to a control platform via a data connection;

performing a first automated security scan of the received first instant message at the control platform;

authenticating a remote user at the control platform; and

transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the security scan the first instant message.

26.    (Previously Presented)    The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

Atty. Dkt. No. 3210.0150005

- 7 -                                                                Global Tel*Link Corp.

Reply to Office Action of March 30, 2016                            Appl. No. 14/457,593

transmitting the second instant message from the control platform to a safe terminal

associated with the authenticated local user or to an administrator, based on the security scan of the

second instant message.

Atty. Dkt. No. 3210.0150005

Reply to Office Action of March 30, 2016

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 3, 13, 20, and 25 are sought to be amended. Applicants respectfully reserve the right to prosecute similar or broader claims, with respect to any amended and/or cancelled claims, in the future. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicants respectfully request that the Examiner reconsider all outstanding rejections and that they be withdrawn.

### *Statement of Substance of Interview*

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held April 28, 2016. Applicants express appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. No agreements were reached. The substance of arguments presented in the interview are further reflected in the present remarks.

### *Rejections under 35 U.S.C. § 103*

    *1.*   *Fuoss in view of Shapiro in further view of Hodge.*

- 9 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

Claims 1-3, 5, 8-13, 16, 17, 19, 20, 25, and 26 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al.* ("Fuoss"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro"), and further in view U.S. Patent Application Publication No. 2004/0029564 to Hodge ("Hodge").

The combination of Fuoss, Shapiro and Hodge fails to teach of suggest a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising a safe terminal "wherein the safe terminal accesses secure system software only and is isolated from the internet" as claimed in amended claim 1.

It is unclear from the Office Action which reference (if any) is asserted as teaching a safe terminal. For example, on Page 3 of the current Office Action, the Examiner asserts "the secure electronic message exchange system comprising: allow the local user to generate an instant message (Fuoss, Col 3. Lines 46-52, instant message), and transmit the instant message via a data connection (Fuoss, Col 3. Lines 55-58, wireless communication network)." As claimed, these two steps are performed by the safe terminal. However, the Examiner has not mapped, or otherwise asserted which portion of Fuoss (if any) teaches the safe terminal, not just the actions of the safe terminal.

Fuoss relates to an "electronic communication device [that] may be a mobile communication device and may include a touch screen, screen buffer memory, processor, and transceiver. In preferred embodiments, the mobile communication device may be a personal digital assistant (PDA), a two-way pager, or a mobile telephone." (Fuoss, Abstract, emphasis added.) Further, Fuoss teaches that its system transmits hand written messages "as an image in, for example, an instant message (IM) format, email message format such as Simple Mail Transfer Protocol (SMTP), or a facsimile format." (Fuoss, 3:50-52.) The Fuoss system then transmits the message over a

Atty. Dkt. No. 3210.0150005

"communications system, *e.g.*, the Internet, [which] may then route the hand written message image to a desired location, e.g., Internet address." (Fuoss, 3:65-67.) Fuoss additionally provides that its "PSTN 907 and the Internet 906 may be coupled together. A desk top personal computer (PC) 910A with a hand written message communication device 305C attached may be coupled to the Internet 906 and a desk top personal computer (PC) 910B may be coupled to the PSTN 907. Further, a cable or hybrid fiber cable head end hub 911 may be coupled to the Internet 906, PSTN 907, and a broadband residential gateway (BRG) 912." (Fuoss, 12:20-27.)

Fuoss, at most, provides an system for sending text messages over the internet. Fuoss is silent with respect to the above noted features. More specifically, Fuoss does not teach or disclose a safe terminal wherein the safe terminal is isolated from the internet. Further, Shapiro and Hodge do not cure the deficiencies of Fuoss with respect to independent claim 1. Thus, claim 1 is patentable over Fuoss in view of Shapiro and Hodge for at least the reasons noted above.

The combination of Fuoss, Shapiro, and Hodge also fails to disclose at least a "secure electronic message exchange system usable inside a secured inmate facility, the system comprising … a safe terminal … wherein the safe terminal accesses secure system software only and is isolated from the internet, " as recited in claim 13 and a "computer-implemented method for transmitting messages from a secured inmate facility, the method comprising: authenticating a local user at a safe terminal, wherein the safe terminal accesses secure system software only and is isolated from the internet," as recited in claim 25.

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Fuoss, Shapiro, and Hodge at least for their dependencies from the independent claims, as well as for the additional features they

- 11 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Fuoss in view of Shapiro and Hodge in further view of Levac.*

Claims 4, 6, 7, 15, and 15 are rejected under rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Fuoss, Shapiro, and Hodge, in view of U.S. Patent No. 5,872,926 to Levac *et al.* ("Levac").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, and Hodge. Levac fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, and Levac for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Fuoss in view of Shapiro and Hodge in further view of Cree.*

Claim 18 is rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Fuoss, Shapiro, and Hodge, in view of U.S. Patent No. 6,665,380 to Cree *et al.* ("Cree").

As discussed above, the independent claims are patentable over the combination of Fuoss, Shapiro, and Hodge. Cree fails to cure the deficiencies of Fuoss, Shapiro, and Hodge with respect to the independent claims. Thus, the dependent claims are likewise patentable over Fuoss, Shapiro, Hodge, and Cree for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

- 12 -

Reply to Office Action of March 30, 2016

Global Tel*Link Corp.
Appl. No. 14/457,593

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot.  Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn.  Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance.  If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 5|18|16

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2793971_1.DOCX

Atty. Dkt. No. 3210.0150005

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 25817019 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Trent William Merrell/Catherine Saunders |
| **Filer Authorized By:** | Trent William Merrell |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 18-MAY-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:31:57 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_AMEND_111.pdf | 392378 <br> 47f11aa13d8020fb5cfb76f13ca96ae409856b95 | yes | 13 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Miscellaneous Incoming Letter | 1 | 1 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 2 | 2 |
| Claims | 3 | 8 |
| Applicant Arguments/Remarks Made in an Amendment | 9 | 13 |

| Warnings: | |
|---|---|
| Information: | |
| **Total Files Size (in bytes):** | 392378 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

**Sterne Kessler**
**Goldstein Fox**
ATTORNEYS AT LAW

May 18, 2016

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn:  Mail Stop Amendment*

     Re:    U.S. Utility Patent Application
              Appl. No. 14/457,593; Filing Date: August 12, 2014
              For:    **Electronic Messaging Exchange**
              Inventors:   HODGE *et al.*
              Our Ref:    3210.0150005

Commissioner:

     Transmitted herewith for appropriate action is a document entitled ***Amendment and Reply under 37 C.F.R. § 1.111*** which is submitted electronically through EFS-Web.

     In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

     The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

                      Respectfully submitted,

                      STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                      Lauren C. Schleh
                      Attorney for Applicant
                      Registration No. 65,457

LCS/TWM/cms
Enclosure
2811697_1.DOCX

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) |  |  |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **05/18/2016** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 22 | Minus ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/DORRETTA BROOKS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111        7590        05/11/2016

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/11/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| ***Applicant-Initiated Interview Summary*** | **Application No.**<br>14/457,593 | **Applicant(s)**<br>HODGE ET AL. | |
|---|---|---|---|
| | **Examiner**<br>ANGELA HOLMES | **Art Unit**<br>2497 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _ANGELA HOLMES_.                                    (3) _____.

(2) _Trent Merrell (Reg. No. 73771)_.                   (4) _____.

Date of Interview: _28 April 2016_.

Type:   ☒ Telephonic   ☐ Video Conference
        ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.
   If Yes, brief description: _____.

Issues Discussed   ☐101 ☐112 ☐102 ☐103 ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _1_.

Identification of prior art discussed: _____.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_Applicant disclosed the invention. Applicant's amended proposal discloses that the safe terminal is isolated from the internet. Applicant explained that the safe terminal is a system that only the inmates use. The safe terminal is connected to a control platform, which accesses its own server that is not through the internet and then it does a security scan of the message before it is transmitted. Examiner advised applicant to disclose more information in the next response as in how the safe terminal is isolated from the internet. The proposed amendment has overcomed the cited prior art. Further search will be made once a response has been filed. No agreement has been reached._ .

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☒ Attachment

| /ANGELA HOLMES/<br>Examiner, Art Unit 2497 | /HADI ARMOUCHE/<br>Supervisory Patent Examiner, Art Unit 2497 |
|---|---|

**Summary of Record of Interview Requirements**

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
–  An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

## Proposed Interview Agenda

*Application No. 14/457,593*

*Atty. Dkt. No. 3210.0150005*

**Interview Date:**

Telephone conference to be held April 28, 2016 at 11:30am.

**Participants:**

- Applicant's representative: Trent Merrell, Reg. No. 73,771 (202.772.8519).

- USPTO: Examiner Angela Holmes (o: 571.270.3357; f: 571.270.4357).

**Agenda:**

- Discuss the rejection of claim 1 under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent No. 7,003,308 to Fuoss *et al.* ("Fuoss"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro"), and further in view U.S. Patent Application Publication No. 2004/0029564 to Hodge ("Hodge").

- Discuss Fuoss, Shapiro, and Hodge, with respect to the following claim 1 amendment:

(Proposed Amendment) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

    a safe terminal configured to:

        authenticate a local user,

        allow the local user to generate an instant message, and

        transmit the instant message via a data connection,

        <u>wherein the safe terminal is isolated from the internet</u>; and

    a control platform configured to:

        receive the instant message from the safe terminal,

        perform an automated security scan of the received message,

authenticate a remote user, and

based on the security scan, transmit the instant message to a device associated with the authenticated remote user or transmit a notification to an administrator and store the message in a database,

the control platform including a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111      7590      03/30/2016
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/30/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="3"><b>Office Action Summary</b></td><td><b>Application No.</b><br>14/457,593</td><td colspan="2"><b>Applicant(s)</b><br>HODGE ET AL.</td></tr>
<tr><td><b>Examiner</b><br>ANGELA HOLMES</td><td><b>Art Unit</b><br>2497</td><td><b>AIA (First Inventor to File)<br>Status</b><br>No</td></tr>
</table>

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

   A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒   Responsive to communication(s) filed on <u>2/24/16</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.

3)☐   An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐   Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒   Claim(s) <u>1-20,25 and 26</u> is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐   Claim(s) _____ is/are allowed.

7)☒   Claim(s) <u>1-20,25-26</u> is/are rejected.

8)☐   Claim(s) _____ is/are objected to.

9)☐   Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on <u>8/12/14,10/30/14</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All   b)☐ Some**   c)☐ None of the:
    1.☐   Certified copies of the priority documents have been received.
    2.☐   Certified copies of the priority documents have been received in Application No. _____.
    3.☐   Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>3/22/16</u>.

3) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.

4) ☐ Other: _____.

Application/Control Number: 14/457,593                                        Page 2
Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

### *Continued Examination Under 37 CFR 1.114*

2.      A request for continued examination under 37 CFR 1.114, including the fee set forth in

37 CFR 1.17(e), was filed in this application after final rejection.  Since this application is

eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e)

has been timely paid, the finality of the previous Office action has been withdrawn pursuant to

37 CFR 1.114.  Applicant's submission filed on 2/24/16 has been entered.

 Claims 1-20 and 25-26 have been examined and are pending in this application.

### *Information Disclosure Statement*

3.      The information disclosure statement (IDS) submitted on 3/22/16 is in compliance with

the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being

considered by the examiner.

### *Response to Arguments*

4.      Applicant's arguments with respect to claims 1-20 and 25-26 have been considered but

are moot because the arguments do not apply to any of the references being used in the current

rejection.

### *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 14/457,593                                     Page 3
Art Unit: 2497

6.      **Claims 1-3, 5, 8-13, 16-17, 19-20 and 25-26 are rejected under pre-AIA 35 U.S.C.**

**103(a)** as being unpatentable over Fuoss (US 7003308) in view of Shapiro (Provision application

60/538,933, published in US 2010/0299761) in further in view of Hodge (20040029564). Fuoss

is cited in the IDS filed 12/8/15.

       **As per claims 1, 13 and 25,** Fuoss discloses a secure electronic message

exchange system usable inside a secured inmate facility, the secure electronic message

exchange system comprising:

       allow the local user to generate an instant message (*Fuoss, Col 3. Lines 46-52,*

*instant message*), and

       transmit the instant message via a data connection (*Fuoss, Col 3. Lines 55-58,*

*wireless communication network)*; and

       a control platform configured to:

       receive the instant message from the safe terminal *(Fuoss,  Col 7, lines 44-54,*

*receive messages from another communication device)*,

       the control platform including:

       a central computer control platform configured to allow the local user and the

remote user to communicate via electronic messages *(Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages)*;

       a safe terminal configured to:

       Fuoss does not disclose; however, Shapiro discloses perform an automated

security scan of the received message (*Shapiro, pg.3, scanning letters for certain*

*keywords*), and

Application/Control Number: 14/457,593                                                      Page 4
Art Unit: 2497

based on the security scan, transmit the instant message to a device associated

with the authenticated remote user or transmit a notification to an administrator and store

the message in a database (*Shapiro,Pg. 2, proofing and screening, then allowing for*

*viewing*),

authenticate a remote user (*Shapiro, Pg. 4-5, "Writer Registration", username*

*and password*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering

and monitoring electronic letters to correction facility inmates while giving supervisory

authorities the ability to screen the incoming mail.

the control platform including:

Fuoss and Shapiro do not disclose; however, Hodge discloses authenticate a local

user (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan,*

*and thumbprint) and also Para. 0222*),

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of

authenticating users in a secure facility.

**As per claim 2,** Fuoss discloses the system of claim 1, wherein the safe terminal

is further configured to allow the local user to generate the instant message using one of a

plurality of input methods (*Fuoss, Col 3, Lines 38-48, The message may also contain typed*

*text, an HTML-encoded document, images, voice, and/or video information.*).

Application/Control Number: 14/457,593                                          Page 5
Art Unit: 2497

**As per claim 3,** Fuoss discloses the system of claim 1, wherein the plurality of input methods include at least one of a text input and a voice input *(Fuoss, Col 3, Lines 38-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.).*

**As per claim 5,** Fuoss discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call and a voice message *(Fuoss, Col 3, Lines 46-48, The message may also contain typed text, an HTML-encoded document, images, voice, and/or video information.).*

**As per claims 8 and 16,** Fuoss discloses the system of claim 1, wherein the data connection is a wireless connection (*Fuoss, Col 3. Lines 59-65, the handwritten message displayed on the touch screen may be stored to a buffer memory as a digital image (e.g., a graphic image), directed by a processor to a transceiver, and transmitted via a communication connection (e.g., a wire or wireless connection)).*

**As per claims 9 and 17,** Fuoss and Shapiro do not disclose; however, Hodge discloses the system of claim 1, wherein the safe terminal is further configured to authenticate the local user using at least one of a login and password information, biometric information, and a radio frequency identification (*Hodge, Para. 0140, entering a PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

Application/Control Number: 14/457,593                                      Page 6
Art Unit: 2497

    **As per claim 10,** Fuoss and Hodge do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to authenticate the remote user using at least a login and password information (*Shapiro, Pg. 4-5, "Writer Registration", username and password*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss and Hodge, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

    **As per claims 11 and 19,** Fuoss and Hodge do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message (*Shapiro, Pg. 3, Letter "k", privileged mail*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss and Hodge, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

    **As per claim 12,** Fuoss and Hodge do not disclose; however, Shapiro discloses the system of claim 1, wherein the control platform allows an administrator to monitor messages (*Shapiro, Pg. 7, "Correction Authorities- getting mail", letters are printed and viewed*).

    Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss and Hodge, given the benefit of

Application/Control Number: 14/457,593                                          Page 7
Art Unit: 2497

delivering and monitoring electronic letters to correction facility inmates while giving

supervisory authorities the ability to screen the incoming mail.

>    **As per claim 20,** Fuoss and Shapiro do not disclose; however, Hodge discloses

the system of claim 13, wherein the control platform is further configured authenticate the

local user using at least a login and password information (*Hodge, Para. 0140, entering a*

*PIN and biometric information (verbal, retina scan, and thumbprint) and also Para. 0222*).

>    Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Fuoss and Shapiro, given the benefit of

authenticating users in a secure facility.

>    **As per claim 26,** Fuoss discloses the method of claim 25, further comprising:

>    receiving, at the control platform, a second instant message from the remote

device associated with the authenticated remote user (*Fuoss, Col 4, lines 38-47, inter*

*communication system to send and receive electronic messages; Also, Col 7, lines 44-54,*

*receive messages from another communication device*);

>    Fuoss and Hodge do not disclose; however, Shapiro discloses performing a

second automated security scan of the second instant message (*Shapiro, pg.3, scanning*

*letters for certain keywords*); and

>    transmitting the second instant message from the control platform to a safe

terminal associated with the authenticated local user or to an administrator, based on the

security scan of the second instant message (*Shapiro,Pg. 2, proofing and screening, then*

*allowing for viewing*).

Application/Control Number: 14/457,593                                         Page 8
Art Unit: 2497

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Fuoss, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

7.     **Claims 4, 6-7, and 14-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over in view Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US 2010/0299761) in view of Hodge (20040029564) in view of Levac (US 5872926).

      **As per claim 4,** Fuoss, Shapiro, and Hodge do not disclose; however, Levac discloses the system of claim 1, wherein the safe terminal is further configured to convert the instant message into one of a plurality of formats for the message (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, and Hodge, given the benefit of converting to a format appropriate for communicating with selected communications devices.

      **As per claims 6 and 14,** Fuoss, Shapiro, and Hodge do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to

convert the instant message from a text format into a voice format (*Levac, Col 1, lines 63-line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, and Hodge, given the benefit of converting to a format appropriate for communicating with selected communications devices.

**As per claims 7 and 15,** Fuoss, Shapiro, and Hodge do not disclose; however, Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format (*Levac, Col 1, lines 63-line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file. The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Levac, with the system and method of Fuoss, Shapiro, and Hodge, given the benefit of converting to a format appropriate for communicating with selected communications devices.

Application/Control Number: 14/457,593          Page 10

Art Unit: 2497

8.      **Claim 18 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over

Fuoss (US 7003308) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) in view of Hodge (20040029564) in view of Cree (US 6665380).

       **As per claim 18,** Fuoss, Shapiro and Hodge do not explicitly disclose; however,

Cree discloses the system of claim 13, wherein the safe terminal is further configured to

alert the local user that an instant message has been received (*Cree, Col 11, 17-34, the*

*system informs the inmate when there are messages*).

       Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Fuoss, Shapiro and Hodge, with the system and method of Cree, given the

benefit of notifying an inmate in a prison facility of messages.

### *Conclusion*

       Any inquiry concerning this communication or earlier communications from the
examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.
The examiner can normally be reached on 9am -5pm.

       If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Hadi Armouche can be reached on 571-270-3618. The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

       Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system. Status information for published applications
may be obtained from either Private PAIR or Public PAIR. Status information for unpublished
applications is available through Private PAIR only. For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 643 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:37 |
| L5 | 33 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:38 |
| L6 | 9328 | (726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:38 |
| L7 | 25350 | (h04l12/589 h04l12/585 h04l51/04).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:39 |
| L8 | 299993 | authentic$5 and transmi$5 and generat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L9 | 25480 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L10 | 39 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L11 | 36 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate and secur$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L12 | 36 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate and secur$3 and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:40 |
| L13 | 24 | authentic$5 and transmi$5 and generat$3 and instant near messag$3 and inmate and secur$3 and wireless and scan$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |

| L14 | 98 | l1 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L15 | 17 | l1 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L16 | 7 | l1 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L17 | 7 | l1 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L18 | 7 | l1 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L19 | 5 | l1 and l13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L20 | 7 | l5 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L21 | 2 | l5 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L22 | 2 | l5 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:41 |
| L23 | 2 | l5 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L24 | 3489 | l6 and l8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L25 | 346 | l6 and l9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |

| L26 | 1 | I6 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L27 | 2729 | I7 and I8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L28 | 1759 | I7 and I9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L29 | 5 | I7 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L30 | 5 | I7 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L31 | 5 | I7 and I12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |
| L32 | 5 | I7 and I13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2016/03/21 14:42 |

**EAST Search History (Interference)**

<This search history is empty>

**3/21/2016 2:43:13 PM**
**C:\Users\aholmes\Documents\EAST\Workspaces\120815.wsp**

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Index of Claims*** | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| ✔ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**       ☐ CPA    ☒ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | 03/21/2016 | | | | | | |
| | 1 | ✔ | ✔ | ✔ | | | | | | |
| | 2 | ✔ | ✔ | ✔ | | | | | | |
| | 3 | ✔ | ✔ | ✔ | | | | | | |
| | 4 | ✔ | ✔ | ✔ | | | | | | |
| | 5 | ✔ | ✔ | ✔ | | | | | | |
| | 6 | ✔ | ✔ | ✔ | | | | | | |
| | 7 | ✔ | ✔ | ✔ | | | | | | |
| | 8 | ✔ | ✔ | ✔ | | | | | | |
| | 9 | ✔ | ✔ | ✔ | | | | | | |
| | 10 | ✔ | ✔ | ✔ | | | | | | |
| | 11 | ✔ | ✔ | ✔ | | | | | | |
| | 12 | ✔ | ✔ | ✔ | | | | | | |
| | 13 | ✔ | ✔ | ✔ | | | | | | |
| | 14 | ✔ | ✔ | ✔ | | | | | | |
| | 15 | ✔ | ✔ | ✔ | | | | | | |
| | 16 | ✔ | ✔ | ✔ | | | | | | |
| | 17 | ✔ | ✔ | ✔ | | | | | | |
| | 18 | ✔ | ✔ | ✔ | | | | | | |
| | 19 | ✔ | ✔ | ✔ | | | | | | |
| | 20 | ✔ | ✔ | ✔ | | | | | | |
| | 21 | ✔ | ✔ | - | | | | | | |
| | 22 | ✔ | ✔ | - | | | | | | |
| | 23 | ✔ | ✔ | - | | | | | | |
| | 24 | ✔ | ✔ | - | | | | | | |
| | 25 | | | ✔ | | | | | | |
| | 26 | | | ✔ | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 3/21/2016 | ah |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |
| 726 | 3 | 3/21/2016 | ah |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | ah |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |
| EAST class limited w/text search (see search history) | 3/21/2016 | ah |
| EAST text search (see search history) | 3/21/2016 | ah |
| EAST inventor and assignee search (see search history) | 3/21/2016 | ah |

/ANGELA HOLMES/
Examiner.Art Unit 2497

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| | | | |

/ANGELA HOLMES/
Examiner.Art Unit 2497

Part of Paper No. : 20160321

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0183040 A1 | 12-05-2002 | Lundstrom et al. | |
| | US2 | 2004/0058667 A1 | 03-25-2004 | Pienmaki et al. | |
| | US3 | 2006/0098796 A1 | 05-11-2006 | Link | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |

2783993_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 03/29/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 10, 2015; 10 pages. | |
| | NPL2 | Notice of Allowance directed to U.S. Patent Appl. No. 14/457,616, mailed January 28, 2016; 8 pages. | |
| | NPL3 | Non-Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed February 5, 2016; 9 pages. | |
| | NPL4 | Wireless Interconnection and Reciprocal Compensation Agreement Between Community Telephone Company and United States Cellular Corporation, April 24, 2006; 29 pages. | |
| | NPL5 | U.S. Patent Application No. 15/003,504, "Electronic Messaging Exchange," to HODGE et al., filed January 21, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |

2783995_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 03/29/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0183040 A1 | 12-05-2002 | Lundstrom et al. | |
| | US2 | 2004/0058667 A1 | 03-25-2004 | Pienmaki et al. | |
| | US3 | 2006/0098796 A1 | 05-11-2006 | Link | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2783993_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | *Complete if Known* | |
|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 of 1 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Non-Final Office Action directed to U.S. Patent Appl. No. 13/941,382, mailed December 10, 2015; 10 pages. | |
| | NPL2 | Notice of Allowance directed to U.S. Patent Appl. No. 14/457,616, mailed January 28, 2016; 8 pages. | |
| | NPL3 | Non-Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed February 5, 2016; 9 pages. | |
| | NPL4 | Wireless Interconnection and Reciprocal Compensation Agreement Between Community Telephone Company and United States Cellular Corporation, April 24, 2006; 29 pages. | |
| | NPL5 | U.S. Patent Application No. 15/003,504, "Electronic Messaging Exchange," to HODGE et al., filed January 21, 2016. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2783995_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 25272090 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 22-MAR-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 20:10:03 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_4SIDS.pdf | 894194<br>65325adcc20fbca25565693e3d591e70ef0195eb | yes | 7 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Miscellaneous Incoming Letter | 1 | 1 |
| Transmittal Letter | 2 | 5 |
| Information Disclosure Statement (IDS) Form (SB08) | 6 | 7 |

| Warnings: | | | | |
|---|---|---|---|---|
| **Information:** | | | | |
| 2 | Non Patent Literature | NPL1_NFOA_13941382_12102015.pdf | 389374<br>6c5233b3f10a71a033edb81039c3e7db39f8daa6 | no | 10 |

| Warnings: |
|---|
| **Information:** |

| Total Files Size (in bytes): | 1283568 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

March 22, 2016

Commissioner for Patents                                    *Confirmation No. 6317*
PO Box 1450                                                            *Art Unit 2497*
Alexandria, VA  22313-1450                          *Attn: Mail Stop Amendment*

    Re:    U.S. Utility Patent Application
           Application No. 14/457,593; Filing Date:  August 12, 2014
           For:    **Electronic Messaging Exchange**
           Inventors: HODGE *et al.*
           Our Ref: 3210.0150005

Commissioner:

    Transmitted herewith for appropriate action are the following documents:

1. Fourth Supplemental Information Disclosure Statement;

2. Form PTO/SB/08a (1 sheet) listing 3 documents (**US1-US3**);

3. Form PTO/SB/08b (1 sheet) listing 5 documents (**NPL1-NPL5**); and

4. A copy of the cited document (**NPL1**).

*The above-listed documents are filed electronically through EFS-Web.*

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                    Respectfully submitted,

                    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                    /Lauren C. Schleh/

                    Lauren C. Schleh
                    Attorney for Applicant
                    Registration No. 65,457

LCS/TWM/wcf
Enclosures

2784003_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventors: HODGE *et al.*

Applicant: Global Tel*Link Corp.

Application No.: 14/457,593

Filing Date: August 12, 2014

Title: **Electronic Messaging Exchange**

Confirmation No.: 6317

Art Unit: 2497

Examiner: HOLMES, Angela R.

Atty. Docket: 3210.0150005

## Fourth Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -                                                        HODGE *et al.*
                                                   Application No. 14/457,593

Filing under 37 C.F.R. § 1.97(b). This Information Disclosure Statement is being filed before the mailing of a first Office Action after the filing of a request for continued examination under 37 C.F.R. § 1.114. No statement or fee is required.

A copy of document **NPL1** is submitted. However, in accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copies of the U.S. patent application publications cited as documents **US1-US3** on the attached IDS Forms are submitted.

Copies of documents **NPL2-NPL4** were cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application No. 13/941,382, filed July 12, 2013 (now pending), which is relied upon for an earlier filing date under 35 U.S.C. § 120. Thus, copies of these documents are not attached. 37 C.F.R. § 1.98(d).

Additionally, a copy of unpublished U.S. application **NPL5**, cited on the attached IDS Form, is not provided in accordance with the U.S. Patent and Trademark Office Official Gazette notice of October 19, 2004, which states: "the requirement in 37 C.F.R. § 1.98(a)(2)(iii) for a legible copy of the specification, including the claims, and drawings of each cited pending unpublished U.S. patent application (or portion of the application which caused it to be listed) is *sua sponte* waived where the cited pending application is stored in the USPTO's IFW system."

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the

Atty. Dkt. No. 3210.0150005

- 3 -

HODGE *et al.*
Application No. 14/457,593

office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicant submits herewith Office Actions from the co-pending U.S. Patent Application Nos. 13/941,382, filed July 12, 2013 (now pending); 14/457,616, filed August 12, 2014 (now pending); and 14/457,604, filed August 12, 2014 (now pending), as documents **NPL1-NPL3**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Notice of Appeal to the Federal Circuit by Securus Technologies, Inc., filed January 19, 2016 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

Atty. Dkt. No. 3210.0150005

- 4 -                                                 HODGE *et al.*
                                                  Application No. 14/457,593

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS

Forms, and indicate in the official file wrapper of this patent application that the documents have

been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or

credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Lauren C. Schleh/

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date:     March 22, 2016

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2784001_1.DOCX

Atty. Dkt. No. 3210.0150005

PTO/SB/30 (07-14)
Approved for use through 07/31/2016 OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Request for Continued Examination (RCE) Transmittal | Application Number | 14/457,593 |
|---|---|---|
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| Address to: Mail Stop RCE Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 | Art Unit | 2497 |
| | Examiner Name | HOLMES, Angela R. |
| | Attorney Docket Number | 3210.0150005 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**

Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, to any international application that does not comply with the requirements of 35 U.S.C 371, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO on page 2.)

1.  **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

    a. ☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

        i. ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

        ii. ☐ Other _____

    b. ☒ Enclosed

        i. ☒ Amendment/Reply                    iii. ☐ Information Disclosure Statement (IDS)

        ii. ☐ Affidavit(s)/ Declaration(s)      iv. ☐ Other _____

2.  **Miscellaneous**

    a. ☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

    b. ☐ Other _____

3.  **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

    a. ☒ The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. _____19-0036_____.

        i. ☒ RCE fee required under 37 CFR 1.17(e)

        ii. ☐ Extension of time fee (37 CFR 1.136 and 1.17)

        iii. ☐ Other _____

    b. ☐ Check in the amount of $ _____ enclosed

    c. ☒ Payment by credit card (Form PTO-2038 enclosed)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| **SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED** | | |
|---|---|---|
| Signature | | Date 7/29/16 |
| Name (Print/Type) Lauren C. Schleh | | Registration No. 65,457 |

| **CERTIFICATE OF MAILING OR TRANSMISSION** |
|---|
| I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below. |

| Signature | |
|---|---|
| Name (Print/Type) | Date |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

2774813

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.:  6317 |
| Global Tel*Link Corp. | Art Unit:  2497 |
| Appl. No.:  14/457,593 | Examiner:  HOLMES, Angela R. |
| Filed:  August 12, 2014 | Atty. Docket:  3210.0150005 |
| For:  **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.114

Commissioner for Patents                                               *Mail Stop RCE*
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In reply to the final Office Action dated December 14, 2015, Applicant submits the following Amendment and Remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -

Reply to Office Action of December 14, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

### *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.     (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a <u>safe</u> terminal configured to<u>:</u>

<u>authenticate a local user,</u>

allow [[a]] <u>the</u> local user to generate an instant message<u>,</u> and

transmit the instant message via a data connection; and

a control platform configured to:

receive the instant message from the <u>safe</u> terminal,

perform an automated security scan of the received message,

<u>authenticate a remote user,</u> and

based on the security scan, transmit the instant message to a ~~user~~ device associated with [[a]] <u>the authenticated</u> remote user or transmit a notification to an administrator and store the message in a database,

the control platform including~~: a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and~~ a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages~~, wherein the user device is located outside the facility~~.


2.     (Currently Amended) The system of claim 1, wherein the <u>safe</u> terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods.


Atty. Dkt. No. 3210.0150005

- 3 -                                                      Global Tel*Link Corp.

Reply to Office Action of December 14, 2015                Appl. No. 14/457,593

3.      (Previously Presented) The system of claim 2, wherein the plurality of input methods include at least one of a text input and a voice input.

4.      (Currently Amended) The system of claim 1, wherein the <u>safe</u> terminal is further configured to convert the instant message into one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call, and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

8.      (Currently Amended) The system of claim 1, wherein the <u>data connection is a wireless connection.</u> <s>terminal is further configured to authenticate the local user.</s>

9.      (Currently Amended) The system of claim [[8]] <u>1</u>, wherein the <u>safe</u> terminal is further configured to authenticate the local user using at least one of <u>a login and password information,</u> a biometric information, and a radio frequency identification.

10.     (Currently Amended) The system of claim [[8]] <u>1</u>, wherein the <s>terminal</s> <u>control platform</u> is further configured to authenticate the <s>local</s> <u>remote</u> user using at least a login and password information.

Atty. Dkt. No. 3210.0150005

- 4 -                                                      Global Tel*Link Corp.
Reply to Office Action of December 14, 2015                Appl. No. 14/457,593

11.    (Currently Amended) The system of claim [[8]] 1, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.


12.    (Currently Amended) The system of claim [[8]] 1, wherein the control platform allows an administrator to monitor messages.


13.    (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to:

authenticate a remote user,

receive an instant message from a remote device associated with [[a]] the authenticated remote user, wherein the remote device is located outside the facility,

perform an automated security scan of the received instant message, and

based on the security scan, transmit the instant message to a safe terminal or to an administrator;

[[a]] the safe terminal configured to:

receive the instant message via a data connection,

perform an automated security scan of the received message,

authenticate a local user, and

provide the instant message to the authenticated local user,

based on the security scan, provide the instant message to an inmate of the facility or provide a notification to an administrator and store the message in a database,


Atty. Dkt. No. 3210.0150005

Reply to Office Action of December 14, 2015

wherein the control platform includes: ~~a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and~~ a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a non-voice format into a voice format.

15.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the instant message from a voice format into a text format.

16.     (Currently Amended) The system of claim 13, wherein the data connection is a wireless data connection. ~~terminal is further configured to authenticate the local user.~~

17.     (Currently Amended) The system of claim [[16]] 13, wherein the safe terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.     (Currently Amended) The system of claim [[15]] 13, wherein the safe terminal is further configured to alert the local user that an instant message has been received.

19.     (Currently Amended) The system of claim [[15]] 13, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

Atty. Dkt. No. 3210.0150005

<table>
<tr><td></td><td>- 6 -</td><td>Global Tel*Link Corp.</td></tr>
<tr><td>Reply to Office Action of December 14, 2015</td><td></td><td>Appl. No. 14/457,593</td></tr>
</table>

20.    (Currently Amended) The system of claim [[15]] 13, wherein the control platform is further configured authenticate the local user using at least a login and password information. to notify the local user when an instant message is received.

21.    (Canceled)

22.    (Canceled)

23.    (Canceled)

24.    (Canceled)

25.    (New) A computer-implemented method for transmitting messages from a secured inmate facility, the method comprising:

   authenticating a local user at a safe terminal;

   receiving user input from the local user at the safe terminal;

   generating a first instant message at the safe terminal based on the received user input;

   transmitting the first instant message from the safe terminal to a control platform via a data connection;

   performing a first automated security scan of the received first instant message at the control platform;

   authenticating a remote user at the control platform; and

   transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user or to an administrator, based on the security scan the first instant message.

Atty. Dkt. No. 3210.0150005

- 7 -

Global Tel*Link Corp.
Appl. No. 14/457,593

Reply to Office Action of December 14, 2015

26.     (New)  The method of claim 25, further comprising:

receiving, at the control platform, a second instant message from the remote device associated with the authenticated remote user;

performing a second automated security scan of the second instant message; and

transmitting the second instant message from the control platform to a safe terminal associated with the authenticated local user or to an administrator, based on the security scan of the second instant message.

Atty. Dkt. No. 3210.0150005

Reply to Office Action of December 14, 2015

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-20, 25, and 26 are pending in the application, with claims 1, 13, and 25 being the independent claims. Claims 1, 2, 4, 8-13, 16-20 are sought to be amended. Claims 21-24 are sought to be canceled. Claims 25 and 26 are sought to be added. Applicants respectfully reserve the right to prosecute similar or broader claims, with respect to any amended and/or cancelled claims, in the future. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicants respectfully request that the Examiner reconsider all outstanding rejections and that they be withdrawn.

### *Rejections under 35 U.S.C. § 103*

#### *1. Levac in view of Shapiro*

Claims 1, 2, 4, 6, 7, and 13-15 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over U.S. Patent No. 5,872,926 to Levac *et al.* ("Levac"), in view of U.S. Patent Application Publication No. 2010/0299761 to Shapiro ("Shapiro").

Levac fails to disclose or render obvious "a control platform configured to: receive the instant message from the safe terminal, perform an automated security scan of the received message, authenticate a remote user, and based on the security scan, transmit the instant message to a device associated with the authenticated remote user…" as claimed in amended claim 1.

Levac relates to a "system and method for transmitting a message generated by a message source to diverse communication devices." (Levac, Abstract.) The system of Levac receives "message files" from a message source, which can be generated by "automated sources or users."

Atty. Dkt. No. 3210.0150005

- 9 -

Reply to Office Action of December 14, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

(Levac, FIG. 1; 5:48-50.) Based on the parameters contained in the message file, the message file may be converted to a format for communicating with a number of selected communication devices. (Levac, Abstract.)

Levac, at most, describes transmitting a single message to many different individuals or groups of people using multiple communications protocols. However, Levac is silent with respect to the above-noted features. Specifically, Levac does not disclose a control platform configured to "perform an automated security scan of the received message, authenticate a remote user, and based on the security scan, transmit the instant message to a device associated with the authenticated remote user," as claimed. Further, Shapiro fails to cure the deficiencies of Levac with respect to the independent claims, as amended. Thus claim 1 is patentable over Levac and Shapiro for at least the reasons noted above.

For at least similar reasons, the combination of Levac and Shapiro also fails to disclose or render obvious at least "a control platform configured to: authenticate a remote user, ... perform an automated security scan of the received instant message, and based on the security scan, transmit the instant message to a safe terminal or to an administrator" and a "safe terminal configured to: receive the instant message via a data connection, authenticate a local user, and provide the instant message to the authenticated local user..." as recited in amended claim 13 and "a method for securely exchanging electronic messages, comprising: authenticating a local user at a safe terminal; ... transmitting the first instant message from the safe terminal to a control platform via a data connection; ... authenticating a remote user at the control platform; and transmitting the first instant message from the control platform to a remote device associated with the authenticated remote user..." as recited in claim 25.

Atty. Dkt. No. 3210.0150005

- 10 -

Reply to Office Action of December 14, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

Therefore, independent claims 1, 13, and 25 are patentable over the applied references. All dependent claims are likewise patentable over the combination of Levac and Shapiro at least for their dependencies from the independent claims, as well as for the additional features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Levac in view of Shapiro and further in view of Seshadri*

Claims 3, 5, 22, and 24 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Levac, in view of Shapiro and further in view of U.S. Patent No. 6,249,808 to Seshadri ("Seshadri").

As discussed above, the independent claims are patentable over the combination of Levac and Shapiro. Seshadri fails to cure the deficiencies of Levac and Shapiro with respect to the independent claims. Thus, dependent claims 3, 5, 22, and 24 are likewise patentable over Levac, Shapiro, and Seshadri for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Levac in view of Shapiro and further in view of Hodge*

Claims 8-10, 16, 17, 21, and 23 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over  Levac, in view of Shapiro and further in view of U.S. Patent Application Publication No. 2004/0029564 to Hodge ("Hodge").

As discussed above, the independent claims are patentable over the combination of Levac and Shapiro. Hodge does not cure the deficiencies of Levac and Shapiro with respect to the independent claims. Thus, dependent claims 8-10, 16, 17, 21, and 23 are likewise patentable over

Levac, Shapiro, and Hodge for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 4. *Levac in view of Shapiro, in view of Hodge and further in view Mow*

Claims 11, 12, and 19 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Levac, in view of Shapiro, in view of Hodge and further in view of U.S. Patent No. 6,668,045 to Mow ("Mow").

As discussed above, the independent claims are patentable over the combination of Levac, Shapiro, and Hodge. Mow fails to cure the deficiencies of Levac, Shapiro, and Hodge with respect to the independent claims. Thus, dependent claims 11, 12, and 19 are likewise patentable over Levac, Shapiro, Hodge, and Mow for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 5. *Levac in view of Shapiro and further in view of Cree*

Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. 103(a) as allegedly being unpatentable over Levac, in view of Shapiro and further in view of U.S. Patent No. 6,665,380 to Cree *et al.* ("Cree").

As discussed above, the independent claims are patentable over the combination of Levac and Shapiro. Cree fails to cure the deficiencies of Levac and Shapiro with respect to the independent claims. Thus, dependent claims 18 and 20 are likewise patentable over Levac, Shapiro, and Cree for the same reasons as the independent claims from which they respectively depend and

- 12 -                                                      Global Tel*Link Corp.
Reply to Office Action of December 14, 2015                 Appl. No. 14/457,593

further in view of their own respective features. Accordingly, Applicant respectfully requests that

the rejection be reconsidered and withdrawn.

## Conclusion

All of the stated grounds of objection and rejection have been properly traversed,

accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner

reconsider all presently outstanding objections and rejections and that they be withdrawn.

Applicant believes that a full and complete reply has been made to the outstanding Office Action

and, as such, the present application is in condition for allowance. If the Examiner believes, for any

reason, that personal communication will expedite prosecution of this application, the Examiner is

invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: ___2/24/16___

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2762222_1.DOCX

Atty. Dkt. No. 3210.0150005

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Trent William Merrell/Maya Bennett |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Request for Continued Examination | 1801 | 1 | 1200 | 1200 |
| **Total in USD ($)** | | | | **1200** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 25010154 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Trent William Merrell/Maya Bennett |
| **Filer Authorized By:** | Trent William Merrell |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 24-FEB-2016 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:06:53 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $1200 |
| RAM confirmation Number | 2618 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005rce.pdf | 2085457<br><br>d66547a46d67d0685b8394a4e509de2475a3a31e | yes | 14 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | **Start** | **End** | |
| | Transmittal Letter | 1 | 1 | |
| | Request for Continued Examination (RCE) | 2 | 2 | |
| | Amendment Submitted/Entered with Filing of CPA/RCE | 3 | 3 | |
| | Claims | 4 | 9 | |
| | Applicant Arguments/Remarks Made in an Amendment | 10 | 14 | |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30484<br><br>847d4f1485d75e3ab26ed22636d616184659ef9 | no | 2 |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 2115941 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

February 24, 2016

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn:  Mail Stop RCE*

Re:    U.S. Utility Patent Application
       Appl. No. 14/457,593; Filing Date:  August 12, 2014
       For:    **Electronic Messaging Exchange**
       Inventors:    HODGE *et al.*
       Our Ref:    3210.0150005

Commissioner:

The following documents are transmitted herewith for appropriate action by the U.S. Patent and Trademark Office:

1.    Request for Continued Examination (RCE) Transmittal;

2.    Amendment and Reply Under 37 C.F.R. § 1.114 and;

3.    Payment made via EFS-Web for $1,200.00 to cover the fee for an RCE.

The above-listed documents are filed electronically through EFS-Web.

Fee payment is provided via EFS-Web. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/TWM/mlb
Enclosure

2774753_1.DOCX

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

### APPLICATION AS FILED – PART I

(Column 1)          (Column 2)

| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $   = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $   = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

(Column 1)          (Column 2)          (Column 3)

| | **02/24/2016** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| **AMENDMENT** | Total (37 CFR 1.16(i)) | * 22 Minus | ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

(Column 1)          (Column 2)          (Column 3)

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| **AMENDMENT** | Total (37 CFR 1.16(i)) | * Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/VIKKI GRAY/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇꜱ Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oꜰꜰɪᴄᴇ

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111          7590          12/14/2015
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/14/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.** 14/457,593 | **Applicant(s)** HODGE ET AL. |
|---|---|---|
| | **Examiner** ANGELA HOLMES | **Art Unit** 2497 | **AIA (First Inventor to File) Status** No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>9/3/15</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL.**   2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>1-24</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1-24</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on <u>8/12/14,10/30/14</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

   a) ☐ All   b) ☐ Some**   c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>7/22/15,8/12/15, 12/8/15</u>.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 14/457,593                                          Page 2
Art Unit: 2497

### *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

2.      This Office Action is in response to the application 14457593 filed on 9/3/15.

3.      Claims 1-24 have been examined and are pending in this application.

### *Information Disclosure Statement*

4.      The information disclosure statement (IDS), submitted on 7/22/15, 8/12/15, and 12/8/15

are in compliance with the provisions of 37 CFR 1.97.  Accordingly, the information disclosure

statement is being considered by the examiner.

### *Terminal Disclaimer*

5.      The terminal disclaimer filed on 9/3/15 has been reviewed and is accepted.  The terminal

disclaimer has been recorded.

### *Response to Arguments*

6.      Applicant's arguments with respect to claims 1-24 have been considered but are moot

because the arguments do not apply to any of the references being used in the current rejection.

### *Claim Rejections - 35 USC § 103*

7.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 14/457,593                                          Page 3
Art Unit: 2497

8.      **Claims 1-2, 4, 6-7, and 13-15 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933,

published in US 2010/0299761). Levac and Shapiro are cited in the IDS filed 8/12/14.

        **As per claims 1 and 13,** Levac discloses a secure electronic message exchange

system usable inside a secured inmate facility, the secure electronic message exchange

system comprising:

        a terminal configured to allow a local user to generate an instant message and

transmit the instant message via a data connection (*Levac, Col 3, lines 2-9,  a message

generated by a source, such as a user, a real-time data source, a sensor or other software

applications or hardware devices, can be automatically transmitted to diverse

communication devices)*; and

         a control platform configured to*(Levac, Fig. 1, Col 2, line 66-67, integrated

message system)*:

         receive the instant message from the terminal *(Levac, Col 3, lines 2-9,  a

message generated by a source, such as a user, a real-time data source, a sensor or other

software applications or hardware devices, can be automatically transmitted to diverse

communication devices, such as networked personal computers, message marquees,

telephone systems, alphanumeric and vibrating pagers, fax machines, audio devices,

information kiosks, internet/intranet terminals or bulletin boards.)*,

        the control platform including*(Levac, Fig. 1, Col 2, line 66-67, integrated

message system)* :

Application/Control Number: 14/457,593                                          Page 4
Art Unit: 2497

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages, wherein the user device is located outside the facility *(Levac, Col 3, lines 2-9,  a message generated by a source, such as a user, a real-time data source, a sensor or other software applications or hardware devices, can be automatically transmitted to diverse communication devices, such as networked personal computers, message marquees, telephone systems, alphanumeric and vibrating pagers, fax machines, audio devices, information kiosks, internet/intranet terminals or bulletin boards.)*;

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically *(Levac, Col 3, lines 2-9,  a message generated by a source, such as a user, a real-time data source, a sensor or other software applications or hardware devices, can be automatically transmitted to diverse communication devices, such as networked personal computers, message marquees, telephone systems, alphanumeric and vibrating pagers, fax machines, audio devices, information kiosks, internet/intranet terminals or bulletin boards.)*;

Levac does not disclose; however, Shapiro discloses perform an automated security scan of the received message *(Shapiro, pg.3, scanning letters for certain keywords)*, and

based on the security scan, transmit the instant message to a user device associated with a remote user or transmit a notification to an administrator and store the message in a database *(Shapiro,Pg. 2, proofing and screening, then allowing for viewing)*.

Application/Control Number: 14/457,593                                                       Page 5
Art Unit: 2497

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Shapiro, with the system and method of Levac, given the benefit of delivering and monitoring electronic letters to correction facility inmates while giving supervisory authorities the ability to screen the incoming mail.

      **As per claim 2,** Levac discloses the system of claim 1, wherein the terminal is further configured to allow the local user to generate the instant message using one of a plurality of input methods (*Levac, Col 3, lines 2-9,  a message generated by a source, such as a user, a real-time data source, a sensor or other software applications or hardware devices, can be automatically transmitted to diverse communication devices, such as networked personal computers, message marquees, telephone systems, alphanumeric and vibrating pagers, fax machines, audio devices, information kiosks, internet/intranet terminals or bulletin boards.*).

      **As per claim 4,** Levac discloses the system of claim 1, wherein the terminal is further configured to convert the instant message into one of a plurality of formats for the message (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety of message sources to the appropriate format for communication with diverse communication devices selected in response to message parameters included in a message file.  The converted message is then automatically transmitted to the selected devices at sites determined by the message parameters.*).

      **As per claims 6 and 14,** Levac discloses the system of claim 1, wherein the control platform is further configured to convert the instant message from a text format into a voice format (*Levac, Col 1, lines 63- line 2, converting a message generated by a variety*

Application/Control Number: 14/457,593                                Page 6
Art Unit: 2497

*of message sources to the appropriate format for communication with diverse*

*communication devices selected in response to message parameters included in a message*

*file. The converted message is then automatically transmitted to the selected devices at*

*sites determined by the message parameters.).*

**As per claims 7 and 15,** Levac discloses the system of claim 1, wherein the

control platform is further configured to convert the instant message from a voice format

into a text format (*Levac, Col 1, lines 63- line 2, converting a message generated by a*

*variety of message sources to the appropriate format for communication with diverse*

*communication devices selected in response to message parameters included in a message*

*file. The converted message is then automatically transmitted to the selected devices at*

*sites determined by the message parameters.).*

9.      **Claims 3, 5, 22, and 24 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933,

published in US 2010/0299761) in view of Seshadri (US 6249808).

**As per claim 3,** Levac and Shapiro do not disclose; however, Seshadri discloses

the system of claim 1, wherein the plurality of input methods include at least one of a text

input and a voice input (*Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the*

*message into a text portion and a voice portion).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit

of delivering  messages to a wireless communication device using a combination of text

and voice.

Application/Control Number: 14/457,593                                          Page 7
Art Unit: 2497

**As per claim 5,** Levac and Shapiro do not disclose; however, Seshadri discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an email, a voice call and a voice message *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit of delivering  messages to a wireless communication device using a combination of text and voice.

**As per claim 22,** Levac and Shapiro do not disclose; however, Seshadri discloses the system of claim 1, wherein the data connection is a wireless data connection *(Seshadri, Col 3, lines 1-15).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit of delivering  messages to a wireless communication device using a combination of text and voice.

**As per claim 24,** Levac and Shapiro do not disclose; however, Seshadri discloses the system of claim 13, wherein the data connection is a wireless data connection *(Seshadri, Col 3, lines 1-15).*

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri, with the system and method of Levac and Shapiro, given the benefit of delivering  messages to a wireless communication device using a combination of text and voice.

Application/Control Number: 14/457,593                                      Page 8
Art Unit: 2497

10.      **Claims 8-10, 16-17, 21 and 23 are rejected under pre-AIA 35 U.S.C. 103(a)** as being

unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933,

published in US 2010/0299761) in view of Hodge (US 20040029564).

      **As per claims 8 and 16,** Levac and Shapiro do not disclose; however, Hodge

discloses the system of claim 1, wherein the terminal is further configured to authenticate

the local user (*Hodge, 0140 and 0222).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of

to allow an institution to control, record, monitor, and report usage and access to a

telephone network.

      **As per claims 9 and 17,** Levac and Shapiro do not disclose; however, Hodge

discloses the system of claim 8, wherein the terminal is further configured to authenticate

the local user using at least one of biometric information and a radio frequency

identification (*Hodge, 0140 and 0222).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of

providing a secure telephone call system for identifying and authenticating an institutional

calling party.

      **As per claim 10,** Levac and Shapiro do not disclose; however, Hodge discloses

the system of claim 8, wherein the terminal is further configured to authenticate the local

user using at least a login and password information (*Hodge, 0140 and 0222).*

Application/Control Number: 14/457,593                                    Page 9
Art Unit: 2497

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of providing a secure telephone call system for identifying and authenticating an institutional calling party.

**As per claim 21,** Levac and Shapiro do not disclose; however, Hodge discloses the system of claim 1, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of to allow an institution to control, record, monitor, and report usage and access to a telephone network

**As per claim 23,** Levac and Shapiro do not disclose; however, Hodge discloses the system of claim 13, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Levac and Shapiro, given the benefit of to allow an institution to control, record, monitor, and report usage and access to a telephone network

11.     **Claims 11-12, and 19 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933, published in US 2010/0299761) in view of Hodge (US 20040029564) and further in view of Mow (US 6668045).

Application/Control Number: 14/457,593                                          Page 10
Art Unit: 2497

      **As per claims 11 and 19,** Levac, Shapiro and Hodge do not disclose; however, Mow discloses the system of claim 8, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message (*Mow, Col 4, 1-7, Trained system personnel may search and retrieve messages using a plurality of search keys such as by PIN, date, and time. The system may prevent the playback of the messages from sources class-marked as "privileged," such as attorney client privilege messages. For these messages, once a message is delivered and reviewed, it may be automatically deleted.*)

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Mow, wherein the control platform allows an administrator to monitor messages, with the system and method of Levac, Shapiro and Hodge, given the benefit of controlling the communication to and from inmates within a correctional facility.

      **As per claim 12,** Levac, Shapiro and Hodge do not disclose; however, Mow discloses the system of claim 8, wherein the control platform allows an administrator to monitor messages (*Mow, Col 4, 1-7, Trained system personnel may search and retrieve messages using a plurality of search keys such as by PIN, date, and time. The system may prevent the playback of the messages from sources class-marked as "privileged," such as attorney client privilege messages. For these messages, once a message is delivered and reviewed, it may be automatically deleted.*).

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Mow, wherein the control platform allows an administrator to monitor

Application/Control Number: 14/457,593                                    Page 11
Art Unit: 2497

messages, with the system and method of Levac, Shapiro and Hodge, given the benefit of

controlling the communication to and from inmates within a correctional facility.

12.     **Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable

over Levac (US 5872926) in view of Shapiro (Provision application 60/538,933, published in US

2010/0299761) and further in view of Cree (US 6665380).

      **As per claim 18,** Levac and Shapiro do not explicitly disclose; however, Cree

discloses the system of claim 15, wherein the terminal is further configured to alert the

local user that an instant message has been received (*Cree, Col 11, 17-34, the system*

*informs the inmate when there are messages).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac and Shapiro, with the system and method of Cree, given the benefit of

notifying an inmate in a prison facility of messages.

      **As per claim 20,** Levac and Shapiro do not explicitly disclose; however, Cree

discloses the system of claim 15, wherein the control platform is further configured to

notify the local user when an instant message is received (*Cree, Col 11, 17-34, the system*

*informs the inmate when there are messages).*

      Therefore, it is obvious to one ordinary skilled in the art to incorporate the

teachings of Levac and Shapiro with the system and method of Cree, given the benefit of

notifying an inmate in a prison facility of messages.

### *Conclusion*

13.     Applicant's amendment necessitated the new ground(s) of rejection presented in this
Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).
Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

      A shortened statutory period for reply to this final action is set to expire THREE
MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

Application/Control Number: 14/457,593                                                    Page 12
Art Unit: 2497

MONTHS of the mailing date of this final action and the advisory action is not mailed until after
the end of the THREE-MONTH shortened statutory period, then the shortened statutory period
will expire on the date the advisory action is mailed, and any extension fee pursuant to 37
CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,
however, will the statutory period for reply expire later than SIX MONTHS from the date of this
final action.

        Any inquiry concerning this communication or earlier communications from the
examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357.
The examiner can normally be reached on 9am -5pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Hadi Armouche can be reached on 571-270-3618.  The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANGELA HOLMES/
Examiner, Art Unit 2497

/HADI ARMOUCHE/
Supervisory Patent Examiner, Art Unit 2497

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | | Application Number | 14/457,593 |
| | | | | | Filing Date | August 12, 2014 |
| | | | | | First Named Inventor | Stephen HODGE |
| | | | | | Art Unit | 2497 |
| | | | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 1 | of | 3 | | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number / Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0111887 A1 | 08-15-2002 | McFarlane et al. | |
| | US2 | 2002/0159600 A1 | 10-31-2002 | Weiner | |
| | US3 | 2003/0002639 A1 | 01-02-2003 | Huie | |
| | US4 | 2003/0086546 A1 | 05-08-2003 | Falcone et al. | |
| | US5 | 2006/0149644 A1 | 07-06-2006 | Sulmar et al. | |
| | US6 | 2014/0020063 A1 | 01-16-2014 | Hodge et al. | |
| | US7 | 2015/0046978 A1 | 02-12-2015 | Hodge et al. | |
| | US8 | 2015/0047004 A1 | 02-12-2015 | Hodge et al. | |
| | US9 | 4,054,756 | 10-18-1977 | Comella et al. | |
| | US10 | 4,191,860 | 03-04-1980 | Weber | |
| | US11 | 4,935,956 | 06-19-1990 | Hellwarth et al. | |
| | US12 | 5,319,702 | 06-07-1994 | Kitchin et al. | |
| | US13 | 5,351,287 | 09-27-1994 | Bhattacharyya et al. | |
| | US14 | 5,539,812 | 07-23-1996 | Kitchin et al. | |
| | US15 | 5,655,013 | 08-05-1997 | Gainsboro | |
| | US16 | 5,745,558 | 04-28-1998 | Richardson, Jr. et al. | |
| | US17 | 5,768,355 | 06-16-1998 | Salibrici et al. | |
| | US18 | 5,956,717 | 09-21-1999 | Kraay et al. | |
| | US19 | 6,052,454 | 04-18-2000 | Kek et al. | |
| | US20 | 6,064,963 | 05-16-2000 | Gainsboro | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document / Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | GB 2400284 A | 10-06-2004 | ZIX CORP | | |
| | FP2 | EP 0989720 A1 | 03-29-2000 | FRANCE TELECOM | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 2 of 3 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,173,284 B1 | 01-09-2001 | Brown | |
| | US22 | 6,233,313 B1 | 05-15-2001 | Farris et al. | |
| | US23 | 6,363,414 B1 | 03-26-2002 | Nicholls et al. | |
| | US24 | 6,560,323 B2 | 05-06-2003 | Gainsboro | |
| | US25 | 6,639,977 B1 | 10-28-2003 | Swope et al. | |
| | US26 | 6,714,982 B1 | 03-30-2004 | McDonough et al. | |
| | US27 | 7,013,002 B2 | 03-14-2006 | Link et al. | |
| | US28 | 7,039,071 B2 | 05-02-2006 | Pekonen | |
| | US29 | 7,058,163 B1 | 06-06-2006 | Parekh et al. | |
| | US30 | 7,079,636 B1 | 07-18-2006 | McNitt et al. | |
| | US31 | 7,085,359 B2 | 08-01-2006 | Crites et al. | |
| | US32 | 7,095,829 B2 | 08-22-2006 | Claudatos et al. | |
| | US33 | 7,106,843 B1 | 09-12-2006 | Gainsboro et al. | |
| | US34 | 7,197,560 B2 | 03-27-2007 | Caslin et al. | |
| | US35 | 7,333,798 B2 | 02-19-2008 | Hodge | |
| | US36 | 7,359,494 B2 | 04-15-2008 | Leonard | |
| | US37 | 7,496,345 B1 | 02-24-2009 | Rae et al. | |
| | US38 | 7,505,406 B1 | 03-17-2009 | Spadaro et al. | |
| | US39 | 7,551,732 B2 | 06-23-2009 | Anders | |
| | US40 | 7,583,974 B2 | 09-01-2009 | Benco et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 of 3 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US41 | 7,681,032 B2 | 03-16-2010 | Peled et al. | |
| | US42 | 7,783,021 B2 | 08-24-2010 | Hodge | |
| | US43 | 7,881,446 B1 | 02-01-2011 | Apple et al. | |
| | US44 | 7,899,167 B1 | 03-01-2011 | Rae | |
| | US45 | 8,238,534 B2 | 08-07-2012 | Link et al. | |
| | US46 | 8,577,003 B2 | 11-05-2013 | Rae | |
| | US47 | 8,626,118 B2 | 01-07-2014 | Smith et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2027961_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 1 | of | 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Photocopy of "Bellcore Notes on the Networks (Formerly BOC Notes on the LEC Networks)," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL2 | Digital Copy of "Bellcore Notes on the Networks," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL3 | "Cisco IAD2400 Series Business-Class Integrated Access Device", Cisco Systems Datasheet, 2003. | |
| | NPL4 | "SIP and IPLinkTM in the Next Generation Network: An Overview," Intel, 2001. | |
| | NPL5 | "Voice Over Packet in Next Generation Networks: An Architectural Framework," Bellcore, Special Report SR-4717, Issue 1, January 1999. | |
| | NPL6 | "Criminal Calls: A Review of the Bureau of Prisons' Management of Inmate Telephone Privileges," U.S. Department of Justice, Office of the Inspector General, August 1999. | |
| | NPL7 | "Why Can't You Make a Collect Call to a Cell Phone," National Public Radio, June 30, 2008, Accessed via http://www.npr.org/templates/story/story.php?storyId=92021561 on April 6, 2015. | |
| | NPL8 | Assignment of U.S. Patent No. 8,190,121 and U.S. Application No. 13/449,308. | |
| | NPL9 | Avtalion, J., "Keeping tabs on call centres," Telecommunications, Vol. 31, No. 7, July 1997, pp. 70-72. | |
| | NPL10 | Brown, et al., "SMS: The Short Message Service," Computer, vol. 40, no. 12, 2007. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 2 of 7 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | | T[2] |
| | NPL11 | BubbleLINK® Software Architecture (Science Dynamics 2003) | | |
| | NPL12 | Bur Goode, Voice Over Internet Protocol (VoIP), Proceedings of the IEEE, Vol. 90, No. 9, 1495–1517 (Sept. 2002). | | |
| | NPL13 | Clifford J. Weinstein, MIT, The Experimental Integrated Switched Network – A System-Level Network Test Facility (IEEE 1983). | | |
| | NPL14 | Commander Call Control System, Rev. 1.04 (Science Dynamics 2002) | | |
| | NPL15 | Creps, et al., "Is somebody watching? Employee communications and privacy," Risk Management Vol. 44, No. 4, April 1997, pp. 22-28. | | |
| | NPL16 | Definitions of "Local Area Network (LAN)" and "Wide Area Network (WAN)," Microsoft Computer Dictionary (Microsoft Press 2002), pp. 304 and 561. | | |
| | NPL17 | English-language Abstract for European Patent Publication No. 0989720 A1; 2 pages. | | |
| | NPL18 | File History of U.S. Patent No. 7,899,167, Appl. No. 10/642,532, filed August 15, 2003. | | |
| | NPL19 | File History of U.S. Patent No. 8,190,121, Appl. No. 12/103,138, filed April 15, 2008. | | |
| | NPL20 | File History of U.S. Patent No. 8,577,003, Appl. No. 13/009,483, filed January 19, 2011. | | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 | of | 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL21 | File History of U.S. Patent No. 8,626,118, Appl. No. 13/449,308, filed April 17, 2012. | |
| | NPL22 | File Wrapper of Reexamination Application No. 90/012,802 of U.S. Patent No. 8,190,121, filed March 1, 2013. | |
| | NPL23 | Garner, et al., "Mobile Terminated SMS Billing – Exploits and Security Analysis," IEEE International Conference on Information Technology: New Generations, 2006. | |
| | NPL24 | Henry, M., "Unethical staff behavior," Corrections Today, Vol. 60, No. 3, June 1, 1998. | |
| | NPL25 | Jeff Hewett and Lee Dryburgh, Signaling System No. 7 (SS7/C7): Protocol, Architecture, and Services (Networking Technology) at 85 (Cisco Press, June 2005). | |
| | NPL26 | Joint Claim Construction and Prehearing Statement, Exhibit B: Securus' Intrinsic and Extrinsic Evidence Charts, Global Tel*Link Corporation v. Securus Technologies, Inc., No. 3:14-cv-00829-K (N.D. Tex.), September 26, 2014. | |
| | NPL27 | Maghan, J., "Intelligence Gathering Approaches in Prisons," Low Intensity Conflict & Law Enforcement, Vol. 3. No. 3, 1994, pp. 548-557. | |
| | NPL28 | Final Office Action directed to U.S. Appl. No. 10/966,795, mailed May 28, 2008; 15 pages. | |
| | NPL29 | Final Office Action directed to U.S. Appl. No. 13/941,382, mailed December 11, 2014; 13 pages. | |
| | NPL30 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed July 13, 2007; 10 pages. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, ANGELA R. |
| Sheet 4 of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[i] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL31 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed June 16, 2009; 8 pages. | |
| | NPL32 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed March 20, 2009; 14 pages. | |
| | NPL33 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed November 14, 2008; 18 pages. | |
| | NPL34 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed September 28, 2009; 8 pages. | |
| | NPL35 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed December 11, 2012; 4 pages. | |
| | NPL36 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed January 26, 2012; 4 pages. | |
| | NPL37 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed September 5, 2012; 5 pages. | |
| | NPL38 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed June 5, 2015; 11 pages. | |
| | NPL39 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed September 5, 2014; 14 pages. | |
| | NPL40 | Non-Final Office Action directed to U.S. Appl. No. 14/457,604, mailed July 1, 2015; 7 pages. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[i] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 5 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL41 | Non-Final Office Action directed to U.S. Appl. No. 14/457,616, mailed June 29, 2015; 8 pages. | |
| | NPL42 | Notice of Allowance directed to U.S. Appl. No. 10/996,795, mailed February 4, 2010; 6 pages. | |
| | NPL43 | Notice of Allowance directed to U.S. Appl. No. 12/802,641, mailed March 18, 2013; 6 pages. | |
| | NPL44 | Osifchin, N., "A Telecommunications Buildings/Power Infrastructure in a New Era of Public Networking," IEEE 2000 | |
| | NPL45 | PacketCableTM 1.0 Architecture Framework Technical Report, PKT-TR-ARCH-V0 1-001201 (Cable Television Laboratories, Inc. 1999). | |
| | NPL46 | Pages from http://www.corp.att.com/history, archived by web.archive.org on November 4, 2013. | |
| | NPL47 | Procops, T., "Advanced call logging for public safety organizations," Public Management, Vol. 82, Vol. 3, March 2000, pp. 17-19. | |
| | NPL48 | Prosecution History of U.S. Patent Application No. 11/045,589, filed January 28, 2005. | |
| | NPL49 | Rey, R.F., ed., "Engineering and Operations in the Bell System," 2nd Edition, AT&T Bell Laboratories: Murray Hill, NJ, 1983. | |
| | NPL50 | Schwartz, et al., "How to Build an SMS Service," O'Reilly Short Cuts, 2007. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 6 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL51 | Science Dynamics, Inmate Telephone Control Systems, http://scidyn.com/fraudprev_main.htm (archived by web.archive.org on Jan. 12, 2001) | |
| | NPL52 | Science Dynamics, SciDyn BubbleLINK, http://www.scidyn.com/products/bubble.html (archived by web.archive.org on June 18, 2006). | |
| | NPL53 | Science Dynamics, SciDyn Call Control Solutions: Commander II, http://www.scidyn.com/products/commander2.html (archived by web.archive.org on June 18, 2006). | |
| | NPL54 | Science Dynamics, SciDyn IP Gateways, http://scidyn.com/products/ipgateways.html (archived by web.archive.org on August 15, 2001) | |
| | NPL55 | Science Dynamics, Science Dynamics – IP Telephony, http://www.scidyn.com/iptelephony_maim.htm (archived by web.archive.org on Oct. 12, 2000). | |
| | NPL56 | Shearer, G., "How logging and monitoring technologies improve quality in a call center," Telemarketing & Call Center Solutions, Vol. 16, No. 7, January 1998, pp. 92-101. | |
| | NPL57 | Smith, M., "Corrections Turns Over a New LEAF: Correctional Agencies Receive Assistance From the Law Enforcement Analysis Facility," Corrections Today, October 1, 2001. | |
| | NPL58 | Sundstrom, K., "Voice over IP: An Engineering Analysis," Master's Thesis, Department of Electrical and Computer Engineering, University of Manitoba, September, 1999. | |
| | NPL59 | U.S. Prov. Appl. No. 60/036,689, filed Jan. 31, 1997, titled DATABASE ORIGAMI | |
| | NPL60 | U.S. Prov. Appl. No. 60/246,070, "Employee Online Activity Monitoring System," to Mcfarlane, et al., filed November 7, 2000. | |

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 7 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL61 | U.S. Prov. Appl. No. 60/500,725, "SMS Message Processing," to Claudatos, filed September 4, 2003. | |
| | NPL62 | U.S. Prov. Appl. No. 60/607,447, "IP-based telephony system and method," to Apple, et al., filed September 3, 2004. | |
| | NPL63 | U.S. Prov. Appl. No. 60/935,634, "Method of Enabling an SMS Text Message to Facilitate Payment on a Cellular Bill for a Billable Call Received on a Cell Phone," to Martin, et al., filed August 23, 2007. | |
| | NPL64 | Valcourt, et al., "Investigating mobile payment: Supporting technologies, methods, and use," IEEE International Conference on Wireless and Mobile Computing, Networking, and Communications, 2005. | |
| | NPL65 | Wenndt, et al., "Content recognition for telephone monitoring," Proceedings of the SPIE - The International Society for Optical Engineering, Vol. 4232, 2001, pp. 274-80. | |
| | | | |
| | | | |
| | | | |
| | | | |

2027963_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | *Complete if Known* | |
|---|---|---|
| **SECOND SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 14/457,593 |
| | Filing Date | August 12, 2014 |
| | First Named Inventor | Stephen HODGE |
| | Art Unit | 2497 |
| | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2013/0179949 A1 | 07-11-2013 | Shapiro | |
| | US2 | 7,046,779 B2 | 05-16-2006 | Hesse | |
| | US3 | 7,256,816 B2 | 08-14-2007 | Profanchik et al. | |
| | US4 | 7,742,582 B2 | 06-22-2010 | Harper | |
| | US5 | 8,204,177 B2 | 06-19-2012 | Harper | |
| | US6 | 8,458,732 B2 | 06-04-2013 | Hanna et al. | |
| | US7 | 8,509,390 B2 | 08-13-2013 | Harper | |
| | US8 | 9,043,813 B2 | 05-26-2015 | Hanna et al. | |
| | US9 | 9,077,680 B2 | 07-07-2015 | Harper | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2036952_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/08/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**  ☐ CPA  ☒ T.D.  ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | 12/08/2015 | | | | | | | |
| | 1 | ✓ | ✓ | | | | | | | |
| | 2 | ✓ | ✓ | | | | | | | |
| | 3 | ✓ | ✓ | | | | | | | |
| | 4 | ✓ | ✓ | | | | | | | |
| | 5 | ✓ | ✓ | | | | | | | |
| | 6 | ✓ | ✓ | | | | | | | |
| | 7 | ✓ | ✓ | | | | | | | |
| | 8 | ✓ | ✓ | | | | | | | |
| | 9 | ✓ | ✓ | | | | | | | |
| | 10 | ✓ | ✓ | | | | | | | |
| | 11 | ✓ | ✓ | | | | | | | |
| | 12 | ✓ | ✓ | | | | | | | |
| | 13 | ✓ | ✓ | | | | | | | |
| | 14 | ✓ | ✓ | | | | | | | |
| | 15 | ✓ | ✓ | | | | | | | |
| | 16 | ✓ | ✓ | | | | | | | |
| | 17 | ✓ | ✓ | | | | | | | |
| | 18 | ✓ | ✓ | | | | | | | |
| | 19 | ✓ | ✓ | | | | | | | |
| | 20 | ✓ | ✓ | | | | | | | |
| | 21 | ✓ | ✓ | | | | | | | |
| | 22 | ✓ | ✓ | | | | | | | |
| | 23 | ✓ | ✓ | | | | | | | |
| | 24 | ✓ | ✓ | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 12/9/2015 | ah |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |
| 726 | 3 | 12/9/2015 | ah |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | ah |
| EAST class limited w/text search (see search history) | 12/9/2015 | ah |
| EAST text search (see search history) | 12/9/2015 | ah |
| EAST inventor and assignee search (see search history) | 12/9/2015 | ah |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| /ANGELA HOLMES/<br>Examiner.Art Unit 2497 | |

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 7,003,308 B1 | 02-21-2006 | Fuoss et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | | | | | | |

2741548_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/09/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

Equivalent of Form PTO/SB/08b {7-09}

| Substitute for form 1449/PTO | | | | | |
|---|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | **Complete if Known** | | |
| | | | Application Number | 14/457,593 | |
| | | | Filing Date | August 12, 2014 | |
| | | | First Named Inventor | Stephen HODGE | |
| | | | Art Unit | 2497 | |
| | | | Examiner Name | HOLMES, Angela R. | |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | | T[2] |
| | NPL1 | Final Office Action directed to U.S. Patent Appl. No. 14/457,616, mailed October 1, 2015; 8 pages. | | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed September 30, 2015; 9 pages. | | |
| | NPL3 | Excerpts from the Prosecution History of U.S. Patent Application No. 10/135,878, filed April 29, 2002. | | |
| | NPL4 | Definition of "telephony", McGraw-Hill Dictionary of Scientific and Technical Terms, 6th Edition (McGraw-Hill, 2003). | | |
| | NPL5 | Response to Office Action, filed January 6, 2009, in Prosecution History of U.S. Patent Application No. 10/642,532, filed August 15, 2003. | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2741551_1.DOCX

| Examiner Signature | /ANGELA R HOLMES/ | Date Considered | 12/09/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R.H/

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S98 | 0 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate and correctional near facilit$3 and prison | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S97 | 4 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate and correctional near facilit$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S96 | 4 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate and correctional | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S95 | 4 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S94 | 80 | S86 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:48 |
| S93 | 6 | S85 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S92 | 0 | S84 and generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S91 | 5 | S83 and generat$3 near message and | US-PGPUB; | OR | OFF | 2015/12/08 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | wireless and conver$4 near voice and secur$3 and transmi$5 | USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | | | 13:47 |
| S90 | 531 | generat$3 near message and wireless and conver$4 near voice and secur$3 and transmi$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S89 | 553 | generat$3 near message and wireless and conver$4 near voice and secur$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 13:47 |
| S88 | 936 | generat$3 near message and wireless and conver$4 near voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 13:46 |
| S87 | 14191 | generat$3 near message and wireless and conver$4 and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 13:46 |
| S86 | 77256 | (h04l51/066 h04l12/585 h04l51/04 h04l51/12 h04l51/36 h04l63/08 h04l63/30).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 13:45 |
| S85 | 9236 | 726/3.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 13:44 |
| S84 | 3 | (global near tel near link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 13:44 |
| S83 | 220 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | OR | OFF | 2015/12/08 13:44 |

| | | | IBM_TDB | | | |
|---|---|---|---|---|---|---|
| S82 | 20 | S70 and generat$3 near message and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 11:42 |
| S81 | 8 | "10996795" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 11:39 |
| S80 | 26 | S70 and generat$3 near message | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 11:35 |
| S79 | 1 | ("5872926").PN. | USPAT; USOCR | OR | OFF | 2015/12/08 10:36 |
| S78 | 11 | S70 and (wireless mobile) and generat$3 near message and voice and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:12 |
| S77 | 0 | S70 and (wireless mobile) near generat$3 near message and voice and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:12 |
| S76 | 0 | S70 and (wireless mobile) near generat$3 near message and voice and conver$4 and (wireless mobile) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:12 |
| S75 | 11 | S70 and generat$3 near message and voice and conver$4 and wireless | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:09 |
| S74 | 18 | S70 and generat$3 near message and voice and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/12/08 10:09 |
| S73 | 20 | S70 and generat$3 near message and | US-PGPUB; | OR | OFF | 2015/12/0 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | voice | USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | | | 10:05 |
| S72 | 26 | S70 and generat$3 near message | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 10:05 |
| S71 | 83 | S70 and generat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 10:04 |
| S70 | 254 | ("5648916" \| "5805810" \| "20020159600" \| "20060149644" \| "20100299761" \| "20150043721" \| "4191860" \| "6363414" \| "7359494" \| "7496345" \| "7783021" \| "7742582" \| "8204177" \| "6249808" \| "4766604" \| "5826034" \| "6173259" \| "6285777" \| "20040029564" \| "5745558" \| "5956717" \| "6173284" \| "7039071" \| "7095829" \| "7551732" \| "7681032" \| "7899167" \| "20130179949" \| "4652700" \| "6061718" \| "6591367" \| "20030002639" \| "5319702" \| "5539812" \| "5768355" \| "6560323" \| "7085359" \| "7197560" \| "8238534" \| "7256816" \| "6192114" \| "6400272" \| "20020111887" \| "20150046978" \| "6639977" \| "8626118" \| "6665380" \| "6668045" \| "5068888" \| "5958005" \| "5655013" \| "7333798" \| "7505406" \| "8577003" \| "9043813" \| "9077680" \| "5740231" \| "5872926" \| "5982506" \| "5351287" \| "6052454" \| "7079636" \| "7106843" \| "8458732" \| "5553145" \| "20030086546" \| "20150047004" \| "4054756" \| "6233313" \| "7058163" \| "7046779" \| "8509390" \| "5894558" \| "6233318" \| "6606648" \| "7583974" \| "4935956" \| "6064963" \| "6714982" \| "7013002" \| "7881446").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT IBM_TDB | OR | OFF | 2015/12/08 10:03 |

**EAST Search History (Interference)**

<This search history is empty>

**12/9/2015 10:13:01 AM**
**C:\ Users\ aholmes\ Documents\ EAST\ Workspaces\ 120815.wsp**

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 7,003,308 B1 | 02-21-2006 | Fuoss et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2741548_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Final Office Action directed to U.S. Patent Appl. No. 14/457,616, mailed October 1, 2015; 8 pages. | |
| | NPL2 | Final Office Action directed to U.S. Patent Appl. No. 14/457,604, mailed September 30, 2015; 9 pages. | |
| | NPL3 | Excerpts from the Prosecution History of U.S. Patent Application No. 10/135,878, filed April 29, 2002. | |
| | NPL4 | Definition of "telephony", McGraw-Hill Dictionary of Scientific and Technical Terms, 6th Edition (McGraw-Hill, 2003). | |
| | NPL5 | Response to Office Action, filed January 6, 2009, in Prosecution History of U.S. Patent Application No. 10/642,532, filed August 15, 2003. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2741551_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 24299981 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 08-DEC-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 18:04:04 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 16997 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_3SIDS.pdf | 816587<br>0e1cc3d55a40846deb4d30e9997e7e356c50186b | yes | 6 |

| | | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|---|
| | | Document Description | Start | End | |
| | | Miscellaneous Incoming Letter | 1 | 1 | |
| | | Transmittal Letter | 2 | 4 | |
| | | Information Disclosure Statement (IDS) Form (SB08) | 5 | 6 | |

**Warnings:**

**Information:**

| 2 | Non Patent Literature | NPL1_FOA_14457616_10012015.pdf | 304024<br>617026f5fd561eae9d24c35870d28d57a7426047 | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL2_FOA_14457604_09302015.pdf | 315441<br>63b2e61d9196d8e609ad6ea4492f10460400585d | no | 9 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL3_Pros_Hist_10135878_04292002.pdf | 13282477<br>b5067da62fc9990bd1680c0322ab2f0dcb341c30 | no | 81 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL4_Telephony_2003.pdf | 1302669<br>b62fce5b6645324ea7c7d1527463f471447d14aa | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL5_OA_Response_01062009.pdf | 931826<br>a1df561d1aa3da6bf995c1cc84c299489f166ccb | no | 13 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Fee Worksheet (SB06) | fee-info.pdf | 30446 | no | 2 |
|---|---|---|---|---|---|
| | | | 921f135ec62f20e92f004ceec21e0c8724307 f65 | | |

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | 16983470 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

December 8, 2015

Commissioner for Patents                                    *Confirmation No. 6317*
PO Box 1450                                                        *Art Unit 2497*
Alexandria, VA  22313-1450                            *Attn: Mail Stop Amendment*

        Re:    U.S. Utility Patent Application
               Application No. 14/457,593; Filing Date:  August 12, 2014
               For:   **Electronic Messaging Exchange**
               Inventors: HODGE *et al.*
               Our Ref:  3210.0150005

Commissioner:

        Transmitted herewith for appropriate action are the following documents:

    1.  Online Credit Card Payment Authorization in the amount of $180.00 in payment of
        the fee under 37 C.F.R. § 1.17(p);

    2.  Third Supplemental Information Disclosure Statement;

    3.  Form PTO/SB/08a (1 sheet) listing 1 document (**US1**);

    4.  Form PTO/SB/08b (1 sheet) listing 5 documents (**NPL1-NPL5**); and

    5.  Copies of cited documents (**NPL1-NPL5**).

    ***The above-listed documents are filed electronically through EFS-Web.***

        In the event that extensions of time are necessary to prevent abandonment of this patent
application, then such extensions of time are hereby petitioned.

        Fee payment is provided through online credit card payment.  The U.S. Patent and
Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment,
to our Deposit Account No. 19-0036.

                        Respectfully submitted,

                        STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                        Lauren C. Schleh
                        Attorney for Applicant
                        Registration No. 65,457

LCS/TWM/wcf
Enclosures                                              2741563_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Inventors: HODGE *et al.* | Confirmation No.: 6317 |
| Applicant: Global Tel*Link Corp. | Art Unit: 2497 |
| Application No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filing Date: August 12, 2014 | Atty. Docket: 3210.0150005 |
| Title: **Electronic Messaging Exchange** | |

## Third Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application.

- 2 -                                                        HODGE *et al.*
                                                        Application No. 14/457,593

The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

Copies of documents **NPL1-NPL5** are submitted. However, in accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copy of U.S. patent and patent application publication cited as document US1 on the attached IDS Form is submitted.

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicant submits herewith Office Actions from the co-pending U.S. Patent Application Nos. 14/457,616, filed August 12, 2014 (now pending); and 14/457,604, filed August 12, 2014 (now pending), as documents **NPL1-NPL2**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Judgment entered 11/2/2015 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the

Atty. Dkt. No. 3210.0150005

- 3 -                                                HODGE *et al.*
                                          Application No. 14/457,593

Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 12 8 15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2741559_1.DOCX

Atty. Dkt. No. 3210.0150005

| *Application Number* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 14/457,593 | HODGE ET AL. |
| | | |

| Document Code - DISQ | Internal Document – DO NOT MAIL |
|---|---|

| TERMINAL DISCLAIMER | ☒ APPROVED | ☐ DISAPPROVED |
|---|---|---|
| Date Filed : 9/3/15 | **This patent is subject to a Terminal Disclaimer** | |

**Approved/Disapproved by:**

Lawana Hixon

U.S. Patent and Trademark Office

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Amendment and Reply Under 37 C.F.R. § 1.111

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In reply to the Office Action dated June 10, 2015, Applicant submits the following Amendment and Remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a<u>n instant</u> message and transmit the <u>instant </u>message via a data connection; and

a control platform configured to<u>:</u>

<u>     receive the instant </u>message from the terminal<u>,</u>

<u>     perform an automated security scan of the received message,</u> and

<u>     based on the security scan,</u> transmit the <u>instant </u>message to a user device associated with a remote user or <u>transmit a notification to an administrator and store the message in a database,</u>

the control platform including:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

wherein the user device is located outside the facility.

Atty. Dkt. No. 3210.0150005

- 3 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

2.      (Currently Amended) The system of claim 1, wherein the terminal is further configured to allow the local user to generate the _instant_ message using one of a plurality of input methods.

3.      (Previously Presented) The system of claim 2, wherein the plurality of input methods include at least one of a text input and a voice input.

4.      (Currently Amended) The system of claim 1, wherein the terminal is further configured to ~~allow the local user to select~~ _convert the instant message into_ one of a plurality of formats for the message.

5.      (Currently Amended) The system of claim 4, wherein the plurality of formats includes at least one of a text message, ~~an instant message,~~ an email, a voice call and a voice message.

6.      (Currently Amended) The system of claim 1, wherein the control platform is further configured to convert the _instant_ message from a text format into a voice format.

7.      (Currently Amended) The system of claim 1, wherein the control platform is further configured to convert the _instant_ message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the terminal is further configured to authenticate the local user.

- 4 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

9.      (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

10.      (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.      (Currently Amended) The system of claim 8, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

12.      (Previously Presented) The system of claim 8, wherein the control platform allows an administrator to monitor messages.

13.      (Currently Amended) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

a control platform configured to receive an instant message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

a terminal configured to:

Atty. Dkt. No. 3210.0150005

- 5 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

receive the instant message via a data connection,

perform an automated security scan of the received message, and

based on the security scan, provide the instant message to an inmate of the  facility or provide a notification to an administrator and store the message in a database,

wherein the control platform includes:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Currently Amended) The system of claim 13, wherein the  control  platform  is  further configured to convert the instant message from a non-voice format into a voice format.

15.     (Currently Amended) The system of claim 13, wherein the  control  platform  is  further configured to convert the instant message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the terminal is further configured to authenticate the local user.

Atty. Dkt. No. 3210.0150005

- 6 -

17.    (Previously Presented) The system of claim 16, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    (Currently Amended) The system of claim 15, wherein the terminal is further configured to alert the local user that an instant message has been received.

19.    (Currently Amended) The system of claim 15, wherein the control platform is further configured to determine whether the instant message is protected and, if protected, restrict access to the instant message.

20.    (Currently Amended) The system of claim 15, wherein the control platform is further configured to notify the local user when an instant message is received.

21.    (Previously Presented) The system of claim 1, wherein the data connection is a wired data connection.

22.    (Previously Presented) The system of claim 1, wherein the data connection is a wireless data connection.

Atty. Dkt. No. 3210.0150005

- 7 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

23.     (Previously Presented) The system of claim 13, wherein the data connection is a wired data connection.

24.     (Previously Presented) The system of claim 13, wherein the data connection is a wireless data connection.

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

## Remarks

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 1-24 are pending in the application, with claims 1 and 13 being the independent claims. Claims 1, 2, 4-7, 11, 13-15, and 18-20 are sought to be amended. Support for the amendments can be found at least in paragraphs [0029], [0058], [0061], and [0076]. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicant respectfully requests that the Examiner reconsider all outstanding objections and rejections and that they be withdrawn.

### Statement of Substance of Interview

Pursuant to 37 C.F.R. § 1.133, Applicant provides the following statement of Substance of the Interview in view of the telephonic interview held August 20, 2015. Applicant expresses appreciation to Examiner Holmes for the courtesy of an interview with Trent Merrell, Reg. No. 73,771, Applicant's counsel.

During the interview, the differences between the references of record and the claims were discussed to further clarify the distinguishing features recited in the claims over the applied references. Proposed amendments were discussed and no agreements were reached. The substance of arguments presented in the interview are further reflected in the present remarks.

Atty. Dkt. No. 3210.0150005

Reply to Office Action of June 10, 2015

## Double Patenting

Claims 1-24 are rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claims 1-4, 6-8, 10-15, 18-28 respectively, of U.S. Application 13/941,382. The rejection contends that although the conflicting claims are not identical, they are allegedly not patentably distinct from each other. A terminal disclaimer shall be filed herewith.

## Rejections under 35 U.S.C. § 103

### 1. Seshadri in view of Hodge

Claims 1-10, 13-17, and 21-24 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent No. 6,249,808 to Seshadri, in view of U.S. Publication No. 2004/0029564 to Hodge. Applicant respectfully traverses.

Seshadri fails to teach or suggest "a terminal configured to allow a local user to generate an instant message and transmit the instant message via a data connection[,]" and "a control platform configured to: receive the instant message from the terminal and transmit the instant message to a user device associated with a remote user, receive the instant message from the terminal, perform an automated security scan of the received message, and based on the security scan, transmit the instant message to a user device associated with a remote user or transmit a notification to an administrator and store the message in a database." as claimed in claim 1. More specifically, although Seshadri describes sending an email message, Seshadri's email service is not an instant message and does not provide a security scan of the message, as provided in claim 1.

Seshadri relates to the "wireless delivery of [a] message using [a] combination of text and voice." (Seshadri, Title.) The system of Seshadri is meant "for delivering email messages to users of wireless devices." (Seshadri, 1:65-66.) Seshadri describes "a portion of an email message is

- 10 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

converted to a voice message, while another portion of the email message remains as a text message." (Seshadri, 1:67-2:2.) A network message server receives a text message addressed to a wireless communication device, and transmits a first portion of the message to the wireless communication device as a text message. (Seshadri, 2:5-9.) A second portion of the message is converted from text to speech and transmitted to the wireless communication device as a voice message. (Seshadri, 2:9-12.)

Seshadri, at most, describes a "technique for delivering email messages to users of wireless devices," but is silent with respect to the above-noted features. Further, Hodge fails to cure the deficiencies of Seshadri with respect to the independent claims, as amended. Thus claim 1 is patentable over Seshadri and Hodge for at least the reasons noted above.

For at least similar reasons, the combination of Seshadri and Hodge also fails to disclose or render obvious at least "[a] secure electronic message exchange system usable inside a secured inmate facility, the system comprising: a control platform configured to receive an instant message from a remote device associated with a remote user, wherein the remote device is located outside the facility" and "a terminal configured to: receive the instant message via a data connection, perform an automated security scan of the received message, and based on the security scan, provide the instant message to an inmate of the facility or provide a notification to an administrator and store the message in a database," as recited in claim 13.

Therefore, independent claims 1 and 13 are patentable over the applied references. Dependent claims 2-10, 14-17 and 21-24 are likewise patentable over the combination of Seshadri and Hodge at least for their dependencies from the independent claims, as well as for the additional

- 11 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

features they recite. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 2. *Seshadri in view of Hodge and further in view of Mow*

Claims 11-12 and 19 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over Seshadri, in view of Hodge and further in view of U.S. Patent No. 6,668,045 to Mow. Applicant respectfully traverses.

As discussed above, the independent claims are patentable over the combination of Seshadri and Hodge. Mow fails to cure the deficiencies of Seshadri and Hodge with respect to the independent claims. Thus dependent claims 11, 12 and 19 are likewise patentable over Seshadri, Hodge, and Mow for the same reasons as the independent claims from which they respectively depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

### 3. *Seshadri in view of Hodge and further in view of Cree*

Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over Seshadri, in view of Hodge and further in view of U.S. Patent No. 6,665,380 to Cree. Applicant respectfully traverses.

As discussed above, the independent claims are patentable over the combination of Seshadri and Hodge. Cree fails to cure the deficiencies of Seshadri and Hodge with respect to the independent claims. Thus dependent claims 18 and 20 are likewise patentable over Seshadri, Hodge, and Cree for the same reasons as the independent claims from which they respectively

Atty. Dkt. No. 3210.0150005

- 12 -

Reply to Office Action of June 10, 2015

Global Tel*Link Corp.
Appl. No. 14/457,593

depend and further in view of their own respective features. Accordingly, Applicant respectfully requests that the rejection be reconsidered and withdrawn.

## *Conclusion*

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicant therefore respectfully requests that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicant believes that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 9 3 15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2031425_1

Atty. Dkt. No. 3210.0150005

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/Maya Bennett |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for**   Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Statutory or Terminal Disclaimer | 1814 | 1 | 160 | 160 |
| **Total in USD ($)** | | | | **160** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 23397166 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/Maya Bennett |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 03-SEP-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:50:30 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $160 |
| RAM confirmation Number | 3906 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005amendmentandreply.pdf | 1222035 03d271549a39b0ce0da1e34227e458868bc6eb9e | yes | 14 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Transmittal Letter | 1 | 1 |
| Statutory disclaimers per MPEP 1490 | 2 | 2 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 3 | 3 |
| Claims | 4 | 9 |
| Applicant Arguments/Remarks Made in an Amendment | 10 | 14 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30259 58d2bae724c9e4dfd27809853d14481150c6ca89 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 1252294 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**Lauren C. Schleh**
Associate
(202) 772-8587
LSCHLEH@SKGF.COM



September 3, 2015

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

*Confirmation No. 6317*
*Art Unit 2497*
*Attn: Mail Stop Amendment*

Re:   U.S. Utility Patent Application
Appl. No. 14/457,593; Filing Date:  August 12, 2014
For:   **Electronic Messaging Exchange**
Inventors:   HODGE *et al.*
Our Ref:   3210.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1.    Online Credit Card Payment Authorization in the amount of **$160.00** to cover fee for Terminal Disclaimer;

2.    Terminal Disclaimer to Obviate a Provisional Double Patenting Rejection Over a Pending "Reference" Application (PTO/AIA/25); and

3.    Amendment and Reply Under 37 C.F.R. § 1.111.

*The above-listed documents are filed electronically through EFS-Web.*

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) or credit any overpayment to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/TWM/mlb
Enclosure

2048527_1.DOCX

PTO/AIA/25 (04-13)
Approved for use through 04/30/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL DOUBLE PATENTING REJECTION OVER A PENDING "REFERENCE" APPLICATION | Docket Number (Optional) 3210.0150005 |
|---|---|

In re Application of:   GLOBAL TEL*LINK CORP.

Application No.:   14/457,593

Filed:   August 12, 2014

For:   Electronic Messaging Exchange

The applicant,   GLOBAL TEL*LINK CORP.   , owner of   100%   percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of any patent granted on pending reference Application Number   13/941,382   , filed,   July 12, 2013   , as the term of any patent granted on said reference application may be shortened by any terminal disclaimer filed prior to the grant of any patent on the pending reference application. The applicant hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the reference application are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the applicant does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term of any patent granted on said reference application, "as the term of any patent granted on said reference application may be shortened by any terminal disclaimer filed prior to the grant of any patent on the pending reference application," in the event that: any such patent granted on the pending reference application expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321, has all claims canceled by a reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of its full statutory term as shortened by any terminal disclaimer filed prior to its grant.

Check either box 1 or 2 below, if appropriate.

1. ☐   The undersigned is the applicant.  If the applicant is an assignee, the undersigned is authorized to act on behalf of the assignee.

I hereby acknowledge that any willful false statements made are punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

2. ☒   The undersigned is an attorney or agent of record.   Reg. No. 54,463

| | |
|---|---|
| Signature | 9/3/15 Date |
| Michael D. Specht Typed or printed name | |
| Director Title | (202) 371-2600 Telephone Number |

☒ Terminal disclaimer fee under 37 CFR 1.20(d) is included.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

This collection of information is required by 37 CFR 1.321. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

2048579

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 14/457,593 | Filing Date 08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) |  |  |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| AMENDMENT | **09/03/2015** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 24 | Minus | ** 24 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/CHRISTINE MOLLISH/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | *Complete if Known* | |
|---|---|---|---|---|
| **SECOND SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, Angela R. |
| Sheet | 1 | of 1 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2013/0179949 A1 | 07-11-2013 | Shapiro | |
| | US2 | 7,046,779 B2 | 05-16-2006 | Hesse | |
| | US3 | 7,256,816 B2 | 08-14-2007 | Profanchik et al. | |
| | US4 | 7,742,582 B2 | 06-22-2010 | Harper | |
| | US5 | 8,204,177 B2 | 06-19-2012 | Harper | |
| | US6 | 8,458,732 B2 | 06-04-2013 | Hanna et al. | |
| | US7 | 8,509,390 B2 | 08-13-2013 | Harper | |
| | US8 | 9,043,813 B2 | 05-26-2015 | Hanna et al. | |
| | US9 | 9,077,680 B2 | 07-07-2015 | Harper | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2036952_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 23190948 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 12-AUG-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:29:54 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 3142 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_2SIDS.pdf | 658910 <br> e4e907af9e92624c5bacd1fee28229eb987e2d8d | yes | 5 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Miscellaneous Incoming Letter | 1 | 1 |
| Transmittal Letter | 2 | 4 |
| Information Disclosure Statement (IDS) Form (SB08) | 5 | 5 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30447 <br> 9cb5d7f132d720309b41e9523c7308cc29595930 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | | **Total Files Size (in bytes):** | 689357 |
|---|---|---|---|---|

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM



August 12, 2015

Commissioner for Patents                          *Confirmation No. 6317*
PO Box 1450                                              *Art Unit 2497*
Alexandria, VA  22313-1450                    *Attn: Mail Stop Amendment*

     Re:    U.S. Utility Patent Application
               Application No. 14/457,593; Filing Date:  August 12, 2014
               For:    **Electronic Messaging Exchange**
               Inventors: HODGE *et al.*
               Our Ref:  3210.0150005

Commissioner:

    Transmitted herewith for appropriate action are the following documents:

1. Online Credit Card Payment Authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p) for Information Disclosure Statement;

2. Second Supplemental Information Disclosure Statement;

3. Form PTO/SB/08a (1 sheet) listing 9 documents (**US1-US9**);

*The above-listed documents are filed electronically through EFS-Web.*

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                       Respectfully submitted,

                       STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                       Lauren C. Schleh
                       Attorney for Applicant
                       Registration No. 65,457

LCS/TWM/wcf
Enclosures

2036958_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Second Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

Listed on accompanying IDS Form PTO/SB/08a equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Form based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

- 2 -
Global Tel*Link Corp.
Appl. No. 14/457,593

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application. The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

In accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copies of the U.S. patents and patent application publications cited as documents **US1-US9** on the attached IDS Form are submitted.

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No. 7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Markman Memorandum Opinion and Order entered January 28, 2015 |

Atty. Dkt. No. 3210.0150005

- 3 -                                              Global Tel*Link Corp.
                                                  Appl. No. 14/457,593

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Form, and indicate in the official file wrapper of this patent application that the documents have been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 8|12|15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2036956_1.DOCX

Atty. Dkt. No. 3210.0150005

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 | |
| | | | | Filing Date | August 12, 2014 | |
| | | | | First Named Inventor | Stephen HODGE | |
| | | | | Art Unit | 2497 | |
| | | | | Examiner Name | HOLMES, ANGELA R. | |
| Sheet | 1 | of | 3 | Attorney Docket Number | 3210.0150005 | |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 2002/0111887 A1 | 08-15-2002 | McFarlane et al. | |
| | US2 | 2002/0159600 A1 | 10-31-2002 | Weiner | |
| | US3 | 2003/0002639 A1 | 01-02-2003 | Huie | |
| | US4 | 2003/0086546 A1 | 05-08-2003 | Falcone et al. | |
| | US5 | 2006/0149644 A1 | 07-06-2006 | Sulmar et al. | |
| | US6 | 2014/0020063 A1 | 01-16-2014 | Hodge et al. | |
| | US7 | 2015/0046978 A1 | 02-12-2015 | Hodge et al. | |
| | US8 | 2015/0047004 A1 | 02-12-2015 | Hodge et al. | |
| | US9 | 4,054,756 | 10-18-1977 | Comella et al. | |
| | US10 | 4,191,860 | 03-04-1980 | Weber | |
| | US11 | 4,935,956 | 06-19-1990 | Hellwarth et al. | |
| | US12 | 5,319,702 | 06-07-1994 | Kitchin et al. | |
| | US13 | 5,351,287 | 09-27-1994 | Bhattacharyya et al. | |
| | US14 | 5,539,812 | 07-23-1996 | Kitchin et al. | |
| | US15 | 5,655,013 | 08-05-1997 | Gainsboro | |
| | US16 | 5,745,558 | 04-28-1998 | Richardson, Jr. et al. | |
| | US17 | 5,768,355 | 06-16-1998 | Salibrici et al. | |
| | US18 | 5,956,717 | 09-21-1999 | Kraay et al. | |
| | US19 | 6,052,454 | 04-18-2000 | Kek et al. | |
| | US20 | 6,064,963 | 05-16-2000 | Gainsboro | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | GB 2400284 A | 10-06-2004 | ZIX CORP | | |
| | FP2 | EP 0989720 A1 | 03-29-2000 | FRANCE TELECOM | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 | |
| | | | | Filing Date | August 12, 2014 | |
| | | | | First Named Inventor | Stephen HODGE | |
| | | | | Art Unit | 2497 | |
| Sheet | 2 | of | 3 | Examiner Name | HOLMES, ANGELA R. | |
| | | | | Attorney Docket Number | 3210.0150005 | |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,173,284 B1 | 01-09-2001 | Brown | |
| | US22 | 6,233,313 B1 | 05-15-2001 | Farris et al. | |
| | US23 | 6,363,414 B1 | 03-26-2002 | Nicholls et al. | |
| | US24 | 6,560,323 B2 | 05-06-2003 | Gainsboro | |
| | US25 | 6,639,977 B1 | 10-28-2003 | Swope et al. | |
| | US26 | 6,714,982 B1 | 03-30-2004 | McDonough et al. | |
| | US27 | 7,013,002 B2 | 03-14-2006 | Link et al. | |
| | US28 | 7,039,071 B2 | 05-02-2006 | Pekonen | |
| | US29 | 7,058,163 B1 | 06-06-2006 | Parekh et al. | |
| | US30 | 7,079,636 B1 | 07-18-2006 | McNitt et al. | |
| | US31 | 7,085,359 B2 | 08-01-2006 | Crites et al. | |
| | US32 | 7,095,829 B2 | 08-22-2006 | Claudatos et al. | |
| | US33 | 7,106,843 B1 | 09-12-2006 | Gainsboro et al. | |
| | US34 | 7,197,560 B2 | 03-27-2007 | Caslin et al. | |
| | US35 | 7,333,798 B2 | 02-19-2008 | Hodge | |
| | US36 | 7,359,494 B2 | 04-15-2008 | Leonard | |
| | US37 | 7,496,345 B1 | 02-24-2009 | Rae et al. | |
| | US38 | 7,505,406 B1 | 03-17-2009 | Spadaro et al. | |
| | US39 | 7,551,732 B2 | 06-23-2009 | Anders | |
| | US40 | 7,583,974 B2 | 09-01-2009 | Benco et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 of 3 | Attorney Docket Number | 3210.0150005 |

## U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US41 | 7,681,032 B2 | 03-16-2010 | Peled et al. | |
| | US42 | 7,783,021 B2 | 08-24-2010 | Hodge | |
| | US43 | 7,881,446 B1 | 02-01-2011 | Apple et al. | |
| | US44 | 7,899,167 B1 | 03-01-2011 | Rae | |
| | US45 | 8,238,534 B2 | 08-07-2012 | Link et al. | |
| | US46 | 8,577,003 B2 | 11-05-2013 | Rae | |
| | US47 | 8,626,118 B2 | 01-07-2014 | Smith et al. | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2027961_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 1 | of | 7 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Photocopy of "Bellcore Notes on the Networks (Formerly BOC Notes on the LEC Networks)," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL2 | Digital Copy of "Bellcore Notes on the Networks," Bellcore, Special Report SR-2275, Issue 3, December 1997. | |
| | NPL3 | "Cisco IAD2400 Series Business-Class Integrated Access Device", Cisco Systems Datasheet, 2003. | |
| | NPL4 | "SIP and IPLinkTM in the Next Generation Network: An Overview," Intel, 2001. | |
| | NPL5 | "Voice Over Packet in Next Generation Networks: An Architectural Framework," Bellcore, Special Report SR-4717, Issue 1, January 1999. | |
| | NPL6 | "Criminal Calls: A Review of the Bureau of Prisons' Management of Inmate Telephone Privileges," U.S. Department of Justice, Office of the Inspector General, August 1999. | |
| | NPL7 | "Why Can't You Make a Collect Call to a Cell Phone," National Public Radio, June 30, 2008, Accessed via http://www.npr.org/templates/story/story.php?storyId=92021561 on April 6, 2015. | |
| | NPL8 | Assignment of U.S. Patent No. 8,190,121 and U.S. Application No. 13/449,308. | |
| | NPL9 | Avtalion, J., "Keeping tabs on call centres," Telecommunications, Vol. 31, No. 7, July 1997, pp. 70-72. | |
| | NPL10 | Brown, et al., "SMS: The Short Message Service," Computer, vol. 40, no. 12, 2007. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 2 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL11 | BubbleLINK® Software Architecture (Science Dynamics 2003) | |
| | NPL12 | Bur Goode, Voice Over Internet Protocol (VoIP), Proceedings of the IEEE, Vol. 90, No. 9, 1495–1517 (Sept. 2002). | |
| | NPL13 | Clifford J. Weinstein, MIT, The Experimental Integrated Switched Network – A System-Level Network Test Facility (IEEE 1983). | |
| | NPL14 | Commander Call Control System, Rev. 1.04 (Science Dynamics 2002) | |
| | NPL15 | Creps, et al., "Is somebody watching? Employee communications and privacy," Risk Management Vol. 44, No. 4, April 1997, pp. 22-28. | |
| | NPL16 | Definitions of "Local Area Network (LAN)" and "Wide Area Network (WAN)," Microsoft Computer Dictionary (Microsoft Press 2002), pp. 304 and 561. | |
| | NPL17 | English-language Abstract for European Patent Publication No. 0989720 A1; 2 pages. | |
| | NPL18 | File History of U.S. Patent No. 7,899,167, Appl. No. 10/642,532, filed August 15, 2003. | |
| | NPL19 | File History of U.S. Patent No. 8,190,121, Appl. No. 12/103,138, filed April 15, 2008. | |
| | NPL20 | File History of U.S. Patent No. 8,577,003, Appl. No. 13/009,483, filed January 19, 2011. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | Complete if Known | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 3 of 7 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL21 | File History of U.S. Patent No. 8,626,118, Appl. No. 13/449,308, filed April 17, 2012. | |
| | NPL22 | File Wrapper of Reexamination Application No. 90/012,802 of U.S. Patent No. 8,190,121, filed March 1, 2013. | |
| | NPL23 | Garner, et al., "Mobile Terminated SMS Billing – Exploits and Security Analysis," IEEE International Conference on Information Technology: New Generations, 2006. | |
| | NPL24 | Henry, M., "Unethical staff behavior," Corrections Today, Vol. 60, No. 3, June 1, 1998. | |
| | NPL25 | Jeff Hewett and Lee Dryburgh, Signaling System No. 7 (SS7/C7): Protocol, Architecture, and Services (Networking Technology) at 85 (Cisco Press, June 2005). | |
| | NPL26 | Joint Claim Construction and Prehearing Statement, Exhibit B: Securus' Intrinsic and Extrinsic Evidence Charts, Global Tel*Link Corporation v. Securus Technologies, Inc., No. 3:14-cv-00829-K (N.D. Tex.), September 26, 2014. | |
| | NPL27 | Maghan, J., "Intelligence Gathering Approaches in Prisons," Low Intensity Conflict & Law Enforcement, Vol. 3. No. 3, 1994, pp. 548-557. | |
| | NPL28 | Final Office Action directed to U.S. Appl. No. 10/966,795, mailed May 28, 2008; 15 pages. | |
| | NPL29 | Final Office Action directed to U.S. Appl. No. 13/941,382, mailed December 11, 2014; 13 pages. | |
| | NPL30 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed July 13, 2007; 10 pages. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | *Complete if Known* | |
|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 14/457,593 |
| | | Filing Date | August 12, 2014 |
| | | First Named Inventor | Stephen HODGE |
| | | Art Unit | 2497 |
| | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 4 of 7 | Attorney Docket Number | 3210.0150005 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL31 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed June 16, 2009; 8 pages. | |
| | NPL32 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed March 20, 2009; 14 pages. | |
| | NPL33 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed November 14, 2008; 18 pages. | |
| | NPL34 | Non-Final Office Action directed to U.S. Appl. No. 10/966,795, mailed September 28, 2009; 8 pages. | |
| | NPL35 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed December 11, 2012; 4 pages. | |
| | NPL36 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed January 26, 2012; 4 pages. | |
| | NPL37 | Non-Final Office Action directed to U.S. Appl. No. 12/802,641, mailed September 5, 2012; 5 pages. | |
| | NPL38 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed June 5, 2015; 11 pages. | |
| | NPL39 | Non-Final Office Action directed to U.S. Appl. No. 13/941,382, mailed September 5, 2014; 14 pages. | |
| | NPL40 | Non-Final Office Action directed to U.S. Appl. No. 14/457,604, mailed July 1, 2015; 7 pages. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 5 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL41 | Non-Final Office Action directed to U.S. Appl. No. 14/457,616, mailed June 29, 2015; 8 pages. | |
| | NPL42 | Notice of Allowance directed to U.S. Appl. No. 10/996,795, mailed February 4, 2010; 6 pages. | |
| | NPL43 | Notice of Allowance directed to U.S. Appl. No. 12/802,641, mailed March 18, 2013; 6 pages. | |
| | NPL44 | Osifchin, N., "A Telecommunications Buildings/Power Infrastructure in a New Era of Public Networking," IEEE 2000 | |
| | NPL45 | PacketCableTM 1.0 Architecture Framework Technical Report, PKT-TR-ARCH-V0 1-001201 (Cable Television Laboratories, Inc. 1999). | |
| | NPL46 | Pages from http://www.corp.att.com/history, archived by web.archive.org on November 4, 2013. | |
| | NPL47 | Procops, T., "Advanced call logging for public safety organizations," Public Management, Vol. 82, Vol. 3, March 2000, pp. 17-19. | |
| | NPL48 | Prosecution History of U.S. Patent Application No. 11/045,589, filed January 28, 2005. | |
| | NPL49 | Rey, R.F., ed., "Engineering and Operations in the Bell System," 2nd Edition, AT&T Bell Laboratories: Murray Hill, NJ, 1983. | |
| | NPL50 | Schwartz, et al., "How to Build an SMS Service," O'Reilly Short Cuts, 2007. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | 14/457,593 |
| | | | Filing Date | August 12, 2014 |
| | | | First Named Inventor | Stephen HODGE |
| | | | Art Unit | 2497 |
| | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 6 | of 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL51 | Science Dynamics, Inmate Telephone Control Systems, http://scidyn.com/fraudprev_main.htm (archived by web.archive.org on Jan. 12, 2001) | |
| | NPL52 | Science Dynamics, SciDyn BubbleLINK, http://www.scidyn.com/products/bubble.html (archived by web.archive.org on June 18, 2006). | |
| | NPL53 | Science Dynamics, SciDyn Call Control Solutions: Commander II, http://www.scidyn.com/products/commander2.html (archived by web.archive.org on June 18, 2006). | |
| | NPL54 | Science Dynamics, SciDyn IP Gateways, http://scidyn.com/products/ipgateways.html (archived by web.archive.org on August 15, 2001) | |
| | NPL55 | Science Dynamics, Science Dynamics – IP Telephony, http://www.scidyn.com/iptelephony_maim.htm (archived by web.archive.org on Oct. 12, 2000). | |
| | NPL56 | Shearer, G., "How logging and monitoring technologies improve quality in a call center," Telemarketing & Call Center Solutions, Vol. 16, No. 7, January 1998, pp. 92-101. | |
| | NPL57 | Smith, M., "Corrections Turns Over a New LEAF: Correctional Agencies Receive Assistance From the Law Enforcement Analysis Facility," Corrections Today, October 1, 2001. | |
| | NPL58 | Sundstrom, K., "Voice over IP: An Engineering Analysis," Master's Thesis, Department of Electrical and Computer Engineering, University of Manitoba, September, 1999. | |
| | NPL59 | U.S. Prov. Appl. No. 60/036,689, filed Jan. 31, 1997, titled DATABASE ORIGAMI | |
| | NPL60 | U.S. Prov. Appl. No. 60/246,070, "Employee Online Activity Monitoring System," to Mcfarlane, et al., filed November 7, 2000. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **FIRST SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 14/457,593 |
| | | | | Filing Date | August 12, 2014 |
| | | | | First Named Inventor | Stephen HODGE |
| | | | | Art Unit | 2497 |
| | | | | Examiner Name | HOLMES, ANGELA R. |
| Sheet | 7 | of | 7 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume number, publisher, city and/or country where published | T[2] |
| | NPL61 | U.S. Prov. Appl. No. 60/500,725, "SMS Message Processing," to Claudatos, filed September 4, 2003. | |
| | NPL62 | U.S. Prov. Appl. No. 60/607,447, "IP-based telephony system and method," to Apple, et al., filed September 3, 2004. | |
| | NPL63 | U.S. Prov. Appl. No. 60/935,634, "Method of Enabling an SMS Text Message to Facilitate Payment on a Cellular Bill for a Billable Call Received on a Cell Phone," to Martin, et al., filed August 23, 2007. | |
| | NPL64 | Valcourt, et al., "Investigating mobile payment: Supporting technologies, methods, and use," IEEE International Conference on Wireless and Mobile Computing, Networking, and Communications, 2005. | |
| | NPL65 | Wenndt, et al., "Content recognition for telephone monitoring," Proceedings of the SPIE - The International Society for Optical Engineering, Vol. 4232, 2001, pp. 274-80. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2027963_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 22984416 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Lauren Carl Schleh/William Flanigen |
| **Filer Authorized By:** | Lauren Carl Schleh |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 22-JUL-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 13:45:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 180 |
| RAM confirmation Number | 7 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005_1SIDS.pdf | 2253675 <br> d3a38dae42a345458cb5e3f6c4e226f08fe2c92 | yes | 17 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** | |
| | Miscellaneous Incoming Letter | | 1 | 2 | |
| | Transmittal Letter | | 3 | 7 | |
| | Information Disclosure Statement (IDS) Form (SB08) | | 8 | 17 | |

**Warnings:**

**Information:**

| 2 | Non Patent Literature | NPL29_FOA_13941382_12112014.pdf | 488286 <br> 7354ba204fef63d6bdd4977620b60b1c14486625 | no | 13 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL38_NFOA_13941382_06052015.pdf | 396169 <br> 2d3fe04fd4fad398ea927ca463930fcd313aad18 | no | 11 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL39_NFOA_13941382_09052014.pdf | 528320 <br> 474bb05ca031f37886e362c7cbf0de866222734e | no | 14 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Fee Worksheet (SB06) | fee-info.pdf | 30446 <br> e08519e42517d3d6879ef5fcac8d7019821bdc12 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | | **Total Files Size (in bytes):** | 3696896 | |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



Sterne Kessler
Goldstein Fox
ATTORNEYS AT LAW

LAUREN C. SCHLEH
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

July 22, 2015

Commissioner for Patents                              *Confirmation No. 6317*
PO Box 1450                                                   *Art Unit 2497*
Alexandria, VA  22313-1450                    *Attn: Mail Stop Amendment*

       Re:    U.S. Utility Patent Application
             Application No. 14/457,593; Filing Date:  August 12, 2014
             For:   **Electronic Messaging Exchange**
             Inventors: HODGE *et al.*
             Our Ref:  3210.0150005

Commissioner:

      Transmitted herewith for appropriate action are the following documents:

1. Online Credit Card Payment Authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p) for Information Disclosure Statement;

2. First Supplemental Information Disclosure Statement;

3. Form PTO/SB/08a (3 sheets) listing 49 documents (**US1-US47** and **FP1-FP2**);

4. Form PTO/SB/08b (7 sheets) listing 65 documents (**NPL1-NPL65**); and

5. Copies of cited documents (**NPL29** and **NPL38-NPL39**).

      ***The above-listed documents are filed electronically through EFS-Web.***

      In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Commissioner for Patents
July 22, 2015
Page 2

Fee payment is provided through online credit card payment. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

LCS/KWC/wcf
Enclosures

2027970_1.DOCX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, ANGELA R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## First Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned.  However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

- 2 -                                              Global Tel*Link Corp.
                                                   Appl. No. 14/457,593

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application. The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

A concise explanation of the relevance of a non-English language document appears below in accordance with 37 C.F.R. § 1.98(a)(3).

Document **FP2** (EP 0989720 A1) appears to describe a telephone apparatus for a prison medium, as noted in the corresponding English-language abstract submitted herewith as document **NPL17**.

Copies of documents **NPL29** and **NPL38-NPL39** are submitted.  However, in accordance with 37 C.F.R. § 1.98(a)(2)(ii), no copies of the U.S. patents and patent application publications cited as documents **US1-US47** on the attached IDS Forms are submitted.

Copies of documents **FP1-FP2**, **NPL1-NPL28**, **NPL30-NPL37**, and **NPL40-NPL65** were cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in

Atty. Dkt. No. 3210.0150005

- 3 -                                                   Global Tel*Link Corp.
                                                        Appl. No. 14/457,593

Application No. 13/941,382, filed July 12, 2013 (now pending), which is relied upon for an earlier

filing date under 35 U.S.C. § 120.  Thus, copies of these documents are not attached.  37 C.F.R. §

1.98(d).

Notice of Related Proceedings

It is expected that the examiner will review the prosecution and cited art in the parent

application nos. 13/941,382, filed July 12, 2013 (now pending); 12/802,641, filed June 10, 2010

(now U.S. Patent No. 8,488,756); and 10/996,795, filed November 24, 2004 (now U.S. Patent No.

7,742,581), in accordance with MPEP 2001.06(b), and indicate in the next communication from the

office that the art cited in the earlier prosecution history has been reviewed in connection with the

present application.

In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment,*

*Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith Office Actions from the co-

pending U.S. Patent Application Nos. 14/457,616, filed August 12, 2014 (now pending);

14/457,604, filed August 12, 2014 (now pending); 13/941,382, filed July 12, 2013 (now pending);

12/802,641, filed June 10, 2010 (now U.S. Patent No. 8,488,756); and 10/996,795, filed November

24, 2004 (now U.S. Patent No. 7,742,581), as documents **NPL28-NPL43**.

The identification of these Office Actions is not to be construed as a waiver of secrecy as to

those applications now or upon issuance of the present application as a patent.  The Examiner is

respectfully requested to consider the cited applications and the art cited therein during

examination.

Atty. Dkt. No. 3210.0150005

- 4 -                                                Global Tel*Link Corp.
                                                    Appl. No. 14/457,593

Applicant hereby calls to the attention of the Patent and Trademark Office the following litigation proceeding involving a patent that is related to the above-identified patent application:

| Proceeding | Status |
|---|---|
| *Securus Technologies, Inc. v. Global Tel*Link Corporation*, Case No. 3:13-cv-03009-K (N.D. Tex.) | Markman Memorandum Opinion and Order entered January 28, 2015 |

Applicant invites the Examiner to review papers filed in the above-identified proceeding. If the Examiner is unable to obtain copies of papers in this proceeding, copies can be provided to the Examiner upon request. Documents which may be material that are not already of record in this patent application are listed on the accompanying Form PTO/SB/08.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

Atty. Dkt. No. 3210.0150005

- 5 -

Global Tel*Link Corp.
Appl. No. 14/457,593

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Lauren C. Schleh
Attorney for Applicant
Registration No. 65,457

Date: 7/21/15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

2027969_1.DOCX

Atty. Dkt. No. 3210.0150005

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 | 6317 |

26111          7590          06/10/2015

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HOLMES, ANGELA R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2497 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/10/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.**<br>14/457,593 | **Applicant(s)**<br>HODGE ET AL. | |
|---|---|---|---|
| | **Examiner**<br>ANGELA HOLMES | **Art Unit**<br>2497 | **AIA (First Inventor to File)**<br>**Status**<br>No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1) ☒ Responsive to communication(s) filed on *3/20/15*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**  2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims*

5) ☒ Claim(s) *1-24* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) *1-24* is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

### Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on *8/12/14,10/30/14* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

### Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All  b) ☐ Some**  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date *8/12/14*.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.

4) ☐ Other: _____.

Application/Control Number: 14/457,593                                    Page 2

Art Unit: 2497

## *DETAILED ACTION*

1.      The present application is being examined under the pre-AIA first to invent provisions.

2.      This Office Action is in response to the application 14457593 filed on 3/20/15.

3.      Claims 1-24 have been examined and are pending in this application.

## *Information Disclosure Statement*

4.      The information disclosure statement (IDS), submitted on 8/12/14, is in compliance with

the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement is being

considered by the examiner.

## *Double Patenting*

5.      The nonstatutory double patenting rejection is based on a judicially created doctrine

grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or

improper timewise extension of the "right to exclude" granted by a patent and to prevent possible

harassment by multiple assignees.  A nonstatutory double patenting rejection is appropriate

where the claims at issue are not identical, but at least one examined application claim is not

patentably distinct from the reference claim(s) because the examined application claim is either

anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*,

140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d

2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van

Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619

(CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

Application/Control Number: 14/457,593                                         Page 3
Art Unit: 2497

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may

be used to overcome an actual or provisional rejection based on a nonstatutory double patenting

ground provided the reference application or patent either is shown to be commonly owned with

this application, or claims an invention made as a result of activities undertaken within the scope

of a joint research agreement. A terminal disclaimer must be signed in compliance with 37 CFR

1.321(b).

The USPTO internet Web site contains terminal disclaimer forms which may be used.

Please visit http://www.uspto.gov/forms/.  The filing date of the application will determine what

form should be used.  A web-based eTerminal Disclaimer may be filled out completely online

using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and

approved immediately upon submission.  For more information about eTerminal Disclaimers,

refer to http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

1.      **Claims 1-24 are rejected on the ground of nonstatutory obviousness-type double**

**patenting** as being unpatentable over claims 1-4, 6-8, 10-15, 18-28 respectively, of U.S.

Application 13941382.  Although the conflicting claims are not identical, they are not patentably

distinct from each other because the claims of the instant application are broader in scope than

the claims of the U.S. Application. 13941382. Therefore, claims 1-24 of the instant application

are anticipated by claims 1-4, 6-8, 10-15, 18-28 of U.S. Application 13941382.


### *Claim Rejections - 35 USC § 103*

6.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

Application/Control Number: 14/457,593                                    Page 4
Art Unit: 2497

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

7.      **Claims 1-10, 13-17, and 21-24 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Seshadri (US 6249808) in view of Hodge (US 2004/0029564).

        **As per claims 1 and 13,** Seshadri discloses a secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

        a terminal configured to allow a local user to generate a message and transmit the message via a data connection (*Seshadri, Col 5, lines 31-Col 6, line 15*); and

        a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user (*Seshadri, Col 5, lines 30-51*), the control platform including :

        a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages, wherein the user device is located outside the facility (*Seshadri, Col 5, lines 31-Col 6, line 15*); and

        Seshadri does not disclose; however, Hodge discloses a central telephone control platform configured to allow the local user and the remote user to communicate telephonically (*Hodge, Para. 0128*).

        Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Hodge, with the system and method of Seshadri, given the benefit of allowing an institution to control, record, monitor, and report usage and access to a telephone network.

Application/Control Number: 14/457,593                                    Page 5
Art Unit: 2497

**As per claim 2,** Seshadri discloses the system of claim 1, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claim 3,** Seshadri discloses the system of claim 1, wherein the plurality of input methods include at least one of a text input and a voice input *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claim 4,** Seshadri discloses the system of claim 1, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message *(Seshadri, Col 5, 1-15, messaging system waits for the user to request a voice portion of the message. If voice portion is selected, the message is converted into speech; Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claim 5,** Seshadri discloses the system of claim 4, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message *(Seshadri, Col 7, 65-Col 8, 10, the sender can initially divide the message into a text portion and a voice portion).*

**As per claims 6 and 14,** Seshadri discloses the system of claim 1, wherein the control platform is further configured to convert the message from a text format into a voice format *(Seshadri, Col 5, 1-15, converting message from text to speech).*

**As per claims 7 and 15,** Seshadri discloses the system of claim 1, wherein the control platform is further configured to convert the message from a voice format into a text format (*Seshadri, Col 5, 1-15, converting message from speech to text*).

**As per claims 8 and 16,** Hodge discloses the system of claim 1, wherein the terminal is further configured to authenticate the local user (*Hodge, 0140 and 0222*).

**As per claims 9 and 17,** Hodge discloses the system of claim 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification (*Hodge, 0140 and 0222*).

**As per claim 10,** Hodge discloses the system of claim 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information (*Hodge, 0140 and 0222*).

**As per claim 21,** Hodge discloses the system of claim 1, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

**As per claim 22,** Seshadri discloses the system of claim 1, wherein the data connection is a wireless data connection (*Seshadri, Col 3, lines 1-15*).

**As per claim 23,** Hodge discloses the system of claim 13, wherein the data connection is a wired data connection (*Hodge, Para. 0128*).

**As per claim 24,** Seshadri discloses the system of claim 13, wherein the data connection is a wireless data connection (*Seshadri, Col 3, lines 1-15*).

8.      **Claims 11-12, and 19 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Seshadri (US 6249808) in view of Hodge (US 2004/0029564) and further in view of Mow (US 6668045).

Application/Control Number: 14/457,593                                        Page 7
Art Unit: 2497

**As per claims 11 and 19,** Seshadri and Hodge do not disclose; however, Mow discloses the system of claim 8, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message (*Mow, Col 4, 1-7, Trained system personnel may search and retrieve messages using a plurality of search keys such as by PIN, date, and time. The system may prevent the playback of the messages from sources class-marked as "privileged," such as attorney client privilege messages. For these messages, once a message is delivered and reviewed, it may be automatically deleted.*)

**As per claim 12,** Mow discloses the system of claim 8, wherein the control platform allows an administrator to monitor messages (*Mow, Col 4, 1-7, Trained system personnel may search and retrieve messages using a plurality of search keys such as by PIN, date, and time. The system may prevent the playback of the messages from sources class-marked as "privileged," such as attorney client privilege messages. For these messages, once a message is delivered and reviewed, it may be automatically deleted.*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Mow, wherein the control platform allows an administrator to monitor messages, with the system and method of Seshadri and Hodge, given the benefit of controlling the communication to and from inmates within a correctional facility.

9.    **Claims 18 and 20 are rejected under pre-AIA 35 U.S.C. 103(a)** as being unpatentable over Seshadri (US 6249808) in view of Hodge (US 2004/0029564) and further in view of Cree (US 6665380).

Application/Control Number: 14/457,593                                         Page 8
Art Unit: 2497

**As per claim 18,** Seshadri and Hodge do not explicitly disclose; however, Cree discloses the system of claim 15, wherein the terminal is further configured to alert the local user that a message has been received (*Cree, Col 11, 17-34, the system informs the inmate when there are messages*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri and Hodge, with the system and method of Cree, given the benefit of notifying an inmate in a prison facility of messages.

**As per claim 20,** Seshadri and Hodge do not explicitly disclose; however, Cree discloses the system of claim 15, wherein the control platform is further configured to notify the local user when a message is received (*Cree, Col 11, 17-34, the system informs the inmate when there are messages*).

Therefore, it is obvious to one ordinary skilled in the art to incorporate the teachings of Seshadri and Hodge, with the system and method of Cree, given the benefit of notifying an inmate in a prison facility of messages.

*Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to ANGELA HOLMES whose telephone number is (571)270-3357. The examiner can normally be reached on 9am -5pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Hadi Armouche can be reached on 571-270-3618. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications

Application/Control Number: 14/457,593                                                Page 9
Art Unit: 2497

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANGELA HOLMES/

Examiner, Art Unit 2497

      /HADI ARMOUCHE/

      Supervisory Patent Examiner, Art Unit 2497

| *Notice of References Cited* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14/457,593 | HODGE ET AL. |
| | Examiner | Art Unit | |
| | ANGELA HOLMES | 2497 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,249,808 B1 | 06-2001 | Seshadri, Nambirajan | 709/206 |
| * | B | US-6,668,045 B1 | 12-2003 | Mow, John Beck | 379/88.19 |
| * | C | US-6,665,380 B1 | 12-2003 | Cree et al. | 379/88.25 |
| * | D | US-2004/0029564 A1 | 02-2004 | Hodge, Stephen Lee | 455/411 |
| * | E | US-2010/0299761 A1 | 11-2010 | Shapiro, Ryan Jacob | 726/28 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 4,652,700 | 03-24-1987 | Matthews | |
| | US2 | 4,766,604 | 11-11-1988 | Valdez | |
| | US3 | 5,068,888 | 11-26-1991 | Scherk *et al.* | |
| | US4 | 5,553,145 | 09-03-1996 | Micali | |
| | US5 | 5,648,916 | 07-15-1997 | Manduley | |
| | US6 | 5,740,231 | 04-14-1998 | Cohn *et al.* | |
| | US7 | 5,805,810 | 09-08-1998 | Maxwell | |
| | US8 | 5,826,034 | 10-20-1998 | Albal | |
| | US9 | 5,872,926 | 02-16-1999 | Levac *et al.* | |
| | US10 | 5,894,558 | 04-13-1999 | Falker | |
| | US11 | 5,958,005 | 09-28-1999 | Thorne *et al.* | |
| | US12 | 5,982,506 | 11-09-1999 | Kara | |
| | US13 | 6,061,718 | 05-09-2000 | Nelson | |
| | US14 | 6,173,259 B1 | 01-09-2001 | Bijl *et al.* | |
| | US15 | 6,192,114 B1 | 02-20-2001 | Council | |
| | US16 | 6,233,318 B1 | 05-15-2001 | Picard *et al.* | |
| | US17 | 6,285,777 B2 | 09-04-2001 | Kanevsky *et al.* | |
| | US18 | 6,400,272 B1 | 06-04-2002 | Holtzman *et al.* | |
| | US19 | 6,591,367 B1 | 07-08-2003 | Kobata *et al.* | |
| | US20 | 6,606,648 B1 | 08-12-2003 | Mukundan *et al.* | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | WO 99/48054 A1 | 09-23-1999 | ASCOM HASLER MAILING SYSTEMS INC. | | |
| | FP2 | WO 99/21330 A1 | 04-29-1999 | E-STAMP CORPORATION | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.H./

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | *Complete if Known* | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | Application Number | To be assigned |
| | | | Filing Date | Herewith |
| | | | First Named Inventor | Stephen Hodge |
| | | | Art Unit | To be assigned |
| | | | Examiner Name | To be assigned |
| Sheet | 2 | of 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number<br>Number-Kind Code [2] (if known) | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,665,380 B1 | 12-16-2003 | Cree *et al.* | |
| | US22 | 6,668,045 B1 | 12-23-2003 | Mow | |
| | US23 | 6,775,359 B1 | 08-10-2004 | Ron *et al.* | |
| | US24 | 6,788,771 B2 | 09-07-2004 | Manto | |
| | US25 | 6,801,932 B1 | 08-05-2004 | Picoult *et al.* | |
| | US26 | 6,850,147 B2 | 02-01-2005 | Prokoski *et al.* | |
| | US27 | 7,039,949 B2 | 05-02-2006 | Cartmell *et al.* | |
| | US28 | 7,158,621 B2 | 01-02-2007 | Bayne | |
| | US29 | 7,265,853 B1 | 09-04-2007 | Kara *et al.* | |
| | US30 | 7,277,695 B2 | 10-02-2007 | Petry *et al.* | |
| | US31 | 7,742,581 B2 | 06-22-2010 | Hodge *et al.* | |
| | US32 | 8,488,756 B2 | 07-16-2013 | Hodge *et al.* | |
| | US33 | 2002/0007453 | 01-17-2002 | Nemovicher | |
| | US34 | 2004/0029564 | 02-12-2004 | Hodge | |
| | US35 | 2006/0062355 | 03-23-2006 | Leonard | |
| | US36 | 2007/0233610 | 03-10-2009 | Gyllenskog *et al.* | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1873932_1.DOCX

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.H./

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | ADVANCED TECHNOLOGIES GROUP, INC, White Paper: Introduction to Advanced Technologies Group, Inc. Inmate Correspondence System, August 5, 2002, American Corrections Association Annual Conference, Anaheim, California | |
| | NPL2 | ADVANCED TECHNOLOGIES GROUP, INC., Offender Management Suite: Correspondence System Brochure, printing invoice dated August 2, 2002, brochure distributed at August 2002 American Corrections Association Annual Conference, Anaheim, California | |
| | NPL3 | ADVANCED TECHNOLOGIES GROUP, INC., Correspondence System Poster, published July 29, 2002 by Exhibit-Resources Midwest, displayed at August 2002 American Corrections Association Annual Conference, Anaheim, California | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

1873931_1.DOCX

| Examiner Signature | /ANGELA HOLMES/ | Date Considered | 06/01/2015 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

EAST Search History

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L3 | 1 | ("7265853").PN. | USPAT; USOCR | OR | OFF | 2015/06/01 09:33 |
| L2 | 23 | "7265853" | US-PGPUB; USPAT | OR | OFF | 2015/06/01 09:33 |
| L1 | 12 | "726585" | US-PGPUB; USPAT | OR | OFF | 2015/06/01 09:33 |
| L4 | 1 | ("5982506").PN. | USPAT; USOCR | OR | OFF | 2015/06/01 09:50 |
| L5 | 58 | ("4652700" \| "4766604" \| "5068888" \| "5553145" \| "5648916" \| "5740231" \| "5805810" \| "5826034" \| "5872926" \| "5894558" \| "5958005" \| "5982506" \| "6061718" \| "6173259" \| "6192114" \| "6233318" \| "6285777" \| "6400272" \| "6591367" \| "6606648").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:11 |
| L7 | 2 | (global near tel near link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:13 |
| L6 | 210 | ((stephen near hodge)(david near woody)).inv. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:13 |
| L9 | 50559 | (709/206 709/227 455/412 726/3).ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:14 |
| L8 | 48627 | (h04l12/589 h04l51/12 h04l51/36 h04l63/08).cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:14 |
| L10 | 456 | electronic near messag$3 with conver$4 and text and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:16 |

| L13 | 67 | electronic near messag$3 and conver$4 and text and voice and email and authentic$5 and (biometric password rfid) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:17 |
| L12 | 117 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:17 |
| L11 | 258 | electronic near messag$3 with conver$4 and text and voice and email | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:17 |
| L18 | 6 | l5 and electronic near messag$3 and conver$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L17 | 8 | l5 and electronic near messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L16 | 0 | l5 and electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) with platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L15 | 0 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) with platform and inmate | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L14 | 6 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) with platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:18 |
| L20 | 0 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) and control near platform and secure near communications near | US-PGPUB; USPAT; USOCR; FPRS; JPO; | OR | OFF | 2015/06/01 10:20 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | platform | DERWENT; IBM_TDB | | | |
| L19 | 8 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) and control near platform | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:20 |
| L21 | 8 | electronic near messag$3 with conver$4 and text and voice and email and authentic$5 and (biometric password rfid) and control near platform and secure | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:21 |
| L24 | 9 | electronic near messag$3 and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:25 |
| L23 | 9 | electronic near messag$3 and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:25 |
| L22 | 9 | electronic near messag$3 and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:25 |
| L25 | 8 | ("electronic message exchange system")and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:26 |
| L27 | 0 | l7 and ("electronic message exchange system")and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:28 |
| L26 | 8 | l6 and ("electronic message exchange system")and conver$4 with text and voice and authentic$5 and (biometric password rfid) and control near platform and secure and telephone and remote near user and terminal | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:28 |
| L29 | 30 | ("global tel* link corp").as. | US-PGPUB; USPAT; USOCR; | OR | OFF | 2015/06/01 10:29 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
| L28 | 2 | (global near tel near1 link near corp).as. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:29 |
| L35 | 0 | l29 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L34 | 0 | l29 and l13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L33 | 8 | l6 and l13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L32 | 8 | l6 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L31 | 8 | l6 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L30 | 8 | l6 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:30 |
| L41 | 3 | l29 and messag$3 and conver$4 and text and voice | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:31 |
| L40 | 6 | l29 and messag$3 and conver$4 | US-PGPUB; | OR | OFF | 2015/06/01 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 10:31 |
| L39 | 11 | l29 and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:31 |
| L38 | 0 | l29 and l22 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:31 |
| L37 | 0 | l29 and l10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:31 |
| L36 | 0 | l29 and l11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:31 |
| L47 | 0 | l9 and l14 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:32 |
| L46 | 0 | l8 and l14 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:32 |
| L45 | 22 | l8 and l12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:32 |
| L44 | 14 | l8 and l13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | OFF | 2015/06/01 10:32 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | IBM_TDB | | | | |
| L43 | 29 | I8 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:32 |
| L42 | 33 | I8 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:32 |
| L52 | 3 | I9 and I26 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L51 | 109 | I9 and I10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L50 | 81 | I9 and I11 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L49 | 33 | I9 and I12 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |
| L48 | 10 | I9 and I13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2015/06/01 10:33 |

**EAST Search History (Interference)**

<This search history is empty>

6/1/2015 10:33:47 AM
C:\ Users\ aholmes\ Documents\ EAST\ Workspaces\ 051815.wsp



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6317**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 726 | 2497 | 3210.0150005 |
| | RULE | | | |

**APPLICANTS**
  Global Tel*Link Corp., Reston, VA;

**INVENTORS**
  Stephen HODGE, Aubry, TX;
  David Woody, Allen, TX;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
  This application is a CON of 13/941,382 07/12/2013
      which is a CON of 12/802,641 06/10/2010 PAT 8488756
      which is a CON of 10/996,795 11/24/2004 PAT 7742581

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\***
  08/20/2014

| | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|
| Foreign Priority claimed ☐ Yes ☑ No<br>35 USC 119(a-d) conditions met ☐ Yes ☑ No<br>Verified and Acknowledged   _Angela Holmes_   Examiner's Signature | ☐ Met after Allowance   Initials | | | |
| | TX | 6 | 20 | 2 |

**ADDRESS**

  STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
  1100 NEW YORK AVENUE, N.W.
  WASHINGTON, DC 20005
  UNITED STATES

**TITLE**

  Electronic Messaging Exchange

| | | |
|---|---|---|
| **FILING FEE RECEIVED**<br><br>2060 | FEES: Authority has been given in Paper<br>No._____ to charge/credit DEPOSIT ACCOUNT<br>No._____ for following: | ☐ All Fees<br>☐ 1.16 Fees (Filing)<br>☐ 1.17 Fees (Processing Ext. of time)<br>☐ 1.18 Fees (Issue)<br>☐ Other _____<br>☐ Credit |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | Examiner | Art Unit |
| | ANGELA HOLMES | 2497 |

| ✓ | Rejected | | - | Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

| ☐ **Claims renumbered in the same order as presented by applicant** | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 06/01/2015 | | | | | | | |
| | 1 | ✓ | | | | | | | |
| | 2 | ✓ | | | | | | | |
| | 3 | ✓ | | | | | | | |
| | 4 | ✓ | | | | | | | |
| | 5 | ✓ | | | | | | | |
| | 6 | ✓ | | | | | | | |
| | 7 | ✓ | | | | | | | |
| | 8 | ✓ | | | | | | | |
| | 9 | ✓ | | | | | | | |
| | 10 | ✓ | | | | | | | |
| | 11 | ✓ | | | | | | | |
| | 12 | ✓ | | | | | | | |
| | 13 | ✓ | | | | | | | |
| | 14 | ✓ | | | | | | | |
| | 15 | ✓ | | | | | | | |
| | 16 | ✓ | | | | | | | |
| | 17 | ✓ | | | | | | | |
| | 18 | ✓ | | | | | | | |
| | 19 | ✓ | | | | | | | |
| | 20 | ✓ | | | | | | | |
| | 21 | ✓ | | | | | | | |
| | 22 | ✓ | | | | | | | |
| | 23 | ✓ | | | | | | | |
| | 24 | ✓ | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14457593 | HODGE ET AL. |
| | **Examiner** | **Art Unit** |
| | ANGELA HOLMES | 2497 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L12/589,H04L51/12,H04L51/36, H04L63/08 | 6/1/2015 | ah |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 709 | 206-227 | 6/1/2015 | ah |
| 455 | 412 | 6/1/2015 | ah |
| 726 | 3 | 6/1/2015 | ah |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST class limited w/text search (see search history)EAST inventor and assignee search (see search history)EAST text search (see search history) | 6/1/2015 | ah |

### INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

/ANGELA HOLMES/
Examiner.Art Unit 2497



**LAUREN C. SCHLEH**
ASSOCIATE
(202) 772-8587
LSCHLEH@SKGF.COM

May 5, 2015

Commissioner for Patents                         *Confirmation No. 6317*
PO Box 1450                                       *Mail Stop Missing Parts*
Alexandria, VA  22313-1450

        Re:    U.S. Patent Application
               Appl. No. 14/457,593; Filed:  August 12, 2014
               For:   **Electronic Messaging Exchange**
               Inventors:   HODGE *et al.*
               Our Ref:    3210.0150005

Commissioner:

        In reply to the "*Informational Notice to Applicant*," dated November 4, 2014,
transmitted herewith for appropriate action are *Two (2) Declarations, executed by the inventors*
which are submitted electronically through EFS-Web.

        In the event that extensions of time are necessary to prevent abandonment of this patent
application, then such extensions of time are hereby petitioned.

        The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency,
or credit any overpayment, to our Deposit Account No. 19-0036.

                              Respectfully submitted,

                              STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                              Lauren C. Schleh
                              Attorney for Applicant
                              Registration No. 65,457

LCS/JXR/t-m
Enclosures

1993267_1

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | Electronic Messaging Exchange |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

[ ] The attached application, or

[X] United States application or PCT international application number ___14/457,593___

filed on ___August 12, 2014___

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

## WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Stephen HODGE          Date (Optional): _____

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014   OMB 0651-0032
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | Electronic Messaging Exchange |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

☐ The attached application, or

☒ United States application or PCT international application number _____14/457,593_____

filed on _____August 12, 2014_____

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: David WOODY _____    Date (Optional) : _____

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 22260252 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Jared William Radkiewcz/Jeanette Yando |
| **Filer Authorized By:** | Jared William Radkiewcz |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 05-MAY-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 18:08:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005-Filing-Declarations.pdf | 1746518<br>b09a20e057c8d7ddc730ae018d4c2f47f17de23e | yes | 3 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Transmittal Letter | 1 | 1 |
| Oath or Declaration filed | 2 | 3 |

| Warnings: | |
|---|---|
| Information: | |

| Total Files Size (in bytes): | 1746518 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| Global Tel*Link Corp. | Art Unit: 2497 |
| Appl. No.: 14/457,593 | Examiner: HOLMES, Angela R. |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

### Preliminary Amendment Under 37 C.F.R. § 1.115

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

In advance of prosecution, Applicant submits the following amendments and remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks and Arguments begin on page 7 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                                                        Global Tel*Link Corp.
                                                              Appl. No. 14/457,593

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Original) A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a message and transmit the message via a data connection; and

a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user, the control platform including:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

wherein the user device is located outside the facility.

2.      (Previously Presented) The system of claim 1, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods.

3.      (Currently Amended) The system of claim [[1]] 2, wherein the plurality of input methods include at least one of a text input and a voice input.

Atty. Dkt. No. 321.0150005

- 3 -                                              Global Tel*Link Corp.
                                                   Appl. No. 14/457,593

4.      (Previously Presented) The system of claim 1, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message.

5.      (Previously Presented) The system of claim 4, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message.

6.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the message from a text format into a voice format.

7.      (Previously Presented) The system of claim 1, wherein the control platform is further configured to convert the message from a voice format into a text format.

8.      (Previously Presented) The system of claim 1, wherein the terminal is further configured to authenticate the local user.

9.      (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

Atty. Dkt. No. 321.0150005

- 4 -                                               Global Tel*Link Corp.
                                                    Appl. No. 14/457,593

10.     (Previously Presented) The system of claim 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.     (Previously Presented) The system of claim 8, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

12.     (Previously Presented) The system of claim 8, wherein the control platform allows an administrator to monitor messages.

13.     (Original) A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

        a control platform configured to receive a message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

        a terminal configured to receive the message via a data connection and provide the message to an inmate of the facility,

        wherein the control platform includes:

                a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

Atty. Dkt. No. 321.0150005

- 5 -

Global Tel*Link Corp.
Appl. No. 14/457,593

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the message from a non-voice format into a voice format.

15.     (Previously Presented) The system of claim 13, wherein the control platform is further configured to convert the message from a voice format into a text format.

16.     (Previously Presented) The system of claim 13, wherein the terminal is further configured to authenticate the local user.

17.     (Previously Presented) The system of claim 16, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.     (Previously Presented) The system of claim 15, wherein the terminal is further configured to alert the local user that a message has been received.

Atty. Dkt. No. 321.0150005

Global Tel*Link Corp.
Appl. No. 14/457,593

19.    (Previously Presented) The system of claim 15, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

20.    (Previously Presented) The system of claim 15, wherein the control platform is further configured to notify the local user when a message is received.

21.    (New) The system of claim 1, wherein the data connection is a wired data connection.

22.    (New) The system of claim 1, wherein the data connection is a wireless data connection.

23.    (New) The system of claim 13, wherein the data connection is a wired data connection.

24.    (New) The system of claim 13, wherein the data connection is a wireless data connection.

Atty. Dkt. No. 321.0150005

- 7 -                                            Global Tel*Link Corp.
                                                 Appl. No. 14/457,593

## *Remarks*

Upon entry of the foregoing amendment, claims 1-24 are pending in the application, with claims 1 and 13 being the independent claims.  Claim 3 is sought to be amended.  New claims 21-24 are sought to be added.  These changes are believed to introduce no new matter, and their entry is respectfully requested.

Support for new claims 21-24  is found, *inter alia*, at paragraph [0066].

Atty. Dkt. No. 321.0150005

- 8 -                                    Global Tel*Link Corp.
                                         Appl. No. 14/457,593

## *Conclusion*

Prompt and favorable consideration of this Preliminary Amendment is respectfully requested. Applicant believes the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Michael D. Specht
Attorney for Applicant
Registration No. 54,463

Date: 3/20/15

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1976627_1

Atty. Dkt. No. 321.0150005

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21837502 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Jared William Radkiewcz/Tylene McCoy |
| **Filer Authorized By:** | Jared William Radkiewcz |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 20-MAR-2015 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 16:55:39 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 32100150005-Filing-PreliminaryAmendmentUnder1115.pdf | 2568177 <br> 2136b81ab214328c7b5e2a9a5e6f1d50f91d213d | yes | 9 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Transmittal Letter | 1 | 1 |
| Preliminary Amendment | 2 | 2 |
| Claims | 3 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 9 |

| Warnings: |
|---|

| Information: |
|---|

| **Total Files Size (in bytes):** | 2568177 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**MICHAEL D. SPECHT**
DIRECTOR
(202) 772-8756
MSPECHT@SKGF.COM

March 20, 2015

Commissioner for Patents                          *Confirmation No. 6317*
PO Box 1450                                                    *Art Unit 2497*
Alexandria, VA  22313-1450              *Attn:  Mail Stop Amendment*

     Re:    U.S. Utility Patent Application
               Appl. No. 14/457,593; Filing Date: August 12, 2014
               For:   **Electronic Messaging Exchange**
               Inventors:   HODGE *et al.*
               Our Ref:    3210.0150005

Commissioner:

    Transmitted herewith for appropriate action is a document entitled ***Preliminary Amendment Under 37 C.F.R. § 1.115*** which is submitted electronically through EFS-Web.

    In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

    The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                     Respectfully submitted,

                     STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                     Michael D. Specht
                     Attorney for Applicant
                     Registration No. 54,463

MDS/JXR/t-m
Enclosure

1977404_1

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/457,593 | Filing Date<br>08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:**  ☒ LARGE   ☐ SMALL   ☐ MICRO

### APPLICATION AS FILED – PART I

(Column 1)    (Column 2)

| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

(Column 1)    (Column 2)    (Column 3)

| | **03/20/2015** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| **A M E N D M E N T** | Total (37 CFR 1.16(i)) | * 24 | Minus | ** 20 | = 4 | x $80 = | 320 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **320** |

(Column 1)    (Column 2)    (Column 3)

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| **A M E N D M E N T** | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

LIE
/KIMBERLY WHITE/

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**PUBLICATION NOTICE**

*OC000000073384401*

**Title:** Electronic Messaging Exchange

**Publication No.** US-2015-0043721-A1
**Publication Date:** 02/12/2015

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

# PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number
**14/457,593**

## APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 280 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 600 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 720 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | | | OR | x 80 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 2 | minus 3 = * | | | | x 420 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1600 |

## APPLICATION AS AMENDED - PART II

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 2653 | 1740 | 3210.0150005 | 20 | 2 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**UPDATED FILING RECEIPT**


*OC000000071655607*

Date Mailed: 11/04/2014

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Stephen HODGE, Aubry, TX;
David Woody, Allen, TX;

**Applicant(s)**

Global Tel*Link Corp., Reston, VA

**Power of Attorney:** The patent practitioners associated with Customer Number 26111

**Domestic Priority data as claimed by applicant**

This application is a CON of 13/941,382 07/12/2013
which is a CON of 12/802,641 06/10/2010 PAT 8488756
which is a CON of 10/996,795 11/24/2004 PAT 7742581

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 08/20/2014
The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/457,593**
**Projected Publication Date:** 02/12/2015
**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

     Electronic Messaging Exchange

**Preliminary Class**

     379

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**NOTICE**

*OC000000071655608*

Date Mailed: 11/04/2014

## INFORMATIONAL NOTICE TO APPLICANT

Applicant is notified that the above-identified application contains the deficiencies noted below. No period for reply is set forth in this notice for correction of these deficiencies. However, if a deficiency relates to the inventor's oath or declaration, the applicant must file an oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each actual inventor no later than the expiration of the time period set in the "Notice of Allowability" to avoid abandonment. See 37 CFR 1.53(f).

The item(s) indicated below are also required and should be submitted with any reply to this notice to avoid further processing delays.

• A properly executed inventor's oath or declaration has not been received for the following inventor(s):
Stephen HODGE
David Woody

page 1 of 1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 6317 |
| GLOBAL TEL*LINK CORP. | Art Unit: 2653 |
| Appl. No.: 14/457,593 | Examiner: To be assigned |
| Filed: August 12, 2014 | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

**Preliminary Amendment Under 37 C.F.R. § 1.115 and Reply to Notice of Omitted Item(s) in a Nonprovisional Application**

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

In advance of prosecution, Applicant submits the following amendments and remarks.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Amendments to the Drawings begin on page 7 of this paper and include both an attached replacement sheet and an annotated sheet showing changes.

Remarks and Arguments begin on page 8 of this paper.

It is not believed that extensions of time are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any additional fees required to continue prosecution or appeal of this application (including issue fee, fees for net addition of claims or forwarding to appeal) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -                          GLOBAL TEL*LINK CORP.
                               Appl. No. 14/457,593

### *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1.      (Original)     A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a message and transmit the message via a data connection; and

a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user, the control platform including:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

wherein the user device is located outside the facility.

2.      (Currently Amended) The system of claim [[21]] 1, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods.

Atty. Dkt. No. 321.0150005

- 3 -

GLOBAL TEL*LINK CORP.
Appl. No. 14/457,593

3.      (Currently Amended) The system of claim [[22]] 1, wherein the plurality of input methods include at least one of a text input and a voice input.

4.      (Currently Amended) The system of claim [[21]] 1, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message.

5.      (Currently Amended) The system of claim [[24]] 4, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message.

6.      (Currently Amended) The system of claim [[21]] 1, wherein the control platform is further configured to convert the message from a text format into a voice format.

7.      (Currently Amended) The system of claim [[21]] 1, wherein the control platform is further configured to convert the message from a voice format into a text format.

8.      (Currently Amended) The system of claim [[21]] 1, wherein the terminal is further configured to authenticate the local user.

- 4 -                                           GLOBAL TEL*LINK CORP.
                                                Appl. No. 14/457,593

9.      (Currently Amended) The system of claim [[28]] 8, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

10.     (Currently Amended) The system of claim [[28]] 8, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.     (Currently Amended) The system of claim [[28]] 8, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

12.     (Currently Amended) The system of claim [[28]] 8, wherein the control platform allows an administrator to monitor messages.

13.     (Original)       A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

        a control platform configured to receive a message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

        a terminal configured to receive the message via a data connection and provide the message to an inmate of the facility,

        wherein the control platform includes:

Atty. Dkt. No. 321.0150005

- 5 -

GLOBAL TEL*LINK CORP.
Appl. No. 14/457,593

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.    (Currently Amended) The system of claim [[33]] 13, wherein the control platform is further configured to convert the message from a non-voice format into a voice format.

15.    (Currently Amended) The system of claim [[33]] 13, wherein the control platform is further configured to convert the message from a voice format into a text format.

16.    (Currently Amended) The system of claim [[33]] 13, wherein the terminal is further configured to authenticate the local user.

17.    (Currently Amended) The system of claim [[36]] 16, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

- 6 -                                   GLOBAL TEL*LINK CORP.
                                        Appl. No. 14/457,593

18.     (Currently Amended) The system of claim [[35]] <u>15</u>, wherein the terminal is further configured to alert the local user that a message has been received.

19.     (Currently Amended) The system of claim [[35]] <u>15</u>, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

20.     (Currently Amended) The system of claim [[35]] <u>15</u>, wherein the control platform is further configured to notify the local user when a message is received.

GLOBAL TEL*LINK CORP.
Appl. No. 14/457,593

### *Amendments to the Drawings*

In reply to the Notice of Omitted Item(s) in a Nonprovisional Application dated August 20, 2014, Applicant hereby selects option (III)(B)(2) – Applicant accepts the application as deposited, but wishes to add the subject matter in the omitted item (FIG. 6) by relying on an incorporation by reference under 37 C.F.R. § 1.57.

In compliance with 37 C.F.R. § 1.121(d), Applicant hereby adds missing Figure 6 as new drawing sheet 1.   In compliance with 35 U.S.C. 132(a), because of an incorporation by reference under 37 C.F.R. § 1.57 of parent U.S. Application No. 13/941,382 (see e.g., ¶ [0001] of filed specification), no new matter is hereby added. The missing Figure 6 added here can be found in its entirety as Figure 6 in parent Application No. 13/941,382.

- 8 -                                          GLOBAL TEL*LINK CORP.
                                                   Appl. No. 14/457,593

### *Remarks*

Upon entry of the foregoing amendment, claims 1-20 are pending in the application, with claims 1 and 13 being the independent claims. Claims 2-20 are sought to be amended. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Atty. Dkt. No. 321.0150005

- 9 -                                      GLOBAL TEL*LINK CORP.
                                           Appl. No. 14/457,593

## *Conclusion*

Prompt and favorable consideration of this Preliminary Amendment is respectfully requested. Applicant believes the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

                              Respectfully submitted,

                              STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                              Carlos Perez-Toro
                              Attorney for Applicant
                              Registration No. 69,978

Date: _10/30/2014_

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1896464_1.DOCX

Atty. Dkt. No. 321.0150005

Inventors: HODGE et al.
Appl. No. 14/457,593
Attorney Docket No. 3210.0150005
Sheet 1 of 1
NEW SHEET



FIG. 6

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14457593 |
| **Filing Date:** | 12-Aug-2014 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| Extension - 1 month with $0 paid | 1251 | 1 | 200 | 200 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **200** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 20543932 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen  HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Carlos Rafael Perez Toro/lynette miller |
| **Filer Authorized By:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 30-OCT-2014 |
| **Filing Date:** | 12-AUG-2014 |
| **Time Stamp:** | 09:18:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 200 |
| RAM confirmation Number | 11459 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | | 3210_0150005_prelimamend.<br>pdf | 272714<br><br>79e7bcc71769a4bfa387cb6c51b378d1227<br>29734 | yes | 12 |
|---|---|---|---|---|---|

| **Multipart Description/PDF files in .zip description** | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Miscellaneous Incoming Letter | 1 | 1 |
| Extension of Time | 2 | 2 |
| Preliminary Amendment | 3 | 3 |
| Claims | 4 | 8 |
| Applicant Arguments/Remarks Made in an Amendment | 9 | 11 |
| Drawings-only black and white line drawings | 12 | 12 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30105<br><br>97fbd8facd8d100987c8fde4b95d8efa8e55<br>745a | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |

| **Total Files Size (in bytes):** | 302819 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**CARLOS PEREZ-TORO**
ASSOCIATE
(202) 772-8636
CPEREZ@SKGF.COM

October 30, 2014

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

_**Confirmation No. 6317**_
_**Art Unit 2653**_
_**Attn:  Mail Stop Missing Parts**_

Re:   U.S. Utility Patent Application
       Appl. No. 14/457,593; Filing Date: August 12, 2014
       For:   **Electronic Messaging Exchange**
       Inventors:  HODGE _et al._
       Our Ref:  321.0150005

Commissioner:

Transmitted herewith for appropriate action are the following documents:

1.   Online Credit Card Payment Authorization in the amount of $200.00 to cover: $200.00 Extension of Time Fee (1 month);

2.   Petition for Extension of Time Under 37 C.F.R. § 1.136(a);

3.   Preliminary Amendment Under 37 C.F.R. § 1.115 and Reply to Notice of Omitted Item(s) in a Nonprovisional Application; and

4.   One (1) Drawing Sheet (Figure 6).

The above-listed documents are filed electronically through EFS-Web.

In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

Fee payment is provided through online credit card payment.  The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Carlos Perez-Toro
Attorney for Applicant
Registration No. 69,978

CPT/lam
Enclosures

1898454_1.DOCX

PTO/SB/22 (03-13)
Approved for use through 3/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) | Docket Number (Optional) 321.0150005 |
|---|---|

| Application Number 14/457,593 | Filed August 12, 2014 |
|---|---|

| For Electronic Messaging Exchange |
|---|

| Art Unit 2653 | Examiner To be assigned |
|---|---|

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above-identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

|  |  | Fee | Small Entity Fee | Micro Entity Fee |  |
|---|---|---|---|---|---|
| [X] | One month (37 CFR 1.17(a)(1)) | $200 | $100 | $50 | $ 200.00 |
| [ ] | Two months (37 CFR 1.17(a)(2)) | $600 | $300 | $150 | $ |
| [ ] | Three months (37 CFR 1.17(a)(3)) | $1,400 | $700 | $350 | $ |
| [ ] | Four months (37 CFR 1.17(a)(4)) | $2,200 | $1,100 | $550 | $ |
| [ ] | Five months (37 CFR 1.17(a)(5)) | $3,000 | $1,500 | $750 | $ |

[ ] Applicant asserts small entity status. See 37 CFR 1.27.

[ ] Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

[ ] A check in the amount of the fee is enclosed.

[ ] Payment by credit card. Form PTO-2038 is attached.

[ ] The Director has already been authorized to charge fees in this application to a Deposit Account.

[X] The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to
Deposit Account Number _____ 19-0036 _____.

[X] Payment made via EFS-Web.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

[ ] applicant/inventor.

[ ] assignee of record of the entire interest. See 37 CFR 3.71. 37 CFR 3.73(b) statement is enclosed (Form PTO/SB/96).

[ ] attorney or agent of record. Registration number _____

[X] attorney or agent acting under 37 CFR 1.34. Registration number _____ 69,978 _____

| /Signature/ | October 30, 2014 |
|---|---|
| Signature | Date |
| Carlos Perez-Toro | (202) 371-2600 |
| Typed or printed name | Telephone Number |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

[X] * Total of _____ 1 _____ forms are submitted.

This collection of information is required by 37 CFR 1.136(a). The information is required to obtain or retain a benefit by the public, which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 6 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 14/457,593 | Filing Date 08/12/2014 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☒ LARGE  ☐ SMALL  ☐ MICRO

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **10/30/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 20 | Minus ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/TAMIE JARRETT/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



### United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/457,593 | 08/12/2014 | Stephen HODGE | 3210.0150005 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FORMALITIES LETTER**

*OC000000070301467*

Date Mailed: 08/20/2014

## NOTICE OF OMITTED ITEM(S) IN A NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

A filing date has been accorded to the above-identified nonprovisional application papers; however, the following item(s) appear to have been omitted from the application:

- Figure(s) **6** described in the specification.

Applicant must reply to this notice within the time period set forth in this notice to avoid abandonment of this application. Applicant must select one of the three following options and the reply must comply with the requirements set forth in the selected option and any other requirements set forth in this notice. The reply should also indicate which option applicant has selected.

**I. Petition for date of deposit:** Should applicant contend that the above-noted omitted item(s) was in fact deposited in the U.S. Patent and Trademark Office (USPTO) with the nonprovisional application papers, a copy of this Notice and a petition (and the petition fee set forth in 37 CFR 1.17(f) with evidence of such deposit **must** be filed within **TWO MONTHS** of the date of this Notice. The petition fee will be refunded if it is determined that the item(s) was received by the USPTO. **THIS TWO MONTH PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b).**

**II. Petition for later filing date:** Should applicant desire to supply the omitted item(s) and accept the date that such omitted item(s) was filed in the USPTO as the filing date of the above-identified application, a copy of this Notice, the omitted item(s), and a petition under 37 CFR 1.182 with the petition fee set forth in 37 CFR 1.17(f) requesting the later filing date **must** be filed within **TWO MONTHS** of the date of this Notice. **THIS TWO MONTH PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b).**
Applicant is advised that generally the filing fee required for an application is the filing fee in effect on the filing date accorded the application and that payment of the requisite basic filing fee on a date later than the filing date of the application requires payment of a surcharge (37 CFR 1.16(f)). To avoid processing delays and payment of a surcharge, applicant should submit any balance due for the requisite filing fee based on the later filing date being requested when submitting the omitted item(s) and the petition (and petition fee) requesting the later filing date.

**III. Acceptance of application as deposited:** Applicant may accept the application as deposited in the USPTO by filing an appropriate amendment as set forth in either (A) or (B) below within **TWO MONTHS** of the date of this Notice. **THIS TWO MONTH PERIOD IS EXTENDABLE UNDER 37 CFR 1.136(a) or (b)** . The application will maintain a filing date as of the date of deposit of the application papers in the USPTO, and original application papers (i.e., the original disclosure of the invention) will include only those application papers present in the USPTO on the date of deposit. A petition is not required for this option.

**(A)** If applicant wants to accept the application as deposited without adding the subject matter that was in the omitted item (e.g., a missing page or figure), applicant is required to submit one or more of the following items without adding any new matter (see 35 U.S.C. 132(a)):

1. For a missing page of the specification,
   a) a substitute specification including claims that amends the specification to renumber the pages consecutively and cancels any incomplete sentences, and
   b) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125;
2. For a missing figure of the drawings,
   a) replacement drawing sheets in compliance with 37 CFR 1.121(d) to renumber the drawing figures consecutively (if necessary),
   b) a substitute specification excluding claims that amends the specification to cancel any references to any omitted drawing(s) and corrects the references in the specification to the drawing figures to correspond with any relabeled drawing figures, and
   c) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125;
3. For a missing page of the claim listing only, a replacement claim listing with the claims renumbered consecutively or, if amendment to the claims is also necessary, then a complete claim listing in compliance with 37 CFR 1.121(c);
4. For a missing or unreadable compact disc,
   a) a substitute specification (excluding the claims) deleting the reference to the compact disc and the files contained on the compact disc, and
   b) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125; and
5. For a missing or unreadable file submitted on a compact disc,
   a) a substitute specification (excluding the claims) deleting the reference to the missing or unreadable file, and a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125; and
   b) a replacement transmittal letter listing all of the files except the missing or unreadable file in compliance with 37 CFR 1.52(e)(3)(ii).

**(B)** Alternatively, if applicant wants to accept the application as deposited but wishes to add the subject matter in the omitted item (e.g., a missing page or figure) by relying on an incorporation by reference under 37 CFR 1.57 or other portions of the original disclosure, applicant is required to submit one or more of the following items without adding any new matter (see 35 U.S.C. 132(a)):

1. To add the subject matter in a missing page of specification,
   a) a substitute specification excluding claims and
   b) a statement that the substitute specification includes no new matter, in compliance with 37 CFR 1.121(b)(3) and 1.125;
2. To add a missing figure of the drawings, new and replacement drawing sheets in compliance with 37 CFR 1.121(d);
3. To add the subject matter in a missing page of the claim listing, a complete claim listing in compliance with 37 CFR 1.121(c) (e.g., a claim in the missing page should be submitted as a new claim);
4. To add the subject matter in a missing or unreadable compact disc,
   a) a replacement compact disc and a duplicate copy of the compact disc, in compliance with 37 CFR 1.52(e); and
   b) a statement that the replacement compact disc contains no new matter in compliance with 37 CFR 1.52(e)(4); and,
5. To add the subject matter in a missing or unreadable file submitted on a compact disc,
   a) a replacement compact disc that contains all of the files listed in the specification including the missing or unreadable file and a duplicate copy of the compact disc, in compliance with 37 CFR 1.52(e); and

   b) a statement that the replacement compact disc contains no new matter in compliance with 37 CFR 1.52(e)(4).

If applicant is relying on an incorporation by reference under 37 CFR 1.57 to add the omitted subject matter, then applicant must also comply with the requirements of 37 CFR 1.57.

Applicant is cautioned that correction of the above items may cause the specification and drawings page count to exceed 100 pages. If the specification and drawings exceed 100 pages, applicant will need to submit the required application size fee.

**Items Required To Avoid Processing Delays:**

Applicant is notified that the above-identified application contains the deficiencies noted below. No period for reply is set forth in this notice for correction of these deficiencies. However, if a deficiency relates to the inventor's oath or declaration, the applicant must file an oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each actual inventor no later than the expiration of the time period set in the "Notice of Allowability" to avoid abandonment. See 37 CFR 1.53(f).

   • A properly executed inventor's oath or declaration has not been received for the following inventor(s):
      Stephen HODGE
      David Woody

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

              Replies should be mailed to:

                    Mail Stop Missing Parts
                    Commissioner for Patents
                    P.O. Box 1450
                    Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web, including a copy of this Notice and selecting the document description "Applicant response to Pre-Exam Formalities Notice". https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or visit our website at http://www.uspto.gov/ebc.

       If you are not using EFS-Web to submit your reply, you must include a copy of this notice.


       /masfaw/
_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number |
|---|
| 14/457,593 |

### APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE($) | FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 280 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 600 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 720 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | | | OR | x 80 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 2 | minus 3 = * | | | | x 420 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1600 |

### APPLICATION AS AMENDED - PART II

**AMENDMENT A**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT B**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/457,593 | 08/12/2014 | 2653 | 1740 | 3210.0150005 | 20 | 2 |

**CONFIRMATION NO. 6317**

26111
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

**FILING RECEIPT**

*OC000000070301466*

Date Mailed: 08/20/2014

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Stephen HODGE, Aubry, TX;
David Woody, Allen, TX;

**Applicant(s)**

Global Tel*Link Corp., Reston, VA

**Power of Attorney:** The patent practitioners associated with Customer Number 26111

**Domestic Priority data as claimed by applicant**

This application is a CON of 13/941,382 07/12/2013
which is a CON of 12/802,641 06/10/2010 PAT 8488756
which is a CON of 10/996,795 11/24/2004 PAT 7742581

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 08/20/2014
The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/457,593**
**Projected Publication Date:** To Be Determined - pending completion of Omitted Items
**Non-Publication Request:** No

page 1 of 3

**Early Publication Request:** No
**Title**

      Electronic Messaging Exchange

**Preliminary Class**

      379

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

PTO/AIA/15 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| Attorney Docket No. | 3210.0150005 |
|---|---|
| First Named Inventor | Stephen HODGE |
| Title | Electronic Messaging Exchange |
| Express Mail Label No. | |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

1. [ ] **Fee Transmittal Form**
(PTO/SB/17 or equivalent)

2. [ ] **Applicant asserts small entity status.**
See 37 CFR 1.27

3. [ ] **Applicant certifies micro entity status.** See 37 CFR 1.29.
Applicant must attach form PTO/SB/15A or B or equivalent.

4. [X] **Specification** [Total Pages ___24___]
Both the claims and abstract must start on a new page.
(See MPEP § 608.01(a) for information on the preferred arrangement)

5. [X] **Drawing(s)** (35 U.S.C. 113) [Total Sheets ___6___]

6. **Inventor's Oath or Declaration** [Total Pages ___]
(including substitute statements under 37 CFR 1.64 and assignments
serving as an oath or declaration under 37 CFR 1.63(e))

   a. [ ] **Newly executed (original or copy)**

   b. [ ] **A copy from a prior application (37 CFR 1.63(d))**

7. [X] **Application Data Sheet** *See note below.*
See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. [ ] **CD-ROM or CD-R**
in duplicate, large table, or Computer Program (Appendix)
   [ ] Landscape Table on CD

9. **Nucleotide and/or Amino Acid Sequence Submission**
(if applicable, items a. – c. are required)

   a. [ ] **Computer Readable Form (CRF)**

   b. [ ] Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper

   c. [ ] Statements verifying identity of above copies

**ADDRESS TO:**

**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

## ACCOMPANYING APPLICATION PAPERS

10. [ ] **Assignment Papers**
(cover sheet & document(s))
Name of Assignee  Global Tel*Link Corp.

11. [ ] **37 CFR 3.73(c) Statement**   [X] Power of Attorney
(when there is an assignee)

12. [ ] **English Translation Document**
(if applicable)

13. [X] **Information Disclosure Statement**
(PTO/SB/08 or PTO-1449)
   [ ] Copies of citations attached

14. [ ] **Preliminary Amendment**

15. [ ] **Return Receipt Postcard**
(MPEP § 503) (Should be specifically itemized)

16. [ ] **Certified Copy of Priority Document(s)**
(if foreign priority is claimed)

17. [ ] **Nonpublication Request**
Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35
or equivalent.

18. [X] **Other:**  Authorization Under 37 CFR 1.136(a)(3)

**\*Note:** (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an
assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary
interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[X] The address associated with Customer Number: ___26111___   OR [ ] Correspondence address below

| Name | |
|---|---|
| Address | |
| City | | State | | Zip Code | |
| Country | | Telephone | | Email | |

| Signature | | Date | August 12, 2014 |
|---|---|---|---|
| Name (Print/Type) | Carlos Perez-Toro | Registration No. (Attorney/Agent) | 69,978 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO
to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete,
including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on
the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and
Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND
TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: To be assigned |
| Global Tel*Link Corp. | Art Unit: To be assigned |
| Appl. No.: To be assigned (*Continuation of Appl. No. 13/941,382; Filed: July 12, 2013*) | Examiner: To be assigned |
| Filed: Herewith | Atty. Docket: 3210.0150005 |
| For: **Electronic Messaging Exchange** | |

## Authorization to Treat a Reply as Incorporating an Extension of Time Under 37 C.F.R. § 1.136(a)(3)

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Commissioner:

The U.S. Patent and Trademark Office is hereby authorized to treat any concurrent or future reply that requires a petition for an extension of time under this paragraph for its timely submission, as incorporating a petition for extension of time for the appropriate length of time. The U.S. Patent and Trademark Office is hereby authorized to charge all required extension of time fees to our Deposit Account No. 19-0036, if such fees are not otherwise provided for in such reply.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Carlos Perez-Toro
Attorney for Applicant
Registration No. 69,978

Date: __August 12, 2014__
1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1873933_1.DOCX

PTO AIA/14 Equivalent (December 2013)

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐      Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

### Inventor 1 Legal Name:

| Given Name: | Middle Name: | Family Name: | Suffix |
|---|---|---|---|
| Stephen | | HODGE | |

**Residence Information (Select One):**
☒ US Residency    ☐ Non US Residency    ☐ Active US Military Service

| City: Aubry | State/Province: TX | Country of Residence: US |
|---|---|---|

**Mailing Address of Inventor:**

| Address 1: | 12184 FM 428 | |
|---|---|---|
| Address 2: | | |
| City: | Aubry | State/Province: | TX |
| Postal Code: | 76227 | Country: | US |

### Inventor 2 Legal Name:

| Given Name: | Middle Name: | Family Name: | Suffix |
|---|---|---|---|
| David | | WOODY | |

**Residence Information (Select One):**
☒ US Residency    ☐ Non US Residency    ☐ Active US Military Service

| City: Allen | State/Province: TX | Country of Residence: US |
|---|---|---|

**Mailing Address of Inventor 2:**

| Address 1: | 5807 Rathbone Drive | |
|---|---|---|
| Address 2: | | |
| City: | Allen | State/Province: | TX |
| Postal Code: | 75002 | Country: | US |

## Correspondence Information:

| **Customer Number** | 26111 |
|---|---|

## Application Information:

| Title of Invention: | Electronic Messaging Exchange | |
|---|---|---|
| Attorney Docket Number: | 3210.0150005 | Small Entity Status Claimed ☐ |
| Application Type (e.g., Nonprovisional, Provisional): | | Nonprovisional |

- 1 -

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

| Subject Matter (e.g., utility, plant, design): | | utility | |
|---|---|---|---|
| Total Number of Drawing Sheets (if any): | 6 | Suggested Figure for Publication (if any): | |

### Filing by Reference:

Only compete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

### Publication Information:

| | |
|---|---|
| ☐ | **Request Early Publication** (Fee required at time of Request 37 CFR 1.219) |
| ☐ | **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application has not and will not be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing. |

### Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the Customer Number will be used for the Representative Information during processing.

| Customer Number | 26111 |
|---|---|

### Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the application number blank.

| Application Number | Continuity Type | Prior Application Status | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
|---|---|---|---|---|---|---|
| | Continuation of | Pending | 13/941,382 | 2013-07-12 | | |
| 13/941,382 | Continuation of | Patented | 12/802,641 | 2010-06-10 | 8,488,756 | 2013-07-16 |
| 12/802,641 | Continuation of | Patented | 10/996,795 | 2004-11-24 | 7,742,581 | 2010-06-22 |

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 3210.0150005 |
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |

### *Foreign Priority Information:*

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX) the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| Application Number | Country | Filing Date (YYYY-MM-DD) | Access Code (if applicable) |
| | | | |

### *Statement under 37 CFR 1.55 and 1.78 for AIA (First Inventor to File) Transition Applications*

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 and 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

### *Authorization to Permit Access:*

☒ *Authorization to Permit Access to the Instant Application by the Participating Offices*

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed, 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application, and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing this Authorization.

### *Applicant Information:*

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of the CFR to have an assignment recorded by the Office.

#### Applicant 1

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

| ☒ Assignee | ☐ Legal Representative under 35 U.S.C. 117 | ☐ Joint Inventor |
|---|---|---|

☐ Person to whom the inventor is obligated to assign      ☐ Person who shows sufficient proprietary interest

If Applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

☐ Deceased          ☐ Legally Incapacitated

Name of the Deceased or Legally Incapacitated Inventor:

If the Applicant is an Organization check here: ☒

Organization Name:        Global Tel*Link Corp.

### *Mailing Address Information for Applicant:*

| **Address 1:** | 12021 Sunset Hills Road, Suite 100 | | |
|---|---|---|---|
| **Address 2:** | | | |
| **City:** | Reston | **State/Province:** | VA |
| **Country:** | US | **Postal Code:** | 20190 |

### *Assignee Information including Non-Applicant Assignee Information:*

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 CFR to have an assignment recorded by the Office.

### Assignee 1

Complete this section only if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

If the Assignee or Non-Applicant Assignee is an Organization check here: ☐

| **Given Name:** | **Middle Name:** | **Family Name:** |
|---|---|---|
| | | |

### *Mailing Address Information for Assignee including Non-Applicant Assignee:*

| **Address 1:** | | | |
|---|---|---|---|
| **Address 2:** | | | |
| **City** | | **State/Province** | |
| **Country** | | **Postal Code** | |

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 3210.0150005 |
|---|---|---|
| | Application Number | To be assigned |

| Title of Invention | Electronic Messaging Exchange |
|---|---|

**Signature:**

NOTE: This form must be signed in accordance with 37 CFR 1.33.  See 37 CF 1.4 for signature requirements and certifications.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Carlos Perez-Toro
Attorney for Applicants
Registration No. 69,978

Date:   August 12, 2014

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600
cperez@skgf.com

1873934_1.DOCX

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA/82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| Application Number | To be assigned |
|---|---|
| Filing Date | |
| First Named Inventor | Stephen HODGE |
| Title | Electronic Messaging Exchange |
| Art Unit | To be assigned |
| Examiner Name | To be assigned |
| Attorney Docket Number | 3210.0150003 |

### SIGNATURE of Applicant or Patent Practitioner

| Signature | | Date (Optional) | August 12, 2014 |
|---|---|---|---|
| Name | Carlos Perez-Toro | Registration Number | 69,978 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

[X] *Total of ___1___ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[X] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:   26111

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[X] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:   26111

OR

| Firm or Individual Name | |
|---|---|
| Address | |
| City | | State | | Zip | |
| Country | |
| Telephone | | Email | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

Global Tel*Link Corp.

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[X] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

## SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | [signature] | Date (Optional) | 6-11-20/4 |
|---|---|---|---|
| Name | Stephen Hodge | | |
| Title | Senior Vice President | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[X] Total of   1   forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.:  To be assigned |
| Global Tel*Link Corp. | Art Unit:  To be assigned |
| Appl. No.:  To be assigned | Examiner:  To be assigned |
| Filed:  Herewith | Atty. Docket:  3210.0150005 |
| For:  **Electronic Messaging Exchange** | |

## Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Commissioner:

Listed on accompanying IDS Forms PTO/SB/08a equivalent and PTO/SB/08b equivalent are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Where the publication date of a listed document does not provide a month of publication, the year of publication of the listed document is sufficiently earlier than the effective U.S. filing date and any foreign priority date so that the month of publication is not in issue.  Applicant has listed publication dates on the attached IDS Forms based on information presently available to the undersigned.  However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Global Tel*Link Corp.
Appl. No. To be assigned

Applicant reserves the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist.  The Examiner is specifically requested not to rely solely on the material submitted herewith.

Applicant has checked the appropriate boxes below.

☐ 1.   Statement under 37 C.F.R. 1.704(d). Each item of information contained in this Information Disclosure Statement: (i) was first cited in any communication from a patent office in a counterpart[1] foreign or international application or from the Office; and this communication was not received by any individual designated in Sec. 1.56(c) more than thirty days prior to the filing of this information disclosure statement; OR (ii) is a communication that was issued by a patent office in a counterpart foreign or international application or by the Office, and this communication was not received by any individual designated in Sec. 1.56(c) more than thirty days prior to the filing of the information disclosure statement.

_____

[1] The term counterpart foreign patent application means that a claim for priority has been made in either the U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical (e.g., an application filed in the European Patent Office claiming the same U.K. priority as claimed in the U.S. application).

- 3 -                                    Global Tel*Link Corp.
                                         Appl. No. To be assigned

☒ 2.   Filing under 37 C.F.R. § 1.97(b). This Information Disclosure Statement is being

       filed within three months of the date of filing of a national application other than

       a continued prosecution application (CPA), OR within three months of the date of

       entry of the national stage as set forth in 37 C.F.R. § 1.491 in an international

       application, OR before the mailing date of a first Office Action on the merits OR

       before the mailing of a first Office Action after the filing of a request for

       continued examination under 37 C.F.R. § 1.114. No statement or fee is required.

☐ 3.   Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being

       filed more than three months after the U.S. filing date AND after the mailing date

       of the first Office Action on the merits, but before the mailing date of a Final

       Rejection, or Notice of Allowance, or an action that otherwise closes prosecution

       in the application.

              ☐ a.   Statement under 37 C.F.R. § 1.97(e)(1). I hereby state that each

                     item of information contained in this Information Disclosure

                     Statement was first cited in any communication from a foreign

                     patent office in a counterpart foreign application not more than

                     three months prior to the filing of this Information Disclosure

                     Statement. 37 C.F.R. § 1.97(e)(1).

              ☐ b.   Statement under 37 C.F.R. § 1.97(e)(2). I hereby state that no item

                     of information in this Information Disclosure Statement was cited

                     in a communication from a foreign patent office in a counterpart

                     foreign application and, to my knowledge after making reasonable

                                                                Atty. Dkt. No. 3210.0150005

- 4 -                                    Global Tel*Link Corp.
                                        Appl. No. To be assigned

inquiry, was known to any individual designated in 37 C.F.R.

§ 1.56(c) more than three months prior to the filing of this

Information Disclosure Statement. 37 C.F.R. § 1.97(e)(2).

☐ c.  The required fee is provided through online credit card payment
       authorization in the amount of $180.00 in payment of the fee
       under 37 C.F.R. § 1.17(p).

☐ 4.  Filing under 37 C.F.R. § 1.97(d) This Information Disclosure Statement is being
       filed more than three months after the U.S. filing date and after the mailing date
       of a Final Rejection or Notice of Allowance, but on or before payment of the
       Issue Fee.  The required fee is provided through online credit card payment
       authorization in the amount of $180.00 in payment of the fee under 37 C.F.R.
       § 1.17(p); in addition:

       ☐ a.  Statement under 37 C.F.R. § 1.97(e)(1). I hereby state that each
              item of information contained in this Information Disclosure
              Statement was first cited in any communication from a foreign
              patent office in a counterpart foreign application not more than
              three months prior to the filing of this Information Disclosure
              Statement. 37 C.F.R. § 1.97(e)(1).

       ☐ b.  Statement under 37 C.F.R. § 1.97(e)(2). I hereby state that no item
              of information in this Information Disclosure Statement was cited
              in a communication from a foreign patent office in a counterpart
              foreign application and, to my knowledge after making reasonable

Atty. Dkt. No. 3210.0150005

- 5 -                                          Global Tel*Link Corp.
                                               Appl. No. To be assigned

inquiry, was known to any individual designated in 37 C.F.R. § 1.56(c) more than three months prior to the filing of this Information Disclosure Statement. 37 C.F.R. § 1.97(e)(2).

☐ 5.   The document(s) was/were cited in a search report by a foreign patent office in a counterpart foreign application.  Submission of an English language version of the search report that indicates the degree of relevance found by the foreign office is provided in satisfaction of the requirement for a concise explanation of relevance. 1138 OG 37, 38 and MPEP 609.04(a)(III).

☐ 6.   A concise explanation of the relevance of the non-English language document(s) appears below in accordance with 37 C.F.R. § 1.98(a)(3).

☒ 7.   In accordance with 37 C.F.R. § 1.98(a)(2), no copies of U.S. patents and patent application publications cited as documents **US1-US36** on the attached IDS Forms are submitted.

☒ 8.   Copies of documents **FP1-FP2** and **NPL1-NPL3** were cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application No. 10/996,795, filed November 24, 2004, Application No. 12/802,641, filed June 10, 2010 and in Application No. 13/941,382, filed June 12, 2013, which is relied upon for an earlier filing date under 35 U.S.C. § 120.  Thus, copies of these documents are not attached. 37 C.F.R. § 1.98(d).

Atty. Dkt. No. 3210.0150005

- 6 -                                             Global Tel*Link Corp.
                                                  Appl. No. To be assigned

☒ 9.   It is expected that the examiner will review the prosecution and cited art in the

parent application nos. 10/996,795, filed November 24, 2004; 12/802,641, filed

June 10, 2010 and 13/941,382, filed July 12, 2013, in accordance with MPEP

2001.06(b), and indicate in the next communication from the office that the art

cited in the earlier prosecution history has been reviewed in connection with the

present application.

☐ 10.  In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total

*Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith

Office Actions from the co-pending U.S. Patent Application No._____,

filed _____, as documents _____ to _____.

The identification of these Office Actions is not to be construed as a waiver of

secrecy as to those applications now or upon issuance of the present application

as a patent.   The Examiner is respectfully requested to consider the cited

applications and the art cited therein during examination.

It is respectfully requested that the Examiner initial and return a copy of the

enclosed IDS Forms, and indicate in the official file wrapper of this patent application

that the documents have been considered.

- 7 -                                              Global Tel*Link Corp.
                                                   Appl. No. To be assigned

The U.S. Patent and Trademark Office is hereby authorized to charge any fee

deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                                    Respectfully submitted,

                                    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.


                                    Carlos Perez-Toro
                                    Attorney for Applicant
                                    Registration No. 69,978

Date:    August 12, 2014

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1873930_1.DOCX

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 4,652,700 | 03-24-1987 | Matthews | |
| | US2 | 4,766,604 | 11-11-1988 | Valdez | |
| | US3 | 5,068,888 | 11-26-1991 | Scherk *et al.* | |
| | US4 | 5,553,145 | 09-03-1996 | Micali | |
| | US5 | 5,648,916 | 07-15-1997 | Manduley | |
| | US6 | 5,740,231 | 04-14-1998 | Cohn *et al.* | |
| | US7 | 5,805,810 | 09-08-1998 | Maxwell | |
| | US8 | 5,826,034 | 10-20-1998 | Albal | |
| | US9 | 5,872,926 | 02-16-1999 | Levac *et al.* | |
| | US10 | 5,894,558 | 04-13-1999 | Falker | |
| | US11 | 5,958,005 | 09-28-1999 | Thorne *et al.* | |
| | US12 | 5,982,506 | 11-09-1999 | Kara | |
| | US13 | 6,061,718 | 05-09-2000 | Nelson | |
| | US14 | 6,173,259 B1 | 01-09-2001 | Bijl *et al.* | |
| | US15 | 6,192,114 B1 | 02-20-2001 | Council | |
| | US16 | 6,233,318 B1 | 05-15-2001 | Picard *et al.* | |
| | US17 | 6,285,777 B2 | 09-04-2001 | Kanevsky *et al.* | |
| | US18 | 6,400,272 B1 | 06-04-2002 | Holtzman *et al.* | |
| | US19 | 6,591,367 B1 | 07-08-2003 | Kobata *et al.* | |
| | US20 | 6,606,648 B1 | 08-12-2003 | Mukundan *et al.* | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | WO 99/48054 A1 | 09-23-1999 | ASCOM HASLER MAILING SYSTEMS INC. | | |
| | FP2 | WO 99/21330 A1 | 04-29-1999 | E-STAMP CORPORATION | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

Equivalent of Form PTO/SB/08a (07-09)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 2 | of | 2 | Attorney Docket Number | 3210.0150005 |

### U.S. PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Document Number — Number-Kind Code [2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 6,665,380 B1 | 12-16-2003 | Cree *et al.* | |
| | US22 | 6,668,045 B1 | 12-23-2003 | Mow | |
| | US23 | 6,775,359 B1 | 08-10-2004 | Ron *et al.* | |
| | US24 | 6,788,771 B2 | 09-07-2004 | Manto | |
| | US25 | 6,801,932 B1 | 08-05-2004 | Picoult *et al.* | |
| | US26 | 6,850,147 B2 | 02-01-2005 | Prokoski *et al.* | |
| | US27 | 7,039,949 B2 | 05-02-2006 | Cartmell *et al.* | |
| | US28 | 7,158,621 B2 | 01-02-2007 | Bayne | |
| | US29 | 7,265,853 B1 | 09-04-2007 | Kara *et al.* | |
| | US30 | 7,277,695 B2 | 10-02-2007 | Petry *et al.* | |
| | US31 | 7,742,581 B2 | 06-22-2010 | Hodge *et al.* | |
| | US32 | 8,488,756 B2 | 07-16-2013 | Hodge *et al.* | |
| | US33 | 2002/0007453 | 01-17-2002 | Nemovicher | |
| | US34 | 2004/0029564 | 02-12-2004 | Hodge | |
| | US35 | 2006/0062355 | 03-23-2006 | Leonard | |
| | US36 | 2007/0233610 | 03-10-2009 | Gyllenskog *et al.* | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1873932_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | To be assigned |
| | | | | Filing Date | Herewith |
| | | | | First Named Inventor | Stephen Hodge |
| | | | | Art Unit | To be assigned |
| | | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 1 | Attorney Docket Number | 3210.0150005 |

| | | **NON PATENT LITERATURE DOCUMENTS** | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | ADVANCED TECHNOLOGIES GROUP, INC, White Paper: Introduction to Advanced Technologies Group, Inc. Inmate Correspondence System, August 5, 2002, American Corrections Association Annual Conference, Anaheim, California | |
| | NPL2 | ADVANCED TECHNOLOGIES GROUP, INC., Offender Management Suite: Correspondence System Brochure, printing invoice dated August 2, 2002, brochure distributed at August 2002 American Corrections Association Annual Conference, Anaheim, California | |
| | NPL3 | ADVANCED TECHNOLOGIES GROUP, INC., Correspondence System Poster, published July 29, 2002 by Exhibit-Resources Midwest, displayed at August 2002 American Corrections Association Annual Conference, Anaheim, California | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

1873931_1.DOCX

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# ELECTRONIC MESSAGING EXCHANGE

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]     This application is a Continuation Application of U.S. Application No. 13/941,382, filed July 12, 2013, which is a Continuation Application of U.S. Application No. 12/802,641, filed June 10, 2010, which is a Continuation Application of U.S. Application No. 10/996,795, filed November 24, 2004, now U.S. Patent No. 7,742,581, the entire contents of which are herein incorporated by reference.

## FIELD OF THE INVENTION

[0002]     The invention relates generally to the field of electronic messaging exchange in correctional institutions or similar facilities.  In particular, the invention discloses the use of an electronic message exchange system with the capacity to monitor, control access, and bill for usage of such a system.

## BACKGROUND OF THE INVENTION

[0003]     As electronic messaging has become commonplace with the advent of the Internet in recent years, many institutions, such as prisons, nursing homes, mental institutions, etc., have the need to offer inmates or residents controlled electronic messaging exchange access.  Common forms of interaction for inmates and residents with external parties include such mediums as site visits and telephonic communication.  While both of these methods can be useful, electronic messaging can prove to be more effective and provides an alternative to the aforementioned mediums.  For the purposes of simplicity, discussion will be limited to inmates within a correctional facility, but the discussion can easily be expanded to include residents of other institutions.

- 2 -

[0004]        Site visits from an inmate's family, attorney, etc. are often not economically or physically possible.  The inability of visitors to make site visits to the inmate results from such factors as the distance from and costs incurred to travel to the institution.   In addition, it is costly and difficult for some institutions to provide monitoring and security for the visitors and inmates.   As a result, an alternative method is necessary to allow controlled inmate communication with external parties.

[0005]        An alternative to site visits, telephonic communication, poses other problems. Some visitors may be several time zones away from the penal institution making telephonic communication difficult and even prohibitive.   Additionally, telephonic communication between external parties and inmates can prove expensive.  There are two common methods of payment available to inmates.  In the first method, a collect call is placed to an acceptable outside party.  In the second method, an inmate has an account in which money is deposited from a variety of sources and for each phone call; the cost of the call is then deducted from the account balance.  The costs vary as a result of, inter alia, different service providers for different facilities.  Usually the institutions contract a service provider to install, operate and maintain the facility's system.  As a result, costs for calls within the penal institution are generally much more than for similar calls made outside of the institution.

[0006]        From the standpoint of the institution, inmate telephone usage can prove expensive, as it is necessary to monitor and record the activities of each of the residents in order to properly charge each individual caller for his or her outgoing calls.  There are three common methods for monitoring telephone calls:   live monitoring, passive monitoring and monitoring via a standard recording device.  One such system known in the art provides a computer-based telecommunication system for the purpose of allowing an institution to control, monitor, record and report usage and access to a telephone network.  In addition, the institution controls whom the inmate can or cannot call.

[0007]        Electronic messaging, such as emailing and instant messaging, has become prominent in recent years as a medium of information transfer.  While there is good reason to provide inmates with electronic messaging access, there is also a necessity to control the inmate's access to sending and receiving electronic messages.  There have been instances where email has been banned from prisons, even when received via a printed form, resulting from, inter alia, a lack of secure control methods.  System control

is necessary to prevent harassing messages to outside parties, to prevent fraudulent activities, etc. Therefore, systems in such environments must monitor and control the electronic messaging activity of each inmate. Systems should also have a means of maintaining electronic messaging records for each inmate. The system should include a means for communicating with emailed parties to enable the contacted parties to prevent future emails from inmates. The same holds true for instant messaging. In short, the communications system used in a regulated institution must employ unique monitoring and control functions often unnecessary in other types of electronic messaging exchange systems. Further, an exchange system in institutions should reduce the workload burden of the correctional facility while provide security through intelligence gathering capabilities.

[0008]    In order for the methods of monitoring and control to be effective, it is important to prevent inmates from exploiting any loop-holes that can be used to bypass the control features of the system. This control is vital to ensure that the inmate does not access blocked addresses, for example, to perpetrate additional criminal activities or harass certain parties.

[0009]    An electronic messaging system with restricted access should be able to perform the same functions as a normal electronic messaging system. The system should provide keyword scans, translation, file preparation, encryption, control over sent and received electronic messages to and from external sources, a billing method, etc. While there are systems that provide for some of these features, there is no system that provides a comprehensive solution for electronic messaging in a correctional facility. The present invention encompasses all the elements into a single system enabling a secure electronic messaging system to be utilized in penal institutions.

[0010]    For example, systems are known in the art that filter unwanted, bulk, or junk emails, commonly referred to as "spam". The filtering can be done by a variety of methods including: sender address, sender organization, recipient address, recipient organization, attachment type, and email message content type. Each of these filtering types can be used in order to reduce "spam". The emails that pass the filtering process are then sent to a recipient or recipients. Potential "spam" is then stored in a separate location, where it is examined by either the potential recipient or a third party. If

determined to be "spam", it is deleted or moved to another folder. Another possibility is to have the potential "spam" automatically deleted without verification by a party.

[0011]    A different system provides a methodology for a computerized telecommunications system for voice to text message storage for use in correctional facilities. This system receives an external message via either voice or text. There are two storage means: a voice message box or an email inbox. If a voice message is received, it passes as a regular telephonic voice message is then stored as a voice message in the voice message box. If instead, the storage unit is an email box and a voice message is received, the voice message is converted to text and the message is then saved. The reverse happens if the message is a text message and the storage medium is a voice message box. If a text message is received and the inmate has an email in box, then the text message is saved as text. The inmate is then notified of the new message. This system can also allow the inmate to send either a text or a voice message to an external party. If it is a voice message, then no conversion occurs and the message is sent. However, if an inmate's message is in the form of text, then either a text to voice conversion occurs before being sent to the outside party or the text message is sent via email to the external party. The invention is limited in the fact that it can only handle email or voice messages.

[0012]    Yet another system known in the art provides a system and method for providing a sponsored or universal telecommunications service and third party payer services. The system discloses a method for providing a service for a sponsor to pay for communication via voice, data or multi-media services, on the behalf of others. The method further provides universal service for telecommunication voice and multimedia applications without tax or market subsidies.

[0013]    In the view of the foregoing, a need exists for an inclusive method for allowing inmates access to electronic messaging systems. The present invention provides an alternative to site visits, telephonic and other forms of communication. It also offers a secure method for using electronic messages within a correctional or similar institution, including such features as monitoring, controlling, archiving and billing.

- 5 -

## SUMMARY OF THE INVENTION

[0014]     The invention embodies an electronic message exchange system for use in penal institutions, or similar facilities and institutions.  It provides a combination of systems and services, which allow inmates and their outside contacts to communicate via written correspondence in an expedient manner.  Further, the present invention includes the capability for sending and receiving messages via a telephone and converting them as the necessary to text or similar format.  The present invention also reduces the workload of the correctional facility staff and offers increased security by providing intelligence gathering capabilities.

[0015]     The invention is designed to provide routing and identification processing, content control, translation, file preparation, and encryption.  Also, a method for billing of services rendered is included, in addition to controlling the communication limitations for the inmate through such methods as populating an allowed or disallowed contact list, and controlling the frequency, size and length of communications.  It also features alert methods for sent and received messages.

[0016]     The invention provides a secure barrier, referred to herein as the central service center or central station, through which messages are forwarded to the intended party. The central service center is designed to gather information from the messages and alert the appropriate officials of those messages that present concerns prior to being disseminated to the receiving party.

[0017]     In addition, the central service center acts as the central processing center for incoming and outgoing messages.  Its primary objective is to provide a centralized location capable of processing messages to and from approved accounts.  In the preferred embodiment of the present invention, files are created as a result of the required processes of the institution and saved in an approved format (i.e., email, printed medium, voice message, or other similar types of formats).  These files are then retrieved from or sent to the institution depending on the requirements.  The service center also serves as a repository of all messages and of all primary data captured from those messages.  Further, it serves as a web portal through which institutions and users can retrieve messages and data from those messages.

[0018]     Additionally, the central service center is preferably located remotely from the institution.  However, it is foreseeable that the central service center may be located at the

- 6 -

institution.  Outside contacts gain access to the central service center preferably via their existing Internet Service Provider (ISP).  The service center provides secure web-based access via a user-friendly interface to each outside contact through the system's software, preferably residing on a server at the service center.  In the preferred embodiment, once an account is created and payment means are established, the outside contact may log in to the central service center.  After the outside contact logs in, he or she may view a received message and/or compose a message to his or her intended recipient, such as to an inmate.  In the preferred embodiment, the outside contact's account is charged a monthly fee for the service.  In an alternative embodiment, the outside contact's account is charged by an amount commensurate with the charges for each message.  The payment method may be pre-paid or the account can be charged for later billing.  These methods will vary and are customizable based on the institution's requirements.

[0019]      Furthermore, the central service center processes messages using various criteria, including, but not limited to, the intended recipient, keyword searches, language translation, suspect criteria, etc.  Once these processes have been performed, files containing the appropriate information (i.e., a message to an inmate including necessary identification information about the sender and the recipient) are forwarded to a site server or multifunction device designated for the system, preferably located at the institution.  The institution's staff has an opportunity to view the messages according to their desired priorities prior to allowing the messages to be delivered to their intended party.  Additionally, the central service center also provides intelligence gathering and reporting capabilities, which are made available through various screens in the system software.  Administrators can access the system locally or remotely via the Internet. Certain aspects of the central service center may alternatively be incorporated into a site server, if supplied.

[0020]      The invention also provides several methods of inputting text, including, but not limited to, a computer terminal, fax and written correspondence.  In addition, an inmate may leave a voice message, which is then preferably converted to text.  Safe terminals may be provided for the inmate population, which allow inmates to type outgoing messages and view incoming messages.  In this embodiment, the safe terminals are preferably completely isolated from the Internet, connected only to the site server, and only capable of accessing the secure system software.  If an inmate handwrites a message,

- 7 -

the message is scanned and sent to the appropriate contact. Further, messages received from outside contacts may be printed onsite and once the message is approved for viewing, the printed message is sent to the inmate.

[0021]     In an alternative embodiment, an integrated system is used for both instant messaging and email, which allows inmates direct access to terminals for sending and receiving messages. In yet another different embodiment, two separate systems exist, one for instant messaging and one for email purposes. These embodiments also have a secure site (similar to the preferred embodiment) that both inmates and external parties log into in order to communicate with each other. Further, administrators can remotely access and manage the site.

[0022]     When safe terminals are incorporated into the system, the system preferably utilizes a secure user name and password for user authentication. In this embodiment, the institution pre-determines the user name and password, with the password preferably changing after a fixed interval of time or if tampering is suspected. However, to one of ordinary skill in the art, it is apparent that other forms of security measures can easily be implemented including such methods as radio frequency identification (RFID), and various biometric features. These methods can be used alone or in conjunction with any of the other security measures.

[0023]     In the preferred embodiment, each inmate has a unique recipient address or user identification that external parties can send a message to. When an outside party attempts to send an electronic message to an inmate, a series of control measures occur. The sender address is checked for authenticity and to ensure that the sender is an acceptable contact for the inmate. The acceptable contact list can be maintained via an "allowed contact list" or via a "disallowed contact list". The allowed and disallowed lists may also be used in conjunction with each other. Content control is managed as the message itself is scanned for certain keywords and phrases. If a keyword or phrase is found, the message is flagged and sent to the service center or institution for manual examination. The message is translated as necessary, and the files are prepared and encrypted. After passing through the control measures, the message is then routed to the appropriate institution for viewing on the secure terminal or printing on the multifunction device. To one knowledgeable in the art, other authentications and control measures can be easily

implemented.   For outgoing inmate messages, a series of authentications is also performed similar to that of incoming messages.

[0024]      The invention alerts the inmate of received messages preferably via the same method used by the institution for received mail.   Also, the actual message may be delivered with the mail via a printed medium.  In an alternative embodiment, the inmate is alerted after he or she successfully logs into a secure terminal, such as the aforementioned safe terminal.   In yet a different embodiment, the inmate is notified on closed circuit monitors that display a list of the inmates that have new messages.

[0025]      The preferred embodiment of the invention allows external users access to set up an account.   It provides security checks for authorizing the external user.   After the account is set up by the external party, the account holder can communicate via written messages with the desired inmate.  The invention further preferably provides a maximum limit to the amount of communication between the parties.  In the preferred embodiment, the external party's account is billed a monthly service fee.

[0026]      In an alternative embodiment, each inmate has a registered account (as opposed to the account being registered to the external party).   When the account is accessed and email is sent, the cost of the email is then deducted from the account balance.  Payment occurs from such methods as pre-paying or billing after-the-fact for usage.   A similar method can be implemented for instant messaging.   Charges can be accrued based on measures such as total number of words, total number of lines, a fixed rate for each message sent or a rate for the time the inmate is logged in, etc.

[0027]      The invention archives all incoming and outgoing messages through an automated storage database.  This database can be searched in a variety of ways to retrieve desired information, except for restricted or privileged communications that are protected by the attorney-client privilege.  These electronic messages are locked except to the authorized parties.

[0028]      In the current embodiment of the invention, when an inmate sends a message to an approved address, the recipient receives an email notification from an automated administrator stating that the inmate wishes to send the recipient a message.  If the recipient desires to receive the message, he or she then logs onto a secure site via the Internet, enters the appropriate security identification and views the message.   The recipient is required to set up an account for the purposes of monitoring the messages sent

and received.  Also, the account is preferably billed based on a monthly service fee.  All forms of forwarding or copying the message to anyone other than the original recipient are prevented.  The external recipient then has the option of sending an email back to the inmate.  Recipients can also choose to remove the inmate from their list, preventing the inmate from future contact with said recipient.

[0029]    When instant messaging is allowed by the institution, an inmate who wishes to have an instant message conversation with an approved external party sends a message to the external party through the secure site and if the party accepts, the outside party then logs onto the secure site where the instant messaging conversation then occurs.  If the external party does not respond, the inmate has the option of sending a message to attempt to set up a date and time to hold the conversation.  The message sent from the inmate to the outside party can be sent to an email address or an outside instant messaging platform.

[0030]    Therefore, it is an object of the invention to provide a comprehensive electronic message exchange system for use in penal or similar institutions.

[0031]    It is also an object of the invention to provide secure written correspondence to and from an inmate in a secure facility.

[0032]    A different object of the invention is to provide means for leaving a voice message and converting the voice message to text for viewing.

[0033]    It is another object of the invention to provide a secure platform from which electronic messaging can occur.

[0034]    It is yet another object of the invention to provide security authentication for inmates and external parties.

[0035]    It is still another object of the invention to provide translation for incoming or outgoing messages.

[0036]    It is also an object of the invention to control the list with whom an inmate can electronically converse.

[0037]    Additionally, it is an object of the invention to prevent messages from being forwarded to any additional parties by the recipient of the message.

[0038]    It is a further object of the invention to encrypt the incoming and outgoing messages within the electronic message exchange system.

- 10 -

**[0039]**     Furthermore, it is an object of the invention to provide content control for messages via such methods as keyword and phrase scanning.

**[0040]**     It is still another object of the invention to provide alerts for the inmate upon receiving a message from an external party.

**[0041]**     It is a further object of the invention to provide a billing method for services rendered while using the electronic message system.

**[0042]**     It is another object of the invention to reduce institutional staff resources required for correspondence purposes.

**[0043]**     Further, it is an object of the invention to provide the appropriate, personnel with means to search for and view incoming and outgoing messages.

**[0044]**     Finally, it is an object of the invention to archive and store all messages in a database and to mark all protected messages for such reasons as attorney-client privilege, thus making them inaccessible except to those with the authority to access them.

**[0045]**     Other objects, features, and characteristics of the invention, as well as methods of operation and functions of the related elements of the structure, and the combination of parts and economies of manufacture, will become more apparent upon consideration of the following detailed description with reference to the accompanying drawings, all of which form part of this specification.

## BRIEF DESCRIPTION OF THE DRAWINGS

**[0046]**     A further understanding of the invention can be obtained by reference to a preferred embodiment set forth in the illustrations of the accompanying drawings. Although the illustrated embodiment is merely exemplary of systems for carrying out the invention, both the organization and method of operation of the invention, in general, together with further objectives and advantages thereof, may be more easily understood by reference to the drawings and the following description.  The drawings are not intended to limit the scope of this invention, which is set forth with particularity in the claims as appended or as subsequently amended, but merely to clarify and exemplify the invention.

**[0047]**     For a more complete understanding of the invention, reference is now made to the following drawings in which:

- 11 -

[0048]    FIG. 1 is a block diagram of the preferred embodiment of the invention depicting the electronic message exchange system.

[0049]    FIG. 2 is a flow chart of the preferred process of the invention illustrating an external party sending messages to an inmate and viewing messages sent by an inmate.

[0050]    FIG. 3 depicts a flow chart of the preferred process of the invention whereby an inmate sends a message to an external party.

[0051]    FIG. 4A depicts a block diagram of an alternative embodiment for the electronic messaging exchange system allowing inmates direct access to user workstations.

[0052]    FIG. 4B depicts a block diagram of an alternative embodiment illustrating a universal control system for incorporation of a telephonic communications system in conjunction with the electronic messaging exchange system.

[0053]    FIG. 5 is a flow chart of an alternative process of electronic message exchange between an inmate and an external party according to the present invention when inmates are provided direct access to user workstations.

[0054]    FIG. 6 shows a flow chart of an alternative process for electronic message exchange from an external party to an inmate according to the invention when inmates are provided direct access to user workstations.

## DETAILED DESCRIPTION OF THE DRAWINGS

[0055]    As required, a detailed illustrative embodiment of the invention is disclosed herein.  However, techniques, systems and operating structures in accordance with the invention may be embodied in a wide variety of forms and modes, some of which may be quite different from those in the disclosed embodiment.  Consequently, the specific structural and functional details disclosed herein are merely representative, yet in that regard, they are deemed to afford the best embodiment for purposes of disclosure and to provide a basis for the claims herein, which define the scope of the invention.  The following presents a detailed description of the preferred embodiment of the invention (in addition to some alternative embodiments).

[0056]    Starting first with FIG. 1, depicted is a block diagram of the preferred embodiment of the invention illustrating the structural set up of the electronic message exchange system.  When an inmate desires to send a message to an external party, the inmate goes to inmate composition station 102 located at institution site 100.  In the

- 12 -

preferred embodiment, an inmate composes a hand-written or typed text message on a preprinted form. On this form, the inmate fills out his or her personal registration number and the account number, which the inmate wishes the message to be sent to. The account number is associated with an outside contact that has set up an account for access to the system. In an alternative embodiment, an inmate may leave a voice message, which is then converted to text. One of skill in the art will recognize that this conversion can easily be incorporated into the system. Also, the inmate may alternatively have access to a workstation for sending and receiving messages. The system preferably charges the outside contact a monthly fee for the ability to use the system, although other billing methods are foreseeable. The number of messages sent and received by the external party is configurable to meet the security and workload needs of each individual institution. For example, in the present embodiment each external party may send "n" messages and receive "n" messages from each inmate on their list where "n" is an integer. For instance, if an outside contact desires communication with two inmates, then the outside contact is allowed to send "n" messages to each inmate and receive "n" messages from each inmate, for a total of "4n" messages, "2n" for each inmate.

[0057]     After the inmate composes the message at inmate composition station 102 located at institution site 100, the message is sent to multi-function unit (MFU) 104. Preferably, MFU 104 is located in the institution's mailroom, but other locations are foreseeable. The inmate messages are loaded into MFU 104. MFU 104 scans the messages and the messages are electronically sent to central station 106. Central station 106 is preferably located remote to the institution and is preferably connected to MFU 104 via an Internet Protocol (IP) connection. At central station 106, conversion engine 108 converts the written or typed text messages received from MFU 104 into digital data that can be processed by server 110. Although only one server 110 is pictured, multiple servers may be used commensurate with the amount of data requirements: Central station 106 further includes such elements as routers and data services via local telephone company provided circuits (not shown in FIG. 1).

[0058]     The aforementioned conversion can be done by such means, including, but not limited to, optical character recognition (OCR) and intelligent character recognition (ICR). Once conversion engine 108 converts the message as necessary, server 110 at central station 106 associates each message with the intended recipient and the message

- 13 -

sender.   Server 110 checks to see if the attempted message exchange is acceptable. Server 110 also checks to ensure that the intended recipient and the inmate are authorized to communicate.   It further provides keyword and phrase scans of the messages.   In the preferred embodiment, the site staff are allowed to view messages and approve the before sending the message to the recipient.   Additionally, the system notifies the intended recipient of the message that the inmate has sent a message and provides for secure access and user log in for the recipient to view the message from the inmate and compose messages to the inmate.

[0059]      The system preferably provides secure socket layer (SSL) protection of data sent to and received from server 110.   The typed or written text messages are stored as an image or converted to another format as required and made available for viewing by the intended recipient on server 110.   Server 110 provides a user-friendly interface for viewing and composing messages preferably via the Internet.   It enables users to set up accounts and provides for billing for system usage.   Server 110 also is capable of providing such features including, but not limited to, language translation, file encryption, filtering, file storage and file preparation.   Finally, messages received by the external party or the inmate are blocked from being forwarded, copied, etc.

[0060]      Next, FIG. 2 depicts a flow chart of the preferred process of the invention illustrating both an external party sending messages to an inmate and viewing messages sent by an inmate.   Initially, an external party attempts to access the secure system preferably via an Internet browser (step 200).   The system provides a user-friendly interface for message viewing and composition.   If the user has not yet set up an account, the user enters a new account request (step 202).   The system then performs an authentication check of the potential account holder to ensure, inter alia, whether the user is an acceptable contact for the inmate (step 204).   If the user passes the authentication step, the user is assigned a random account number (step 206).

[0061]      The user is then prompted to choose a password (step 208).   Other authentication means are foreseeable as well, such as a personal identification number (PIN) or biometric identification means.   Using the account number and password, the user logs into the system (step 210).   If the user already has an account when he or she initially attempts to log into the system (step 200), the user proceeds directly to the log in step (step 210).   After successful log in, the user views messages received from the inmate or

- 14 -

composes messages to be sent to the inmate (step 212). The system then provides security checks (step 214) whereby the message is checked for such things as keywords, and content. If the message passes the security checks, it is then sent to the institution (step 220). If, however, the message fails the security checks, it is sent to an administrator (step 216). At this point, the message and all other relevant file data are stored in a database (step 218). The system preferably bills the appropriate account a monthly service fee. In alternative embodiments, other billing methods, such as billing for the number of messages sent or for message length, may be utilized. The preceding processes are preferably performed by server 110 located at central station 106. However, it is foreseeable that other servers or devices can be utilized to perform these functions. The message is sent to MFU 104 where the message is converted to a viewing format as required by the institution (step 220). The administrator preferably views the message and decides whether to allow the sending of the message (step 222). If the message passes the administrator check, the inmate is notified (step 224) and the inmate reads the message (step 226). If the message fails the administrator's check, it is blocked from the inmate (step 228).

[0062]     FIG. 3 depicts a flow chart of the preferred process of the invention whereby an inmate sends a message to an external party. First, the inmate composes a message at inmate composition station 102 located at institution site 100 (step 300). As previously discussed, this message is preferably either hand written or typed and contains the necessary information regarding the inmate and the potential recipient. However, it is foreseeable that the inmate may leave a voice message or similar which is then converted as necessary. In addition, the inmate may have direct access to a safe terminal or workstation for message composition. After the inmate completes the message, the message is sent to MFU 104. The message is scanned by MFU 104 and sent to conversion engine 108 located at central station 106 (step 302). The message is converted to a format appropriate for transmission to the recipient by conversion engine 108. Conversion engine 108 converts the message using such means as OCR or ICR. Next, security checks are performed on the message (step 304), which include, inter alia, making sure the recipient is an acceptable contact, keyword and phrase scan, and file preparation. If the message fails to pass the security checks (step 304), an administrator

- 15 -

is notified (step 306), and the message is stored in a database (step 310).  Further, the system preferably charges the appropriate account a service fee monthly.

[0063]       If the message instead passes the security check (step 304), the system sends a notification to the recipient stating that a new message from the inmate is available for viewing over the secure system site (step 308) and the message is stored (step 310).  The recipient logs into the secure site preferably via an Internet browser (step 312) and views the message (step 212).  The recipient also has the option of sending a message to the inmate at this point.  If the recipient chooses to do so, the recipient then proceeds to compose a message (step 212).

[0064]       FIG. 4A shows a block diagram of the basic set up of the electronic message exchange system according to an alternative embodiment of the invention.  Computer control platform 401 is connected to the user workstations 403a-n and the external third parties 405a-n via connections 407a-n and 409a-n, respectively.  Computer control platform 401 can be local or remote to the user workstations.  Connections 407a-n can be either cable or wireless.  In addition, connections 407a-n can be a Wide Area Network (WAN), a Local Area Network (LAN) connection, etc.  Connections 409a-n connects the computer control platform 401 to the external third parties 405a-n via the Internet.

[0065]       Computer control platform 401 is monitored and controlled, either actively or passively, by an administrator.  Computer control platform 401 contains one or more servers, which processes the electronic messages, prepares and routes the electronic messages, performs security checks and encrypts the electronic messages.  It also stores the electronic messages.   In addition, computer control platform 401 prepares notifications to send to either the inmate or the external third party.  It also has a secure platform for communication between the inmate and third party.  Both the inmate and third party use this platform to send messages back and forth.  Further, administrators can remotely or locally access the system via a workstation (not shown).  In the remote access set up, the administrator accesses the system via the Internet to perform various administrative functions (i.e., viewing messages, setting control parameters, performing database searches, printing reports, etc.).

[0066]       FIG. 4B depicts a block diagram of another alternative embodiment of the invention.  In addition to enabling electronic messaging, this alternative embodiment provides a telephonic communication platform as is known in the art.  Also, the system

- 16 -

enables users to send and receive voice messages.   Further, the system converts the messages from voice to a variety of text formats and from a variety of text formats to voice as necessary.   Central control platform 511 contains central computer control platform 523 and central telephone control platform 521.   Central computer control platform 523 performs the same functions as the aforementioned computer control platform 401.   Central computer control platform 523 is connected to user workstations 503a-n and third party workstations 509a-n via connections 515a-n and connections 519a-n, respectively.   Connections 515a-n may be cabling or wireless.   Also, connections 515a-n can be a WAN connection, a LAN connection, etc.   Connections 515a-n connect computer control platform 523 to the external third parties 509a-n via the Internet.

[0067]      Computer control platform 523 is monitored and controlled, either actively or passively, by an administrator.   The administrator may perform various administrative functions via a local workstation (not shown) or remotely by accessing the system via the Internet.   Computer control platform 523 contains one or more servers, which processes the electronic messages, prepares and routes the electronic messages, performs security checks and encrypts the electronic messages.   It also stores the electronic messages.   In addition, computer control platform 523 prepares notifications to send to either the inmate or the external third party.   It also has a secure platform for communication between the inmate and third party.   Both the inmate and third party use this platform to send messages back and forth.

[0068]      Central control platform 511 also contains central telephone control platform 521. Central telephone control platform 521 connects user telephonic communication devices 501a-n with external party telephonic communication devices 507a-n via connections 513a-n and 517a-n, respectively.   Central telephone control platform 521 enables inmates to telephonically communicate with an external third party.   Central telephone control platform 521 provides for control, monitoring, and billing.   Further, central control platform 511 enables conversion between voice and text messages.   For example, if the system receives a voice message, the system can convert the voice message to a text format for viewing.

[0069]      FIG. 5 depicts a flow chart of an alternative process showing the electronic messaging exchange between the inmate and the external party.   As shown, the process begins with an inmate's attempt to log into the secure platform (step 101).   The site then

- 17 -

prompts for the inmate to enter a provided user name and password (step 103), although to one skilled in the art, other security measures such as biometrics, radio frequency identification (RFID), etc. can be used "instead of or in conjunction with a user name and password. Next, the user authentication is checked (step 105). If the user is authenticated, the process continues where the inmate is asked to choose whether he or she would like to instant message (IM) or email an external party (step 107). If the user is not authenticated, the user is again prompted to enter the user name and password (step 119). If the user is authenticated on this second attempt, then the user is asked whether he wants to send an IM or email (step 107).

[0070]    If, however, the inmate again incorrectly inputs the proper identification, the session terminates and an administrator may be electronically notified (step 121). When this second attempt failure occurs, the session is checked to see if the user ever logged in (step 129). If the user was not logged in, then the system is exited (step 131). Preferably, a monthly service fee is charged to the appropriate account. However, fees can be also be charged based on a variety of different methods, including, but not limited to, a charge per email or IM, a per minute charge, or a charge for the length of messages sent or received. Also, the system may be set up such that a third party can pay for the email or IM communication. Once messages have been archived (step 117), the system exits (step 131).

[0071]    The system can be configured to allow only one log on attempt. Also, the system may be configured to allow for more than one attempt. Both of these can be controlled at the administrator's option. Additionally, the system may be triggered to automatically monitor or record communication after a certain number of attempts rather than terminate the session. Further, the system can be set to monitor or record any session that the administrator desires, such as for certain users that have previously attempted to engage in criminal activity via the system.

[0072]    The inmate decides whether to email or IM and the inmate writes either an email (step 109) or an IM (step 123). If the inmate chooses to compose an email, after the inmate writes the email, it is subjected to security measures including a content check and authentication that the potential recipient has an acceptable address (step 111). If the email passes through security, an email notification is sent to the recipient containing a log in identification, password and directions to a secure site that he or she can visit to

- 18 -

view the sent message (step 113). The inmate is then prompted to log out (step 115). If the inmate chooses instead to continue, the process reverts back. The inmate is prompted to choose whether to IM or email (step 107). If the inmate logs out, the messages are archived (step 117). If the email fails to pass the security check (step 111), the session is terminated and the administrator is notified (step 121). In addition, at this point, a check of whether the user was logged in and if messages were sent occurs (step 129) and if verified, and messages are archived (step 117). If the message is confidential as protected by attorney-client privilege, it is locked so that it cannot be accessed by unauthorized sources.

[0073]    If the inmate chooses to write an IM instead of an email (step 107), the inmate writes an IM and attempts to send it (step 123). The instant message is subjected to the same security measures as an email (step 125). If the message fails to pass, the session is terminated and the administrator is notified (step 121). Next, the system checks to see if the user was logged in and if any messages were sent (step 129). If yes, the messages are archived and stored (step 117) and the system exits (step 131). When an IM passes the security constraints (step 125), a message is sent to the external recipient (step 127).

[0074]    After the message is sent (step 127), the contacted external party is notified of the attempted contact by the inmate (step 141). For example, the external party can be notified of the attempted contact by the inmate, through an email, or via a third-party instant messaging platform. The response can result in three different scenarios. The first is that there is no reply from the external party after a set interval of time (step 133). When this occurs, the user is prompted to log out or continue and attempt another electronic message exchange (step 115). Additionally, the user has the option of sending another message to the external party to set up a time and date when he or she wishes to hold a future IM conversation. If the user logs out, messages are archived and stored as previously discussed (step 117). If instead the inmate decides to attempt another message, the user is prompted to choose if he or she wants to write an email or IM (step 107).

[0075]    The second possibility when the external party is notified is that the external party declines the conversation and the administrator is notified (step 143). The user is prompted to log out or continue (step 115) and the process continues.

- 19 -

[0076]     The final possibility is that the external party accepts the invitation to join the inmate in an instant messaging conversation (step 135). Further, the external party logs into the secure site and a conversation ensues. The conversation is monitored via such methods as word spotting. If inappropriate conversation ensues, the conversation is terminated immediately (step 137). If not, the conversation continues for a set length of time, after which the system terminates the conversation. The user is then prompted to log out (step 115) and the loop repeats.

[0077]     The system can be also be configured to automatically log out after a user has been logged in for a set time period. In this embodiment, the system is also set to notify the user at given intervals to warn the user of the remaining time before automatic log out occurs.

[0078]     FIG. 6 depicts an alternative process whereby an external party messages an inmate (step 301). The message goes through a security check (step 303). The security check may include both manual and automated security checks. The external party is verified as an acceptable contact for the inmate and the sender address is authenticated through such methods as a digital signature. If the message fails the security check, the administrator receives the message (step 315). Conversely, if the message passes the security checks, the system sends the message to the inmate (step 305). Next, the inmate is notified of the new message (step 307). The inmate then logs into the system and reads or sends messages (step 309), preferably following the same process as in FIG. 2. After completing the session, the inmate logs out (step 311 ). The messages are archived and stored (step 313).

[0079]     While the invention has been described with reference to the preferred embodiment and several alternative embodiments, which embodiments have been set forth in considerable detail for the purposes of making a complete disclosure of the invention, such embodiments are merely exemplary and are not intended to be limiting or represent an exhaustive enumeration of all aspects of the invention. The scope of the invention, therefore, shall be defined solely by the following claims. Further, it will be apparent to those of skill in the art that numerous changes may be made in such details without departing from the spirit and the principles of the invention. It should be appreciated that the invention is capable of being embodied in other forms without departing from its essential characteristics.

- 20 -

**CLAIMS**

What is claimed is:

1.      A secure electronic message exchange system usable inside a secured inmate facility, the secure electronic message exchange system comprising:

a terminal configured to allow a local user to generate a message and transmit the message via a data connection; and

a control platform configured to receive the message from the terminal and transmit the message to a user device associated with a remote user, the control platform including:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages,

wherein the user device is located outside the facility.

2.      The system of claim 21, wherein the terminal is further configured to allow the local user to generate the message using one of a plurality of input methods.

3.      The system of claim 22, wherein the plurality of input methods include at least one of a text input and a voice input.

4.      The system of claim 21, wherein the terminal is further configured to allow the local user to select one of a plurality of formats for the message.

5.      The system of claim 24, wherein the plurality of formats includes at least one of a text message, an instant message, an email, a voice call and a voice message.

- 21 -

6.      The system of claim 21, wherein the control platform is further configured to convert the message from a text format into a voice format.

7.      The system of claim 21, wherein the control platform is further configured to convert the message from a voice format into a text format.

8.      The system of claim 21, wherein the terminal is further configured to authenticate the local user.

9.      The system of claim 28, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

10.     The system of claim 28, wherein the terminal is further configured to authenticate the local user using at least a login and password information.

11.     The system of claim 28, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

12.     The system of claim 28, wherein the control platform allows an administrator to monitor messages.

13.     A secure electronic message exchange system usable inside a secured inmate facility, the system comprising:

Atty. Dkt. No. 3210.0150005

- 22 -

a control platform configured to receive a message from a remote device associated with a remote user, wherein the remote device is located outside the facility;

a terminal configured to receive the message via a data connection and provide the message to an inmate of the facility,

wherein the control platform includes:

a central telephone control platform configured to allow the local user and the remote user to communicate telephonically; and

a central computer control platform configured to allow the local user and the remote user to communicate via electronic messages.

14.    The system of claim 33, wherein the control platform is further configured to convert the message from a non-voice format into a voice format.

15.    The system of claim 33, wherein the control platform is further configured to convert the message from a voice format into a text format.

16.    The system of claim 33, wherein the terminal is further configured to authenticate the local user.

17.    The system of claim 36, wherein the terminal is further configured to authenticate the local user using at least one of a biometric information and a radio frequency identification.

18.    The system of claim 35, wherein the terminal is further configured to alert the local user that a message has been received.

- 23 -

19. The system of claim 35, wherein the control platform is further configured to determine whether the message is protected and, if protected, restrict access to the message.

20. The system of claim 35, wherein the control platform is further configured to notify the local user when a message is received.

- 24 -

## ABSTRACT

A computer-implemented system and method for secure electronic message exchange including coupling a control platform to a workstation of a plurality of workstations via a communications medium, where the control platform includes one or more apparatuses for monitoring, controlling, conversion, and billing, related to messages exchanged between a plurality of local users and a plurality of remote users. The system prevents forwarding or copying of a message sent by a local user of the plurality of local users and received by a remote user of the plurality of remote users, to another party by the control platform. The system and method also provides for authenticating the remote user with the control platform.

1873716_1.DOCX

Atty. Dkt. No. 3210.0150005



**FIG. 1**



**FIG. 2**



**FIG. 3**



**FIG. 4A**



FIG. 4B



**FIG. 5**

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Filer:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Utility application filing | 1011 | 1 | 280 | 280 |
| Utility Search Fee | 1111 | 1 | 600 | 600 |
| Utility Examination Fee | 1311 | 1 | 720 | 720 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| Late Filing Fee for Oath or Declaration | 1051 | 1 | 140 | 140 |
| **Petition:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **1740** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19842843 |
| **Application Number:** | 14457593 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Electronic Messaging Exchange |
| **First Named Inventor/Applicant Name:** | Stephen HODGE |
| **Customer Number:** | 26111 |
| **Filer:** | Carlos Rafael Perez Toro/lynette miller |
| **Filer Authorized By:** | Carlos Rafael Perez Toro |
| **Attorney Docket Number:** | 3210.0150005 |
| **Receipt Date:** | 12-AUG-2014 |
| **Filing Date:** | |
| **Time Stamp:** | 15:28:10 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $1740 |
| RAM confirmation Number | 1756 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | | 3210_0150005_continuation.pdf | 889893 | yes | 21 |
|---|---|---|---|---|---|
| | | | 2db0c9ae34997eceeda276eaf1faf1300a944f98 | | |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Miscellaneous Incoming Letter | 1 | 2 |
| Transmittal of New Application | 3 | 3 |
| Authorization for Extension of Time all replies | 4 | 4 |
| Application Data Sheet | 5 | 9 |
| Power of Attorney | 10 | 11 |
| Transmittal Letter | 12 | 18 |
| Information Disclosure Statement (IDS) Form (SB08) | 19 | 21 |

| Warnings: |
|---|

| Information: |
|---|

| 2 | | 3210_0150005_spec.pdf | 1036582 | yes | 24 |
|---|---|---|---|---|---|
| | | | 0624b40af1c923a5b5612ff51d7893203a21fbaa | | |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Specification | 1 | 19 |
| Claims | 20 | 23 |
| Abstract | 24 | 24 |

| Warnings: |
|---|

| Information: |
|---|

| 3 | Drawings-only black and white line drawings | 3210_0150005_drawings.pdf | 108259 | no | 6 |
|---|---|---|---|---|---|
| | | | d5f77afb1ed93b60d3eccc9fb3fdd83ec3141a44 | | |

| Warnings: |
|---|

| Information: |
|---|

| 4 | Fee Worksheet (SB06) | fee-info.pdf | 36103 | no | 2 |
|---|---|---|---|---|---|
| | | | d85dd883afc63109c6a45db21f668445f04c9fcc | | |

| Warnings: |
|---|

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 2070837 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**CARLOS PEREZ-TORO**
ASSOCIATE
(202) 772-8636
CPEREZ@SKGF.COM

August 12, 2014

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

  Re: U.S. Non-Provisional Utility Patent Application Under 37 C.F.R. § 1.53(b)
    (*Continuation of Appl. No. 13/941,382; Filed: July 12, 2013*)
    Appl. No. To be assigned; Filed: Herewith
    For: **Electronic Messaging Exchange**
    Inventors: HODGE *et al.*
    Our Ref: 3210.0150005

Commissioner:

  The following documents are transmitted herewith for appropriate action by the U.S. Patent and Trademark Office:

1. Payment made via EFS-Web for $1,740.00 to cover:
  $1,600.00 Patent Application fee (including basic filing, search, and examination fees);
  $ 140.00 Surcharge for Late Filing Fee or Late Oath or Declaration;

2. Utility Patent Application Transmittal (PTO/AIA/15);

3. Authorization to Treat a Reply As Incorporating An Extension of Time Under 37 C.F.R. § 1.136(a)(3);

4. U.S. Utility Patent Application entitled:

  Electronic Messaging Exchange

  and naming as inventors:

  Stephen HODGE
  David WOODY

  the application consisting of:

  a. An Application Data Sheet (37 C.F.R. § 1.76);

Commissioner for Patents
August 12, 2014
Page 2

    b.    A specification containing:

        i.    19 pages of description prior to the claims;

        ii.    4 pages of claims (20 claims);

        iii.    a one (1) page abstract;

    c.    6 sheets of drawings (Figures 1, 2, 3, 4A, 4B and 5);

5.    An executed Power of Attorney by Applicant (PTO/AIA/82B) and the Transmittal for Power of Attorney form (PTO/AIA/82A);

6.    Information Disclosure Statement;

7.    IDS Form PTO/SB/08a (2 pages) citing 38 documents (US1-US36 and FP1-FP2); and

8.    IDS Form PTO/SB/08b (1 page) citing 3 documents (NPL1-NPL3).

The above-listed documents are filed electronically through EFS-Web.

This patent application is being submitted under 37 C.F.R. § 1.53(b) without Declaration.

Fee payment is provided via EFS-Web. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

    Respectfully submitted,

    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

    Carlos Perez-Toro
    Attorney for Applicant
    Registration No. 69,978

CPT/lam
Enclosures

1873938_1.DOCX