# Exhibit A

Case 1:23-cv-00500-MN Document 20-1 Filed 06/21/23 Page 1 of 9 PageID #: 6343

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV22-1248 JAK (MRWx) | | Date | June 5, 2023 |
|---|---|---|---|---|
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 21)**

### I. Introduction

On July 1, 2022, Virtual Immersion Technologies LLC ("Plaintiff") filed this action against Safran S.A. and Safran USA, Inc. ("Defendants") alleging infringement of U.S. Patent No. 6,409,599 (the "'599 Patent"). Complaint (Dkt. 1). Defendants filed an Answer, Affirmative Defenses, and Counterclaims on September 23, 2022. Dkt. 17. Defendants later filed a motion for judgment on the pleadings ("Motion" (Dkt. 22)), asserting that the subject matter of claim 9 of the '599 Patent is ineligible under 35 U.S.C. § 101. Plaintiff filed an opposition to the Motion ("Opposition" (Dkt. 23)), and Defendants filed a reply ("Reply" (Dkt. 25)).

A hearing on the Motion was held on January 23, 2023, and the matter was taken under submission. Dkt. 48. For the reasons stated in this Order, the Motion is **GRANTED**.

### II. Background

The '599 Patent, titled "Interactive Virtual Reality Performance Theater Entertainment System," issued on June 25, 2002. It relates to "immersive virtual reality computer systems in which participants interact with a virtual reality environment and live performers using a variety of immersion and input devices such as a head mounted display and a handheld keypad." '599 Patent at 1:23-27. The '599 Patent asserts that it improves existing virtual reality technology by teaching systems and methods for "three-way immersive interactive communication" among a participant, live performer, and the virtual reality environment in an "entertainment and/or educational" context. *Id.* at 1:30-34, 2:53-57, and 3:24-27. "[T]he entire system can be classified as a blend or meld of virtual reality, computer graphics, and teleconferencing technology." *Id.* at 5:4–6. Plaintiff alleges that Defendants infringe claim 9 of the '599 Patent based on Defendants' past use of virtual reality and augmented reality. *See* Plaintiff's Initial Infringement Contentions, Dkt. 1-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV22-1248 JAK (MRWx) | Date | June 5, 2023 |
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | |

Claim 9 teaches:

> 9. A method of providing interactive communications between participants and performers comprising the steps of:
> (a) providing an immersive virtual reality environment[;]
> (b) providing at least one performer input device in electronic communication with said immersive virtual reality environment;
> (c) providing at least one participant input device in electronic communication with said immersive virtual reality environment;
> (d) providing at least one performer output device in electronic communication with said immersive virtual reality environment;
> (e) providing at least one participant output device in electronic communication with said immersive virtual reality environment;
> (f) having at least one live performer interact with at least one participant and said immersive virtual reality environment, by including with said virtual reality environment a live or prerecorded video image of said at least one live performer and audio communication between said at least one live performer and said at least one participant, or between said at least one participant and said at least one live performer, or both;
> (g) having at least one participant interact with at least one such live performer and said immersive virtual reality environment, thereby resulting in an experience which is in part controlled by said at least one participant and said at least one participant input device.

'599 Patent, Claim 9.

### III. Legal Standards

#### A. Motion for Judgment on the Pleadings

Any party may move for judgment after the pleadings are closed, but within such time that will not delay the trial. Fed. R. Civ. P. 12(c). Such a motion parallels one brought under Fed. R. Civ. P. 12(b)(6) in that it challenges the legal sufficiency of the asserted claims. *Chavez v. United* States, 683 F.3d 1102, 1108 (9th Cir. 2012). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true and construed in the light most favorable to the non-movant, the moving party is entitled to judgment as a matter of law." *Stanley v. Trs. of Cal.* State *Univ.,* 433 F.3d 1129, 1133 (9th Cir. 2006); *see also Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009).

#### B. Section 101 Analytical Framework

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV22-1248 JAK (MRWx) | Date | June 5, 2023 |
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | |

"Section 101 defines the subject matter that may be patented under the Patent Act." *Bilski v. Kappos*, 561 U.S. 593, 601 (2010). Section 101 provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. "Section 101 thus specifies four independent categories of inventions or discoveries that are eligible for patent protection: processes, machines, manufactures, and compositions of matter." *Bilski*, 561 U.S. at 601.

Although the Supreme Court has recognized that "[i]n choosing such expansive terms . . . Congress plainly contemplated that the patent laws would be given wide scope," it has identified three areas that do not come within Section 101: "laws of nature, physical phenomena, and abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 308-09 (1980). These exceptions are not required by the text of the statute, but are consistent with the idea that certain discoveries "are part of the storehouse of knowledge of all men" and are "free to all men and reserved exclusively to none." *Funk Bros. Seed Co. v. Kalo Inoculant Co.*, 333 U.S. 127, 130 (1948). Consistent with these principles is that "the concern that drives this exclusionary principle [is] one of pre-emption." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citation omitted). Consequently, the Supreme Court has required that "[i]f there is to be invention from such a discovery, it must come from the application of the law of nature to a new and useful end." *Funk Bros.*, 333 U.S. at 130. These rules apply in the same manner to product and process claims. *Gottschalk v. Benson*, 409 U.S. 63, 67-68 (1972).

*Alice* is the most recent opinion that analyzes these principles. It expanded the two-step approach for resolving § 101 issues adopted in *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77 (2012). In the first step, a court must "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice*, 573 U.S. at 217 (citing *Mayo*, 566 U.S. at 77). If this standard is satisfied, then in the second step the court must ask "[w]hat else is there in the claims." *Id.* This requires a consideration of "the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Id.* (citing *Mayo*, 566 U.S. at 78–79). In performing this second step of the analysis, a court must "search for an 'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* at 217-18 (citing *Mayo*, 566 U.S. at 72–73).

"[W]hether a claim recites patent eligible subject matter is a question of law," but it is one "which may contain underlying factual determinations." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) (citations omitted). One example of such a factual determination is "[w]hether something is well understood, routine, and conventional to a skilled artisan at the time of the patent." *Id.* at 1369. Thus, a complaint that properly alleges that individual elements of a claim are not well-understood, routine, or conventional, may be sufficient to state a claim notwithstanding a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV22-1248 JAK (MRWx) | Date | June 5, 2023 |
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | |

challenge of invalidity under § 101. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

**IV.     Analysis**

    A.     *Alice* Step One

Defendants argue that "[c]laim 9 is directed to the abstract idea of enabling two parties to interact virtually." Motion at 16. Specifically, Defendants contend that the limitations of claim 9 are functional in nature and do not contain the specificity necessary to transform the claimed result into a way to achieve it. *Id*. at 17. Defendants argue that the '599 Patent claims only results,[1] but fails to explain how to achieve them other than by a reference to generic components. *Id*. at 17-18, 20.

Defendants rely on *Barbaro Technologies v. Niantic*, 475 F. Supp. 3d 1007 (N.D. Cal. 2020). *Barbaro* found that a virtual reality related patent was ineligible because "the claims demonstrate the improvement offered by the '325 Patent is directed at a result – integrating the real and virtual worlds – rather than at any particular method of achieving it." 475 F. Supp. 3d at 1012. Plaintiff argues that the claims in *Barbaro* broadly covered three dimensional virtual interaction that depended on the geographic movement by a user through the three dimensional environment. Dkt. 23 at 17. Plaintiff distinguishes the claims at issue here as ones that are more narrowly directed to interactions among a participant, live performer and immersive virtual environment. *Id*.

Plaintiff also argues that the '599 Patent is directed to an improvement in computer functionality. Dkt. 23 at 10. Thus, it contends that the '599 Patent teaches interactive communication between a participant and live performer in a virtual environment in which the performer and participant interact through video images and audio communication, and the participant has some control over the interaction. *Id*. Plaintiff adds that, although claim 9 involves an abstract concept of virtual interaction, its scope is "firmly rooted in computerized communication technologies" and directed to a specific improvement. *Id*. at 10-11 and 13. For example, Plaintiff contends that "the disclosed system includes a variety of audio and video components [that] enable innovative mixing and switching techniques which allows the system to present to each of the participants a virtual reality environment in which a live representation of the performers is superimposed within the environment." *Id*. at 14.

"The first stage of the *Alice* inquiry looks at the focus of the claims [and] their character as a whole." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (quotations omitted). Claim 9 of the '599 Patent is directed, as a whole, to providing interactive three-way

---

[1]The results are as follows: (1) providing an immersive virtual reality environment; (2) providing input and output devices in communication with the environment; and (3) having a live performer interact with a participant with the experience controlled in part by the participant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV22-1248 JAK (MRWx) | Date | June 5, 2023 |
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | |

communication among a participant, a live performer and a virtual reality environment. *See* '599 Patent, Claim 9. The asserted improvement is the "three-way," live, and partially controllable, interaction. '599 Patent at 2:53-3:7. This same improvement also includes "individual and/or mixed video, audio, and graphical inputs and outputs" and retrofitting capabilities to accommodate changes in computer technology. *Id*. Plaintiff contends that participants or users in prior art systems could interact with virtual content, including figures and objects, but could not control those figures and objects and could not interact with a live performer. *See* Dkt. 23 at 14. Plaintiff then argues that, for these reasons, the '599 Patent merges virtual reality with live interaction and communication.

"In cases involving software innovations, [the step one] inquiry often turns on whether the claims focus on 'the specific asserted improvement in computer capabilities . . . or, instead, on a process that qualifies as an "abstract idea" for which computers are invoked merely as a tool.'" *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1303 (Fed. Cir. 2018) (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335–36 (Fed. Cir. 2016)); *see also McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016). The improvement as described by Plaintiff is merging elements of live communication*, e.g.,* control, interaction, audio, and video, with virtual reality environments. This asserted improvement is similar to the one presented *Barbaro*, which concluded:

> [T]he problem facing the inventor was that prior art did not provide[] the user with a real-world experience. Accordingly, a way to integrate audio, video 2D and 3D technology in order to maximize the real-world experience for the user is desired. Barbaro's invention achieves an improvement over prior virtual environments by removing the disconnect between the user in the real-world and the 3D VTE.

475 F. Supp. 3d at 1012 (citations omitted). *Barbaro* found the claims as to this asserted improvement ineligible because they were directed to a result, "integrating the real and virtual worlds," rather than to a way to achieve that result. *Id*.

Like the claims in *Barbaro*, claim 9 is directed to a result -- merging live performance and communication with a virtual reality experience -- but not to a particular way of achieving that result. The focus of claim 9 is an abstract idea. This functional claiming does not describe how to achieve the result in a non-abstract way. *See Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017); *see also In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).

Further, the inquiry under § 101 does not concern the prior art. *Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016). Rather, it is whether the claims are directed to patent ineligible subject matter. *Id*. Plaintiff distinguishes the teachings of claim 9 from the prior art, but does not explain how claim 9 teaches a technological improvement as opposed to a result. The cases on which Plaintiff relies are also distinguishable. In both *Enfish* and *Uniloc USA, Inc. v. LG*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV22-1248 JAK (MRWx) | Date | June 5, 2023 |
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | |

*Elecs. USA, Inc.*, the Federal Circuit found the claims were directed to improvements in computer functionality itself, not to abstract ideas implemented using generic computer components. *See* 822 F.3d at 1336; 957 F.3d 1303, 1307 (Fed. Cir. 2020). That has not been shown here. *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1050 (Fed. Cir. 2016) is also instructive. It found the claims were directed to a new and improved technique for producing a tangible and useful result, not simply to the result. 827 F.3d 1042, 1050 (Fed. Cir. 2016). Similarly, *McRO* founds the claims were directed to an improvement in how a physical display operated and included the specificity needed to transform a claim about a result into a way to achieve that result. *See SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (discussing *McRO*, 837 F.3d 1299).

For the foregoing reasons, claim 9 is directed to the abstract idea of providing interactive communication in a virtual environment under the step one inquiry.

      B.    *Alice* Step Two

Defendants argue that Claim 9 contains no meaningful limitations describing non-routine, specific applications of virtual interaction. Dkt. 21 at 21. Specifically, Defendants argue that claim 9 discloses no special programming or improved components, and that the specification confirms that virtual reality entertainment is known in the art. *Id*. at 21-22.

Plaintiff responds that the '599 Patent teaches unconventional elements including the virtual reality performance theater system shown in FIG. 7, "interfacing technology such as cameras/electro/mechanical/magnetic apparatus for capturing performer attributes, voice and movement," and hardware and software innovations. *Id.* at 14 (citing '599 Patent at 6:38-40, 8:36-40, 14:5-10, 14:47-15:19). Plaintiff also argues that the ordered combination of elements in claim 9 departs from conventional methods because it teaches an immersive, three-way virtual reality system. *Id*. at 21. According to Plaintiff, prior art systems at the time of the '599 Patent taught autonomous figures or objects, over which a participant had no control, and did not teach interaction with live performers. *Id*.

As noted, the Step Two inquiry considers whether the claim includes "an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible invention." *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021), *cert. denied*, 212 L. Ed. 2d 10, 142 S. Ct. 1113 (2022). "Where a claim is directed to an abstract idea, the claim must include additional features to ensure that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 773 (Fed. Cir. 2019) (citations omitted).

The '599 Patent is directed to an abstract idea. Therefore, the step two analysis considers whether the claims include additional features amounting to an inventive concept. They do not. The claims do not provide any description of how the claimed result is achieved. The specification teaches that the claimed inputs and outputs may be provided using general hardware components, *e.g.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV22-1248 JAK (MRWx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | |

cameras, a headmounted display, and a keyboard. The invention may be accomplished using existing virtual reality technology and generalized computer hardware and software components, as shown in FIG. 7. These general components are not sufficient to establish an inventive concept.

For the foregoing reasons, claim 9 remains directed to an abstract idea under the step two inquiry.

      C.      Factual Issues Precluding Resolution

Defendants argue there are no factual or claim construction issues precluding resolution of this matter on the pleadings because neither the specification nor the claims of the '599 describe any unconventional methods or components. Dkt. 21 at 23-24. Defendants also contend that Plaintiff's allegations regarding the validity and inventiveness of the '599 Patent should be disregarded as legal conclusions. *Id*. at 24-25. Plaintiff responds that each claim recites unconventional elements and that this uncontroverted allegation of unconventionality compels the denial of the Motion. Dkt. 23 at 23. Plaintiff argues that, among others, there is a factual dispute regarding whether the claims recite unconventional communication methods. *Id*. at 24. In the Reply, Defendants repeat that the pleadings alleging inventive concepts are conclusory and are not sufficient to raise an issue of fact in the context of the Motion. Dkt. 25 at 10.

A complaint that properly alleges that individual elements of a claim are not well-understood, routine, or conventional may create an issue of fact that precludes granting a § 101 challenge through a motion for judgment as a matter of law. *See Berkheimer v. HP Inc.*, 890 F.3d 1369, 1372 (Fed. Cir. 2018); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). In this case, the pleadings do not create such an issue. The Complaint alleges that the improvements relate to computer technology, but does not explain how they do so other than a reference to generic components. For example, it alleges that "[t]he claims of the '599 patent are directed to providing a unique computer solution that addresses a problem unique to computerized virtual reality systems." Dkt. 1 at ¶¶ 13-14. It also alleges that "[t]he inclusion of three-way communication results in a synergistic effect, which creates an unparalleled experience." *Id*. at ¶ 19. The Complaint then alleges that "the '599 patent represents an intrinsic improvement to the underlying computer technology involved." *Id*. at ¶ 20. Finally, it alleges that, "[t]he disclosed system includes a variety of audio and video components [which] enable innovative mixing and switching techniques which allows the system to present to each of the participants a virtual reality environment in which a live representation of the performers is superimposed within the environment." *Id*. These alleged audio and video components are generic hardware components.

Courts disregard conclusory statements when evaluating the sufficiency of the pleadings. *Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020). Pleadings alleging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV22-1248 JAK (MRWx) | Date | June 5, 2023 |
| Title | *Virtual Immersion Technologies LLC v. Safran S.A. and Safran USA, Inc.* | | |

only that a feature improves computer operations, without explaining why, are conclusory. The Complaint here presents only conclusory allegations that should be disregarded.

    D.    Dismissal with Prejudice

Defendants request dismissal with prejudice, arguing leave to amend would be futile. Dkt. 21 at 25. Plaintiff requests leave to amend. Dkt. 23 at 24. Plaintiff has not presented any basis on which the Complaint could be amended to address the issues raised in the Motion and discussed in this Order. Accordingly, the Motion is granted with prejudice, i.e., without leave to amend, as to claim 9 of the '599 Patent.

Plaintiff asserts only claim 9 of the '599 Patent. Complaint ¶ 43. Accordingly, no claims remain in this case. Within seven days of the issuance of this Order, following a meet and confer process with Plaintiffs as to whether the parties can agree on the form of a proposed judgment, Defendants shall submit a proposed judgment consistent with this Order, stating whether Plaintiff has agreed to its form. If Plaintiff does not agree to the form of the proposed judgment, it shall file any objections within seven days of its lodgment and in a manner consistent with the Local Rules.

**V.**    <u>**Conclusion**</u>

For the foregoing reasons, the Motion is **GRANTED**.

**IT IS SO ORDERED.**

                                                                                            :

Initials of Preparer    TJ