**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBAL TEL*LINK CORPORATION D/B/A/ VIAPATH TECHNOLOGIES<br><br>*Plaintiff*,<br><br>v.<br><br>JACS SOLUTIONS, INC.,<br><br>*Defendant*. | C. A. No. 23-500-MN |

**APPENDIX TO PLAINTIFF GLOBAL TEL*LINK CORPORATION'S
(D/B/A/ VIAPATH TECHNOLOGIES) OPPOSITION TO
<u>DEFENDANT JACS SOLUTIONS, INC.'S MOTION TO DISMISS</u>**

Dated: July 5, 2023

*Of Counsel*:

Michael D. Specht (*pro hac vice pending*)
Jonathan Tuminaro (*pro hac vice pending*)
Uma Everett (*pro hac vice pending*)
Daniel S. Block (*pro hac vice pending*)
Ryan C. Richardson (*pro hac vice pending*)
Lauren Watt (*pro hac vice pending*)
STERNE, KESSLER, GOLDSTEIN
  & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005
mspecht@sternekessler.com
jtuminar@sternekessler.com
ueverett@sternekessler.com
dblock@sternekessler.com
rrichardson@sternekessler.com
lwatt@sternekessler.com

Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff
Global Tel*Link Corporation d/b/a
ViaPath Technologies*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAPTIVE AVENUE ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICRO ELECTRONICS, INC., )<br>)<br>Defendant. ) | C.A. No. 21-1786 (MN) |

**ORDER**

At Wilmington this 17th day of May 2022:

WHEREAS, on December 22, 2021, Plaintiff initiated this patent infringement action against Defendant alleging infringement of U.S. Patent No. 7,171,629 ("the '629 Patent") (*see generally* D.I. 1);

WHEREAS, in response, on February 18, 2022, Defendant moved to dismiss Plaintiff's complaint, arguing that the claims of the '629 Patent are directed to ineligible subject matter under 35 U.S.C. § 101 (D.I. 10 & 11);

WHEREAS, Defendant's motion challenges the eligibility of all thirty-six claims of the '629 Patent, with only a conclusory statement that one of those claims (claim 11) is representative of the other thirty-five claims, and Plaintiff disputes that claim 11 is representative (s*ee* D.I. 11 at 7, 13; *see also* D.I. 17 at 20);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendant's § 101 motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of almost forty claims of the '629 Patent at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative;

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED without prejudice to renew at summary judgment.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEUSTAR, INC. and TRUSTID, INC., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | C.A. No. 20-1633 (MN) |
| PROVE, INC. and PAYFONE, INC. d/b/a PROVE, | ) ) ) ) | |
| Defendants. | ) | |

### ORDER

At Wilmington this 29th day of April 2021:

WHEREAS, on December 1, 2020, Plaintiffs initiated a patent-infringement action against Defendants Prove, Inc. and Payphone, Inc. d/b/a Prove (collectively, "Prove"), alleging that Payphone infringes various claims of U.S. Patent Nos. 9,001,985 ("the '985 Patent"), 8,238,532 ("the '532 Patent"), 9,871,913 ("the '913 Patent"), 9,762,728 ("the '728 Patent"), 10,693,840 ("the '840 Patent") and 10,547,739 ("the '739 Patent") (*see generally* D.I. 1);

WHEREAS, on February 5, 2021, Prove moved to dismiss the Complaint, arguing that all claims of the '985, '532, '913, '728, '840 and '739 Patents are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, across the '985, '532, '913, '728, '840 and '739 Patents (*i.e.*, the patents challenged under § 101), there are more than 145 claims, and Prove requests that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage (*see* D.I. 10 at 9 n.2);

WHEREAS, Prove asserts that there are representative claims for the various patents challenged under § 101 but offers virtually no meaningful argument to support these groupings and Plaintiff disputes the representativeness of the claims identified by Prove;

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Prove's § 101 motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of more than 145 claims from the six asserted patents – even with purportedly representative groupings – at the motion to dismiss stage, particularly where the parties dispute whether the representative claims are in fact representative.

THEREFORE, IT IS HEREBY ORDERED that Prove's motion to dismiss is DENIED without prejudice to renew the §101 issues at summary judgment.[1]

_____
The Honorable Maryellen Noreika
United States District Judge

---

[1] The parties should start to discuss narrowing the issues in this case – *i.e.*, the number of asserted claims and the number of asserted prior art references.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROKU, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1035 (MN) |
| | ) |
| ALMONDNET, INC. and INTENT IQ, LLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

At Wilmington this 10th day of May 2022:

WHEREAS, on July 15, 2021, Plaintiff initiated this action against Defendants AlmondNet, Inc., and Intent IQ, LLC ("Defendants"), seeking a declaratory judgment of noninfringement of any valid and enforceable claim of U.S. Patent Nos. 8,677,398 ("the '398 Patent"), 10,715,878 ("the '878 Patent"), 7,822,639 ("the '639 Patent"), 8,244,586 ("the '586 Patent"), 10,026,100 ("the '100 Patent"), 10,628,857 ("the '857 Patent"), 8,566,164 ("the '164 Patent"), 8,595,069 ("the '069 Patent"), or 10,321,198 ("the '198 Patent") (collectively, "the Asserted Patents") (*see generally* D.I. 1);

WHEREAS, in response, on August 27, 2021, Defendants filed an answer and counterclaim of infringement of all claims of the Asserted Patents (D.I. 12);

WHEREAS, on October 1, 2021, Plaintiff moved to dismiss Defendants' infringement counterclaims on the '398, '878, '164, '069, and '198 Patents (collectively, "the Targeted Advertising Patents") arguing that the claims of the Targeted Advertising Patents are directed to ineligible subject matter under 35 U.S.C. § 101 (D.I. 24; 25);

WHEREAS, Plaintiff's motion does not precisely specify which claims' eligibility it is challenging (*see* D.I. 24), but in any event details challenges to more than sixty claims' eligibility (*see* D.I. 25, 31) without any agreement about representativeness (s*ee* D.I. 25 at 12–13, 18–20; D.I. 29 at 11–12);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to the Plaintiff's § 101 motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of over sixty claims of the Targeted Advertising Patents at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative;

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to dismiss is DENIED without prejudice to renew at summary judgment with respect to the § 101 issues.

_____
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELADOC HEALTH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1377 (MN) |
| | ) |
| AMERICAN WELL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 7th day of May 2021:

WHEREAS, on October 12, 2020, Plaintiff Teladoc Health, Inc. ("Plaintiff" or "Teladoc") initiated a patent-infringement action against Defendant American Well Corporation ("Defendant" or "Amwell"), alleging that Defendant infringes various claims of U.S. Patent Nos. 7,761,185 ("the '185 Patent"), 10,471,588 ("the '588 Patent"), 8,179,418 ("the '418 Patent"), 8,849,680 ("the '680 Patent"), 8,780,165 ("the '165 Patent"), 9,602,765 ("the '765 Patent"), 8,670,017 ("the '017 Patent"), 10,483,007 ("the '007 Patent") and 10,059,000 ("the '000 Patent") (*see generally* D.I. 1);

WHEREAS, on December 18, 2020, Defendant moved to dismiss Plaintiff's claims of infringement of the '418, '680 and '000 Patents under Federal Rule of Civil Procedure 12(b)(6) (*see* D.I. 10 & 11), arguing that all of the asserted claims of the '418, '680 and '000 Patents are directed to ineligible subject matter under 35 U.S.C. § 101 (with an apparent plan to challenge other patents later);[1]

---

[1] In its opening brief, Defendant states that although "all of Teladoc's asserted patents are similar and thus infirm under Section 101 for similar reasons, Amwell focuses on these three at the outset to conserve the Court's and parties' resources." (D.I. 11 at 1 n.1).

WHEREAS, across the '418, '680 and '000 Patents (*i.e.*, the patents challenged under § 101), there are thirty-six asserted claims, and Defendant requests that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage;

WHEREAS, Defendant asserts that there are representative claim groups for the various patents challenged under § 101 but offers little argument to support these groupings (*see* D.I. 11 at 3 n.2, 5 n.3 & 7 n.4), and Plaintiff disputes the representativeness of the claims identified by Defendant (*see* D.I. 17 at 20);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendant's § 101 motions will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of more than thirty claims from some (but not all) of the asserted patents – even with purportedly representative groupings – at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative and where it appears that Defendant intends to challenge other patents under § 101 at some unspecified later stage.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED without prejudice to renew at summary judgment.[2]

*signature*
The Honorable Maryellen Noreika
United States District Judge

---

[2] The parties should start to discuss narrowing the issues in this case – *i.e.*, the number of asserted claims and the number of asserted prior art references.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UBERFAN, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-842 (MN) |
| | ) | |
| SNAP INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this 19th day of November 2021:

WHEREAS, on June 10, 2021, Plaintiff initiated a patent-infringement action against Defendant Snap, Inc., alleging that Defendant infringes various claims of U.S. Patent Nos. 9,477,744, 9,727,634, 10,740,305, and 10,963,439 ("the Asserted Patents") (*see generally* D.I. 1);

WHEREAS, on August 16, 2021, Defendant moved to dismiss the Complaint (*see* D.I. 11), arguing that all claims of the Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, across the four Asserted Patents, there are more than eighty claims, and Defendant requests that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage;

WHEREAS, Defendant asserts that there is a representative claim for all of the claims challenged under § 101 (*i.e.*, all of the claims of the Asserted Patents) and Plaintiff disputes the representativeness of the claim, asserting that Defendant "ignores critical claim language" (D.I. 15 at 5);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendant's § 101 motions will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of more than eighty claims from the Asserted Patents – even with a purportedly representative claim – at the motion to dismiss stage, particularly where the parties dispute whether that claim is representative.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED without prejudice to renew at summary judgment.[1]

_____
The Honorable Maryellen Noreika
United States District Judge

---

[1] The parties should start to discuss narrowing the issues in this case – *i.e.*, the number of asserted claims and the number of asserted prior art references.

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 5, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jeffrey J. Lyons
BAKER & HOSTETLER LLP
1201 North Market Street, Suite 1407
Wilmington, DE 19801
jjlyons@bakerlaw.com

David A. Mancino
Derek M. Freitas
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
dmancino@bakerlaw.com
dfreitas@bakerlaw.com

Kevin W. Kirsch
Andrew E. Samuels
Mark S. Einsiedel
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
kkirsch@bakerlaw.com
asamuels@bakerlaw.com
meinsiedel@bakerlaw.com

Sally Yuanyuan Qin
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036
sqin@bakerlaw.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff*
*Global Tel\*Link Corporation d/b/a*
*ViaPath Technologies*

30366214.1