**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GLOBAL TEL*LINK CORPORATION )
D/B/A VIAPATH TECHNOLOGIES, )
                                )
        Plaintiff, )
                                )   C.A. No. 23-500 (MN)
     v. )
                                )
JACS SOLUTIONS, INC., )
                                )
        Defendant. )

**DEFENDANT JACS SOLUTIONS, INC.'S
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Dated: July 12, 2023

BAKER & HOSTETLER LLP

Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1407
Wilmington, DE 19801
(302) 468-7088
jjlyons@bakerlaw.com

Kevin W. Kirsch (*pro hac vice*)
Andrew E. Samuels (*pro hac vice*)
Mark S. Einsiedel (*pro hac vice*)
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
(614) 228-1541
kkirsch@bakerlaw.com
asamuels@bakerlaw.com
meinsiedel@bakerlaw.com

David A. Mancino (*pro hac vice*)
Derek M. Freitas (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
(513) 929-3400
dmancino@bakerlaw.com
dfreitas@bakerlaw.com

Sally Y. Qin (*pro hac vice*)
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036
(202) 861-1500
sqin@bakerlaw.com

*Attorneys for JACS Solutions, Inc.*

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT..........................................................................................................1

      A.      JACS properly seeks to dismiss ViaPath's amended complaint in its entirety by addressing the only five patent claims that ViaPath asserts. ..............................1

      B.      Claim 1 of U.S. Patent No. 10,645,443 (D.I. 17-8) fails *Alice* steps one and two.........................................................................................................................2

            1.      *Alice* step one: claim 1 of the '443 Patent is directed to the abstract idea of a prison visitation room. ...............................................................2

            2.      *Alice* step two: claim 1 of the '443 Patent lacks an inventive concept........3

      C.      Claim 1 of U.S. Patent No. 9,807,123 (D.I. 17-9) fails *Alice* steps one and two.........................................................................................................................4

            1.      *Alice* step one: claim 1 of the '123 Patent is directed to the abstract idea of secure messaging. ...............................................................................4

            2.      *Alice* step two: claim 1 of the '123 Patent lacks an inventive concept........5

      D.      Claim 1 of U.S. Patent No. 9,030,292 (D.I. 17-10) fails *Alice* steps one and two.........................................................................................................................6

            1.      *Alice* step one: claim 1 of the '292 Patent is directed to the abstract idea of a secure prison visit...........................................................................6

            2.      *Alice* step two: claim 1 of the '292 Patent lacks an inventive concept........7

      E.      Claim 1 of U.S. Patent No. 11,228,672 (D.I. 17-11) fails *Alice* steps one and two.........................................................................................................................8

            1.      *Alice* step one: claim 1 of the '672 Patent is directed to the abstract idea of controlling access to resources.........................................................8

            2.      *Alice* step two: claim 1 of the '672 Patent lacks an inventive concept........9

      F.      Claim 1 of U.S. Patent No. 10,721,624 (D.I. 17-12) fails *Alice* steps one and two.........................................................................................................................9

            1.      *Alice* step one: claim 1 of the '624 Patent is directed to the abstract idea of controlling access to resources.........................................................9

2.      *Alice* step two: claim 1 of the '624 Patent lacks an inventive concept. .....10

III.      CONCLUSION................................................................................................................10

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Adaptive Streaming Inc. v. Netflix, Inc.*,
    836 F. App'x 900 (Fed. Cir. 2020) ...................................................................................4

*Affinity Labs of Tex., LLC v. Amazon.com Inc.*,
    838 F.3d 1266 (Fed. Cir. 2016)........................................................................................5

*Aftechmobile Inc. v. Salesforce.com, Inc.*,
    853 F. App'x 669 (Fed. Cir. 2021) ...................................................................................9

*Alice Corp. v. CLS Bank Int'l*,
    573 U.S. 208 (2014)..........................................................................................................7

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
    827 F.3d 1341 (Fed. Cir. 2016).........................................................................................6

*ClearDoc, Inc. v. RiversideFM, Inc.*,
    No. 21-1422, 2022 WL 3355960 (D. Del. Aug. 15, 2022)......................................................1

*Dialware Commc'ns, LLC v. Hasbro, Inc.*,
    No. 16-9012, 2017 WL 3453298 (C.D. Cal. Mar. 22, 2017)..................................................7

*Dynamic Digit. Depth Rsch. PTY LTD. v. LG Elecs., Inc.*,
    No. 15-5578, 2016 WL 744561 (C.D. Cal. June 6, 2016)......................................................8

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
    955 F.3d 1317 (Fed. Cir. 2020)................................................................................1, 3, 8, 9

*FacetoFace Biometrics, Inc. v. Apple, Inc.*,
    No. 4:22 CV 429, 2023 WL 2561758 (E.D. Mo. Mar. 17, 2023)............................................7

*FullView, Inc. v. Polycom, Inc.*,
    No. 18-cv-00510, 2021 WL 1668017 (N.D. Cal. Apr. 28, 2021).............................................3

*Ginegar LLC v. Slack Techs., Inc.*,
    No. 22-cv-00044, 2022 WL 2064978 (N.D. Cal. June 8, 2022)...........................................1, 5

*Hantz Software, LLC v. Sage Intacct, Inc.*,
    No. 2022-1390, 2023 WL 2569956 (Fed. Cir. Mar. 20, 2023)...............................................2

*HLFIP Holding, Inc. v. York Cnty.*,
    600 F. Supp. 3d 526 (M.D. Pa. 2022) .................................................................................5

*IBM Corp. v. Zillow Grp., Inc.*,
  50 F.4th 1371 (Fed. Cir. 2022) ..................................................................................8

*Monument Peak Ventures, LLC v. SZ DJI Tech. Co.*,
  No. 2:18-cv-02210, 2018 WL 5174034 (C.D. Cal. July 31, 2018) ...........................8

*Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*,
  811 F.3d 1314 (Fed. Cir. 2016)..................................................................................4

*Network Apparel Grp., LP v. Airwave Networks Inc.*,
  No. 6:15-CV-00134, 2016 WL 4718428 (W.D. Tex. Mar. 30, 2016)........................2

*Plotagraph, Inc. v. Lightricks, Ltd.*,
  620 F. Supp. 3d 591 (S.D. Tex. 2022) .......................................................................8

*Prism Techs. LLC v. T-Mobile USA, Inc.*,
  696 F. App'x 1014 (Fed. Cir. 2017) ...........................................................................1

*Repifi Vendor Logistics, Inc. v. IntelliCentrics, Inc.*,
  No. 2021-1906, 2022 WL 794981 (Fed. Cir. Mar. 15, 2022).....................................1

*Riggs Tech. Holdings, LLC v. Vagaro, Inc.*,
  No. 21-cv-07927, 2022 WL 74179 (N.D. Cal. Jan. 7, 2022)......................................7

*In re TLI Commc'ns LLC Pat. Litig.*,
  823 F.3d 607 (Fed. Cir. 2016)....................................................................................6

*Trading Techs. Int'l, Inc. v. IBG LLC*,
  921 F.3d 1378 (Fed. Cir. 2019)..................................................................................9

*Universal Sec. Registry LLC v. Apple Inc.*,
  10 F.4th 1342 (Fed. Cir. 2021) ..................................................................................7

## I.   INTRODUCTION

ViaPath acts like it is opposing a motion about the ineligibility of all "110 [patent] claims," accuses JACS of "oversimplif[ying] the claims," and faults JACS for "cit[ing] nothing in the specifications" to support its motion. (D.I. 22 at 2.) But JACS addresses five claims because ViaPath asserts only five claims. JACS's identifications of abstract ideas in the claims are not oversimplified; they are based on established law. *See, e.g.*, *Repifi Vendor Logistics, Inc. v. IntelliCentrics, Inc.*, No. 2021-1906, 2022 WL 794981, at *2 (Fed. Cir. Mar. 15, 2022) ("access-controlled environment"); *Prism Techs. LLC v. T-Mobile USA, Inc.*, 696 F. App'x 1014, 1017 (Fed. Cir. 2017) ("restricted access to resources"); *ClearDoc, Inc. v. RiversideFM, Inc.*, No. 21-1422, 2022 WL 3355960, at *3 (D. Del. Aug. 15, 2022) ("delivering of media content"); *Ginegar LLC v. Slack Techs., Inc.*, No. 22-cv-00044, 2022 WL 2064978, at *7 (N.D. Cal. June 8, 2022) ("rules to sort instant messages"). And no matter what the patent specifications say, any patent-eligible invention must be in the claims themselves. *See Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1328–29 (Fed. Cir. 2020). No such invention exists, all of ViaPath's asserted claims are ineligible, and its amended complaint should be dismissed with prejudice.

## II.   ARGUMENT

### A.   JACS properly seeks to dismiss ViaPath's amended complaint in its entirety by addressing the only five patent claims that ViaPath asserts.

JACS repeatedly states in its opening brief that ViaPath's amended complaint (D.I. 17) should be dismissed because "[c]laim 1 of each [patent]" is directed to patent-ineligible subject matter. (D.I. 20 at 20; *see also* D.I. 20 at 1, 2, 11–19; Exs. 10–14.) Those are the only claims that ViaPath expressly accuses JACS of infringing. (*See* D.I. 22 at 8.) Yet ViaPath argues that all 110 claims of the patents must be analyzed because it used "including but not limited to" language to identify its asserted claims. (*See id.*) Not so. The only claims at issue are those expressly asserted

in the amended complaint. *See Hantz Software, LLC v. Sage Intacct, Inc.*, No. 2022-1390, 2023 WL 2569956, at *1 (Fed. Cir. Mar. 20, 2023); *Buffalo Patents, LLC v. Spotify USA, Inc.*, C.A. No. 22-1335 (MN), D.I. 36 at 2 (D. Del. Apr. 10, 2023). Those are the five claim 1s, each of those claims is invalid, and ViaPath's amended complaint should be dismissed with prejudice.[1]

### B.    Claim 1 of U.S. Patent No. 10,645,443 (D.I. 17-8) fails *Alice* steps one and two.

#### 1.    *Alice* step one: claim 1 of the '443 Patent is directed to the abstract idea of a prison visitation room.



ViaPath admits that this claim merely combines "multimedia distribution and videoconferencing" into a "kiosk." (D.I. 22 at 12.) ViaPath does not deny that a physical prison visitation room also combines multimedia distribution and (in-person) conferencing. Cris Barrish, *Delaware reopens prison visitation to pre-pandemic levels*, WHYY (Feb. 17, 2023), https://tinyurl.com/y9a4adx7.[2] Yet ViaPath denies that the claim is directed to the abstract idea of a prison visitation room. ViaPath offers two reasons for its denial: (a) "JACS dissects [the claim] into pieces," only some of which are "akin to 'a prison visitation room,'" and (b) the claimed invention "reduces security risks and network load." (D.I. 22 at 12.) The first reason is inaccurate, and the second lacks support in the patent.

First, JACS does not contend that only *some* of the claimed invention is directed to the abstract idea of a prison visitation room. JACS contends that *all* of it is. (*See* D.I. 20 at 12–13.) *All*

---

[1] ViaPath appears to be using its vague "including but not limited to" allegations to evade a full motion to dismiss. (D.I. 22 at 8.) But ViaPath has access to the accused products, and even alleges that they were originally developed for ViaPath. (*See, e.g.*, D.I. 17 ¶¶ 16–24.) ViaPath could have amended its complaint to assert specific claims, but instead it chose to double down on vagueness.

[2] JACS is free to cite "articles and websites" on this motion. (*Contra* D.I. 22 at 10 n.3.) "[C]ourts [may] make factual findings and general historical observations on a § 101 determination," including "on a 12(b)(6) motion." *Network Apparel Grp., LP v. Airwave Networks Inc.*, No. 6:15-CV-00134, 2016 WL 4718428, at *5 (W.D. Tex. Mar. 30, 2016).

of the claim is directed to a "media distribution system for distributing media and facilitating video visitation." (D.I. 17-8 at cl. 1.) An inmate can receive media and visitors in a physical visitation room. (*See* D.I. 20 at 12–13.) Automating this practice on a generic "media distribution system" does not make it any less abstract. (*Id.* at 13.)

Second, claim 1 recites nothing about reducing security risks and network load. "[T]he [c]ourt cannot rely on any specific embodiments or descriptions in the specification to conclude that the [claims] are directed to patentable non-abstract subject matter—the specific way of implementing the invention must be in the claims." *FullView, Inc. v. Polycom, Inc.*, No. 18-cv-00510, 2021 WL 1668017, at *7 (N.D. Cal. Apr. 28, 2021) (citing *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1328–29 (Fed. Cir. 2020)). Yet ViaPath relies almost entirely on the specification and on *other* patent claims for its alleged non-abstract ideas. (*See* D.I. 22 at 11–12.) True, ViaPath refers to claim 1's "access kiosk," a "plurality of media sources," and a "video visitation server." (*Id.* at 11.) But nothing in claim 1 explains how to combine those kiosk, media sources, and server to reduce security risks and network load.

ViaPath's only alleged references to "security control" are in the specification. (*Id.* at 12 (citing D.I. 17-8 at 2:61–3:1, 3:41–44).) But these references do not even say anything about security control. (D.I. 17-8 at 2:61–31, 3:41–44.) And ViaPath's only alleged references to "network load" are in *another* claim and in the specification. (D.I. 22 at 12 (citing D.I. 17-8 at 7:58–64).) These references describe only one "embodiment" of the invention which "supports multicast routing to reduce network load." (D.I. 17-8 at 7:58–59.) This embodiment appears nowhere in claim 1, so it is irrelevant.

###### 2.      *Alice* step two: claim 1 of the '443 Patent lacks an inventive concept.

ViaPath does not deny that its amended complaint, relying only on the specification, alleges that the claimed invention "*may* leverage core network features" and "*can* employ optimization

3

techniques." (D.I. 20 at 13–14 (quoting D.I. 17 ¶ 35) (emphasis added).) As JACS explained, these speculative allegations fail *Alice* step two because they lack support in claim 1 itself. (*Id.* at 14.)

ViaPath does not directly address these arguments. Instead, it doubles down by relying only on the specification for an alleged inventive concept. In particular, ViaPath escalates its "*may leverage core network features*" argument, now arguing that the claimed invention "*necessarily leverage[s] the network's features.*" (D.I. 22 at 18 (emphasis in original).) This leveraging allegedly happens "by permitting the kiosk and video visitation-server to communicate on the same network, and by making Internet content available on that network." (*Id.*) But the network is generic; it can be "any suitable data networking system for transmitting data." (D.I. 17-8 at 3:53–54.) And when a claim "'add[s]' only generic computer components" such as a "'network,'" it fails *Alice* step two. *Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1324–25 (Fed. Cir. 2016). Claim 1 of the '443 Patent claims no new technical solution for communicating on a network. For all these reasons, the claim fails *Alice* step two.

**C.      Claim 1 of U.S. Patent No. 9,807,123 (D.I. 17-9) fails *Alice* steps one and two.**

**1.      *Alice* step one: claim 1 of the '123 Patent is directed to the abstract idea of secure messaging.**

ViaPath does not deny that secure messaging is an abstract idea. (*See* D.I. 22 at 13.) Instead, it denies that claim 1 of the '123 Patent is directed to secure messaging. (*See id.*) According to ViaPath, the claimed invention is actually directed to "converting" electronic messages "to a reviewable format." (*Id.*) This conversion allegedly "permits security screening . . . while preserving functionality." (*Id.*) These allegations do not save the claim for at least three reasons.

First, data conversion is itself abstract. The idea of "converting formats, including when data is received through one medium and sent through another, are by themselves abstract ideas." *Adaptive Streaming Inc. v. Netflix, Inc.*, 836 F. App'x 900, 903 (Fed. Cir. 2020).

4

Second, claim 1 does not claim any improvement to "preserving functionality." It just says that the claimed "message exchange system" is "usable inside a secured inmate facility." (D.I. 17-9 at cl. 1.) As ViaPath concedes, secure messaging is an abstract idea. (*See* D.I. 22 at 13.)

Third, claim 1 does not claim any improvement to security screening. It just recites a generic "control platform configured to . . . perform [an] automated security scan." (*Id.*) As JACS has explained (*see* D.I. 20 at 14), a security scan is also an abstract idea. *See Ginegar*, 2022 WL 2064978, at *7; *HLFIP Holding, Inc. v. York Cnty.*, 600 F. Supp. 3d 526, 537 (M.D. Pa. 2022).

ViaPath fails to distinguish *Ginegar* and *HLFIP*. *Ginegar* did not turn on whether the patent claims "facilitate technological security goals (rather than user-convenience goals)." (D.I. 22 at 14.) In fact, the *Ginegar* court deemed goals irrelevant to patent ineligibility because they were simply the "result [of] performing abstract ideas in an instant message environment." 2022 WL 2064978, at *7. And *HLFIP* did not turn on whether the patent claims addressed "electronic messages" or "paper mail." (D.I. 22 at 14.) The *HLFIP* court recognized that patent claims "adding conventional computer components to well-known business practices" fail *Alice* step one, regardless of whether the well-known business practices were done electronically or on paper. 600 F. Supp. 3d at 537 (citing *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1270 (Fed. Cir. 2016)). These cases confirm that '123 Patent claim 1 fails *Alice* step one.

### 2.     *Alice* step two: claim 1 of the '123 Patent lacks an inventive concept.

ViaPath admits that the claimed invention "provid[es] all of the same functions as conventional [messaging] systems." (D.I. 22 at 19.) Yet ViaPath insists that claim 1 is inventive because "the invention performs security scans." (*Id.*) According to the patent, the security scans are performed by a generic "multi-function unit (MFU)." (D.I. 17-9 at 8:40–46.) The only types of scans mentioned in the patent are generic "keyword" and "phrase" scans. (*See id.* at 5:30–31, 6:63–64, 8:66, 10:17–18.) These "scans" are not inventive.

Neither the claims nor the specification explain how these scans are performed, or how these scans enhance the "functionality" of "electronic-messaging systems." (D.I. 22 at 19.) "[W]ithout any claim that the invention reflects an inventive solution to any problem presented by combining" scanning and electronic messaging, the claim cannot survive *Alice* step two. *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).

ViaPath's citation to *BASCOM* does not save the claim. (*See* D.I. 22 at 18.) *BASCOM* does not hold that "combin[ing] the benefits" of two technologies necessarily satisfies *Alice* step two. (*Contra id.*) Rather, the *BASCOM* invention survived *Alice* step two because it was directed to "a specific method of filtering Internet content" that was "customizable" for "each end user." *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016). There is nothing specific or customizable about a generic "keyword" or "phrase" scan, and claim 1 does not claim any new or technologically improved "scan." The claim is not inventive.

**D.      Claim 1 of U.S. Patent No. 9,030,292 (D.I. 17-10) fails *Alice* steps one and two.**

**1.      *Alice* step one: claim 1 of the '292 Patent is directed to the abstract idea of a secure prison visit.**

ViaPath admits that, in a "traditional" secure prison visit, "it is easy to ensure that an inmate communicating with a visitor is in fact the inmate that the visitor wishes to see." (D.I. 22 at 15.) ViaPath further admits that, in a "traditional" secure prison visit, "a security guard can stop a visitor from acting inappropriately." (*Id.*) Despite these admissions, ViaPath denies that claim 1 of the '292 Patent is directed to the abstract idea of a secure prison visit. What the claim is really about, ViaPath argues, is "specific authentication and monitoring techniques for enhancing security during videoconferencing." (*Id.* at 14.) The text of claim 1 shows otherwise.

The only techniques arguably mentioned in claim 1 are "verifying log in information" and "biometric verification." But they are abstract ideas themselves. "[M]ethods of authentication

6

(such as a password or biometric template)" are abstract because they "are just . . . using computers to make sure it's the right person." *Riggs Tech. Holdings, LLC v. Vagaro, Inc.*, No. 21-cv-07927, 2022 WL 74179, at *2 (N.D. Cal. Jan. 7, 2022); *accord Universal Sec. Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1354 (Fed. Cir. 2021) ("multi-factor authentication of a user's identity").

The only monitoring technique arguably mentioned in claim 1 is to "periodically extract a frame of the video" and "determine if a face is present in the frame."  (D.I. 17-10 at cl. 1.) But this is just the electronic equivalent of a prison visiting-room officer periodically checking on the participants in a physical prison visit. Barrish § B.1. That is an abstract idea, too.

### 2.    *Alice* step two: claim 1 of the '292 Patent lacks an inventive concept.

Despite accusing JACS of insufficiently "analyz[ing] the claim elements as an 'ordered combination'" (D.I. 22 at 16), ViaPath fails to identify any inventive combination itself. ViaPath cobbles together a "kiosk," a "biometric verification," and the act of "blur[ring] the video" if "a face is not detected." (*Id.* at 19.) But this alleged combination is not inventive.

The "kiosk" is just a "computer," "mobile device," or "tablet." (D.I. 17-10 at 8:48–50.) And "[s]tating an abstract idea while adding the words 'apply it with a computer'" does not make a claim inventive. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 223 (2014).

The "biometric verification" is either "facial recognition via [a] camera" or "voice recognition via [a] microphone." (D.I. 17-10 at Abstract.) There is nothing inventive about using a camera to capture a face or using a microphone to capture a voice. *See FacetoFace Biometrics, Inc. v. Apple, Inc.*, No. 4:22 CV 429, 2023 WL 2561758, at *9 (E.D. Mo. Mar. 17, 2023) (finding "detecting a facial expression using a sensor like a camera" non-inventive); *Dialware Commc'ns, LLC v. Hasbro, Inc.*, No. 16-9012, 2017 WL 3453298, at *2–3 (C.D. Cal. Mar. 22, 2017) (finding "basic functions of microphones and speakers," including "analyzing [] sounds," non-inventive).

Video blurring is not inventive, either. Similar technologies have been held non-inventive by several courts. *See, e.g.*, *Plotagraph, Inc. v. Lightricks, Ltd.*, 620 F. Supp. 3d 591, 601 (S.D. Tex. 2022) ("shifting pixels to animate static images"); *Monument Peak Ventures, LLC v. SZ DJI Tech. Co.*, No. 2:18-cv-02210, 2018 WL 5174034, at *6 (C.D. Cal. July 31, 2018) ("adjusting the exposure of a rendered image using a user-adjustable exposure setting and an exposure modification transform"); *Dynamic Digit. Depth Rsch. PTY LTD. v. LG Elecs., Inc.*, No. 15-5578, 2016 WL 744561, at *5 (C.D. Cal. June 6, 2016) ("editing or distorting images"). And claim 1 does not invent or claim any new video blurring technologies.

Combining these non-inventive steps does not make them inventive. ViaPath's argument that the combination "provide[s] an easily-implementable solution for enhancing security in videoconferencing in any unconventional way" (D.I. 22 at 20) is conclusory and should be disregarded. *See IBM Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1379 (Fed. Cir. 2022) ("[T]he district court need not accept a patent owner's conclusory allegations of inventiveness.").

**E.      Claim 1 of U.S. Patent No. 11,228,672 (D.I. 17-11) fails *Alice* steps one and two.**

**1.      *Alice* step one: claim 1 of the '672 Patent is directed to the abstract idea of controlling access to resources.**

As ViaPath recognizes, JACS asserts that claim 1 of the '672 Patent is "directed to the abstract idea of 'controlling access to resources,' akin to a parent monitoring her child's online activity." (D.I. 22 at 10.) ViaPath fails to distinguish claim 1 from that abstract idea.

According to ViaPath, claim 1 "focus[es] on a specific type of application barrier—one that enables useful applications while disabling functionalities that are most likely to present security risks at correctional facilities." (*Id.* at 9 (citing D.I. 17-11 at cl. 1).) Even if that were true, the claimed invention would still be abstract. *See Ericsson*, 955 F.3d at 1325–27. In *Ericsson*, claims focused on an "access controller" capable of "receiving a request" to access a software

platform and "determining if the request should be granted" were found to be directed to the abstract idea of controlling access to resources. *Id.* at 1326. Similarly here, claim 1 focuses on an application barrier for determining whether to "enable" or "disable" applications or their "functions." (D.I. 17-11 at cl. 1.) That claim simply embodies "the abstract idea of controlling access to, or limiting permission to, resources." *Ericsson*, 955 F.3d at 1326. Its silence "on how to achieve or implement" this enabling or disabling "leaves [it] devoid of anything but the abstract idea." *Aftechmobile Inc. v. Salesforce.com, Inc.*, 853 F. App'x 669, 669 (Fed. Cir. 2021).

### 2. *Alice* step two: claim 1 of the '672 Patent lacks an inventive concept.

ViaPath fails to directly rebut JACS's position that the claimed "system" and "application barrier" are non-inventive. (*Compare* D.I. 20 at 19 *with* D.I. 22 at 17.) ViaPath never addresses the patent's admissions that they can be "implemented on existing router hardware." (D.I. 17-11 at 17:8–9, 18:20.) Instead, it relies entirely on two self-serving paragraphs of the amended complaint. (D.I. 22 at 17 (citing D.I. 17 ¶¶ 46–47).) The first paragraph simply lists problems with the prior art; it says nothing of solutions. (*See* D.I. 17 ¶ 46.) The second repeats that the application barrier enables and disables things (*see id.* ¶ 47), which is something that basic parental controls do. These allegations simply restate "[t]he abstract idea itself," which "cannot supply the inventive concept." *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1378, 1385 (Fed. Cir. 2019).

### F. Claim 1 of U.S. Patent No. 10,721,624 (D.I. 17-12) fails *Alice* steps one and two.

#### 1. *Alice* step one: claim 1 of the '624 Patent is directed to the abstract idea of controlling access to resources.

Claim 1 of the '624 Patent is directed to the abstract idea of controlling access to resources for the same reasons why claim 1 of the '672 Patent is. Although '624 Patent claim 1 adds more "security barriers" to the "application barrier," both claims are directed to the same abstract idea.

9

ViaPath first points to "a 'hardware barrier.'" (D.I. 22 at 9.) As ViaPath admits, this is just "a protective case." (*Id.* at 10.) The case "prevents inmates from physically tampering with the mobile device or having access to all of [its] ports." (D.I. 17-12 at 4:32–33.) Using a physical barrier to block access to resources is an abstract idea, even if implemented in the physical world.

ViaPath next points to an "application barrier" (D.I. 22 at 9), which is directed to the same abstract idea for the reasons discussed above. *See* Section II.A.1, above.

ViaPath next points to "an 'operating system (OS) barrier' that protects the device's OS kernel from modification." (D.I. 22 at 9 (citing D.I. 17-12 at cl. 1).) But the barrier is merely "configured" to "detect" and "prevent" attempts to access the device settings. (D.I. 17-12 at cl. 1.) No configuration details are provided. This, too, is simply controlling access to resources.

ViaPath finally points to "additional barriers (access-point and network barriers) designed to detect and neutralize network intrusions." (D.I. 22 at 9.) But ViaPath admits that these barriers appear only in "[o]ther claims"—not in claim 1. So they are irrelevant.

### 2.    *Alice* step two: claim 1 of the '624 Patent lacks an inventive concept.

Claim 1 of the '624 Patent is directed to the abstract idea of controlling access to resources for the same reasons why claim 1 of the '672 Patent is. ViaPath's only argument specific to the '624 Patent is about how "the 'hardware barrier' and 'OS barrier'" supposedly "interact with each other." (D.I. 22 at 17.) By ViaPath's admission, however, the "hardware barrier" is just "a protective case" that surrounds the outside of a device. (*Id.* at 10.) The "OS barrier," meanwhile, is software-based. (*See id.* at 3.) They do not interact with each other at all. And ViaPath does not claim or allege a new hardware barrier or OS barrier.

## III.    CONCLUSION

ViaPath's amended complaint (D.I. 17) should be dismissed with prejudice.

Dated: July 12, 2023

BAKER & HOSTETLER LLP

/s/  Jeffrey J. Lyons
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1407
Wilmington, DE 19801
(302) 468-7088
jjlyons@bakerlaw.com

Kevin W. Kirsch (*pro hac vice*)
Andrew E. Samuels (*pro hac vice*)
Mark S. Einsiedel (*pro hac vice*)
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
(614) 228-1541
kkirsch@bakerlaw.com
asamuels@bakerlaw.com
meinsiedel@bakerlaw.com

David A. Mancino (*pro hac vice*)
Derek M. Freitas (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
(513) 929-3400
dmancino@bakerlaw.com
dfreitas@bakerlaw.com

Sally Y. Qin (*pro hac vice*)
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036
(202) 861-1500
sqin@bakerlaw.com

*Attorneys for JACS Solutions, Inc.*

11